Evan R. Chesler (N.Y. Bar No. 1475722; *pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Facsimile:   (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623; *pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone:  (312) 705-7400
Facsimile:   (312) 705-7401

Karen P. Hewitt (State Bar No. 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA  92121.3134
Telephone:   (858) 314-1200
Facsimile:    (844) 345-3178

[*Additional counsel identified on signature page*]


*Attorneys for Defendant and Counterclaim Plaintiff*
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>QUALCOMM INCORPORATED,<br><br>          Defendant. | NO. 3:17-CV-0108-GPC-MDD<br><br>**QUALCOMM INCORPORATED'S MOTION FOR AN ORDER TO FILE UNDER SEAL ITS UNREDACTED ANSWER AND DEFENSES AND UNREDACTED COUNTERCLAIMS FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF**<br><br>Judge:     Hon. Gonzalo P. Curiel |

QUALCOMM INCORPORATED,

           Counterclaim-Plaintiff,

    v.

APPLE INC.,

           Counterclaim-Defendant.

Defendant and Counterclaim-Plaintiff Qualcomm Incorporated ("Qualcomm"), through its undersigned counsel, hereby moves the Court for an order pursuant to Civil Local Rule 79.2 permitting Qualcomm to file under seal its Unredacted Answer and Defenses and Unredacted Counterclaims for Damages, Declaratory Judgment, and Injunctive Relief (collectively, "Qualcomm's Answer and Counterclaims"), and to file a redacted version of Qualcomm's Answer and Counterclaims on the Court's public docket.  The sealing and redactions Qualcomm requests are necessary to protect Qualcomm's confidential, proprietary, and highly sensitive business information, as well as that of defendant Apple Inc. ("Apple") and the non-party companies to whom Apple outsources manufacturing of its iPhones and iPads ("the Contract Manufacturers").  In this private commercial dispute, the strong confidentiality interests applicable to information such as specific royalty amounts and percentages—and the likelihood of specific harm that would result from disclosure of such information to the public and, in particular, to competitors—far outweigh any potential public interest in the narrow portions of Qualcomm's Answer and Counterclaims that Qualcomm requests to be redacted.

## I.    Background and Procedural History

Apple filed a redacted Complaint against Qualcomm on January 20, 2017. ECF No. 1.  Apple concurrently filed its Motion for an Order to File Under Seal Redacted Portions of Complaint, Exhibits A-F to Complaint, and Exhibit 1 to Whitt Declaration.  ECF No. 4.  Apple's motion to seal, which Qualcomm does not oppose, remains pending.  The Early Neutral Evaluation Conference has not yet

Case No. 3:17-CV-0108-GPC-MDD
Motion for Order to Seal

been held, and no discovery has taken place.  *See* Civ. LR 16.1(c).

## II.    Legal Standard

Although courts in the Ninth Circuit "recognize a general right to inspect and copy public records and documents, including judicial records and documents," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)), "access to judicial records is not absolute," *id*.  Courts in the Ninth Circuit previously distinguished between sealing or redacting materials on (i) "dispositive" motions, where a "compelling reasons" standard applied, and (ii) "non-dispositive" motions, where a "good cause" standard applied.  *Id.* at 1180.  But the Ninth Circuit recently disapproved of such a "binary" approach, holding that "public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'  Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098, 1101 (9th Cir. 2016).  Courts in the Ninth Circuit have applied the compelling reasons standard to sealing or redacting requests associated with complaints and counterclaims.  *See Robert Half Int'l, Inc. v. Ainsworth*, No. 14-CV-2481, 2015 WL 4394805, at *3 n.2 (S.D. Cal. July 15, 2015) (sealing parties' compensation agreements attached as exhibits to counterclaims; noting that courts in the Ninth Circuit have held that "compelling reasons" standard applies to sealing documents attached to a complaint).

Under the compelling reasons standard, a party seeking to seal or redact a document filed with the Court must rebut "a strong presumption in favor of access" to court records.  *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. St. Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  The court must "conscientiously balance the competing interests" of the public and the party requesting the seal or redaction.  *Id.* at 1179; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010).  Relevant factors to be considered include the "public interest in

understanding the judicial process," *Kamakana*, 447 F.3d at 1179, and whether the records could be used for improper purposes, such as using them "as sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598. *See Pintos*, 605 F.3d at 679 n.6 (noting that courts consider factors such as "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets"). Even where a case generates a great deal of public interest, "it does not necessarily follow that the public has a legally cognizable interest in every document filed," especially where the release of information will cause competitive harm to a business. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221-22, 1226 (Fed. Cir. 2013). Accordingly, courts often conclude that compelling reasons to seal or redact exist where confidential, competitively sensitive business information of the parties—and of other companies who are not parties—is at issue in the litigation. *Id.* (reversing district court's refusal to seal exhibits to pre-trial and post-trial motions filed by Apple and Samsung); *Lucas v. Breg, Inc.*, No. 15-CV-00258, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) ("[C]ourts have been willing to seal court filings containing confidential business material, such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data, where the parties have been able to point to concrete factual information to justify sealing." (quoting *Cohen v. Trump*, No. 12-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016)); *In re Elec. Arts, Inc.*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons existed to seal "the pricing terms, royalty rates, and guaranteed minimum payment terms" of a license agreement).

## III.   Argument

Here, Qualcomm requests only that certain portions of its Answer and Counterclaims be redacted as confidential business information. Compelling reasons support redacting the requested portions of Qualcomm's Answer and

Counterclaims, because the material at issue includes specific, nonpublic royalty rates and other confidential terms in the parties' agreements, details of confidential licensing negotiations between Qualcomm and Apple, and specific terms of the Contract Manufacturers' confidential license agreements with Qualcomm, including amounts paid and/or owed by the Contract Manufacturers pursuant to those agreements.  *See* Answer ¶ 220, Counterclaims ¶¶ 4, 21-22, 36-37, 106, 133, 144-145, 147, 155-161, 163, 174, 180, 188, 195, 212-214, 219-221, 237-240, 242-253, 263-264, 266-268, 273, 285, 300, 326, 328-329, 335-336, 350, and 368-373, and Prayer for Relief ¶ 1.  Additionally, the terms of Qualcomm's agreements with Apple and the Contract Manufacturers are subject to confidentiality restrictions, and the agreements with Apple are also subject to a non-disclosure agreement.

Disclosure of this information would cause Qualcomm competitive and commercial harm, because it would provide competitors and counterparties insights into Qualcomm's business that they would not otherwise have, and would disadvantage Qualcomm in future negotiations with potential licensees and customers.  *See* Declaration of Marc McCloskey ¶¶ 13-15; Decl. of Jeffrey S. Altman ¶¶ 11-13; *see also Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing"); *In re Elec. Arts, Inc.*, 298 F. App'x. at 569; *Lucas*, 2016 WL 5464549, at *1; *Cohen*, 2016 WL 3036302, at *5.  Third parties would benefit from learning Qualcomm's business strategies as reflected in Qualcomm's Answer and Counterclaims, which those third parties could use to guide their negotiations with Qualcomm or their competition against Qualcomm in making sales.  Qualcomm's licensees also would suffer competitive harm, as the terms they negotiated at arm's length with Qualcomm would become available to their competitors.

Qualcomm has taken extensive steps to protect the type of information that is reflected in the portions of its Answer and Counterclaims it seeks to have redacted.

*See* Decl. of Jeffrey S. Altman ¶¶ 3-9; Decl. of Marc McCloskey ¶¶ 4-11. Qualcomm's confidentiality measures include limiting access to business-related information only to authorized employees and to third parties under strict controls. *See* Decl. of Jeffrey S. Altman ¶¶ 8-9; Decl. of Marc McCloskey ¶¶ 9-11. Additional measures taken by Qualcomm include employee policies that restrict access to confidential information and limit its disclosure and use; practices that require counterparties in negotiations and after agreements are entered into to maintain Qualcomm business and competitive information in confidence; and physical restrictions that limit access to Qualcomm facilities and information. *See* Decl. of Jeffrey S. Altman ¶¶ 3-9; Decl. of Marc McCloskey ¶¶ 4-11.

Qualcomm's requested redactions also are narrowly tailored, such that only the specific dollar amounts, royalty percentages, and the like are redacted in order to protect Qualcomm, Apple, and a number of non-parties from competitive harm. *See* Decl. of Jeffrey S. Altman ¶¶ 10-13; Decl. of Marc McCloskey ¶¶ 12-15. These limited, discrete redactions to Qualcomm's Answer and Counterclaims do not impact the public's ability to understand the judicial process. *See Kamakana*, 447 F.3d at 1178-79.

## IV. Conclusion

For the foregoing reasons, Qualcomm respectfully requests that the Court grant its motion and issue an order permitting Qualcomm's Answer and Counterclaims to be filed under seal, with a redacted version of the same available on the Court's public docket.

Case No. 3:17-CV-0108-GPC-MDD
Motion for Order to Seal

1

2

Dated:  April 10, 2017                              Respectfully submitted,

3                                                    By:  /s/      Evan R. Chesler_____

4

5                                                    **CRAVATH, SWAINE & MOORE LLP**
                                                     Evan R. Chesler (*pro hac vice*)
6                                                    (N.Y. Bar No. 1475722)
                                                     echesler@cravath.com
7                                                    Keith R. Hummel (*pro hac vice*)
                                                     (N.Y. Bar No. 2430668)
8                                                    khummel@cravath.com
                                                     Richard J. Stark (*pro hac vice*)
9                                                    (N.Y. Bar No. 2472603)
                                                     rstark@cravath.com
10                                                   Gary A. Bornstein (*pro hac vice*)
                                                     (N.Y. Bar No. 2916815)
11                                                   gbornstein@cravath.com
                                                     J. Wesley Earnhardt (*pro hac vice*)
12                                                   (N.Y. Bar No. 4331609)
                                                     wearnhardt@cravath.com
13                                                   Yonatan Even (*pro hac vice*)
                                                     (N.Y. Bar No. 4339651 )
14                                                   yeven@cravath.com
                                                     Vanessa A. Lavely (*pro hac vice*)
15                                                   (N.Y. Bar No. 4867412)
                                                     vlavely@cravath.com
16                                                   Worldwide Plaza, 825 Eighth Avenue
                                                     New York, NY 10019
17                                                   Telephone:  (212) 474-1000
                                                     Facsimile:  (212) 474-3700

18                                                   **QUINN EMANUEL URQUHART &
                                                     SULLIVAN, LLP**
19                                                   David A. Nelson (*pro hac vice*)
                                                     (Ill. Bar No. 6209623)
20                                                   davenelson@quinnemanuel.com
                                                     Stephen Swedlow (*pro hac vice*)
21                                                   (Ill. Bar No. 6234550)
                                                     stephenswedlow@quinnemanuel.com
22                                                   500 West Madison St., Suite 2450
                                                     Chicago, Illinois 60661
23                                                   Telephone:  (312) 705-7400
                                                     Facsimile:  (312) 705-7401

24

25                                                   Alexander Rudis (*pro hac vice*)
                                                     (N.Y. Bar No. 4232591)
26                                                   alexanderrudis@quinnemanuel.com
                                                     51 Madison Ave., 22nd Floor
27                                                   New York, New York 10010
                                                     Telephone: (212) 849-7000
28                                                   Facsimile: (212) 849-7100

1
2
3
4

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

5
6
7
8
9

**JONES DAY**
Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Randall E. Kay (SBN 149369)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone:  (858) 314-1200
Facsimile:   (844) 345-3178

10
11

*Attorneys for Defendant and*
*Counterclaim Plaintiff*
**QUALCOMM INCORPORATED**

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7