1 | Evan R. Chesler (N.Y. Bar No. 1475722; *pro hac vice*)
echesler@cravath.com
2 | CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
3 | New York, NY 10019
Telephone: (212) 474-1000
4 | Facsimile: (212) 474-3700

5 | David A. Nelson (Ill. Bar No. 6209623; *pro hac vice*)
davenelson@quinnemanuel.com
6 | QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
7 | Chicago, Illinois 60661
Telephone: (312) 705-7400
8 | Facsimile: (312) 705-7401

9 | Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
10 | JONES DAY
4655 Executive Drive, Suite 1500
11 | San Diego, California 92121
Telephone: (858) 314-1200
12 | Facsimile: (858) 345-3178

13 | [*Additional counsel identified on signature page*]

14 |

15 | *Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

16 | 

**UNITED STATES DISTRICT COURT**

17 | **SOUTHERN DISTRICT OF CALIFORNIA**

APPLE INC.,

       Plaintiff,

     v.

QUALCOMM INCORPORATED,

       Defendant.

No. 17-cv-0108-GPC-MDD

**QUALCOMM INCORPORATED'S REDACTED ANSWER TO APPLE'S FIRST AMENDED COMPLAINT AND DEFENSES**

**REDACTED FIRST AMENDED COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

Judge:   Hon. Gonzalo P. Curiel

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUALCOMM INCORPORATED,

          Counterclaim-Plaintiff,

               v.

APPLE INC.,

          Counterclaim-
          Defendant.

## **ANSWER**

Defendant Qualcomm Incorporated ("Qualcomm"), by its undersigned counsel, hereby answers Apple Inc.'s First Amended Complaint for Damages, Declaratory Judgment and Injunctive Relief, filed June 20, 2017, (the "Amended Complaint") and asserts its defenses.

Except as otherwise expressly set forth below, Qualcomm denies each and every allegation contained in the Amended Complaint, including without limitation the Table of Contents, headings, sub-headings, footnotes, diagrams, and tables contained in the Amended Complaint.  In particular, Qualcomm denies each and every assertion in Apple's prefatory paragraphs.

Qualcomm specifically denies liability to Apple, or that Apple has suffered any legally cognizable damage for which Qualcomm is responsible.  Qualcomm expressly reserves the right to amend and/or supplement its answer and defenses.

Subject to the foregoing, Qualcomm states as follows:

1.     Qualcomm denies the allegations in Paragraph 1, except states that investigations of Qualcomm by certain regulatory agencies are ongoing.

2.     Qualcomm denies the allegations in Paragraph 2, and states that (i) Qualcomm has made substantial contributions to the development of standards related to how cellular phones connect to voice and data networks; and (ii) Qualcomm is entitled to a fair royalty for its intellectual property.

3.     Qualcomm denies the allegations in Paragraph 3.

4.     Qualcomm denies the allegations in Paragraph 4, except states that Apple purports to describe the relief it seeks.  Qualcomm refers to the Business Cooperation and Patent Agreement between Qualcomm and Apple ("Cooperation Agreement") and the Korea Fair Trade Commission ("KFTC") Decision No. 2017-0-25, dated January 20, 2017, in Case No. 2015SiGam2118 for their contents.  Qualcomm filed a complaint and stay application regarding KFTC Decision No. 2017-0-25 with the Seoul High Court on February 21, 2017; the

complaint proceeding is Case No. 2017Nu48, and the stay proceeding is Case No. 2017Ah66.  Qualcomm refers to its complaint and stay application for their contents.  Qualcomm further states that, pursuant to the terms of the Cooperation Agreement, Qualcomm was not required to and did not make any payments to Apple under that Agreement for the second, third, and fourth quarters of 2016.

5.      Qualcomm denies the allegations of the first and third sentences of Paragraph 5, except states that (i) Apple purports to describe the relief it seeks; and (ii) the iPhone was not the first cellular phone or smartphone.

6.      Qualcomm denies the allegations in Paragraph 6, except states that common standards are beneficial in that they, among other things, allow cellular phones to work together, facilitate the collaborative development of new technologies, enable improvements in the overall cellular ecosystem, and promote investment in R&D.

7.      Qualcomm denies the allegations in Paragraph 7, except states that (i) standardization can provide many benefits, including, among other things, promoting interoperability among wireless devices and networks and incentivizing investments in infrastructure, as well as fostering improvements in the technology; and (ii) certain standard-setting organizations request members to make certain commitments to license standard-essential patents ("SEPs") on "reasonable and non-discriminatory" ("RAND") or "fair, reasonable and non-discriminatory" ("FRAND") terms.

8.      Qualcomm denies the allegations in Paragraph 8.

9.      Qualcomm denies the allegations in Paragraph 9.

10.     Qualcomm denies the allegations in Paragraph 10 and  footnote 1, except states that (i) Qualcomm filed certain actions against Meizu in China on June 30, 2016; (ii) those actions have settled; (iii) Apple purports to assert claims relating to certain patents that it contends are related to patents that Qualcomm asserted in its June 30, 2016 actions against Meizu and that Qualcomm has

disclosed as potentially essential to the 3G/UMTS and/or 4G/LTE standard; and (iv) an article about this settlement was published.

11.     Qualcomm denies the allegations in Paragraph 11, except states (i) that Apple devices practice numerous Qualcomm patents; and (ii) Qualcomm filed suit against certain of Apple's contract manufacturers that have refused to pay royalties owed to Qualcomm in the U.S. District Court for the Southern District of California, Case No. 3:17-cv-01010-GPC-MDD.  Qualcomm refers to that filing for its contents.  Qualcomm further states that it has declared thousands of patents as potentially essential to cellular standards.  The eighteen Patents-in-Suit that Apple has selected thus represent a miniscule fraction of Qualcomm's cellular SEP portfolio.  The contributions to the "system" of cellular communications for which Qualcomm received these thousands of SEPs have been central, among them: Qualcomm vastly improved data transfer rates (both download and upload speeds) and significantly lowered the cost of transferring such data; Qualcomm increased the capacity of the cellular spectrum by making the use of that spectrum far more efficient, enabling carriers to accommodate more consumers and demand on their networks; Qualcomm made it easier for consumers to use data and make voice calls at the same time; Qualcomm reduced the noise that once made many cell phone calls unintelligible; Qualcomm enabled longer use time and battery life through more efficient radio access and data processing techniques.  Qualcomm further states that its 3G and 4G patented innovations include, but are not limited to, fundamental inventions covering CDMA multichannel and variable length spreading code transmission; data-optimized waveform; hybrid ARQ ("HARQ"); fast link adaptation; multiple input, multiple output ("MIMO"); multi-carrier / carrier aggregation; OFDMA; and more.

12.     Qualcomm denies the allegations in Paragraph 12, except states that Apple purports to describe the relief it seeks.

13.     Qualcomm denies the allegations in Paragraph 13, except states that Apple is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014, and that Apple designs and markets certain products.

14.     Qualcomm denies the allegations in Paragraph 14, except states that Qualcomm is a Delaware corporation with its principal place of business at 5775 Morehouse Drive, San Diego, California 92121.  Qualcomm further states that it is a global company and that its business includes, but is not limited to, the development and commercialization of wireless telecommunications technologies, products, and services.[1]

15.     Qualcomm denies the allegations in Paragraph 15, except states that (i) Qualcomm has offices and employees in the Southern District of California; and (ii) Qualcomm conducts business in the Southern District of California.

16.     Qualcomm denies the allegations in Paragraph 16, except states that (i) Qualcomm conducts business primarily through two reportable segments, Qualcomm CDMA Technologies ("QCT") and Qualcomm Technology Licensing ("QTL"); (ii) Qualcomm Technologies, Inc. ("QTI") is a wholly owned subsidiary of Qualcomm Incorporated; (iii) QTI operates as a separate legal entity from Qualcomm Incorporated; and (iv) QTI, together with its subsidiaries, operates substantially all of Qualcomm's product and services business, including QCT and Qualcomm CDMA Technologies Asia Pacific Pte. Ltd. ("QCTAP").

17.     Qualcomm denies the allegations in Paragraph 17, except states that Apple purports to describe its claims and the relief it seeks.

---

[1] Qualcomm objects to the Amended Complaint's definition of "Qualcomm" to the extent that it does not distinguish between Qualcomm Incorporated and the subsidiaries and/or divisions of Qualcomm.  Qualcomm reserves all rights to object to Apple's purported definition for purposes of discovery or any other aspect of this action.

18.     Qualcomm denies the allegations in Paragraph 18.

19.     Qualcomm denies the allegations in Paragraph 19.

20.     Qualcomm denies the allegations in Paragraph 20, except states that Qualcomm's principal place of business is in the Southern District of California.

21.     Qualcomm denies the allegations in Paragraph 21.

22.     Qualcomm denies the allegations in Paragraph 22, except states that venue is proper in this Court.

23.     Qualcomm denies the allegations in Paragraph 23.

24.     Qualcomm denies the allegations in Paragraph 24, except states that (i) Apple purports to assert claims related to the Cooperation Agreement; and (ii) the Cooperation Agreement contains a forum selection clause that requires any litigation initiated by Apple to be filed in San Diego County, California. Qualcomm refers to the Cooperation Agreement for its contents.

25.     Qualcomm denies the allegations in Paragraph 25, except states that (i) Apple's first iPhone was released in 2007; and (ii) Apple purports to describe the certain features of the iPhone.

26.     Qualcomm denies the allegations in Paragraph 26, except states that (i) Apple's iPad was released in 2010; and (ii) Apple purports to describe certain features of the iPad and its market share.

27.     Qualcomm denies the allegations in Paragraph 27.

28.     Qualcomm denies the allegations in Paragraph 28, except states that (i) the iPhone and certain models of the iPad can send and receive, over cellular networks, telephone calls and/or other voice and video communications, text messages, and Internet data; (ii) baseband processor chipsets are among the hardware components that, together with software and other components, enable mobile wireless devices to utilize a standardized telecommunications network; and (iii) AT&T, Verizon, Sprint, and T-Mobile are carrier companies.

29.    Qualcomm denies the allegations in Paragraph 29, except states that (i) baseband processor chipsets are components contained in certain Apple iPhone and iPad devices; and (ii) iPhones and iPads contain a number of components and technologies.  Qualcomm further states that certain of Apple's contract manufacturers purchase baseband processor chipsets from Qualcomm.

30.    Qualcomm denies the allegations in Paragraph 30, except states that (i) certain cellular service providers, baseband processor chipset manufacturers, and wireless device manufacturers are members of standard-setting organizations ("SSOs"); and (ii) SSOs in the wireless telecommunications industry generally create and promulgate standards that may be implemented by mobile devices and network infrastructure.

31.    Qualcomm denies the allegations in Paragraph 31, except states that standards are critical to the wireless communications industry and can provide many benefits, including, among other things, promoting interoperability among wireless devices and networks and incentivizing investments in infrastructure, as well as fostering improvements in the technology.

32.    Qualcomm denies the allegations in Paragraph 32.

33.    Qualcomm denies the allegations in Paragraph 33, except refers to the cited materials for their contents.

34.    Qualcomm denies the allegations in Paragraph 34, except refers to the cited ETSI document for its contents.

35.    Qualcomm denies the allegations in Paragraph 35 and footnote 2, except states that some disclosed patents may relate to mandatory features of a standard while others may relate only to optional features.  Qualcomm refers to the cited patent and the opinion in *Microsoft v. Motorola, Inc.*, No. C10-1823JLR (W.D. Wash.) (the "*Microsoft* opinion") for their contents.

36.    Qualcomm denies the allegations in Paragraph 36, except states that wireless telecommunications standards are complex and that a number of entities

have disclosed patents that may be essential to such standards.  Qualcomm refers to the *Microsoft* opinion for its contents.

37.     Qualcomm denies the allegations in Paragraph 37.

38.     Qualcomm denies the allegations in Paragraph 38.

39.     Qualcomm denies the allegations in Paragraph 39.

40.     Qualcomm denies the allegations in Paragraph 40, except refers to the *Microsoft* opinion for its contents.

41.     Qualcomm denies the allegations in Paragraph 41.

42.     Qualcomm denies the allegations in Paragraph 42, except refers to the opinion in *Broadcom Corp. v. Qualcomm Inc.*, No. 06-4292 (3d Cir.), for its contents.

43.     Qualcomm denies the allegations in Paragraph 43.

44.     Qualcomm denies the allegations in Paragraph 44, except states that (i) ETSI is an SSO; (ii) Qualcomm is a member of ETSI; (iii) ETSI produces globally accepted standards for the telecommunications industry; and (iv) ETSI created or helped create numerous telecommunication standards, including the 2G/GSM, 3G/UMTS, and 4G/LTE cellular communication standards.  Qualcomm further states that ETSI is based in Sophia Antipolis, France and has more than 800 members, including Apple, from countries across five continents.

45.     Qualcomm denies the allegations in Paragraph 45, except refers to ETSI's Intellectual Property Rights ("IPR") Policy for its contents.

46.     Qualcomm denies the allegations in Paragraph 46, except refers to ETSI's IPR Policy for its contents.

47.     Qualcomm denies the allegations in Paragraph 47, except refers to ETSI's "Dynamic Reporting" portal and database for their contents.

48.     Qualcomm denies the allegations in Paragraph 48, except refers to its IPR undertakings submitted to ETSI for their contents.

49.     Qualcomm denies the allegations in Paragraph 49.

50.     Qualcomm denies the allegations in Paragraph 50, except refers to its contract with ETSI for its contents.

51.     Qualcomm denies the allegations in Paragraph 51.

52.     Qualcomm denies the allegations in Paragraph 52.

53.     Qualcomm denies the allegations in Paragraph 53, except states that cellular technology has evolved over time, beginning with so-called "1G", which used analog technology and allowed only voice transmission.

54.     Qualcomm denies the allegations in Paragraph 54, except states that (i) so-called "2G" cellular technology includes GSM and CDMA standards; and (ii) 2G digital technology offers improved capacity and functioning compared to 1G analog technology.  Qualcomm further states that most cellular telephones in the United States today use at least 2G technology.

55.     Qualcomm denies the allegations in Paragraph 55, except states that (i) so-called "3G" cellular technology includes the UMTS and CDMA2000 standard; (ii) UMTS incorporates WCDMA technology; and (iii) certain products employ both 2G and 3G technologies.

56.     Qualcomm denies the allegations in Paragraph 56, except states that LTE, which is sometimes referred to as a "4G" cellular standard, includes a number of releases that have provided a number of improved features.

57.     Qualcomm denies the allegations in Paragraph 57, except states that certain "multimode" chipsets support both 3G and 4G standards.

58.     Qualcomm denies the allegations in Paragraph 58, except states that each baseband processor chipset supports certain cellular communication standards.

59.     Qualcomm denies the allegations in Paragraph 59, except states that certain carrier networks employ certain cellular standards.  Qualcomm further states that in the United States, AT&T and T-Mobile use 2G GSM and 3G UMTS/WCDMA, and Verizon and Sprint use 2G CDMA One and 3G CDMA2000, and that all of those carriers use 4G LTE.

60.     Qualcomm denies the allegations in Paragraph 60, except states that (i) wireless handsets may be configured to a particular carrier's specifications; and (ii) different regions and countries may use different cellular standards.

61.     Qualcomm denies the allegations in Paragraph 61.

62.     Qualcomm denies the allegations in Paragraph 62.

63.     Qualcomm denies the allegations in Paragraph 63.

64.     Qualcomm denies the allegations in Paragraph 64, except refers to its 2016 Annual Report on Form 10-K, dated November 2, 2016, for its contents.

65.     Qualcomm denies the allegations in Paragraph 65.

66.     Qualcomm denies the allegations in Paragraph 66, except states that the development of commercially viable cellular chipsets requires investments of time, effort, and money.

67.     Qualcomm denies the allegations in Paragraph 67, except states that Qualcomm owns patents relating to implementations of certain cellular standards and has made disclosures of patents pursuant to the policies of certain SSOs.

68.     Qualcomm denies the allegations in Paragraph 68, except states that becoming a successful supplier of cellular chipsets requires investments of time, effort, and money to provide reliable products.

69.     Qualcomm denies the allegations in Paragraph 69.

70.     Qualcomm denies the allegations in Paragraph 70, except states that multiple vendors offered baseband chipsets during the year 2006, including Infineon, Broadcom, Ericsson, Renesas, and Texas Instruments.

71.     Qualcomm denies the allegations in Paragraph 71.

72.     Qualcomm denies the allegations in Paragraph 72.

73.     Qualcomm denies the allegations in Paragraph 73, except states that since 2007, Apple has been reimbursing its contract manufacturers for royalties

they paid to Qualcomm under license agreements the contract manufacturers signed with Qualcomm.

74.   Qualcomm denies the allegations in Paragraph 74, except states that (i) Apple released the first iPhone using Intel (then Infineon) baseband processor chipsets in 2007; (ii) Qualcomm has license agreements with certain contract manufacturers that make products for Apple and pay royalties directly to Qualcomm; and (iii) the contract manufacturers pass certain costs and expenses to Apple.

75.   Qualcomm denies the allegations in Paragraph 75, except states that (i) Qualcomm has license agreements with certain contract manufacturers that make products for Apple and pay royalties directly to Qualcomm; and (ii) those license agreements contain confidentiality provisions.

76.   Qualcomm denies the allegations in Paragraph 76.

77.   Qualcomm denies the allegations in Paragraph 77.

78.   Qualcomm denies the allegations in Paragraph 78, except states that (i) Qualcomm and Apple have engaged in licensing negotiations; and (ii) the parties have exchanged written correspondence regarding licensing and refers to that correspondence for its contents.

79.   Qualcomm denies the allegations in Paragraph 79.

80.   Qualcomm denies the allegations in Paragraph 80.

81.   Qualcomm denies the allegations in Paragraph 81.

82.   Qualcomm denies the allegations in Paragraph 82, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Apple's royalty payments to other patent holders, and therefore Qualcomm denies the allegations regarding Apple's royalty payments to other patent holders.  Qualcomm further states that Apple has not provided Qualcomm an unredacted version of the allegations in Paragraph 82.

83.     Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and footnote 3, and therefore Qualcomm denies the allegations in Paragraph 83 and footnote 3. Qualcomm further states that Apple has not provided Qualcomm an unredacted version of the allegations in Paragraph 83 and footnote 3.

84.     Qualcomm denies the allegations in Paragraph 84, except refers to the U.S. Fair Trade Commission's ("FTC") complaint in Case No. 5:17-cv-00220 (N.D. Cal.) (the "FTC Complaint") for its contents.

85.     Qualcomm denies the allegations in Paragraph 85, except states that the retail price for certain baseband processor chipsets can be approximately $10 to $20, or more.

86.     Qualcomm denies the allegations in Paragraph 86, except states that (i) certain of Apple's contract manufacturers buy certain components from Qualcomm; and (ii) separately, the contract manufacturers pay agreed-upon patent royalties to Qualcomm.

87.     Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and therefore Qualcomm denies the allegations in Paragraph 87.

88.     Qualcomm denies the allegations in Paragraph 88.

89.     Qualcomm denies the allegations in Paragraph 89, except refers to the U.S. Supreme Court's opinion in *Quanta Computer, Inc. v. LG Elecs., Inc.*, No. 06-937 (the "*Quanta* opinion"), the *Lexmark* opinion, and the Patent Act for their contents.

90.     Qualcomm denies the allegations in Paragraph 90.

91.     Qualcomm denies the allegations in Paragraph 91, except refers to the FTC Complaint for its contents.

92.     Qualcomm denies the allegations in Paragraph 92, except states that (i) QTI is a wholly owned subsidiary of Qualcomm Incorporated; and (ii) QTI operates QCT.

93.     Qualcomm denies the allegations in Paragraph 93, except refers to the press release, entitled "Qualcomm Implements New Corporate Structure", dated October 1, 2012, for its contents.

94.     Qualcomm denies the allegations in Paragraph 94, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Apple's purported intentions, and therefore Qualcomm denies the allegations regarding Apple's purported intentions.

95.     Qualcomm denies the allegations in Paragraph 95.

96.     Qualcomm denies the allegations in Paragraph 96.

97.     Qualcomm denies the allegations in Paragraph 97.

98.     Qualcomm denies the allegations in Paragraph 98.

99.     Qualcomm denies the allegations in Paragraph 99.

100.    Qualcomm denies the allegations in Paragraph 100.

101.    Qualcomm denies the allegations in Paragraph 101, except states that Qualcomm and Apple have entered certain agreements, and refers to those agreements for their contents.

102.    Qualcomm denies the allegations in Paragraph 102, except refers to the Cooperation Agreement for its contents.

103.    Qualcomm denies the allegations in Paragraph 103, except refers to the Cooperation Agreement for its contents.  Qualcomm further states that Apple has not provided Qualcomm an unredacted version of the allegations in Paragraph 103.

104.    Qualcomm denies the allegations in Paragraph 104, except refers to the Cooperation Agreement for its contents.

105.    Qualcomm denies the allegations in Paragraph 105, except refers to the Cooperation Agreement for its contents.

106.   Qualcomm denies the allegations in Paragraph 106, except refers to the Cooperation Agreement for its contents.

107.   Qualcomm denies the allegations in Paragraph 107.

108.   Qualcomm denies the allegations in Paragraph 108.

109.   Qualcomm denies the allegations in Paragraph 109, except refers to the Cooperation Agreement for its contents.

110.   Qualcomm denies the allegations in Paragraph 110, except refers to its letter to Apple regarding the Cooperation Agreement, dated October 9, 2016, for its contents.

111.   Qualcomm denies the allegations in Paragraph 111, except states that Qualcomm and Apple have entered certain agreements, and refers to those agreements for their contents.

112.   Qualcomm denies the allegations in Paragraph 112, except refers to the Marketing Incentive Agreement, dated January 8, 2007 (the "MIA"), for its contents.

113.   Qualcomm denies the allegations in Paragraph 113, except refers to the Strategic Terms Agreement, dated December 16, 2009 (the "STA"), and the Amended and Restated Strategic Terms Agreement, dated February 28, 2013 (the "ASTA") for their contents.

114.   Qualcomm denies the allegations in Paragraph 114, except refers to the Transition Agreement, dated February 11, 2011 (the "TA"), for its contents.

115.   Qualcomm denies the allegations in Paragraph 115, except refers to the First Amendment to the Transition Agreement, dated January 1, 2013 (the "FATA"), for its contents.

116.   Qualcomm denies the allegations in Paragraph 116, except refers to the STA Assignment Agreement, effective December 7, 2015, for its contents.

117.   Qualcomm denies the allegations in Paragraph 117, except refers to the STA Assignment Agreement for its contents.

118.   Qualcomm denies the allegations in Paragraph 118, except refers to the MIA, the STA, the ASTA, the TA, the FATA and the STA Assignment Agreement for their contents.

119.   Qualcomm denies the allegations in Paragraph 119, except states that Qualcomm and Apple have engaged in certain negotiations over a period of time.

120.   Qualcomm denies the allegations in Paragraph 120, except states that (i) in 2015, Qualcomm offered to license to Apple a portfolio of Qualcomm's Chinese 3G and 4G standard-essential patents on terms consistent with Qualcomm's FRAND commitments to ETSI and with the decision and order of China's NDRC; and (ii) Apple rejected that offer.

121.   Qualcomm denies the allegations in Paragraph 121, except states that (i) Qualcomm and Apple exchanged correspondence regarding patent licensing on multiple occasions on and after February 5, 2016, and refers to that correspondence for its contents; and (ii) Qualcomm provided Apple with nearly 2,000 pages of detailed information regarding its portfolio of patents disclosed to ETSI as potentially essential to 3G and 4G standards, including Qualcomm's list of U.S. patents disclosed to ETSI as potentially essential to 3G and 4G standards. Qualcomm refers to its website for its contents.

122.   Qualcomm denies the allegations in Paragraph 122, except states that (i) on June 15, 2016, Qualcomm offered Apple a license to Qualcomm's Chinese 3G and 4G SEPs on FRAND terms and conditions and sent Apple a draft Complete Terminal Chinese Patent License Agreement, and refers to that correspondence and draft agreement for their contents; and (ii) on July 15, 2016, Qualcomm offered Apple a license to Qualcomm's "rest of world" 3G and 4G SEPs on FRAND terms and conditions and sent Apple a draft Complete Terminal Patent License Agreement, and refers to that correspondence and draft agreement for their contents.

123.   Qualcomm denies the allegations in Paragraph 123, except states that in a letter dated September 13, 2016, Apple made a non-FRAND offer to Qualcomm, and Qualcomm refers to that correspondence for its contents.

124.   Qualcomm denies the allegations in Paragraph 124 and footnote 5, except states that (i) Qualcomm and Apple have engaged in licensing negotiations; and (ii) the parties have exchanged written correspondence regarding licensing, and Qualcomm refers to that correspondence for its contents.  Representatives of Qualcomm and Apple met in-person on December 16, 2016, and December 21, 2016.  During those meetings, Qualcomm presented claim charts for certain of its patents, and answered Apple's questions regarding those claim charts.  Qualcomm offered to present hundreds of additional claim charts.  Rather than engage in further negotiation and discussion, Apple chose to engage in litigation.

125.   Qualcomm denies the allegations in Paragraph 125 and footnote 6, except states that Meizu was a smartphone maker in the Chinese market in 2015, and Qualcomm filed certain actions against Meizu in June 2016.  Qualcomm refers to those actions and the Reuters article entitled "Qualcomm Files 17 New Complaints in China Courts Against Smartphone Maker Meizu", dated June 30, 2016, for their contents.

126.   Qualcomm denies the allegations in Paragraph 126 and footnote 7, except refers to its complaints against Meizu, the press release entitled "Qualcomm Files Complaint Against Meizu in China", dated June 24, 2016, and the press release entitled "Qualcomm Files Patent Infringement Complaints Against Meizu in China", dated June 30, 2016, for their contents.

127.   Qualcomm denies the allegations in Paragraph 127, except states that Qualcomm disclosed to ETSI that each of the Original Patents-in-Suit may be or may become essential to a 3G/UMTS and/or 4G/LTE standard.

128.   Qualcomm denies the allegations in Paragraph 128, except states that Qualcomm owns U.S. Patent No. 7,246,242 ("the '242 patent"), entitled "Integrity

Protection Method for Radio Network Signaling", and refers to the '242 patent for its contents and relation to other patents.

129.   Qualcomm denies the allegations in Paragraph 129, except states that Qualcomm owns U.S. Patent No. 6,556,549 ("the '549 patent"), entitled "Method and Apparatus for Signal Combining in a High Data Rate Communication System", and refers to the '549 patent for its contents and relation to other patents.

130.   Qualcomm denies the allegations in Paragraph 130, except states that Qualcomm owns U.S. Patent No. 9,137,822 ("the '822 patent"), entitled "Efficient Signaling over Access Channel", and refers to the '822 patent for its contents and relation to other patents.

131.   Qualcomm denies the allegations in Paragraph 131, except states that Qualcomm owns U.S. Patent No. 7,289,630 ("the '630 patent"), entitled "Counter Initialization, Particularly for Radio Frames", and refers to the '630 patent for its contents and relation to other patents.

132.   Qualcomm denies the allegations in Paragraph 132, except states that Qualcomm owns U.S. Patent No. 8,867,494 ("the '494 patent"), entitled "System and Method for Single Frequency Dual Cell High Speed Downlink Packet Access", and refers to the '494 patent for its contents.

133.   Qualcomm denies the allegations in Paragraph 133, except states that Qualcomm owns U.S. Patent No. 7,095,725 ("the '725 patent"), entitled "Method and Apparatus for Data Transmission on a Reverse Link in a Communication System", and refers to the '725 patent for its contents.

134.   Qualcomm denies the allegations in Paragraph 134, except states that Qualcomm owns U.S. Patent No. 6,694,469 ("the '469 patent"), entitled "Method and Apparatus for a Quick Retransmission of Signals in a Communication System", and refers to the '469 patent for its contents.

135.   Qualcomm denies the allegations in Paragraph 135, except states that Qualcomm owns U.S. Patent No. 9,059,819 ("the '819 patent"), entitled

"Flexible Uplink Control Channel Configuration", and refers to the '819 patent for its contents.

136.   Qualcomm denies the allegations in Paragraph 136, except states that Qualcomm owns U.S. Patent No. 7,096,021 ("the '021 patent"), entitled "Method for Initiating in a Terminal of a Cellular Network the Measurement of Power Levels of Signals and a Terminal", and refers to the '021 patent for its contents.

137.   Qualcomm denies the allegations in Paragraph 137, except refers to its letter to Apple dated February 17, 2016 for its contents.

138.   Qualcomm denies the allegations in Paragraph 138, except refers to its letter to Apple dated March 18, 2016 for its contents.

139.   Qualcomm denies the allegations in Paragraph 139, except refers to its letters to Apple dated June 12, 2016 and March 18, 2016 for their contents.

140.   Qualcomm denies the allegations in Paragraph 140, except refers to its letter to Apple dated March 18, 2016, its complaints against Meizu, its Counterclaims filed April 10, 2017, and its First Amended Counterclaims filed May 24, 2017 for their contents.

141.   Qualcomm denies the allegations in Paragraph 141 and footnote 8, except refers to its Counterclaims filed April 10, 2017, its First Amended Counterclaims filed May 24, 2017, *Super Sack Manufacturing Corp. v. Chase Packaging Corp.*, No. 95-1001 (Fed. Cir.) and *Benitec Australia, Ltd. v. Nucleonics, Inc.*, No. 06-1122 (Fed. Cir.) for their contents.

142.   Qualcomm denies the allegations in Paragraph 142, except states that (i) it has filed suit against certain of Apple's contract manufacturers that have refused to pay royalties owed to Qualcomm in the U.S. District Court for the Southern District of California; and (ii) an article entitled "Qualcomm Said to Seek U.S. Import Ban for iPhones" was published by Bloomberg.

143.   Qualcomm denies the allegations in Paragraph 143, except refers to its First Amended Counterclaims for their contents.

144.   Qualcomm denies the allegations in Paragraph 144.

145.   Qualcomm denies the allegations in Paragraph 145.

146.   Qualcomm denies the allegations in Paragraph 146, except states that Apple purports to identify nine additional patents and refers to its letter of March 18, 2016 for its contents.

147.   Qualcomm denies the allegations in Paragraph 147.

148.   Qualcomm denies the allegations in Paragraph 148, except states that Qualcomm owns U.S. Patent No. 7,061,890 ("the '890 patent"), entitled "Method for Selecting RACH in a CDMA Mobile Communication System", and refers to the '890 patent for its contents.

149.   Qualcomm denies the allegations in Paragraph 149, except states that Qualcomm owns U.S. Patent No. 8,000,717 ("the '717 patent"), entitled "Apparatus, System, and Method for Managing Reverse Link Communication Resources in a Distributed Communication System", and refers to the '717 patent for its contents.

150.   Qualcomm denies the allegations in Paragraph 150, except states that Qualcomm owns U.S. Patent No. 8,614,975 ("the '975 patent"), entitled "Synchronizing a Base Station in a Wireless Communication System", and refers to the '975 patent for its contents.

151.   Qualcomm denies the allegations in Paragraph 151, except states that Qualcomm owns U.S. Patent No. 8,761,068 ("the '068 patent"), entitled "Supporting DL Triggered HS-DPCHH in a Cell in CELL_FACH", and refers to the '068 patent for its contents.

152.   Qualcomm denies the allegations in Paragraph 152, except states that Qualcomm owns U.S. Patent No. 8,861,424 ("the '424 patent"), entitled "Downlink control Channel for Relay Resource Allocation", and refers to the '424 patent for its contents.

153.   Qualcomm denies the allegations in Paragraph 153, except states that Qualcomm owns U.S. Patent No. 8,873,471 ("the '471 patent"), entitled "Method and Apparatus for Implementing LTE RLC Header Formats", and refers to the '471 patent for its contents.

154.   Qualcomm denies the allegations in Paragraph 154, except states that Qualcomm owns U.S. Patent No. 8,989,140 ("the '140 patent"), entitled "System and Method for Mobility in a Multi-Point HSDPA Communication Network", and refers to the '140 patent for its contents.

155.   Qualcomm denies the allegations in Paragraph 155, except states that Qualcomm owns U.S. Patent No. 9,007,974 ("the '974 patent"), entitled "Method and Apparatus for Aligning Downlink Discontinuous Reception Patterns in Multiflow HSDPA", and refers to the '974 patent for its contents.

156.   Qualcomm denies the allegations in Paragraph 156, except states that Qualcomm owns U.S. Patent No. 9,144,071 ("the '071 patent"), entitled "Methods and Apparatus for Effective Allocation of Adaptive Resource Partitioning Information (ARPI) to Pico Enhanced Node B by Macro Enhanced Node B in Heterogeneous Network", and refers to the '071 patent for its contents.

157.   Qualcomm denies the allegations in Paragraph 157.

158.   Qualcomm denies the allegations in Paragraph 158.

159.   Qualcomm denies the allegations in Paragraph 159.

160.   Qualcomm denies the allegations in Paragraph 160, except states that it owns a very large number of patents around the world that have been disclosed to ETSI as potentially essential to one or more cellular standards and refers to ETSI's "Dynamic Reporting" portal and database for their contents.

161.   Qualcomm denies the allegations in Paragraph 161.

162.   Qualcomm denies the allegations in Paragraph 162, except refers to the *Microsoft* opinion for its contents.

163.   Qualcomm denies the allegations in Paragraph 163, except refers to the *Microsoft* opinion for its contents.

164.   Qualcomm denies the allegations in Paragraph 164, except refers to the opinion in *LaserDynamics, Inc. v. Quanta Computer, Inc.*, Nos. 2011-1440, 2011-1470 (Fed. Cir.), for its contents.

165.   Qualcomm denies the allegations in Paragraph 165.

166.   Qualcomm denies the allegations in Paragraph 166.

167.   Qualcomm denies the allegations in Paragraph 167.

168.   Qualcomm denies the allegations in Paragraph 168.

169.   Qualcomm denies the allegations in Paragraph 169, except refers to the opinion in *In re Innovatio IP Ventures, LLC Patent Litig.*, No. 11 C 9308 (N.D. Ill.), for its contents.

170.   Qualcomm denies the allegations in Paragraph 170, except states that (i) Apple currently sells the 16GB iPhone SE for $399; and (ii) Apple currently sells the 256 GB iPhone 7 Plus for $969.  Qualcomm further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding products sold by Walmart, and therefore Qualcomm denies the allegations regarding products sold by Walmart.  Qualcomm refers to the cited Walmart web page for its contents.

171.   Qualcomm denies the allegations in Paragraph 171, except states that Apple sells multiple versions of each generation of iPhones and iPads at different prices.

172.   Qualcomm denies the allegations in Paragraph 172, except refers to the cited opinions for their contents.

173.   Qualcomm denies the allegations in Paragraph 173, except refers to the opinion in *GPNE Corp. v. Apple, Inc.*, No. 12-CV-02885-LHK (N.D. Cal.), for its contents.

174.   Qualcomm denies the allegations in Paragraph 174, except refers to the cited opinions for their contents.

175.   Qualcomm denies the allegations in Paragraph 175.

176.   Qualcomm denies the allegations in Paragraph 176, except refers to the *Microsoft* opinion and ETSI's "Dynamic Reporting" portal and database for their contents.

177.   Qualcomm denies the allegations in Paragraph 177.

178.   Qualcomm denies the allegations in Paragraph 178, except refers to the opinion in *Apple, Inc. v. Motorola Mobility, Inc.*, No. 11-cv-178-bbc (W.D. Wis.), for its contents.

179.   Qualcomm denies the allegations in Paragraph 179, except states that it has entered into non-exhaustive patent agreements, including non-exhaustive license agreements, with modem chipmakers and has never excluded a competing cellular modem chip maker from supplying cellular modem chips.  Qualcomm refers to the final transcript of its Q4 and Fiscal 2005 Earnings Conference Call of November 2, 2005, for its contents.

180.   Qualcomm denies the allegations in Paragraph 180, except states that (i) Qualcomm presented at the Jefferies Technology Conference on October 2, 2007, and refers to the transcript of that presentation for its contents; and (ii) on December 10, 2007, Qualcomm filed a Brief of Qualcomm Inc. as Amicus Curiae Supporting Respondent in *Quanta Computer, Inc. v. LG Elecs., Inc.*, No. 06-937, and refers to that brief for its contents.

181.   Qualcomm denies the allegations in Paragraph 181, except refers to its 2016 Annual Report on Form 10-K, dated November 2, 2016, its 2007 Annual Report on Form 10-K, dated November 8, 2007, and its 2008 Annual Report on Form 10-K, dated November 6, 2008, for their contents.

182.   Qualcomm denies the allegations in Paragraph 182, except refers to its 2014 Annual Report on Form 10-K, dated November 5, 2014, and the KFTC's

Decision No. 2017-0-25, dated January 20, 2017, in Case No. 2015SiGam2118, for their contents.

183.   Qualcomm denies the allegations in Paragraph 183.

184.   Qualcomm denies the allegations in Paragraph 184.

185.   Qualcomm denies the allegations in Paragraph 185, except refers to the Cooperation Agreement for its contents.

186.   Qualcomm denies the allegations in Paragraph 186, except refers to the FTC Complaint for its contents.

187.   Qualcomm denies the allegations in Paragraph 187, except refers to the *Lexmark* opinion for its contents.

188.   Qualcomm denies the allegations in Paragraph 188.

189.   Qualcomm denies the allegations in Paragraph 189, except refers to the cited opinions for their contents.

190.   Qualcomm denies the allegations in Paragraph 190.

191.   Qualcomm denies the allegations in Paragraph 191, except refers to the Cooperation Agreement and Qualcomm's First Amended Counterclaims for their contents.

192.   Qualcomm denies the allegations in Paragraph 192, except refers to the STA Assignment Agreement for its contents.

193.   Qualcomm denies the allegations in Paragraph 193, except refers to the MSA and Qualcomm's First Amended Counterclaims for their contents.

194.   Qualcomm denies the allegations in Paragraph 194, except states that it has filed suit against certain of Apple's contract manufacturers that have refused to pay royalties owed to Qualcomm, and refers to the filings in that case for their contents.

195.   Qualcomm denies the allegations in Paragraph 195.

196.   Qualcomm denies the allegations in Paragraph 196.

197.  Qualcomm denies the allegations in Paragraph 197, except states that Apple wrote Qualcomm on April 25, 2017.  Qualcomm refers to that letter for its contents.

198.  Qualcomm denies the allegations in Paragraph 198, except states that Qualcomm and Apple have engaged in negotiations regarding licensing.

199.  Qualcomm denies the allegations in Paragraph 199.

200.  Qualcomm denies the allegations in Paragraph 200, except states that Qualcomm has been subject to investigations by competition authorities in China, South Korea, Taiwan, Japan, Europe, and the United States.

201.  Qualcomm denies the allegations in Paragraph 201, except states that (i) the Japan Fair Trade Commission ("JFTC") issued an order on September 30, 2009; (ii) the Tokyo High Court issued a decision to stay the JFTC's September 30, 2009 order, dated February 11, 2010; (iii) China's NDRC issued an Administrative Sanction Decision in connection with its investigation of Qualcomm on February 9, 2015; (iv) Qualcomm implemented a Rectification Plan, dated February 9, 2015, in connection with the NDRC's Administrative Sanction Decision; (v) the NDRC published a press release on February 10, 2015, stating that Qualcomm's Rectification Plan satisfied its Administrative Sanction Decision; (vi) the European Commission ("EC") issued a Statement of Objections in Case AT.39711, dated December 8, 2015; (vii) the EC issued a Statement of Objections in Case AT.40220, dated December 8, 2015; (viii) the KFTC issued Decision No. 2017-0-25, dated January 20, 2017, in Case No. 2015SiGam2118; and (ix) Qualcomm filed a complaint and stay application regarding KFTC Decision No. 2017-0-25 with the Seoul High Court on February 21, 2017, the complaint proceeding is Case No. 2017Nu48, and the stay proceeding is Case No. 2017Ah66, and refers to the foregoing documents for their contents.

202.  Qualcomm denies the allegations in Paragraph 202, except states that (i) the FTC notified Qualcomm of an investigation in September 2014; (ii) the FTC

filed the FTC Complaint on January 17, 2017; and (iii) the FTC issued a press release titled "FTC Charges Qualcomm With Monopolizing Key Semiconductor Device Used in Cell Phones", on January 17, 2017.  Qualcomm refers to the FTC Complaint and the cited press release for their contents.

203.  Qualcomm denies the allegations in Paragraph 203, except states that (i) China's NDRC issued an Administrative Sanction Decision in connection with its investigation of Qualcomm on February 9, 2015; (ii) Qualcomm implemented a Rectification Plan, dated February 9, 2015, in connection with the NDRC's Administrative Sanction Decision; and (iii) the NDRC published a press release on February 10, 2015, stating that Qualcomm's Rectification Plan satisfied its Administrative Sanction Decision.  Qualcomm refers to the foregoing documents for their contents.

204.  Qualcomm denies the allegations in Paragraph 204, except states that (i) China's NDRC issued an Administrative Sanction Decision in connection with its investigation of Qualcomm on February 9, 2015; (ii) Qualcomm implemented a Rectification Plan, dated February 9, 2015, in connection with the NDRC's Administrative Sanction Decision; (iii) the NDRC published a press release on February 10, 2015, stating that Qualcomm's Rectification Plan satisfied its Administrative Sanction Decision; and (iv) since February 9, 2015, Qualcomm has entered into more than 100 license agreements with Chinese companies on terms consistent with the Rectification Plan.  Qualcomm refers to the foregoing documents for their contents.

205.  Qualcomm denies the allegations in Paragraph 205, except states that (i) in 2006, the JFTC notified Qualcomm of a possible investigation; (ii) the JFTC issued an order, dated September 30, 2009; and (iii) the Tokyo High Court issued a decision to stay the JFTC's September 30, 2009 order on February 11, 2010. Qualcomm refers to the foregoing documents for their contents.

206.   Qualcomm denies the allegations in Paragraph 206, except states that (i) the KFTC issued Decision No. 2009-281, dated December 30, 2009, in Case No. 2009Jisik0329; (ii) the Seoul High Court issued a judgment, dated June 19, 2013, in Case No. 2010Nu3932, which modified KFTC Decision No. 2009-281; (iii) the KFTC's Decision No. 2009-281 and the Seoul High Court's June 19, 2013 judgment are at issue in Case No. 2013Du14726 pending before the Supreme Court of Korea; (iv) the KFTC issued Decision No. 2017-0-25 in Case No. 2015SiGam2118, dated January 20, 2017; (v) the KFTC issued a press release, dated December 28, 2016; and (vi) Qualcomm filed a complaint and stay application regarding KFTC Decision No. 2017-0-25 with the Seoul High Court on February 21, 2017, the complaint proceeding is Case No. 2017Nu48, and the stay proceeding is Case No. 2017Ah66.  Qualcomm refers to the foregoing documents for their contents.

207.   Qualcomm denies the allegations in Paragraph 207, except states that (i) the EC notified Qualcomm of an investigation in October 2014; (ii) the EC issued a Statement of Objections in Case AT.39711 on December 8, 2015; (iii) the EC issued a Statement of Objections in Case AT.40220 on December 8, 2015; and (iv) the EC issued a press release on December 8, 2015.  Qualcomm refers to the foregoing documents for their contents.

208.   Qualcomm denies the allegations in Paragraph 208, except states that investigations of Qualcomm by the JFTC and the Taiwan Fair Trade Commission ("TFTC") were ongoing as of the date of Apple's Amended Complaint.

209.   Qualcomm denies the allegations in Paragraph 209, except states that regulatory agencies investigating Qualcomm have sought information from third-parties, including Apple.

210.   Qualcomm denies the allegations in Paragraph 210 and footnote 9, except states that (i) Apple produced documents to the FTC; (ii) a representative of Apple gave a presentation in an open session before the KFTC in Case

No. 2015SiGam2118 on August 17, 2016; and (iii) Apple has provided certain information to the EC and TFTC in connection with investigations of Qualcomm. Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding depositions of Apple executives.

211. Qualcomm denies the allegations in Paragraph 211, except states that (i) Qualcomm has made submissions to the KFTC in connection with Case No. 2015SiGam2118; and (ii) Qualcomm representatives, including its President, were present when Apple testified in an open session before the KFTC in Case No. 2015SiGam2118 on August 17, 2016.

212. Qualcomm denies the allegations in Paragraph 212.

213. Qualcomm denies the allegations in Paragraph 213.

214. Qualcomm denies the allegations in Paragraph 214, except states that from 2013 through mid-2016, Qualcomm made payments to Apple under various agreements, including the Cooperation Agreement.

215. Qualcomm denies the allegations in Paragraph 215, except states that pursuant to the terms of the Cooperation Agreement, Qualcomm was not required to and did not make certain payments to Apple.

216. Qualcomm denies the allegations in Paragraph 216, except states that pursuant to the terms of the Cooperation Agreement, Qualcomm was not required to and did not make certain payments to Apple.  Apple submitted certain documentation to Qualcomm in connection with the Cooperation Agreement for each quarter of 2016, and Qualcomm refers to that documentation for its contents.

217. Qualcomm denies the allegations in Paragraph 217, except states that Qualcomm and Apple executives met around mid-September 2016.

218. Qualcomm denies the allegations in Paragraph 218, except states that Apple made a presentation to the KFTC in Case No. 2015SiGam2118 on August 17, 2016, titled "Apple's Response to KFTC:  Views on Qualcomm's Abuse of Dominance", and refers to that presentation for its contents.

219.   Qualcomm denies the allegations in Paragraph 219, except states that Qualcomm and Apple corresponded regarding the Cooperation Agreement after the second quarter of 2016, and refers to such correspondence for its contents. Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Apple's intentions, and therefore Qualcomm denies the allegations regarding Apple's intentions.

220.   Qualcomm denies the allegations in Paragraph 220, except states that Qualcomm and Apple corresponded regarding the Cooperation Agreement after the second quarter of 2016, and refers to such correspondence for its contents.

221.   Qualcomm denies the allegations in Paragraph 221, except states that Qualcomm and Apple corresponded regarding the Cooperation Agreement after the second quarter of 2016, and refers to such correspondence for its contents.

222.   Qualcomm denies the allegations in Paragraph 222, except states that Qualcomm and Apple corresponded regarding the Cooperation Agreement after the second quarter of 2016, and refers to such correspondence for its contents.

223.   Qualcomm denies the allegations in Paragraph 223, except states that Qualcomm and Apple corresponded regarding the Cooperation Agreement after the second quarter of 2016, and refers to such correspondence for its contents.

224.   Qualcomm denies the allegations in Paragraph 224, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding each of Apple's interactions with government agencies, and therefore Qualcomm denies the allegations regarding each of Apple's interactions with government agencies.

225.   Qualcomm denies the allegations in Paragraph 225.

226.   Qualcomm denies the allegations in Paragraph 226, except states that Qualcomm and Apple entered into the Cooperation Agreement, and refers to that Agreement for its contents.

227.    Qualcomm denies the allegations in Paragraph 227, except states that Qualcomm and Apple entered into the Cooperation Agreement, and refers to that Agreement for its contents.

228.    Qualcomm denies the allegations in Paragraph 228, except states that Qualcomm and Apple corresponded regarding the Cooperation Agreement after the second quarter of 2016, and refers to such correspondence for its contents.

229.    Qualcomm denies the allegations in Paragraph 229, except states that Qualcomm and Apple corresponded regarding the Cooperation Agreement after the second quarter of 2016, and refers to such correspondence for its contents.

230.    Qualcomm denies the allegations in Paragraph 230, except states that Qualcomm and Apple corresponded regarding the Cooperation Agreement after the second quarter of 2016, and refers to such correspondence for its contents.

231.    Qualcomm denies the allegations in Paragraph 231, except states that Qualcomm and Apple corresponded regarding the Cooperation Agreement after the second quarter of 2016, and refers to such correspondence for its contents.

232.    Qualcomm denies the allegations in Paragraph 232 and footnote 10, except states that Qualcomm sent Apple a letter regarding the Cooperation Agreement on December 2, 2016, and refers to that letter for its contents. Qualcomm further states that it filed *ex parte* applications pursuant to 28 U.S.C. § 1782 in the Northern District of California, and refers to those applications for their contents. Qualcomm refers to the opinion in *In re Ex Parte Application of Qualcomm Inc.*, Nos. 5:16-mc-80002-PSG to -80008-PSG (N.D. Cal.), for its contents.

233.    Qualcomm denies the allegations in Paragraph 233.

234.    Qualcomm denies the allegations in Paragraph 234.

235.    Qualcomm denies the allegations in Paragraph 235, except refers to the cited materials for their contents.

236.    Qualcomm denies the allegations in Paragraph 236, except states that (i) the FTC, the EC, and the TFTC are members of the International Competition Network ("ICN"); and (ii) the ICN has published Guidance on Investigative Process, and refers to that publication for its contents.

237.    Qualcomm denies the allegations in Paragraph 237, except refers to the cited opinions for their contents.

238.    Qualcomm denies the allegations in Paragraph 238, except refers to the opinion in *In re Ex Parte Application of Qualcomm Inc.*, Nos. 5:16-mc-80002-PSG to -80008-PSG (N.D. Cal.), for its contents.

239.    Qualcomm denies the allegations in Paragraph 239, except refers to the Korean Monopoly Regulation and Fair Trade Act for its contents.

240.    Qualcomm denies the allegations in Paragraph 240, except refers to the cited opinions for their contents.

241.    Qualcomm denies the allegations in Paragraph 241.

242.    Qualcomm denies the allegations in Paragraph 242, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Apple's expectations and estimates, and therefore Qualcomm denies the allegations regarding Apple's expectations and estimates.

243.    Qualcomm denies the allegations in Paragraph 243.

244.    Qualcomm denies the allegations in Paragraph 244.

245.    Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

246.    Qualcomm denies the allegations in Paragraph 246, except states that Qualcomm and Apple have entered certain agreements, including the Cooperation Agreement.

247.    Qualcomm denies the allegations in Paragraph 247, except states that Qualcomm and Apple entered into the Cooperation Agreement, and refers to that Agreement for its contents.

248. Qualcomm denies the allegations in Paragraph 248.

249. Qualcomm denies the allegations in Paragraph 249.

250. Qualcomm denies the allegations in Paragraph 250.

251. Qualcomm denies the allegations in Paragraph 251.

252. Qualcomm denies the allegations in Paragraph 252, except states that pursuant to the terms of the Cooperation Agreement, Qualcomm was not required to and did not make any payment to Apple under that Agreement for the fourth quarter of 2016.

253. Qualcomm denies the allegations in Paragraph 253.

254. Qualcomm denies the allegations in Paragraph 254.

255. Qualcomm denies the allegations in Paragraph 255.

256. Qualcomm denies the allegations in Paragraph 256.

257. Qualcomm denies the allegations in Paragraph 257, except states that Apple and Qualcomm engaged in certain communications regarding the Cooperation Agreement during two 30-day periods and did not resolve their dispute regarding the Cooperation Agreement.

258. Qualcomm denies the allegations in Paragraph 258.

259. Qualcomm denies the allegations in Paragraph 259, except states that ███████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████ .

260. Qualcomm denies the allegations in Paragraph 260, except states that the FTC filed the FTC Complaint on January 17, 2017, and refers to that complaint for its contents. Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Apple's intentions, and therefore Qualcomm denies the allegations regarding Apple's intentions.

1       261.   Qualcomm repeats and realleges its responses to the preceding
2   Paragraphs with the same force and effect as if fully restated herein.

3       262.   Qualcomm denies the allegations in Paragraph 262, except states that
4   Apple and Qualcomm each had an obligation to act fairly and in good faith with
5   respect to their obligations under the Cooperation Agreement.

6       263.   Qualcomm denies the allegations in Paragraph 263.

7       264.   Qualcomm denies the allegations in Paragraph 264.

8       265.   Qualcomm denies the allegations in Paragraph 265.

9       266.   Qualcomm denies the allegations in Paragraph 266.

10       267.   Qualcomm denies the allegations in Paragraph 267.

11       268.   Qualcomm repeats and realleges its responses to the preceding
12   Paragraphs with the same force and effect as if fully restated herein.

13       269.   Qualcomm denies the allegations in Paragraph 269, except refers to
14   California Civil Code § 1671(b) for its contents.

15       270.   Qualcomm denies the allegations in Paragraph 270.

16       271.   Qualcomm denies the allegations in Paragraph 271.

17       272.   Qualcomm denies the allegations in Paragraph 272.

18       273.   Qualcomm denies the allegations in Paragraph 273.

19       274.   Qualcomm denies the allegations in Paragraph 274.

20       275.   Qualcomm denies the allegations in Paragraph 275.

21       276.   Qualcomm repeats and realleges its responses to the preceding
22   Paragraphs with the same force and effect as if fully restated herein.

23       277.   Qualcomm denies the allegations in Paragraph 277 and denies that the
24   declaratory relief sought by Apple is appropriate, except states that certain rights
25   and obligations under the Cooperation Agreement are at issue.

26       278.   Qualcomm denies the allegations in Paragraph 278.

27       279.   Qualcomm denies the allegations in Paragraph 279, except states that
28   Apple purports to seek declaratory relief in its Amended Complaint.

280.   Qualcomm denies the allegations in Paragraph 280 and denies that the declaratory relief sought by Apple is appropriate, except states that certain rights and obligations under the Cooperation Agreement are at issue.

281.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

282.   Qualcomm denies the allegations in Paragraph 282, except refers to the '242 patent for its contents.

283.   Qualcomm states that the allegations in Paragraph 283 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 283.

284.   Qualcomm states that the allegations in Paragraph 284 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 284.

285.   Qualcomm states that the allegations in Paragraph 285 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 285.

286.   Qualcomm states that the allegations in Paragraph 286 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 286, except states that Apple purports to seek declaratory relief in its Amended Complaint.

287.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

288.   Qualcomm states that the allegations in Paragraph 288 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 288.

289.   Qualcomm states that the allegations in Paragraph 289 state a legal conclusion to which no response is required. To the extent a response is required,

1  Qualcomm denies the allegations in Paragraph 289 and refers to U.S. Patent No.

2  6,711,400 for its contents.

3       290.   Qualcomm states that the allegations in Paragraph 290 state a legal

4  conclusion to which no response is required. To the extent a response is required,

5  Qualcomm denies the allegations in Paragraph 290.

6       291.   Qualcomm states that the allegations in Paragraph 291 state a legal

7  conclusion to which no response is required.  To the extent a response is required,

8  Qualcomm denies the allegations in Paragraph, except states that Apple purports to

9  seek declaratory relief in its Amended Complaint.

10      292.   Qualcomm repeats and realleges its responses to the preceding

11 Paragraphs with the same force and effect as if fully restated herein.

12      293.   Qualcomm denies the allegations in Paragraph 293.

13      294.   Qualcomm denies the allegations in Paragraph 294.

14      295.   Qualcomm denies the allegations in Paragraph 295, except refers to the

15 cited opinions for their contents.

16      296.   Qualcomm repeats and realleges its responses to the preceding

17 Paragraphs with the same force and effect as if fully restated herein.

18      297.   Qualcomm denies the allegations in Paragraph 297, except refers to the

19 '549 patent for its contents.

20      298.   Qualcomm states that the allegations in Paragraph 298 state a legal

21 conclusion to which no response is required.  To the extent a response is required,

22 Qualcomm denies the allegations in Paragraph 298.

23      299.   Qualcomm states that the allegations in Paragraph 299 state a legal

24 conclusion to which no response is required.  To the extent a response is required,

25 Qualcomm denies the allegations in Paragraph 299.

26      300.   Qualcomm states that the allegations in Paragraph 300 state a legal

27 conclusion to which no response is required.  To the extent a response is required,

28 Qualcomm denies the allegations in Paragraph 300.

301.   Qualcomm states that the allegations in Paragraph 301 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 301, except states that Apple purports to seek declaratory relief in its Amended Complaint.

302.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

303.   Qualcomm states that the allegations in Paragraph 303 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 303.

304.   Qualcomm states that the allegations in Paragraph 304 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 304, and refers to U.S. Patent No. 6,269,239 for its contents.

305.   Qualcomm states that the allegations in Paragraph 305 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 305, and refers to U.S. Patent No. 5,659,578 for its contents.

306.   Qualcomm states that the allegations in Paragraph 306 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 306 and refers to U.S. Patent No. 6,584,086 for its contents.

307.   Qualcomm states that the allegations in Paragraph 307 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 307 and refers to U.S. Patent No. 5,603,096 for its contents.

308.   Qualcomm states that the allegations in Paragraph 308 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 308.

309.   Qualcomm states that the allegations in Paragraph 309 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 309, except states that Apple purports to seek declaratory relief in its Amended Complaint.

310.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

311.   Qualcomm denies the allegations in Paragraph 311.

312.   Qualcomm denies the allegations in Paragraph 312.

313.   Qualcomm denies the allegations in Paragraph 313, except refers to the cited opinions for their contents.

314.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

315.   Qualcomm denies the allegations in Paragraph 315, except refers to the '822 patent for its contents.

316.   Qualcomm states that the allegations in Paragraph 316 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 316.

317.   Qualcomm states that the allegations in Paragraph 317 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 317.

318.   Qualcomm states that the allegations in Paragraph 318 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 318.

319.   Qualcomm states that the allegations in Paragraph 319 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 319, except states that Apple purports to seek declaratory relief in its Amended Complaint.

320.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

321.   Qualcomm states that the allegations in Paragraph 321 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 321.

322.   Qualcomm states that the allegations in Paragraph 322 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 322 and refers to U.S. Patent No. 7,061,890 for its contents.

323.   Qualcomm states that the allegations in Paragraph 323 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 323.

324.   Qualcomm states that the allegations in Paragraph 324 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 324, except states that Apple purports to seek declaratory relief in its Amended Complaint.

325.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

326.   Qualcomm denies the allegations in Paragraph 326.

327.   Qualcomm denies the allegations in Paragraph 327.

328.   Qualcomm denies the allegations in Paragraph 328, except refers to the cited opinions for their contents.

329.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

330.   Qualcomm denies the allegations in Paragraph 330, except refers to the '630 patent for its contents.

331.   Qualcomm states that the allegations in Paragraph 331 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 331.

332.   Qualcomm states that the allegations in Paragraph 332 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 332.

333.   Qualcomm states that the allegations in Paragraph 333 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 333.

334.   Qualcomm states that the allegations in Paragraph 334 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 334, except states that Apple purports to seek declaratory relief in its Amended Complaint.

335.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

336.   Qualcomm states that the allegations in Paragraph 336 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 336.

337.   Qualcomm denies the allegations in Paragraph 337, except refers to the '630 patent for its contents.

338.   Qualcomm states that the allegations in Paragraph 338 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 338.

339.   Qualcomm states that the allegations in Paragraph 339 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 339, except states that Apple purports to seek declaratory relief in its Amended Complaint.

340.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

341.   Qualcomm denies the allegations in Paragraph 341.

342.   Qualcomm denies the allegations in Paragraph 342.

343.   Qualcomm denies the allegations in Paragraph 343, except refers to the cited opinions for their contents.

344.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

345.   Qualcomm denies the allegations in Paragraph 345, except refers to the '494 patent for its contents.

346.   Qualcomm states that the allegations in Paragraph 346 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 346.

347.   Qualcomm states that the allegations in Paragraph 347 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 347.

348.   Qualcomm states that the allegations in Paragraph 348 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 348.

349.   Qualcomm states that the allegations in Paragraph 349 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 349, except states that Apple purports to seek declaratory relief in its Amended Complaint.

350.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

351.   Qualcomm states that Paragraph 351 states a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 351.

352.   Qualcomm states that Paragraph 352 states a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 352 and refers to U.S. Patent Application No. 2008/0085708 for its contents.

353.   Qualcomm states that Paragraph 353 states a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 353.

354.   Qualcomm states that Paragraph 354 states a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 354, except states that Apple purports to seek declaratory relief in its Amended Complaint.

355.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

356.   Qualcomm denies the allegations in Paragraph 356.

357.   Qualcomm denies the allegations in Paragraph 357.

358.   Qualcomm denies the allegations in Paragraph 358, except refers to the cited opinions for their contents.

359.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

360.   Qualcomm denies the allegations in Paragraph 360, except refers to the '725 patent for its contents.

361.   Qualcomm states that the allegations in Paragraph 361 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 361.

362.   Qualcomm states that the allegations in Paragraph 362 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 362.

363.   Qualcomm states that the allegations in Paragraph 363 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 363.

364.   Qualcomm states that the allegations in Paragraph 364 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 364, except states that Apple purports to seek declaratory relief in its Amended Complaint.

365.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

366.   Qualcomm states that the allegations in Paragraph 366 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 366.

367.   Qualcomm states that the allegations in Paragraph 367 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations and refers to U.S. Patent No. 7,058,124 for its contents.

368.   Qualcomm denies the allegations in Paragraph 368, except refers to the '725 patent for its contents.

369.   Qualcomm states that the allegations in Paragraph 369 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 369.

370.   Qualcomm states that the allegations in Paragraph 370 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 370, except states that Apple purports to seek declaratory relief in its Amended Complaint.

371.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

372.   Qualcomm denies the allegations in Paragraph 372.

373.   Qualcomm denies the allegations in Paragraph 373.

374.   Qualcomm denies the allegations in Paragraph 374, except refers to the cited opinions for their contents.

375.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

376.   Qualcomm denies the allegations in Paragraph 376, except refers to the '469 patent for its contents.

377.   Qualcomm states that the allegations in Paragraph 377 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 377.

378.   Qualcomm states that the allegations in Paragraph 378 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 378.

379.   Qualcomm states that the allegations in Paragraph 379 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 379.

380.   Qualcomm states that the allegations in Paragraph 380 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 380, except states that Apple purports to seek declaratory relief in its Amended Complaint.

381.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

382.   Qualcomm states that the allegations in Paragraph 382 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in 382.

383.   Qualcomm states that the allegations in Paragraph 383 state a legal conclusion to which no response is required.  To the extent that a response is

1   required, Qualcomm denies the allegations in 383 and refers to U.S. Patent No.
2   6,707,814 for its contents.

3       384.   Qualcomm states that the allegations in Paragraph 384 state a legal
4   conclusion to which no response is required.  To the extent that a response is
5   required, Qualcomm denies the allegations in 384 and refers to U.S. Patent No.
6   5,684,791 for its contents.

7       385.   Qualcomm states that the allegations in Paragraph 385 state a legal
8   conclusion to which no response is required.  To the extent that a response is
9   required, Qualcomm denies the allegations in 385 and refers to U.S. Patent No.
10  4,970,714 for its contents.

11      386.   Qualcomm states that the allegations in Paragraph 386 state a legal
12  conclusion to which no response is required.  To the extent that a response is
13  required, Qualcomm denies the allegations in 386 and refers to U.S. Patent No.
14  6,735,202 for its contents.

15      387.   Qualcomm states that the allegations in Paragraph 387 state a legal
16  conclusion to which no response is required.  To the extent that a response is
17  required, Qualcomm denies the allegations in 387 and refers to U.S. Patent No.
18  6,275,471 for its contents.

19      388.   Qualcomm denies the allegations in Paragraph 388, except refers to the
20  '469 patent for its contents.

21      389.   Qualcomm states that the allegations in Paragraph 389 state a legal
22  conclusion to which no response is required.  To the extent that a response is
23  required, Qualcomm denies the allegations in 389.

24      390.   Qualcomm states that the allegations in Paragraph 390 state a legal
25  conclusion to which no response is required.  To the extent that a response is
26  required, Qualcomm denies the allegations in 390, except states that Apple purports
27  to seek declaratory relief in its Amended Complaint.

28

391.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

392.   Qualcomm denies the allegations in Paragraph 392.

393.   Qualcomm denies the allegations in Paragraph 393.

394.   Qualcomm denies the allegations in Paragraph 394, except refers to the cited opinions for their contents.

395.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

396.   Qualcomm denies the allegations in Paragraph 396, except refers to the '819 patent for its contents.

397.   Qualcomm states that the allegations in Paragraph 397 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 397.

398.   Qualcomm states that the allegations in Paragraph 398 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 398.

399.   Qualcomm states that the allegations in Paragraph 399 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 399.

400.   Qualcomm states that the allegations in Paragraph 400 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 400, except states that Apple purports to seek declaratory relief in its Amended Complaint.

401.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

402.   Qualcomm states that the allegations in Paragraph 402 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 402.

403.   Qualcomm states that the allegations in Paragraph 403 state a legal conclusion to which no response is required.  To the extent a response is require, Qualcomm denies the allegations in Paragraph 403 and refers to U.S. Patent Application No. 2010/0226327 for its contents.

404.   Qualcomm states that the allegations in Paragraph 404 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 404.

405.   Qualcomm states that the allegations in Paragraph 405 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 405, except states that Apple purports to seek declaratory relief in its Amended Complaint.

406.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

407.   Qualcomm denies the allegations in Paragraph 407.

408.   Qualcomm denies the allegations in Paragraph 408.

409.   Qualcomm denies the allegations in Paragraph 409, except refers to the cited opinions for their contents.

410.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

411.   Qualcomm denies the allegations in Paragraph 411, except refers to the '021 patent for its contents.

412.   Qualcomm states that the allegations in Paragraph 412 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 412.

413.   Qualcomm states that the allegations in Paragraph 413 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 413.

414.   Qualcomm states that the allegations in Paragraph 414 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 414.

415.   Qualcomm states that the allegations in Paragraph 415 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 415, except states that Apple purports to seek declaratory relief in its Amended Complaint.

416.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

417.   Qualcomm states that the allegations in Paragraph 417 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 417.

418.   Qualcomm states that the allegations in Paragraph 418 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 418 and refers to U.S. Patent No. 6,154,652 for its contents.

419.   Qualcomm states that the allegations in Paragraph 419 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 419 and refers to U.S. Patent No. 5,117,502 for its contents.

420.   Qualcomm denies the allegations in Paragraph 420, except refers to the '021 patent for its contents.

421.   Qualcomm denies the allegations in Paragraph 421, except refers to the '021 patent for its contents.

422.   Qualcomm states that the allegations in Paragraph 422 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 422.

423.   Qualcomm states that the allegations in Paragraph 423 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraphs 423, except states that Apple purports to seek declaratory relief in its Amended Complaint.

424.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

425.   Qualcomm denies the allegations in Paragraph 425.

426.   Qualcomm denies the allegations in Paragraph 426.

427.   Qualcomm denies the allegations in Paragraph 427, except refers to the cited opinions for their contents.

428.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

429.   Qualcomm denies the allegations in Paragraph 429, except refers to the '890 patent for its contents.

430.   Qualcomm states that the allegations in Paragraph 430 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 430.

431.   Qualcomm states that the allegations in Paragraph 431 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 431.

432.   Qualcomm states that the allegations in Paragraph 432 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 432.

433.   Qualcomm states that the allegations in Paragraph 433 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 433, except states that Apple purports to seek declaratory relief in its Amended Complaint.

434.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

435.   Qualcomm states that the allegations in Paragraph 435 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 435.

436.   Qualcomm states that the allegations in Paragraph 436 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 436 and refers to U.S. Patent No. U.S. Patent No. 6,393,047 for its contents.

437.   Qualcomm states that the allegations in Paragraph 437 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 437 and refers to U.S. Patent No. 6,724,813 for its contents.

438.   Qualcomm states that the allegations in Paragraph 438 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 438 and refers to U.S. Patent No. 6,535,736 for its contents.

439.   Qualcomm states that the allegations in Paragraph 439 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 439.

440.   Qualcomm states that the allegations in Paragraph 440 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 440, except states that Apple purports to seek declaratory relief in its Amended Complaint.

441.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

442.   Qualcomm denies the allegations in Paragraph 442.

443.   Qualcomm states that the allegations in Paragraph 443 state legal conclusions to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 443.

444.   Qualcomm denies the allegations in Paragraph 444, except refers to the opinions cited for their contents.

445.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

446.   Qualcomm denies the allegations in Paragraph 446, except refers to the '717 patent for its contents.

447.   Qualcomm states that the allegations in Paragraph 447 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 447.

448.   Qualcomm states that the allegations in Paragraph 448 state a legal conclusion to which no response is required, Qualcomm denies the allegations in Paragraph 448.

449.   Qualcomm states that the allegations in Paragraph 449 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 449.

450.   Qualcomm states that the allegations in Paragraph 450 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 450, except states that Apple purports to seek declaratory relief in its Amended Complaint.

451.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

452.   Qualcomm states that the allegations in Paragraph 452 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 452.

453.   Qualcomm states that the allegations in Paragraph 453 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 453, except refers to U.S. Patent Application No. 2002/0102985 for its contents.

454.   Qualcomm states that the allegations in Paragraph 454 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 454, except refers to U.S. Patent No. 6,069,883 for its contents.

455.   Qualcomm states that the allegations in Paragraph 455 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 455, except refers to U.S. Patent No. 6,968,192 for its contents.

456.   Qualcomm states that the allegations in Paragraph 456 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in paragraph 456.

457.   Qualcomm states that the allegations in Paragraph 457 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 457, except states that Apple purports to seek declaratory relief in its Amended Complaint.

458.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

459.   Qualcomm denies the allegations in Paragraph 459.

460.   Qualcomm states that the allegations in Paragraph 460 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 460.

461.   Qualcomm denies the allegations in Paragraph 461, except refers to the opinions cited for their contents.

462.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

463.   Qualcomm denies the allegations in Paragraph 463, except refers to the '975 patent for its contents.

464.   Qualcomm states that the allegations in Paragraph 464 state a legal conclusion to which no response is required, Qualcomm denies the allegations in Paragraph 464.

465.   Qualcomm states that the allegations in Paragraph 465 state a legal conclusion to which no response is required, Qualcomm denies the allegations in Paragraph 465.

466.   Qualcomm states that the allegations in Paragraph 466 state a legal conclusion to which no response is required.  To the extent that a response is required, Qualcomm denies the allegations in Paragraph 466.

467.   Qualcomm states that the allegations in Paragraph 467 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 467, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

468.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

469.   Qualcomm states that the allegations in Paragraph 469 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 469.

470.   Qualcomm states that the allegations in Paragraph 470 state a legal conclusion to which no response is required. To the extent a response is required, Qualcomm denies the allegations in Paragraph 470 and refers to U.S. Patent No. 7,990,944 for its contents.

471.   Qualcomm states that the allegations in Paragraph 471 state a legal conclusion to which no response is required.  To the extent a response is required,

Qualcomm denies the allegations in Paragraph 471 and refers to U.S. Patent Application No. 2006/0140135 for its contents.

472.   Qualcomm states that the allegations in Paragraph 472 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 472.

473.   Qualcomm states that the allegations in Paragraph 473 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 473, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

474.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

475.   Qualcomm denies the allegations in Paragraph 475.

476.   Qualcomm states that the allegations in Paragraph 476 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 476.

477.   Qualcomm denies the allegations in Paragraph 477, except refers to the cited opinions for their contents.

478.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

479.   Qualcomm denies the allegations in Paragraph 479, except refers to the '068 patent for its contents.

480.   Qualcomm states that the allegations in Paragraph 480 state a legal conclusion to which no response is required. To the extent a response is required, Qualcomm denies the allegations in Paragraph 480.

481.   Qualcomm states that the allegations in Paragraph 481 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 481.

482.   Qualcomm states that the allegations in Paragraph 482 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 482.

483.   Qualcomm states that the allegations in Paragraph 483 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

484.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

485.   Qualcomm denies the allegations in Paragraph 485, and refers to the '068 patent for its contents.

486.   Qualcomm states that the allegations in Paragraph 486 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 486, and refers to U.S. Patent No. 8,730,989 for its contents.

487.   Qualcomm states that the allegations in Paragraph 487 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 487.

488.   Qualcomm states that the allegations in Paragraph 488 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

489.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

490.   Qualcomm denies the allegations in Paragraph 490.

491.   Qualcomm states that the allegations in Paragraph 491 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 491.

492.   Qualcomm denies the allegations in Paragraph 492, except refers to the cited opinions for their contents.

493.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

494.   Qualcomm denies the allegations in Paragraph 494, except refers to the '424 patent for its contents.

495.   Qualcomm states that the allegations in Paragraph 495 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 495.

496.   Qualcomm states that the allegations in Paragraph 496 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 496.

497.   Qualcomm states that the allegations in Paragraph 497 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 497.

498.   Qualcomm states that the allegations in Paragraph 498 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 498, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

499.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

500.   Qualcomm states that the allegations in Paragraph 500 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 500.

501.   Qualcomm states that the allegations in Paragraph 501 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 501 and refers to U.S. Patent No. 8,537,724 for its contents.

502.   Qualcomm denies the allegations in Paragraph 502, except refers to the '424 patent for its contents.

503.   Qualcomm states that the allegations in Paragraph 503 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 503.

504.   Qualcomm states that the allegations in Paragraph 504 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 504, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

505.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

506.   Qualcomm denies the allegations in Paragraph 506.

507.   Qualcomm states that the allegations in Paragraph 507 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 507

508.   Qualcomm denies the allegations in Paragraph 508, except refers to the cited opinions for their contents.

509.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

510.   Qualcomm denies the allegations in Paragraph 510, except refers to the '471 patent for its contents.

511.   Qualcomm states that the allegations in Paragraph 511 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 511.

512.   Qualcomm states that the allegations in Paragraph 512 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 512.

513.   Qualcomm states that the allegations in Paragraph 513 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 513.

514.   Qualcomm states that the allegations in Paragraph 514 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 514, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

515.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

516.   Qualcomm states that the allegations in Paragraph 516 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 516.

517.   Qualcomm denies the allegations in Paragraph 517, except refers to the '471 patent for its contents.

518.   Qualcomm denies the allegations in Paragraph 518, except refers to the '471 patent for its contents.

519.   Qualcomm states that the allegations in Paragraph 519 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 519.

520.   Qualcomm states that the allegations in Paragraph 520 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 520, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

521.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

522.   Qualcomm denies the allegations in Paragraph 522.

523.   Qualcomm states that the allegations in Paragraph 523 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 523.

524.   Qualcomm denies the allegations in Paragraph 524, except refers to the cited opinions for their contents.

525.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

526.   Qualcomm denies the allegations in Paragraph 526, except refers to the '140 patent for its contents.

527.   Qualcomm states that the allegations in Paragraph 527 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 527.

528.   Qualcomm states that the allegations in Paragraph 528 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 528.

529.   Qualcomm states that the allegations in Paragraph 529 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 529.

530.   Qualcomm states that the allegations in Paragraph 530 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 530, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

531.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

532.   Qualcomm states that the allegations in Paragraph 532 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 532.

533.   Qualcomm states that the allegations in Paragraph 533 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 533 and refers to U.S. Patent No. 8,854,976 for its contents.

534.   Qualcomm states that the allegations in Paragraph 534 states a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 534 and refers to U.S. Patent No. 8,948,765 for its contents.

535.   Qualcomm states that the allegations in Paragraph 535 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 535 and refers to U.S. Patent Application Publication No. 2008/0261599 for its contents.

536.   Qualcomm states that the allegations in Paragraph 536 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 536 and refers to U.S. Patent Application Publication No. 2009/0052401 for its contents.

537.   Qualcomm states that the allegations in Paragraph 537 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 537.

538.   Qualcomm states that the allegations in Paragraph 538 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 538, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

539.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

540.   Qualcomm denies the allegations in Paragraph 540.

541.   Qualcomm states that the allegations in Paragraph 541 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 541.

542.   Qualcomm denies the allegations in Paragraph 542, except refers to the cited opinions for their contents.

543.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

544.   Qualcomm denies the allegations in Paragraph 544, except refers to the '974 patent for its contents.

545.   Qualcomm states that the allegations in Paragraph 545 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 545.

546.   Qualcomm states that the allegations in Paragraph 546 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 546.

547.   Qualcomm states that the allegations in Paragraph 547 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 547.

548.   Qualcomm states that the allegations in Paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 548, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

549.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

550.   Qualcomm states that the allegations in Paragraph 550 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 550.

551.   Qualcomm states that the allegations in Paragraph 551 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 551, except refers to U.S. Patent No. 8,867,442 for its contents.

552.   Qualcomm states that the allegations in Paragraph 552 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 552 and refers to U.S. Patent No. 8,929,301 for its contents.

553.   Qualcomm states that the allegations in Paragraph 553 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 553.

554.   Qualcomm states that the allegations in Paragraph 554 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 554, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

555.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

556.   Qualcomm denies the allegations in Paragraph 556.

557.   Qualcomm states that the allegations in Paragraph 557 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 557.

558.   Qualcomm denies the allegations in Paragraph 558, except refers to the cited opinions for their contents.

559.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

560.   Qualcomm denies the allegations in Paragraph 560, except refers to the '071 patent for its contents.

561.   Qualcomm states that the allegations in Paragraph 561 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 561.

562.   Qualcomm states that the allegations in Paragraph 562 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 562.

563.   Qualcomm states that the allegations in Paragraph 563 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 563.

564.   Qualcomm states that the allegations in Paragraph 564 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 564, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

565.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

566.   Qualcomm states that the allegations in Paragraph 566 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 566.

567.   Qualcomm states that the allegations in Paragraph 567 state a legal conclusion for which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 567 and refers to U.S. Patent No. 8,537,724 for its contents.

568.   Qualcomm denies the allegations in Paragraph 568, except refers to the '071 patent for its contents.

569.   Qualcomm states that the allegations in Paragraph 569 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 569.

570.   Qualcomm states that the allegations in Paragraph 570 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 570, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

571.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

572.   Qualcomm denies the allegations in Paragraph 572.

573.   Qualcomm states that the allegations in Paragraph 573 state a legal conclusion to which no response is required.  To the extent a response is required, Qualcomm denies the allegations in Paragraph 573.

574.   Qualcomm denies the allegations in Paragraph 574, except refers to the cited opinions for their contents.

575.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

576.   Qualcomm denies the allegations in Paragraph 576.

577.   Qualcomm denies the allegations in Paragraph 577.

578.   Qualcomm denies the allegations in Paragraph 578, except refers to the U.S. Supreme Court's opinions in *Lexmark* and *Quanta Computer, Inc. v. LG Elecs., Inc.*, No. 06-937, for their contents.

579.   Qualcomm denies the allegations in Paragraph 579.

580.   Qualcomm denies the allegations in Paragraph 580, except states that Qualcomm and Apple have entered certain agreements, and refers to those agreements for their contents.

581.   Qualcomm denies the allegations in Paragraph 581, except refers to the *Lexmark* opinion for its contents.

582.   Qualcomm denies the allegations in Paragraph 582, except refers to the *Lexmark* opinion for its contents.

583.   Qualcomm denies the allegations in Paragraph 583.

584. Qualcomm denies the allegations in Paragraph 584.

585. Qualcomm denies the allegations in Paragraph 585, except refers to the Cooperation Agreement for its contents.

586. Qualcomm denies the allegations in Paragraph 586, except reasserts and refers to the claims asserted in its Amended Counterclaims for their contents.

587. Qualcomm denies the allegations in Paragraph 587.

588. Qualcomm denies the allegations in Paragraph 588, except states that Qualcomm and Apple have entered certain agreements, and refers to those agreements for their contents.

589. Qualcomm denies the allegations in Paragraph 589, except refers to *RRX Indus., Inc. v. Lab-Con, Inc.*, No. 84-5573 (9th Cir.) for its contents.

590. Qualcomm denies the allegations in Paragraph 590.

591. Qualcomm denies the allegations in Paragraph 591.

592. Qualcomm denies the allegations in Paragraph 592, except states that Apple purports to seek declaratory relief in its Amended Complaint.

593. Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

594. Qualcomm denies the allegations in Paragraph 594, except states that Qualcomm and Apple are parties to the STA Assignment Agreement and refers to that agreement for its contents.

595. Qualcomm denies the allegations in Paragraph 595 and footnote 11, except refers to the STA Assignment Agreement for its contents.

596. Qualcomm denies the allegations in Paragraph 596, except refers to the STA Assignment Agreement for its contents.

597. Qualcomm denies the allegations in Paragraph 597, except refers to the STA Assignment Agreement for its contents.

598.   Qualcomm denies the allegations in Paragraph 598, except states that it has entered into certain agreement with certain of Apple's contract manufacturers, and refers to those agreements for their contents.

599.   Qualcomm denies the allegations in Paragraph 599, except states that it has entered into certain agreements with certain of Apple's contract manufacturers, that these agreements contain confidentiality clauses, and refers to those agreements for their contents.

600.   Qualcomm denies the allegations in Paragraph 600.

601.   Qualcomm denies the allegations in Paragraph 601.

602.   Qualcomm denies the allegations in Paragraph 602, except states that (i) Qualcomm has license agreements with certain contract manufacturers that make products for Apple and pay royalties directly to Qualcomm; and (ii) the contract manufacturers pass certain costs and expenses to Apple.

603.   Qualcomm denies the allegations in Paragraph 603, except refers to the STA Assignment Agreement for its contents.

604.   Qualcomm denies the allegations in Paragraph 604, except refers to the STA Assignment Agreement for its contents.

605.   Qualcomm denies the allegations in Paragraph 605, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

606.   Qualcomm denies the allegations in Paragraph 606.

607.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

608.   Qualcomm denies the allegations in Paragraph 608, except states that (i) Qualcomm has license agreements with certain contract manufacturers that make products for Apple and pay royalties directly to Qualcomm; and (ii) the contract manufacturers pass certain costs and expenses to Apple.

609.   Qualcomm denies the allegations in Paragraph 609.

610.   Qualcomm denies the allegations in Paragraph 610.

611.   Qualcomm denies the allegations in Paragraph 611, except states that Qualcomm filed suit against certain of Apple's contract manufacturers that have refused to pay royalties owed to Qualcomm in the U.S. District Court for the Southern District of California, Case No. 3:17-cv-01010-GPC-MDD.  Qualcomm refers to that filing for its contents.

612.   Qualcomm denies the allegations in Paragraph 612.

613.   Qualcomm denies the allegations in Paragraph 613, except to the extent that Apple purports to seek declaratory relief in its Amended Complaint.

614.   Qualcomm denies the allegations in Paragraph 614.

615.   Qualcomm denies the allegations in Paragraph 615

616.   Qualcomm denies the allegations in Paragraph 616.

617.   Qualcomm denies the allegations in Paragraph 617.

618.   Qualcomm denies the allegations in Paragraph 618.

619.   Qualcomm denies the allegations in Paragraph 619.

620.   Qualcomm denies the allegations in Paragraph 620.

621.   Qualcomm denies the allegations in Paragraph 621.

622.   Qualcomm denies the allegations in Paragraph 622.

623.   Qualcomm denies the allegations in Paragraph 623.

624.   Qualcomm denies the allegations in Paragraph 624.

625.   Qualcomm denies the allegations in Paragraph 625.

626.   Qualcomm denies the allegations in Paragraph 626.

627.   Qualcomm denies the allegations in Paragraph 627.

628.   Qualcomm denies the allegations in Paragraph 628.

629.   Qualcomm denies the allegations in Paragraph 629, except refers to the U.S. Supreme Court's opinion in *FTC v. Actavis, Inc.*, No. 12-416, for its contents.

630.   Qualcomm denies the allegations in Paragraph 630.

631.   Qualcomm denies the allegations in Paragraph 631.

632.   Qualcomm denies the allegations in Paragraph 632, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Apple's purported track record, and therefore Qualcomm denies the allegations regarding Apple's purported track record.

633.   Qualcomm denies the allegations in Paragraph 633, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Apple's incentives, and therefore Qualcomm denies the allegations regarding Apple's incentives.

634.   Qualcomm denies the allegations in Paragraph 634, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Apple's incentives, and therefore Qualcomm denies the allegations regarding Apple's incentives.

635.   Qualcomm denies the allegations in Paragraph 635, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Apple's incentives, and therefore Qualcomm denies the allegations regarding Apple's incentives.

636.   Qualcomm denies the allegations in Paragraph 636, except refers to the opinion in *Bendix Corp. v. Belax, Inc.*, Nos. 17343, 17344 (7th Cir.), for its contents.

637.   Qualcomm denies the allegations in Paragraph 637, except states that (i) China's NDRC issued an Administrative Sanction Decision in connection with its investigation of Qualcomm on February 9, 2015; (ii) Qualcomm implemented a Rectification Plan, dated February 9, 2015, in connection with the NDRC's Administrative Sanction Decision; (iii) the NDRC published a press release on February 10, 2015, stating that Qualcomm's Rectification Plan satisfied its Administrative Sanction Decision; and (iv) the FTC filed the FTC Complaint on January 17, 2017.  Qualcomm refers to the foregoing documents for their contents. Qualcomm states that it is without knowledge or information sufficient to form a

belief as to the truth of the allegations regarding the European Commission's findings, and therefore Qualcomm denies the allegations regarding the European Commission's findings.

638.   Qualcomm denies the allegations in Paragraph 638.

639.   Qualcomm denies the allegations in Paragraph 639.

640.   Qualcomm denies the allegations in Paragraph 640.

641.   Qualcomm denies the allegations in Paragraph 641.

642.   Qualcomm denies the allegations in Paragraph 642, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding device manufacturers' purported preferences, and therefore Qualcomm denies the allegations regarding device manufacturers' purported preferences.

643.   Qualcomm denies the allegations in Paragraph 643.

644.   Qualcomm denies the allegations in Paragraph 644, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding non-Qualcomm suppliers' conveyance of intellectual property rights, and therefore Qualcomm denies the allegations regarding non-Qualcomm suppliers' conveyance of intellectual property rights.

645.   Qualcomm denies the allegations in Paragraph 645.

646.   Qualcomm denies the allegations in Paragraph 646.

647.   Qualcomm denies the allegations in Paragraph 647.

648.   Qualcomm denies the allegations in Paragraph 648.

649.   Qualcomm denies the allegations in Paragraph 649.

650.   Qualcomm denies the allegations in Paragraph 650.

651.   Qualcomm denies the allegations in Paragraph 651, except states that Apple is a high-volume purchaser of cellular chipsets, and that certain benefits may come from being a component supplier to Apple.

652.   Qualcomm denies the allegations in Paragraph 652.

653.   Qualcomm repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

654.   Qualcomm denies the allegations in Paragraph 654, except refers to California Business & Civil Code § 17200, *et seq.* (the "UCL") for its contents.

655.   Qualcomm denies the allegations in Paragraph 655, except refers to the opinion in *Columbia Metal Culvert Co. v. Kaiser Aluminum & Chem. Corp.*, No. 77-1846 (3d Cir.), for its contents.

656.   Qualcomm denies the allegations in Paragraph 656.

657.   Qualcomm denies the allegations in Paragraph 657, except refers to the opinion in *In re Wellpoint, Inc. Out-of-Network UCR Rates Litig.*, MDL 09-2074 PSG (FFMx) (C.D. Cal.) for its contents.

658.   Qualcomm denies the allegations in Paragraph 658, except refers to the cited opinions for their contents.

659.   Qualcomm denies the allegations in Paragraph 659.

660.   Qualcomm denies the allegations in Paragraph 660.

661.   Qualcomm denies the allegations in Paragraph 661, except states that Apple purports to seek certain relief in its Amended Complaint.

Qualcomm denies the allegations in Paragraphs A-Y of Apple's "Prayer for Relief", except states that Apple purports to seek certain relief in its Amended Complaint.

## DEFENSES

Qualcomm asserts the following defenses.  Apple's claims also are barred in whole or in part for the reasons set forth in Qualcomm's counterclaims filed herewith, and the defenses set forth below incorporate the factual allegations of Qualcomm's counterclaims by reference.  In asserting these defenses, Qualcomm does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof on the Plaintiff.

Qualcomm reserves the right to assert additional defenses, as warranted by

facts learned through investigation and discovery, and expressly reserves the right
to amend its answer to assert such additional defenses.

### First Defense

Apple's Amended Complaint, and each and every claim stated therein, fails
to state a claim on which relief can be granted.

### Second Defense

Apple's claims are barred in whole or in part by the applicable statutes of
limitations, including, but not limited to, California Business and Professions Code
§ 17208 and 15 U.S.C. § 15b.

### Third Defense

Apple's claims are barred in whole or in part by the doctrine of laches.

### Fourth Defense

Apple's claims are barred in whole or in part by the doctrine of estoppel.

### Fifth Defense

Apple's claims are barred in whole or in part by the doctrine of waiver.

### Sixth Defense

Apple's claims are barred in whole or in part by the doctrine of unclean
hands.

### Seventh Defense

Apple's claims are barred in whole or in part by the doctrine of *in pari
delicto*.

### Eighth Defense

Apple's claim for breach of contract is barred in whole or in part because
Apple breached the Cooperation Agreement, and therefore excused Qualcomm
from its obligations.

### Ninth Defense

Apple's claim for breach of contract is barred in whole or in part because of
its claims filed in this and other lawsuits around the world.

### Tenth Defense

Apple's claim for breach of contract is barred because Apple breached the covenant of good faith and fair dealing implied in every contract governed by California law, and therefore excused Qualcomm from its obligations.

### Eleventh Defense

Apple's claim for breach of contract is barred because Apple has not suffered any damages from any such alleged breach.

### Twelfth Defense

Apple's claim for breach of contract is barred by the doctrines of misunderstanding, mistake, or fraud.

### Thirteenth Defense

Apple's claims are barred in whole or in part because Qualcomm's interpretation of Section 7 of the Cooperation Agreement does not constitute a liquidated damages provision under California Civil Code § 1671(b).

### Fourteenth Defense

Apple's claims are barred in whole or in part because they are non-justiciable.

### Fifteenth Defense

Apple's claims for declaratory relief are barred in whole or in part because there is no active case or controversy under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Apple is seeking an advisory opinion.

### Sixteenth Defense

Apple's claims are barred in whole or in part because Qualcomm's alleged conduct did not unreasonably restrain trade and was lawful, pro-competitive, and based on legitimate business and economic justifications.

### Seventeenth Defense

Apple's claims are barred in whole or in part by the *Illinois Brick* doctrine, which prohibits antitrust recovery by indirect purchasers.

**Eighteenth Defense**

Apple's claims are barred in whole or in part because Apple has not suffered antitrust injury or any injury of the type the antitrust laws were intended to prevent.

**Nineteenth Defense**

Apple's claims are barred in whole or in part because it has sustained no injury in fact or damages proximately caused by any act or omission of Qualcomm.

**Twentieth Defense**

Apple's claims are barred in whole or in part because any damages that Apple purports to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

**Twenty-First Defense**

Apple's claims are barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

**Twenty-Second Defense**

Apple's claim under California's Unfair Competition Law is barred in whole or in part because the alleged business practices are not unlawful, unfair, or fraudulent, within the meaning of California Business & Professions Code § 17200 or otherwise.

**Twenty-Third Defense**

Any monetary damages under California Business and Professions Code §17200, et seq., are barred in their entirety by those statutes and other applicable legal authority.

**Twenty-Fourth Defense**

Apple's claims are barred in whole or in part because it lacks standing.

**Twenty-Fifth Defense**

Apple's claims seeking to disgorge royalties paid through the contract manufacturers are barred in whole or in part because Apple lacks standing.

### Twenty-Sixth Defense

To the extent that Apple has suffered damages, if at all, it has failed to take reasonable measures to mitigate its damages in whole or in part, and is barred from recovering damages that it could have reasonably avoided.

### Twenty-Seventh Defense

To the extent that Apple has suffered damages, if at all, all damages were caused by Apple's own actions.

### Twenty-Eighth Defense

To the extent that Apple has suffered damages, if at all, its damages are subject to offset in the amount of any obligations Apple owes Qualcomm.

### Twenty-Ninth Defense

Apple is not entitled to injunctive relief because any alleged injury to Apple is not immediate or irreparable and Apple has an adequate remedy at law.

### Thirtieth Defense

Apple's claims are barred in whole or in part because it is not entitled to restitution or disgorgement of profits.

### Thirty-First Defense

Apple's claims are barred in whole or in part because any recovery would result in unjust enrichment to Apple.

### Thirty-Second Defense

Apple's claims are barred in whole or in part because Qualcomm has satisfied its FRAND commitments.

### Thirty-Third Defense

Apple's claims are barred in whole or in part because Apple is an unwilling licensee.

### Thirty-Fourth Defense

Apple's claims are barred in whole or in part because Qualcomm has not violated competition law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Thirty-Fifth Defense**

Apple's claims are barred in whole or in part because, at all relevant times, Qualcomm complied with all applicable federal and state laws and regulations.

**Thirty-Sixth Defense**

Apple is not entitled to interest, attorney's fees or costs in connection with this action.

1

## FIRST AMENDED COUNTERCLAIMS

2       Counterclaim-Plaintiff Qualcomm Incorporated ("Qualcomm") reasserts its

3  First Amended Counterclaims as stated in its First Amended Counterclaims filed on

4  May 24, 2017 (ECF No. 70), as if fully set forth herein.

5

## DEMAND FOR JURY TRIAL

6       Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Qualcomm

7  demands a jury trial on all issues triable by jury.

8

## PRAYER FOR RELIEF

9       WHEREFORE, Qualcomm respectfully requests that the Court dismiss

10 Apple's Amended Complaint with prejudice and enter judgment as follows:

11      (a)     Enjoin Apple from interfering with the Contract Manufacturers'

12 license agreements;

13      (b)     Award compensatory and punitive damages, as provided by California

14 Civil Code § 3294, for Apple's tortious interference with Qualcomm's contractual

15 relationships with the Contract Manufacturers in an amount to be proven at trial and

16 enjoin Apple from further tortious interference;

17      (c)     Award damages for Apple's breach of the Statement of Work, dated

18 February 28, 2013, as amended, in an amount to be proven at trial;

19      (d)     Award damages, including but not limited to restitutionary damages,

20 for breaches of Sections 4 and 7 of the Cooperation Agreement in an amount to be

21 proven at trial; or alternately, award damages, including but not limited to

22 restitutionary damages, for breach of the Cooperation Agreement's implied

23 covenant of good faith and fair dealing in an amount to be proven at trial;

24      (e)     Award restitution for the value of unjustly retained payments made by

25 Qualcomm under the Cooperation Agreement in an amount to be proven at trial;

26      (f)     Declare that Qualcomm is released from any obligation to make

27 further payments under the Cooperation Agreement;

28

(g)     Declare that each of Qualcomm's license agreements with the Contract Manufacturers, listed below, does not violate Qualcomm's FRAND commitments to ETSI;

i.     Compal Subscriber Unit Licensing Agreement, dated February 10, 2000, as amended;

ii.    Foxconn Subscriber Unit License Agreement, dated October 18, 2005, as amended;

iii.   Wistron Subscriber Unit License Agreement, dated May 23, 2007; and

iv.    Pegatron Subscriber Unit License Agreement, dated April 29, 2010, as amended.

(h)     Declare that each of Qualcomm's license agreements with the Contract Manufacturers, listed below, does not violate competition law;

i.     Compal Subscriber Unit Licensing Agreement, dated February 10, 2000, as amended;

ii.    Foxconn Subscriber Unit License Agreement, dated October 18, 2005, as amended;

iii.   Wistron Subscriber Unit License Agreement, dated May 23, 2007; and

iv.    Pegatron Subscriber Unit License Agreement, dated April 29, 2010, as amended.

(i)     Declare that Qualcomm satisfied and discharged its FRAND commitments to ETSI with respect to Apple because, among other reasons, (1) Qualcomm's licensing offers to Apple, including its June 2016 and July 2016 cellular SEP licensing offers to Apple (including the royalty terms in those offers), satisfied Qualcomm's FRAND commitments to ETSI, and (2) Apple's unreasonable and bad-faith negotiation tactics make it an unwilling licensee; if, however, the Court determines that Qualcomm's FRAND commitments with respect to Apple have not yet been satisfied or discharged, and the Court determines

1   that Apple remains entitled to a FRAND offer from Qualcomm, then declare the

2   FRAND royalty for the cellular SEP portfolio license Qualcomm has offered to

3   Apple;

4        (j)    Enjoin Apple from engaging in its unfair business acts and practices in

5   violation of California Business and Professions Code § 17200;

6        (k)    Award Qualcomm restitution of the money Apple extracted from

7   Qualcomm as part of its unfair business acts and practices in violation of § 17200;

8        (l)    Award damages and attorneys' fees, pursuant to Section 11 of the

9   MSA, for Apple's material breach of Section 5 of the MSA in an amount to be

10  proven at trial;

11       (m)    Enjoin Apple from continuing to breach the MSA, ██████████

12  ████████████████████████████████████████████████████████

13  ███████;

14       (n)    Award reasonable attorneys' fees to Qualcomm;

15       (o)    Award expenses, costs, and disbursements in this action, including

16  prejudgment interest; and

17       (p)    Award such other and further relief as the Court deems just and proper.

18

19

20

21

22

23

24

25

26

27

28

1

2    Dated:  July 21, 2017                    Respectfully submitted,

3                                             By:  /s/      Evan R. Chesler

4                                             **CRAVATH, SWAINE & MOORE LLP**
                                              Evan R. Chesler (*pro hac vice*)
5                                             (N.Y. Bar No. 1475722)
                                              echesler@cravath.com
6                                             Keith R. Hummel (*pro hac vice*)
                                              (N.Y. Bar No. 2430668)
7                                             khummel@cravath.com
                                              Richard J. Stark (*pro hac vice*)
8                                             (N.Y. Bar No. 2472603)
                                              rstark@cravath.com
9                                             Antony L. Ryan (*pro hac vice*)
                                              (N.Y. Bar No. 2784817)
10                                            aryan@cravath.com
                                              Gary A. Bornstein (*pro hac vice*)
11                                            (N.Y. Bar No. 2916815)
                                              gbornstein@cravath.com
12                                            J. Wesley Earnhardt (*pro hac vice*)
                                              (N.Y. Bar No. 4331609)
13                                            wearnhardt@cravath.com
                                              Yonatan Even (*pro hac vice*)
14                                            (N.Y. Bar No. 4339651 )
                                              yeven@cravath.com
15                                            Vanessa A. Lavely (*pro hac vice*)
                                              (N.Y. Bar No. 4867412)
16                                            vlavely@cravath.com
                                              Worldwide Plaza, 825 Eighth Avenue
17                                            New York, NY 10019
                                              Telephone:  (212) 474-1000
18                                            Facsimile:  (212) 474-3700

19
                                              **QUINN EMANUEL URQUHART &**
20                                            **SULLIVAN, LLP**
                                              David A. Nelson (*pro hac vice*)
21                                            (Ill. Bar No. 6209623)
                                              davenelson@quinnemanuel.com
22                                            Stephen Swedlow (*pro hac vice*)
                                              (Ill. Bar No. 6234550)
23                                            stephenswedlow@quinnemanuel.com
                                              500 West Madison St., Suite 2450
24                                            Chicago, Illinois 60661
                                              Telephone:  (312) 705-7400
25                                            Facsimile:  (312) 705-7401

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**JONES DAY**
Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone:  (858) 314-1200
Facsimile:  (858) 345-3178

*Attorneys for Defendant and*
*Counterclaim Plaintiff*
**QUALCOMM INCORPORATED**