Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> QUALCOMM INCORPORATED, <br><br> Defendant. | Case No. 3:17-cv-0108-GPC-MDD <br><br> **QUALCOMM INCORPORATED'S RESPONSE TO APPLE INC.'S MOTION TO CONSOLIDATE** <br><br> Judge:      Hon. Gonzalo P. Curiel <br> Courtroom: 2D <br> Date:       August 18, 2017 <br> Time:       1:30 P.M. |

|    |                              |
|----|------------------------------|
| 1  | QUALCOMM INCORPORATED,       |
| 2  |     Counterclaim-Plaintiff, |
| 3  |     v.   |
| 4  | APPLE INC.,                  |
| 5  |                              |
| 6  |     Counterclaim-Defendant. |
| 7  |                              |
| 8  |                              |
| 9  |                              |
| 10 |                              |
| 11 |                              |
| 12 |                              |
| 13 |                              |
| 14 |                              |
| 15 |                              |
| 16 |                              |
| 17 |                              |
| 18 |                              |
| 19 |                              |
| 20 |                              |
| 21 |                              |
| 22 |                              |
| 23 |                              |
| 24 |                              |
| 25 |                              |
| 26 |                              |
| 27 |                              |
| 28 |                              |

Qualcomm submits this response to the Motion To Consolidate the Apple Action ('0108) and CM Action ('1010) (the "Motion")[1] to address two points. *First*, the issue of how to manage the Actions efficiently—including whether and how to phase the Actions—should be considered in conjunction with the consolidation request. Neither Apple Inc. ("Apple") nor the Contract Manufacturers ("CMs") should be permitted to use consolidation to protract these proceedings or delay resolution of the core disputed issues. *Second*, Qualcomm opposes the Motion to the extent it seeks to consolidate the Actions for trial purposes.[2]

## I. Consolidation and Other Case Management Issues Should Be Considered at the Same Time.

The Motion implicates many of the same issues being discussed by the parties in connection with the ongoing Rule 26(f) conference. The Motion seeks to combine two already massive cases. Together, the Apple Action and the CM Action include a total of 154 counts among seven different parties. Qualcomm recognizes overlap exists between the Actions, primarily because the CMs followed Apple's lead with respect to their claims and defenses (that is, the CMs filed counterclaims against Qualcomm in the CM Action that largely mirror the claims Apple had previously filed against Qualcomm in the Apple Action). But pretrial consolidation alone will not promote efficiency and conserve resources. Indeed, if not appropriately managed, pretrial consolidation risks

---

[1] On July 18, 2017, Apple filed a motion to consolidate Case No. 17-cv-0108 (S.D. Cal.) (the "Apple Action") with Case No. 17-cv-1010 (S.D. Cal.) (the "CM Action") in the Apple Action. (No. 17-cv-0108, ECF No. 96.) Also on July 18, 2017, Apple and the CMs filed a substantively identical motion to consolidate in the CM Action. (No. 17-cv-1010, ECF No. 85.)

[2] Qualcomm disagrees with how the Motion characterizes the facts and legal issues in these two Actions, but the Court need not reach that dispute for purpose of this Motion.

protracting the cases by injecting disputes between Qualcomm and Apple in the '0108 Action into the '1010 Action with the CMs.  Therefore, an efficient case management procedure is also needed.

Courts have recognized that phasing can be used as "an efficient management tool".  *See, e.g.*, *Giglio v. Monsanto Co.*, No. 15-CV-2279-BTM (WVG), 2016 WL 4098285, at *1 (S.D. Cal. Aug. 2, 2016) (ordering phased discovery and noting that "courts are authorized to tailor their scheduling orders to fit the particular needs of each case [and] have recognized that bifurcated or phased discovery can be an efficient management tool in certain cases").  As the Court, of course, is aware, it has broad discretion with respect to case management issues, including consolidation and phasing.  We respectfully request that, in exercising that discretion, the Court consider these issues—consolidation and efficient case management (including phasing)—at the same time.  Otherwise, the core disputed issues will be lost in the fray, and the litigation could needlessly drag out for years to come.

To ensure the most efficient resolution of the overall dispute, Qualcomm has proposed, as part of the Rule 26(f) process, that the Actions proceed in two overlapping phases:

- Phase 1:  All counts, except for the 54 declaratory judgment counts in each Action relating to the 18 patents-in-suit (the "Patent DJ Counts").

- Phase 2:  Patent DJ Counts, if necessary.

Qualcomm's phasing proposal seeks to promote the fastest possible resolution of the overall dispute.  The parties' respective positions on phasing will be explained in detail in the Joint Initial Report and Discovery Plan Pursuant to Rule 26(f), which will be filed in the Apple Action on August 9, 2017.  These case management issues also will be raised before the Magistrate Judge at the

Early Neutral Evaluation and Case Management Conference in the Apple Action on August 16, 2017.

## II. Any Consolidation Should Be for Pretrial Purposes Only.

To the extent the Motion seeks an order consolidating the Actions for trial purposes, Qualcomm opposes such a request by Apple and the CMs as both premature and unwarranted.

At this early stage of the Actions, the Court can and should exercise its discretion to limit consolidation only to pretrial proceedings. Federal Rule of Civil Procedure 42 has "long been interpreted to allow for consolidation for pretrial purposes only". *Dunson v. Cordis Corp.*, 854 F.3d 551, 556 (9th Cir. 2017). Courts in this Circuit have limited consolidation orders accordingly. *See, e.g.*, *Consumer Fin. Prot. Bureau v. D & D Mktg., Inc.*, CV 16-2724 PSG (C.D. Cal. Apr. 4, 2017) (ECF No. 59 at 2) (granting motion to consolidate for pretrial purposes but denying the request to consolidate for trial purposes, reasoning that "courts regularly defer deciding whether to consolidate a case through trial until the parties have engaged in discovery that could clarify significant legal and factual differences among the parties").[3] Likewise, Courts in other Circuits recognize the benefits of limiting consolidation to pretrial purposes.[4]

---

[3] *See also, e.g.*, *Jones v. Bank of Am., N.A.*, No. 11CV1161 JM(WVG), 2013 WL 12091088, at *2 (S.D. Cal. May 9, 2013) (denying the request to consolidate two actions for a single trial, noting that the motion may warrant reconsideration after further discovery); *Rancho Agricola Santa Monica, S. de R.L. de C.V. v. Westar Seeds Int'l, Inc.*, No. 08CV1998 JM(JMA), 2009 WL 3148756, at *3 (S.D. Cal. Sept. 29, 2009) (same).

[4] *See, e.g.*, *Groh v. State Farm Mut. Auto. Ins. Co.*, No. 2:10-CV-00918, 2011 WL 13680, at *2 (S.D. Ohio Jan. 3, 2011) (ordering consolidation for pretrial purposes only, "subject to the District Judge's reconsideration of consolidation for trial following discovery"); *Pariseau v. Anodyne Healthcare Mgmt., Inc.*, No. CIV.A. 3:04-CV-630, 2006 WL 325379, at *2 (W.D.N.C. Feb. 9, 2006) (ordering consolidation for discovery and pretrial purposes, but not for trial

1       "While considerations of judicial economy and convenience play an important role in deciding whether to consolidate two actions for trial, the paramount concern is whether the parties are afforded a fair and impartial trial." *Rancho Agricola*, 2009 WL 3148756, at *2 (S.D. Cal. Sept. 29, 2009) (declining to consolidate similar actions for trial, reasoning that "[t]he potentially significant legal and factual differences between the two actions caution against the premature consolidation of the two actions."); *see also Makaeff v. Trump Univ., LLC*, No. 313CV02519GPCWVG, 2015 WL 11199827, at *1 (S.D. Cal. Nov. 23, 2015) (Curiel J.) ("To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." (citations omitted)).

      Apple and the CMs admit that the Court will be in a better position to decide whether to consolidate the Actions for trial at a later time: "once the parties complete discovery in the consolidated case and the court rules on dispositive motions, the nature and scope of the issues remaining for trial will be clearer." (No. 17-cv-0108, ECF No. 96-1, at 18.)  Accordingly, the Court should deny the Motion to the extent that it seeks to consolidate the Actions for trial.

### Conclusion

      For the reasons above, Qualcomm opposes the Motion to the extent it seeks consolidation for trial purposes.  Further, Qualcomm submits that any consolidation must be considered in conjunction with the broader issue of how to manage the Actions efficiently, including whether a phased case schedule is appropriate.

---

purposes due to defendants' concerns related to potential unfair prejudice and juror confusion).

| | | |
|---|---|---|
| 1 | Dated:  August 8, 2017 | Respectfully submitted, |
| 2 | | By:  /s/    Evan R. Chesler |
| 3 | | |
| 4 | | **CRAVATH, SWAINE & MOORE LLP** |
| | | Evan R. Chesler (*pro hac vice*) |
| 5 | | (N.Y. Bar No. 1475722) |
| | | echesler@cravath.com |
| 6 | | Keith R. Hummel (*pro hac vice*) |
| 7 | | (N.Y. Bar No. 2430668) |
| | | khummel@cravath.com |
| 8 | | Richard J. Stark (*pro hac vice*) |
| 9 | | (N.Y. Bar No. 2472603) |
| | | rstark@cravath.com |
| 10 | | Antony L. Ryan (*pro hac vice*) |
| 11 | | (N.Y. Bar No. 2784817) |
| | | aryan@cravath.com |
| 12 | | Gary A. Bornstein (*pro hac vice*) |
| 13 | | (N.Y. Bar No. 2916815) |
| | | gbornstein@cravath.com |
| 14 | | J. Wesley Earnhardt (*pro hac vice*) |
| 15 | | (N.Y. Bar No. 4331609) |
| | | wearnhardt@cravath.com |
| 16 | | Yonatan Even (*pro hac vice*) |
| 17 | | (N.Y. Bar No. 4339651) |
| | | yeven@cravath.com |
| 18 | | Vanessa A. Lavely (*pro hac vice*) |
| 19 | | (N.Y. Bar No. 4867412) |
| | | vlavely@cravath.com |
| 20 | | Worldwide Plaza, 825 Eighth Avenue |
| 21 | | New York, New York 10019 |
| | | Telephone:  (212) 474-1000 |
| 22 | | Facsimile:  (212) 474-3700 |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| 1 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| 2 | David A. Nelson (*pro hac vice*) |
| 3 | (Ill. Bar No. 6209623) |
| | davenelson@quinnemanuel.com |
| 4 | Stephen Swedlow (*pro hac vice*) |
| 5 | (Ill. Bar No. 6234550) |
| | stephenswedlow@quinnemanuel.com |
| 6 | 500 West Madison St., Suite 2450 |
| 7 | Chicago, Illinois 60661 |
| | Telephone:  (312) 705-7400 |
| 8 | Facsimile:  (312) 705-7401 |
| 9 | |
| 10 | Alexander Rudis (*pro hac vice*) |
| | (N.Y. Bar No. 4232591) |
| 11 | alexanderrudis@quinnemanuel.com |
| 12 | 51 Madison Ave., 22nd Floor |
| | New York, New York 10010 |
| 13 | Telephone: (212) 849-7000 |
| | Facsimile: (212) 849-7100 |
| 14 | |
| 15 | Sean S. Pak (SBN 219032) |
| | seanpak@quinnemanuel.com |
| 16 | 50 California St., 22nd Floor |
| 17 | San Francisco, California 94111 |
| | Telephone: (415) 875-6600 |
| 18 | Facsimile: (415) 875-6700 |
| 19 | |
| 20 | **JONES DAY** |
| 21 | Karen P. Hewitt (SBN 145309) |
| | kphewitt@jonesday.com |
| 22 | 4655 Executive Drive, Suite 1500 |
| 23 | San Diego, California 92121 |
| | Telephone:  (858) 314-1200 |
| 24 | Facsimile:  (858) 345-3178 |
| 25 | |
| 26 | *Attorneys for Defendant and Counterclaim-Plaintiff* |
| 27 | **QUALCOMM INCORPORATED** |
| 28 | |