1  Juanita R. Brooks, SBN 75934, brooks@fr.com
   Seth M. Sproul, SBN 217711, sproul@fr.com
2  Fish & Richardson P.C.
   12390 El Camino Real
3  San Diego, CA 92130
   Phone:  619-678-5070 / Fax: 619-678-5099
4

5
   Ruffin B. Cordell, DC Bar No. 445801, *pro hac vice*, cordell@fr.com
6  Lauren A. Degnan, DC Bar No. 452421, *pro hac vice*, degnan@fr.com
   Fish & Richardson P.C.
7  The McPherson Building
   901 15th Street, N.W., 7th Floor
8  Washington, D.C.  20005
   Phone:  202-783-5070 / Fax:  202-783-2331
9

10

11 William A. Isaacson, DC Bar No. 414788, *pro hac vice*, wisaacson@bsfllp.com
   Karen L. Dunn, DC Bar No. 1002520, *pro hac vice*, kdunn@bsfllp.com
12 Boies, Schiller & Flexner LLP
   1401 New York Avenue, N.W.
13 Washington, DC 20005
   Phone: 202-237-2727 / Fax: 202-237-6131
14

15

16 Attorneys for Plaintiff Apple Inc.

17               UNITED STATES DISTRICT COURT

18             SOUTHERN DISTRICT OF CALIFORNIA

19 APPLE INC.,                        Case No. 3:17-CV-00108-GPC-MDD

20              Plaintiff,            **APPLE INC.'S MOTION FOR AN**
                                      **ORDER TO FILE UNDER SEAL**
21       v.                           **PORTIONS OF APPLE'S OPPOSITION**
                                      **TO QUALCOMM'S MOTION FOR**
22 QUALCOMM INCORPORATED,             **PARTIAL DISMISSAL OF APPLE'S**
                                      **FIRST AMENDED COMPLAINT,**
23              Defendant.            **INCLUDING EXHIBITS A-F TO THE**
                                      **DECLARATION OF SETH M. SPROUL**
24
   AND RELATED COUNTERCLAIMS.
25                                    Judge:   Hon. Gonzalo P. Curiel

26

27

28

1       Plaintiff Apple Inc. ("Apple"), through its undersigned counsel, hereby moves

2  pursuant to Civil Local Rule 79.2 and Patent Local Rule 2.2 for an Order to File

3  Under Seal Portions of Apple's Opposition to Defendant Qualcomm Incorporated's

4  ("Qualcomm") Motion for Partial Dismissal of Plaintiff Apple Inc.'s First Amended

5  Complaint, including Exhibits A-F to the Declaration of Seth M. Sproul

6  ("Opposition").

7       Both Apple and Qualcomm have previously filed confidential pleadings and

8  related motions to seal.  This motion concerns largely the same information that

9  both parties previously filed under seal.  On January 20, 2017, Apple filed its

10  original redacted Complaint in this action, which included confidential exhibits

11  ("Apple's Original Complaint").  [Dkt. 1.]  Apple concurrently filed its Motion for

12  an Order to file under seal Redacted Portions of Complaint, Exhibits A-F to

13  Complaint ("Apple's Motion to Seal").  [Dkt. 4.]  Qualcomm did not oppose

14  Apple's Motion to Seal.  On April 10, 2017, Defendant Qualcomm Incorporated

15  ("Qualcomm") filed its answer and defenses to Apple's Original Complaint as well

16  as Counterclaims against Apple.  [Dkt. 61.]  Qualcomm filed a Motion for an Order

17  to File Under Seal its Unredacted Answer and Defenses and Unredacted

18  Counterclaims for Damages, Declaratory Judgment, and Injunctive Relief.  [Dkt.

19  62.]  Qualcomm stated that the "sealing and redactions Qualcomm requests are

20  necessary to protect Qualcomm's confidential, proprietary, and highly sensitive

21  business information, as well as that of Defendant Apple Inc."  [Dkt. 62 at 1.]

22  Apple did not oppose Qualcomm's motion.  On May 24, 2017, Qualcomm filed its

23  answer and defenses to Apple's Original Complaint and filed Amended

24  Counterclaims.  [Dkt. 70.]  Qualcomm filed a motion for an order to file under seal.

25  [Dkt. 71.]  Apple again did not oppose Qualcomm's motion.  On June 20, Apple

26  filed its First Amended Complaint and its Answer to Qualcomm's Amended

27  Counterclaims.  [Dkt. Nos. 83 and 84.]  Apple also filed a motion for an order to file

28

Case No. 3:17-CV-00108-GPC-MDD

1   these pleadings under seal.  [Dkt. Nos. 78 and 80.]  Qualcomm did not oppose

2   Apple's motion.

3        Apple has narrowly tailored its request to seal, redacting only limited portions

4   of its Opposition containing confidential business information.[1]  Exhibits A-F to the

5   Declaration of Seth M. Sproul are copies of the following correspondence between

6   Apple and Qualcomm containing confidential business information:

7        • Dec. 5, 2016 Letter to Whitt (Exhibit A);

8        • Dec. 2, 2016 E-mail to Gonell (Exhibit B);

9        • Jul. 15, 2016 Letter to Watrous (Exhibit C);

10        • Nov. 11, 2016 Letter to Whitt (Exhibit D);

11        • Jun. 12, 2016, Letter to Whitt (Exhibit E); and

12        • Feb. 17, 2016 Letter to Watrous (Exhibit F).

13        The correspondence contains confidential business information related to

14   Apple's licensing discussions and correspondence with Qualcomm, including

15   royalty and other licensing information, which Apple keeps secret from the public.

16   Such confidential business information includes, for example, information related to

17   royalties that non-parties have paid to Qualcomm, which Apple keeps secret from

18   the public.  The correspondence also comprises licensing communications between

19   Apple and Qualcomm that are subject to, among other things, the Mutual

20   Confidentiality Agreement, attached as Exhibit 1 to Jayna Whitt's previous

21   declaration in support of Apple's Motion for an Order to File Under Seal Redacted

22   Portions of the First Amended Complaint for Damages, Declaratory Judgment, and

23   Injunctive Relief, including Exhibits A-G, Z, and Exhibit 1 to Whitt Declaration

24   [ECF No. 78-1].  Apple does not disclose such confidential business information to

25   the public.  The redacted portions of Apple's Opposition to Qualcomm's partial

26   motion to dismiss Plaintiff Apple Inc.'s First Amended Complaint include

27

28
_____
[1] For convenience, the portions of the Opposition for which redaction is requested
appears highlighted in grey in the copy attached hereto for filing under seal.

1    quotations from some of the exhibits.  Public disclosure of these exhibits and

2    portions of Apple's Opposition to Qualcomm's partial motion to dismiss Plaintiff

3    Apple Inc.'s First Amended Complaint would harm Apple's business and

4    competitive position by revealing confidential and sensitive information to the

5    public, including to Apple's competitors.  [Decl. of Jayna Whitt ¶ 4.]  Apple also

6    believes that Qualcomm considers these redactions to contain confidential business

7    information.

8         Compelling reasons exist to file the redacted portions of Apple's Opposition

9    and the exhibits thereto under seal.  *Robert Half Int'l, Inc. v. Ainsworth*, No. 14-CV-

10   2481, 2015 WL 4394805, at *3 n.2 (S.D. Cal. July 15, 2015) (noting party seeking

11   to file exhibits to complaint or counterclaims must meet the compelling reasons

12   standard); *see Delphix Corp. v. Actifio, Inc.*, No. 13-CV-04613, 2014 WL 4145520,

13   at *1, n.2 (N.D. Cal. Aug. 20, 2014) ("A party seeking to seal a judicial record

14   relating to the merits of the case bears the burden of overcoming this presumption

15   by articulating 'compelling reasons supported by specific factual findings that

16   outweigh the general history of access and the public policies favoring disclosure.'"

17   (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir.

18   2006))).

19        Public disclosure of these exhibits and the redacted portions of Apple's

20   Opposition to Qualcomm's Motion for Partial Dismissal of Apple's First Amended

21   Complaint would harm Apple's business and competitive position by revealing

22   confidential and sensitive information to the public, including to Apple's

23   competitors.  [Decl. of Jayna Whitt ¶ 4.]  *See Lucas v. Breg, Inc.*, No. 15-CV-00258,

24   2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) ("[C]ourts have been willing to

25   seal court filings containing confidential business material, 'such as marketing

26   strategies, product development plans, licensing agreements, and profit, cost, and

27   margin data,' where the parties have been able to point to concrete factual

28   information to justify sealing."); *Mezzadri v. Med. Depot, Inc.*, No. 14-CV-2330,

3

1    2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015) ("There may be 'good cause' to

2    seal records that are privileged, contain trade secrets, contain confidential research,

3    development or commercial information, or if disclosure of the information might

4    harm a litigant's competitive standing."); *see also In re Elec. Arts, Inc.*, 298 F.

5    App'x 568, 569 (9th Cir. 2008) (finding compelling reasons existed for sealing "the

6    pricing terms, royalty rates, and guaranteed minimum payment terms" of a license

7    agreement); *In re Adobe Sys. Inc. Sec. Litig.*, 141 F.R.D. 155, 161–62 (N.D. Cal.

8    1992) ("Protective orders and filings under seal are the primary means by which the

9    courts ensure full disclosure of relevant information, while still preserving the

10   parties' (and third parties)' legitimate expectation that confidential business

11   information, proprietary technology and trade secrets will not be publicly

12   disseminated.").

13         In addition, Apple's confidentiality obligations under the parties' agreements

14   require Apple to shield from these exhibits and redacted portions from public

15   disclosure, and Apple therefore seeks to protect Qualcomm's interest in these

16   paragraphs.

17         For the foregoing reasons, Apple respectfully requests the Court grant its

18   Motion to File Under Seal Portions of Apple's Opposition to Defendant Qualcomm

19   Incorporated's Motion for Partial Dismissal of Plaintiff Apple Inc.'s First Amended

20   Complaint and Exhibits A-F to the Declaration of Seth M. Sproul, thereto.

21

22   Dated:  August 18, 2017          Respectfully submitted,

23                                    By: *s/ Seth M. Sproul*

24                                         Juanita R. Brooks, SBN 75934, brooks@fr.com
                                           Seth M. Sproul, SBN 217711, sproul@fr.com

25                                         FISH & RICHARDSON P.C.
                                           12390 El Camino Real San Diego, CA 92130

26                                         Phone: 619-678-5070; Fax: 619-678-5099

27

28

                                          4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ruffin B. Cordell (DC Bar No. 445801;
*pro hac vice*), cordell@fr.com
Lauren A. Degnan (DC Bar No. 452421;
*pro hac vice*), degnan@fr.com
FISH & RICHARDSON P.C.
901 15th Street, N.W., 7th Floor
Washington, DC 20005
Phone: 202-783-5070; Fax: 202-783-2331

Benjamin C. Elacqua (TX SBN 24055443;
*pro hac vice*), elacqua@fr.com
FISH & RICHARDSON P.C.
One Houston Center, 28th Floor 1221 McKinney
Houston, TX 77010
Phone: 713-654-5300; Fax:  713-652-0109

Betty H. Chen (SBN 290588)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Phone: 650-839-5070; Fax: 650-839-5071

William A. Isaacson (DC Bar No. 414788;
*pro hac vice*) wisaacson@bsfllp.com
Karen L. Dunn (DC Bar No. 1002520;
*pro hac vice*) kdunn@bsfllp.com
Amy J. Mauser (DC Bar No. 424065;
*pro hac vice*) amauser@bsfllp.com
Christopher G. Renner (DC Bar No. 1025699;
*pro hac vice*) crenner@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue
Washington, DC 20005
Phone: 202-237-2727; Fax: 202-237-6131

Steven C. Holtzman (SBN 144177)
sholtzman@bsfllp.com
Gabriel R. Schlabach (SBN 304859)
gschlabach@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1999 Harrison Street, Suite 900

1
2

Oakland, CA 94612
Phone: 510-874-1000; Fax: 510-874-1460

3

Meredith R. Dearborn (SBN 268312)
mdearborn@bsfllp.com
BOIES SCHILLER FLEXNER LLP
425 Tasso Street, Suite 205
Palo Alto, CA 94307
Phone: 650-445-6400; Fax: 650-329-8507

4
5
6
7

Attorneys for *Plaintiff Apple Inc.*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6

1
2

## CERTIFICATE OF SERVICE

3

     The undersigned hereby certifies that a true and correct copy of the above and

4

foregoing document has been served on August 18, 2017, to all counsel of record

5

who are deemed to have consented to electronic service via the Court's CM/ECF

6

system per Civil Local Rule 5.4.  Any other counsel of record will be served by

7

electronic mail, facsimile and/or overnight delivery.

8
9

                     */s/ Seth M. Sproul*

10

                     Seth M. Sproul

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7

Case No. 3:17-CV-00108-GPC-MDD