1  Evan R. Chesler (N.Y. Bar No. 1475722; *pro hac vice*)
   echesler@cravath.com
2  CRAVATH, SWAINE & MOORE LLP
   825 Eighth Avenue
3  New York, NY 10019
   Telephone: (212) 474-1000
4  Facsimile: (212) 474-3700

5  David A. Nelson (Ill. Bar No. 6209623; *pro hac vice*)
   davenelson@quinnemanuel.com
6  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   500 West Madison St., Suite 2450
7  Chicago, Illinois 60661
   Telephone: (312) 705-7400
8  Facsimile: (312) 705-7401

9  Karen P. Hewitt (SBN 145309)
   kphewitt@jonesday.com
10 Randall E. Kay (SBN 149369)
   rekay@jonesday.com
11 JONES DAY
   4655 Executive Drive, Suite 1500
12 San Diego, California 92121
   Telephone: (858) 314-1200
13 Facsimile: (844) 345-3178

14 [*Additional counsel identified on signature page*]

15 *Attorneys for*
   QUALCOMM INCORPORATED

16

17               **UNITED STATES DISTRICT COURT**

18               **SOUTHERN DISTRICT OF CALIFORNIA**

19

20  IN RE: QUALCOMM LITIGATION  |  No. 17-cv-0108-GPC-MDD

21

22  **DEFENDANT QUALCOMM INCORPORATED'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

## Introduction

This Action involves hundreds of claims and counterclaims. As a result, Apple and Qualcomm have served hundreds of Requests for Production of Documents on one another. Qualcomm understands this document discovery must proceed expeditiously under the Court's schedule, and has done everything in its power to move forward quickly—it promptly agreed to produce documents in response to 225 of Apple's 228 Requests; it described in detail Qualcomm's 18 million pages of productions in the pending N.D. Cal. actions (which Qualcomm has agreed to re-produce in this action); and it served Apple with detailed descriptions of proposed custodians and search methods for additional searches. In short, Qualcomm has gone above and beyond to ensure that discovery stays on schedule.

By contrast, Apple has failed to respond to Qualcomm's Document Requests in good faith. As to 108 of Qualcomm's Requests, Apple refused to produce any documents, instead stating only that Apple was "willing to meet and confer," and as to others, imposing substantial, unilateral limitations. *See* Declaration of Michael Fazio dated October 6, 2017, ¶ 2. Qualcomm sent Apple a detailed meet and confer letter on September 12 (six days after receiving Apple's responses), but Apple refused to respond or otherwise meet and confer at all for *17 days*—waiting until *after* the date Qualcomm was required to prepare and provide this Joint Motion to Apple. *Id.*, ¶¶ 2-7. When Apple finally agreed to a teleconference on October 3 (three days ago), it was, even then, prepared to discuss only *ten* Requests, and as to all Requests, flatly declared that it was not able to agree to *any* compromises as to *any* Requests despite having this Motion since September 27. *Id.*, ¶¶ 9-10. Finally, the evening before this Motion was due, and after refusing multiple requests by Qualcomm to meet and confer in-person, Apple sent a letter inviting further meet and confer and withdrawing objections as to nine Requests (which Qualcomm has removed from this Motion). *Id.*, ¶¶ 8, 11. Over 100 Requests remain, as to which

Apple either failed to confer in a timely manner or has refused to agree to produce all non-privileged documents responsive to Qualcomm's Requests. *Id.,* ¶¶ 9-11.

Apple will no doubt complain that Qualcomm's service of this Joint Motion seven business days prior to filing was insufficient time. But at the time Qualcomm served this Joint Motion on September 27, Apple had failed to respond to Qualcomm's September 12 meet and confer letter, notwithstanding the passage of over 2 weeks and Apple's repeated but unfulfilled representations that it would respond. *See* Fazio Decl. ¶¶ 2-7. Qualcomm waited as long as it reasonably could, in the hope the parties may narrow the Requests at issue, to no avail. Given Apple's dilatory conduct to date, there is no reason to think that Qualcomm serving its papers sooner, or providing Apple additional time to respond to the Joint Motion, would serve any purpose except to further burden Qualcomm and delay this case.

There is, however, reason to think delay is Apple's purpose, as Apple has used similar tactics in the pending N.D. Cal. actions. Qualcomm has produced more than 18 million pages of documents in those actions (which Qualcomm will re-produce here), but Apple has yet to produce a single document in those actions, despite having had Qualcomm's subpoena for nearly *five months*. Such tactics are all the more inexcusable here, where Apple, the *plaintiff* who initiated the case, is effectively preventing discovery from moving forward. The Court's rules and the schedule in this case warrant an order compelling the relief that Qualcomm seeks.

### **Qualcomm's Requested Relief**

Apple's failure to meaningfully and timely meet and confer has resulted in motion papers that Qualcomm acknowledges are unfortunately voluminous. To comply with the Court's 30-day rule, Qualcomm had to prepare this Joint Motion as to the 127 Requests about which Apple refused to confer prior to that date. Apple's objections should be overruled in their entirety, both on the merits and because Apple has failed to meet and confer as required. Regardless of whether the Court undertakes to adjudicate the merits of each Request, Qualcomm respectfully

requests the Court put an immediate stop to Apple's dilatory conduct. Accordingly, Qualcomm by this Motion also requests that the Court order Apple as follows:

**(1)** For all written discovery going forward, conduct a meet and confer in-person (or by video conference) on a Request-by-Request basis within 14 days from service of responses, with each party to provide its final position on each Request within 21 days from the date of service of responses;

**(2)** by no later than October 13, 2017, Apple shall commence search and review based on search terms and custodians disclosed reasonably in advance to Qualcomm for discussion and agreement (and subject to supplements based on any resulting motion practice or additional requests served later); and

**(3)** by no later than December 1, 2017, the parties shall substantially complete document productions.

## Relevant Factual and Procedural Background

<u>The Parties' Allegations.</u>  Apple's sweeping Complaint (56 pages, and 63 counts, as amended) includes patent, contract, unfair competition, and antitrust claims. (ECF No. 83.) Among other things, Apple alleges that Qualcomm engaged in a "non-FRAND licensing scheme" and seeks an injunction preventing Qualcomm from "imposing or enforcing any unlawful and/or non-FRAND terms and conditions relating to Apple's iPhones and iPads" and the disgorgement of "non-FRAND royalties" that Qualcomm has allegedly received from Apple indirectly, through the Contract Manufacturers' licenses. (FAC, ¶¶ 185, 624-27, 633, Prayers S, M.) In Apple's words, "the royalties to which Qualcomm is entitled . . . has been placed directly at issue by Apple's claims against Qualcomm". (FAC, ¶ 199.)

Qualcomm's First Amended Counterclaims allege that, to increase its already enormous profitability, Apple has launched a multifaceted, worldwide attack on Qualcomm aimed at lowering the cost Apple pays for technology essential to every iPhone it sells. Qualcomm alleges that Apple conspired with its contract manufacturers to withhold payments to Qualcomm, has made misrepresentations

about Qualcomm to regulators around the world, and has wrongfully refused to license Qualcomm's technology on FRAND terms.  (FACC, Section VI).

Qualcomm's Requests for Production.  Qualcomm seeks relief as to 117 Requests: (1) as to 98 Requests, Apple refused to produce *any* documents, stating only that it is willing to meet and confer; (2) as to the 19 others, Apple imposed unilateral, substantial limitations.  As described above, Apple has failed to meet and confer in good faith—it has either failed to propose compromises, or provided proposals less than one business day in advance of the filing date for this Motion.  Qualcomm will continue to confer with Apple in the hope of reducing the scope of this Motion even after its filing, but as of the filing date, Apple has left Qualcomm no choice but to seek relief as to the Requests herein.  *See* Fazio Decl., ¶ 12.

## Summary of Disputed Discovery Requests

The Requests are grouped into several topics, all of which have been squarely placed at issue by the pleadings.  As to most, Apple's only non-boilerplate objection is supposed overbreadth, but the breadth of this case was Apple's choice—and is reflected in the number and scope of requests that Apple served on Qualcomm.  In any event, overbreadth issues will be mooted through the use of custodians and search terms (which the Court should order Apple to provide, as discussed above).

Apple-Qualcomm Commercial Relationship.  These Requests—Nos. 5, 10, 14, 17, 19, 25, 30, 31, 132-134, 136, 140, 142, 143, 162, 171, 172, 288, 293-296, and 298—relate to Apple's commercial dealings with Qualcomm.  The parties' allegations plainly have placed the full scope of their relationship at issue.

Qualcomm Patents and Technology.  These Requests—Nos. 37, 158, 261, 274, 277-279, and 282—relate to Qualcomm patents and technology, including Apple's understanding of Qualcomm's patent portfolio, which is the heart of Apple's claims that Qualcomm royalties should be disgorged; that Qualcomm's license agreements including essential *and* non-essential patents are unenforceable; and that Qualcomm should be enjoined from charging non-FRAND royalties.

<u>Licensing and FRAND Practices.</u>  These Requests—Nos. 38-45, 47-50, 58, 59, 65, 72-74, 178, and 222-225—go to the core of Apple's claims, seeking discovery relating to Qualcomm's (and others') licensing agreements, FRAND obligations, and/or its obligations arising under membership in relevant Standard Setting Organizations ("SSOs").  Apple's central allegation in this case is that Qualcomm has not met its FRAND obligations, and that agreements containing both essential and non-essential patents do not comply with FRAND obligations.  Thus, documents concerning the licensing of both essential and non-essential patents, and documents concerning obligations imposed by the SSOs, are highly relevant.

<u>Baseband Processors.</u>  These Requests—Nos. 24, 27, 91, 93, 106, 111, 122, 123, 125-127, 189, 191, 197, 198, 202, 203, 244, 254, 255-257, 260, 263, and 269—relate to baseband processors, including the market for such processors, technical requirements, differences among manufacturers' products, and the functionalities they enable, all of which are implicated by both parties' claims and defenses.

<u>Apple Licensing and Third Party Relationships.</u>  These Requests—Nos. 16, 33, 36, 55, 119, 120, 215, 226-228, 234, 235, 238, 264, 266, 268, 270, 289-291, 300, and 301—relate to Apple's own licensing practices and relevant commercial relationships with third parties, which are relevant to demonstrating Qualcomm's lack of market power and that the conduct Apple claims is "anticompetitive" is common both in the industry and to Apple.

<u>Damages and Valuation.</u>  These Requests—Nos. 60, 141, 174-177, 179, 180, 190, 204-211, 214, 217- 221, 239, 250, 253, 258, 283, and 284—relate to both parties' damages claims, claims related to the value of Qualcomm's portfolio, and other requests for relief, including injunctive and declaratory relief.

## Conclusion

Qualcomm respectfully requests the Court overrule Apple's objections, and order the requested relief above to ensure Apple complies with its discovery and meet and confer obligations going forward.

DATED: October 6, 2017        Respectfully submitted,

By  *s/ Randall E. Kay*
**JONES DAY**
Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Randall E. Kay (SBN 149369)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone:  (858) 314-1200
Facsimile:   (844) 345-3178

**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
(N.Y. Bar No. 2472603)
rstark@cravath.com
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651)
yeven@cravath.com
Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

|    |    |
|----|----|
| 1  | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| 2  | David A. Nelson (*pro hac vice*) |
| 3  | (Ill. Bar No. 6209623) |
|    | davenelson@quinnemanuel.com |
| 4  | Stephen Swedlow (*pro hac vice*) |
|    | (Ill. Bar No. 6234550) |
| 5  | stephenswedlow@quinnemanuel.com |
|    | 500 West Madison St., Suite 2450 |
| 6  | Chicago, Illinois 60661 |
|    | Telephone: (312) 705-7400 |
| 7  | Facsimile: (312) 705-7401 |
| 8  | Alexander Rudis (*pro hac vice*) |
|    | (N.Y. Bar No. 4232591) |
| 9  | alexanderrudis@quinnemanuel.com |
|    | 51 Madison Ave., 22nd Floor |
| 10 | New York, New York 10010 |
|    | Telephone: (212) 849-7000 |
| 11 | Facsimile: (212) 849-7100 |
| 12 | Sean S. Pak (SBN 219032) |
| 13 | seanpak@quinnemanuel.com |
|    | 50 California St., 22nd Floor |
| 14 | San Francisco, California 94111 |
|    | Telephone: (415) 875-6600 |
| 15 | Facsimile: (415) 875-6700 |
| 16 | ***Attorneys for Defendant and Counterclaim-Plaintiff*** |
| 17 | **QUALCOMM INCORPORATED** |
| 18 |    |
| 19 |    |
| 20 |    |
| 21 |    |
| 22 |    |
| 23 |    |
| 24 |    |
| 25 |    |
| 26 |    |
| 27 |    |
| 28 |    |

# CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, the foregoing document was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

     *s/ Randall E. Kay*
Randall E. Kay
rekay@jonesday.com