THEODORE J. BOUTROUS, JR. (SBN 132099)
tboutrous@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
NICOLA T. HANNA (SBN 130694)
nhanna@gibsondunn.com
JASON C. LO (SBN 219030)
jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
jrho@gibsondunn.com
MELISSA PHAN (SBN 266880)
mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel:  (213) 229-7000
Fax:  (213) 229-7520

CYNTHIA E. RICHMAN (DC Bar No. 492089; *Pro Hac Vice*)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

*Attorneys for Defendants, Counterclaimants, and Third-Party Plaintiffs Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation*

*(Additional counsel listed below signature line)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: <br><br> QUALCOMM LITIGATION | Case No. 3:17-cv-00108-GPC-MDD <br><br> **DEFENDANT-COUNTERCLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |

DEFENDANT-COUNTERCLAIMANTS' MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION TO JOINT MOTION
FOR DETERMINATION OF DISCOVERY DISPUTE           CASE NO. 3:17-CV-00108-GPC-MDD

Gibson, Dunn & Crutcher LLP

1   Compal Electronics, Inc.; FIH Mobile Ltd.; Hon Hai Precision Industry Co. Ltd.;
2 Pegatron Corporation; and Wistron Corporation (collectively, the "CMs") hereby
3 oppose Qualcomm Incorporated's ("Qualcomm") motion to compel.

4   Qualcomm asks this Court to: (1) order the CMs to adopt overbroad and highly
5 burdensome search terms that would add millions of documents, most of which are
6 written in Chinese and impose a particularly heavy document review burden; (2) force
7 the CMs to add custodians irrespective of the sufficiency of the CMs' current custodian
8 selection and of whether Qualcomm's requested custodians' documents are entirely
9 cumulative of the CMs' existing production; (3) order that the CMs to respond to 17
10 requests for production that are absurdly overbroad and not proportional to the needs of
11 the case; and (4) substantially complete review and production of all of the CMs'
12 documents, including these additional millions – in the next 31 days. Qualcomm's
13 behavior also has prevented a meaningful meet and confer on these issues. Qualcomm's
14 demands are inconsistent with the Federal Rules of Civil Procedure, this Court's
15 Standing Order, and the parties' Electronically Stored Information ("ESI") Order.

16   At Qualcomm's request, the CMs created 152 search term strings and identified
17 custodians based on their internal investigations and understanding of their
18 communications, in order to tailor those search terms and custodians to each of the key
19 issues on which Qualcomm seeks discovery. These search term strings included, for
20 example, Chinese language terms given that many of the CMs' documents are written
21 in Chinese. The CMs later revised those search terms and custodians as part of meet
22 and confer discussions with Qualcomm and a "counterproposal" it served on October
23 26, 2017. Qualcomm's "counterproposal" neither addressed the relevance and
24 sufficiency of each identified custodian, nor demonstrated why the CMs' search terms
25 would not adequately target the universe of potentially relevant documents. For
26 example, Qualcomm objects that the CMs' search terms are unduly limiting because
27 they include proximity limitations that would require that the word "chip" appears near
28

1

Gibson, Dunn & Crutcher LLP

DEFENDANT-COUNTERCLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION TO JOINT MOTION
FOR DETERMINATION OF DISCOVERY DISPUTE                CASE NO. 3:17-CV-00108-GPC-MDD

"baseband" or "modem." but ignores that those limitations are derived from the specific issues in the case. Qualcomm's search terms, on the other hand, would return a huge number of irrelevant documents, such as any document containing the word "chip" without limitation to whether it is a baseband modem chip or a SoC chip, camera processor chip, memory chip, or I/O chip, among others.

Rather than negotiate such search terms with the CMs, four days after serving a draft of this motion, Qualcomm sent a counterproposal comprising new search term strings that, again, were not based upon the CMs' search term proposal and could not be meaningfully compared to the CMs' proposal. Qualcomm's search term counterproposal is unreasonable and unworkable. The overbreadth of these terms is confirmed by the CMs' initial search results. Those results indicate that Qualcomm's overbroad search terms would add millions of documents to the CMs' current document review population, just with respect to the CMs' already-identified custodians – even as Qualcomm is simultaneously demanding that the Court order the CMs to add more custodians and substantially complete their review and production in 31 days. The CMs thus respectfully request that the Court deny Qualcomm's motion for these reasons.

**Qualcomm's Proposed Search Terms Are Overbroad and Not Proportional**

Qualcomm is not entitled to an order compelling the CMs to use Qualcomm's proposed search terms, which are overbroad and not proportional to the needs of the case at least because they are not tied to the specific issues in the case. Instead, Qualcomm's proposal contains generic, commonly used terms connected by "OR" operators. Such search terms are highly likely to return irrelevant documents.

For example, Qualcomm's revised search term 6 would return any documents containing the terms "chip . . . **AND** . . . cost" or "chip . . . **AND** . . . design." As the Court is aware, each of the CMs manufacture a wide range of electronics devices (e.g., televisions, video game consoles, servers, etc…), the majority of which incorporate semiconductor "chips," but have no relevance to this case. Qualcomm's search term 6

2

DEFENDANT-COUNTERCLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION TO JOINT MOTION
FOR DETERMINATION OF DISCOVERY DISPUTE                CASE NO. 3:17-CV-00108-GPC-MDD

Gibson, Dunn & Crutcher LLP

thus would sweep in documents regarding the "cost" of entirely unrelated "chips," as well as the "design" of irrelevant products that contain such unrelated "chips." This search term alone would capture an enormous number of documents related to almost every aspect of each CM's manufacturing process – and Qualcomm has proposed over 50 similarly broad search term strings. By contrast, the CMs, recognizing that certain aspects of chip design or cost are relevant to this case, proposed no fewer than 25 search strings targeted to concepts such as cellular capabilities and functionality requirements in the baseband chips at issue in this case.

The Court should reject Qualcomm's request to impose its preferred search terms at this juncture. Courts have been hesitant to order the selection of particular search terms for electronic discovery without expert evidence, *United States v. O'Keefe*, 537 F. Supp. 2d 14, 24 (D.D.C. 2008), and Qualcomm has provided *no* such evidence that would either justify its proposal or indicate that the CMs' proposal is in any way insufficient. To the extent that the Court chooses not to deny Qualcomm's motion in its entirety, the parties should be ordered to continue to meet and confer regarding appropriate search terms. *Trusz v. UBS Realty Inv'rs LLC*, No. 3:09 CV 268, 2010 WL 3583064, at *5 (D. Conn. Sept. 7, 2010) (stating that "the issues raised in this motion largely could have been eliminated had counsel actually conferred with each other about refining the search terms").

## Qualcomm Is Not Entitled to Additional Custodians

Qualcomm's assertion that the CMs failed to provide custodians in key subject matters is simply inaccurate. For example, Qualcomm asserts that none of the CMs identified any custodians "who manage the CMs' respective relationships with Apple." That is not the case, as demonstrated by at least the declarations filed by such custodians in this case and served upon Qualcomm, in which those custodians described their roles in managing the relationship of their respective CM employer with Apple. *E.g.,* Dkt. 73, Decl. of J. Lam at ¶ 2.

3

Gibson, Dunn & Crutcher LLP

DEFENDANT-COUNTERCLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION TO JOINT MOTION
FOR DETERMINATION OF DISCOVERY DISPUTE                    CASE NO. 3:17-CV-00108-GPC-MDD

The CMs performed lengthy investigations to determine appropriate custodians, and have proposed custodians from each CM on every key issue in this case. Discovery is limited to custodians that have relevant information, and Qualcomm cites no case in which a court has *compelled* the use of the moving party's custodian lists simply because that party disagrees with the other party's initial proposal. The CMs' proposals are reasonable, and additional custodians are not warranted. *Lauris v. Novartis AG*, No. 1:16-cv-00393-LJO-SAB, 2016 WL 7178602, at *4 (E.D. Cal. Dec. 8, 2016) (refusing plaintiff's request for additional custodians because defendant had already identified "appropriate document custodians to obtain the relevant discovery"). Furthermore, Qualcomm's demand for additional custodians is inconsistent with the stipulated ESI Order, which requires the parties to identify custodians "reasonably likely to possess *non-duplicative ESI relevant to these cases*." *See* Dkt. 165 at ¶ 3(a).

Additionally, Qualcomm's assertion that it does not have sufficient information about the CMs' custodians is baseless. The CMs have fully complied with their obligations to provide the information required under the Federal Rules of Civil Procedure, the Rules of this Court, and the ESI Order. Furthermore, Qualcomm's assertion ignores that Qualcomm already possesses relevant information about the CMs' custodians. For example, Qualcomm itself can confirm that the CMs identified individuals who communicate with Qualcomm about royalty reports and audits. Yet Qualcomm argues that the CMs did not identify any such custodians.

**Qualcomm's RFPs Are Overbroad, Irrelevant, and Not Proportional**

Qualcomm's motion to compel on 23 different requests should be denied for at least four reasons. First, Qualcomm's requests are overbroad on their face, covering large numbers of ordinary course of business documents that will not be relevant to this case. Second, Qualcomm has not met its burden to demonstrate that the discovery it seeks is relevant and that its requests are proportional to the needs of this case. Third, Qualcomm's argument that the CMs did not propose narrower versions of the request is

4

Gibson, Dunn & Crutcher LLP

DEFENDANT-COUNTERCLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION TO JOINT MOTION
FOR DETERMINATION OF DISCOVERY DISPUTE                CASE NO. 3:17-CV-00108-GPC-MDD

inapposite. It is not the CMs' or this Court's duty to redraft Qualcomm's overbroad requests. Fourth, Qualcomm ignores that the CMs have in fact *agreed* to produce the relevant subset of documents for many of the requests at issue here through other requests for which the CMs have agreed to produce. And the CMs have proposed search terms that will return documents sufficient to provide the information that Qualcomm is seeking. Qualcomm's 23 requests at issue here are an unwarranted fishing expedition.

## Qualcomm Failed to Properly Meet and Confer

Qualcomm's motion to compel also should be denied because Qualcomm should not be rewarded for its failure to properly meet and confer with the CMs. Since July 2017, the CMs repeatedly have invited Qualcomm to suggest proposed custodians or search terms. Qualcomm refused. The CMs thus each proposed custodians and 140 search term strings to Qualcomm, and then revised those disclosures to accommodate search term strings and concepts that Qualcomm requested, including by specifying the particular issue to which each of their now 152 search term strings related and the custodian(s) with responsibility for such issue. Despite these efforts, Qualcomm then elected to serve its own search term "counterproposals" on October 26, 2017, that effectively constituted brand new search terms and were not based on the CMs' search terms. Yet, other than Qualcomm's complaint that the CMs' search terms were unacceptable, and its statement that its own search terms are preferable, Qualcomm did not identify specific searches terms that were in dispute.

Qualcomm similarly prevented meaningful discussions regarding custodians. Qualcomm claims that the CMs have not identified sufficient custodians but, for example, they did not identify many of the custodians sought in this motion until shortly before serving the CMs with a draft of it – and for many of the custodians, the additional custodians were requested for the first time in the draft joint motion.

## Conclusion

The CMs respectfully request the Court deny Qualcomm's motion to compel.

5

Gibson, Dunn & Crutcher LLP

DEFENDANT-COUNTERCLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION TO JOINT MOTION
FOR DETERMINATION OF DISCOVERY DISPUTE                    CASE NO. 3:17-CV-00108-GPC-MDD

| | |
|---|---|
| Dated: November 14, 2017 | Respectfully submitted, |
| | GIBSON, DUNN & CRUTCHER LLP |
| | By:      */s/ Jason C. Lo*      |
| | THEODORE J. BOUTROUS, JR. (SBN 132099)<br>tboutrous@gibsondunn.com<br>DANIEL G. SWANSON (SBN 116556)<br>dswanson@gibsondunn.com<br>NICOLA T. HANNA (SBN 130694)<br>nhanna@gibsondunn.com<br>JASON C. LO (SBN 219030)<br>jlo@gibsondunn.com<br>JENNIFER J. RHO (SBN 254312)<br>jrho@gibsondunn.com<br>MELISSA PHAN (SBN 266880)<br>mphan@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Tel:  (213) 229-7000<br>Fax:  (213) 229-7520 |
| | CYNTHIA RICHMAN (DC Bar No. 492089, *Pro Hac Vice*)<br>crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Tel: (202) 955-8500<br>Fax: (202) 467-0539 |
| | ***Attorneys for Defendants, Counterclaimants, and Third-Party Plaintiffs Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation*** |

6

DEFENDANT-COUNTERCLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION TO JOINT MOTION
FOR DETERMINATION OF DISCOVERY DISPUTE                    CASE NO. 3:17-CV-00108-GPC-MDD

1

2  HUGH F. BANGASSER (*Pro Hac Vice*)
hugh.bangasser@klgates.com
3  CHRISTOPHER M. WYANT (*Pro Hac Vice*)
chris.wyant@klgates.com
4  J. TIMOTHY HOBBS (*Pro Hac Vice*)
5  tim.hobbs@klgates.com
K&L GATES LLP
6  925 Fourth Avenue, Suite 2900
7  Seattle, Washington 98104
Telephone: +1 206 623 7580
8  Facsimile: +1 206 370 6371

9

10  CAITLIN C. BLANCHE (SBN 254109)
caitlin.blanche@klgates.com
11  K&L GATES LLP
12  1 Park Plaza Twelfth Floor
Irvine, CA 92614
13  Telephone: +1 949 253 0900
Facsimile: +1 949 253 0902
14

15  ***Attorneys for Defendant, Counterclaimant, and***
16  ***Third-Party Plaintiff Wistron Corporation***

17

18

19

20

21

22

23

24

25

26

27

28

7

Gibson, Dunn & Crutcher LLP

DEFENDANT-COUNTERCLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION TO JOINT MOTION
FOR DETERMINATION OF DISCOVERY DISPUTE                    CASE NO. 3:17-CV-00108-GPC-MDD

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 14, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5.4(d).  Any other counsel of record will be served by electronic mail and/or U.S. mail.

By: _____ */s/ Jason C. Lo* _____

Gibson, Dunn & Crutcher LLP

1

CERTIFICATE OF SERVICE                                    CASE NO. 3:17-CV-00108-GPC-MDD