Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

[Additional counsel identified on signature pages]

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE:<br>QUALCOMM LITIGATION | No. 3:17-cv-00108-GPC-MDD<br>**QUALCOMM INCORPORATED'S NOTICE OF MEET AND CONFER STATUS RELATING TO PENDING JOINT MOTION (ECF NO. 183)**<br>Magistrate Judge:<br>Hon. Mitchell D. Dembin |

On November 14, 2017, Qualcomm Incorporated ("Qualcomm") and Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation (collectively, the "CMs," with Qualcomm, "the parties") filed a Joint Motion for Determination of Discovery Dispute (ECF No. 183) ("Joint Motion") concerning the CMs' proposed custodians and search terms, and the CMs' Objections and Responses to Qualcomm's First Set of Requests for Production of Documents ("RFPs").

In parallel with the filing of the Joint Motion in this Action, Qualcomm and the CMs also filed a Joint Statement in the related N.D. Cal. Actions addressing similar issues with respect to the CMs responses to subpoenas requests issued by Qualcomm in those actions. On November 30, Magistrate Judge Cousins held a hearing regarding that submission and ordered the parties to engage in further negotiations over custodians and search terms.

Accordingly, Qualcomm and the CMs have met and conferred a number of times to discuss potential compromises directed at resolution of the issues raised by the Joint Motion and other matters related to the CMs' search process. Qualcomm has provided multiple revised custodian and search term proposals to the CMs, and the CMs have provided certain search-term metrics in response. The parties are discussing certain compromises on both custodians and search terms. As a result, Qualcomm believes that it may be possible for the parties to narrow the issues before the Court in the present motion.

By way of further background, the CMs first provided Qualcomm with their custodian proposal on October 13, 2017. However, as Qualcomm explained to the CMs during the parties' October 18, 2017 meet and confer and in its subsequent October 23, 2017 letter, the CMs failed to provide critical information necessary for Qualcomm to evaluate their proposals, such as detailed job descriptions or identification of any additional potential custodians, such as the superiors of the handful of custodians proposed by the CMs. Although Qualcomm had asked the

CMs to provide organizational charts or similar materials since August 2017, the CMs had not done so and instead directed Qualcomm's counsel to consult with Qualcomm employees to determine the job responsibilities of each of the CMs' proposed custodians. But the custodian proposal the CMs provided on October 13 was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", and Qualcomm did not receive non-confidential copies of the proposal until October 26, 2017.

Despite Qualcomm counsel's inability to consult with Qualcomm employees and the lack of information provided by the CMs, Qualcomm initially proposed additional CM custodians in a letter dated October 30 and supplemented those proposals in the Joint Motion Qualcomm served on the CMs on November 1, 2017. In its October 30 letter, Qualcomm explained that its ability to identify additional custodians to correct the deficiencies in the CMs' proposals was handicapped by the "CMs' lack of communication and information", and that it "reserve[d] all rights to request custodians in addition to those proposed below, and intends to do so as soon as it receives the organizational charts or comparable information". Qualcomm continued to ask the CMs to provide information about the proposed custodians and other CM employees. But, despite the CMs' promises to "investigat[e]" the additional custodians Qualcomm proposed or "provid[e] additional written descriptions of the custodians and their roles [by the week of November 13]", Qualcomm only received limited and unhelpful organizational charts. Only after the hearing on Qualcomm's motion to compel in the N.D. Cal. Actions did the CMs produce a small amount of additional information about both parties' proposed custodians on December 4, 2017.

Notwithstanding the CMs' continued failure to provide relevant, useable information to Qualcomm, Qualcomm continued to investigate the CMs' proposed custodians as well as any additional CM employees whom Qualcomm could identify who might possess relevant, responsive information. This investigation

entailed extensive review of Qualcomm's own document productions and the documents produced by the CMs and Apple to date, as well as interviews with Qualcomm's overseas employees and independent auditors whom Qualcomm engages to perform audits of the CMs. As a result of its investigation, and without the benefit of any meaningful input from the CMs, Qualcomm was able to provide the CMs with a more comprehensive custodian proposal on December 6, 2017.

Since that time, the parties have engaged in multiple meet and confers, which remain ongoing, and have narrowed or adjusted certain issues that are the subject of the currently pending Joint Motion. For example, in its December 6 revised custodian proposal, Qualcomm proposed a total of 36 additional custodians. At the same time, Qualcomm offered to withdraw 15 of the individuals who were the subjects of the Joint Motion, contingent on the CMs agreeing to add certain other custodians identified in Qualcomm's December 6 letter. By letters dated December 12 and 14, 2017, the CMs responded and, among other things, conditionally offered to add seven of the additional custodians Qualcomm identified. One of the custodians the CMs offered to add is former Wistron custodian Alex Yeh, notwithstanding the CMs' representation in the Joint Motion that "Wistron does not have [his] documents in its possession, custody and control." (ECF No. 183 at 32.)

The parties are similarly meeting and conferring regarding search terms. Because the CMs refused to propose edits to the search terms proposed by Qualcomm, Qualcomm edited the CMs' proposed search terms and, on December 7, 2017, provided the CMs with a revised search term proposal that relates both to this Action and to subpoena requests in the related N.D. Cal. Actions. Due to maintenance on the CMs' document vendor's network, the CMs did not provide Qualcomm with metrics on that revised proposal until December 13, 2017. In the December 13 letter accompanying the CMs' metrics, the CMs took issue with many of the revised search strings and again insisted that Qualcomm do the leg work to propose additional revisions. On December 14, 2017, Qualcomm provided further

revised search terms.  The CM's promised to provide new metrics on those further revised search terms, but as of the time of this submission they have not produced those metrics.

Because of the above developments, new information and negotiations between the parties may moot or narrow some of the issues raised in the Joint Motion.  Qualcomm's believes, therefore, that it would be inefficient for the Court to rule on the Joint Motion at this time.  The parties' investigations and negotiations to date have resulted in progress sufficient to indicate that resolution of the parties' disputes over custodians and search terms is reasonably possible without the need for the Court's intervention.  Qualcomm will continue to update the Court as appropriate.  If the pending Joint Motion may be withdrawn as a result of the parties' ongoing meet and confer efforts, Qualcomm will work with the CMs to do so.  Alternatively, if any disputes remain that the parties cannot resolve, Qualcomm will seek the Court's assistance in resolving those issues.

Pursuant to Local Rule 83.3(g)(2), Qualcomm informed opposing counsel of Qualcomm's intent to file the instant *ex parte* notice.

| | | |
|---|---|---|
| 1 | Dated: December 18, 2017 | Respectfully submitted, |

By: /s/ Richard J. Stark

**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
(N.Y. Bar No. 2472603)
rstark@cravath.com
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651)
yeven@cravath.com
Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Stephen Swedlow (*pro hac vice*)
(Ill. Bar No. 6234550)
stephenswedlow@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**JONES DAY**
Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone:  (858) 314-1200
Facsimile:  (858) 345-3178

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 18, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5.4(d).  Any other counsel of record will be served by electronic mail and/or U.S. mail.

By:  /s/_Richard J. Stark_____