Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (State Bar No. 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134
Telephone: (858) 314-1200
Facsimile: (844) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for*
QUALCOMM INCORPORATED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE:<br>QUALCOMM LITIGATION | NO. 17-CV-0108-GPC-MDD<br><br>**QUALCOMM INCORPORATED'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION REGARDING MODIFICATION OF CASE SCHEDULE**<br><br>Judges: Hon. Gonzalo P. Curiel<br>       Hon. Mitchell D. Dembin |

## I. INTRODUCTION

The August 18, 2017 Scheduling Order ("Scheduling Order") set a logical and efficient path to getting this case trial-ready by the fall of 2018. The proposal by Apple and the CMs seeks to entirely rewrite that schedule on the flawed premise that fact discovery and expert discovery cannot overlap. But the Court already decided five months ago that they could—for good reason—when it ordered fact and expert discovery to close on the exact same day. Neither Apple nor the CMs objected at the time. And nothing has changed since.

The true purpose of Apple's and the CMs' motion is simple—delay. Delay benefits Apple and hurts Qualcomm. Apple has instructed the CMs to withhold billions of dollars of royalties from Qualcomm and, as a result, every quarter that passes harms Qualcomm by depriving it of the benefit of its existing agreements. Apple is trying to make the commercial consequences of litigating so unbearable that Qualcomm never gets its day in court; one aspect of that strategy is to delay resolution of the litigation as long as possible.

A party seeking to amend a scheduling order must show "good cause" by satisfying two elements—that the moving party has been diligent and that the non-moving party will not be prejudiced. Apple and the CMs cannot satisfy either.

*First*, Apple and the CMs have not been diligent. Instead, they have been intentionally trying to delay these cases.

- Apple refused to meet and confer in good faith about basic discovery issues, forcing Qualcomm to file multiple lengthy motions that could have been avoided.

- After a year, ***Apple has not settled on how it will review the documents*** it has agreed to search for and produce specific to these cases.

- The CMs have refused for months to provide information about their custodians and search terms, preventing the parties from reaching agreement on those basic issues.

Apple was sanctioned as a result of similar conduct in the related cases pending before Judge Koh and Magistrate Judge Cousins in the Northern District of California (the "N.D. Cal. Cases"). Magistrate Judge Cousins, recently noting that Apple and the CMs have decided it is "economically beneficial to delay" and that the "same behavior" has been occurring in another Apple case in his court, also said "[t]hat's an economic decision, from where I stand". (Decl. of J. Wesley Earnhardt, Ex. 1, at 13:12-13.) Apple's dilatory tactics should be rejected here, too.

*Second*, Qualcomm would be severely prejudiced by any delay. Because Apple has instructed the CMs to withhold royalty payments, Qualcomm is losing nearly $1 billion a quarter in revenue. The four months of delay proposed by Apple and the CMs amount to yet another $1 billion withheld and, equally important, are another four months before Qualcomm can have a trial to determine whether it gets back the billions of dollars withheld so far. Qualcomm also would be prejudiced in litigating these cases. It has worked tirelessly, including by hiring hundreds of lawyers to review documents, and by compromising on Apple's and the CMs' unreasonable production demands, to comply with the Court-ordered deadlines and to avoid any delay of the trial date. All of that would be for naught should Apple and the CMs be allowed unilaterally to extend the schedule.

Apple's and the CMs' proposed schedule is not only unwarranted and unfair, but it also makes no sense. For example, Apple and the CMs refuse to agree to a *February 28, 2018* substantial completion deadline (a date more than 13 months after Apple filed suit), saying that date is impractical, but they then propose *to keep* the May 11, 2018 fact discovery cutoff, virtually guaranteeing no time for fact depositions. In fact, Apple and the CMs admit that they will likely need to adjust the fact discovery cutoff at some future date. Even they do not believe their own proposed schedule is workable. Similarly, Apple's and the CMs' proposed staggering of fact and expert discovery would mean that fact discovery would have to be reopened should the parties discover gaps in the factual record during expert

discovery. The Scheduling Order set by the Court specifically avoids that problem.

Qualcomm is willing and able to comply with the current Scheduling Order. If Qualcomm can meet the schedule—despite being significantly smaller than Apple, and while facing lawsuits in numerous jurisdictions—it defies logic that the richest corporation on the planet cannot. Nevertheless, Qualcomm has proposed a set of revisions to the Scheduling Order that are responsive to Apple's and the CMs' stated concerns, maintain the Court's trial-ready date, and get these cases to trial in 2018. Qualcomm requests that its schedule be entered.

| Event | Current Deadline | New Deadline |
|---|---|---|
| Substantial Completion of Document Production | N/A | February 28, 2018 |
| Last for Parties to Make Available for Deposition Witnesses Requested by Another Party for Expert Discovery or Summary Judgment | N/A | May 11, 2018 |
| Close of Written Discovery | May 11, 2018 | May 11, 2018 |
| Close of All Fact Discovery | May 11, 2018 | June 18, 2018 |
| Expert Reports on Topics for Which Parties Bear Initial Burden of Proof | March 12, 2018 | May 18, 2018 |
| All Other Expert Reports | April 13, 2018 | June 18, 2018 |
| Close of Expert Discovery | May 11, 2018 | July 20, 2018 |
| Summary Judgment | June 22, 2018 | June 22, 2018 |
| *Daubert* / Motions *in Limine* | June 22, 2018 | August 8, 2018 |
| Pre-Trial Disclosures | June 22, 2018 | TBD |
| Hearing on Dispositive Motions | TBD | TBD |
| Local Rule 16.1(f)(4) M&C | September 7, 2018 | September 7, 2018 |
| Pre-Trial Order Draft Served | September 14, 2018 | September 14, 2018 |
| Pre-Trial Order Due | September 21, 2018 | September 21, 2018 |
| Final Pre-Trial Conference | September 28, 2018 | September 28, 2018 |
| Trial | TBD | October 15, 2018 |

## II.   APPLE'S AND THE CMS' MOTION TO MODIFY THE SCHEDULE SHOULD BE DENIED

### A.   Legal Standard.

"A scheduling order is not a mere suggestion or a trifle that can be

1  disregarded when it becomes inconvenient; it is an order from the court", and,
2  "[j]ust like any other order, the court expects compliance." *Tessera, Inc. v. Sony*
3  *Corp.*, No. 5:11–cv–04399 EJD, 2013 WL 97794, at *3 (N.D. Cal. Jan. 7, 2013).  A
4  party seeking to amend a court-ordered schedule must show "good cause", which
5  has two elements. *See* Fed R. Civ. P. 16(b)(4).  *First*, the moving party must show
6  that it was diligent—*i.e.*, that its "reasons for seeking modification" are not of its
7  own making.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.
8  1992).  "If that [moving] party was not diligent, the inquiry should end."  *Id.*
9  *Second*, even if the moving party was diligent, it still must show a lack of prejudice
10 to the nonmoving party.  "[T]he existence or degree of prejudice to the party
11 opposing the modification might supply additional reasons to deny a motion."  *Id.*

12      **B.**    **Apple and the CMs Have Not Been Diligent.**

13      A "good cause" analysis "primarily considers the diligence of the party
14 seeking the amendment."  *Johnson*, 975 F.2d at 609.  Apple and the CMs have been
15 far from diligent.
16      Time and again, Apple has dragged its feet on custodians, search terms,
17 written discovery and document productions, and has refused to meet and confer in
18 good faith about those subjects.  Notably, as a result of Apple's intransigence,
19 Qualcomm was forced to file a 424-page joint motion, which should never have
20 been necessary.  (*See* Dkt. No. 152.)  On September 6, 2017, in response to
21 Qualcomm's First Set of RFPs, Apple simply refused to produce any documents as
22 to 108 of them.  (*See* Dkt. No. 149-01, Decl. of Michael Fazio, dated Oct. 6, 2017,
23 ¶ 2.)  Qualcomm sent Apple a detailed meet-and-confer letter on September 12,
24 2017 (six days after receiving Apple's responses), but Apple refused to respond or
25 otherwise meet and confer at all for 17 days—waiting until after the date
26 Qualcomm was required to prepare and provide its Joint Motion to Apple.  (*Id.*
27 ¶¶ 2-7.)  When Apple finally agreed to meet and confer on October 3, it was, even
28 then, prepared to discuss only ten RFPs, and as to all RFPs, flatly declared that it

was not able to agree to any compromises.  (*Id.* ¶¶ 9-10.)  In the end, as to over 100 RFPs, Apple either failed to confer in a timely manner or refused to agree to produce any responsive documents.  (*Id.* ¶¶ 9-11.)  Those disputes still linger.[1]

And that story has repeated itself over and over again.  (*See* Dkt. No. 176, at 1 (Apple refused to search for responsive documents from individuals whom Apple itself had identified as knowledgeable); Dkt. No. 236, at 1 ("Apple's aim is not to prevail; it is to create delay by standing on meritless positions and forcing the Court to rule on an excessive number of discovery disputes."); Dkt. No. 248, at 1 ("Apple's habitual refusal to confer in good faith has again prejudiced Qualcomm and burdened the Court by manufacturing unnecessary disputes and wasting valuable time, rather than making legitimate progress.").)  In fact, despite having over a year to consider the issue, Apple has not even settled on the methodology it is willing to apply to review and produce documents in these cases that it agreed to produce months ago.  (Earnhardt Decl. at ¶ 3.)

The CMs have been similarly unwilling to cooperate in discovery.  Despite Qualcomm first seeking basic information about potential custodians from the CMs in August 2017 and serving its First Set of RFPs in September 2017, it was not until December 2017, and then only after a motion to compel in the N.D. Cal. Cases, that the CMs provided metrics on their search terms or information about proposed custodians that could have facilitated resolution.  (Dkt. No. 228; Earnhardt Decl. at ¶¶ 9-10.)  Even now, over four months after Qualcomm's First Set of RFPs, the parties still do not have agreed upon custodians and search terms.  (Earnhardt Decl. at ¶ 11.)

Apple's and the CMs' dilatory tactics are not limited to the S.D. Cal. cases.  Apple produced its documents in N.D. Cal. only as a result of five motions, five

---

[1] Apple and the CMs claim they have no way to know what Qualcomm agreed to produce in the N.D. Cal Cases.  Not so.  Qualcomm has provided copious detail regarding its N.D. Cal. productions, including a 36-page letter sent on September 25, 2017.  (Earnhardt Decl. ¶ 18.)

1  status reports, five court conferences and the imposition of significant monetary
2  sanctions.  *See FTC v. Qualcomm Inc.*, No. 5:17-cv-00220 (N.D. Cal.), Dkt. No.
3  421, at 2, dated Dec. 21, 2017 ("[T]he Court ORDERS a sanction of $25,000.00 per
4  day . . . until document production is complete."); (Earnhardt Decl. at ¶ 7.)  For the
5  CMs' part, despite two motions, five status reports and four court conferences, they
6  have still not completed their N.D. Cal. productions.  (Earnhardt Decl. at ¶ 13-15.)
7  In fact, the CMs are also facing possible sanctions after ignoring the N.D. Cal.
8  court's January 5, 2018 production deadline.  The court has allowed them one last
9  chance to comply by January 26, 2018.  (Dkt. No. 493.)

10       Apple and the CMs are also attempting to use the existence of open
11 discovery disputes as an excuse for extending the schedule.  For example, Apple
12 and the CMs now suggest that they cannot meet a February 28, 2018 substantial
13 completion deadline because open discovery disputes require them to make
14 significant additional productions.  But this is like throwing a brick through a
15 window and then complaining about a draft; these discovery disputes exist only
16 because Apple and the CMs have consistently refused to produce relevant
17 documents.  Any burden imposed by a February 28, 2018 deadline is entirely the
18 creation of Apple's and the CMs' unwillingness to engage in proper discovery,
19 which cannot—under any standard—be deemed "good cause" for amending the
20 schedule.  Indeed, Apple and the CMs are even attempting to *prevent* resolution of
21 those open discovery disputes by arguing that the upcoming February 7, 2018
22 hearing should be limited to "procedural" issues and not involve the merits.  If
23 anything, Apple's and the CMs' conduct is another reason to set a substantial
24 completion deadline, and to threaten them with sanctions if they do not meet it,
25 which has been the only way to get them to produce documents thus far.

26       In short, there has been nothing "diligent" about the conduct of Apple or the
27 CMs here.  Far from it.  Instead, they have been intentionally seeking to delay this
28 case.  As Magistrate Judge Cousins concluded during a January 17, 2018 hearing

for the N.D. Cal. Cases, Apple and the CMs are doing so because they have decided it is "economically beneficial to delay". (Earnhardt Decl., Ex. 1, at 13:12-13.)

### C. Qualcomm Will Be Prejudiced by a Change in the Schedule.

Apple's lack of diligence is sufficient to deny their motion. Severe prejudice to Qualcomm serves as an "additional reason[]". *Johnson*, 975 F.2d at 609.

Because Apple has instructed the CMs not to pay Qualcomm any royalties, Qualcomm is missing out on nearly $1 billion of revenue each quarter. Thus, the four-month delay proposed by Apple and the CMs means another $1 billion in royalties withheld from Qualcomm and another four months before Qualcomm can have a trial to decide whether it gets that money back.[2] But Qualcomm is also prejudiced even within the confines of these cases. Qualcomm took the Court's schedule seriously and has made a number of compromises in discovery disputes to ensure it would be able to timely produce its documents and be prepared for fact depositions and expert discovery as the Court ordered. (Earnhardt Decl. at ¶ 17.) Although Qualcomm does not agree that such discovery is warranted, Qualcomm was willing to produce those documents to keep these cases on schedule. Apple's proposal would render Qualcomm's good-faith meaningless.

### D. Apple's Schedule Is Illogical.

Apple's and the CMs' schedule rests on a mistaken premise—that fact discovery must end before expert discovery can begin. To the contrary, because expert discovery may result in the need for further factual development, it can be advantageous to allow for additional fact discovery after opening expert reports. This approach spares the parties and the Court from unnecessary motion practice regarding whether and to what extent to reopen fact discovery.

---

[2] Apple and the CMs contend that Judge Curiel's denial of Qualcomm's preliminary injunction motion somehow justifies their dilatory conduct. It does not. To the contrary, Judge Curiel acknowledged that nearly $1 billion per quarter of withheld payments are "weighty sums", and did "not doubt the significance of these payments to Qualcomm's enterprise." (Dkt. No. 138, at 4.) Judge Curiel stated he would "expeditiously" move these cases forward. (*Id.* at 30.)

Apple and the CMs are complaining about an element of the current schedule that has been in place since the Court first set it in August 2017.  The Court's schedule has always contained a single deadline for the close of fact and expert discovery.  If Apple and the CMs believed that such an arrangement prejudiced experts, they should have raised the matter promptly, not five months after-the-fact.

Apple's and the CMs' proposal is also unworkable on its face.  Although Apple and the CMs refuse to commit to a substantial completion of document production deadline of February 28, 2018, they propose maintaining May 11, 2018 as the close of fact discovery.  Apple and the CMs admit that they are likely to return to the Court in the near future to seek to adjust that date as well.  In other words, their proposed schedule is just another mechanism to create additional delay.

## III.  IF THE COURT IS INCLINED TO CHANGE THE SCHEDULE, QUALCOMM'S PROPOSAL SHOULD BE ADOPTED

Qualcomm is prepared to continue under the current schedule.  But, as Qualcomm explained to Apple and the CMs, Qualcomm also is willing to make certain adjustments to respond to the concerns they have raised so long as those adjustments do not delay trial.  Qualcomm's proposed adjustments accomplish this.

*First*, Qualcomm proposes a deadline of February 28, 2018 for substantial completion of document production.  Combined with the staggered fact discovery deadlines of May 11, 2018 and June 18, 2018, that date ensures that document production will be complete in time to allow the parties to conduct fact depositions and complete expert discovery.  Apple and the CMs suggest that they cannot meet this deadline; not only is that a problem entirely of their own creation, but it is also is unbelievable.  Apple is one of the richest companies in the world, and it clearly has the necessary resources to bring to bear.  When threatened and ultimately sanctioned in the N.D. Cal. Cases, Apple was able to produce almost two million documents in just the month of December.  (Earnhardt Decl. at ¶ 8.)

*Second*, Qualcomm proposes a staggered fact discovery deadline to

1  accommodate a staggered schedule between fact and expert discovery. Qualcomm
2  proposes that the deposition of any witness another party requires for expert
3  discovery or summary judgment be concluded by the current fact discovery
4  deadline of May 11, 2018. Qualcomm also proposes that the date for initial expert
5  reports be moved to May 18, 2018.[3] This would enable experts to consider the
6  factual record in full before submitting reports and the parties to prepare summary
7  judgment filings by the Court's current deadline of June 22, 2018. Any deposition
8  not requested by a party for fact or expert discovery could be taken by June 18.

9  Apple's and the CMs' response simply misconstrues Qualcomm's proposal
10 and contends, incorrectly, that all fact discovery would continue during expert
11 discovery. They ignore that, before expert discovery begins, all written discovery
12 will be complete and any witness that any party requires for expert discovery or
13 summary judgment will have been deposed. Apple and the CMs also assert that
14 their experts need at least three months to reflect upon the factual record before
15 providing their reports. But that supposed concern is completely unsubstantiated.
16 Who are those experts? What facts do they need to consider that they do not have?
17 Qualcomm offered to prioritize discovery needed by Apple's and the CMs' experts,
18 but they have never identified what that discovery would be.

19 Much of the expert testimony in these cases will be dependent on document
20 discovery and other information that is already available. Under Qualcomm's
21 proposed schedule, experts retained by Apple and the CMs would have all of the
22 relevant documents by February 28, 2018—nearly three months before
23 Qualcomm's proposed expert deadline. And many of the depositions will have
24 been taken by March 30, 2018 regardless because they will be coordinated with the
25 N.D. Cal. Cases and must be finished by the fact discovery cut-off there. In the

---

[3] Qualcomm's proposal also clarifies that the expert reports due on May 18, 2018 will be those for issues upon which the party bears the burden of proof. All other reports will be due June 18, 2018.

N.D. Cal. Cases—which, by Apple's and the CMs' admission, involve substantially similar issues and thus similar topics of expert discovery—there is less than a month between the close of fact discovery and the plaintiff's opening expert reports (March 30, 2018 to April 20, 2018). (Earnhardt Decl. at ¶ 16.) None of the parties there suggested that its experts need several months to understand the record.[4]

*Third*, Qualcomm proposes an August 8, 2018 deadline for *Daubert* motions and motions *in limine*. Modifying that deadline ensures that *Daubert* motions follow expert discovery and that the parties will have exchanged witness lists, deposition designations and intended trial exhibits before they move to exclude any evidence. Relatedly, Qualcomm proposes the parties meet and confer to agree on deadlines for specific pre-trial disclosures.

*Fourth*, Qualcomm proposes the Court set trial for the first available date on or after October 15, 2018. Setting a trial date now ensures these cases can go to trial in 2018 and would thwart any further attempt by Apple and the CMs to prejudice Qualcomm by delaying the schedule.

## IV. CONCLUSION

Qualcomm respectfully requests that the Court either adopt Qualcomm's proposed revisions to the Scheduling Order or make no changes at all.

---

[4] Apple is wrong to argue that the FTC case should be tried before these cases. The Court entered the current Scheduling Order in August 2017 when the FTC trial date already was set. Apple did not object in August 2017, and nothing has changed since—Qualcomm is still being deprived of nearly $1 billion it is owed under the CMs' license agreements every quarter. Moreover, the FTC case is not narrower than the S.D. Cal. cases. Among other reasons: (i) Apple's and the CMs' antitrust claims are different from (and, in some ways, contradict) the FTC's antitrust claims; (ii) the S.D. Cal. cases involve a focused commercial dispute between contractual counterparties, while the FTC case is a broader investigation of various aspects of Qualcomm's relationships with multiple third parties; and (iii) although the S.D. Cal. cases involve some narrow patent issues, those have been set on a separate but parallel track. Put simply, there is no reason to delay a focused jury trial regarding what Apple and the CMs should pay Qualcomm to allow a separate court to opine on different claims under different theories regarding a much broader set of parties. Certainly the dilatory conduct of Apple and the CMs does not provide that basis.

| | | |
|---|---|---|
| 1 | Dated: January 19, 2018 | Respectfully submitted, |

By: /s/ *J. Wesley Earnhardt*

**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
(N.Y. Bar No. 2472603)
rstark@cravath.com
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651)
yeven@cravath.com
Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza,
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

**JONES DAY**
Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Randall E. Kay (SBN 149369)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (844) 345-3178

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Stephen Swedlow (*pro hac vice*)

1
2
3
4

(Ill. Bar No. 6234550)
stephenswedlow@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

5
6
7
8

Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

9
10
11
12

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

13
14

**Attorneys for Defendant and Counterclaim-Plaintiff QUALCOMM INCORPORATED**

15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on January 19, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

<u>/s/ *J. Wesley Earnhardt*</u>
J. Wesley Earnhardt
WEarnhardt@cravath.com