Evan R. Chesler (N.Y. Bar No. 1475722; *pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623; *pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Randall E. Kay (SBN 149369)
rekay@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (844) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for*
QUALCOMM INCORPORATED

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION | No. 17-CV-00108-GPC-MDD<br><br>**DEFENDANT QUALCOMM INCORPORATED'S SECOND NOTICE OF MEET AND CONFER STATUS RELATING TO PENDING JOINT MOTION (ECF NO. 183)**<br><br>Magistrate Judge:<br>Hon. Mitchell D. Dembin |

## I. INTRODUCTION

On November 14, 2017, Qualcomm Incorporated ("Qualcomm") and Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation (collectively, the "CMs", with Qualcomm, "the parties") filed a Joint Motion for Determination of Discovery Dispute (ECF No. 183) ("Joint Motion") concerning the CMs' proposed custodians and search terms, and the CMs' Objections and Responses to Qualcomm's First Set of Requests for Production of Documents ("Requests").  On December 18, 2017, Qualcomm filed a Notice of Meet and Confer Status (ECF No. 228) to update the Court on the parties' ongoing negotiations.  Since filing the Joint Motion and first Notice of Meet and Confer Status, the parties have met and conferred numerous times to discuss certain compromises on both custodians and search terms.  Qualcomm and the CMs also filed a Joint Statement in the related N.D. Cal. Actions concerning disputes on custodians and search terms that are also relevant in this Action.  Magistrate Judge Cousins resolved those disputes by a January 2, 2018 order.

Accordingly, Qualcomm provides this second Notice of Meet and Confer Status to narrow the issues before the Court and request specific relief relating to issues described in the Joint Motion.  Pursuant to Local Rule 83.3(g)(2), Qualcomm informed opposing counsel of Qualcomm's intent to file the instant *ex parte* notice.

## II. THE CMs' DOCUMENT DISCOVERY

**A.  The Court should order the CMs to add Qualcomm's proposed custodians relating to audits and each CM's relationship with Apple and to conduct targeted searches for documents not captured by custodial searches.**

Qualcomm's document requests, broadly speaking, cover four major subject matter areas that are at the heart of this Action:  licensing negotiations, chip procurement, royalty audits, and each CM's relationships with Apple.  Since filing the Joint Motion, the parties' negotiations and motion practice in the N.D. Cal. Actions have resolved their disputes regarding CM custodians as to two topics—

SECOND NOTICE OF MEET AND CONFER STATUS                                               CASE NO. 17-cv-0108 GPC MDD

licensing negotiations and chip procurement.  Therefore, Qualcomm has narrowed its request for the addition of custodians and respectfully asks the Court to order the CMs to add custodians related to the two remaining key topic areas—Qualcomm's contractual royalty audits of the CMs and each CM's relationship with Apple—and to conduct certain targeted searches for documents that custodial searches will not capture.

By way of background, the CMs first provided Qualcomm with their proposals for custodians and search terms on October 13, 2017.  The CMs refused, however, to provide critical information necessary for Qualcomm to evaluate their proposals, such as detailed job descriptions or organizational charts.  Despite this lack of information, Qualcomm proposed additional potential CM custodians in a letter dated October 30 and supplemented those proposals in the Joint Motion that Qualcomm served on the CMs on November 1, 2017.  In its October 30 letter, Qualcomm "reserve[d] all rights to request custodians in addition to those proposed . . . and intends to do so as soon as it receives the organizational charts or comparable information".  By reviewing Qualcomm's and Apple's document productions in this matter, interviewing Qualcomm's independent auditors and overseas employees, and reviewing the limited custodian information subsequently provided by the CMs, Qualcomm was able to provide the CMs with a more comprehensive custodian proposal on December 6, 2017.  In that proposal, Qualcomm proposed 36 additional custodians and offered to withdraw 15 of the individuals who were subjects of the Joint Motion.  To facilitate negotiations, Qualcomm and the CMs agreed to first resolve the discovery disputes that pertained both to this case and the N.D. Cal. Actions before returning to address the disputes specific to this Action.  Following extensive negotiations and multiple hearings before Magistrate Judge Cousins, the CMs ultimately agreed to add six custodians proposed by Qualcomm on December 6 whose job responsibilities relate to

licensing negotiations and chip procurement, topics that pertain to both this case and the N.D. Cal. Actions.

The CMs' proposed custodians for certain S.D. Cal.-specific subject matter areas—royalty audits and each CM's relationship with Apple—remain deficient, however. As detailed in Qualcomm's December 6 letter and subsequent correspondence, the CMs have failed to propose custodians who would have documents related to many of Qualcomm's audits of the CMs. For example, Qualcomm has audited Compal in Fiscal Years ("FY") 2004, 2006, 2008, 2010, 2013 and 2015. Compal proposes Jessica Lee and Shawn Tien as its audit custodians. Qualcomm was unable to identify any audits in which Lee was involved, and Tien was only involved in the FY 2013 audit. Accordingly, Qualcomm requests that Compal add John Chyi, Esther Kao, Jennifer Pan and Jane Chang as audit custodians, because those Compal employees were involved in the FY 2004, 2006, 2008, 2010 and 2015 audits. Likewise, Qualcomm requests that the CMs add Apple Xu (Foxconn), Anny Tong (Foxconn), Roxette Lee (Pegatron), Din Lin (Pegatron) and Kris Chang (Wistron) as audit custodians to ensure that the CMs collect documents for every Qualcomm audit.

Similarly, the CMs failed to identify custodians who were responsible for each CM's relationship with Apple at a high strategic level. Qualcomm has repeatedly asked the CMs to identify which CM employees are responsible for the Apple relationship and would have substantive, high-level business interactions with Apple. The CMs refused to provide any information. Qualcomm repeatedly asked for organizational charts, employee directories or equivalent information. The CMs failed to provide that information too. Qualcomm's Interrogatory No. 11, served four months ago, asked the CMs to describe communications between the CMs and Apple regarding royalty payments to Qualcomm. The CMs merely acknowledged that each CM has had such communications with Apple, without identifying any of

the communications or the CM employees involved.[1]  Lacking any information from the CMs about the Apple relationship, after submitting the November 14 Joint Motion, Qualcomm undertook its own investigation into potential CM custodians. Through interviews with Qualcomm employees based in Asia who interact with the CMs in the regular course of business, and through review of Apple's document productions, Qualcomm identified CM executives who likely interacted with Apple regarding high-level business and strategy decisions.  Qualcomm therefore requests that the CMs add Ray Chen (Compal), Stephen Chen (Compal), Terry Gou (Foxconn), Calvin Chih (Foxconn), Barry Chiang (Foxconn), S.J. Liao (Pegatron), Denese Yao (Pegatron), Robert Hwang (Wistron) and R.R. Chang (Wistron) as custodians in the Apple relationship category.  The CMs object to the addition of their senior executives as custodians.  But both Qualcomm and Apple have collected documents from their senior executives, including their respective CEOs, Steve Mollenkopf and Tim Cook.  It is not unreasonable for the CMs to do the same.  If the CMs were to certify that these individuals are not the appropriate custodians for discovery of responsive documents and identify the relevant custodians, Qualcomm would be willing to consider that.  But the CMs have steadfastly refused to provide information about these or any other potential custodians for these topics.

     Because the CMs have provided insufficient information about custodians, resulting in uncertainty as to proposed custodians' roles, Qualcomm has sought assurances from the CMs that they will collect certain categories of documents, whether through custodial or non-custodial targeted searches.  Since November 6, Qualcomm has repeatedly asked the CMs how they intend to produce documents responsive to Requests 1, 13, 27, 102, 114, 125, 126, 127, 131, 145, 150, 151, 152, 153, 158, 164, 165, 166, 167, 168, 182, 195, 196, 198, 219, 220, 221, 229, 233, 234,

---

[1] On December 14, 2017, Qualcomm moved the Court to order the CMs to provide a full narrative response to Interrogatory No. 11.  (*See* ECF Nos. 219, 220.)

235, 238, 239 and 240;[2] the CMs have already agreed to produce documents responsive to these Requests.  Similarly, Qualcomm has asked the CMs to collect certain board meeting minutes and materials that are responsive to Requests 2, 33, 63, 103, 140, 142 and 148.  But the CMs have not assured Qualcomm that custodial searches would collect documents responsive to these Requests, nor have the CMs agreed to conduct non-custodial searches to satisfy these Requests.  For example, Compal Request 188 seeks "[d]ocuments sufficient to show, on a quarterly and annual basis, the percentage of [CM] Cellular Devices that are compliant with each Cellular Communications Standard".  The CMs have not identified whether their custodians' documents would include information about cellular standards compliance.  Moreover, it seems unlikely that the statistical information sought by Request 188 would be susceptible to a custodial search.  A non-custodial search is therefore warranted.  In the absence of the CMs' assurance that their custodial searches will satisfy the aforementioned Requests, Qualcomm respectfully asks the Court to order the CMs to conduct non-custodial searches for documents responsive to these Requests.

     In all, Qualcomm seeks to add 18 CM custodians for a total of 51 custodians across the four CMs (Compal—13, Foxconn—15, Pegatron—11, Wistron—12).  By comparison, Qualcomm alone has collected and produced documents from 89 custodians.  The CMs have offered no evidence—metrics or otherwise—that adding these custodians' documents would be unduly burdensome.  Accordingly, Qualcomm respectfully asks the Court to order the CMs to add the custodians identified above and to conduct targeted searches for documents not captured by custodial searches.

---

[2] The Request for Production numbers identified in this Notice refer to Qualcomm's Requests to Compal.

### B. The CMs should implement Qualcomm's revisions to the CM search term proposal.

As with custodians, Qualcomm's document requests cover four major subject matter areas: licensing negotiations, chip procurement, royalty audits, and each CM's relationship with Apple. Qualcomm also seeks documents related to several discrete topics, including communications with competition agencies and software licensing. Following negotiations and hearings before Magistrate Judge Cousins, the parties have agreed upon search strings related to licensing negotiations and chip procurement. Accordingly, the only remaining disputes before this Court relate to search strings that are specific to this Action.

In the Joint Motion, Qualcomm asked the Court to order the CMs to implement Qualcomm's search term proposal instead of the CMs' overly restrictive search term proposal. Qualcomm repeatedly asked the CMs for metrics on both proposals, but the CMs did not provide metrics until December 4, more than a month after the CMs proposed their search terms. During meet and confers, the CMs refused to propose edits to or string-by-string metrics for Qualcomm's search term proposal. On December 7, 2017, in an effort to compromise, Qualcomm provided edits to the CMs' proposed search terms. After the CMs took issue with many of Qualcomm's revised search strings, Qualcomm proposed multiple rounds of revisions. On December 20, 2017, the CMs agreed to run 111 Qualcomm-revised strings related to licensing negotiations and chip procurement. On January 2, 2018, Magistrate Judge Cousins ordered the CMs to run an additional 7 strings related to those topics.

Qualcomm now asks the Court to order the CMs to run additional revised strings related to topics specific to the S.D. Cal. Action, including royalty audits, each CM's relationship with Apple, communications with competition agencies and software licensing. The CMs' search term proposal not only uses overly restrictive syntax, but also fails to cover more than 70 Requests for which the CMs have agreed to produce documents. For example, the CMs' search term proposal lacks search

strings responsive to Requests 79, 160, 161, 207 and 208, which concern CM device features and pricing. Qualcomm also repeatedly asked the CMs to provide customer, competitor and supplier code names for use in the search strings. The CMs only included two code names for Apple in their search term proposal. The CMs did not provide each CM's code names for Apple and Qualcomm until December 21, 2017, when they responded to Qualcomm's interrogatory seeking that information; Qualcomm subsequently identified additional Wistron customer and supplier code names and Pegatron project names through its own review of the CMs' document productions to date.

In the spirit of compromise, Qualcomm again made edits to the CMs' search strings specific to the S.D. Cal. Action, including adding code names. Qualcomm also drafted additional search strings to cover the unaddressed Requests. Qualcomm sent the CMs the revised S.D. Cal. search term proposal on January 13, 2018, and requested that the CMs provide metrics on any disputed search strings. More than two weeks since receiving the revised proposal, the CMs have not responded to the revised search term proposal or provided any metrics. The CMs thus have failed to provide any evidence of undue burden imposed by Qualcomm's search term revisions. With the close of discovery barely three months away, any further delay by the CMs would unfairly prejudice Qualcomm's ability to review documents and adequately prepare for depositions. Accordingly, Qualcomm asks the Court to order the CMs to implement Qualcomm's January 13 revised search term proposal.

**C. The CMs Should Produce Documents Responsive to Qualcomm's Requests 38, 116, 154, 155, 169, 201, 207, 222-225, 227, 228 and 232.**

Because the parties have finalized custodians and search terms related to licensing negotiations and chip procurement, it is no longer necessary for the Court to resolve certain disputed Requests detailed in the parties' November 14 Joint Motion, including Requests 66, 87 and 99.

The remaining Requests identified in the Joint Motion seek documents that are relevant to this Action and are still disputed. For the reasons stated in the Joint Motion (ECF No. 183) and in Qualcomm's Memorandum in Support (ECF No. 185), Qualcomm respectfully requests that the Court order the CMs to produce documents responsive to Requests 38, 116, 154, 155, 169, 201, 207, 222-225, 227, 228 and 232.

### III. CONCLUSION

Although the parties have resolved their disputes regarding licensing negotiations and chip procurement custodians and search strings, other disputes remain. Qualcomm respectfully requests that the Court order the CMs to (1) add custodians relevant to Qualcomm's contractual royalty audits of each CM and to each CMs' relationship with Apple and conduct targeted searches for documents that custodial searches will not capture; (2) implement Qualcomm's January 13 revised search term proposal; and (3) produce documents responsive to Qualcomm's Requests for Production 38, 116, 154, 155, 169, 201, 207, 222-225, 227, 228 and 232.

| | | |
|---|---|---|
| 1 | DATED:  January 29, 2018 | Respectfully submitted, |
| 2 | | |
| 3 | | By  */s/ Richard J. Stark* |
| 4 | | **CRAVATH, SWAINE & MOORE LLP**<br>Evan R. Chesler (pro hac vice)<br>(N.Y. Bar No. 1475722) |
| 5 | | echesler@cravath.com<br>Keith R. Hummel (pro hac vice) |
| 6 | | (N.Y. Bar No. 2430668)<br>khummel@cravath.com |
| 7 | | Richard J. Stark (pro hac vice)<br>(N.Y. Bar No. 2472603) |
| 8 | | rstark@cravath.com<br>Antony L. Ryan (pro hac vice) |
| 9 | | (N.Y. Bar No. 2784817)<br>aryan@cravath.com |
| 10 | | Gary A. Bornstein (pro hac vice)<br>(N.Y. Bar No. 2916815) |
| 11 | | gbornstein@cravath.com<br>J. Wesley Earnhardt (pro hac vice) |
| 12 | | (N.Y. Bar No. 4331609)<br>wearnhardt@cravath.com |
| 13 | | Yonatan Even (pro hac vice)<br>(N.Y. Bar No. 4339651) |
| 14 | | yeven@cravath.com<br>Vanessa A. Lavely (pro hac vice) |
| 15 | | (N.Y. Bar No. 4867412)<br>vlavely@cravath.com |
| 16 | | Worldwide Plaza, 825 Eighth Avenue<br>New York, New York 10019 |
| 17 | | Telephone:  (212) 474-1000<br>Facsimile:  (212) 474-3700 |
| 18 | | |
| 19 | | **JONES DAY**<br>Karen P. Hewitt (SBN 145309) |
| 20 | | kphewitt@jonesday.com<br>Randall E. Kay (SBN 149369) |
| 21 | | rekay@jonesday.com<br>4655 Executive Drive, Suite 1500 |
| 22 | | San Diego, California 92121<br>Telephone:  (858) 314-1200 |
| 23 | | Facsimile:  (844) 345-3178 |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1
2  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
3  David A. Nelson (pro hac vice)
   (Ill. Bar No. 6209623)
4  davenelson@quinnemanuel.com
   Stephen Swedlow (pro hac vice)
5  (Ill. Bar No. 6234550)
   stephenswedlow@quinnemanuel.com
6  500 West Madison St., Suite 2450
   Chicago, Illinois 60661
7  Telephone: (312) 705-7400
   Facsimile: (312) 705-7401
8
9  Alexander Rudis (pro hac vice)
   (N.Y. Bar No. 4232591)
10 alexanderrudis@quinnemanuel.com
   51 Madison Ave., 22nd Floor
11 New York, New York 10010
   Telephone: (212) 849-7000
12 Facsimile: (212) 849-7100

13 Sean S. Pak (SBN 219032)
   seanpak@quinnemanuel.com
14 50 California St., 22nd Floor
   San Francisco, California 94111
15 Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
16
17 **Attorneys for Defendant and Counterclaim-Plaintiff QUALCOMM INCORPORATED**
18
19
20
21
22
23
24
25
26
27
28

SECOND NOTICE OF MEET AND CONFER STATUS — -10- — CASE NO. 17-cv-0108 GPC MDD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 29, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I certify under penalty of perjury that the foregoing is true and correct. Executed on January 29, 2018, at New York, New York.

By  */s/ Richard J. Stark*

Richard J. Stark
rstark@cravath.com
*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

SECOND NOTICE OF MEET AND CONFER STATUS — -11- — CASE NO. 17-cv-0108 GPC MDD