UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE: QUALCOMM LITIGATION

Case No.:  17-cv-0108-GPC-MDD

**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE – DENYING QUALCOMM'S MOTION TO COMPEL THE "CM" ENTITIES TO ADD CUSTODIANS AND RUN CERTAIN SEARCH TERMS**

**[ECF NO. 325]**

On February 13, 2018, this Joint Motion was filed.  The dispute involves demands by Qualcomm, Inc., that the CM entities: Compal Electronics, Inc., Pegatron Corporation, FIH Mobile Ltd ("Foxconn"), Hon Hai Precision Industry Co., Ltd., and Wistron Corporation, add certain individuals as "custodians" whose records should be searched and that the CMs run certain search terms against their custodial and non-custodial data.

Qualcomm is concerned that the CMs discovery plan is deficient and will result in a failure to produce responsive information.  The CMs assert

that their plan is reasonable and also challenge the timeliness of the motion. The Court will consider the motion, despite the concerns raised regarding timeliness, because the Court believes it necessary to provide some guidance to the parties.

## DISCUSSION

The starting point, so far as this Court is concerned, is Principle No. 6 of the Sedona Principles which states:

> Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.

*The Sedona Principles, Third Edition*, 19 SEDONA CONF. J. 1, Principle 6, 118 (2018).

### 1. Custodians

The essence of the dispute between Qualcomm and the CMs is that Qualcomm believes that the custodians proposed by the CMs are not at an adequate level in each company to have engaged in relevant strategic discussions with Apple regarding the business relationships with Qualcomm. Consequently, Qualcomm has proposed that each CM add between 2 and 4 custodians, designated by Qualcomm, to the list of custodians whose electronic records should be searched. The CMs, in turn, respond that they have designated appropriate custodians regarding their relationships with Apple and that Qualcomm has not provided any evidence that searching additional custodians is required at this time.

The Court finds that the CMs have the better of the argument. Designation of custodians is not an all or nothing proposition. Presumably, the CMs have preserved the information of the disputed custodians. The Court finds that the proper course is for the CMs to produce relevant, non-

17-cv-0108-GPC-MDD

privileged information from the accounts and files of their selected custodians to Qualcomm. In the course of reviewing that information for production, the CMs may recognize the need to add additional custodians. Or, after producing the information, Qualcomm may be able to convince the CMs or the Court, based on evidence, or lack of evidence, that additional custodial files and accounts need to be searched. There has not been a sufficient showing, at this time, that these accounts must be searched. That may change.

Discovery, especially discovery of electronically stored information, should be an iterative process. A regular re-evaluation should be undertaken by the producing party to ensure that it has met its obligations and acted reasonably. Cooperation with one's adversary, if not transparency, is a necessary part of this process. At this time, however, the Court will deny Qualcomm's motion to compel the CMs to search the data of the disputed custodians.

2. <u>Search Terms</u>

In a similar vein, Qualcomm seeks to compel the CMs to run a particular string of search terms against their custodial and non-custodial data collections. While it would be smart for the CMs to consider running the suggested search terms against a fair sample of the data and sharing any non-privileged results with Qualcomm, the Court, for the reasons expressed above, will not require it at this time. Qualcomm has not convinced the Court that the CMs are acting unreasonably in selecting their search terms. After all, it is their data. As this case progresses, Qualcomm may be able to convince the Court otherwise and appropriate remedial action will ensue.

//

//

# **CONCLUSION**

Qualcomm's motion to compel, as presented in this Joint Motion, is **DENIED.**

Dated:   February 23, 2018

_Hon. Mitchell D. Dembin_
Hon. Mitchell D. Dembin
United States Magistrate Judge