UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: QUALCOMM LITIGATION | Case No.: 17-cv-0108-GPC-MDD |
|---|---|
| | **ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY REGARDING APPLE'S SUPPLEMENTAL RESPONSES TO QUALCOMM'S FIRST AND SECOND SET OF INTERROGATORIES**<br><br>**[ECF NO. 347]** |

This Joint Motion was filed on March 2, 2017. The dispute involves Apple's responses to five interrogatories.

<u>Legal Standard</u>

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to

limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

## DISCUSSION

1. Interrogatory 24

Apple is asked to identify each Apple invention or technology contained in any of its cellular devices that Apple contends does not rely upon or utilize cellular technology in whole or in part and state the value of that invention or technology on a per device basis. (ECF No. 347 at 2).[1]

Apple's response includes a partial list of "features unrelated to cellular connectivity such as those related to its unique form factor, touchscreen technology, user interface features, camera technology, touch ID, Apple Pay, app infrastructure, content, software, and many other items." (*Id.* at 3). Apple also responds that "just about every feature and functionality in Apple's cellular devices is important and unrelated to cellular connectivity because every device also works with WiFi...." (*Id.*). Apple also provides a

---

[1] The Court will refer to pagination supplied by CM/ECF rather than original pagination throughout.

2

three-page list of references to documents under Rule 33(d) which, the Court is informed, are product specifications, user guides, marketing materials and marketing research. (*Id.* at 7, 9-10). Apple does not provide value information, claiming that the answers are the subject of expert discovery. (*Id.* at 10).

Qualcomm argues that this response is deficient. With the exception of information regarding per device valuation, the Court finds that Qualcomm has the better of the argument. Apple started down the right path, identifying components of various Apple cellular devices that cannot and do not rely on cellular connectivity. But the list was not exhaustive as the response used the words "includes" and "and many other items." It was incumbent upon Apple to identify its inventions and technologies in each of the subject devices that does not rely upon or use cellular technology. It did not do so.

Apple suggests that the "baseless" nature of this dispute is highlighted by the fact that it would have to identify virtually every connectivity feature contained in their devices because those features can operate without cellular technology, using WiFi. The Court disagrees with this suggestion. Only features or technologies that cannot or do not rely upon or use cellular technology must be disclosed. A component that may use cellular technology or may use WiFi, depending upon the circumstances or user choice, eliminates it from disclosure in response to this interrogatory. This interrogatory is directed at inventions and technologies that cannot or do not rely upon or use cellular technologies.

Apple's use of Rule 33(d) here also is deficient. It is not enough, in response to this interrogatory, to identify product specifications and user manuals. Rule 33(d) provides that if the answer can be determined from

3

business records and "if the burden of deriving or ascertaining the answer will be substantially the same for either party," the responding party may specify the records to be reviewed. The Court finds that Apple has not sustained its burden of showing that the answer to Qualcomm's question can be derived from the identified records as easily by Qualcomm as it could be by Apple. Apple must further respond.

The Court agrees with Apple, however, that the valuation of each technology per device is a question for expert determination. Apple may defer its answer until such time as its expert opines on the issue.

2. <u>Interrogatory 27</u>

Apple is asked to describe all communications between Apple and Forrest D. Wright concerning any SSO or SSO policy. SSO references standard setting organizations. Mr. Wright, it appears, consulted with Apple and communicated with Apple about SSOs. (ECF No. 347 at 14-15). The dispute regards Apple's decision to answer the question by providing a list of four categories of communications between Mr. Wright and Apple but without describing the communications. Apple's answer is deficient. It must "describe" the communications. If Apple is claiming privilege, it must do so in sufficient detail for Qualcomm to determine whether to accept the assertion or challenge it.

3. <u>Interrogatory 32</u>

Apple is asked to "state all facts" concerning when Apple selected the baseband processor to be used in any given device and when the selection was disclosed to Qualcomm and to any third parties. Almost by definition, this interrogatory is overbroad. Except in a very simple transaction, it may be impossible to "state all facts" surrounding a given event. It is unenforceable. Consequently, the Court will read it, as most do, as requesting disclosure of

4

all "material" facts, recognizing, of course, that materiality also may be in the eye of the beholder.

Apple provided a lengthy response to this interrogatory. Qualcomm quibbles that the response does not include "all facts" such as, on a device by device basis, who was sent an RFP, who was considered, when a supplier was in a development program, when Apple deselected a supplier, when the supplier was notified of its deselection. (ECF No. 347 at 24). The question asked by Qualcomm does not require that kind of detail in response. Having reviewed Apple's responses, the Court finds its answer sufficient.

4. Interrogatory 33

Similarly, this interrogatory asks Apple to "state all facts" concerning when Apple indicated to Qualcomm and any third parties that Apple would be using Qualcomm's products in a given device. For the most part, Apple refers back to its responses to Interrogatory 32. The Court agrees with Apple that its answer is sufficient.

5. Interrogatory 36

Apple is asked to identify all Apple email aliases concerning Qualcomm and all persons who have been a member or received any email mailing lists concerning Qualcomm. Qualcomm specifically identified the alias "mav.eur.com." Apple responded that the "mav.eur.com" alias actually was set up by Qualcomm and disclosed its members. Apple also responded that it has not identified any other email lists or alias concerning Qualcomm. That is good enough. No further response is required.

## CONCLUSION

Qualcomm's motion to compel, as presented in this Joint Motion, is **GRANTED IN PART AND DENIED IN PART.** Apple is **ORDERED** to

//

5

further respond to Interrogatories 24 and 27, as provided herein, within 14 days of this Order.

Dated: March 13, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge