UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: QUALCOMM LITIGATION | Case No.: 17-cv-0108-GPC-MDD |
| | **ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY REGARDING QUALCOMM'S RESPONSES TO APPLE'S THIRD SET OF SPECIAL INTERROGATORIES NOS. 21 AND 38** |
| | **[ECF NO. 353]** |

     This Joint Motion was filed on March 2, 2017. The dispute involves Qualcomm's responses to two interrogatories.

<u>Legal Standard</u>

     The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to

limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

## **DISCUSSION**

### 1. <u>Interrogatory 21</u>

Apple is asked to identify all agreements, potential agreements, licensees and potential licensees that proposed or requested (i) an alternative royalty base structure to the royalty base you initially proposed or supported or (ii) the smallest saleable patent-practicing unit or another component of the consumer product be used as the royalty base. (ECF No. 353 at 4).[1]

Qualcomm objects for vagueness, overbreadth, undue burden and lack of proportion. Qualcomm also challenges relevance. In particular, Qualcomm asserts that answering this interrogatory would require Qualcomm to search records relating to thousands of actual or potential agreements dating back more than 30 years for proposals or requests made by licensees. (*Id.*).

---

[1] The Court will refer to pagination supplied by CM/ECF rather than original pagination throughout.

Apple asserts that this information is relevant to one of the most important issues in this lawsuit and states that this discovery is designed to test assertions by Qualcomm which, Apple says, "has repeatedly claimed that charging royalties on the basis of the wholesale price of fully assembled devices is 'standard' and 'typical' in the industry and in its practice, noting that 'That model has since been agreed to by over 300 licensees, for 2G, 3G and 4G licenses.'" (*Id.* at 5).

Qualcomm has offered to investigate a reasonable subset of agreements to the extent Apple specifically identifies a relevant set. (*Id.* at 7). Apple has demurred because it has no way of identifying which prospective or actual licensees may have proposed different terms. (*Id.* at 6). Instead, Apple suggested that Qualcomm provide the requested response for all of the licenses listed in Exhibits 1-3 and the negotiations identified in response to Interrogatory No. 15. Qualcomm responded that those exhibits and negotiations cover thousands of agreements, addendums and other negotiations. (*Id.* at 6-7). Neither party saw fit to provide the Court with referenced responses and exhibits.

This dispute indicates a wholesale failure of the parties to cooperate meaningfully "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 1, Fed. R. Civ. P. Not only that, each party has failed to provide the Court with an adequate basis to rule on their assertions.

First, Qualcomm's objection for undue burden and lack of proportion is supported only by its claim that responding to this interrogatory would require Qualcomm to search records relating to thousands of actual or potential agreements dating back more than 30 years for proposals or requests made by licensees. (ECF No. 353 at 4). This claim is not backed up

with any evidence, such as a declaration from a knowledgeable person, regarding the extent of such records, their manner of storage, and the time and effort necessary to collect, review and produce responsive, non-privileged information. Consequently, Qualcomm's objections for undue burden and lack of proportionality are **OVERRULED.**

Apple fares no better in presenting purported quotes from Qualcomm that its licensing scheme, based upon the wholesale price of a fully assembled product, is "standard" and "typical." (*Id.* at 5). The sources of these purported quotes are not identified. No record or other citations are provided. With a docket already at 378 entries, the Court is not going to search for them.

The parties should have been able to resolve this dispute without Court intervention. The Court finds that the interrogatory is overbroad as it is not restricted in time. Despite the parties failing in their obligation to provide evidence in support of their assertions, the Court partially will accept both Qualcomm's claim regarding burden and Apple's claim regarding relevance, to the extent Apple relies on unattributed quotes purportedly from Qualcomm. The parties should have agreed on a subset of licensees for Qualcomm to use to respond to the interrogatory. At a minimum, Apple could have used the opportunity to select a number of licensees at random from the information it has been provided. At most, this dispute should have been over the number of licensees that Qualcomm had to research. Apple's decision not to compromise or cooperate, leaving this mostly as an all-or-nothing proposition, makes it difficult for the Court to rule in its favor. Apple is entitled to something but abdicated its responsibilities to work with Qualcomm on an overbroad interrogatory. The Court will resolve the dispute as provided below.

This case has been consolidated with a case carrying docket number 17-cv-1010-GPC-MDD, initiated by Qualcomm against 5 companies identified as "contract manufacturers." (*See* ECF No. 118). These contract manufacturers or "CMs" are licensees of Qualcomm and build products for Apple using, in part, Qualcomm chipsets and technologies. The Court believes it appropriate for Qualcomm to answer the disputed interrogatory regarding the CMs.

2. Interrogatory 38

Qualcomm is asked to explain, for each portion of a Standard identified in its response to Interrogatory No. 3, how each element is satisfied by that particular portion. Qualcomm is instructed, in the interrogatory, to provide a response that is as specific as possible and identify the Qualcomm personnel most knowledgeable about each assertion. (ECF No. 353 at 7-8).

Qualcomm's response covers approximately 120 pages, broken down by patent, and is technical in nature. Apple complains, that despite the volume, Qualcomm fails to explain its position that each element is satisfied and is a rehash of its response to Interrogatory No. 3. Neither party saw fit to provide the Court with Interrogatory No. 3 or the response from Qualcomm.

This dispute exemplifies the limitations of interrogatories. The question here, requiring an explanation how each portion of a particular patent satisfies a standard, may be better left to expert reports and depositions. It is not obvious to the Court that Qualcomm's response is deficient. Apple has not convinced the Court that Qualcomm is obfuscating rather than clarifying. But, Apple is correct that Qualcomm did not identify its personnel with knowledge of each assertion. Qualcomm will be required to remedy that deficiency.

## CONCLUSION

Apple's motion to compel further responses to Interrogatories 21 and 38,

as presented in this Joint Motion, is **GRANTED IN PART AND DENIED IN PART.** Within 14 days of this Order, Qualcomm is **ORDERED** to:

1. Respond fully to Interrogatory 21 limited to its licensees Compal Electronics, Inc., Pegatron Corporation, FIH Mobile Ltd ("Foxconn"), Hon Hai Precision Industry Co., Ltd., and Wistron Corporation; and,

2. In further response to Interrogatory 38, provide the identities of its personnel knowledgeable of each assertion that a standard is satisfied by a portion of a patent-in-dispute.

Dated: March 14, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge