| | |
|---|---|
| 1 | Evan R. Chesler (N.Y. Bar No. 1475722; *pro hac vice*) |
| | echesler@cravath.com |
| 2 | CRAVATH, SWAINE & MOORE LLP |
| | 825 Eighth Avenue |
| 3 | New York, NY 10019 |
| | Telephone: (212) 474-1000 |
| 4 | Facsimile: (212) 474-3700 |
| 5 | David A. Nelson (Ill. Bar No. 6209623; *pro hac vice*) |
| | davenelson@quinnemanuel.com |
| 6 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 191 N. Wacker Dr., Suite 2700 |
| 7 | Chicago, Illinois 60606 |
| | Telephone: (312) 705-7400 |
| 8 | Facsimile: (312) 705-7401 |
| 9 | Karen P. Hewitt (SBN 145309) |
| | kphewitt@jonesday.com |
| 10 | JONES DAY |
| | 4655 Executive Drive, Suite 1500 |
| 11 | San Diego, California 92121 |
| | Telephone: (858) 314-1200 |
| 12 | Facsimile: (844) 345-3178 |
| 13 | [*Additional counsel identified on signature page*] |
| 14 | *Attorneys for* |
| | QUALCOMM INCORPORATED |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE: | | No. 17-cv-0108-GPC-MDD |
| QUALCOMM LITIGATION | | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF QUALCOMM INC.'S MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIMS** |
| | | Hearing Date: June 1, 2018 |
| | | Time: 1:30 PM |
| | | Place: Courtroom 2D |
| | | Judge: Hon. Gonzalo P. Curiel |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant and Counter-Claimant Qualcomm, Inc. ("Qualcomm") hereby moves to amend its counterclaims to remove a single alternative request in its counterclaims and the corresponding prayer for relief. Specifically, Qualcomm seeks to withdraw the part of Qualcomm's First Amended Counterclaims that seeks, under certain conditions, the Court to "declare the FRAND royalty for the cellular SEP portfolio license Qualcomm has offered to Apple." (Dkt. 70 at 129; Dkt. 97 at 74-75; Declaration of John D. Kinton ["Kinton Decl."], ¶¶2-5, Ex. A at 157, 169, Ex. B at 169, Ex C at 158, 170.) Because Apple has stated it is unwilling to sign a license on FRAND terms declared by the Court, and in light of Qualcomm's need to get this complex action to trial as soon as possible, Qualcomm believes that the time and resources necessary for the Court to make a FRAND royalty determination are better directed elsewhere.

Yet, Apple inexplicably refused to stipulate to Qualcomm's proposed amendment that would remove this claim from the case. This Motion should be granted—it is timely, made without intention to delay (quite the opposite, in fact), causes no prejudice to Apple, and narrows this already-complicated case.

Removing this request would simplify the case and reduce the scope of discovery. In light of the strong presumption favoring leave to amend claims—and the lack of any prejudice, undue delay, or unfair surprise—Qualcomm respectfully requests that the Court allow its proposed amended pleading.

## Statement of Facts

*Apple Announced It Is Unwilling To Sign a License Agreement on FRAND Terms Determined by This Court*.

After Qualcomm moved to enjoin Apple's foreign lawsuits, and well after Qualcomm filed its Amended Counterclaims, Apple announced that it is unwilling to sign a license agreement on FRAND terms determined by this Court. In its opposition to Qualcomm's anti-suit injunction motion, Apple wrote that "[t]here is

also no authority for Qualcomm's proposed worldwide portfolio FRAND determination [and that] [s]uch a determination would violate due process . . . ." Dkt. 108 at 2; *see also id.* at 10 ("Constitutional due process principles would also preclude this Court from issuing a global FRAND determination for Qualcomm's asserted SEP portfolio."). Apple further asserted that none of its foreign suits "request a determination of a global FRAND rate for Qualcomm's SEP portfolio" and that "U.S. courts . . . have overwhelmingly concluded that they lack authority to engage in such inquiries." (*Id.* at 15.)

Apple repeated and even broadened these statements during oral argument regarding Qualcomm's motion. Apple stated that "[i]n fact, it is Apple's position that if someone -- if Qualcomm makes a motion for a worldwide FRAND determination, we are going to oppose it in any jurisdiction." (Hearing Tr. at 31:13-23.)

The Court recognized Apple's position in its order, Dkt. 141, noting that "[a]t oral argument, it became apparent that Apple's position is that this Court does not have the authority to adjudicate Qualcomm's counterclaim for a global FRAND determination because Apple is under no obligation to accept Qualcomm's license offer regardless of whether the offer is FRAND and because Apple has not consented to be bound by any global FRAND determination." Dkt. 141 at 18 n.5 (citations omitted).

The Court did not rule that such a determination would be advisory and, instead, explicitly reserved judgment on the issue. *Id.* ("The Court, however, need not decide [the advisory opinion] question to resolve the instant motion."). Nor is such a ruling necessary to resolve this Motion; Qualcomm merely seeks to withdraw a claim for relief pursuant to Fed. R. Civ. P. 15(a).

*Apple Refused To Stipulate To Qualcomm's Proposed Amendment.*

Qualcomm requested that Apple join this Motion during the meet and confer process. But inexplicably, Apple refused to join, forcing Qualcomm to file this Motion without knowing Apple's basis, if any, for opposing the amendment.

## Argument

### I. LEGAL STANDARD FOR GRANTING LEAVE UNDER RULE 15(A)

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). Undue delay alone "is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing under any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

### II. APPLE CAN SHOW NO PREJUDICE AS A RESULT OF THE DROPPED CLAIM

In general, prejudice under Rule 15 arises when the opposing party had no actual notice of the additional allegations and claims, and those claims significantly broadened the disputes and issues for litigation. For instance, in *In re Cell Tower Litigation*, the plaintiff sought leave to amend its complaint by changing a legal

theory years after filing the original complaint. 807 F. Supp. 2d 928, 942 (S.D. Cal. 2011), *rev'd on other grounds in part sub nom. Am. Tower Corp. v. City of San Diego*, 763 F.3d 1035 (9th Cir. 2014). Even in that case, the court rejected arguments of undue prejudice because the defendant had previously responded to the briefs advancing the theory and was therefore on notice of the new claims. *Id.*

Nothing of the sort is present here. To the contrary, Qualcomm's proposed amendment would narrow the issues before the Court and simplify the trial.

### III. OTHER *FOMAN* FACTORS LIKEWISE SUPPORT GRANTING LEAVE TO AMEND

#### A. No Undue Delay

When a party seeks leave to amend, "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD Programs*, 833 F.2d at 187 (citing *Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254, 980 (9th Cir. 1981) ("Delay alone does not provide sufficient grounds for denying leave to amend.")); *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) ("Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading.").

Delay is a factor weighing against leave to amend *only* where the defendant suffers actual prejudice from delay. *The Fund For Animals v. Hall*, 246 F.R.D. 53, 55 (D.D.C. 2007) (granting leaving to amend where defendants "focus[ed] on the extent and reasons for the delay, while glossing over any prejudice such delay would bring about"); *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 500 (E.D. Cal. 2006) (one-year delay between discovery of the counterclaims and moving to supplement did not necessitate denial of leave to amend because delay "in and of itself is not sufficient reason to deny a motion to supplement the complaint").

As discussed above, there is no prejudice to Apple, so the issue of delay is irrelevant. Regardless, Qualcomm has not unduly delayed. In order to avoid

unnecessary motion practice, Qualcomm waited for the Court's ruling on the Motion for Anti-Suit Injunction and any recent changes in Apple's position in discovery, and then asked Apple to stipulate to this amendment. (Kinton Decl., ¶¶6-7.) Apple, by its failure to consent, ultimately refused. (*Id.* at ¶¶8-15.) Under the circumstances, there was no undue delay by Qualcomm in seeking leave to file its Amended Counterclaims.

### B. No Indicia of Bad Faith

Qualcomm is not seeking to amend in "bad faith." This factor is "understood to mean such tactics as, for example, seeking to add a defendant merely to destroy diversity jurisdiction," *SAES Getters, S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citing *Soroksky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987)), or a tactic that otherwise "smacks of gaming the Court and opposing party." *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011), *aff'd,* 475 F. App'x 334 (Fed. Cir. 2012) (shifting key positions in an amended complaint filed after an adverse claim construction was bad faith). There is no indicia of bad faith here—Qualcomm simply seeks to drop a single, conditional, request for relief that Apple agrees should not be adjudicated by this Court. This factor also favors allowing the amendment.

### C. The Amendment Is Not Futile

The standard for a finding of futility is high: "a proposed amendment is futile only if *no* set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (reversing denial of leave to amend answer) (emphasis added). Here, there can be no futility because Qualcomm seeks to *remove* a claim from issue rather than add one.

### D. No Previous Amendments

Leave to amend may be denied where a pleading is proposed after "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S.

at 182. This factor has no applicability here. The claim at issue does not contain any pleading deficiencies, nor has Apple challenged their sufficiency through motions to dismiss.

### E. Judicial Economy Also Favors Leave To Supplement

The interests of judicial economy favor granting leave to amend where, as here, the proposed amendment simplifies the disputes between the parties and removes requests for relief that would now be advisory. *See Foman,* 371 U.S. at 182 ("The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.'").

### Conclusion

For the foregoing reasons, Qualcomm respectfully requests leave to file its proposed Amended Counterclaims.

DATED: April 11, 2018                     Respectfully submitted,

By  s/ John D. Kinton
       John D. Kinton

**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
(N.Y. Bar No. 2472603)
rstark@cravath.com
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651)
yeven@cravath.com

Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Stephen Swedlow (*pro hac vice*)
(Ill. Bar No. 6234550)
stephenswedlow@quinnemanuel.com
191 N. Wacker Dr., Suite 2700
Chicago, Illinois 60606
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401

Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**JONES DAY**
Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone:  (858) 314-1200
Facsimile:   (844) 345-3178

*Attorneys for Defendant and Counterclaim-Plaintiff*
**QUALCOMM INCORPORATED**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on April 11, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Executed on April 11, 2018, at San Diego, California.

                            *s/ John D. Kinton*
                            John D. Kinton
                            jkinton@jonesday.com