# EXHIBIT A

## **SPECIFIC REQUESTS IN DISPUTE**

Below are excerpts from Apple's Responses to Certain Disputed Requests for Production of Documents served on February 21, 2018 and filed in redacted form on March 9, 2018 as Exhibit A to the parties' March 9, 2018 Joint Motion for Determination of Discovery Dispute (ECF No. 365 at Ex. A), covering the Requests for Production that remain in dispute.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents Concerning the MSA, including but not limited to Documents Concerning the negotiation, drafting, and any amendment or addenda executed thereto.

**Specific Grounds for Objection:**

This Request is overly broad and unduly burdensome to the extent it calls for documents concerning ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Apple objects to the extent responsive documents are privileged, as this Request implicates documents covered by the attorney client privilege and/or attorney work product.

**Responsive Materials Being Produced:**

Apple has produced or is producing all non-privileged documents concerning ███████████████████████████████████████████████████████████████████████████

1  Apple refers Qualcomm to the spreadsheets attached as Exhibit A for the

2  status of custodial production and Exhibit B for the specific identification of

3  documents produced by Apple.

4  Apple has produced or is producing documents as set forth in its Statement of

5  Document Production. Apple will work in good faith to produce custodial

6  documents in advance of the deposition for each custodian who is deposed. Apple

7  will complete its productions on or before May 11, 2018.

8  **Responsive Materials Being Withheld:**

9  Documents related to claims ███████████████████

10 ████████████████████████████████████████

11 █████████████████████████

12 **REQUEST FOR PRODUCTION NO. 33:**

13 All Agreements in which Apple has agreed not to assert an Apple Patent

14 against a counterparty.

15 **Specific Grounds for Objection:**

16 This Request is overly broad as it seeks "All Agreements in which Apple has

17 agreed not to assert an Apple Patent against a counterparty"— i.e. regardless of the

18 technology.

19 **Responsive Materials Being Produced:**

20 Apple has or is producing the following responsive non-custodial documents:

21 SEP Agreements, Non-SEP and iPhone Licenses.

22 Apple refers Qualcomm to the spreadsheets attached as Exhibit A for the

23 status of custodial production and Exhibit B for the specific identification of

24 documents produced by Apple.

25 Apple has produced or is producing documents as set forth in its Statement of

26 Document Production. Apple will work in good faith to produce custodial

27 documents in advance of the deposition for each custodian who is deposed. Apple

28 will complete its productions on or before May 11, 2018.

**Responsive Materials Being Withheld:**

"Agreements in which Apple has agreed not to assert an Apple Patent against a counterparty," beyond those specifically enumerated above.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents Concerning any allegation by any Person that Apple has imposed, attempted to impose, or threatened to impose illegal, anticompetitive, coercive, one-sided, or unreasonable terms in an Agreement Concerning Apple Cellular Devices, components for use in Apple Cellular Devices, Apple's cellular Patents and/or intellectual property for use in Apple Cellular Devices, including without limitation the Agreement, amendments, addenda and all drafts and negotiations.

**Specific Grounds for Objection:**

This Request seeks information that is not relevant to any claim or defense in this case. Qualcomm propounded several Requests for documents relating to allegations that Apple has engaged in the sort of conduct that Qualcomm has been accused of in this case. Qualcomm says these requests are relevant to its "unclean hands" defense, but unclean hands is not a defense to an antitrust action. *Memorex Corp. v. Int'l Bus. Machines Corp.*, 555 F.2d 1379, 1381 (9th Cir. 1977). As to Apple's non-antitrust claims, Qualcomm's unclean hands defense would apply only had the alleged conduct materially prejudiced Qualcomm's ability to defend itself. *Broadcom Corp. v. Emulex Corp.*, 2011 WL 13135066, at *2 (C.D. Cal. Aug. 1, 2011). Because none of the documents sought in these Requests concerns conduct by Apple that could have materially prejudiced Qualcomm, such documents cannot support an unclean hands defense. *See, e.g.*, RFP Nos. 33, 36, 65, 132-133, 136, 140, 221-222, 235, 238, and 266.

In addition, this Request seeks is overbroad to the extent it seeks documents related to allegations against Apple for ***every*** Apple cellular device, including for the "components" used in such devices, and "***all*** drafts and negotiations." Apple is

1  already producing a large number of licenses, agreements, and valuations for large

2  categories of patents that are standards-essential, related to cellular connectivity, or

3  related to the iPhone. This request goes beyond those and seeks additional

4  documents concerning component agreements, of which there are thousands, which

5  imposes an undue burden on Apple that is disproportionate to the limited relevance

6  of these documents.

7  **Responsive Materials Being Produced:**

8  Apple will not be producing materials responsive to this Request.

9  **Responsive Materials Being Withheld:**

10  Apple will not be producing materials responsive to this Request.

11

12  **REQUEST FOR PRODUCTION NO. 65:**

13  All Documents Concerning Apple licensing or not licensing its SEPs to any

14  other Cellular Device manufacturer or seller including but not limited to (i) any

15  request by any Apple competitor to license Apple's Intellectual property and

16  Apple's response; or (ii) any allegation that Apple refused to grant a license to its

17  competitor.

18  **Specific Grounds for Objection:**

19  Based on Apple's agreement to produce certain documents, Apple does not

20  believe any dispute remains for this Request.

21  Apple objects to this Request to the extent that Qualcomm demands

22  documents for "patents related to the iPhone" beyond what Apple has produced or is

23  producing, as this is an undefined category of documents. For this Request and

24  related Requests, Apple has produced or is producing (1) all cellular SEPs; (2)

25  licenses, valuations, and agreements for Apple's Cellular SEPs, non-Cellular SEPs,

26  and cellular connectivity NEPs; and (3) licenses, valuations, and agreements for

27  other patents asserted against the iPhone. Category (3) is Apple's attempt to define

28  in tangible terms actual documents that might exist and could be reasonably located

1 for "patents related to the iPhone." Apple doesn't believe there are other responsive

2 documents that can be identified, and Qualcomm has provided no guidance on what

3 additional documents it believes would exist. *See, e.g.*, RFP Nos. 41, 55, 60, 65, 72,

4 73, 141, 142, 178, 180, 211, 214, 217, 218, 219, 220, 226, and 227.

5      **Responsive Materials Being Produced:**

6      Apple has produced or is producing (1) all cellular SEPs; (2) licenses,

7 valuations, and agreements for Apple's Cellular SEPs, non-Cellular SEPs, and

8 cellular connectivity NEPs; and (3) licenses, valuations, and agreements for other

9 patents asserted against the iPhone. Category (3) is Apple's attempt to define in

10 tangible terms actual documents that might exist and could be reasonably located for

11 "patents related to the iPhone." Apple is also producing the ███████████

12 ███████

13      Apple refers Qualcomm to the spreadsheets attached as Exhibit A for the

14 status of custodial production and Exhibit B for the specific identification of

15 documents produced by Apple.

16      Apple has produced or is producing documents as set forth in its Statement of

17 Document Production. Apple will work in good faith to produce custodial

18 documents in advance of the deposition for each custodian who is deposed. Apple

19 will complete its productions on or before May 11, 2018.

20      **Responsive Materials Being Withheld:**

21      N/A.

22

23 **REQUEST FOR PRODUCTION NO. 72:**

24      All Documents Concerning licensing any Intellectual property on a portfolio,

25 pool or family basis.

26      **Specific Grounds for Objection:**

27      Apple objects to this Request to the extent that Qualcomm demands

28 documents for "patents related to the iPhone" beyond what Apple has agreed to

produce, as this is an undefined category of documents. For this Request and related Requests, Apple has agreed to produce (1) all cellular SEPs; (2) licenses, valuations, and agreements for Apple's Cellular SEPs, non-Cellular SEPs, and cellular connectivity NEPs; and (3) licenses, valuations, and agreements for other patents asserted against the iPhone. Category (3) is Apple's attempt to define in tangible terms actual documents that might exist and could be reasonably located for "patents related to the iPhone." Apple doesn't believe there are other responsive documents that can be identified, and Qualcomm has provided no guidance on what additional documents it believes would exist. *See, e.g.*, RFP Nos. 41, 55, 60, 65, 72, 73, 141, 142, 178, 180, 211, 214, 217, 218, 219, 220, 226, and 227. To the extent that Qualcomm also seeks documents related to non-patent intellectual property or related to non-Cellular NEPs, this is too far afield from the issues in this case.

**Responsive Materials Being Produced:**

Apple has or is producing the following responsive non-custodial documents: SEP Agreements, Apple-QC Agreements, Non-SEP and iPhone Licenses, ████ ████████████████████████████████████████████████

Apple refers Qualcomm to the spreadsheets attached as Exhibit A for the status of custodial production and Exhibit B for the specific identification of documents produced by Apple.

Apple has produced or is producing documents as set forth in its Statement of Document Production. Apple will work in good faith to produce custodial documents in advance of the deposition for each custodian who is deposed. Apple will complete its productions on or before May 11, 2018.

**Responsive Materials Being Withheld:**

Documents related to "licensing any intellectual property on a portfolio, pool or family basis" beyond those specifically enumerated above. For example, Apple will not be producing documents concerning licensing of non-cellular NEPs, except those asserted against the iPhone.

**REQUEST FOR PRODUCTION NO. 120:**

All Documents Concerning all Licenses, Agreements, purchase orders or other contracts between Apple and any third party for the actual or contemplated purchase of components other than Baseband Processors which provide Apple with any payment, discount, rebate, or other benefit conditioned on the consideration, purchase or actual use of that component in Apple Cellular Devices.

**Specific Grounds for Objection:**

This Request is overbroad because it seeks information for contracts for "components other than Baseband Processors," and specifically supplier exclusivity contracts beyond those for baseband processors or for suppliers such as Qualcomm who demand such contracts. Documents relating to a supplier's agreement to supply components exclusively to Apple are not akin or comparable to the disputed agreements between Apple and Qualcomm, are thus overly burdensome and not proportional to the needs of this case. *See* FAC ¶¶ 645-46 (describing that Qualcomm offered rebates on its patent-licensing royalties on the condition that Apple purchase exclusively from Qualcomm).

**Responsive Materials Being Produced:**

Apple has produced or is producing non-privileged documents where ██████ ████████████████████████████████████████████████████ Apple has also agreed to produce documents concerning agreements where a supplier, like Qualcomm, demanded that Apple purchase components exclusively from that supplier, and Apple was forced to agree.

Apple has or is producing the following responsive non-custodial documents: (1) all cellular SEPs; (2) licenses, valuations, and agreements for Apple's Cellular SEPs, non-Cellular SEPs, and cellular connectivity NEPs; and (3) licenses, valuations, and agreements for other patents asserted against the iPhone. Category (3) is Apple's attempt to define in tangible terms actual documents that might exist and could be reasonably located for "patents related to the iPhone." Apple is also

-7-    Case No. 17-cv-0108-GPC-MDD

1  producing the █████████████████████████████████
2  ████████████████████████████████████.

3       Apple refers Qualcomm to the spreadsheets attached as Exhibit A for the

4  status of custodial production and Exhibit B for the specific identification of

5  documents produced by Apple.

6       Apple has produced or is producing documents as set forth in its Statement of

7  Document Production. Apple will work in good faith to produce custodial

8  documents in advance of the deposition for each custodian who is deposed. Apple

9  will complete its productions on or before May 11, 2018.

10      **Responsive Materials Being Withheld:**

11      Apple is withholding documents concerning contracts beyond those

12  specifically enumerated above.

13  **REQUEST FOR PRODUCTION NO. 132:**

14      All Documents Concerning Apple's refusal to guarantee any obligation to

15  purchase or supply any product or component to any third party, including all

16  instances in which Apple has been asked to unconditionally guarantee its purchase

17  commitments for components in Apple products or its sale commitment for Apple

18  products, and Apple has not guaranteed its commitment.

19      **Specific Grounds for Objection:**

20      Qualcomm's broad request for all documents concerning instances in which

21  Apple refused to guarantee any obligation to purchase or supply any product or

22  component to any third party is overbroad, overly burdensome, and not proportional

23  to the needs of the case. The Request is directed to information regarding Apple's

24  interactions with third parties and is not tailored to seek information regarding

25  baseband chipset guarantees, nor is it limited to information regarding components

26  used in cellular devices. As a result, this Request, which relates to agreements and

27  negotiations with other parties, regarding components other than baseband chipsets,

28  and products other than cellular devices, is not related to Qualcomm's refusal to

1   guarantee its supply of baseband chipsets for Apple's Cellular Devices. This

2   information is also not relevant to a FRAND determination. The question of what

3   terms Apple bargains for in its agreements to purchase or supply any product or

4   component is unrelated to the question of whether Qualcomm licenses its standard-

5   essential patents under FRAND terms.

6   Finally, Qualcomm propounded several Requests, including this, for

7   documents relating to allegations that Apple has engaged in the sort of conduct that

8   Qualcomm has been accused of in this case. Qualcomm says these requests are

9   relevant to its "unclean hands" defense, but unclean hands is not a defense to an

10  antitrust action. *Memorex Corp. v. Int'l Bus. Machines Corp.*, 555 F.2d 1379, 1381

11  (9th Cir. 1977). As to Apple's non-antitrust claims, Qualcomm's unclean hands

12  defense would apply only had the alleged conduct materially prejudiced

13  Qualcomm's ability to defend itself. *Broadcom Corp. v. Emulex Corp.*, 2011 WL

14  13135066, at *2 (C.D. Cal. Aug. 1, 2011). Because none of the documents sought in

15  these Requests concerns conduct by Apple that could have materially prejudiced

16  Qualcomm, such documents cannot support an unclean hands defense. *See, e.g*.,

17  RFP Nos. 33, 36, 65, 132-133, 136, 140, 221-222, 235, 238, and 266.

18  **Responsive Materials Being Produced:**

19  Apple will not be producing materials responsive to this Request.

20  **Responsive Materials Being Withheld:**

21  Apple will not be producing materials responsive to this Request.

22  **REQUEST FOR PRODUCTION NO. 133:**

23  All Documents Concerning Apple's limitations on its own liability for failure

24  to purchase or supply any product or component, including all instances in which

25  Apple has been asked not to cap its liability, and Apple has capped its liability.

26  **Specific Grounds for Objection:**

27  Qualcomm's broad request for all documents concerning instances in which

28  Apple limited its liability for failure to purchase or supply any product or

-9-   Case No. 17-cv-0108-GPC-MDD

1  component is overbroad, overly burdensome, and not proportional to the needs of

2  the case. The Request is directed to information regarding Apple's interactions with

3  third parties and is not tailored to seek information regarding baseband chipset

4  guarantees, nor is it limited to information regarding components used in cellular

5  devices. As a result, this Request, which relates to agreements and negotiations with

6  other parties, regarding components other than baseband chipsets, and products

7  other than cellular devices, is not related to Qualcomm's limitations on its liability

8  for failure to supply baseband chipsets for Apple's Cellular Devices. This

9  information is also not relevant to a FRAND determination. The question of what

10 terms Apple bargains for in its agreements to purchase or supply any product or

11 component is unrelated to the question of whether Qualcomm licenses its standard-

12 essential patents under FRAND terms.

13        Finally, Qualcomm propounded several Requests, including this, for

14 documents relating to allegations that Apple has engaged in the sort of conduct that

15 Qualcomm has been accused of in this case. Qualcomm says these requests are

16 relevant to its "unclean hands" defense, but unclean hands is not a defense to an

17 antitrust action. *Memorex Corp. v. Int'l Bus. Machines Corp.*, 555 F.2d 1379, 1381

18 (9th Cir. 1977). As to Apple's non-antitrust claims, Qualcomm's unclean hands

19 defense would apply only had the alleged conduct materially prejudiced

20 Qualcomm's ability to defend itself. *Broadcom Corp. v. Emulex Corp.*, 2011 WL

21 13135066, at *2 (C.D. Cal. Aug. 1, 2011). Because none of the documents sought in

22 these Requests concerns conduct by Apple that could have materially prejudiced

23 Qualcomm, such documents cannot support an unclean hands defense. *See, e.g.*,

24 RFP Nos. 33, 36, 65, 132-133, 136, 140, 221-222, 235, 238, and 266.

25        **Responsive Materials Being Produced:**

26        Apple will not be producing materials responsive to this Request.

27        **Responsive Materials Being Withheld:**

28        Apple will not be producing materials responsive to this Request.

EXHIBIT A TO JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE ]

1    **REQUEST FOR PRODUCTION NO. 134:**

2        All Documents Concerning any Person's acceptance of or refusal to guarantee

3    any obligation to purchase Apple Cellular Devices or guarantee the supply of

4    components for Apple Cellular Devices.

5        **Specific Grounds for Objection:**

6        Qualcomm's request for documents concerning other parties' acceptance or

7    refusal of guarantees to purchase Apple Cellular Devices or guarantees to supply

8    components for Apple Cellular Devices other than baseband chipsets is overbroad,

9    overly burdensome, and not proportional to the needs of the case. The Request is

10   directed to information regarding Apple's interactions with third parties and is not

11   tailored to seek information regarding baseband chipset guarantees. As a result, this

12   Request, which relates to agreements and negotiations with other parties, regarding

13   components other than baseband chipsets, is not related to Qualcomm's refusal to

14   guarantee its supply of baseband chipsets for Apple's Cellular Devices. This

15   information is also not relevant to a FRAND determination. The question of what

16   terms Apple bargains for in its agreements to purchase or supply any product or

17   component is unrelated to the question of whether Qualcomm licenses its standard-

18   essential patents under FRAND Terms.

19       Finally, Qualcomm propounded several Requests, including this, for

20   documents relating to allegations that Apple has engaged in the sort of conduct that

21   Qualcomm has been accused of in this case. Qualcomm says these requests are

22   relevant to its "unclean hands" defense, but unclean hands is not a defense to an

23   antitrust action. *Memorex Corp. v. Int'l Bus. Machines Corp.*, 555 F.2d 1379, 1381

24   (9th Cir. 1977). As to Apple's non-antitrust claims, Qualcomm's unclean hands

25   defense would apply only had the alleged conduct materially prejudiced

26   Qualcomm's ability to defend itself. *Broadcom Corp. v. Emulex Corp.*, 2011 WL

27   13135066, at *2 (C.D. Cal. Aug. 1, 2011). Because none of the documents sought in

28   these Requests concerns conduct by Apple that could have materially prejudiced

1   Qualcomm, such documents cannot support an unclean hands defense. *See, e.g.*,

2   RFP Nos. 33, 36, 65, 132-133, 136, 140, 221-222, 235, 238, and 266.

3          **Responsive Materials Being Produced:**

4   Apple will not be producing materials responsive to this Request.

5          **Responsive Materials Being Withheld:**

6   Apple will not be producing materials responsive to this Request.

7          **REQUEST FOR PRODUCTION NO. 136:**

8          All Documents Concerning Apple's refusal to agree to any proposed

9   indemnity or warranty terms with any supplier or purchaser, including but not

10  limited to all instances in which Apple has been asked to provide an indemnity or

11  warranty to the Person, and Apple has not provided that indemnity or warranty.

12         **Specific Grounds for Objection:**

13         Qualcomm's broad request for all documents concerning instances in which

14  Apple refused to agree to indemnity or warranty terms "with *any* supplier or

15  purchaser" is overbroad, overly burdensome, and not proportional to the needs of

16  the case. The Request is directed to information regarding Apple's interactions with

17  third parties and is not tailored to seek information regarding baseband chipset

18  procurement, nor is it limited to information regarding components used in cellular

19  devices. As a result, this Request, which relates to agreements and negotiations with

20  other parties, regarding components other than baseband chipsets, and products

21  other than cellular devices, is not related to Qualcomm's conduct with respect to

22  baseband chipsets for Apple's Cellular Devices. This information is also not

23  relevant to a FRAND determination. The question of what terms Apple bargains for

24  in its agreements to purchase or supply any product or component is unrelated to the

25  question of whether Qualcomm licenses its standard-essential patents under FRAND

26  terms.

27         Finally, Qualcomm propounded several Requests, including this, for

28  documents relating to allegations that Apple has engaged in the sort of conduct that

1    Qualcomm has been accused of in this case. Qualcomm says these requests are

2    relevant to its "unclean hands" defense, but unclean hands is not a defense to an

3    antitrust action. *Memorex Corp. v. Int'l Bus. Machines Corp.*, 555 F.2d 1379, 1381

4    (9th Cir. 1977). As to Apple's non-antitrust claims, Qualcomm's unclean hands

5    defense would apply only had the alleged conduct materially prejudiced

6    Qualcomm's ability to defend itself. *Broadcom Corp. v. Emulex Corp.*, 2011 WL

7    13135066, at *2 (C.D. Cal. Aug. 1, 2011). Because none of the documents sought in

8    these Requests concerns conduct by Apple that could have materially prejudiced

9    Qualcomm, such documents cannot support an unclean hands defense. *See, e.g.*,

10   RFP Nos. 33, 36, 65, 132-133, 136, 140, 221-222, 235, 238, and 266.

11           **Responsive Materials Being Produced:**

12           Apple will not be producing materials responsive to this Request.

13           **Responsive Materials Being Withheld:**

14           Apple will not be producing materials responsive to this Request.

15   **REQUEST FOR PRODUCTION NO. 140:**

16           All Documents Concerning Apple offering or entering an Agreement not to

17   assert an Apple Patent with a potential Apple competitor.

18           **Specific Grounds for Objection:**

19           This Request is overly broad as it seeks "All Documents"—not only

20   agreements—concerning "Apple offering or entering an Agreement not to assert an

21   Apple Patent with a potential Apple competitor" —i.e. regardless of the technology.

22   As decisions to offer or enter into such agreements would likely be made by a

23   lawyer, or subject to legal advice, many of the documents requested by this Request

24   would be privileged or protected by the work product doctrine.

25           **Responsive Materials Being Produced:**

26           Apple has or is producing the following responsive non-custodial documents:

27   Contract Manufacturer (CM) Agreements, ███████████████ Apple-Qualcomm

28

-13-        Case No. 17-cv-0108-GPC-MDD

1    Agreements, ████████████████████ SEP Agreements, Non-SEP and

2    iPhone Licenses.

3    　　　Apple refers Qualcomm to the spreadsheets attached as Exhibit A for the

4    status of custodial production and Exhibit B for the specific identification of

5    documents produced by Apple.

6    　　　Apple has produced or is producing documents as set forth in its Statement of

7    Document Production. Apple will work in good faith to produce custodial

8    documents in advance of the deposition for each custodian who is deposed. Apple

9    will complete its productions on or before May 11, 2018.

10    　　　**Responsive Materials Being Withheld:**

11    　　　Documents related to "Apple offering or entering an Agreement not to assert

12    an Apple Patent with a potential Apple competitor" beyond those specifically

13    enumerated above.

14    **REQUEST FOR PRODUCTION NO. 221:**

15    　　　All Documents Concerning allegations by any Person that Apple has

16    imposed, attempted to impose, or threatened to impose illegal, anticompetitive,

17    coercive, one-sided, or unreasonable contract terms with respect to the conveyance

18    or receipt of rights to intellectual property.

19    　　　**Specific Grounds for Objection:**

20    　　　This Request seeks information that is not relevant to any claim or defense in

21    this case. Qualcomm propounded several Requests for documents relating to

22    allegations that Apple has engaged in the sort of conduct that Qualcomm has been

23    accused of in this case. Qualcomm says these requests are relevant to its "unclean

24    hands" defense, but unclean hands is not a defense to an antitrust action. *Memorex*

25    *Corp. v. Int'l Bus. Machines Corp.*, 555 F.2d 1379, 1381 (9th Cir. 1977). As to

26    Apple's non-antitrust claims, Qualcomm's unclean hands defense would only apply

27    had the alleged conduct materially prejudiced Qualcomm's ability to defend itself.

28    *Broadcom Corp. v. Emulex Corp.*, 2011 WL 13135066, at *2 (C.D. Cal. Aug. 1,

2011). Because none of the documents sought in these Requests concern conduct by Apple that could have materially prejudiced Qualcomm, such documents cannot support an unclean hands defense. *See, e.g.*, RFP Nos. 33, 36, 65, 132-133, 136, 140, 221-222, 235, 238, and 266.

**Responsive Materials Being Produced:**

Apple will not be producing materials responsive to this Request.

**Responsive Materials Being Withheld:**

Apple will not be producing materials responsive to this Request.

**REQUEST FOR PRODUCTION NO. 222:**

All Documents Concerning any allegation by Apple that any Person other than Qualcomm has—with respect to the conveyance or receipt of rights to intellectual property—demanded unreasonable royalties, applied royalties discriminatorily, refused to license its competitors, refused to license its SEPs on FRAND terms, or asserted that its Patents are SEPs when in fact they are not.

**Specific Grounds for Objection:**

Qualcomm's Request No. 222 seeks irrelevant information, is overbroad, and is not proportional to the needs of this case. It seeks all of Apple's allegations that third parties have acted unreasonably with regard to any intellectual property. Like many other requests, this is a "fishing expedition into issues that are not relevant to Plaintiff's theory of liability." *Rich v. Shrader*, No. 09-CV-0652-AJB BGS, 2013 WL 3710806, at *8 (S.D. Cal. July 11, 2013). Moreover, Apple's allegations in disputes with *other* parties have no bearing on Apple's action against Qualcomm in this case. This Request is not focused on Qualcomm, the SEPs at issue in this case, or baseband processor chipsets. Producing the documents sought in this Request would cause undue burden, as it touches on countless intellectual property disputes that Apple has been involved in. Moreover, a substantial portion of the documents sought in this Request would be protected by attorney-client privilege and/or the attorney work product doctrine.

EXHIBIT A TO JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE ]

To the extent this Request concerns FRAND issues, it is cumulative, as Apple has already agreed to produce "all Documents Concerning FRAND Commitments and FRAND royalty terms," including "whether any actual or proposed License terms are or are not consistent with FRAND." (RFP No. 41.)

**Responsive Materials Being Produced:**

Apple will not be producing materials responsive to this Request.

**Responsive Materials Being Withheld:**

Apple will not be producing materials responsive to this Request.

**REQUEST FOR PRODUCTION NO. 234:**

All Documents Concerning Apple's requirement that retailers of Apple Cellular Devices in India must sell certain Apple Cellular Devices in order to have the ability to sell the newest versions of the iPhone or iPad.

**Specific Grounds for Objection:**

This Request seeks information that has no relevance to this case. Qualcomm has taken the position in the parties' briefing that this Request is pertinent to Apple's allegations regarding Qualcomm's tying of baseband chipset sales to patent licenses — but that obscures that Apple's claims relate to Qualcomm's practices in selling baseband processor chipsets and demanding that entities *also* pay for a patent license. Tying is a case-specific determination and depends on factors including the nature the product, the market, and the seller's economic power within the market. *See Cty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1157-59 (9th Cir. 2001). There is no relationship between any policies Apple may have concerning Apple Cellular Devices in India and Qualcomm's practices concerning baseband chipsets and patents.

Moreover, the Sherman Act does not apply in India.

**Responsive Materials Being Produced:**

Apple will not be producing materials responsive to this Request.

1    **Responsive Materials Being Withheld:**

2    Apple will not be producing materials responsive to this Request.

3    **REQUEST FOR PRODUCTION NO. 235:**

4    All Documents Concerning Apple's requirement that any manufacturer of

5    components or accessories for the iPad must purchase an Apple security chip.

6    **Specific Grounds for Objection:**

7    This Request seeks information that has no relevance to this case. Qualcomm

8    has taken the position in the parties' briefing that this Request is pertinent to Apple's

9    allegations regarding Qualcomm's tying of baseband chipset sales to patent licenses

10   — but that obscures that Apple's claims relate to Qualcomm's practices in selling

11   baseband processor chipsets and demanding that entities *also* pay for a patent

12   license. Tying is a case-specific determination and depends on factors including the

13   nature the product, the market, and the seller's economic power within the market.

14   *See Cty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1157-59 (9th Cir.

15   2001). There is no relationship between any policies Apple may have concerning

16   security chips and iPads, and Qualcomm's practices concerning baseband chipsets

17   and patents.

18   **Responsive Materials Being Produced:**

19   Apple will not be producing materials responsive to this Request.

20   **Responsive Materials Being Withheld:**

21   Apple will not be producing materials responsive to this Request.

22   **REQUEST FOR PRODUCTION NO. 238:**

23   All Documents Concerning Apple's policies or requirements that the use of or

24   access to its products, product infrastructure or platforms be tied together.

25   **Specific Grounds for Objection:**

26   This Request seeks information that is not relevant to any claim or defense in

27   this case. Qualcomm has not alleged a claim against Apple for product tying. It

28   cannot use its discovery request to try to dig up evidence to support a hypothetical

EXHIBIT A TO JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE ]

1  claim. *See Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004)

2  ("[C]ourts should not grant discovery requests based on pure speculation that

3  amount to nothing more than a 'fishing expedition' into actions or past wrongdoing

4  not related to the alleged claims or defenses."). Qualcomm appears to believe that if

5  Apple sometimes requires certain products to be purchased together, such evidence

6  may provide a defense to Apple's allegations that Qualcomm's practice of requiring

7  that purchasers of its chipsets also purchase a separate license for the technology

8  employed in those chipsets was illegal. However, tying is a case-specific analysis

9  that depends on factors including the nature of the product, the market, and the

10 seller's economic power within the market. *See Cty. of Tuolumne v. Sonora Cmty.*

11 *Hosp.*, 236 F.3d 1148, 1157-59 (9th Cir. 2001). There is no relationship between

12 any "policies or requirements" Apple may have concerning its products and services

13 and Qualcomm's practices concerning baseband chipsets and patents.

14      Qualcomm propounded several Requests for documents relating to allegations

15 that Apple has engaged in the sort of conduct that Qualcomm has been accused of in

16 this case. Qualcomm says these requests are relevant to its "unclean hands" defense,

17 but unclean hands is not a defense to an antitrust action. *Memorex Corp. v. Int'l Bus.*

18 *Machines Corp.*, 555 F.2d 1379, 1381 (9th Cir. 1977). As to Apple's non-antitrust

19 claims, Qualcomm's unclean hands defense would only apply had the alleged

20 conduct materially prejudiced Qualcomm's ability to defend itself. *Broadcom Corp.*

21 *v. Emulex Corp.*, 2011 WL 13135066, at *2 (C.D. Cal. Aug. 1, 2011). Because none

22 of the documents sought in these Requests concern conduct by Apple that could

23 have materially prejudiced Qualcomm, such documents cannot support an unclean

24 hands defense. *See, e.g.*, RFP Nos. 33, 36, 65, 132-133, 136, 140, 221-222, 235,

25 238, and 266.

26      **Responsive Materials Being Produced:**

27      Apple will not be producing materials responsive to this Request.

28

EXHIBIT A TO JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE ]

**Responsive Materials Being Withheld:**

Apple will not be producing materials responsive to this Request.

**REQUEST FOR PRODUCTION NO. 239:**

All Documents Concerning Apple's "App Store" pricing policies, including but not limited to (i) the Agreements under which Apple collects revenues from application developers; and (ii) any information Concerning allegations that Apple levies a tax on application developers.

**Specific Grounds for Objection:**

This Request seeks information that is not relevant to any claim or defense in this case. Apple's practices relating to the App Store cannot be compared to Qualcomm's licensing and chipset sales practices, as Qualcomm's licensing practices and FRAND obligations are governed by rules specific to the patent context. *See Impression Prod., Inc. v. Lexmark Int'l, Inc.*, 137 S. Ct. 1523, 1532 (2017); *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1030 (9th Cir. 2015). Qualcomm contends that the evidence sought by this request would show that Apple's pricing policies relating to the App Store "are monopolistic." Apple rejects Qualcomm's unfounded accusation. Regardless, documents pertaining to this contention are irrelevant as Qualcomm has not alleged a claim against Apple for pricing practices in its App Store. It cannot support its assertion of relevance using the allegations made in unrelated litigation, nor can it use its discovery request to try to dig up evidence to support a hypothetical claim. See *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("[C]ourts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses.").

Apple's App Store conduct is also irrelevant because misconduct by Apple that had no effect on Qualcomm cannot be used as a defense to Qualcomm's liability in this action. *See Memorex Corp. v. Int'l Bus. Machines Corp.*, 555 F.2d 1379, 1381 (9th Cir. 1977) ("'Unclean hands' has not been recognized as a defense

1  to an antitrust action for many years."); *Broadcom Corp. v. Emulex Corp.*, No.

2  CV1003963JVSANX, 2011 WL 13135066, at *2 (C.D. Cal. Aug. 1, 2011) (for non-

3  antitrust claims, unclean hands defense only applies where the alleged conduct

4  "materially prejudiced the defendant's ability to defend itself").

5       Qualcomm's other proffered reason for seeking information regarding

6  Apple's App Store pricing—that such information is relevant to the value that Apple

7  places on features of its own Cellular Devices and, by extension, the value of

8  Qualcomm's SEPs—also fails. Qualcomm has not offered a coherent explanation of

9  how the prices Apple charges either consumers or application developers has any

10  bearing on the value of Qualcomm's SEPs. Qualcomm's request also is not tailored

11  to gather information regarding Apps that rely on technology that falls within the

12  scope of Qualcomm's SEPs. *See Quicksilver Air, Inc. v. Helicopter Engine Repair*

13  *Overhaul Servs., Inc.*, No. 3:12-CV-00006-REB, 2012 WL 12964318, at *1 (D.

14  Idaho July 9, 2012) (holding that request must be "reasonabl[y] par[ed]" to seek

15  relevant information).

16       **Responsive Materials Being Produced:**

17       Apple will not be producing materials responsive to this Request.

18       **Responsive Materials Being Withheld:**

19       Apple will not be producing materials responsive to this Request.

20  **REQUEST FOR PRODUCTION NO. 250:**

21       All Documents Concerning any analysis done of customer demand for

22  particular applications (e.g., Uber, SnapChat, Google Maps) on Cellular Devices,

23  including information or analysis Concerning (i) which such applications most

24  enhance the value of Apple Cellular Devices and (ii) to what extent they contribute

25  to the revenues or profits from the sale of Apple Cellular Devices.

26       **Specific Grounds for Objection:**

27       This request is vague and ambiguous as to the application information sought,

28  and impermissibly overbroad to the extent it seeks information regarding every

1    application. For example, although the Request lists three examples, it is unclear

2    what "particular applications" to which it is directed. Moreover, documents relating

3    to customer demand for third party applications are not relevant to any claim or

4    defense in this case, and Qualcomm has not identified any nexus between the

5    applications and Qualcomm's patents, much less their valuation.

6    **Responsive Materials Being Produced:**

7    Apple will not be producing materials responsive to this Request.

8    **Responsive Materials Being Withheld:**

9    Apple will not be producing materials responsive to this Request.

10   **REQUEST FOR PRODUCTION NO. 264:**

11   All Documents Concerning any Apple allegation that any Person has imposed

12   or attempted to impose "anticompetitive" contract terms on Apple or otherwise

13   violated antitrust or competition law, including any such Apple allegations

14   Concerning a component supplier for Apple Cellular Devices, purchaser of Apple

15   Cellular Devices, Network Operator, or Cellular SEP-holder.

16   **Specific Grounds for Objection:**

17   Apple objects to this Request on the grounds that it not relevant to the claims

18   or defenses in this case, particularly as the Request seeks documents unrelated to

19   Qualcomm's illegal and anticompetitive actions, Apple and Qualcomm agreements,

20   or SEPs and Baseband Processor chipsets. Allegations Apple has made regarding

21   Persons other than Qualcomm concerning "'anticompetitive' contract terms" or

22   "violat[ions] [of] antitrust or competition law" (to the extent there are any) are not

23   relevant to this Action.

24   Finally, Qualcomm has not shown that Apple's suits against other parties

25   could have materially prejudiced Qualcomm's ability to defend itself such that they

26   might be relevant. This request does not therefore seek relevant information because

27   it goes to the equitable defense of whether Apple has unclean hands, which is not a

28   recognized defense to antitrust claims. *Broadcom Corp. v. Qualcomm Inc.*, No.

1   08CVI607 WQH LSP, 2009 WL 650576, at *11 (S.D. Cal. Mar. 11, 2009) ("The

2   defense of unclean hands does not apply to antitrust claims."). As to Apple's

3   remaining contract and patent claims, Qualcomm's implicit contention that Apple

4   charged monopolistic prices *to others* or was charged those prices *by third parties*

5   on *any* product, component, or patent cannot support any unclean hands defense

6   asserted by Qualcomm here because Apple's alleged conduct has not "materially

7   prejudiced [Qualcomm]'s ability to defend itself." *Broadcom Corp. v. Emulex*

8   *Corp.*, No. V1003963JVSANX, 2011 WL 13135066, at *2 (C.D. Cal. Aug. 1, 2011)

9   (requiring a "direct nexus" between misconduct and claim).

10      **Responsive Materials Being Produced:**

11      Apple has or is producing millions of documents related to its claims that

12   Qualcomm has violated antitrust and competition law.

13      Apple refers Qualcomm to the spreadsheets attached as Exhibit A for the

14   status of custodial production and Exhibit B for the specific identification of

15   documents produced by Apple.

16      Apple has produced or is producing documents as set forth in its Statement of

17   Document Production. Apple will work in good faith to produce custodial

18   documents in advance of the deposition for each custodian who is deposed. Apple

19   will complete its productions on or before May 11, 2018.

20      **Responsive Materials Being Withheld:**

21      Documents related to claims that companies other than Qualcomm have

22   violated antitrust or competition law.

23   **REQUEST FOR PRODUCTION NO. 266:**

24      All Documents and Communications Concerning Apple being charged or

25   charging a "monopolistic premium" for any product, component or any intellectual

26   property.

27

28

1    **Specific Grounds for Objection:**

2        This request does not seek relevant information because it goes to the

3    equitable defense of whether Apple has unclean hands, which is not a recognized

4    defense to antitrust claims. *Broadcom Corp. v. Qualcomm Inc.*, No. 08CVI607

5    WQH LSP, 2009 WL 650576, at *11 (S.D. Cal. Mar. 11, 2009) ("The defense of

6    unclean hands does not apply to antitrust claims."). As to Apple's remaining

7    contract and patent claims, Qualcomm's implicit contention that Apple charged

8    monopolistic prices *to others* or was charged those prices *by third parties* on *any*

9    product, component, or patent cannot support any unclean hands defense asserted by

10   Qualcomm here because Apple's alleged conduct has not "materially prejudiced

11   [Qualcomm]'s ability to defend itself." *Broadcom Corp. v. Emulex Corp.*, No.

12   V1003963JVSANX, 2011 WL 13135066, at *2 (C.D. Cal. Aug. 1, 2011) (requiring

13   a "direct nexus" between misconduct and claim). Finally, many of the documents

14   requested by this Request fall under attorney-client privilege and/or work product

15   doctrine, as they relate to Apple employee communications requesting and/or

16   providing legal advice, rough drafts of agreements, and attorney work product such

17   as legal analysis of license terms or patent valuation.

18       **Responsive Materials Being Produced:**

19       Apple will not be producing materials responsive to this Request.

20       **Responsive Materials Being Withheld:**

21       Apple will not be producing materials responsive to this Request.

22   **REQUEST FOR PRODUCTION NO. 278:**

23       All Documents Concerning the extent to which Apple Cellular Devices

24   comply with Cellular Standards or practice any Qualcomm Patent.

25       **Specific Grounds for Objection:**

26       This Request is overly broad as it seeks "All Documents Concerning the

27   extent to which Apple Cellular Devices comply with Cellular Standards or practice

28   any Qualcomm Patent" —i.e. regardless of the timeframe or specific cellular

-23-       Case No. 17-cv-0108-GPC-MDD

1  standard. This Request is vague and calls for legal and expert conclusions to

2  determine the scope of the technology that "practice[s] any Qualcomm patent."

3  Apple's decisions concerning Cellular Standards other than CDMA, WCDMA, LTE

4  and WiMAX have no bearing on the claims and defenses in the Action.

5       **Responsive Materials Being Produced:**

6       Apple has or is producing the following responsive non-custodial documents

7  that will show the extent to which Apple Cellular devices comply with certain

8  Cellular Standards: Technical specification, user guides, product briefs, ███████

9  ████████████████████████████████████████ Standards, and baseband

10  source code.

11       Apple refers Qualcomm to the spreadsheets attached as Exhibit A for the

12  status of custodial production and Exhibit B for the specific identification of

13  documents produced by Apple.

14       Apple has produced or is producing documents as set forth in its Statement of

15  Document Production. Apple will work in good faith to produce custodial

16  documents in advance of the deposition for each custodian who is deposed. Apple

17  will complete its productions on or before May 11, 2018.

18       **Responsive Materials Being Withheld:**

19       Apple is not withholding non-privileged documents to the extent they are

20  included within the non-custodial and custodial collections identified in the

21  Statement of Production.

22  **REQUEST FOR PRODUCTION NO. 283:**

23       All Documents Concerning the marketing of Apple Cellular Devices

24  containing Qualcomm Baseband Processors or Intel Baseband Processors, including

25  but not limited to Documents Concerning launch events for Apple Cellular Devices

26  containing Qualcomm Baseband Processors or Intel Baseband Processors.

27

28

**Specific Grounds for Objection:**

On its face, this Request calls for "All Documents" concerning the marketing of *every* Apple Cellular Device, and is facially overbroad and disproportional to the needs of the case. In response to several of Qualcomm's prior RFPs, see, e.g., 184, 246, 279, 283, and 284, Apple has produced or is producing numerous categories of documents concerning Apple's advertising, including final representative advertisements for Apple Cellular Devices and Apple non-Cellular Devices with cellular analogues, videos of keynote presentations from iPhone launch events, exemplar iPhone marketing guides, and any marketing materials that reference the supplier, the part number, or model number of the baseband processor in an Apple cellular device. Apple has also agreed to produce documents sufficient to show its spending on advertising and promotion of the iPhone and iPod Touch. Qualcomm's RFP Nos. 354, 356-358 demand more, namely all "communications relating to" Apple's advertising and all amounts spent on research for the iPhone and iPod Touch, without offering any argument regarding their incremental relevance over and above documents Apple has already agreed to produce, such as Apple's actual advertisements, consumer research, buyer and user surveys, and documents concerning the drivers of consumer demand for Cellular Devices. Any further production beyond the documents Apple has already agreed to produce would be unnecessary and not proportional to the needs of the case.

**Responsive Materials Being Produced:**

Apple has produced or is producing numerous categories of documents concerning Apple's advertising, including final representative advertisements for Apple Cellular Devices and Apple non-Cellular Devices with cellular analogues, videos of keynote presentations from iPhone launch events, exemplar iPhone marketing guides, and any marketing materials that reference the supplier, the part number, or model number of the baseband processor in an Apple cellular device.

1  Apple has also agreed to produce documents sufficient to show its spending on

2  advertising and promotion of the iPhone and iPod Touch.

3      Apple refers Qualcomm to the spreadsheets attached as Exhibit A for the

4  status of custodial production and Exhibit B for the specific identification of

5  documents produced by Apple.

6      Apple has produced or is producing documents as set forth in its Statement of

7  Document Production. Apple will work in good faith to produce custodial

8  documents in advance of the deposition for each custodian who is deposed. Apple

9  will complete its productions on or before May 11, 2018.

10     **Responsive Materials Being Withheld:**

11     Documents related to "the marketing of Apple Cellular Devices containing

12  Qualcomm Baseband Processors or Intel Baseband Processors" beyond those

13  specifically enumerated above. For example, Apple will not be draft advertisements

14  or draft marketing materials.

15 **REQUEST FOR PRODUCTION NO. 324:**

16     All Documents Concerning any security measures You have implemented –

17  whether electronic, procedural, or otherwise – Concerning source code, including

18  but not limited to source code provided to Apple by Qualcomm and referred to as

19  "Restricted Software" under the MSA.

20     **Specific Grounds for Objection:**

21     Request Nos. 324, 325, and 359—seek documents concerning ███████████

22  ████████████████████████████████████████████████████████████

23  ████████████████████████████████—which have no

24  relevance to the claims in this case. This Request seeks documents re "security

25  measures" for Apple's handling of Qualcomm's source code, which is irrelevant to

26  any claim or defense in this case. Apple has produced or is producing source code

27  for the baseband processors in this case, and nothing requires production of security

28  measures relating to that code. Qualcomm is already litigating a breach of

confidentiality action against Apple in San Diego Superior Court and that Court is the appropriate forum for such requests.

**Responsive Materials Being Produced:**



Apple made available for inspection all baseband source code identified above on Tuesday, February 20, 2018.

**Responsive Materials Being Withheld:**

Documents related to access to, security for, and use of Qualcomm source code, beyond the source code itself.

**REQUEST FOR PRODUCTION NO. 325:**

All Documents Concerning Apple's access to Qualcomm's source code since the filing of this Action.

**Specific Grounds for Objection:**

This Request seeks documents regarding "Apple's access to Qualcomm's source code," which is irrelevant to any issue being litigated in this case. Apple has produced or is producing source code for the baseband processors in this case, and nothing requires production of security measures relating to that code. Qualcomm is

-27-    Case No. 17-cv-0108-GPC-MDD

1 already litigating a breach of confidentiality action against Apple in San Diego

2 Superior Court and that Court is the appropriate forum for such requests.

3    **Responsive Materials Being Produced:**



16    Apple made available for inspection all baseband source code for Apple

17 cellular devices since the iPhone 6 on Tuesday, February 20, 2018.

18    **Responsive Materials Being Withheld:**

19    Documents related to access to, security for, and use of Qualcomm source

20 code, beyond the source code itself.

21 **REQUEST FOR PRODUCTION NO. 338:**

22    All Documents Concerning mergers, acquisitions, joint ventures, and other

23 strategic alliances having any impact on the Apple Cellular Device business

24    **Specific Grounds for Objection:**

25    Qualcomm's RFP Nos. 338 and 339 seek "all documents concerning" any of

26 Apple's mergers, acquisitions, or joint ventures that relate to Apple's Cellular

27 Device business and all "proposed or actual Agreements or covenants" with *any*

28 "other manufacturer of Cellular Devices" or "regarding any of Apple's joint

ventures for or affiliates in the sale of Cellular Devices." Qualcomm argues that these overbroad requests are relevant because Apple has propounded similar requests on Qualcomm. Apple's related, narrower requests concern only Qualcomm's cellular technology or baseband products, and, in any event, are not a basis for reciprocal requests from Qualcomm. *Qualcomm's* monopolistic conduct, not Apple's conduct, is at the center of this case. There are no claims or defenses in this matter that concern any of Apple's mergers, acquisitions, joint ventures, or agreements with other cellular device manufacturers.

**Responsive Materials Being Produced:**

Apple will not be producing materials responsive to this Request.

**Responsive Materials Being Withheld:**

Apple will not be producing materials responsive to this Request.

**REQUEST FOR PRODUCTION NO. 339:**

All Documents Concerning proposed or actual Agreements or covenants – including but not limited to the negotiation, drafting, amendments or renewals of any such Agreements or covenants – (1) with any other manufacturer of Cellular Devices, or (2) regarding any of Apple's joint ventures for or affiliates in the sale of Cellular Devices.

**Specific Grounds for Objection:**

Qualcomm's RFP Nos. 338 and 339 seek "all documents concerning" any of Apple's mergers, acquisitions, or joint ventures that relate to Apple's Cellular Device business and all "proposed or actual Agreements or covenants" with *any* "other manufacturer of Cellular Devices" or "regarding any of Apple's joint ventures for or affiliates in the sale of Cellular Devices." Qualcomm argues that these overbroad requests are relevant because Apple has propounded similar requests on Qualcomm. Apple's related, narrower requests concern only Qualcomm's cellular technology or baseband products, and, in any event, are not a basis for reciprocal requests from Qualcomm. *Qualcomm's* monopolistic conduct,

1  not Apple's conduct, is at the center of this case. There are no claims or defenses in

2  this matter that concern any of Apple's mergers, acquisitions, joint ventures, or

3  agreements with other cellular device manufacturers In addition, many of the

4  documents requested by this RFP fall under attorney-client privilege and/or work

5  product doctrine, as they relate to Apple employee communications requesting

6  and/or providing legal advice, drafts of agreements, and attorney work product such

7  as legal analyses of potential agreements.

8      **Responsive Materials Being Produced:**

9      Apple will not be producing materials responsive to this Request.

10     **Responsive Materials Being Withheld:**

11     Apple will not be producing materials responsive to this Request.

12 **REQUEST FOR PRODUCTION NO. 354:**

13     All Documents and Communications relating to Apple's advertisement of

14 Apple Cellular Devices and Apple Non-Cellular Devices since 2007.

15     **Specific Grounds for Objection:**

16     On its face, this Request calls for "All Documents" concerning Apple's

17 advertising for *every Apple product* since 2007, and is facially overbroad and

18 disproportional to the needs of the case. In response to several of Qualcomm's prior

19 RFPs, see, e.g., 184, 246, 279, 283, and 284, Apple has produced or is producing

20 numerous categories of documents concerning Apple's advertising, including final

21 representative advertisements for Apple Cellular Devices and Apple non-Cellular

22 Devices with cellular analogues, videos of keynote presentations from iPhone

23 launch events, exemplar iPhone marketing guides, and any marketing materials that

24 reference the supplier, the part number, or model number of the baseband processor

25 in an Apple cellular device. Apple has also agreed to produce documents sufficient

26 to show its spending on advertising and promotion of the iPhone and iPod Touch.

27 Qualcomm's RFP Nos. 354, 356-358 demand more, namely all "communications

28 relating to" Apple's advertising and all amounts spent on research for the iPhone

EXHIBIT A TO JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE ]

and iPod Touch, without offering any argument regarding their incremental relevance over and above documents Apple has already agreed to produce, such as Apple's actual advertisements, consumer research, buyer and user surveys, and documents concerning the drivers of consumer demand for Cellular Devices. Any further production beyond the documents Apple has already agreed to produce would be unnecessary and not proportional to the needs of the case.

**Responsive Materials Being Produced:**

Apple has produced or is producing numerous categories of documents concerning Apple's advertising, including final representative advertisements for Apple Cellular Devices and Apple non-Cellular Devices with cellular analogues, videos of keynote presentations from iPhone launch events, exemplar iPhone marketing guides, and any marketing materials that reference the supplier, the part number, or model number of the baseband processor in an Apple cellular device. Apple has also agreed to produce documents sufficient to show its spending on advertising and promotion of the iPhone and iPod Touch. Apple refers Qualcomm to the spreadsheets attached as Exhibit A for the status of custodial production and Exhibit B for the specific identification of documents produced by Apple.

Apple refers Qualcomm to the spreadsheets attached as Exhibit A for the status of custodial production and Exhibit B for the specific identification of documents produced by Apple.

Apple has produced or is producing documents as set forth in its Statement of Document Production. Apple will work in good faith to produce custodial documents in advance of the deposition for each custodian who is deposed. Apple will complete its productions on or before May 11, 2018.

**Responsive Materials Being Withheld:**

Documents related to "Apple's advertisement of Apple Cellular Devices and Apple Non-Cellular Devices since 2007" beyond those specifically enumerated

above. For example, Apple will not be producing documents concerning technology
or devices not at issue in this case.

**REQUEST FOR PRODUCTION NO. 356:**

Documents sufficient to identify all iPhone features that Apple has publicly
identified or discussed in all advertisements since 2007, including but not limited to
all televised advertising campaigns.

**Specific Grounds for Objection:**

In response to several of Qualcomm's prior RFPs, see, e.g., 184, 246, 279,
283, and 284, Apple has produced or is producing numerous categories of
documents concerning Apple's advertising, including final representative
advertisements for Apple Cellular Devices and Apple non-Cellular Devices with
cellular analogues, videos of keynote presentations from iPhone launch events,
exemplar iPhone marketing guides, and any marketing materials that reference the
supplier, the part number, or model number of the baseband processor in an Apple
cellular device. Apple has also agreed to produce documents sufficient to show its
spending on advertising and promotion of the iPhone and iPod Touch. Qualcomm's
RFP Nos. 354, 356-358 demand more, namely all "communications relating to"
Apple's advertising and all amounts spent on research for the iPhone and iPod
Touch, without offering any argument regarding their incremental relevance over
and above documents Apple has already agreed to produce, such as Apple's actual
advertisements, consumer research, buyer and user surveys, and documents
concerning the drivers of consumer demand for Cellular Devices. Any further
production beyond the documents Apple has already agreed to produce would be
unnecessary and not proportional to the needs of the case.

**Responsive Materials Being Produced:**

Apple has produced or is producing final representative advertisements for
Apple Cellular Devices (including iPhones), which fully satisfies this request.

1    Apple has produced or is producing documents as set forth in its Statement of

2    Document Production. Apple will work in good faith to produce custodial

3    documents in advance of the deposition for each custodian who is deposed. Apple

4    will complete its productions on or before May 11, 2018.

5    **Responsive Materials Being Withheld:**

6    N/A

7    **REQUEST FOR PRODUCTION NO. 357:**

8    Documents sufficient to show, by type and by product, all amounts paid by

9    Apple for advertising, promotion and/or research for iPhone since 2007.

10    **Specific Grounds for Objection:**

11    This Request is overbroad and not proportional to the needs of the case to the

12    extent it seeks documents concerning "research for [the] iPhone since 2007."

13    Apple's spending on research related to the iPhone is not relevant to any claim or

14    defense in this case, and in any case would not be proportional to the needs of this

15    case, particularly particularly given that Apple has produced or is producing

16    documents sufficient to show amounts paid by Apple for advertising and promotion

17    of the iPhone since 2007.

18    **Responsive Materials Being Produced:**

19    Apple has produced or is producing documents sufficient to show "amounts

20    paid by Apple for advertising [or] promotion" of the iPhone since 2007.

21    Apple has produced or is producing documents as set forth in its Statement of

22    Document Production. Apple will work in good faith to produce custodial

23    documents in advance of the deposition for each custodian who is deposed. Apple

24    will complete its productions on or before May 11, 2018.

25    **Responsive Materials Being Withheld:**

26    Documents related to "all amounts paid by Apple for . . . research for [the]

27    iPhone since 2007."

28

-33-    Case No. 17-cv-0108-GPC-MDD

**REQUEST FOR PRODUCTION NO. 358:**

Documents sufficient to show, by type and by product, all amounts paid by Apple for advertising, promotion and/or research for iPod Touch since 2007.

**Specific Grounds for Objection:**

In response to several of Qualcomm's prior RFPs, see, e.g., 184, 246, 279, 283, and 284, Apple has produced or is producing numerous categories of documents concerning Apple's advertising, including final representative advertisements for Apple Cellular Devices and Apple non-Cellular Devices with cellular analogues, videos of keynote presentations from iPhone launch events, exemplar iPhone marketing guides, carrier aggregation marketing, and any marketing materials that reference the supplier, the part number, or model number of the baseband processor in an Apple cellular device. Apple has also agreed to produce documents sufficient to show its spending on advertising and promotion of the iPhone and iPod Touch. Qualcomm's RFP Nos. 354, 356-358 demand more, namely all "communications relating to" Apple's advertising and all amounts spent on research for the iPhone and iPod Touch, without offering any argument regarding their incremental relevance over and above documents Apple has already agreed to produce, such as Apple's actual advertisements, consumer research, buyer and user surveys, and documents concerning the drivers of consumer demand for Cellular Devices. Any further production beyond the documents Apple has already agreed to produce would be unnecessary and not proportional to the needs of the case. Qualcomm has also failed to offer any reasoned argument as to how Apple's spending on research for the iPhone and iPod Touch is relevant and proportional to the needs of the case.

**Responsive Materials Being Produced:**

Apple has produced or is producing numerous categories of documents concerning Apple's advertising, including final representative advertisements for Apple Cellular Devices and Apple non-Cellular Devices with cellular analogues,

-34-    Case No. 17-cv-0108-GPC-MDD

videos of keynote presentations from iPhone launch events, exemplar iPhone marketing guides, carrier aggregation marketing, and any marketing materials that reference the supplier, the part number, or model number of the baseband processor in an Apple cellular device. Apple has also agreed to produce documents sufficient to show its spending on advertising and promotion of the iPhone and iPod Touch. Apple refers Qualcomm to the spreadsheets attached as Exhibit A for the status of custodial production and Exhibit B for the specific identification of documents produced by Apple.

Apple refers Qualcomm to the spreadsheets attached as Exhibit A for the status of custodial production and Exhibit B for the specific identification of documents produced by Apple.

Apple has produced or is producing documents as set forth in its Statement of Document Production. Apple will work in good faith to produce custodial documents in advance of the deposition for each custodian who is deposed. Apple will complete its productions on or before May 11, 2018.

**Responsive Materials Being Withheld:**

Documents related to "all amounts paid by Apple for advertising, promotion and/or research for iPod Touch since 2007" beyond those specifically enumerated above. For example, Apple will not be producing documents concerning patents, technology, or devices not at issue in this case.

**REQUEST FOR PRODUCTION NO. 359:**

All Documents Concerning the use of Qualcomm's technology, information, source code, or know-how for Intel-related projects or Intel-produced Baseband Processors, including but not limited to, all Documents and Communications Concerning a "reference device" or "reference devices."

**Specific Grounds for Objection:**

This request seeks irrelevant information about Apple's use of Qualcomm's technology and source code, which refers to the actual mechanics of accessing the

EXHIBIT A TO JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE ]

1  code, and has nothing to do with the issues being litigated in this case. It relates to

2  claims that Apple has misappropriated Qualcomm technology for us in Intel's

3  competing modems, an issue that is being litigated in San Diego County Superior

4  Court (Case No. 37-2017-00041389-CU-BC-NC) in which Qualcomm has alleged a

5  breach of contract by Apple of certain confidentiality provisions of the agreement

6  governing Apple's handling of Qualcomm's source code. Apple strongly contests

7  the allegations in that case, and Qualcomm's attempt to get discovery related only to

8  claims in that case in a separate, parallel litigation is inappropriate.

9      **Responsive Materials Being Produced:**



22      Apple made the baseband source code available for production on Tuesday,

23  February 20, 2018.

24      **Responsive Materials Being Withheld:**

25      Documents related to "the use of Qualcomm's technology, information,

26  source code, or know-how for Intel-related projects or Intel-produced Baseband

27  Processors" beyond the source code itself.

28

EXHIBIT A TO JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE ]