Evan R. Chesler (N.Y. Bar No. 1475722; *pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623; *pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Dr., Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (844) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for*
QUALCOMM INCORPORATED

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION | No. 17-cv-0108-GPC-MDD <br><br> **DECLARATION OF JOSEPH C. SARLES IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |

# DECLARATION OF JOSEPH C. SARLES

I, Joseph C. Sarles, declare as follows:

1. I am a member of the bar of the State of California and am admitted to practice before this Court. I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for defendant Qualcomm Inc. ("Qualcomm"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2. The Court held a hearing in this matter on February 7, 2018. During that hearing, Apple represented that, as to the scope of patents and license agreements at issue, Apple agreed to produce, "all the cellular standard-essential patent license agreements that Apple has . . . the other noncellular standard-essential patents as well as all the patent agreements, the license agreements relating to the iPhone." 2/7/18 Hearing Tr. at 46:12-18.

3. During that hearing, the Court ordered Apple to provide a further response to Qualcomm's First Set of Requests for Production and Qualcomm's Second Set of Requests for Production. On February 21, 2018, Apple served these supplemental responses.

4. On February 26, 2018, the parties participated in a telephonic meet and confer regarding Apple's supplemental responses to Qualcomm's First Set of Requests for Production and Qualcomm's Second Set of Requests for Production.

5. During the February 26 meet and confer, Apple clarified that for a number of Requests it would agree to produce (1) all cellular SEPs; (2) licenses, valuations, and agreements for Apple's cellular SEPs, non-Cellular SEPs, and cellular connectivity NEPs; and (3) licenses, valuations, and agreements for other patents related to the iPhone. For category (3), Apple confirmed the statement made to the Court on February 7 and that it was agreeing to produce licenses, valuations, and agreements for other patents "related to" the iPhone. Apple also confirmed that its production of responsive documents within these categories is not

-1-

Case No. 17-cv-0108-GPC-MDD
DECLARATION OF JOSEPH C. SARLES

limited to Apple's own patents but instead also includes all license agreements and other documents in those three categories as to which Apple is a patent licensee as well. This agreement was memorialized in February 26 and February 27 emails between the parties, and resolved the parties' disputes for a number of Requests, and narrowed the dispute for other Requests.

6. The parties submitted a Joint Motion for Determination of Discovery Dispute on March 9, 2018 (ECF No. 365) regarding the outstanding disputes concerning Apple's responses to Qualcomm's Requests for Production.

7. On March 21, the parties participated in a teleconference with the Court regarding that Joint Motion.

8. On March 22, 2018, this Court issued an Order denying the Joint Motion without prejudice and directing the parties to meet and confer to further narrow the scope of the parties' dispute (ECF No. 387).

9. On March 26, 2018, I sent a letter to counsel for Apple setting forth Qualcomm's positions as to the remaining disputes, proposing means of narrowing certain disputes, and requesting to meet and confer.

10. On March 30, 2018, the parties participated in a telephonic meet and confer session. Through that meet and confer session and subsequent emails and letters exchanged between the parties, the parties were able to resolve their dispute as to several categories of Requests for Production, as well as to narrow the dispute with respect to others.

11. In connection with the parties' negotiations regarding the Requests for Production relating to the Prevalence of Conduct Apple Alleges Is Unfair, the parties agreed that whatever scope the parties agreed to with respect to Interrogatory No. 28 would also be applied to these Requests for Production to the extent such a limitation is applicable, *i.e.*, the parties agreed to narrow the scope of these Requests for Production to the same component suppliers concerning which Apple agrees to respond for Interrogatory No. 28. Further, with respect to this same category of

Requests for Production, Apple agreed to produce agreements responsive to these Requests for Production. However, Apple indicated that it wished to defer production of all other responsive discovery until a later time, a proposal that Qualcomm rejected.

12. With respect to Alleged Breach of Master Software Agreement (RFP 31), Apple has offered to withdraw its Affirmative Defense No. 26 and to limit its Affirmative defense No. 22 to assert only that Apple did not breach the specific section of the MSA that Qualcomm alleges was breached. Qualcomm asked Apple to stipulate that Qualcomm has performed all material terms of the MSA, but Apple refused that request.

13. On April 9, 2018, the parties submitted a stipulation extending the deadline for filing the Joint Motion concerning remaining disputes to April 13, 2018 (ECF No. 410). The Court entered that stipulation on April 10, 2018 (ECF No. 412).

14. Between April 9 and the date of the concurrently-filed Joint Motion, the parties further narrowed the scope of their disputes.

15. However, there are remaining disagreements concerning some of Apple's responses to Qualcomm's First Set of Requests for Production and Qualcomm's Second Set of Requests for Production.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 13, 2018, at Los Angeles, California.

*s/ Joseph C. Sarles*
Joseph C. Sarles

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on April 13, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*s/ Joseph C. Sarles*
Joseph C. Sarles