Case 3:17-cv-00108-GPC-MDD   Document 430   Filed 04/16/18   PageID.19769   Page 1 of 4

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: QUALCOMM LITIGATION | Case No.: 17-cv-0108-GPC-MDD |
|---|---|
| | **ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY REGARDING APPLE'S SUPPLEMENTAL RESPONSE TO QUALCOMM'S INTERROGATORY NO. 36**<br><br>**[ECF NO. 424]** |

This Joint Motion was filed on April 11, 2018. It involves an interrogatory response by Apple previously addressed by the Court in an Order dated March 13, 2018. (ECF No. 375). In Qualcomm's Interrogatory 36, Apple is asked to identify all Apple email aliases concerning Qualcomm and all persons who have been a member or received any email mailing lists concerning Qualcomm. Qualcomm specifically identified the alias "mav.eur.com." Apple responded that the "mav.eur.com" alias actually was set up by Qualcomm and disclosed its members. Apple also responded that it has not identified any other email lists or alias concerning Qualcomm. The

Court found that response sufficient. Since then, according to Qualcomm, it has identified "dozens of additional Qualcomm-related alias that Apple apparently maintains…" and lists seven aliases, in the sealed portion of this motion, at the suffix "**@group.apple.com." (ECF No. 424 at 4).[1] Qualcomm wants Apple to produce the list of email aliases and listservs that relate to Qualcomm, and the membership of these groups. Apple presses its argument regarding relevance and burden.

## Legal Standard

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

---

[1] The Court will reference page numbers as supplied by CM/ECF rather than original pagination throughout.

## DISCUSSION

The Court agrees with Apple that identifying Apple email aliases and the membership of any email lists regarding Qualcomm is of limited relevance. The Court agrees with Qualcomm that Apple has not demonstrated that the burden of compliance is substantial. In connection with the earlier dispute regarding this Interrogatory, Apple stated: "Months ago, Apple began an investigation into 'all Apple email aliases concerning Qualcomm,' but Apple's investigation to date has not yielded information other than the 'mav-eur.com' email aliases." (*See* ECF No. 347 at 36). It appears to the Court that the addresses identified by Qualcomm are "aliases." Apple has not explained how it is that their investigation did not identify these email groups or aliases.

Nevertheless, this all seems much ado about very little. To the extent that the actual communications over these aliases or groups had relevance to the litigation at hand, presumably those communications would have been or will be collected by Apple in response to other Qualcomm discovery requests and produced unless privileged. The relevance of merely identifying the email addresses of persons who are members of these groups appears marginal.

The Court rules that to the extent that Qualcomm has identified and continues to identify Apple email aliases, groups and listservs, including the seven identified in the sealed portion of this motion, that discuss Qualcomm, issues with Qualcomm and/or discuss Qualcomm technologies, Apple must identify the membership of those groups. This obligation will be a continuing obligation.

Independent of addresses discovered by Qualcomm and presented to Apple, the Court accepts that there is some burden in searching for email

aliases or groups that "concern Qualcomm." Not all of the aliases identify Qualcomm in their nomenclature (although one of the seven presented by Qualcomm does have "_qual_" in its title), and having to search the content of the communications of each group for connections to Qualcomm appears not proportional. Consequently, considering the limited relevance of this information, the Court will not require Apple to conduct a full investigation but will require Apple to identify Apple aliases and group mail addresses, and the membership of these aliases and groups, that identify Qualcomm or a known aka for Qualcomm, in its naming convention.

## CONCLUSION

Qualcomm's motion to compel, as presented in this Joint Motion, is **GRANTED IN PART.** Apple is **ORDERED:**

1. To the extent that Qualcomm has identified and continues to identify Apple email aliases, groups and listservs, that discuss Qualcomm, issues with Qualcomm and/or discuss Qualcomm technologies, Apple must identify the membership of those groups. This obligation will be a continuing obligation.

2. Apple must search for and identify Apple aliases and group mail addresses or listservs, and the membership of these aliases, groups and listservs, that identify Qualcomm or a known aka for Qualcomm, in its naming convention.

Apple is to provide further responses to Interrogatory 36, as provided herein, within 14 days of this Order.

Dated:   April 16, 2018

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge