1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

8
9
10
11

IN RE: QUALCOMM LITIGATION,

12  Case No. 3:17-cv-0108-GPC-MDD

13  **ORDER**

14  **(1) GRANTING QUALCOMM'S MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIMS**

15

16  **[DKT. NO. 422]**

17  **(2) GRANTING QUALCOMM'S MOTION TO SEAL**

18

19  **[DKT. NO. 416]**

20
21
22
23
24
25
26
27
28

1

# I. MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIMS

Before the Court is Qualcomm's Motion for Leave to File Second Amended Counterclaims originally filed on April 10, 2018.[1] Dkt. No. 422. On April 25, 2018, Apple filed a statement of non-opposition to this motion. Dkt. No. 450.

Qualcomm seeks to remove from its counterclaims and prayer for relief its request that under certain conditions the Court "declare the FRAND royalty for the cellular SEP portfolio license Qualcomm has offered to Apple." Dkt. No. 422 at 2. Contrary to its position in earlier stages of the litigation, Qualcomm now asserts that it believes that the resources necessary for the Court to make a FRAND royalty determination are better directed elsewhere. Dkt. No. 422 at 2. Apple refused to stipulate to Qualcomm's proposed joint motion to remove this claim from the case. Kinton Decl. ¶¶ 7-15. Qualcomm asserts that Apple's is unwilling to sign a license agreement on FRAND terms as determined by this Court.[2]

Federal Rule of Civil Procedure 15 states that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is to be applied with "extreme liberality." *Owens v. Kaiser Found. Health Plan Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). In deciding whether to grant leave to amend the Supreme Court has laid out the following factors to consider:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

---

[1] Due to various filing issues, Qualcomm re-filed the operative pleading (Dkt. No. 22) on April 11, 2018.

[2] Apple asserts that it never stated that it would violate a Court order regarding a FRAND determination and only intended to argue that the Court lacked jurisdiction to issue a world-wide FRAND determination. Dkt. No. 450. This issue is not before the Court and the Court will not address this issue on the merits.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Qualcomm's motion for leave to amend does not reflect any undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to Apple, and is not futile. Most pertinently, Qualcomm's motion results in no prejudice to Apple as it seeks only to narrow the issues before the Court. As such, leave to amend should be "freely given." Accordingly, the Court will **GRANT** Qualcomm's motion for leave to amend.

## II. MOTION TO FILE UNDER SEAL

On April 11, 2018, Qualcomm filed a Motion to File Under Seal Unredacted Exhibits A, B, and C to the Declaration of John D. Kinton in Support of Qualcomm's Motion for Leave to File Second Amended Counterclaims ("Kinton Decl. Exhibits"). Dkt. No. 416. No opposition was filed. Upon review of the moving papers, the information to be sealed, the applicable law, and for the following reasons, the Court **GRANTS** the motion to seal in its entirety.

### LEGAL STANDARD

There is a presumptive right of public access to court records based upon the common law and the first amendment. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). Nonetheless, access may be denied to protect sensitive confidential information. Courts are more likely to protect information covered by Rule 26(c) of the Federal Rules of Civil Procedure, but are not limited by items listed in protective orders. *See KL Group v. Case, Kay, & Lynch*, 829 F.2d 909, 917-19 (9th Cir. 1987) (letter to client from attorney); *Kalinauskas v. Wong*, 151 F.R.D. 363, 365-67 (D. Nev. 1993) (confidential settlement agreement).

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong

presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Id.* at 1178-79.

Parties seeking to seal documents in a dispositive motion must meet the high threshold requiring "compelling reasons" with specific factual findings to support a sealing. *Kamakana*, 447 F.3d at 1178-80. However, for non-dispositive motions, the parties must show a lesser "particularized showing" under the "good cause" standard pursuant to Federal Rule of Civil Procedure 26(c). *Id.* at 1180. The "compelling reasons" test requires showing more than just "good cause." *Id.* Documents filed under seal will be limited to only those documents, or portions thereof, necessary to protect such sensitive information.

Courts apply the "compelling reasons" standard to motions to seal an answer and counter-claim. *See Delfino Green & Green v. Workers Compansation Solutions*, LLC, 2015 WL 4235356, at *2 (N.D. Cal, July 13, 2015); *Robert Half Int'l v. Ainsworth*, 2015 WL 4394805, *3 n.2 (S.D. Cal. July 15, 2015). Accordingly, and especially considering the public's interest in being able to access civil actions filed in the courts, the Court will apply the "compelling reasons" standard to the parties' requests to seal briefing involving motions to dismiss and Qualcomm's answer.

Compelling reasons for sealing information exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Trade secrets "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain advantage over competitions who do not know or use it." Restatement (First) of Torts § 757 cmt. b. Because trade secrets concern proprietary and sensitive business information not available to the public, sealing may be warranted where disclosure would harm a litigant's competitive standing. *Nixon*, 435 U.S. at 598.

The Ninth Circuit has explicitly recognized that compelling reasons exist for the sealing of "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). Courts in this circuit have also recognized that information subject to confidentiality agreements may also meet the "compelling reasons" standard when accompanied by a particularized factual showing. *See Foltz v. State Farm Mut. Auto. Ins. Co*, 331 F.3d 1122, 1137-38 (9th Cir. 2003).

## DISCUSSION

The overwhelming majority of information that Qualcomm seeks to seal falls into one of two categories: (1) confidential business information, including trade secrets, and (2) information subject to confidentiality agreements. For the reasons that follow the Court concludes that Qualcomm has demonstrated that compelling reasons exist for sealing the information subsumed by these two categories.

First, the Court is satisfied that compelling reasons exist to seal the unredacted portions of the pleadings that concern licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business strategies, along with those exhibits that contain the various confidential business agreements executed among the parties. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569. Qualcomm has narrowly tailored their request to only redact the portions of the filings and the precise exhibits that implicate such confidential business information. Qualcomm has also articulated that the information they seek to seal is not available to the public and that the disclosure of such information would harm their competitive standing by releasing such information to competitors in the telecommunications market. Qualcomm has also previously submitted declarations to the Court providing a factual basis for their claims of competitive harm. Accordingly, the Court is satisfied that there is a sufficient factual basis to justify concluding that compelling reasons exist for sealing such information and exhibits.

3:17-cv-0108-GPC-MDD

1    Second, the Court is also satisfied that compelling reasons exist to seal the

2  unredacted portions of the pleadings that are subject to confidentiality provisions.

3  Qualcomm has demonstrated that information subject to confidentiality and non-

4  disclosure provisions should also be sealed because those provisions likewise prevent

5  competitors from gaining insight into Qualcomm's business model and strategy.  Such

6  insight could harm Qualcomm in future negotiations with existing customers, third-

7  parties, and other entities with whom they do business.  As such, the Court is similarly

8  satisfied that the narrowly tailored requests of the parties, and the factual findings

9  submitted in support thereof, satisfy the compelling reasons standard.

10    Finally, the Court observes that it has already found that compelling reasons

11  support sealing the requested portions of the Kinton Decl.Exhibits.  *See* Dkt. 132.

12    In sum, the Court finds that Qualcomm's motion is narrowly tailored.  As such and

13  in the light of the aforementioned compelling reasons justifying sealing, the Court

14  **GRANTS** the motion to seal.

15                                     **CONCLUSION**

16    Accordingly, the Court will **GRANT** (1) Qualcomm's Motion for Leave to File

17  Second Amended Counterclaims (Dkt. No. 422) and (2) Qualcomm's Motion to File

18  Documents Under Seal (Dkt. No. 416).  Qualcomm is directed to file its Second

19  Amended Counterclaims within **three** business days of the entry of this order.  The

20  hearing currently set for June 1, 2018 is **VACATED.**

21    **IT IS SO ORDERED.**

22  Dated:  April 26, 2018

23                                                    Hon. Gonzalo P. Curiel
24                                                    United States District Judge

25

26

27

28