# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION | Case No.: 17-cv-0108-GPC-MDD  **ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY REGARDING APPLE'S REQUEST FOR QUALCOMM TO ADD CERTAIN CUSTODIANS**  **[ECF NO. 435]** |

This Joint Motion was filed on April 17, 2018. It involves a request from Apple to Qualcomm to add 4 additional custodians and search their files pursuant to existing protocols and for some additional information. Qualcomm challenges the timeliness of this motion under this Court's Chambers Rules and opposes the addition of these custodians as unjustified. The Court has reviewed the motion and supporting materials. Apple's motion to compel the addition of these custodians, as presented in the instant joint motion, is **DENIED.**

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

## DISCUSSION

### 1. Timeliness

The Court's Civil Chambers Rules do not directly address the situation presented here. The Court's "30-day rule" to bring discovery disputes to the Court involves responses to written discovery. This dispute is not based upon a request for production, request for admission or interrogatory. It is a request to add custodians and search their records. It is somewhat akin to a request for production but practice regarding identification and search of custodial files involving large companies is different. The parties typically are expected to agree to a number of custodians and often to agree to specific custodians, recognizing that the producing party is in the best position to determine which individuals may have relevant information. Disputes over the number of custodians or the identification of custodians are not necessarily disputes concerning written discovery. That said, there is good reason for the Court's time limits to apply so that the dispute does not linger and the Court is made aware of it.

The instant dispute began with a letter from Apple to Qualcomm requesting the addition of these custodians on February 15, 2018. (ECF No.

435-2, ¶ 4).  On February 18, 2018, Qualcomm denied the request asserting that Apple had not demonstrated that these individuals possessed relevant, non-cumulative information or that the discovery sought was proportional.  (*Id.* ¶ 5).  Qualcomm agreed to reconsider upon Apple explaining its basis for adding these individuals as custodians.  (*Id.*).  Apple responded on March 19, 2018, and the parties met and conferred on March 23, 2018.  (*Id.* ¶¶ 7-8).  The instant joint motion was filed on April 17, 2018.

The path of this dispute mirrors the path of a disputed response to a request for production of documents.  Apple does not explain why it waited nearly 30 days to respond to Qualcomm's denial of their request which expressed a willingness to reconsider.  The Court finds that the dispute arose on February 19, 2018 (the day after the Qualcomm's letter was served upon Apple).  The operation of the Court's 30-day rule would render this dispute moot if it was clear that it involved "written discovery."  Due to the ambiguity, however, the Court will not strictly construe its 30-day rule in this instance and will consider the merits.  That said, the parties are on notice that the Court will treat further similar disputes as falling within the rule.

2. <u>Merits</u>

The Court previously has expressed it view supporting Principle No. 6 of the Sedona Principles which states:

> Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.

*The Sedona Principles, Third Edition*, 19 SEDONA CONF. J. 1, Principle 6, 118 (2018).  (ECF No. 342 at 2).  Considering the scope of this case, and the scope of discovery thus far, the Court finds that Qualcomm was justified in requesting that Apple provide support for its view that these individuals

possessed relevant, non-cumulative information.  The Court finds it appropriate that a party seeking the addition of specific custodians support their request with some evidence that these individuals may have relevant, non-cumulative information.

The Court has carefully reviewed the arguments presented by Apple and the responses by Qualcomm and finds that Apple has not satisfied its burden that these individuals may possess unique information.  Under the circumstances of this case, considering the volume of information produced by Qualcomm on these topics by individuals in the same workflow groups, the Court finds that adding these individuals as custodians, on this record, is not proportional.

## **CONCLUSION**

Apple's Motion to Compel Qualcomm to Add Custodians, as presented in this Joint Motion, is **DENIED.**

Dated:   April 27, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge