UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION | Case No.: 17-cv-0108-GPC-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING APPLE'S REQUESTS FOR PRODUCTION**<br><br>**[ECF NO. 524]** |

This Joint Motion was filed on June 14, 2018. The dispute is over four categories of information requested by Apple from Qualcomm in a number of related requests for production ("RFPs"). The categories are: 1. Documents concerning Broadcom's attempts to acquire Qualcomm; 2. Documents concerning Qualcomm's efforts to lobby various government regulatory agencies; 3. Documents concerning Dr. Paul Jacobs' bid to take Qualcomm private; and, 4. Documents regarding certain public relations strategies and campaigns.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure authorize parties to obtain

1 discovery of "any nonprivileged matter that is relevant to any party's claim or
2 defense and proportional to the needs of the case . . . ." Fed. R. Civ. P.
3 26(b)(1). "Information within the scope of discovery need not be admissible in
4 evidence to be discoverable." *Id.* District courts have broad discretion to
5 limit discovery where the discovery sought is "unreasonably cumulative or
6 duplicative, or can be obtained from some other source that is more
7 convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

     A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

//
//
//

# DISCUSSION

## 1. Documents Regarding Broadcom

Qualcomm is asked to produce documents regarding Broadcom's attempt to acquire Qualcomm. Apple asserts that these documents likely contain relevant information including assessments of the effect of Qualcomm's business practices on competition and Qualcomm's efforts to defend its anti-competitive business model. Qualcomm asserts that it has produced information regarding Broadcom and that the additional information sought here is not relevant or proportional. Qualcomm asserts that in a related case in the Northern District of California, *FTC v. Qualcomm,* No. 17-cv-0220-LHK, the Magistrate Judge denied a similar request.

The Court finds the relevance of this information is questionable at best. Qualcomm's production, as described at ECF No. 424 at 16[1], is sufficient. The Court is left with the firm impression that this is nothing more than a fishing expedition. Qualcomm's objection for relevance is SUSTAINED. No further production is required.

## 2. Documents Regarding Lobbying

Qualcomm is asked to produce documents regarding efforts to lobby the Committee on Foreign Investment in the United States and other government regulators. Apple submits that these documents are likely to contain relevant information to Qualcomm's efforts to ward off challenges to its current licensing model. Qualcomm objects for relevance and proportionality.

---

[1] The Court will refer to page numbers supplied by CM/ECF rather than original pagination throughout.

The Court finds that Apple has not shown that this category of records is relevant to any claim or defense in this case. Qualcomm's objection is SUSTAINED.

### 3. Dr. Jacobs' Bid for Qualcomm

Qualcomm is asked to produce documents regarding the bid of its former Executive Chairman, Dr. Paul Jacobs, to take Qualcomm private. Apple submits that that these documents are likely to contain relevant information including analyses of Qualcomm's business model, patent licensing practices, and baseband chipset sales practices. Qualcomm objects asserting that it is not in possession of documents generated by Dr. Jacobs after leaving Qualcomm, and, in any event, are not relevant.

On June 22, 2018, the Court sustained Dr. Jacobs' objection to producing this information pursuant to a deposition subpoena from Apple. (ECF No. 535). The Court affirms its prior ruling and SUSTAINS Qualcomm's objection here.

### 4. Documents Regarding Public Relations Campaign

Qualcomm is asked to produce documents reflecting an alleged public relations campaign regarding its dispute with Apple. Apple asserts there may be relevant information but does not supply details except to say that they may reflect a retaliatory motive against Apple. On June 22, 2018, the Court denied Apple's request to take the deposition of Qualcomm's Vice-President of Public Relations on these issues. (ECF No. 536). Apple has not convinced the Court that these records may contain information relevant to any claim or defense. Qualcomm's objection is SUSTAINED.

//
//
//

## CONCLUSION

Apple's motion to compel further responses to these Requests for Production, as presented in this Joint Motion, is **DENIED.**

**IT IS SO ORDERED.**

Dated:   June 26, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge