# Exhibit F

```
 1                    UNITED STATES DISTRICT COURT

 2               FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3
     IN RE:                         .
 4                                  .  Docket
     QUALCOMM LITIGATION            .  No. 17cv0108-GPC-MDD
 5                                  .
                                    .  February 7, 2018
 6                                  .  1:55 p.m.
     . . . . . . . . . . . . . . . .   San Diego, California
 7
                   TRANSCRIPT OF DISCOVERY HEARING
 8             BEFORE THE HONORABLE MITCHELL D. DEMBIN
                     UNITED STATES MAGISTRATE
 9
                          A-P-P-E-A-R-A-N-C-E-S
10   For Apple Inc.:       Fish & Richardson
                           12390 El Camino Real
11                         San Diego, California 92130
                           By:  JUANITA R. BROOKS, ESQ.
12                              SETH SPROUL, ESQ.
                                BEN ELACQUA, ESQ.
13                              RUFFIN CORDELL, ESQ.
                           - and -
14                         Boies, Schiller & Flexner LLP
                           401 Wilshire Boulevard, Suite 850
15                         Santa Monica, California 90401
                           By:  EDWARD TAKASHIMA, ESQ.
16
     For Qualcomm          Cravath Swaine & Moore LLP
17   Incorporated:         825 8th Avenue
                           New York, NY 10019
18                         By:  RICHARD STARK, ESQ.
                                J. WESLEY EARNHARDT, ESQ.
19

20

21

22   Transcriber:          Chari L. Bowery

23


24   Proceedings Recorded by Electronic Sound Recording;
     Transcript Produced by Transcription
25
```

```
 1                    A-P-P-E-A-R-A-N-C-E-S (CONTINUED)

 2   Also For Qualcomm
     Incorporated:           Jones Day
 3                           4655 Executive Drive, Suite 1500
                             San Diego, California 92121
 4                           By:  KAREN P. HEWITT, ESQ.
                             - and -
 5                           Quinn Emanuel Urquhart & Sullivan LLP
                             191 North Wacker Drive, Suite 2700
 6                           Chicago, Illinois 60606
                             By:  STEPHEN A. SWEDLOW, ESQ.
 7
     For Compal Electronics Inc., FIH Mobile Ltd., Hon Hai Precision
 8   Industry Co., Ltd., Pegatron Corporation, and Wistron
     Corporation:
 9                           Gibson, Dunn & Crutcher, LLP
                             3161 Michelson Drive
10                           Irvine, California 92612
                             By:  JASON LO, ESQ.
11

12

...

25   ///
```

```
 1            SAN DIEGO, CALIFORNIA; FEBRUARY 8, 2018; 1:55 P.M.
 2                              -o0o-
 3            THE COURT:  Good afternoon, everyone.
 4            ALL:  Good afternoon, Your Honor.
 5            THE COURT:  Nice to see some of you again.
 6            THE CLERK:  Please come to order.  Counsel, please
 7   state your name for the record as I call the matter.
 8         Calling matter number one, Case Number 17-cv-108,
 9   Apple Inc. v. Qualcomm Incorporated.
10            THE COURT:  Ms. Brooks?
11            MS. BROOKS:  Good afternoon, Your Honor.  We have
12   almost the same group as this morning, except a slight
13   difference.  Again, Juanita Brooks, Ben Elacqua, Seth Sproul,
14   and Ruffin Cordell, from Fish & Richardson, on behalf of Apple;
15   our addition is Ed Takashima, from Boies Schiller, is also here
16   on behalf of Apple; and Ryan Moran is our client
17   representative.
18            THE COURT:  Great.
19            MR. LO:  Good afternoon, Your Honor.  Jason Lo, from
20   Gibson Dunn & Crutcher, on behalf of Pegatron, Hon Hai, FIH,
21   components --
22            THE COURT:  The CMs?
23            MR. LO:  The CMs, yes.
24            THE COURT:  As we call them.
25            MS. HEWITT:  Good afternoon, Your Honor.  Karen
```

```
 1  Judge Curiel a motion as far as the motion hearing and the
 2  pretrial conference dates.  Would that make more sense?
 3          THE COURT:  I wouldn't do it now.
 4          MS. BROOKS:  Okay.
 5          THE COURT:  I would wait until there's something to
 6  say based upon what happens over the next month.
 7          MS. BROOKS:  Okay.
 8          THE COURT:  That's -- that's my suggestion.  Because
 9  he knows where things stand today, and the answer was, "Don't
10  do it."  Going to him to say, "Please do it" isn't going to
11  change -- you can do what you like.  I don't think it will go
12  well.
13      But over the next month, as we resolve some of these
14  production issues and stuff really starts flowing, as I expect
15  it to flow, there may be good reason -- on your side maybe,
16  maybe not Qualcomm's -- but good reason for someone or other to
17  think this just isn't feasible anymore.  Bring that again, and
18  either I will hear it or Curiel will hear it.  I don't know.
19          UNIDENTIFIED SPEAKER:  I am just concerned that --
20  that there will be an attempt to create a good reason.
21          THE COURT:  Well, let's not -- let's not go there.
22          UNIDENTIFIED SPEAKER:  I just want to be sure that
23  that is not the message being sent, that --
24          THE COURT:  Let's not go there.  Let's not go there.
25  We really -- we have to get away from that.
```

1  parties some relief, Your Honor, and we will see how this goes,
2  and we may have to bring a motion with Judge Curiel if things
3  change, but --
4              THE COURT:  Well, yeah.  As I say, we really need to
5  stop dithering -- and I am not saying people are dithering; I
6  just like the word -- and get our production in order.  So the
7  first event is the Rule 34, proper response, two weeks.
8       I should have a telephonic conference with whatever
9  lawyers want to participate.  February 28 -- I am on duty that
10 week.  (Inaudible.) Criminal duty is just a fascinating
11 experience.
12      I can still do it.  The easiest would be Tuesday the 27th
13 because I won't be doing detention hearings until the 28th.  So
14 let's talk, let's -- I will set a telephonic status conference
15 re: discovery Tuesday, February 27, 9:15, and my clerk will
16 produce the call-in information for whoever wants to
17 participate.
18      And we can continue to fine-tune our progress.  And I
19 really hope that this -- I hope -- my goal here was to break
20 the logjam.  And I know I am putting more of a burden on
21 Apple -- you are the producing party; that's kind of how it
22 goes -- but I hope I gave you some clarity.  And what I intend
23 to do on the -- let's just before I -- I am sorry (inaudible).
24      What I intend to do, if it doesn't offend everybody, is
25 deny the current pending motions, the four that are pending,

1   the four discovery motions, without prejudice, the notion being
2   that there's going to be a new Rule 34 response.  I think we
3   have resolved the interrogatory issues, I think.  There will be
4   a new Rule 34 response, and perhaps, as a consequence, a new
5   dispute we will have to deal with, but I don't think it is this
6   dispute.  I think we have fine-tuned it to a sufficient extent
7   where I don't have to have these motions sitting around when we
8   kind of know what we are doing.
9           Anybody have a problem with that?  (Inaudible.)
10              MS. HEWITT:  May I just be heard a moment.
11              MS. BROOKS:  I am sorry?
12              MS. HEWITT:  Thank you.
13              MS. BROOKS:  And we do not have a problem with that,
14  Your Honor.
15              THE COURT:  I know it is your motion that I --
16              MS. HEWITT:  Sure.  Just in terms of context.  So, on
17  the Rule 34 issue, this entire process today, from our
18  perspective, has been very helpful.  Motions are meritorious.
19  We have filed them obviously because we are very concerned
20  about the delays that have occurred here because the incentives
21  of the parties very much differ.  As it stands, Qualcomm has
22  not been paid.  Payments have been withheld.  And so for every
23  quarter, a billion dollars has been held back from my client.
24  So, from our perspective, we are very happy to have a discovery
25  conference in two weeks.  I think that will further this

```
 1   process along, but we will only get the Rule 34 submissions on
 2   the eve of that.  Would Your Honor have a chance to look at
 3   that, too?  We are in the same position, where we will have to
 4   assess the reasonableness of the response.
 5           THE COURT:  Yeah.  You are getting it on the 21st.
 6   So, to me, hopefully, when we talk on the 27th, while -- we
 7   will know whether, from your perspective, what the quality of
 8   the response is.  I am not -- and to the extent documents can
 9   be -- the production needs to start occurring.
10           APPLE ATTORNEY:  We have been producing nonstop and
11   pedal to the metal.
12           THE COURT:  Yeah.  We need to address the status of
13   production as well as how we perceive the quality, the
14   sufficiency of the new Rule 34 responses and try to iron out
15   whether there's going to be a problem.
16           MS. HEWITT:  I agree.  So, Your Honor, would you
17   entertain that there would be some submission from Apple to the
18   Court directly?  I think that might be helpful --
19           THE COURT:  If you want.  If you want.  If you want
20   me -- again, I don't require discovery responses to be filed,
21   but if there's going to be a discrete question about -- about
22   "Does this meet what you think Rule 34 requires?"  Yeah, feel
23   free to lodge it in the record if you like.
24           MS. HEWITT:  The reason I raise that is because of
25   your determination about not deciding these motions that are
```