UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE: QUALCOMM LITIGATION,

Case No. 3:17-cv-0108-GPC-MDD

**ORDER GRANTING MOTIONS TO SEAL**

**[DKT. NOS. 548, 566]**

Before the Court are various motions to seal portions of Apple, Inc. ("Apple") and Dr. Paul Jacobs's ("Dr. Jacobs") briefing and exhibits related to Apple's Objection to the Nondispositive Pretrial Order of the Magistrate Judge Pursuant to Fed. R. Civ. P. 72. Dkt. Nos. 548 and 566.

On July 6, 2018, Apple filed a motion seeking to seal the redacted portions of its Objection to the Magistrate Judge's Order and Exhibit A to the Declaration of Edward Takashima. Dkt. No. 548. Apple seeks to seal these portions because Qualcomm has designated those portions as highly confidential. On July 13, 2018, Qualcomm submitted the Declaration of James W. Carlson in Support of Apple's Motion to File Under Seal.

1

Dkt. No. 559. This Declaration asserts that the redacted portions contain confidential business information with respect to the company's internal evaluations of its business model and internal organization.

On July 24, 2018, Third-Party Dr. Paul Jacobs filed a motion to seal portions of his Opposition to Apple's Objection and Exhibit 4 to the Declaration of William H. Forman in Support of the Opposition. Dkt. No. 566. Dr. Jacobs similarly seeks to seal these portions of the deposition because Qualcomm asserts that the redacted portions are highly confidential. On July 26, 2018, Qualcomm submitted the Declaration of James W. Carlson in Support of Dr. Jacobs' Motion to File Under Seal. Dkt. No. 570. The Declaration asserts that these materials contain confidential business information related to Qualcomm's internal evaluations of its business model and internal organization and include materials already sealed by the prior order of Magistrate Judge Dembin (Dkt. No. 537). Dkt. No. 570.

No oppositions have been filed. Upon review of the moving papers, the information to be sealed, the applicable law, and for the following reasons, the Court **GRANTS** each of the motions in their entirety.

## **LEGAL STANDARD**

There is a presumptive right of public access to court records based upon the common law and the first amendment. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). Nonetheless, access may be denied to protect sensitive confidential information. "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Id.* at 1178-79.

Parties seeking to seal documents in a dispositive motion must meet the high threshold requiring "compelling reasons" with specific factual findings to support a sealing. *Kamakana*, 447 F.3d at 1178-80. However, for non-dispositive motions, the parties must show a lesser "particularized showing" under the "good cause" standard pursuant to Federal Rule of Civil Procedure 26(c). *Id.* at 1180.

Discovery motions are typically treated as non-dispositive motions such that the "good cause" standard applies. *See Federal Trade Commission v. DIRECTV, Inc.*, 2016 WL 7386133, at *1 (N.D. Cal. Dec. 21, 2016) (applying "good cause" standard to sanctions motion "[w]here the motion at issue is tangentially related to the underlying cause of action, the party seeking to seal information need only show there is 'good cause' to seal the information to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."); *F.T.C. v. AMG Services, Inc.*, 2012 WL 3562027, at *1 (D. Nev. Aug. 15, 2012) (stating that *Kamakana* good cause standard is intended "to exclude documents attached to discovery motions" from the higher compelling reasons standard). A party seeking to seal materials related to non-dispositive motions must show good cause by making a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed. *Digital Reg. of Texas, LLC v. Adobe Systems, Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).

Accordingly, the Court will apply the "good cause" standard to the parties' instant requests to seal.

Compelling reasons[1] for sealing information exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Trade secrets

---

[1] In making the below ruling, the Court assumes that any document that meets the "compelling reasons" standard also meets the lower "good cause" standard under *Kamakana*.

3

"may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain advantage over competitions who do not know or use it." Restatement (First) of Torts § 757 cmt. b. Because trade secrets concern proprietary and sensitive business information not available to the public, sealing may be warranted where disclosure would harm a litigant's competitive standing. *Nixon*, 435 U.S. at 598. The Ninth Circuit has explicitly recognized that compelling reasons exist for the sealing of "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

## DISCUSSION

The information that the parties seek to seal involves confidential business information, including trade secrets. The Court is satisfied that good cause exists to seal the portions of the briefing and exhibits that discuss Qualcomm's internal evaluation of its business model and internal organization. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569 (granting motion to seal pricing terms, royalty rates, and guaranteed minimum payment terms); *Federal Trade Commission v. DIRECTV, Inc.*, 2016 WL 5339797, at *2 (N.D. Cal. 2016) (granting motion to seal "sensitive business information regarding Defendant's development strategy and operations.").

Furthermore, Apple and Dr. Jacobs have narrowly tailored their requests to only redact the portions of the filings and the precise exhibits that implicate such confidential business information. Qualcomm, through the Declarations submitted by Mr. Carlson, has articulated that the information they seek to seal is not available to the public and that the disclosure of such information would harm their competitive standing through the disclosure of commercially sensitive information. *See* Carlson Declarations, Dkt. Nos. 559, 570. Accordingly, the Court is satisfied that there is a sufficient factual basis to justify concluding that good cause exists for sealing such information and exhibits.

In the light of the aforementioned good cause justifying sealing, the Court **GRANTS** each of the motions to seal identified by the **following table** in its entirety.

| ECF No. | Movant | Document to be Sealed |
|---|---|---|
| **3:17-cv-00108-GPC-MDD** | | |
| 548 | Apple | Unredacted portions of Apple's Memorandum of Points and Authorities in Support of its Objection to the Nondispositive Pretrial Order of the Magistrate Judge and Exhibit A to the Declaration of Edward H. Takashima |
| 566 | Dr. Jacobs | Unredacted portions of Dr. Jacobs' Opposition to Apple's Objection to the Nondispositive Pretrial Order of the Magistrate Judge and Exhibit 4 to the Declaration of William H. Forman in Support of the Opposition |

**IT IS SO ORDERED.**

Dated: August 13, 2018

Hon. Gonzalo P. Curiel
United States District Judge