Juanita R. Brooks (SBN 75934) brooks@fr.com
Seth M. Sproul (SBN 217711) sproul@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (619) 678-5070 / Facsimile: (619) 678-5099

Ruffin B. Cordell (DC Bar #445801; Admitted *Pro Hac Vice*) cordell@fr.com
Lauren A. Degnan (DC Bar #452421; Admitted *Pro Hac Vice*) degnan@fr.com
FISH & RICHARDSON P.C.
1000 Main Avenue, S.W., Suite 1000
Washington, D.C. 20024
Telephone: (202) 783-5070 / Facsimile: (202) 783-2331

William A. Isaacson (DC Bar #414788; Admitted *Pro Hac Vice*) wisaacson@bsfllp.com
Karen L. Dunn (DC Bar #1002520; Admitted *Pro Hac Vice*) kdunn@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 237-2727 / Facsimile: (202) 237-6131

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>QUALCOMM LITIGATION. | **Case No. 3:17-CV-00108-GPC-MDD**<br>[Consolidated with Case No. 3:17-CV-01010-GPC-MDD]<br><br>**APPLE'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>**Date:** November 9, 2018<br>**Time:** 1:30 p.m.<br>**Courtroom:** 2D |

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................. 2

LEGAL STANDARD ..................................................................................................... 2

ARGUMENT ................................................................................................................... 2

   I.   The Court Lacks Subject Matter Jurisdiction To Resolve a Contract Negotiation Over the Appropriate FRAND Rate. ........................................... 2

   II.  Even if Subject Matter Jurisdiction Exists, A Declaratory Judgment Would Be Inappropriate Because It Would Constitute A Nonbinding, Advisory Opinion. ............................................................................................................ 4

CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*Apple, Inc. v. Motorola Mobility, Inc.*,
  2012 WL 5416931 (W.D. Wis. Nov. 2, 2012) ..................................................... 5

*Calderon v. Ashmus*,
  523 U.S. 740 (1998) ............................................................................................ 3

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
  508 U.S. 83 (1993) .............................................................................................. 3

*D'Oleire v. Select Portfolio Servicing, Inc.*,
  2016 WL 7188289 (S.D. Cal. Dec. 12, 2016) .................................................... 4

*In re Qualcomm Litig.*,
  2017 WL 5985598, (S.D. Cal. Nov. 8, 2017) ................................................ 4, 5

*InterDigital Communications, Inc. v. ZTE Corp.*,
  2014 WL 2206218 (D. Del. May 28, 2014) ....................................................... 3

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ................................................................................... 2, 3, 4

*Minn. Mining & Mfg. Co. v. Norton Co.*
  929 F.2d 670 (Fed. Cir. 1991) ............................................................................ 4

*Ventress v. Japan Airlines*,
  486 F.3d 1111 (9th Cir. 2007) ........................................................................... 2

*Verance Corp. v. Digimarc Corp. (Delaware)*, 2011 WL 2182119 (D. Del. June 2, 2011) ........................................ 4

**Statutes**

28 U.S.C. § 2201(a) ................................................................................................ 2

**Rules**

Fed. R. Civ. P. 12(c) ............................................................................................... 2

# INTRODUCTION

Apple's Complaint against Qualcomm describes an extortionate interwoven scheme to maintain its monopoly power. Qualcomm requires customers who pay for Qualcomm baseband chips providing connectivity to cellular networks to also enter into a license and pay a royalty, a "no license, no chips" policy, a practice unique to Qualcomm. Qualcomm also refuses to license its asserted standard essential patents to chipset competitors. Qualcomm then requires its customers to abide by gag clauses that Qualcomm says prevents cooperation with antitrust regulators challenging Qualcomm.

Although Apple has used Qualcomm chips, and did so exclusively for years as a condition of obtaining relief from Qualcomm's separate royalties, Apple has not entered into a patent license with Qualcomm. Apple instead has had to rely on the licenses between Qualcomm and its Contract Manufacturers (CMs). Apple and Qualcomm have discussed the terms of a potential direct license but have never been able to agree on what fair, reasonable, and non-discriminatory ("FRAND") terms would be. Qualcomm now asks this Court to interject itself into these license negotiations and offer its views on the parties' negotiating positions. In Count IV of its Counterclaims, Qualcomm asks for a declaratory judgment that Qualcomm satisfied its commitments to offer licenses on FRAND terms and that Apple engaged in unreasonable holdout behavior and was an unwilling licensee.

Courts routinely decline to grant declaratory judgments to make a FRAND determination for lack of subject matter jurisdiction. Parties negotiating contracts often are unable to agree, but courts do not have jurisdiction to resolve their differences and decide what the contract should be. And, even if jurisdiction exists, the Court should grant Apple's Motion because Qualcomm's request for declaratory relief seeks a nonbinding advisory opinion.

//

//

## BACKGROUND

Count IV of Qualcomm's Counterclaims seeks a declaratory judgment that Qualcomm has satisfied and discharged its FRAND commitments to ETSI in its licensing discussions with Apple, and that Apple engaged in "unreasonable holdout behavior" and was an unwilling licensee. Qualcomm's Answer to Apple's First Amended Complaint and Second Amended Counterclaims ("SAC") ¶¶ 329-345, ECF No. 466.

Although Apple and Qualcomm have engaged in licensing negotiations for many years, Apple and Qualcomm have never come to a licensing agreement and Apple has relied on Qualcomm's license agreements with the CMs. *Id.* ¶¶ 20, 129-132. Count IV specifically refers to 2015-2017 negotiations. *Id.* ¶ 331. In July 2016, Qualcomm sent a written offer for direct licenses to its cellular SEPs. *Id.* ¶¶ 334-336. Apple made its own offer, *id.* ¶ 21, and rejected Qualcomm's July 2016 proposal as inconsistent with its FRAND commitment, *id.* ¶¶ 21, 336.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "judgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Ventress v. Japan Airlines,* 486 F.3d 1111, 1114 (9th Cir. 2007) (citations omitted).

## ARGUMENT

### I. The Court Lacks Subject Matter Jurisdiction To Resolve a Contract Negotiation Over the Appropriate FRAND Rate.

For a court to "declare the rights and other legal relations" between parties pursuant to the Declaratory Judgment Act, there must be an "actual case or controversy"; where none exists, subject matter jurisdiction is lacking. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126, 138 (2007) (citing 28 U.S.C. § 2201(a)). The "party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy." *Id.* at 140 (quoting *Cardinal Chem. Co.*

*v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993)).  Here, Qualcomm must establish that the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests" and "that it be real and substantial" and "admit of specific relief through a decree of a conclusive character." *Id.* at 127 (citations omitted). A "litigant may not use a declaratory-judgment action to obtain piecemeal adjudication of defenses that *would not finally and conclusively* resolve the underlying controversy." *Id.* at 127 n.7 (citing *Calderon v. Ashmus*, 523 U.S. 740, 749 (1998)).

    First, Qualcomm has failed to allege facts demonstrating subject matter jurisdiction. Unsuccessful licensing negotiations between Apple and Qualcomm do not present a definite and concrete controversy for the Court involving the legal interests of the parties with adverse legal interests.  It is not the job of the courts to determine the proper outcome of a contract negotiation.

    Second, a ruling by the Court would not resolve a legal controversy. In *InterDigital Communications, Inc. v. ZTE Corp.*, ZTE and Nokia sought a declaratory judgment that InterDigital failed to provide FRAND offers during negotiations and asked the court to determine a FRAND rate.  2014 WL 2206218, at *3 (D. Del. May 28, 2014).  The district court dismissed the claims for lack of subject matter jurisdiction.  The Court concluded that neither ZTE nor Nokia had made a firm commitment to sign a license were the Court to determine what a FRAND royalty would be.  *Id.* The Court explained:  "All the Court's determination of a FRAND rate would accomplish would be to give a data point from which the parties could continue negotiations."  *Id.*  In addition, "multiple other license issues would still need to be negotiated between the parties, any one of which could become a sticking point."  *Id.*

    Just as in *Interdigital*, this Court's resolution of whether Qualcomm's licensing offers were FRAND and whether Apple engaged in "unreasonable holdout behavior" and was an unwilling licensee would not directly lead to a patent license between Apple and Qualcomm.  The Court's examination of the royalty rate

1  Qualcomm offered, and the parties' negotiating positions, may give the parties a
2  data point they could use in future negotiations, but it would not finally and
3  conclusively resolve the relationship between the parties. "*MedImmune* teaches that
4  this Court has no place wading into a controversy that does not affect the legal
5  relationship between the parties." *In re Qualcomm Litig.*, 2017 WL 5985598, at *20
6  (S.D. Cal. Nov. 8, 2017) (granting Qualcomm's motion to dismiss the CMs'
7  counterclaims for declaratory judgment for lack of subject matter jurisdiction when
8  resolution would not redress an adverse legal interest between the parties); *see also*
9  *Verance Corp. v. Digimarc Corp. (Delaware)*, 2011 WL 2182119, at *5–8 (D. Del.
10 June 2, 2011) (dismissing claim for declaratory judgment for lack of subject matter
11 jurisdiction because a declaration of invalidity or non-infringement would not affect
12 Verance's obligations under the license agreement).

13 **II.   Even if Subject Matter Jurisdiction Exists, A Declaratory Judgment
14        Would Be Inappropriate Because It Would Constitute A Nonbinding,
15        Advisory Opinion.**

16        Even if the Court finds subject matter jurisdiction, the exercise of such
17 jurisdiction is discretionary. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669
18 (9th Cir. 2005). "The reason for giving this discretion to the district court is to
19 enable the court to make a reasoned judgment whether the investment of judicial
20 time and resources in a declaratory action will prove worthwhile in resolving a
21 justiciable dispute." *In re Qualcomm Litig.*, 2017 WL 5985598 at *22 (quoting
22 *Minn. Mining & Mfg. Co. v. Norton Co.,* 929 F.2d 670, 672 (Fed. Cir.
23 1991)). "Declaratory relief should be denied if it will 'neither serve a useful purpose
24 in clarifying and settling the legal relations in issue nor terminate the proceedings
25 and afford relief from the uncertainty and controversy faced by the parties.'"
26 *D'Oleire v. Select Portfolio Servicing, Inc*., 2016 WL 7188289, at *11 (S.D. Cal.
27 Dec. 12, 2016) (Curiel, J.) (citation omitted).
28

1  In the FRAND context, courts routinely decline to exercise jurisdiction over requests for declaratory relief where such relief would not lead to a binding result and would provide an advisory opinion. For example, in *Apple, Inc. v. Motorola Mobility, Inc.*, the district court "questioned whether it was appropriate for a court to undertake the complex task of determining a FRAND rate if the end result would be simply a suggestion that could be used later as a bargaining chip between the parties." 2012 WL 5416931, at *1 (W.D. Wis. Nov. 2, 2012). "[I]t is inappropriate to issue a declaratory judgment if such a judgment would have no practical effect." *Id.* at *3 (citations omitted).[1] *In re Qualcomm Litig.*, 2017 WL 5985598, at *22–23 ("The Court would decline to entertain the declaratory judgment action as to the CM's even if the Court were to find that subject matter jurisdiction existed."). Accordingly, even if subject matter jurisdiction exists, the Court should decline to exercise it.

## CONCLUSION

For the aforementioned reasons, the Court should grant Apple's 12(c) Motion for Partial Judgment on the Pleadings.

Dated: August 31, 2018        Respectfully submitted,

By: */s/ William A. Isaacson*
Juanita R. Brooks, SBN 75934, brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: 858-678-5070 / Fax: 858-678-5099

---

[1] As Apple stated at oral argument in opposition to Qualcomm's motion for an anti-suit injunction: "we have learned from that experience" that it is an advisory opinion when "two parties in a negotiation [are] asking for a court to say, 'Here is the fair result,' but nobody has to accept it." 8/18/2017 Hearing Tr. at 60-61, ECF No. 122.

| | |
|---|---|
| 1 | Ruffin B. Cordell, DC Bar No. 445801, |
| 2 | *pro hac vice*, cordell@fr.com |
|   | Lauren A. Degnan, DC Bar No. 452421, |
| 3 | *pro hac vice*, degnan@fr.com |
| 4 | Fish & Richardson P.C. |
|   | 1000 Main Avenue, S.W., Suite 1000 |
| 5 | Washington, D.C. 20024 |
| 6 | Phone: 202-783-5070 / Fax: 202-783-2331 |
| 7 | William A. Isaacson, DC Bar No. 414788, |
|   | *pro hac vice*, wisaacson@bsfllp.com |
| 8 | Karen L. Dunn, DC Bar No. 1002520, |
| 9 | *pro hac vice*, kdunn@bsfllp.com |
|   | Boies, Schiller & Flexner LLP |
| 10 | 1401 New York Avenue, N.W. |
| 11 | Washington, DC 20005 |
|   | Phone: 202-237-2727 / Fax: 202-237-6131 |

Attorneys for *Plaintiff and Counterclaim-Defendant Apple Inc.*

APPLE'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS. - 6 - CASE No. 17-CV-00108 GPC MDD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 31, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on August 31, 2018.

                                    */s/ William A. Isaacson*
                                    William A. Isaacson