UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: QUALCOMM LITIGATION | Case No.: 17-cv-0108-GPC-MDD |
|---|---|
| | **ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE PRESENTING PLAINTIFFS' MOTION TO STRIKE PORTIONS OF EXPERT REPORTS**<br><br>**[ECF NO. 553]** |

This Joint Motion was filed on July 10, 2018. The joint motion presents Apple, Inc., and the Contract Manufacturers' (referred to collectively, for convenience, as Apple) motion to strike portions of 12 expert reports served by Qualcomm. Apple asserts that the experts improperly opined regarding infringement and introduced new patents into this litigation. Apple's portion of the motion, along with its supporting documents, is 7,951 pages. Qualcomm's response, with its supporting documents, is 3,143 pages. The Court could have managed with much less. As provided below, Plaintiffs' motion to strike, as presented in this joint motion, is **GRANTED IN PART**

**AND DENIED IN PART.**

## RELEVANT FACTS AND PROCEDURAL HISTORY

The operative First Amended Complaint alleges breach of contract, breach of implied covenant of good faith, declaratory relief regarding the obligations of the parties under a contract between the parties and declaratory relief seeking an order of invalidity, non-infringement and improper royalties (non-FRAND) regarding nine Qualcomm patents. For the most part, Apple challenges Qualcomm's licensing business model as unfair. Regarding the nine patents, Qualcomm opted not to assert infringement and repeatedly affirmed that position. As provided in the Court's Local Patent Rules, by not claiming infringement, Qualcomm was relieved of serving Apple with infringement contentions and related documents. *See* Patent L.R. 3.5. Qualcomm's decision not to assert infringement of these patents is at the heart of this dispute.

Rule 26(a)(2), Fed. R. Civ. P., requires parties to disclose the identity of any expert witness it may use at trial. Rule 26(a)(2)(A). Unless otherwise stipulated or ordered by the court, the disclosure of the identity of the expert witness must be accompanied by the expert's report, if the witness in retained or specially employed to provide expert testimony or one whose duties as an employee of a party regularly involves giving expert testimony. Rule 26(a)(2)(B). Among other things, the report must contain a complete statement of all opinions the witness will express. Rule 26(a)(2)(B)(i). Supplementation of expert disclosures must be made as required under Rule 26(e). Rule 26(b)(2)(E). Rule 26(e) requires supplementation if a party learns that a disclosure is incomplete or incorrect and has not otherwise become known to the other party during discovery or in writing and extends to information contained in an expert's report and deposition testimony.

In this case, the parties agreed to a different procedure, embodied in the first Scheduling Order issued by the Court. The parties agreed, and the Court ordered that the parties first would designate their expert witnesses, whether retained or not, to be followed by service of expert reports for witnesses retained, specially employed or whose duties regularly require the giving of expert testimony. (ECF No. 116, ¶¶ 2-3). The expert designations required the party to provide, among other things, "a reasonable summary of the testimony the expert is required to provide." (*Id.* at ¶ 2). The Scheduling Order also provides that a party that fails to make the required disclosures shall not, absent, substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at trial. (*Id.* at ¶ 3). The Court construes this provision as applying both to designations and expert reports.

Qualcomm timely provided their expert designations to Apple on January 12, 2018. (Currently filed under seal at ECF No. 555-4).[1] For the 12 experts at issue, Qualcomm supplied identical summaries of the anticipated expert testimony as follows:

> [The witness] is expected to provide testimony on issues related to various Qualcomm innovations and related Patent rights, including the significance, validity, essentiality, and scope of those innovations and rights both technically and in the marketplace and their adoption and use.

On June 29, 2018, Qualcomm served its expert reports leading to this motion.

---

[1] In a separate Order, the Court has denied the motion to seal the designations in their entirety, allowing only for the redaction of the addresses and telephone numbers of the identified experts.

# DISCUSSION

Qualcomm's counsel know that in a declaratory judgment action by a licensee against a patentee seeking an order of non-infringement, the patentee, Qualcomm, bears the burden of persuasion of infringement. *Medtronic, Inc. v. Mirowski Family Ventures,* 571 U.S. 191, 198 (2014). Qualcomm made the tactical decision not to assert infringement and thus avoid certain discovery obligations as mentioned above. In its expert designations, Qualcomm chose not to disclose that certain experts expressly would opine on infringement and assert that Plaintiffs are infringing patents-in-suit. Qualcomm will be held accountable for the consequences of its tactical decisions.

Therefore, the following express opinions on infringement are struck:

1) <u>Expert Report of Dr. Laneman</u>: ECF No. 555-8 at 31:3-17, 88:19-128:28, and 129-130:20.

2) <u>Expert Report of Dr. Villasenor</u>: ECF No. 555-7 at 8:7-9:28, 10:13-12:16, 14:10-21, and 104:20-140:16.

3) <u>Expert Report of Dr. Mitra</u>: ECF No. 555-10 at 18:8-17, 32:9-37:25, and 42:10-44:19.

4) <u>Expert Report of Dr. Min</u>: ECF No. 555-9 at 8:13-10:18, 11:10-13:4, 13:25-14:5, 40:1-63:17, and 83:1-96:18.

Qualcomm may not use the information contained within these specific portions of the expert reports as evidence in a motion, at a hearing, or at trial pursuant to FRCP 37.

Apple alleges that additional expert reports make inexplicit allegations of infringement. The Court has reviewed these portions of the reports and finds that there are no opinions that must be struck. The Court finds that these opinions relate to issues of essentiality and valuation, rather than

4

suggesting infringement.

To the extent that Qualcomm claims they have disclosed in discovery their views regarding infringement and, consequently, there is no surprise and no prejudice, is unavailing. Rules are rules and tactical decisions have consequences

## CONCLUSION

As a result, Apple's motion to strike is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

Dated: September 4, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge