Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD |
| | **QUALCOMM INCORPORATED'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL OF APPLE'S FIRST AMENDED COMPLAINT AND THE CMS' COUNTERCLAIMS** |
| | Judge: Hon. Gonzalo P. Curiel |
| | Courtroom: 2D |
| | Date: December 7, 2018 |
| | Time: 1:30 P.M. |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ............................................................................................................1

FACTUAL BACKGROUND ...........................................................................................2

LEGAL STANDARD .......................................................................................................4

ARGUMENT ....................................................................................................................5

I.    The Court Lacks Subject-Matter Jurisdiction over the Patent DJs. ...........5

    A.    The Court Lacks Subject-Matter Jurisdiction over the Noninfringement- and Invalidity-Related Patent DJs. ..........6

    B.    The Court Lacks Subject-Matter Jurisdiction over the Exhaustion-Related Patent DJs. ...........................................7

    C.    The Court Lacks Subject-Matter Jurisdiction over the FRAND-Related Patent DJs. ..................................................9

CONCLUSION .................................................................................................................9

# TABLE OF AUTHORITIES

**Cases** Page(s)

*Already, LLC v. Nike, Inc.*,
    568 U.S. 85 (2013) ................................................................................... 5, 6, 7

*Amana Refrigeration, Inc. v. Quadlux, Inc.*,
    172 F.3d 852 (Fed. Cir. 1999) ........................................................................ 6

*Augustine v. United States*,
    704 F.2d 1074 (9th Cir. 1983) ........................................................................ 4

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
    495 F.3d 1340 (Fed. Cir. 2007) ...................................................................... 4

*ExcelStor Tech., Inc. v. Papst Licensing GMBH & Co. KG*,
    541 F.3d 1373 (Fed. Cir. 2008) ...................................................................... 8

*Goodyear Tire & Rubber Co. v. Releasomers, Inc.*,
    824 F.2d 953 (Fed. Cir. 1987) ........................................................................ 5

*In re Qualcomm Litig.*,
    No. 17-CV-00108-GPC-MDD, 2017 WL 5985598 (S.D. Cal.
    Nov. 8, 2017) ..................................................................................... 3, 4, 5, 9

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ................................................................................... 5, 6

*Salois v. Medifast, Inc.*,
    No. 17CV1810-GPC (NLS), 2018 WL 1083466 (S.D. Cal.
    Feb. 28, 2018) ................................................................................................ 6

*Spicy Beer Mix, Inc. v. New Castle Beverage*,
    No. CV 14-00720 SJO, 2014 WL 7672167 (C.D. Cal.
    Aug. 1, 2014) ............................................................................................ 6, 7

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
    57 F.3d 1054 (Fed. Cir. 1995) ................................................................... 2, 6

**Page(s)**

*Wood v. City of San Diego*,
   678 F.3d 1075 (9th Cir. 2012) ................................................................................ 4

**Statutes & Rules**

Fed. R. Civ. P. 12(b)(1) .................................................................................... 1, 2, 4

Fed. R. Civ. P. 12(h)(3) ............................................................................................ 4

Qualcomm Incorporated ("Qualcomm") respectfully submits this Memorandum of Points and Authorities in Support of its Motion for Partial Dismissal of Apple Inc.'s ("Apple") First Amended Complaint and the Contract Manufacturers'[1] Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(1).

**INTRODUCTION**

At its core, this case is a licensing dispute. The parties have filed claims and counterclaims, concerning contracts worth billions of dollars, related to two key licensing relationships—the longstanding license agreements between the CMs and Qualcomm and the negotiation of a possible direct license between Apple and Qualcomm. At the outset of the litigation, Apple and the CMs injected into the dispute claims concerning nine patents hand-picked for litigation. But Qualcomm has an immense portfolio of patents, consisting of more than 130,000 issued patents and patent applications worldwide. Findings of non-infringement or invalidity, for example, as to some or all of the nine patents would not assist the Court or the parties in resolving the broader licensing dispute. Further, on September 4, 2018, Magistrate Judge Dembin granted Apple and the CMs' motion to strike the "express opinions on infringement" of the nine patents-in-suit proffered by certain of Qualcomm's experts.

In view of the above, and to streamline this case, on September 14, 2018, Qualcomm gave to Apple and the CMs an express, unconditional and irrevocable covenant not to assert the nine patents-in-suit, rendering all claims related to those patents moot and non-justiciable. This covenant eliminates the

---

[1] The Contract Manufacturers ("CMs") are Compal Electronics, Inc., FIH Mobile Ltd. and Hon Hai Precision Industry Co., Ltd. (together, "Foxconn"), Pegatron Corporation and Wistron Corporation.

Court's subject matter jurisdiction over any such claims. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995).

Qualcomm now moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss all of Apple's and the CMs' claims related to the nine patents-in-suit, including each of Apple's and the CMs' declaratory judgment claims for noninfringement, invalidity, unenforceability due to exhaustion, and FRAND rates—a total of 56 counts.

## FACTUAL BACKGROUND

Apple and the CMs bring claims seeking four types of declaratory judgment related to the nine patents-in-suit (together, the "Patent DJs"):[2]

1. a declaration "that Apple [and the CMs] do[] not infringe and ha[ve] not infringed any claim of the [patents-in-suit]" (*e.g.*, Apple's First Am. Compl. ¶ 286; CMs' Countercls. ¶ 417);

2. a declaration "that one or more claims of the [patents-in-suit] [are] invalid" (*e.g.*, Apple's First Am. Compl. ¶ 291; CMs' Countercls. ¶ 422);

3. a declaration "that any of the Patents-in-Suit, which are actually essential to [certain] standard[s] and infringed by Apple [and the CMs], are unenforceable as against Apple [and the CMs] due to patent exhaustion" (*e.g.*, Apple's First Am. Compl. ¶ 592; CMs' Countercls. ¶ 720); and

4. a declaration that "[t]o the extent that the [patents-in-suit] [are] actually essential to a standard, valid, infringed by Apple, and not exhausted, . . . sets a FRAND royalty for the [patents-in-suit]" (*e.g.*, Apple's First Am. Compl. ¶ 295; CMs' Countercls. ¶ 426).

---

[2] Apple's original complaint included declaratory judgment claims related to nine patents. (ECF No. 1.) Apple amended its complaint to include declaratory judgment claims related to nine additional patents. The CMs' counterclaims included declaratory judgment claims related to all 18 patents. (Case No. 3:17-cv-01010-GPC-MDD ECF No. 84.) Qualcomm moved to dismiss Apple's and the CMs' claims on these additional nine patents. (ECF Nos. 100, 116). The Court granted Qualcomm's motion (ECF No. 167), leaving only nine patents-in-suit, which are the subject of this motion. Those patents are U.S. Patents Nos. 6,556,549, 6,694,469, 7,095,725, 7,096,021, 7,246,242, 7,289,630, 8,867,494, 9,059,819 and 9,137,822. The Patent DJs are Counts V-XXXI and LIX of Apple's First Amended Complaint and Counts XIII-XXXIX and LXVII of the CMs' Counterclaims.

On September 4, 2018, Magistrate Judge Dembin granted in part Apple and the CMs' motion to strike certain portions of Qualcomm's expert reports, striking Qualcomm's experts' "express opinions on infringement". (ECF No. 603, at 4.) The Court ordered that "Qualcomm may not use the information contained within these specific [now-stricken] portions of the expert reports as evidence in a motion, at a hearing, or at trial".[3] (*Id.*)

After the Court's order on the motion to strike, and because resolution of claims regarding nine patents will not further resolution of the parties' broader licensing dispute concerning Qualcomm's portfolio of more than 130,000 issued patents and patent applications worldwide,[4] on September 14, 2018, Qualcomm covenanted not to sue Apple and the CMs on the nine patents-in-suit. In the covenant, Qualcomm stated:

> Qualcomm . . . unconditionally and irrevocably covenants to refrain from making any claim(s) or demand(s) against Apple or the CMs or any of their parents, subsidiaries, divisions, and affiliates, as well as any of their predecessors, successors, assigns, directors, officers, employees, agents, distributors, attorneys, and representatives (collectively, "the Plaintiffs"), and all customers of each of the foregoing (whether direct or indirect), based on any possible cause of action arising under the patent laws of the United States, relating to any claim of the Patents-in-Suit, with respect to any product made, used, sold, offered for sale, or imported by the

---

[3] Although Qualcomm believes that Magistrate Judge Dembin erred in granting Apple and the CMs' motion to strike, Qualcomm is eager to take this case to trial on the claims that will resolve the parties' overall dispute and, therefore, does not intend to appeal Judge Dembin's ruling.

[4] *See In re Qualcomm Litig.*, No. 17-CV-00108-GPC-MDD, 2017 WL 5985598, at *23 (S.D. Cal. Nov. 8, 2017) (Curiel, J.) (declining to exercise jurisdiction over declaratory judgment claims related to nine patents because a "finding of invalidity or noninfringement as to the Additional Patents-in-Suit . . . would neither serve a useful purpose in clarifying and settling the legal relations at issue, nor would it afford relief regarding the basis of the royalty rates that are unrelated to validity and noninfringement"); *In re Qualcomm Litig.*, Feb. 7, 2018 Hr'g Tr. at 29:13-19 (Dembin, M.J.) ("[I]n this particular case, where we are talking about the business practices of Qualcomm that are put at issue at Apple, the patent stuff -- the licensing component, whether it's FRAND, whether it's not -- yeah, yeah, that fits into the big picture. But infringement and non-infringement is a dog in this case. It's like get rid of it. Don't fight over this.").

Plaintiffs, regardless of whether the products are made, used, sold, offered for sale, or imported before, on, or after the Effective Date of this Covenant. (*See* Declaration of James W. Carlson ("Carlson Decl."), Ex. 1.)

This broad and unrestricted covenant eliminates the possibility that Qualcomm will enforce the patents-in-suit against Apple or the CMs and, therefore, divests the Court of subject-matter jurisdiction over the Patent DJs.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek to dismiss a complaint for lack of subject-matter jurisdiction. "If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action." *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) (emphases added) (quoting Fed. R. Civ. P. 12(h)(3)). Indeed, a court "cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction." *In re Qualcomm Litig.*, 2017 WL 5985598, at *2 (Curiel, J.). The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction exists. *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).

When considering a Rule 12(b)(1) motion to dismiss, the district court is free to review evidence outside the pleadings. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary.").

In analyzing declaratory judgment claims arising under the patent laws, "Federal Circuit law governs the inquiry into the existence of a declaratory judgment 'case or controversy.'" *In re Qualcomm Litig.*, 2017 WL 5985598, at *14 n.10. "[T]he Declaratory Judgment Act requires the existence of an actual case or controversy between the parties before a federal court can

constitutionally assume jurisdiction."[5]  *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 955 (Fed. Cir. 1987); *In re Qualcomm Litig.*, 2017 WL 5985598, at *14.  "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.  The dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests", such that the dispute is "real and substantial" and "admi[ts] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts".  *Id*.  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

## ARGUMENT

### I.  The Court Lacks Subject-Matter Jurisdiction over the Patent DJs.

Apple and the CMs brought claims seeking declarations of noninfringement, invalidity, unenforceability due to exhaustion, and FRAND rates related to the nine patents-in-suit.  (Apple's First Am. Compl. Counts V-XXXI, LIX; CMs' Countercls. Counts XIII-XXXIX, LXVII).  The controversy underlying each of these claims is whether Qualcomm can enforce its patent rights in the patents-in-suit against Apple and the CMs.  But this controversy is eliminated—and all of these claims are mooted—by Qualcomm's covenant not

---

[5] "[T]he phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

to sue Apple or the CMs on the patents-in-suit, so the Court should dismiss these claims for lack of subject-matter jurisdiction.

### A. The Court Lacks Subject-Matter Jurisdiction over the Noninfringement- and Invalidity-Related Patent DJs.

It is settled law that "a patentee defending against an action for a declaratory judgment of invalidity [and noninfringement] can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts". *Super Sack*, 57 F.3d at 1058, *overruled on other grounds*, *MedImmune*, 549 U.S. 118; *see also Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855-56 (Fed. Cir. 1999) (affirming dismissal of infringement and invalidity declaratory judgment claims on ground that defendant's covenant not to assert patent infringement claim against plaintiff mooted plaintiff's declaratory judgment actions). The covenant not to sue moots the declaratory judgment claim if, as a result of the covenant, the patent holder can show that it "could not reasonably be expected to resume its enforcement efforts". *Nike*, 568 U.S. at 92; *see also Salois v. Medifast, Inc.*, No. 17CV1810-GPC (NLS), 2018 WL 1083466, at *4 (S.D. Cal. Feb. 28, 2018) (Curiel, J.) (applying *Nike* to dismiss declaratory judgment claims because defendant's letter was a "functional" covenant not to sue, "guaranteeing [defendant] would not pursue legal action" to enforce its trademark).

To determine whether a covenant not to sue sufficiently removes the possibility that the enforcement efforts could resume, courts consider the covenant's language and breadth, the products and activities covered by the covenant, and evidence regarding the intention of the party asserting jurisdiction to engage in conduct not covered by the covenant. *See Nike*, 568 U.S. at 96; *Spicy Beer Mix, Inc. v. New Castle Beverage*, No. CV 14-00720 SJO, 2014 WL 7672167, at *5 (C.D. Cal. Aug. 1, 2014).

Here, Qualcomm's covenant renders the threat of enforcement of its patent rights in the patents-in-suit against Apple or the CMs nonexistent. Qualcomm "*[u]nconditionally and irrevocably* covenants to refrain from making *any claim(s) or demand(s) against Apple or the CMs*" or their affiliates (broadly defined), agents or customers relating to the patents-in-suit for past, present, or future conduct that could infringe the patents-in-suit. (Carlson Decl., Ex. 1.)  The covenant covers any potential patent enforcement action Qualcomm could take based on the patents-in-suit with respect to any Apple or CM product.

Given the broad and unrestricted nature of Qualcomm's covenant, there is no risk of a future controversy between Qualcomm and Apple or the CMs with respect to these patents. *Nike*, 568 U.S. at 92.  In fact, Qualcomm's covenant not to sue Apple and the CMs on the patents-in-suit is substantially similar to covenants that several courts have found to be sufficient to divest federal courts of subject-matter jurisdiction. *See id.* at 93; *Spicy Beer Mix*, 2014 WL 7672167, at *5.  Accordingly, Qualcomm's covenant not to sue divests the Court of subject-matter jurisdiction over the noninfringement and invalidity Patent DJs.[6]

### B. The Court Lacks Subject-Matter Jurisdiction over the Exhaustion-Related Patent DJs.

Qualcomm's covenant not to sue also moots Apple's and the CMs' claims for a declaration of exhaustion of Qualcomm's patent rights in the nine patents-in-suit.[7]  Apple and the CMs allege that "[t]o the extent that that [*sic*] any of the Patents-in-Suit are actually essential to [certain] standard[s] and

---

[6] Apple's First Am. Compl. Counts V, VI, VIII, IX, XI, XII, XIV, XV, XVII, XVIII, XX, XXI, XXIII, XXIV, XXVI, XXVII, XXIX, XXX; CMs' Countercls. Counts XIII, XIV, XVI, XVII, XIX, XX, XXII, XXIII, XXV, XXVI, XXVIII, XXIX, XXXI, XXXII, XXIV, XXXV, XXXVII, XXXVIII.

[7] Apple's First Am. Compl. Count LIX; CMs' Countercls. Count LXVII.

infringed by Apple [and the CMs], such patents are substantially embodied in the Qualcomm baseband processor chipsets used in Apple products and, therefore, exhausted by Qualcomm's authorized sales." (Apple's First Am. Compl. ¶ 591; *see also* CMs' Countercls. ¶ 719.) Based on this allegation, Apple and the CMs seek a declaration that if they are infringing the patents-in-suit, Qualcomm cannot enforce those patents under the doctrine of exhaustion. (*See* Apple's First Am. Compl. ¶ 592; CMs' Countercls. ¶ 720.) This court lacks subject-matter jurisdiction over these claims because Qualcomm has covenanted not to assert its patent rights in the patents-in-suit against Apple or the CMs in the first place.

There is no case or controversy as to the exhaustion-related Patent DJs. "[P]atent exhaustion is a defense to patent infringement". *ExcelStor Tech., Inc. v. Papst Licensing GMBH & Co. KG*, 541 F.3d 1373, 1376 (Fed. Cir. 2008). Once the threat of a patent infringement action is removed—as Qualcomm has done by covenanting not to sue on the patents-in-suit—there can be no controversy regarding a potential exhaustion defense to patent infringement. Indeed, Apple's and the CMs' own pleadings admit that the exhaustion defense is relevant only "[t]o the extent that that any of the Patents-in-Suit are actually essential to [certain] standard[s] ***and infringed by Apple***". (Apple's First Am. Compl. ¶ 591; *see also id.* ¶ 592 ("any of the Patents-in-Suit, which are actually essential to [certain] standard[s] ***and infringed by Apple***, are unenforceable as against Apple due to patent exhaustion"); CMs' Countercls. ¶¶ 719-20.) Because there is no case or controversy regarding infringement or invalidity as to the patents-in-suit, the Court also lacks jurisdiction to issue a declaration concerning the defense of exhaustion with respect to those patents.

### C. The Court Lacks Subject-Matter Jurisdiction over the FRAND-Related Patent DJs.

Finally, Qualcomm's covenant moots Apple's and the CMs' claims for a declaration of the FRAND rate for each of the patents-in-suit.[8] Apple and the CMs seek a declaration that "[t]o the extent that the [patents-in-suit] [are] actually essential to a standard, valid, infringed by Apple, and not exhausted, . . . sets a FRAND royalty for the [patents-in-suit]". (*E.g.*, Apple's First Am. Compl. ¶ 295; CMs' Countercls. ¶ 426.) As Apple's and the CMs' claims make clear, there is only a controversy sufficient to issue the requested FRAND determination for the specific patents-in-suit if the Court were to determine that the patents-in-suit are valid, infringed by Apple and the CMs and not exhausted. But, as explained above, the Court lacks subject-matter jurisdiction over the claims of invalidity, noninfringement and exhaustion, so the Court likewise lacks jurisdiction over the claims for a declaration of a FRAND rate for the patents-in-suit. *See In re Qualcomm Litig.*, 2017 WL 5985598, at *2 (Curiel, J.) (dismissing FRAND declaratory judgment claims alongside invalidity and noninfringement claims based on the same jurisdictional analysis).

### CONCLUSION

For the foregoing reasons, the Court should grant Qualcomm's motion and dismiss Counts V-XXXI and LIX of Apple's First Amended Complaint and Counts XIII-XXXIX and LXVII of CMs' Counterclaims.

---

[8] Apple's First Am. Compl. Counts VII, X, XIII, XVI, XIX, XXII, XXV, XXVIII, XXXI; CMs' Countercls. Counts XV, XVIII, XXI, XXIV, XXVII, XXX, XXXIII, XXXVI, XXXIX.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  September 14, 2018 | Respectfully submitted, |
| 3 | | |
| 4 | | By   /s/ *Evan R. Chesler* |
| 5 | | Evan R. Chesler |

**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
(N.Y. Bar No. 2472603)
rstark@cravath.com
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651)
yeven@cravath.com
Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

| | |
|---|---|
| 1 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| 2 | David A. Nelson (*pro hac vice*) |
| | (Ill. Bar No. 6209623) |
| 3 | davenelson@quinnemanuel.com |
| | Stephen Swedlow (*pro hac vice*) |
| 4 | (Ill. Bar No. 6234550) |
| | stephenswedlow@quinnemanuel.com |
| 5 | 500 West Madison St., Suite 2450 |
| | Chicago, Illinois 60661 |
| 6 | Telephone: (312) 705-7400 |
| | Facsimile: (312) 705-7401 |
| 7 | |
| 8 | Alexander Rudis (*pro hac vice*) |
| | (N.Y. Bar No. 4232591) |
| 9 | alexanderrudis@quinnemanuel.com |
| | 51 Madison Ave., 22nd Floor |
| 10 | New York, New York 10010 |
| | Telephone: (212) 849-7000 |
| 11 | Facsimile: (212) 849-7100 |
| 12 | Sean S. Pak (SBN 219032) |
| | seanpak@quinnemanuel.com |
| 13 | 50 California St., 22nd Floor |
| | San Francisco, California 94111 |
| 14 | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| 15 | |
| 16 | **JONES DAY** |
| | Karen P. Hewitt (SBN 145309) |
| 17 | kphewitt@jonesday.com |
| | Randall E. Kay (SBN 149369) |
| 18 | rekay@jonesday.com |
| | 4655 Executive Drive, Suite 1500 |
| 19 | San Diego, California 92121 |
| | Telephone: (858) 314-1200 |
| 20 | Facsimile: (858) 345-3178 |
| 21 | |
| | *Attorneys for Defendant and Counterclaim-Plaintiff* |
| 22 | **QUALCOMM INCORPORATED** |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |