Juanita R. Brooks, SBN 75934, brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone:  858-678-5070 / Fax: 858-678-5099

William A. Isaacson, DC Bar No. 414788, *pro hac vice*, wisaacson@bsfllp.com
Karen L. Dunn, DC Bar No. 1002520, *pro hac vice*, kdunn@bsfllp.com
Boies, Schiller & Flexner LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Phone: 202-237-2727 / Fax: 202-237-6131

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

*(Additional counsel listed below signature line)*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: <br><br> QUALCOMM LITIGATION, | Case No. 3:17-CV-00108-GPC-MDD <br><br> [Consolidated with <br> Case No. 3:17-CV-01010-GPC-MDD] <br><br> APPLE INC. AND THE CONTRACT MANUFACTURERS' OPPOSITION TO QUALCOMM'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME |

Pursuant to the Court's Civil Pretrial & Trial Procedures, Apple Inc. and the contract manufacturers—Compal Electronics, Inc., FIH Mobile Ltd. and Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation (collectively, the "CMs")—oppose the *Ex Parte* Application for an Order Shortening Time for Apple and the CMs to respond to Qualcomm's Motion for Partial Dismissal of Apple's First Amended Complaint and the CMs' Counterclaims ("*Ex Parte* Application"), Dkt. 617.  Apple and the CMs respectfully request that the Court address Qualcomm's Motion for Partial Dismissal, Dkt. 616 ("Qualcomm's MTD"), on November 9, 2018, the same day as the currently-scheduled hearing on the pending motions for summary judgment and judgment on the pleadings.  As a result, Apple and the CMs' opposition to the MTD would be due October 26, 2018, in accordance with the Local Rules for that hearing date.

## RESPONSE

The *Ex Parte* Application, which Qualcomm filed Friday night, September 14, 2018, asks this Court to order Apple and the CMs to respond to Qualcomm's MTD on September 24, 2018, and the Court to rule on its motion in an expedited fashion.  Qualcomm asserts that expedited consideration of its motion, which relates to Apple and the CMs' claims of noninfringement and invalidity of the nine patents-in-suit,[1] is necessary because rebuttal expert reports are due on October 2, 2018, and granting its motion will streamline the issues in the case.

Qualcomm's MTD does not warrant the extreme expedited treatment Qualcomm requests.  Qualcomm's assertion that time is of the essence is belied by Qualcomm's delay in filing this *Ex Parte* Application and in serving the covenant not to sue it says now divests this Court of jurisdiction over all patent-related

_____

[1]  Those patents are U.S. Patent Nos. 6,556,549; 6,694,469; 7,095,725; 7,096,021; 7,246,242; 7,289,630; 8,867,494; 9,059,819; and 9,137,822.

claims and counterclaims.  As far back as August 2017—before the Court invested considerable effort construing claims of the patents-in-suit—Qualcomm could have served its covenant not to sue and addressed the nine patents-in-suit in its 2017 Motion for Partial Dismissal that concerned other patents, Dkt. 102-1.  *See* Dkt. 121 at 11-12 n.7 (noting Qualcomm's failure to admit that certain patents are not essential and to provide a covenant-not-to-sue).  Without any explanation for this delay,[2] Qualcomm seeks to impose truncated deadlines on Apple and the CMs to respond to its Motion while they are engaged in the substantial task of preparing rebuttal expert reports.

Qualcomm seeks an expedited ruling so as to avoid having to respond to Apple and the CMs' experts' opinions on the infringement and invalidity of the nine patents-in-suit, but the Court has already barred Qualcomm from offering infringement opinions.  Dkt. 603 at 4-5.  With respect to invalidity, Qualcomm has been on notice of those claims since before the expert discovery period began— and at least since its representation to this Court over two months ago that it was prepared to meet the July 20, 2018 deadline for rebuttal reports (that would presumably include opinions with respect to such invalidity claims), Dkt. 508.  *See* Dkt. 587 (Qualcomm's Oppn to Mtn To Strike) at 20.

More importantly, Qualcomm's covenant not to sue does not necessarily remove the nine patents-in-suit from this case and therefore divest this Court of jurisdiction over all claims and counterclaims implicating them.  Notwithstanding its covenant not to sue, Qualcomm continues to assert that the nine patents-in-suit—plus 93 additional other patents—are essential to certain cellular standards and that Apple products comply with those applicable standards.  *See* Dkt. 585-1 (unsealed MPA on Mtn To Strike) at 1, 7-8, 15; Dkt. 553-10 (SEP Chart); Dkt.

---

[2]  To the extent Qualcomm suggests that the Court's decision to strike its experts' infringement opinions precipitated Qualcomm's current motion, Qualcomm was well-aware of the Patent Local Rules regarding the timing for a timely offer of infringement opinions.

1    555-6 (Patents-in-Suit Chart).  Indeed, Qualcomm continues to offer claim charts

2    and analyses on these patents and thus puts their merits at issue in this case.  *Cf.*

3    Dkt. 167 (Order re Partial Dismissal) at 29-30 (dismissing nine patents on which

4    Apple and the CMs had sought declaratory judgment, in part, because "Qualcomm

5    has not stated that the Additional Patents-in-Suit are 'actually essential' to a

6    standard practiced by Apple").  Qualcomm is unequivocal in its intention to

7    continue to press these issues, stating its position that the Court did not strike

8    sections of its expert reports relating to alleged essentiality of the patents-in-suit,

9    including Section V.A.1 of the Expert Report of Dr. Laneman because, in

10   Qualcomm's view, that section "provides [Dr. Laneman's] opinion that certain

11   claims of the  '469 Patent are essential to the standards."  Ex. A (9/17/18 Ltr fr

12   Devitt to Sproul).

13       Qualcomm's view that portions of its experts' reports relating to the nine

14   patents-in-suit were not struck and may be used at trial demonstrates the necessity

15   of further decisions by the Court regarding the patents.  If the '469 patent is

16   invalid, as Apple and the CMs contend, it cannot be essential to any standard, as

17   Qualcomm and Dr. Laneman contend.  There is thus a live, justiciable controversy

18   between the parties regarding Apple and the CMs' invalidity claims, regardless of

19   Qualcomm's promise not to bring an infringement claim in the future.

20       In addition, Qualcomm's other experts have cited Qualcomm's technical

21   expert opinions on the essentiality of its patents, including the nine patents-in-suit,

22   to support other opinions in the case, such as those assessing the value of

23   Qualcomm's patents.  *See, e.g.*, Dkt. 555-22 (Prince Rpt) at ¶¶ 250-51; Dkt. 555-

24   23 (Reliance Chart).  Such opinions appear designed to support Qualcomm's claim

25   that Apple and the CMs must pay Qualcomm for its entire patent portfolio, which

26   includes the nine patents-in-suit.  Therefore, these patents remain relevant to

27   Qualcomm's assertion that its portfolio royalties are fair, reasonable, and non-

28   discriminatory ("FRAND").

There is also a live issue over how the nine patents-in-suit, as well as a large swath of Qualcomm's patent portfolio, are practiced by Qualcomm's baseband chipsets and therefore exhausted by Qualcomm's authorized sale of those baseband chipsets.  To the extent that Qualcomm seeks to expedite briefing on its MTD in an attempt to avoid addressing the patent-related issues arising in Apple and the CMs' Motion for Partial Summary Judgment on the issue of exhaustion, Dkt. 601-1 ("Exhaustion SJM")—for which Qualcomm's opposition is due on September 28, 2018—the Court would still have to address patents-in-suit in its ruling on the Exhaustion SJM.  The issue of exhaustion is also relevant to numerous other claims, counterclaims, and defenses in the case, including:

(1) Apple's request for declaratory judgment that the provision in the STA Assignment Agreement requiring Apple to pay a license fee on exhausted patents is unenforceable and against public policy (*see* Dkt. 83, Count LX at ¶¶ 596, 604-06, Request for Relief K);

(2) Apple's claim for declaratory judgment that the CMs' licenses are unenforceable to the extent they seek licensee fees on exhausted patents and bundle exhausted and non-exhausted patents (*see id.*, Count LXI at ¶¶ 610, 613, Request for Relief L & M);

(3) Apple's California Unfair Competition Law claim, which *inter alia* seeks restitution of excess license fees Qualcomm collected on exhausted patents (*see id.*, Count LXIII at ¶¶ 658, 661, Request for Relief P & T); and

(4) the CMs' Twelfth and Sixteenth Additional Affirmative Defenses (Excuse and Patent Exhaustion) (*see* 3:17-cv-01010, Dkt. 84) and the CMs' counterclaims for declaration of unenforceability under Cal. Civ. Code §§ 1598–99 (*see id.*, Count XII at ¶¶ 399-401, 409, Request for Relief L & T).

For at least these reasons, the parties, the Court, and the jury will still be required to assess patent merits, including for the patents-in-suit.

# CONCLUSION

Apple and the CMs thus respectfully request that the Court deny Qualcomm's *Ex Parte* Application and instead set Qualcomm's MTD for a hearing on November 9, 2018, to be heard with the other pending motions for summary judgment and judgment on the pleadings.  Consistently, Apple and the CMs respectfully request that the  deadline for Apple and the CMs to respond to the motion be set for October 26, 2018, in accordance with the Local Rules for the hearing date.

Dated:  September 18, 2018    Respectfully submitted,

By:  */s/ Seth M. Sproul*

Juanita R. Brooks, SBN 75934, brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone:  858-678-5070 / Fax: 858-678-5099

Ruffin B. Cordell, DC Bar No. 445801,
*pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421,
*pro hac vice*, degnan@fr.com
Fish & Richardson P.C.
1000 Main Avenue, S.W., Suite 1000
Washington, D.C.  20024
Phone:  202-783-5070 / Fax:  202-783-2331

William A. Isaacson, DC Bar No. 414788,
*pro hac vice*, wisaacson@bsfllp.com
Karen L. Dunn, DC Bar No. 1002520,
*pro hac vice*, kdunn@bsfllp.com
Boies, Schiller & Flexner LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Phone: 202-237-2727 / Fax: 202-237-6131

Attorneys for *Plaintiff and Counterclaim-Defendant Apple Inc.*

By:   /s/ Jennifer J. Rho

THEODORE J. BOUTROUS JR. (SBN 132099)
tboutrous@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
JASON C. LO (SBN 219030)
jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
jrho@gibsondunn.com
MELISSA PHAN (SBN 266880)
mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel:  (213) 229-7000
Fax:  (213) 229-7520

CYNTHIA E. RICHMAN (DC Bar No. 492089;
Pro Hac Vice) crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

*Attorneys for Defendants, Counterclaimants, and Third-Party Plaintiffs Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation*

HUGH F. BANGASSER (Pro Hac Vice)
hugh.bangasser@klgates.com
CHRISTOPHER M. WYANT (Pro Hac Vice)
chris.wyant@klgates.com
J. TIMOTHY HOBBS (Pro Hac Vice)
tim.hobbs@klgates.com

Case No. 3:17-CV-00108-GPC-MDD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Telephone: +1 206 623 7580
Facsimile: +1 206 370 6371

CAITLIN C. BLANCHE (SBN 254109)
caitlin.blanche@klgates.com
K&L GATES LLP
1 Park Plaza Twelfth Floor
Irvine, CA  92614
Telephone: +1 949 253 0900
Facsimile: +1 949 253 0902

*Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff Wistron Corporation*

**FILER'S ATTESTATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court of the Southern District of California, I certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

Dated:  September 18, 2018

*/s/ Seth M. Sproul*
       Seth M. Sproul

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 18, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on September 18, 2018, at San Diego, California.


*/s/ Seth M. Sproul*
Seth M. Sproul