Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (State Bar No. 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Telephone: (858) 314-1200
Facsimile: (844) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE:

QUALCOMM LITIGATION

No. 3:17-CV-0108-GPC-MDD

**QUALCOMM'S OPPOSITION TO APPLE'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Judge: Hon. Gonzalo P. Curiel
Courtroom: 2D
Date: November 9, 2018
Time: 1:30 p.m.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

BACKGROUND .......... 2

ARGUMENT .......... 3

I. THE COURT HAS SUBJECT-MATTER JURISDICTION OVER QUALCOMM'S FRAND DJ. .......... 3

II. THERE IS NO BASIS FOR THE COURT TO DECLINE TO EXERCISE JURISDICTION OVER QUALCOMM'S FRAND DJ. .......... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Herron*,
634 F.3d 1101 (9th Cir. 2011) .......... 3

*Ameripod, LLC v. Davisreed Constr., Inc.*,
2017 WL 2959351 (S.D. Cal. July 11, 2017) .......... 3

*Arco Prods. Co. v. Stewart & Young Inc.*,
50 Fed. App'x 336 (9th Cir. 2002) .......... 3

*Benchmark Ins. Co. v. Dismon Corp.*,
262 F. Supp. 3d 991 (C.D. Cal. 2017) .......... 3

*Huawei Techs., Co. v. T-Mobile US, Inc.*,
2017 WL 957720 (E.D. Tex. Feb. 22, 2017), *report and recomendation adopted*, 2017 WL 951800 (E.D. Tex. Mar. 10, 2017) .......... 3, 4, 5

*InterDigital Commc'ns v. ZTE Corp.*,
2014 WL 2206218 (D. Del. May 28, 2014) .......... 4, 5

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) .......... 3

*PanOptis Patent Mgmt., LLC v. Blackberry Corp.*,
2017 WL 780885 (E.D. Tex. Feb. 10, 1017), *report and recomendation adopted*, 2017 WL 780880 (E.D. Tex. Feb. 25, 2017) .......... 4, 5

*RMC Water & Env't v. Travelers Cas. & Surety Co. of Am.*,
2017 WL 4798049 (N.D. Cal. Oct. 24, 2017) .......... 3

*Ventress v. Japan Airlines*,
486 F.3d 1111 (9th Cir. 2007) .......... 3

# INTRODUCTION

Qualcomm seeks a declaratory judgment that it has fully complied with its FRAND commitments to the European Telecommunications Standards Institute ("ETSI") with respect to Apple ("FRAND DJ").

Apple has repeatedly accused Qualcomm of breaching its FRAND commitments as to Apple—a third-party beneficiary of those contracts. Apple made that allegation in its correspondence, pleadings, expert reports, and even this very Motion. Indeed, that allegation is the linchpin of Apple's Complaint. (Apple FAC ¶ 623 ("Qualcomm's anticompetitive conduct is based on the breach of its FRAND commitments for its SEPs.").) Apple also contends that it can enforce those contracts against Qualcomm. (*Id.* ¶ 632.) Thus, under black-letter declaratory judgment law, Apple's many allegations have created a justiciable controversy regarding whether Qualcomm breached its contracts with ETSI.

Now, however, Apple contends that there is no such controversy regarding whether Qualcomm committed the contractual breaches of which Apple accuses it. Apple says that FRAND is merely a negotiation, and "[i]t is not the job of the courts to determine the proper outcome of a contract negotiation". (Apple Br. at 3.) According to Apple, it can freely seek a judicial determination of its rights and obligations under Qualcomm's FRAND contracts, but Qualcomm can do so only if Apple is willing to consent to it. Absent its consent, Apple says, Qualcomm must wander in the dark regarding its contractual obligations, no matter how explicitly Apple alleges—or even claims—that it breached those obligations.

Apple cannot have it both ways. It cannot continue to assert antitrust and disgorgement claims seeking billions of dollars in damages on the theory that Qualcomm breached its FRAND contracts, while simultaneously arguing that there is no controversy as to those alleged breaches. If FRAND commitments are enforceable, contractual promises (which they are), then this Court can declare that Qualcomm has not breached its FRAND commitments. FRAND contracts are just

as amenable to declaratory judgments as other contracts. Indeed, in similar circumstances, courts have confirmed that they have subject matter jurisdiction to declare whether a patent holder (like Qualcomm) has complied with its contractual FRAND commitments to ETSI as to a potential licensee (like Apple).

Qualcomm does not seek the Court's "views on the parties' negotiating positions" (*Id.* at 1); rather, Qualcomm seeks a binding determination that it has not breached its FRAND contracts, which would resolve an exigent controversy between the parties. The Court has subject matter jurisdiction over the FRAND DJ and, therefore, should deny Apple's Motion.

**BACKGROUND**

Qualcomm's extensive patent portfolio includes numerous cellular SEPs—patents essential to implementing certain cellular telecommunications standards. (QC Countercls. ¶ 88.) Qualcomm has committed to certain standard-development organizations, including ETSI, that it will make licenses available for certain specified rights under Qualcomm's SEPs on FRAND terms. (*Id.* ¶ 95.) A FRAND commitment is a contract between Qualcomm and ETSI. (*Id.* ¶ 96.) Apple is a third-party beneficiary of that contract. (Apple FAC ¶ 50.)

In accordance with Qualcomm's FRAND commitments and in response to a demand from Apple, Qualcomm made a complete, written license offer to Apple on FRAND terms. (QC Countercls. ¶¶ 180-88.) Apple responded by accusing Qualcomm of breaching its FRAND commitments. (*Id.* ¶ 189.) Apple also made an unreasonable counteroffer and acted in bad faith, including by interfering with the Contract Manufacturers' ("CMs") payments of royalties under their longstanding license agreements with Qualcomm. (*See, e.g.*, *id.* ¶¶ 189-95.)

Apple repeatedly alleges that Qualcomm breached its contracts with ETSI to make licenses to its SEPs available on FRAND terms. (*See, e.g.*, Apple FAC ¶ 122.) Many of Apple's (and the CMs') claims are premised on Qualcomm's

alleged breaches of its FRAND contracts.[1] Qualcomm seeks a declaration that it has "satisfied [its] FRAND commitments to ETSI". (QC Countercls. ¶ 345.)

**ARGUMENT**

## I. THE COURT HAS SUBJECT MATTER JURISDICTION OVER QUALCOMM'S FRAND DJ.

The Court has jurisdiction over Qualcomm's FRAND DJ because there is an "actual case or controversy"—a "definite and concrete" dispute—regarding whether Qualcomm complied with its contractual obligations to ETSI. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Apple's Motion should be denied.[2]

Qualcomm does not want the Court to "decide what [a potential future] contract should be". (Apple Br. at 1) Rather, Qualcomm seeks a judicial determination that it has complied with its existing contracts with ETSI—in the face of Apple's repeated insistence that Qualcomm breached those contracts.

Courts routinely exercise jurisdiction over declaratory judgment claims regarding whether a party has complied with a contract; indeed, that is a principal purpose of declaratory judgments.[3] Courts have found that subject matter jurisdiction exists when a patent holder seeks a declaration that it has complied with its FRAND obligations to ETSI in the face of a potential licensee's assertions to the contrary. For example, in *Huawei v. T-Mobile*, the court rejected a challenge by T-Mobile (the potential licensee) to the court's subject matter jurisdiction over a declaratory judgment claim that Huawei complied with its FRAND obligations.

---

[1] *See, e.g.*, Apple FAC ¶ 623; CMs Countercls. ¶ 83; Apple FAC Prayer ¶¶ M, T (disgorgement and restitution of "non-FRAND royalties"); CMs Answer Count V (declaratory judgment that Qualcomm breached its FRAND commitment).

[2] As Apple acknowledges, the Court must "tak[e] all the allegations in the non-moving party's pleading as true" in deciding whether judgment on the pleadings is warranted. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007).

[3] *See, e.g.*, *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107-08 (9th Cir. 2011); *Arco Prods. Co. v. Stewart & Young Inc.*, 50 Fed. App'x 336, 337 (9th Cir. 2002); *RMC Water & Env't v. Travelers Cas. & Surety Co. of Am.*, 2017 WL 4798049, at *5 (N.D. Cal. Oct. 24, 2017); *Benchmark Ins. Co. v. Dismon Corp.*, 262 F. Supp. 3d 991, 998 (C.D. Cal. 2017); *Ameripod, LLC v. Davisreed Constr., Inc.*, 2017 WL 2959351, at *7 (S.D. Cal. July 11, 2017).

2017 WL 957720, at *1 (E.D. Tex. Feb. 22, 2017), *report and recommendation adopted*, 2017 WL 951800 (E.D. Tex. Mar. 10, 2017). The court found that "the controversy is live and immediate" because T-Mobile had accused Huawei of breaching its FRAND contract with ETSI and, as a third-party beneficiary, T-Mobile could file a breach of contract action against Huawei. *Id*. Similarly, in *PanOptis v. Blackberry Corp.*, the court held that it had subject matter jurisdiction over a declaratory judgment action brought by patent holders seeking a declaration that they complied with their ETSI commitments. 2017 WL 780885, at *6 (E.D. Tex. Feb. 10, 2017), *report and recommendation adopted*, 2017 WL 780880 (E.D. Tex. Feb. 28, 2017).

Qualcomm's FRAND DJ is similar to those sought in *Huawei* and *PanOptis*. Apple, like the potential licensees in those cases, rejected Qualcomm's license offer and repeatedly asserted that Qualcomm breached its FRAND commitments. Apple bases a number of claims on that allegation. (*See, e.g.*, Apple FAC ¶¶ 51-52, 122; Expert Report of Fiona Scott Morton, Ph.D., at 2; Expert Report of Paul K. Meyer, at 8; Apple Br. at 2.) There is a definite and concrete dispute regarding whether Qualcomm complied with its contractual obligations, and the Court has subject matter jurisdiction to resolve that dispute.

Apple relies heavily on *InterDigital Communications v. ZTE Corp.*, in which the potential licensees asked the Court to "determine a FRAND rate" and declare that the patent holder did not meet its FRAND commitment.[4] 2014 WL 2206218, at *2 (D. Del. May 28, 2014). The court dismissed those claims for lack of subject matter jurisdiction, reasoning that resolving them would only "alter the current negotiating power between the parties", not their legal relationships. *Id.* at *3.

[4] Qualcomm withdrew its claim seeking a declaration of a FRAND royalty for the cellular SEP portfolio license that Qualcomm offered to Apple. (Dkt 422-1 at 2.) Plus, the trier of fact can determine "that [Qualcomm's] FRAND commitments with respect to Apple have been satisfied" (QC Countercls. ¶ 345) without adjudicating a royalty rate by finding, for example, that Apple is an unwilling licensee or that the terms of Qualcomm's offer as a whole are consistent with its FRAND obligations.

But the potential licensees in *InterDigital*—the parties seeking declaratory relief—faced no FRAND breach-of-contract claims. Here, Qualcomm has affirmative contractual obligations that Apple can enforce and that Apple says Qualcomm breached. Indeed, Apple has made Qualcomm's alleged breaches of its FRAND commitments the centerpiece of its antitrust claims.

In any event, the *InterDigital* court mistakenly focused only on the *potential* contracts—the license agreements being negotiated by the parties. The court overlooked the *existing* contracts that were the subjects of the controversy—InterDigital's contracts with ETSI. Courts routinely adjudicate declaratory judgment actions concerning parties' existing contractual obligations, and the *InterDigital* court did not explain why FRAND contracts should be an exception. As the *Huawei* and *PanOptis* courts recognized, FRAND contracts are just as amenable to declaratory judgments as other contracts.[5]

## II. THERE IS NO BASIS FOR THE COURT TO DECLINE TO EXERCISE JURISDICTION OVER QUALCOMM'S FRAND DJ.

In the alternative, Apple argues that even if subject matter jurisdiction exists, the Court nonetheless should dismiss Qualcomm's FRAND DJ, on the theory that courts routinely decline to exercise jurisdiction over declaratory judgment claims where "such relief would not lead to a binding result and would provide an advisory opinion". (Apple Br. at 5.) But that is an argument that no subject matter jurisdiction exists at all, not an independent basis for a *discretionary* dismissal. Apple has not provided any reason, much less a "well-founded reason", for the Court to decline to exercise its jurisdiction here. (*See* Dkt. 167 at 45.)

Apple has repeatedly accused Qualcomm of breaching contracts that Apple has the means, motive, and opportunity to enforce. This Court should resolve the parties' uncertainty regarding their rights and obligations under those contracts.

---

[5] The parties in both cases briefed the significance of *InterDigital*. *See Huawei*, No. 216-CV-00715-JRG-RSP (E.D. Tex.) (Dkt. Nos. 12, 17, 19); *PanOptis*, No. 2:16-CV-00059-JRG-RSP (E.D. Tex.) (Dkt. Nos. 49, 66).

Dated: September 28, 2018

Respectfully submitted,

By: /s/ Evan R. Chesler

**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
(N.Y. Bar No. 2472603)
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651 )
yeven@cravath.com
Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza, 825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Stephen Swedlow (*pro hac vice*)
(Ill. Bar No. 6234550)
stephenswedlow@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**JONES DAY**
Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Randall E. Kay (SBN 149369)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

***Attorneys for Plaintiff***
**QUALCOMM INCORPORATED**