Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD |
|---|---|
| | **QUALCOMM INCORPORATED'S OPPOSITION TO APPLE INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON QUALCOMM INCORPORATED'S FIRST COUNTERCLAIM** |
| | Judge: Hon. Gonzalo P. Curiel |
| | Courtroom: 2D |
| | Date: November 9, 2018 |
| | Time: 1:30 p.m. |

**QUALCOMM'S OPP. TO APPLE SJ**        CASE NO. 3:17-CV-0108-GPC-MDD

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .................................................................................................. 1

FACTUAL BACKGROUND ................................................................................. 2

LEGAL STANDARD ............................................................................................. 4

ARGUMENT .......................................................................................................... 5

I.    Apple Failed To Meet Its Burden as to Wistron and Compal. .................... 5

II.   Qualcomm's Claim Is Timely Because It Is Based on Conduct Within the Limitations Period. ........................................................................ 5

III.  Pre-2015 Breaches Do Not Affect the Timeliness of Qualcomm's Claim. .............................................................................................................. 8

CONCLUSION ....................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aryeh v. Canon Bus. Sols., Inc.*,
    292 P.3d 871 (Cal. 2013) .................................................................................. 9

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ......................................................................................... 5

*Charles Lowe Co. v. Xomox Corp.*,
    No. C 95-0498 SI, 1999 WL 1293362
    (N.D. Cal. Dec. 27, 1999) ........................................................................ 6, 7, 8

*Gilkyson v. Disney Enters., Inc.*,
    198 Cal. Rptr. 3d 611 (Cal. Ct. App. 2016) ..................................................... 9

*Mireskandri v. Daily Mail and General Trust PLC*,
    No. CV1202943MMMSSX, 2013 WL 12114762
    (C.D. Cal. Oct. 8, 2013) ................................................................................... 7

*Moser v. Triarc Co., Inc.*,
    No. 05CV1742-LAB (WMC), 2007 WL 1111245
    (S.D. Cal. Mar. 29, 2007) ................................................................................ 8

*Newcal Indus. v. IKON Office Sols., Inc.*,
    No. C 04-02776 JSW, 2011 WL 1899404
    (N.D. Cal. May 19, 2011) ................................................................................ 9

*Norgart v. Upjohn Co.*,
    981 P.2d 79 (Cal. 1999) ................................................................................ 6, 7

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*,
    791 P.2d 587 (Cal. 1990) ................................................................................. 7

*Ryan v. Microsoft Corp.*,
    147 F. Supp. 3d 868 (N.D. Cal. 2015) ............................................................. 9

*Trembath v. Digardi*,
    118 Cal. Rptr. 124 (Cal. Ct. App. 1974) .......................................................... 6

*W. Air Charter, Inc. v. Schembari*,
    No. 217CV00420ABKSX, 2017 WL 7240775
    (C.D. Cal. Dec. 14, 2017) ................................................................................ 7

**Page(s)**

1
2
3

*Williams v. Alcala*,
   No. 117CV00916DADSABPC, 2018 WL 558764
   (E.D. Cal. Jan. 25, 2018) ................................................................................5

4
5

*ZF Micro Devices, Inc. v. TAT Capital Partners Ltd.*,
   209 Cal. Rptr. 3d 442 (Cal. Ct. App. 2016).....................................................3

**Statutes & Rules**

6
7

Fed. R. Civ. P. 56.................................................................................................5

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Qualcomm Incorporated respectfully submits this Opposition to Apple Inc.'s Motion for Partial Summary Judgment on Tortious Interference with Contract Counterclaim (Counterclaim I) (the "Motion").

## INTRODUCTION

Qualcomm's claim for tortious interference is based on Apple's improper conduct with respect to the four Contract Manufacturers—Foxconn, Pegatron, Wistron and Compal (the "CMs")—with which Qualcomm has longstanding license agreements. Apple contends that Qualcomm's claim is untimely with respect to two categories of misconduct: (1) interfering with contractually permitted royalty audits of each CM; and (2) inducing each CM to misstate royalties owed.[1] Apple's Motion should be denied.

*Wistron and Compal*. Apple failed to meet its burden to show an absence of genuine dispute as to Wistron and Compal. Although Apple's Motion is nominally directed at all four CMs, Apple addresses only Foxconn and Pegatron. Apple presents no evidence to support its assertion that Qualcomm was on notice that Apple interfered with Wistron's or Compal's license agreements before January 20, 2015 (two years before Apple filed this case on January 20, 2017), so there is no evidence upon which this Court could base any findings with respect to Wistron or Compal. Nor has Apple claimed that there is no evidence that it interfered with Wistron's and Compal's license agreements within the limitations period. By this omission, Apple has failed to carry its burden on summary judgment with respect to Wistron and Compal.

*Foxconn and Pegatron*. Apple's Motion also should be denied as to Foxconn and Pegatron:

*First*, Apple substantially interfered with those CMs' contracts during the two-year limitations period. Apple's Motion omits any mention of its tortious

---

[1] Apple does not move on Qualcomm's claim that Apple induced the CMs not to pay billions of dollars of royalties owed to Qualcomm on Apple products. (Apple Br. at 1 n.1.)

conduct within the limitations period that caused the CMs' breaches. Apple repeatedly instructed the CMs not to cooperate with Qualcomm audits and to misstate royalties owed, including well after January 20, 2015. This conduct provides an independent basis for denying Apple's Motion.

*Second*, no matter when Apple's interference occurred, there were discrete contractual breaches by the CMs within the limitations period, meaning that certain claims for interference could not have accrued before the limitations period. Apple's Motion also omits any mention of the CMs' breaches within the limitations period, but there is substantial evidence that Foxconn and Pegatron breached within the two-year limitations period due to Apple's interference. Qualcomm's claim based on contractual breaches that occurred within the limitations period are timely because that claim did not accrue until the time of each breach. Qualcomm is not pursuing a tortious interference claim against Apple based on breaches by the CMs prior to January 20, 2015.

Ultimately, Apple's Motion rests on the faulty premise that it is immune from a tortious interference claim because some of its interference with some of the CMs' contracts took place before the limitations period. But tortious interference claims accrue at the time of contractual breach—here, at the time of each of the CMs' numerous breaches. Qualcomm is permitted to pursue claims for tortious interference that accrue within the limitations period, whether or not Qualcomm previously had claims for similar breaches that have since become time barred.

## FACTUAL BACKGROUND

Qualcomm licenses certain patented technology to the CMs in contracts called Subscriber Unit License Agreements ("SULAs"), which grant the CMs the rights to use certain Qualcomm intellectual property to manufacture and sell cellular products; in exchange, the CMs must pay quarterly royalties on a percentage of the Net Selling Price ("NSP") of the devices they manufacture

1  and cooperate with regular third-party audits of licensed product sales and
2  related royalties, among other obligations.  (QSOF ¶ 4, 29-32.[2])  Each CM
3  entered into its SULA with Qualcomm many years ago:  Compal in 2000;
4  Foxconn in 2005; Wistron in 2007; and Pegatron in 2010.  (QSOF ¶ 28.)

      Apple is not a party to any of Qualcomm's SULAs with the CMs, and Apple does not have its own patent license with Qualcomm.  (QSOF ¶¶ 33-34.)  Instead, since Apple entered the cellular industry with the release of the iPhone in 2007, it has relied on the CMs' SULAs.  (QSOF ¶ 35.)  Shortly thereafter, Apple began interfering with the CMs' SULAs, including by (i) preventing the CMs from providing complete and accurate sales information during contractually permitted royalty audits; and (ii) requiring the CMs to misstate the amount of royalties owed to Qualcomm.  (*See* QSOF ¶¶ 37, 39-64.)

      Apple acknowledges some of its interference.  As to audits, there is evidence that Apple interfered with certain CM audits as early as 2009 by prohibiting the CMs from providing necessary data to the auditors.  (QSOF ¶ 18-20, 37, 39-41, 44, 48, 53-54, 57-58, 62.)  As to royalty calculations, there is evidence that Apple interfered as early as 2008 by instructing the CMs to improperly reduce the NSP reported to Qualcomm, leading to ▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ under their SULAs.  (QSOF ¶¶ 15-16, 37, 42-43, 45-47, 49-52, 55-56, 59-61, 63-64.)

      But Apple does not acknowledge that its interference with the CMs' audits and royalty payments also occurred after January 20, 2015, the relevant date for statute of limitations purposes.[3]  For example, ▆▆▆▆▆▆▆▆

---

[2] "QSOF" refers to Qualcomm's Response to Apple's Statement of Facts in Support of this Motion, which includes Qualcomm's responses to Apple's proposed facts and Qualcomm's proposed facts.

[3] The statute of limitations for tortious interference is two years.  Apple brought this case on January 20, 2017.  Qualcomm filed its initial counterclaims on April 10, 2017.  For statute of limitations purposes, the tortious interference counterclaim relates back to Apple's January 20, 2017 filing.  *See ZF Micro Devices, Inc. v. TAT Capital Partners, Ltd.*, 209 Cal. Rptr. 3d 442, 458 (Cal. Ct. App. 2016) (counterclaim relates back when it involves "subject-matter related

1
2
3
4
5                                                              Apple used its control
6  over the CMs to induce the CMs' non-compliance with their audit and royalty
7  reporting obligations under the SULAs.  (QSOF ¶¶ 37, 39-41, 44, 48, 53-54,
8  57-58, 62.)  In addition, through at least 2017, Apple directed the CMs to
9  misstate, redact and manipulate sales information for the devices the CMs
10 manufactured for Apple.  (QSOF ¶¶ 37, 42-47, 49-52, 55-56, 59-61, 63-64.)
11        Apple's interference caused the CMs repeatedly to breach their SULAs
12 both before and after January 20, 2015.  Each CM failed to comply with certain
13 audits due to Apple's interference.  (*See* QSOF ¶¶ 40-41, 54, 58.)  And each
14 CM underpaid royalties every quarter following Apple's insistence that each
15 CM improperly reduce the NSP reported to Qualcomm, contrary to what the
16 SULAs require.  (QSOF ¶¶ 30, 43, 50, 61, 63.)
17        Qualcomm is seeking to recover damages for these breaches directly
18 from the CMs (through its contractual breach claims)[4] and from Apple (through
19 its tortious interference claim).  (QC Countercls. ¶ 297.)  With respect to Apple,
20 Qualcomm seeks damages (compensatory and punitive) for Apple's misconduct
21 that caused the CMs' breaches within the two-year limitations period.
22 Qualcomm also seeks injunctive relief to prevent Apple from continuing to
23 interfere with Qualcomm's contractual relationships in the future.
24                              **LEGAL STANDARD**
25       Summary judgment is appropriate only where "there is no genuine
26
27 to the plaintiff's complaint").  But for purposes of this Motion, it makes no
   difference whether the date is January 20, 2015, or April 10, 2015, as Apple
28 implies.
   [4]

dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To demonstrate the absence of a genuine issue, a moving party "must support the assertion" by "citing to particular parts of materials in the record". Fed. R. Civ. P. 56(c)(1).

## ARGUMENT

### I. Apple Failed To Meet Its Burden as to Wistron and Compal.

Qualcomm's claim is based on Apple's interference with each CM SULA. (QC Countercls. ¶ 296.) Apple's Motion purportedly concerns all four CMs.[5] But Apple failed to meet its burden to show an absence of a genuine dispute of fact with respect to Wistron and Compal. Apple argues that Qualcomm was on notice that Apple interfered with the CMs' SULAs before January 20, 2015 (the limitations date). Yet Apple presents no evidence of such notice—inside or outside the limitations period—with respect to Wistron or Compal. In fact, Apple does not even argue that there is no evidence that it interfered with Wistron's or Compal's SULAs within the limitations period. Apple's Motion therefore must be denied as to Wistron and Compal. *See Williams v. Alcala*, 2018 WL 558764, at *1 (E.D. Cal. Jan. 25, 2018) (denying summary judgment motion that "fails to cite or reference any evidence but simply asserts brief legal conclusions").

### II. Qualcomm's Claim Is Timely Because It Is Based on Conduct Within the Limitations Period.

Apple asserts that Qualcomm's claim is untimely because certain alleged misconduct occurred prior to January 20, 2015. Apple's argument fails because it interfered with the SULAs during the limitations period. In addition, as a result of Apple's interference, the CMs breached their SULAs—a separate

---

[5] *See, e.g.*, Apple Br. at 1 ("Qualcomm is time-barred from alleging that Apple caused the [CMs] to misstate royalties."), 5 ("Qualcomm is time-barred from alleging that Apple interfered with the CMs' royalty audits.").

element of the tortious interference claim—during the limitations period, which provides an independent basis for denying Apple's Motion.

As an initial matter, Apple misstates the law regarding when a tortious interference claim accrues. Apple contends that the claim accrues at the time of the defendant's wrongful conduct, relying on *Trembath v. Digardi*, 118 Cal. Rptr. 124, 126 (Cal. Ct. App. 1974). Although some California courts describe the date of accrual as "the date of wrongful act", those cases commonly involve wrongful conduct that was simultaneous with the contractual breach, or that involve claims that would be untimely measured from either point.[6] Qualcomm is not aware of any California case holding that a tortious interference claim is untimely because it should be measured from the date of the wrongful act. The general rule—that a claim accrues when it is "complete with all of its elements"—applies. *Norgart v. Upjohn Co.*, 981 P.2d 79, 88 (Cal. 1999). Apple's Motion fails either way, however, because there is substantial evidence that Apple interfered with the SULAs both prior to and during the limitations period.

There is no dispute that a tortious interference claim based on interference *within the limitations period* is timely. Here, Apple has engaged in wrongful acts within the limitations period. Just to give a few examples:



- 
- 

---

[6] In fact, *Trembath* measured the limitations period from the date of the contractual breach, not when defendant's wrongful interference occurred. 118 Cal. Rptr. at 125-26; *see Charles Lowe v. Xomox Corp.*, 1999 WL 1293362, at *9 (N.D. Cal. Dec. 27, 1999) ("[I]n *Trembath*, the California appeals court acknowledged the possibility that the statute of limitations began to run when the contract was actually breached rather than when the wrongful act inducing the breach occurred.").



Under the correct interpretation of the law regarding when a tortious interference claim accrues, a claim based on contractual breaches within the limitations period is timely. A claim does not accrue until it is "complete with all of its elements".[8] *Norgart*, 981 P.2d at 88. Because an "actual breach or disruption" of the contract is an element of a tortious interference claim, the claim does not accrue unless and until there is a breach of the relevant contract, regardless of when the interference occurred. *See, e.g.*, *W. Air Charter, Inc. v. Schembari*, 2017 WL 7240775, at *6 (C.D. Cal. Dec. 14, 2017) (holding that a tortious interference claim does not accrue until all five elements, including harm to the plaintiff, are completed); *Mireskandri v. Daily Mail & Gen. Trust PLC*, 2013 WL 12114762, at *12 (C.D. Cal. Oct. 8, 2013) (measuring the limitations period for a tortious interference claim from the date of contractual termination); *Charles Lowe*, 1999 WL 1293362, at *9-10 (limitations period runs from the date of the contractual breach; "the California Supreme Court has

---

[7] There is also ample evidence that Apple interfered with audits and reporting royalties for both Wistron and Compal after January 20, 2015. (QSOF ¶¶ 39-40, 58-64.) The Court need not reach this issue, however, given Apple's failure to address any evidence with respect to these two CMs. (*See* Argument Sec. I.)

[8] Under California law, a tortious interference claim has five elements: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) *actual breach or disruption of the contractual relationship*; and (5) resulting damage." *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 791 P.2d 587, 589-90 (Cal. 1990) (emphasis added).

held that the period cannot run before plaintiff possesses a true cause of action") (internal citations omitted).

Apple's tortious conduct resulted in contractual breaches by Foxconn and Pegatron both before and after January 20, 2015.[9] These breaches consisted of (i) repeated failures to cooperate with audits, including "the most recent audit of each Contract Manufacturer" (QC Countercls. ¶¶ 292, 294) and (ii) repeated royalty misstatements. (QSOF ¶¶ 39-64.) This claim did not accrue until the occurrence of each breach, and each breach undisputedly occurred within the limitations period. *See Charles Lowe*, 1999 WL 1293362, at \*9-10 (assessing the accrual date as the date of the alleged breach of contract when actual damages can be calculated).

Because Qualcomm's claim for tortious interference is based on wrongful conduct by Apple within the limitations period and contractual breaches by the CMs within the limitations period, it is timely.

### III. Pre-2015 Breaches Do Not Affect the Timeliness of Qualcomm's Claim.

Finally, Apple suggests that even a claim for tortious interference based on misconduct by Apple and the CMs after January 20, 2015, would be untimely if the misconduct at issue is similar to that which occurred before January 20, 2015. Apple's theory seems to be that Qualcomm was on notice of Apple's tortious interference as early as 2008 (as to Foxconn) and 2012 (as to Pegatron) (Apple Br. at 3-5), so Qualcomm was required to bring any tortious interference claim within two years of those dates. But whether Qualcomm could have brought a tortious interference claim before January 20, 2015, has no bearing on its claim based on misconduct within the limitations period.

*First*, additional contractual breaches "can give rise to additional causes of action, with new accrual periods". *Moser v. Triarc Co., Inc.*, 2007 WL

---

[9] Again, there is substantial evidence that Apple caused Wistron and Compal to breach their SULAs during the limitations period. (QSOF ¶¶ 39-40, 58-64.)

1111245, at *2 (S.D. Cal. Mar. 29, 2007).  This common sense principle has been applied to tortious interference claims.  *See Newcal Indus. v. IKON Office Sols., Inc.*, 2011 WL 1899404, at *5 (N.D. Cal. May 19, 2011) (holding that plaintiff's tortious interference claim was timely, despite interference beginning outside the limitations period).

*Second*, the California doctrine of "continuous accrual" applies where, as here, "there is a continuing or recurring obligation"—one that is capable of being treated as a series of "independently actionable wrong[s]", each of which can be breached.  *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 880 (Cal. 2013).  Notably, "California courts have held that disputes regarding monthly billing and payments qualify for continuous accrual, with each month triggering a new limitations period." *Ryan v. Microsoft Corp.*, 147 F. Supp. 3d 868, 895 (N.D. Cal. 2015); *see also Gilkyson v. Disney Enters., Inc.*, 198 Cal. Rptr. 3d 611, 619 (Cal. Ct. App. 2016) (finding that series of breaches of a royalty agreement warrants application of the continuous accrual rule).

The CMs' obligations under their SULAs are "continuing or recurring obligations" under California's continuous accrual rule.  The CMs' obligations to report and pay quarterly royalties and to comply with annual audits are classic examples of an obligation that is, in reality, a series of obligations, each of which can be separately breached.  (QSOF ¶¶ 30-32.)  Qualcomm cannot know whether a CM will comply with its obligations for any given period until the time for the CMs' performance comes due.

Accordingly, Qualcomm's tortious interference claim based on Apple's misconduct and the CMs' breaches within the limitations period is timely regardless of any similarity to Apple's pre-2015 misconduct and breaches.

## CONCLUSION

For these reasons, the Court should deny Apple's motion for partial summary judgment on part of Qualcomm's claim for tortious interference.

Dated:  September 28, 2018

Respectfully submitted,

By   /s/ *Evan R. Chesler*
       Evan R. Chesler

**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
(N.Y. Bar No. 2472603)
rstark@cravath.com
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651)
yeven@cravath.com
Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

| | |
|---|---|
| 1 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| 2 | David A. Nelson (*pro hac vice*) (Ill. Bar No. 6209623) |
| 3 | davenelson@quinnemanuel.com Stephen Swedlow (*pro hac vice*) |
| 4 | (Ill. Bar No. 6234550) stephenswedlow@quinnemanuel.com |
| 5 | 500 West Madison St., Suite 2450 Chicago, Illinois 60661 |
| 6 | Telephone: (312) 705-7400 Facsimile: (312) 705-7401 |
| 7 | |
| 8 | Alexander Rudis (*pro hac vice*) (N.Y. Bar No. 4232591) |
| 9 | alexanderrudis@quinnemanuel.com 51 Madison Ave., 22nd Floor |
| 10 | New York, New York 10010 Telephone: (212) 849-7000 |
| 11 | Facsimile: (212) 849-7100 |
| 12 | Sean S. Pak (SBN 219032) seanpak@quinnemanuel.com |
| 13 | 50 California St., 22nd Floor San Francisco, California 94111 |
| 14 | Telephone: (415) 875-6600 Facsimile: (415) 875-6700 |
| 15 | |
| 16 | **JONES DAY** |
| 17 | Karen P. Hewitt (SBN 145309) kphewitt@jonesday.com |
| 18 | Randall E. Kay (SBN 149369) rekay@jonesday.com |
| 19 | 4655 Executive Drive, Suite 1500 San Diego, California 92121 |
| 20 | Telephone: (858) 314-1200 Facsimile: (858) 345-3178 |
| 21 | |
| 22 | *Attorneys for Defendant and Counterclaim-Plaintiff* **QUALCOMM INCORPORATED** |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |