UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE: QUALCOMM LITIGATION

Case No.: 17cv108-GPC-MDD

**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: APPLE'S CLAWBACK OF 34 DOCUMENTS**

**[ECF Nos. 455, 546]**

Before the Court are two joint motions for determination of a discovery dispute regarding Apple's efforts to clawback several documents they assert were disclosed in error. Apple maintains that these documents are "classic attorney-client privileged and work product material." (*Id.* at 18). In the first motion, Qualcomm argues that the documents are not subject to attorney-client or work product protections and request that the eight documents attached to the motion for in camera review, along with an additional twenty-six documents, be ordered produced. (ECF No 455 at 4-5). The second joint motion presents an additional six documents for which Apple has claimed either attorney-client privilege or work product protection.

## LEGAL STANDARD

As a general matter, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If information

1

is inadvertently produced in discovery that is subject to a claim of privilege or protection, the claiming party may notify the receiving party of the claim and its basis. Fed. R. Civ. P. 26(b)(5)(B). The receiving party "must promptly return, sequester, or destroy the specified information … must not use or disclose the information until the claim is resolved; … and may promptly present the information to the court under seal for a determination of the claim. *Id.*

# DISCUSSION

As a threshold matter, the Court must determine whether Apple has waived its claim of privilege.

The party seeking to clawback documents must establish that its inadvertent disclosure of the documents should not constitute a waiver. According to Federal Rule of Evidence 502(b), "When the disclosure is made in a federal proceeding … the disclosure does not operate as a waiver … if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." Fed. R. Evid. 502(b). The party seeking to clawback the documents has the burden of proving that they meet the requirements of Federal Rule of Evidence 502(b). See *Callan v. Christian Audigier, Inc.*, 263 F.R.D. 564, 565-66 (C.D. Cal. 2009). " '[I]nadvertence' of disclosure does not as a matter of law prevent the occurrence of waiver." *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981).

Here, Apple is silent as to whether it took any "reasonable steps to prevent disclosure" of privileged information and does not identify any precautions it took to prevent such disclosure. Apple provides no information about the initial inadvertent production or its discovery thereof. *See* Fed. R.

Evid. 502 Advisory Comm. Notes (describing factors a court may consider in evaluating whether an inadvertent disclosure waives privilege or protection, including "the reasonableness of precautions taken" and "the number of documents to be reviewed and the time constraints for production."). In the absence of any information at all about Apple's efforts to identify and protect privileged materials, Apple has not demonstrated that it took reasonable steps in order to prevent inadvertent disclosure.

Further, Apple does not provide any information as to its promptness in requesting the clawback of these documents. Rather, Qualcomm notes that, at the time of filing the first Joint Motion, Apple had sought to clawback approximately 1,340 documents. Apple, with whom the burden rests, does not provide the court with a timeline for their inadvertent disclosures or any efforts to rectify their error.

The failure to meet their burden with respect to the requirements of Federal Rule of Evidence 502(b) is fatal to Apple's efforts to clawback these documents. As such, the Court will not conduct an in camera review and will order the forty documents referenced in both Joint Motions produced.

## CONCLUSION

Accordingly, the Court **ORDERS** the forty clawed back documents produced. The Court further **ORDERS** that the parties file public copies of both joint motions within one week of this order, redacting only information subject to privilege and work product protections.

**IT IS SO ORDERED.**

Dated: October 2, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge