1    Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
     echesler@cravath.com
2    CRAVATH, SWAINE & MOORE LLP
     825 Eighth Avenue
3    New York, NY 10019
     Telephone: (212) 474-1000
4    Facsimile: (212) 474-3700

5    David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
     davenelson@quinnemanuel.com
6    QUINN EMANUEL URQUHART & SULLIVAN, LLP
     500 West Madison St., Suite 2450
7    Chicago, Illinois 60661
     Telephone: (312) 705-7400
8    Facsimile: (312) 705-7401

9    Karen P. Hewitt (SBN 145309)
     kphewitt@jonesday.com
10   JONES DAY
     4655 Executive Drive, Suite 1500
11   San Diego, California 92121
     Telephone: (858) 314-1200
12   Facsimile: (858) 345-3178

13   [*Additional counsel identified on signature page*]

14   *Attorneys for Defendant and Counterclaim-Plaintiff*
     QUALCOMM INCORPORATED

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD |
|---|---|
| | **QUALCOMM INCORPORATED'S MOTION FOR AN ORDER TO FILE UNDER SEAL ITS EXHIBITS IN SUPPORT OF ITS MOTION TO STRIKE CERTAIN EXPERT REPORTS OF APPLE AND THE CONTRACT MANUFACTURERS** |
| | Judge:     Hon. Gonzalo P. Curiel |

1  Qualcomm Incorporated ("Qualcomm"), through its undersigned counsel, hereby moves the Court for an order pursuant to Civil Local Rule 79.2 permitting Qualcomm to file under seal Exhibits ("Exs.") 1-5, 10-16 (collectively, "Qualcomm Motion to Strike Exhibits") to the October 12, 2018 Declaration of James W. Carlson in Support of Qualcomm Incorporated's Motion to Strike Certain Expert Reports of Apple Inc. ("Apple") and the Contract Manufacturers[1] ("Carlson Motion to Strike Decl."), and to file redacted versions of Qualcomm Motion to Strike Exhibits on the Court's public docket. The sealing and redactions Qualcomm requests are necessary to protect personal information of experts as well as to protect information designated as highly confidential by Apple and the CMs under the Protective Order Governing Confidential Material in this case. In this private commercial dispute, the strong confidentiality interests outweigh any potential public interest in the narrow portions of Qualcomm Motion to Strike Exhibits that Qualcomm requests to be redacted.

Although courts in the Ninth Circuit recognize "a general right to inspect and copy public records and documents, including judicial records and documents", *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), "access to judicial records is not absolute". *Id.* Courts in the Ninth Circuit have distinguished between sealing or redacting materials on (i) "dispositive" motions, where a "compelling reasons" standard applies, and (ii) "non-dispositive" motions, where a "good cause" standard applies. *Id.* at 1180. Rule 26(c) provides that the court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment,

---

[1] The Contract Manufacturers ("CMs") are Compal Electronics, Inc., FIH Mobile Ltd. and Hon Hai Precision Industry Co., Ltd. (together, "Foxconn"), Pegatron Corporation and Wistron Corporation.

1  oppression, or undue burden". Fed. R. Civ. P. 26(c); *Phillips v. Gen. Motors
2  Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).
3       Here, Qualcomm requests that certain portions of Qualcomm Motion to
4  Strike Exhibits be redacted, including personal information, personal addresses,
5  phone numbers and information that is subject to confidentiality agreements
6  and is potentially confidential. Good cause exists to redact and seal the
7  requested portions of Qualcomm Motion to Strike Exhibits because the material
8  at issue is otherwise restricted from disclosure by applicable confidentiality
9  agreements. Qualcomm's requested redactions are narrowly tailored, such that
10 only specific information is redacted in order to protect personal information,
11 personal addresses and phone numbers or to protect material marked by Apple
12 as "Highly Confidential – Attorneys' Eyes Only".
13      Qualcomm's proposed redactions hew to the lines that the Court drew in
14 its August 21, 2018 Order Granting in Part Motions to File Documents Under
15 Seal. (*See* Dkt. 580.) In that Order, the Court granted motions to seal the
16 addresses and phone numbers of experts identified in expert designations and to
17 seal expert reports designated as either "Highly Confidential – Attorney's Eyes
18 Only" or "Confidential – Attorney's Eyes Only". (*See* Dkt. 580 at 2; *see also*
19 Dkt. 561 at 3-4.)
20      The chart below describes the exhibits containing experts' personal
21 information, addresses and phone numbers or information in expert reports
22 designated by Apple as "Highly Confidential – Attorney's Eyes Only" or
23 "Confidential – Attorney's Eyes Only" that Qualcomm requests to file under
24 seal:

| Ex. | Description of Exhibit | Confidentiality Interests |
|---|---|---|
| 1 | Qualcomm's Designation of Experts Expected to Provide Testimony at Trial (Case No. 17-cv-0108-GPC-MDD), dated January 12, 2018 | Experts' personal addresses and phone numbers. |

| Ex. | Description of Exhibit | Confidentiality Interests |
|---|---|---|
| 2 | Expert Disclosures of Apple Inc., Compal Electronics, Inc., Hon Hai Precision Industry Co., Ltd., FIH Mobile Ltd, Pegatron Corporation and Wistron Corporation (Case No. 17-cv-0108-GPC-MDD), dated January 12, 2018 | Experts' personal addresses and phone numbers. |
| 3 | Defendants', Counterclaimants', and Third-Party Plaintiffs' [Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation] Rule 26(A)(2) Disclosure, dated January 12, 2018 | Experts' personal addresses and phone numbers. |
| 4 | Rebuttal Expert Disclosures of Apple Inc., Compal Electronics, Inc., Hon Hai Precision Industry Co., Ltd., FIH Mobile Ltd, Pegatron Corporation and Wistron Corporation (Case No. 17-cv-0108-GPC-MDD), dated February 12, 2018 | Experts' personal addresses and phone numbers. |
| 5 | Email from Raisa Ahmad, dated July 13, 2018 | Experts' personal addresses and phone numbers. |
| 9 | Email from Betty Chen, dated September 25, 2018 | Expert's personal information. |
| 10 | Rebuttal Expert Report of Dr. Robert Akl, D.Sc. (Case No. 17-cv-00108-GPC-MDD), dated October 2, 2018 | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 11 | Second Rebuttal Expert Report of Dr. Robert Akl, D.Sc. (Case No. 17-cv-00108-GPC-MDD), dated October 2, 2018 | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 12 | Rebuttal Expert Report of Dr. David Choi (Case No. 17-cv-00108-GPC-MDD), dated October 2, 2018 | Apple designated "Highly Confidential – Attorneys' Eyes Only" |

| Ex. | Description of Exhibit | Confidentiality Interests |
|---|---|---|
| 13 | Rebuttal Report of Friedhelm Rodermund (Case No. 17-cv-00108-GPC-MDD), dated October 2, 2018 | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 14 | Rebuttal Expert Report of Andrew Sears, Ph.D. Regarding Qualcomm's Patent Portfolio (Case No. 17-cv-00108-GPC-MDD), dated October 2, 2018 | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 15 | Responsive Expert Report of Robert Stevenson (Case No. 17-cv-00108-GPC-MDD), dated October 2, 2018 | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 16 | Rebuttal Expert Report of Todd E. Zickler, Ph.D. Regarding Qualcomm's Patent Portfolio (Case No. 17-cv-00108-GPC-MDD), dated October 2, 2018 | Apple designated "Highly Confidential – Attorneys' Eyes Only" |

### III. CONCLUSION

For the foregoing reasons, Qualcomm respectfully requests that the Court grant Qualcomm's motion and issue an order permitting Qualcomm to file sealed and publicly redacted versions of the Qualcomm Motion to Strike Exhibits.

Dated: October 12, 2018

Respectfully submitted,

By   /s/ Evan R. Chesler
      Evan R. Chesler

**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
(N.Y. Bar No. 2472603)
rstark@cravath.com
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651)
yeven@cravath.com
Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

| | |
|---|---|
| 1 | |
| 2 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| 3 | David A. Nelson (*pro hac vice*) (Ill. Bar No. 6209623) |
| 4 | davenelson@quinnemanuel.com Stephen Swedlow (*pro hac vice*) |
| 5 | (Ill. Bar No. 6234550) stephenswedlow@quinnemanuel.com |
| 6 | 500 West Madison St., Suite 2450 Chicago, Illinois 60661 |
| 7 | Telephone: (312) 705-7400 Facsimile: (312) 705-7401 |
| 8 | |
| 9 | Alexander Rudis (*pro hac vice*) (N.Y. Bar No. 4232591) |
| 10 | alexanderrudis@quinnemanuel.com 51 Madison Ave., 22nd Floor |
| 11 | New York, New York 10010 Telephone: (212) 849-7000 |
| 12 | Facsimile: (212) 849-7100 |
| 13 | Sean S. Pak (SBN 219032) seanpak@quinnemanuel.com |
| 14 | 50 California St., 22nd Floor San Francisco, CA 94111 |
| 15 | Telephone: (415) 875-6600 Facsimile: (415) 875-6700 |
| 16 | |
| 17 | **JONES DAY** Karen P. Hewitt (SBN 145309) |
| 18 | kphewitt@jonesday.com Randall E. Kay (SBN 149369) |
| 19 | rekay@jonesday.com 4655 Executive Drive, Suite 1500 |
| 20 | San Diego, California 92121 Telephone: (858) 314-1200 |
| 21 | Facsimile: (858) 345-3178 |
| 22 | *Attorneys for Defendant and Counterclaim-Plaintiff* |
| 23 | **QUALCOMM INCORPORATED** |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

| | | |
|---|---|---|
| **QUALCOMM INCORPORATED'S MOTION FOR ORDER TO SEAL** | -6- | **CASE NO. 3:17-CV-0108-GPC-MDD** |

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | The undersigned hereby certifies that a true and correct copy of the |
| 3 | above and foregoing documents have been served on October 12, 2018, to all |
| 4 | counsel of record who are deemed to have consented to electronic service via |
| 5 | the Court's CM/ECF system per Civil Local Rule 5.4(d).  Any other counsel of |
| 6 | record will be served by electronic mail, facsimile and/or overnight delivery. |
| 7 | I certify under penalty of perjury that the foregoing is true and |
| 8 | correct.  Executed on October 12, 2018, at New York, New York. |

By: */s/ Evan R. Chesler*
Evan R. Chesler
echesler@cravath.com
*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED