1  Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
   echesler@cravath.com
2  CRAVATH, SWAINE & MOORE LLP
   825 Eighth Avenue
3  New York, NY 10019
   Telephone:  (212) 474-1000
4  Facsimile:  (212) 474-3700

5  David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
   davenelson@quinnemanuel.com
6  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   500 West Madison St., Suite 2450
7  Chicago, Illinois 60661
   Telephone:  (312) 705-7400
8  Facsimile:  (312) 705-7401

9  Karen P. Hewitt (SBN 145309)
   kphewitt@jonesday.com
10 JONES DAY
   4655 Executive Drive, Suite 1500
11 San Diego, California 92121
   Telephone:  (858) 314-1200
12 Facsimile:  (858) 345-3178

13 [*Additional counsel identified on signature page*]

14 *Attorneys for Defendant and Counterclaim-Plaintiff*
   QUALCOMM INCORPORATED
15

16                    **UNITED STATES DISTRICT COURT**

17                    **SOUTHERN DISTRICT OF CALIFORNIA**

18

| IN RE: QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD |
|---|---|
| | **QUALCOMM INCORPORATED'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE CERTAIN EXPERT REPORTS OF APPLE AND THE CONTRACT MANUFACTURERS** |
| | Judge:     Hon. Gonzalo P. Curiel |
| | Courtroom: 2D |
| | Date:      December 7, 2018 |
| | Time:      1:30 p.m. |

# TABLE OF CONTENTS

Page

I.    FACTUAL BACKGROUND ..................................................................2

II.    ARGUMENT............................................................................................6

III.   CONCLUSION .....................................................................................11

# TABLE OF AUTHORITIES

Page

**Cases**

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) ............................................................................7

**Statutes & Rules**

Federal Rule of Civil Procedure 26(a)(1)(A) ........................................................6

Federal Rule of Civil Procedure 37(c)(1) ..............................................................6

Qualcomm hereby moves to strike the rebuttal reports of six Apple[1] experts whom Apple did not disclose in accordance with the Court's Scheduling Order. The Scheduling Order required the parties to disclose their opening experts and the subject matter of their testimony on January 12, 2018, and to disclose their rebuttal experts (with subject matters) on February 12, 2018. Apple disclosed 17 opening experts and 19 rebuttal experts (16 of whom were also opening experts), but Apple failed to disclose any of the six experts in question on either of those dates. Four of the experts (Robert Akl, Friedhelm Rodermund, Andrew Sears and Todd Zickler) were never disclosed as required by the Scheduling Order; Qualcomm first learned that these four experts would file reports in this case and the subject matter of their opinions on October 2, 2018, when Apple served their reports.[2] The other two experts (David Choi and Robert Stevenson) were disclosed in July 2018—more than five months late and only after Apple had taken the opportunity to review Qualcomm's opening expert reports, contravening the rules of the road laid down in the Scheduling Order.

Apple cannot show, as it must, "substantial justification" for its disregard of the Court's Scheduling Order. The topics on which Apple's belatedly disclosed "rebuttal" experts opine—including the significance of Qualcomm's patents and the scope of Qualcomm's FRAND obligations—have been part of this case since the beginning, and Apple has known that Qualcomm would offer expert testimony on these topics since Qualcomm served its initial expert

---

[1] The expert reports that are the subject of this Motion were served on behalf of both Apple and the Contract Manufacturers ("CMs"). For simplicity, this Motion refers only to Apple unless context indicates that the parties should be treated differently.

[2] A week before rebuttal reports were due, on September 25, Apple proposed deposition dates for Drs. Akl and Zickler. Apple did not disclose the subject matter of these experts' opinions at this time.

QUALCOMM INCORPORATED'S   -1-   CASE NO. 3:17-CV-1010-GPC-MDD
MEMO. ISO MOTION TO STRIKE

1  disclosures in January 2018.  Apple's January 2017 complaint alleges that
2  Qualcomm charged "extortion-level royalties" for licenses to its patents in
3  violation of its FRAND commitment to ETSI as required by ETSI's IPR Policy.
4  (Dkt. 1, ¶ 51.)  And Qualcomm's January 2018 opening expert disclosures
5  identified experts who would opine on the significance and value of
6  Qualcomm's patent portfolio and the meaning of ETSI's IPR Policy.  (Ex. 1
7  (Qualcomm's Opening Designations).)  Qualcomm's opening disclosures
8  included all seven of the experts to which Apple now, belatedly, seeks to
9  respond.
10         This Court has already expressly ruled that Qualcomm timely and
11 properly disclosed the opinions of six of the seven experts that Apple's new
12 rebuttal experts purport to rebut.  (Apple has not challenged, and would have no
13 basis to challenge, Qualcomm's disclosure of the seventh expert, Dr. Huber.)
14 And the Court has also already denied Apple's request to modify the
15 Scheduling Order to permit additional rounds of rebuttal expert disclosures.
16 Thus, Apple's service of these new "rebuttal" opinions violates not one, but
17 two, Orders of this Court.
18         Because Apple cannot justify its failure to abide by the Court's
19 Scheduling Order, the Court should strike these experts' reports.
20 **I.     FACTUAL BACKGROUND**
21         Pursuant to the Scheduling Order, the parties were required to disclose
22 opening experts by January 12, 2018.  (Dkt. 116 at 1.)  Qualcomm properly
23 served its disclosures on January 12, identifying, among others, experts to opine
24 on "Qualcomm innovations and related Patent rights, including the significance,
25 validity, essentiality, and scope of those innovations and rights" (among others,
26 Jeffrey Andrews, Nikil Jayant, William Michalson, Kenneth Parulski, Massoud
27 Pedram and Daniel Wigdor); and on Qualcomm's FRAND commitments under
28 the terms of "ETSI's IPR Policy" (among others, Bertram Huber).  (Ex. 1

1  (Qualcomm's Opening Designations).)  Apple and the CMs identified
2  17 opening experts on January 12.  (Ex. 2 (Apple's Opening Designations);
3  Ex. 3 (CMs' Opening Designations).)
4      Pursuant to the Scheduling Order, the parties were required to disclose
5  rebuttal experts by February 12, 2018.  (Dkt. 116 at 1-2.)  On February 12,
6  Apple and the CMs identified 19 rebuttal experts.  (Ex. 4 (Apple's Rebuttal
7  Designations).)  Twelve of those experts were designated to respond to
8  Drs. Andrews, Jayant, Michalson, Parulski, Pedram and Wigdor and six to
9  respond to Dr. Huber.  (*Id.* at 58, 62, 66-67, 69-70, 74-75.)  In total, Apple and
10 the CMs disclosed 20 unique experts in January and February.
11     The parties were required to serve opening expert reports on June 29,
12 2018.  Qualcomm served opening expert reports consistent with its January 12
13 disclosures:  Among them, Drs. Andrews, Jayant, Michalson, Parulski, Pedram
14 and Wigdor opined on the significance, value and essentiality of patents in
15 Qualcomm's patent portfolio, and Dr. Huber opined on the meaning of ETSI's
16 IPR Policy.
17     On July 10, 2018, Apple moved to strike certain opinions of 12
18 Qualcomm experts or, in the alternative, to hold a case management conference
19 at which a new date for rebuttal expert disclosures would be set.  (Dkt. 553-01
20 (Apple's Motion to Strike).)  Among other things, Apple sought to strike the
21 entirety of the opinions offered by Drs. Andrews, Jayant, Michalson, Parulski,
22 Pedram and Wigdor for offering undisclosed infringement opinions.  (*Id.* at 2,
23 15-23.)  In the alternative, Apple asked the Court to enter a "new deadline . . .
24 to disclose rebuttal expert witnesses".  (*Id.* at 24.)  Apple did not move to strike
25 any opinions of Dr. Huber.  Apple's motion did not mention Dr. Huber or any
26 further planned rebuttal of him at all.
27     The Court granted in part and denied in part Apple's motion to strike on
28 September 4, 2018.  The Court granted Apple's motion to strike the "express

QUALCOMM INCORPORATED'S            -3-            CASE NO. 3:17-CV-0108-GPC-MDD
MEMO. ISO MOTION TO STRIKE

1   opinions on infringement" of four other Qualcomm experts—J. Nicholas
2   Laneman, Paul S. Min, Urbashi Mitra and John Villasenor.  (Dkt. 603 at 4.)
3   The Court wrote that Qualcomm "chose not to disclose that certain experts
4   expressly would opine on infringement" and that the parties had already agreed
5   that "a party that fails to make the required disclosures shall not, absent[]
6   substantial justification, be permitted to use evidence or testimony not disclosed
7   at any hearing or at trial".  (*Id.* at 3-4.)  The Court otherwise denied Apple's
8   motion, finding that, as to Drs. Andrews, Jayant, Michalson, Parulski, Pedram
9   and Wigdor, Qualcomm's disclosures were sufficient because these experts'
10  opinions "relate to issues of essentiality and valuation"—as disclosed in
11  Qualcomm's January designations—and, therefore, "there are no opinions that
12  must be struck".  (*Id.* at 4.)  The Court did not modify the Scheduling Order as
13  Apple requested.  (*See id.* at 4-5.)  Apple did not appeal the Court's Order.

14       On July 13, 2018, two weeks after receiving Qualcomm's opening expert
15  reports, Apple first disclosed that Drs. Choi and Stevenson (who had not
16  previously been disclosed as required by the Scheduling Order) would rebut,
17  among others, Qualcomm experts Drs. Michalson, Parulski, Pedram and
18  Wigdor—all of whom Apple had already moved to strike.  (Ex. 5 at 81-82
19  (July 13, 2018 email from R. Ahmad).)[3]  Apple offered no explanation for its
20  failure to designate Drs. Choi and Stevenson as rebuttal experts in accordance
21  with the timing set forth in the Court's Scheduling Order, and has not offered
22  any explanation to this day.  Upon receiving Apple's belated disclosures,

---

[3] Apple also belatedly designated 10 other experts for the same topics, but they did not ultimately serve reports:  Alan Bovik, Ian Cullimore, Patrick Fay, Blake Hannaford, Houssein Hashemi, Joakim Ingers, Vincent Mooney, Joshua Phinney, Sherief Reda and Carsten Sorensen.  (Ex. 5 at 81-82 (July 13, 2018 email from R. Ahmad).)  In addition, Apple designated two previously disclosed experts to rebut Qualcomm experts Christopher Knittel, Edward A. Snyder, Eric Stasik and Tim A. Williams.  These experts are not the subject of this Motion.

1  Qualcomm responded the same day that it "reserve[d] all rights to object to the
2  rebuttal experts identified . . . as not having been timely disclosed pursuant to
3  the deadlines set out in the Court's August 18, 2017 [Scheduling] order."
4  (Ex. 5 at 81 (July 13, 2018 email from N. Medling).)
5         On July 16, 2018, more than five months after the deadline for
6  identifying rebuttal experts, Apple emailed Qualcomm the biographical
7  materials necessary to show Dr. Sears materials that are protected under the
8  Protective Order.  (*See* Dkt. 163, § 7.9(a)(iii); Ex. 6 at 90 (July 16, 2018 email
9  from R. Ahmad).)  On July 19, 2018, Apple did the same for Drs. Akl and
10 Zickler.  (Ex. 7 at 91-92 (July 20, 2018 email from R. Ahmad).)  On
11 September 19, 2018, Apple did the same for Mr. Rodermund.  (Ex. 8 at 93-94
12 (September 19, 2018 email from R. Ahmad).)  None of these communications
13 purported to be designations of rebuttal experts under the Scheduling Order;
14 none of them identified these individuals as testifying, rather than consulting,
15 experts; and none of them identified the topics on which any of these
16 individuals could opine.  Nonetheless, out of an abundance of caution,
17 Qualcomm promptly reserved all rights to object to these experts "as not having
18 been timely disclosed pursuant to the deadlines set out in the Court's
19 August 18, 2017 [Scheduling] order."  (Ex. 7 at 91 (July 20, 2018 email from
20 M. Addis); Ex. 8 at 93 (September 25, 2018 email from A. Linderot).)
21        A week before rebuttal reports were due, on September 25, Apple
22 proposed deposition dates for Drs. Akl and Zickler.  (Ex. 9 at 95 (September 25,
23 2018 email from B. Chen).)  Apple did not disclose the subject matter of these
24 experts' opinions at this time.
25        On October 2, 2018, Apple served rebuttal expert reports from
26 18 rebuttal experts, including reports from Drs. Akl, Sears and Zickler and
27 Mr. Rodermund (none of whom had been disclosed in accordance with the
28 Scheduling Order) and reports from Drs. Choi and Stevenson (who were first

disclosed five months late, in July 2018).  These six new experts offered opinions purporting to rebut the opinions of seven Qualcomm experts.  In particular, Drs. Akl, Sears and Zickler and Mr. Rodermund purported to rebut Qualcomm experts Drs. Andrews, Huber, Michalson, Parulski and Wigdor, while Drs. Choi and Stevenson purport to rebut Qualcomm experts Drs. Jayant and Pedram.  (*See* Ex. 10, ¶ 1 (Akl Rebuttal Rpt.); Ex. 11, ¶ 1 (Akl Second Rebuttal Rpt.); Ex. 12, ¶ 1 (Choi Rebuttal Rpt.); Ex. 13, ¶ 1 (Rodermund Rebuttal Rpt.); Ex. 14, ¶ 1 (Sears Rebuttal Rpt.); Ex. 15, ¶ 1 (Stevenson Rebuttal Rpt.); Ex. 16, ¶ 1 (Zickler Rebuttal Rpt.).)  As noted above, Apple has never challenged the adequacy of Qualcomm's January 2018 disclosure of Dr. Huber, and the Court has previously ruled that Qualcomm properly disclosed as opening experts Drs. Andrews, Jayant, Michalson, Parulski, Pedram and Wigdor.

## II.   ARGUMENT

Apple cannot dispute that it failed to comply with the Court's Scheduling Order when it chose not to disclose four of its "rebuttal" experts at all and when it chose to disclose two more of its "rebuttal" experts more than five months late.  Rules 26(a)(1)(A) and 37(c)(1) provide default rules for the timing of expert disclosures and the consequences of failing to comply with that timing absent agreement by the parties or a Court Order.  But as this Court recently explained, "[i]n this case, the parties agreed to a different procedure, embodied in the first Scheduling Order issued by the Court".  (Dkt. 603 at 3.)  The Scheduling Order required all parties to disclose any rebuttal experts by February 12, 2018.  (Dkt. 116 at 1-2.)[4]  If not, then "absent substantial justification", the experts will be struck and not "permitted . . . at any hearing or

---

[4] Apple acknowledged that the "Amended Scheduling Orders did not change those [January 12, 2018, and February 12, 2018,] deadlines".  (Dkt. 553-01 at 24-25 (Apple's Motion to Strike).)

at the time of trial". (*Id.* at 2.) A party that fails to comply with the date set forth for designating experts bears the burden of proving that the failure was substantially justified. *See, e.g.*, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

Apple cannot meet this burden with respect to its rebuttal experts Drs. Akl, Choi, Sears, Stevenson and Zickler and Mr. Rodermund.

As an initial matter, Apple previously sought the relief it needs now—to amend the Scheduling Order's deadline for the designation of rebuttal experts—but the Court did not amend the deadline. (*See* Dkt. 603 at 4-5.) In particular, in its motion to strike certain of Qualcomm's opening expert reports, filed July 10, 2018 (after Apple had seen all of Qualcomm's opening reports), Apple asked in the alternative that the Court amend the deadline for the designation of rebuttal experts. (Dkt. 553-01 at 25 (Apple's Motion to Strike) ("Apple and the CMs ask that the new scheduling order include a deadline for Apple and the CMs to identify additional rebuttal experts.").) Although Apple argued that it was "not put on notice that [it] needed to retain experts in [certain] kinds of technologies" and that it should "have the opportunity to retain additional experts" (*id.*), Qualcomm pointed out that it had "repeatedly disclosed that it would prove the value of its patent portfolio by presenting expert evidence relating to specific patents" and that it had disclosed experts on this topic in January 2018 (Dkt. 560 at 2, 6 (Qualcomm's Opposition to Apple's Motion to Strike)). The Court agreed with Qualcomm that its experts' opinions "relate to issues of essentiality and valuation" (Dkt. 603 at 4-5)—topics from Qualcomm's January disclosures—and did not grant Apple's request to amend the schedule to permit identification of "additional rebuttal experts".[5] Apple

---

[5] The Court reset the deadlines for service of expert reports and for completion of expert depositions, but altered no other deadlines. (*See* Dkt. 558; Dkt. 604.)

chose not to appeal or seek reconsideration of that decision. Thus, the Court has already considered and ruled upon the very relief Apple would need to make its rebuttal expert disclosures timely, which they are not.

Rather than appealing or seeking reconsideration of the Court's prior ruling, Apple proceeded to serve rebuttal expert reports without regard for whether its experts had been properly disclosed and without regard to the Court's denial of its prior motion, acting as if the Scheduling Order did not apply to it. But even if the Court had not previously resolved this issue against Apple (which it has), Apple still could not show, as it must show, "substantial justification" for its failure to comply with the Scheduling Order. (Dkt. 116 at 2.)

*First*, with respect to Drs. Akl, Sears and Zickler and Mr. Rodermund, Apple cannot possibly show that it was substantially justified in waiting until October 2—the day it served its rebuttal expert reports—to disclose these experts and the subject matter of their testimony. These experts' rebuttal reports (totaling 1,011 pages, with another 203 pages of exhibits and appendices) were not written in a day, and there is no conceivable basis for Apple to say that it was justified in withholding these experts' identities and the subject matter of their opinions until the day their reports were served. Apple's decision not to make any advance disclosure at all with respect to these four experts appears to be nothing more than gamesmanship. Apple must now live with the consequences of its tactical choice.

*Second*, Apple cannot plausibly claim that it was unaware that Qualcomm was planning to offer expert testimony regarding the significance of its patent portfolio and of Qualcomm's FRAND commitment under the terms of ETSI's IPR Policy—subjects that Apple's improperly disclosed rebuttal experts seek to address. Apple first raised these issues in its complaint in January 2017. (*See, e.g.*, Dkt. 1, ¶ 4 ("Apple[] . . . has been overcharged billions of dollars on

Qualcomm's illegal scheme . . . ."); ¶¶ 43-51 ("ETSI and Qualcomm's Contractual FRAND Obligations"); ¶ 51 ("Qualcomm[] . . . breach[ed] . . . its FRAND commitments [under ETSI's IPR Policy] . . . ."); ¶ 51 ("Qualcomm forced purchasers of its chipsets to take a license to its SEPs at extortion-level royalties.").)  In January 2018, Qualcomm properly disclosed opening experts on these subjects.  (*See, e.g.*, Ex. 1 at 5-8 (Qualcomm's Opening Designations) (designating experts on "Qualcomm innovations and related Patent rights, including the significance, validity, essentiality, and scope of those innovations and rights" and "issues related to . . . ETSI's IPR Policy").)  Apple, too, designated opening experts in January 2018 to opine on "the meaning and purpose of FRAND commitments", and Apple also designated rebuttal experts in February 2018 in response to Qualcomm's designation of experts on the topics of its patents and its commitment to ETSI.  (*See* Ex. 2 (Apple's Opening Designations); Ex. 4 (Apple's Rebuttal Designations).)  It is therefore beyond doubt that Apple was on notice at the time its rebuttal expert disclosures were due in February that the topics of the significance of Qualcomm's patent portfolio and Qualcomm's FRAND commitment under the terms of ETSI's IPR Policy would be the subject of expert testimony in this case.

*Third*, Apple cannot argue that its belated disclosures are justified by claiming a deficiency in Qualcomm's disclosures of its opening experts.  The six Qualcomm experts to which five of Apple's improperly disclosed rebuttal experts seek to respond were already the subject of Apple's July motion to strike.  (Dkt. 553-01 (Apple's Motion to Strike).)[6]  In resolving that motion, the Court reviewed Qualcomm's January designations for these six experts, reviewed the content of these experts' reports, and ruled that these experts'

---

[6] The five Apple experts are Drs. Akl, Choi, Sears, Stevenson and Zickler, and they seek to respond to the six Qualcomm experts Drs. Andrew, Jayant, Michalson, Parulski, Pedram and Wigdor.

opinions should not be struck because they relate to "essentiality and valuation", which were two of the topics Qualcomm properly disclosed in January. (Dkt. 603 at 3-5.) Apple cannot justify its failure to timely designate rebuttal experts to these experts by claiming that Qualcomm's January disclosures were inadequate. Apple already made a motion on that basis, and the Court denied it.[7]

Nor can Apple argue that Qualcomm's disclosure of Dr. Huber as an opening expert on FRAND was in any way deficient. Notably, Apple did not make any argument with respect to Dr. Huber on its prior motion to strike. But even if it had, that argument would have been wrong. Dr. Huber's opinions on Qualcomm's FRAND commitment to ETSI as required by ETSI's IPR Policy match exactly with Qualcomm's disclosures of Dr. Huber from January. (Ex. 1 at 6 (Qualcomm's Opening Designations) ("Dr. Huber is expected to provide testimony on issues related to . . . ETSI's IPR Policy . . . .").)

For these reasons, Apple cannot show that its failure to disclose its rebuttal experts in accordance with the Scheduling Order was "substantially justified".

Furthermore, and although not essential to this Motion, Apple's failure to comply with the Scheduling Order has prejudiced Qualcomm. Qualcomm played by the rules and disclosed its rebuttal experts on February 12, 2018, as required by the Scheduling Order. This meant that, under the procedure agreed to by the parties in this case, Qualcomm was required to select its rebuttal experts based solely on the opening expert disclosures Apple made in January

---

[7] As discussed above, the Court granted Apple's motion to strike the "express opinions on infringement" of four other Qualcomm experts—Drs. Laneman, Min, Mitra and Villasenor. (Dkt. 603 at 4.) The Court otherwise denied Apple's motion, finding that the other opinions challenged by Apple "relate to issues of essentiality and valuation" (*id.* at 4-5), which Qualcomm had properly disclosed in January.

2018, without seeing any of Apple's experts' opening reports. Apple, however, saw Qualcomm's opening expert reports on June 29, 2018, and then took its time retaining additional experts and developing a strategy for rebutting Qualcomm's experts' opinions. By moving to strike the same opinions, Apple delayed the date for filing rebuttal reports and provided its new experts with more than two months in which to develop their arguments with the benefit of Qualcomm's experts' reports in hand. Apple should not be permitted to benefit from its gamesmanship.

### III.  CONCLUSION

For the foregoing reasons, Qualcomm respectfully requests that the Court grant Qualcomm's motion and issue an order striking the rebuttal reports of Apple's undisclosed rebuttal experts Drs. Akl, Sears and Zickler and Mr. Rodermund and belatedly disclosed rebuttal experts Drs. Choi and Stevenson.

Dated: October 12, 2018

Respectfully submitted,

By  */s/ Evan R. Chesler*
     Evan R. Chesler

| | |
|---|---|
| 1 | **CRAVATH, SWAINE & MOORE LLP** |
| | Evan R. Chesler (*pro hac vice*) |
| 2 | (N.Y. Bar No. 1475722) |
| | echesler@cravath.com |
| 3 | Keith R. Hummel (*pro hac vice*) |
| | (N.Y. Bar No. 2430668) |
| 4 | khummel@cravath.com |
| | Richard J. Stark (*pro hac vice*) |
| 5 | (N.Y. Bar No. 2472603) |
| | rstark@cravath.com |
| 6 | Antony L. Ryan (*pro hac vice*) |
| | (N.Y. Bar No. 2784817) |
| 7 | aryan@cravath.com |
| | Gary A. Bornstein (*pro hac vice*) |
| 8 | (N.Y. Bar No. 2916815) |
| | gbornstein@cravath.com |
| 9 | J. Wesley Earnhardt (*pro hac vice*) |
| | (N.Y. Bar No. 4331609) |
| 10 | wearnhardt@cravath.com |
| | Yonatan Even (*pro hac vice*) |
| 11 | (N.Y. Bar No. 4339651) |
| | yeven@cravath.com |
| 12 | Vanessa A. Lavely (*pro hac vice*) |
| | (N.Y. Bar No. 4867412) |
| 13 | vlavely@cravath.com |
| | Worldwide Plaza |
| 14 | 825 Eighth Avenue |
| | New York, NY 10019 |
| 15 | Telephone: (212) 474-1000 |
| | Facsimile: (212) 474-3700 |

|     |                                                                                                                                                                                                                                                                                       |
| --- | ----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| 1   | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**                                                                                                                                                                                                                                          |
| 2   | David A. Nelson (*pro hac vice*) (Ill. Bar No. 6209623)                                                                                                                                                                                                                             |
| 3   | davenelson@quinnemanuel.com Stephen Swedlow (*pro hac vice*)                                                                                                                                                                                                                        |
| 4   | (Ill. Bar No. 6234550) stephenswedlow@quinnemanuel.com                                                                                                                                                                                                                              |
| 5   | 500 West Madison St., Suite 2450 Chicago, Illinois 60661                                                                                                                                                                                                                            |
| 6   | Telephone: (312) 705-7400 Facsimile: (312) 705-7401                                                                                                                                                                                                                                 |
| 7   |                                                                                                                                                                                                                                                                                     |
| 8   | Alexander Rudis (*pro hac vice*) (N.Y. Bar No. 4232591)                                                                                                                                                                                                                             |
| 9   | alexanderrudis@quinnemanuel.com 51 Madison Ave., 22nd Floor                                                                                                                                                                                                                         |
| 10  | New York, New York 10010 Telephone: (212) 849-7000                                                                                                                                                                                                                                  |
| 11  | Facsimile: (212) 849-7100                                                                                                                                                                                                                                                           |
| 12  | Sean S. Pak (SBN 219032) seanpak@quinnemanuel.com                                                                                                                                                                                                                                   |
| 13  | 50 California St., 22nd Floor San Francisco, CA 94111                                                                                                                                                                                                                               |
| 14  | Telephone: (415) 875-6600 Facsimile: (415) 875-6700                                                                                                                                                                                                                                 |
| 15  |                                                                                                                                                                                                                                                                                     |
| 16  | **JONES DAY**                                                                                                                                                                                                                                                                       |
| 17  | Karen P. Hewitt (SBN 145309) kphewitt@jonesday.com                                                                                                                                                                                                                                  |
| 18  | Randall E. Kay (SBN 149369) rekay@jonesday.com                                                                                                                                                                                                                                      |
| 19  | 4655 Executive Drive, Suite 1500 San Diego, California 92121                                                                                                                                                                                                                        |
| 20  | Telephone: (858) 314-1200 Facsimile: (858) 345-3178                                                                                                                                                                                                                                 |
| 21  | *Attorneys for Defendant and Counterclaim-Plaintiff*                                                                                                                                                                                                                                |
| 22  | **QUALCOMM INCORPORATED**                                                                                                                                                                                                                                                           |
| 23  |                                                                                                                                                                                                                                                                                     |
| 24  |                                                                                                                                                                                                                                                                                     |
| 25  |                                                                                                                                                                                                                                                                                     |
| 26  |                                                                                                                                                                                                                                                                                     |
| 27  |                                                                                                                                                                                                                                                                                     |
| 28  |                                                                                                                                                                                                                                                                                     |