1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 SOUTHERN DISTRICT OF CALIFORNIA

10

11 IN RE:

12 QUALCOMM LITIGATION

13

14

15

16

17

18

19

20

CASE NO. 3:17-CV-0108-GPC-MDD

**ORDER GRANTING IN PART AND DENYING IN PART APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SECOND AMENDED COUNTERCLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT AS TIME-BARRED**

**[DKT. NO. 599]**

21     Plaintiff/Counterclaim-Defendant Apple filed a motion for partial summary

22 judgment of Defendant and Counterclaim-Plaintiff Qualcomm's second amended

23 counterclaim for tortious interference with contract as time barred.  (Dkt. No. 599.)

24 An opposition was filed on September 28, 2018.  (Dkt. No. 626.)   A reply was filed

25 on October 12, 2018.  (Dkt. No. 667.)  Based upon review of the pleadings, and

26 applicable law, the Court GRANTS in part and DENIES in part the motion for

27 partial summary judgment.

28     Count One of the second amended counterclaim seeks to hold Apple

accountable for tortiously interfering with Qualcomm's license agreements with the Contract Manufacturers ("CMs"). (Dkt. No. 469, SAC ¶¶ 264-297.) The parties do not dispute that the statute of limitation for tortious interference with contract in California is two years. Knoell v. Petrovich, 76 Cal. App. 4th 164, 168 (1999); Cal. Civ. Proc. Code § 339. The parties do not dispute that because the complaint was filed on January 20, 2017, any conduct prior to January 20, 2015 is barred by the two year statute of limitations. (Dkt. No. 626 at 6[1] ("Qualcomm is not pursuing a tortious interference claim against Apple based on breaches by the CMs prior to January 20, 2015."); Dkt. No. 667 at 5 ("The Court should grant Apple's motion for partial summary judgment with respect to tortious interference claims that pre-date January 20, 2015.").)

Initially, Apple sought partial summary judgment on Qualcomm's tortious interference claims as time barred because they accrued more than two year before Qualcomm asserted them.[2] In its opposition, Qualcomm argues that any conduct prior to January 20, 2015 does not affect the timeliness of conduct after January 20, 2015 based on the doctrine of continuous accrual. Under this doctrine, when there is a recurring obligation under the contract, each conduct constitutes a separate actionable wrong and the statute of limitations begins at each recurring violation. Therefore, any tortious interference conduct after January 20, 2015 is timely. In reply, Apple altered its initial relief sought on partial summary judgment seeking judgment on the entire claims as time-barred, and now argues that the tortious interference claims that pre-date January 20, 2015 are time-barred. (Dkt. No. 667 at 5.) By implication, Apple does not appear to dispute that any conduct after January 20, 2015 is not time-barred.

---

[1] Page numbers are based on CM/ECF pagination.

[2] Apple seeks judgment on Qualcomm's claim that Apple caused the CMs to "misstate or manipulate the sale information of the devices they sell to Apple." (Dkt. No. 469, SAC ¶ 294.) Apple also seeks judgment on Qualcomm's contention that "Apple . . . tortiously interfered with . . . the Contract Manufacturers' license agreements by intentionally obstructing Qualcomm's right to audit the Contract Manufacturers." (Id. ¶ 291.)

In reply, Apple does not challenge the "continuous accrual" doctrine that renders any tortious interference conduct after January 20, 2015 timely.  See <u>Aryeh v. Canon Bus. Solutions, Inc.</u>, 55 Cal. 4th 1185, 1192 (2013) ("[U]nder the theory of continuous accrual, a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period."); <u>Gilkyson v. Disney Enters.</u>, 244 Cal. App. 4th 1336, 1343 (2016) (the continuing nature of the obligation to pay periodic royalties made each breach of that obligation a separate actionable claim; therefore, the breaches occurring within the four-year limitations period were timely); <u>Peterson v. Highland Music, Inc.</u>, 140 F.3d 1313, 1321 (9th Cir. 1998) (statute of limitations under California Code of Civil Procedure section 339 did not bar rescission claim where contract created a continuing obligation, severable each time, to pay royalties where "each breach starts the clock afresh for statute of limitations purposes"; "[t]here is no fixed amount to be paid out over time under [plaintiffs'] contract, but rather a continuing obligation to pay a portion of the profits and royalties . . . as the recording gets used over time.").  It is not disputed that the CMs' obligations under the license agreements such as providing royalty reports to Qualcomm and being subject to royalty audits by Qualcomm are "continuing or recurring obligations." <u>See</u> <u>Aryeh</u>, 55 Cal. 4th at 1199.  Therefore, under the doctrine of continuous accrual, any conduct of tortious interference within the two year statute of limitations period constitute new breaches and separate actionable claims, and are therefore, timely.

Accordingly, the Court GRANTS as unopposed Apple's motion for partial summary judgment on Count One of the second amended counterclaim for tortious interference with contract based on any claims prior to January 20, 2015.  The Court DENIES Apple's motion for partial summary judgment as to the tortious

interference claims for conduct after January 20, 2015.

      IT IS SO ORDERED.

Dated:  November 8, 2018

Hon. Gonzalo P. Curiel
United States District Judge