Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60661
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401

Karen P. Hewitt (State Bar No. 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA  92121
Telephone:  (858) 314-1200
Facsimile:   (844) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD<br><br>**QUALCOMM INCORPORATED'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ITS MOTION TO STRIKE CERTAIN EXPERT REPORTS OF APPLE AND THE CONTRACT MANUFACTURERS**<br><br>Judge:          Hon. Mitchell D. Dembin<br>Courtroom:  2A<br>Date:           December 7, 2018<br>Time:           1:30 p.m.<br>██████████████ |

The rules of the road in this litigation, agreed-upon and so-ordered by the Court, required all parties to identify their rebuttal experts, and the subject matter of those experts' testimony, by February 12, 2018.  Failure to do so results in preclusion:  "any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial."  (Dkt. 116 at 1-2.)

There is no dispute that Apple[1] did not properly disclose any of the six experts at issue in this Motion as required by the Scheduling Order.  Apple admits in its Opposition that it did not identify these experts by the Court-ordered deadline.  (Apple Br. at 1.)

The only remaining question is whether Apple's failure to make the required disclosures should be excused.  Under this Court's order, the only available excuse for Apple's non-disclosure is "substantial justification".  (Dkt. 116 at 2.)  And Apple has not shown that its failure to comply with the Scheduling Order was substantially justified.

With respect to Mr. Rodermund, Apple offers no justification at all for its failure to abide by the Scheduling Order.  Thus, without the slightest dispute, Mr. Rodermund should be excluded.

With respect to the other five "Technical Experts", Apple attempts to excuse its own failing by pointing to alleged insufficiencies in Qualcomm's initial expert disclosures.  But Apple has had its day in court on arguments about Qualcomm's disclosures.  Apple moved to strike Qualcomm's technical expert reports, and the Court struck only certain portions of some of those reports.  The remaining opinions, which Apple now purports to rebut, were properly disclosed in compliance with the Scheduling Order.  Thus, Apple cannot rely on any purported deficiency in

---

[1] The expert reports that are the subject of this Motion were served on behalf of both Apple and the Contract Manufacturers (the "CMs").  For simplicity, this Motion refers only to Apple.

Qualcomm's technical expert disclosures for substantial justification of its own disregard of the Order.

Apple's argument that its failure to abide by the rules of the road was "harmless" is unavailing.  This is not a Rule 37 sanctions motion.  As this Court explained when deciding to strike certain opinions of Qualcomm's technical experts, "[i]n this case, the parties agreed to a different procedure, embodied in the first Scheduling Order issued by the Court", whereby the consequence of an untimely expert disclosure was, absent "substantial justification", exclusion.  (Dkt. 603 at 3.)  In any event, and although not essential to this Motion, Apple's non-disclosure prejudiced Qualcomm, as explained in Qualcomm's moving papers and below.

Apple's failure to show a substantial justification for its non-disclosure of these experts can lead to only one conclusion under the terms of the Scheduling Order:  "a party that fails to make the required disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at trial."  (*Id.* at 3.)  Apple cannot dismiss this Court's Order as "form over substance".  (Apple Br. at 2.)  *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (quotations omitted)).  Apple's six additional expert reports should be stricken.

## **ARGUMENT**

## **I.   APPLE OFFERS NO JUSTIFICATION AT ALL FOR ITS FAILURE TO DISCLOSE MR. RODERMUND.**

Apple has not met its burden of showing substantial justification for its failure to disclose Mr. Rodermund as an expert witness.  In fact, Apple makes no effort to do so.  Accordingly, Mr. Rodermund should be excluded.

Apple does not contend that it was unaware of the subject matter of the Qualcomm expert opinions (from Qualcomm expert Dr. Huber) that Mr. Rodermund

seeks to address.  Apple has never complained that Dr. Huber's opinions were not adequately disclosed in accordance with the Scheduling Order, and Apple would have no basis to do so.[2]

Instead of offering a substantial justification for its non-disclosure, Apple argues that its behavior should be excused because Qualcomm "was not wholly ignorant" of Mr. Rodermund, because Apple had disclosed him as a potential *fact witness*, and because Qualcomm "could not have been surprised that Apple and the CMs provided a rebuttal expert report" on the subject matter covered by Mr. Rodermund's report.  (Apple Br. at 16-18.)  These arguments are unavailing.

Apple has put Mr. Rodermund forward as an expert witness, not a fact witness, as Apple's Trial Witness List, served November 2, 2018, confirms.  (Ex. A at 23 (Apple's Pretrial Disclosures).)  It is also noteworthy that ██████ ████████████████████████████████████████████ (Dkt. 676-14 at 746 (Rodermund Rebuttal Rpt.)), which would seem to be incompatible with any assertion that Mr. Rodermund is a fact witness.  It is therefore irrelevant that Apple identified Mr. Rodermund as a potential fact witness.  (*See* Apple Br. at 5.)

Even if Apple's disclosures of Mr. Rodermund as a fact witness could somehow be construed as disclosure of an expert witness under the Scheduling Order (which they cannot), that would not affect the conclusion here.  Apple's first disclosure of Mr. Rodermund as a fact witness was in its supplemental Rule 26 Initial Disclosures served in April and June 2018, months *after* the deadline for identifying rebuttal expert witnesses.

Moreover, Mr. Rodermund's proposed expert testimony does not, as Apple claims, "fall squarely within" its descriptions of his expected fact testimony.  (Apple Br. at 17.)  Apple's April 30, 2018 disclosure identified Mr. Rodermund as a fact

---

[2] Qualcomm timely disclosed Dr. Huber on January 12, 2018 as an expert regarding "issues related to Standard Development Organizations, ETSI, 3GPP, and ETSI's IPR Policy, as well as licensing practices in the wireless telecommunications industry".  (Dkt. 676-02 at 6 (Qualcomm's Opening Designations).)

witness regarding "3GPP's practices on document management and dissemination" and the "[p]ublic availability and authenticity of 3GPP documents". (*Id.* (quotation marks omitted).)[3]  Those descriptions are a far cry from the opinions Mr. Rodermund now intends to offer in this case, which Apple described in a November 16 pretrial disclosure as:

> Apple and the CMs expect Mr. Rodermund to testify regarding the meaning of Qualcomm's FRAND commitment to ETSI; the history and proper interpretation of ETSI policies, including its intellectual rights policy; industry practice as it relates to the FRAND commitment; rebuttal to Qualcomm's experts on these topics, to the extent Qualcomm's experts are permitted to and do testify about them; and topics discussed at deposition.

(Ex. B at 27 (Apple's Proposed Final Pretrial Conference Order).)  The mismatch between this most recent disclosure of the subjects of Mr. Rodermund's expert testimony[4] and Apple's prior disclosure of Mr. Rodermund as a fact witness—which was focused on issues relating to documentation policies and authentication—is no accident.  As Mr. Rodermund admitted at his deposition, taken after Apple filed its Opposition to this Motion, his interactions with Apple ██████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████████████████████.  (Ex. C at 32:25-33:8 (Rodermund Dep.).)  In other words, Apple's counsel provided Mr. Rodermund with ███████████████████████████████████████████████████████████ ██████.  (*Id.* at 33:9-34:19.)  It was not until ███████████████ that Mr. Rodermund began working on an expert report in this case.  (*See id.* at 37:8-37:16.)  Thus, it is

---

[3] On June 11, 2018, Apple disclosed that Mr. Rodermund was also expected to testify as a fact witness about "[d]ocumentation and procedures of 3GPP and its SDO partner ETSI".  (Apple Br. at 17 (quotations omitted).)

[4] Notably, Apple's September 19, 2018 identification of Mr. Rodermund did not identify the subject matter of Mr. Rodermund's expert testimony, or even that he would be a testifying expert at all.  (*See* Dkt. 676-09 at 93 (Sept. 19, 2018 Email from R. Ahmad).)

1   unsurprising that Apple's fact witness disclosures bear no resemblance to the expert

2   opinions Mr. Rodermund now offers.

3       Apple's belated disclosure of yet another expert witness, Michael Walker,

4   provides no excuse to Apple.  On July 13, 2018—five months after the February 12

5   deadline for disclosure of rebuttal experts—Apple disclosed Mr. Walker as a

6   rebuttal expert to "Huber" and others "to the extent that testimony relates to the

7   meaning of ETSI's IPR Policy".  (Dkt. 676-06 at 82 (July 20, 2018 email from

8   R. Ahmad).)[5]  In its Opposition, Apple refers to Mr. Walker's recent passing and

9   implies, but does not expressly argue, that Mr. Rodermund is a replacement for "the

10  now-deceased Mr. Walker".  (Apple Br. at 17.)  But the unfortunate fact of

11  Mr. Walker's passing provides no substantial justification for Apple's untimely

12  disclosure of Mr. Rodermund because Mr. Walker was *also* not timely disclosed and

13  for that reason was *also* ineligible to submit an expert report in this case.  (*See*

14  Dkt. 676-06 at 82 (July 20, 2018 email from R. Ahmad) (admitting on July 13,

15  2018, that Mr. Walker was "[n]ot previously disclosed").)

16      In sum, Apple has offered no justification whatsoever for its failure to abide

17  by the Scheduling Order with respect to Mr. Rodermund.[6]

18

19      [5] Apple also *timely* disclosed six other experts to rebut Dr. Huber:  Michael
    Davies, Jeffrey Eisenach, Robert Liesegang, Sr., Paul Meyer, Timothy Simcoe and
20  Itamar Simonson.  (Dkt. 676-05 at 62 (Apple's Rebuttal Designations).)

        [6] Apple also attempts to excuse its non-disclosure by pointing to Qualcomm's
21  disclosures regarding Qualcomm employee Lorenzo Casaccia.  Mr. Casaccia is not
    the subject of this Motion, Apple has not objected to his disclosure, and his
22  disclosure has nothing to do with whether Apple complied with the Scheduling
    Order.  Mr. Casaccia's situation is, in any event, readily distinguishable and, indeed,
23  unrelated to the present Motion.  Qualcomm disclosed Mr. Casaccia pursuant to
    Federal Rule of Civil Procedure 26(a)(2)(C), requiring the disclosure of an expert
24  witness who is not retained or specially employed to provide expert testimony.  Mr.
    Casaccia, who leads Qualcomm's delegation to the cellular SDO 3GPP, is expected
25  to provide testimony rebutting opinions offered by Apple experts Timothy Simcoe
    and Jonathan Wells about counting the number of a firm's technical contributions to
26  3GPP indicates the value of its SEP portfolio or its technological innovations.  Prior
    to the service of its expert reports, Apple did not disclose its reliance on any
27  "contribution counting" methodology.  Qualcomm does not believe that Mr.
    Casaccia's expected testimony would constitute expert testimony but disclosed Mr.
28  Casaccia out of an abundance of caution to provide Apple notice in case any of his
    testimony is later deemed to include expert opinions.  (Apple Br., Ex. G at 107.)

## II. APPLE HAS NOT SHOWN SUBSTANTIAL JUSTIFICATION FOR FAILING TO DISCLOSE THE FIVE "TECHNICAL EXPERTS".

Apple also has not met its burden of showing substantial justification for its failure to disclose Drs. Akl, Choi, Sears, Stevenson and Zickler (Apple's five "Technical Experts"). Apple contends in its Opposition that this failure is substantially justified because Qualcomm's January 2018 expert disclosures for eight of its experts—Drs. Andrews, Gitlin, Jayant, Madisetti, Michalson, Parulski, Pedram and Wigdor, whom Apple's Technical Experts seek to rebut—"did not 'reasonably summar[ize] the testimony the expert is expected to provide,' as the Scheduling Order requires". (Apple Br. at 10.) Apple is incorrect.

As an initial matter, Qualcomm properly disclosed these eight experts on January 12, 2018 in accordance with the Scheduling Order. (Dkt. 116 at 1.) With its disclosures, Qualcomm explained that each of these experts would offer expert testimony "on issues related to various Qualcomm innovations and related Patent rights, including the significance, validity, essentiality, and scope of those innovations and rights both technically and in the marketplace and their adoption and use". (Dkt. 676-02 at 3, 5, 6-7, 9-10, 12, 17 (Qualcomm's Opening Designations).) Although Apple claims that it was not on notice of the "specific technology" on which each expert would opine (Apple Br. at 10-11), tellingly,

. (Ex. D at 51:20-52:1 (Sears Dep.).)

In any event, this Court has already considered and rejected Apple's arguments that Qualcomm was required, prior to service of expert reports, to make additional disclosures of the details of its experts' expected testimony.

*First*, on March 9, 2018, Apple sought to compel Qualcomm to provide the "value" that Qualcomm attributes to Qualcomm's SEPs. (Dkt. 369 at 2.) This Court denied Apple's motion, explaining that "[t]he primary objection raised by

Qualcomm is that each interrogatory prematurely calls for expert testimony or opinions" and that "Qualcomm may wait until its expert opines regarding these values". (Dkt. 381 at 2-3.)

*Second*, on March 26, 2018, Apple sought to compel Qualcomm to "identify and provide claim charts for the patents it intends to rely on as part of expert discovery". (Dkt. 397 at 4; *see also* Apple. Br. at 3.) This Court again denied Apple's motion, explaining that even though "Apple asserts that Qualcomm has stated that it intends to use some of these patents in defense of this case" and intends to have "its experts rely upon them", "Qualcomm need not provide the evidence to be relied upon by its experts until the expert reports are served". (Dkt. 407 at 3.)

*Third*, on May 2, 2018, Apple sought to compel Qualcomm provide a claim-by-claim essentiality analysis for thousands of patents. (Dkt. 470 at 16-17.) Qualcomm responded that "To the extent Qualcomm's experts conduct additional essentiality analysis to support their valuation opinions that analysis will be provided as part of expert discovery". (*Id.* at 25.) This Court again denied Apple's motion, explaining that "regarding a similar Interrogatory, this Court ruled that Qualcomm need not create claim charts" and that "[t]he Court sees no reason for a different result here". (Dkt. 506 at 2-3.)

*Finally*, on July 10, 2018, Apple moved to strike the opinions of 12 Qualcomm experts—including Drs. Andrews, Gitlin, Jayant, Madisetti, Michalson, Parulski, Pedram and Wigdor—or, in the alternative, to hold a case management conference to set a new date for Apple to disclose rebuttal expert witnesses. (*See* Dkt. 553-01 at 2, 15-23, 24.) In its motion, Apple took a position identical to the one it takes in its present Opposition, claiming that Qualcomm's opening expert designations did not disclose that the experts "would be addressing . . . the specific technology or patents they address in their expert reports". (*Id.* at 25; *compare with* Apple Br. at 10 (arguing that Qualcomm did not "disclose that

1  these experts would be addressing the specific technology or the patents they

2  ultimately addressed in their expert reports").)

3        On September 4, 2018, this Court granted in part and denied in part Apple's

4  motion. This Court struck "the express opinions on infringement" of four

5  Qualcomm experts, but, after reviewing Qualcomm's disclosures of Drs. Andrews,

6  Gitlin, Jayant, Madisetti, Michalson, Parulski, Pedram and Wigdor, declined to

7  strike any of their opinions, finding that those opinions "relate to issues of

8  essentiality and valuation"—topics that Qualcomm timely disclosed in its January

9  opening expert designations. (Dkt. 603 at 4-5.) In addition, the Court did not grant

10  Apple's request to modify the Scheduling Order to allow the identification of new

11  rebuttal experts. (*See id.*)

12        This Court has already rejected Apple's argument that Qualcomm's opening

13  expert designations insufficiently disclosed the subject matter of their expert

14  testimony. Accordingly, this argument cannot provide a "substantial justification"

15  for Apple's failure to comply with the Scheduling Order.[7]

16

17

18      [7] Notably, Apple has previously retained several of its Technical Experts in other

19  cases and, therefore, presumably could have timely retained and disclosed them in
this case. For example, Apple has employed ████████████████████████████.

20  (Dkt. 676-11 at 82-95 (Akl Second Rebuttal Rpt.).) Apple first worked with
████████████████████████████████████████████. (Ex. D at 42:21-43:11,

21  46:12-47:10 (Sears Dep.).) ███████████████████████████████████████████

22  █████████████████████████████████████████████████████████ (Ex. E at
58:5-59:2 (Choi Dep.).) In addition to being untimely, Apple's disclosures fail to

23  provide "a reasonable summary" of the testimony of Drs. Akl, Sears and Zickler at
any time before their reports were served on October 2, 2018. As to Drs. Akl and

24  Zickler, Apple admits that it did not make the necessary disclosure. (Apple Br. at 7
(admitting that Apple's July 19 identification of Drs. Akl and Zickler "did not

25  explicitly say that these experts would provide rebuttal opinions to the testimony of
Qualcomm's expert").) As to Dr. Sears, Apple argues that it made the disclosure

26  (albeit belatedly) because the July 16 email in which Apple first identified Dr. Sears
began with the words, "To follow up on Apple's July 13 disclosure", which was a

27  reference to a July 13 email in which Apple purported to disclose 15 different
rebuttal experts on a range of topics including economics, FRAND and rebuttals of

28  seven different Qualcomm technical experts. Apple argues that this put Qualcomm
on notice that Dr. Sears would provide "the same sort of rebuttal opinions" as those
other 15 experts (Apple Br. at 7), but that clearly cannot be a sufficient disclosure.

### III.   APPLE'S ARGUMENT THAT ITS NON-DISCLOSURE WAS HARMLESS IS UNAVAILING.

Unable to make a showing of substantial justification for its failures to comply with the Scheduling Order, Apple contends that a "sanction" under Federal Rule of Civil Procedure 37(c) would be inappropriate because its failures to comply were "harmless" (Apple Br. at 2, 9, 18), "caused no prejudice or surprise to Qualcomm" (*id.* at 13 (capitalization altered)), or were not done in "bad faith" (*id.* at 9-10).  Apple misses the mark.

Although Rule 37 is the default provision governing failures to disclose an expert in a timely fashion, this Court has previously recognized that "[i]n this case, the parties agreed to a different procedure, embodied in the first Scheduling Order issued by the Court".  (Dkt. 603 at 3.)  The Scheduling Order entered by this Court unambiguously provides that any belatedly disclosed expert will be stricken "absent substantial justification".  (Dkt. 116 at 2.)  Indeed, the Scheduling Order explicitly distinguishes this consequence from the "sanctions" permitted by Rule 37, when it goes on to provide that, "*In addition*, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c)".  (*Id.* at 2 (emphasis added).)  Accordingly, Apple's statements regarding prejudice or "sanctions" under Rule 37 are beside the point.

Even more remarkable, Apple's principal argument for lack of harm is that "Qualcomm has already deposed most of these experts and will complete the deposition of the remaining experts this week."  (Apple Br. at 10.)  In other words, Apple contends that its disclosures were so belated that Qualcomm had to schedule and take the depositions of six previously undisclosed experts while simultaneously moving to strike their reports—and somehow that amounts to no prejudice to Qualcomm.  Needless to say, Apple should not be permitted to rely on its own disregard of the Scheduling Order to claim that Qualcomm has not been prejudiced.

In fact, Qualcomm has been prejudiced for the reason just stated, and because Qualcomm followed the rules in selecting its rebuttal experts based solely on

Apple's opening expert disclosures.  Apple, by contrast, selected its additional rebuttal experts with the benefit of having seen Qualcomm's opening expert reports on June 29, 2018, and with the benefit of as many as seven additional months to identify and retain rebuttal experts and to develop a rebuttal strategy.  (*See* Mot. at 10-11.)  Apple both gave itself a tactical advantage that Qualcomm did not have and denied Qualcomm timely notice of, and any opportunity to adjust its expert strategy based on, Apple's undisclosed array of additional experts.  Put simply, Apple disregarded the rules of the road and should not be permitted to retain any improper benefit as a result.

## **CONCLUSION**

For these reasons, Qualcomm respectfully requests that the Court grant Qualcomm's Motion.

1     Dated:  November 19, 2018        Respectfully submitted,

2

3                                  By:    */s/ Evan R. Chesler*

4

5                                  **CRAVATH, SWAINE & MOORE LLP**
                                 Evan R. Chesler (*pro hac vice*)

6                                  (N.Y. Bar No. 1475722)
                                 echesler@cravath.com

7                                  Keith R. Hummel (*pro hac vice*)
                                 (N.Y. Bar No. 2430668)

8                                  khummel@cravath.com
                                 Richard J. Stark (*pro hac vice*)

9                                  (N.Y. Bar No. 2472603)
                                 Antony L. Ryan (*pro hac vice*)

10                               (N.Y. Bar No. 2784817)
                              aryan@cravath.com

11                               Gary A. Bornstein (*pro hac vice*)
                              (N.Y. Bar No. 2916815)

12                               gbornstein@cravath.com
                              J. Wesley Earnhardt (*pro hac vice*)

13                               (N.Y. Bar No. 4331609)
                              wearnhardt@cravath.com

14                               Yonatan Even (*pro hac vice*)
                              (N.Y. Bar No. 4339651 )

15                               yeven@cravath.com
                              Vanessa A. Lavely (*pro hac vice*)

16                               (N.Y. Bar No. 4867412)
                              vlavely@cravath.com

17                               Worldwide Plaza, 825 Eighth Avenue
                              New York, NY 10019

18                               Telephone:  (212) 474-1000
                              Facsimile:  (212) 474-3700

19

20

21

22

23

24

25

26

27

28

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Stephen Swedlow (*pro hac vice*)
(Ill. Bar No. 6234550)
stephenswedlow@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**JONES DAY**
Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Randall E. Kay (SBN 149369)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

*Attorneys for Plaintiff*
**QUALCOMM INCORPORATED**