UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION | Case No.: 17-cv-0108-GPC-MDD<br><br>**ORDER ON QUALCOMM'S MOTION TO STRIKE EXPERT REPORTS**<br><br>**[ECF NO. 676]** |

Before the Court is Qualcomm's Motion to Strike Certain Expert Reports of Apple and the Contract Manufacturers filed on October 12, 2018. (ECF No. 676). Apple and the Contract Manufacturers (referred to jointly as "Apple" for convenience) responded in opposition on November 12, 2018. (ECF No. 732). This is the second motion regarding expert reports deriving from the parties' agreement to deviate from the expert disclosure provisions of Rule 26(a), Fed. R. Civ. P.  (*See* ECF No. 603).

Rule 26(a)(2), Fed. R. Civ. P., requires parties to disclose the identity of any expert witness it may use at trial. Rule 26(a)(2)(A). Unless otherwise stipulated or ordered by the court, the disclosure of the identity of the expert witness must be accompanied by the expert's report, if the witness in

1  retained or specially employed to provide expert testimony or one whose
2  duties as an employee of a party regularly involves giving expert testimony.
3  Rule 26(a)(2)(B).  Among other things, the report must contain a complete
4  statement of all opinions the witness will express.  Rule 26(a)(2)(B)(i).
5  Supplementation of expert disclosures must be made as required under Rule
6  26(e).  Rule 26(b)(2)(E).  Rule 26(e) requires supplementation if a party learns
7  that a disclosure is incomplete or incorrect and has not otherwise become
8  known to the other party during discovery or in writing and extends to
9  information contained in an expert's report and deposition testimony.

10  In this case, the parties agreed to a different procedure, embodied in the
11  first Scheduling Order issued by the Court.  The parties agreed, and the
12  Court ordered that the parties first would designate their expert witnesses,
13  whether retained or not, to be followed by service of expert reports for
14  witnesses retained, specially employed or whose duties regularly require the
15  giving of expert testimony.  (ECF No. 116, ¶¶ 2-3).  The expert designations
16  required the party to provide, among other things, "a reasonable summary of
17  the testimony the expert is required to provide."  (*Id.* at ¶ 2).  The Scheduling
18  Order also provides that a party that fails to make the required disclosures
19  shall not, absent, substantial justification, be permitted to use evidence or
20  testimony not disclosed at any hearing or at trial.  (*Id.* at ¶ 3).  The Court
21  construes this provision as applying both to designations and expert reports.

22  Qualcomm timely provided their expert designations to Apple on
23  January 12, 2018.  On June 29, 2018, Qualcomm timely served its expert
24  reports.  The first motion resulting from this divergence from the Federal
25  Rules was by Apple to strike portions of certain expert reports served by
26  Qualcomm as inconsistent with its designations and contrary to its litigation
27  position.  (ECF No. 553).  That motion was granted in part and denied in

part.  (ECF No. 603).  This motion presents Qualcomm's concerns with Apple's rebuttal expert designations and reports.  Had the Court stuck to the letter of Rule 26(a)(2), rather than accept the deviation agreed to by the parties, much of this dispute could have been avoided.  Lesson learned.

Qualcomm complains that Apple failed to disclose in its designations of opening experts on January 12, 2018, or in its rebuttal designations on February 12, 2018, six experts that provided rebuttal expert reports.  (ECF No. 676 at 3).[1]  Four of the six never were designated and came to light only when their reports were served on October 2, 2018.  (*Id.*).  The other two experts were disclosed in July 2018, five months late and only after Qualcomm's opening reports were served.  (*Id.*).  Qualcomm asserts that Apple cannot demonstrate the "substantial justification" required to avoid exclusion of these experts.

For its part, Apple argues that its designations were not entirely deficient but its primary argument, as interpreted by the Court, is that it was substantially justified in its tardy designations because of the breadth of the opinions provided by Qualcomm's experts.  (ECF No. 732 at 12).  Having reviewed Qualcomm's expert reports in connection with the earlier motion, the Court agrees that Apple's tardy designations are substantially justified.  Moreover, the Court agrees that Qualcomm is not prejudiced; depositions either are underway or have been completed regarding these late-disclosed experts and their reports.  (*Id.* at 13).

//
//

---

[1] The Court will refer to pagination supplied by CM/ECF rather than original pagination throughout.

## CONCLUSION

Qualcomm's Motion to Strike is **DENIED.**

**IT IS SO ORDERED.**

Dated: December 6, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge