UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION | Case No.: 3:17-cv-108-GPC-MDD<br><br>**ORDER DENYING APPLE'S OBJECTION TO MAGISTRATE RULING**<br><br>**[ECF No. 651]** |

Before the Court is Apple's Objection to Non-Dispositive Pretrial Order of Magistrate Judge pursuant to Federal Rule of Civil Procedure 72. ECF No. 651. Based on the attorney-client privilege and work product doctrine, Apple sought to claw back numerous documents that it had produced to Qualcomm in discovery. Qualcomm challenged a number of the clawback requests. The parties filed two joint motions to determine whether Apple could claw back these documents, or whether Apple must be compelled to produce them. Magistrate Judge Mitchell D. Dembin determined that Apple waived its claim of privilege and failed to carry its burden of proving the disclosures met the requirements of Federal Rule of Evidence 502(b), and thus ordered Apple to produce the documents.

Apple now objects to the Magistrate Judge's ruling. Apple contends that the Magistrate Judge erred by deciding the clawback motions based on Federal Rule of

1

Evidence 502(b), an issue not raised by the parties. For the reasons set forth below, the Court denies Apple's Objection, and affirms the Magistrate Judge's Order.

## I. BACKGROUND

A. <u>The Parties' Discovery</u>

On October 10, 2017, the parties filed a Joint Motion for Approval of Stipulated Protective Order Governing Confidential Material. ECF No. 154. On October 24, 2017, Magistrate Judge Dembin entered the agreed upon Protective Order Governing Confidential Material. ECF No. 163. The order stated: "Any inadvertent production of privileged or otherwise protected material that satisfies Federal Rule of Evidence 502(b) shall not be deemed to have waived the privilege or protection." ECF No. 163 at 40.

Apple alleges that as of January 12, 2018, it has produced over 3.8 million documents in this litigation and the related case in the Northern District of California, *Federal Trade Commission v. Qualcomm Inc.*, 5:17-cv-00220-LHK-NMC (N.D. Cal.). Qualcomm alleges that as of April 5, 2018, Apple had sought to claw back approximately 850 documents. Carlson Decl., ECF No. 653-1 ¶ 4.

B. <u>Clawback Motions</u>

On April 27, 2018, the parties filed a Joint Motion for Determination of Discovery Dispute ("First Clawback Motion"). ECF No. 658. The parties submitted the joint motion "concerning documents Apple has produced in discovery and subsequently clawed back on attorney-client privilege, attorney work product or related grounds." *Id.* at 1.

In a declaration in support of the First Clawback Motion, counsel for Qualcomm alleged that on April 5, 2018, "in accordance with Section 13 of the Protective Order Governing Confidential Material (ECF No. 163) and Federal Rule of Civil Procedure 26(b)(5)(B), Qualcomm informed Apple that it challenged certain of Apple's claw back requests." Carlson Decl., ECF No. 653-1 ¶ 4. Qualcomm argued that attorney-client privilege and work product protections "do not apply when they have been waived by disclosure." First Clawback Mot., ECF No. 658 at 4. In the First Clawback Motion,

Qualcomm presented eight documents from a list of thirty-four clawed back documents for which it sought a determination. Qualcomm asserted that "Apple has the burden to establish that the attorney-client privilege applies, including that the privilege has not been waived." *Id.* at 5 (citing *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009)). With regard to work product, Qualcomm similarly asserted that such protection "may be waived, and it is Apple's burden to establish both the protection and non-waiver." *Id.* at 5-6 (citing *Garcia v. City of El Centro*, 214 F.R.D. 587, 590 (S.D. Cal. 2003). Qualcomm contended that Apple's business plans are not privileged, and that even if such plans were ever privileged, that privilege was waived when Apple's Chief IP counsel testified about the plans during his deposition. *Id.* at 7-8. Qualcomm noted that several of Apple's clawbacks are documents reflecting business proposals made to Samsung. *Id.* at 10. Qualcomm alleged that one of the documents appeared to have been provided to Samsung, and further contended that documents reflecting business proposals are not legal advice. *Id.* Finally, Qualcomm argued that Apple's documents summarizing lobbying efforts are not privileged. *Id.* at 14.

In response, Apple stated that "the only issue before the Court is whether to uphold Apple's clawbacks." *Id.* at 17 n.14. Apple maintained that the documents are privileged and that any such privilege had not been waived.

On June 28, 2018, the parties filed another Joint Motion for Determination of Discovery Dispute ("Second Clawback Motion"). ECF No. 654. Qualcomm alleged that since the First Clawback Motion, "Apple's improper clawbacks have continued." *Id.* at 2. Qualcomm presented six additional documents in the Second Clawback Motion. Qualcomm contended that none of the six documents are privileged or otherwise protected from disclosure and Apple should be ordered to produce them. *Id.* at 5. With respect to the 7461 slide deck, Qualcomm alleged that since Apple produced it, the slide deck had been marked at three depositions and each witness provided context about the document. *Id.* at 6. With regard to a different slide deck, Qualcomm alleged that Apple

3

had waived any protection to that document because it was marked at a deposition and was the subject of extensive testimony. *Id.* at 8.

Apple responded that each of the documents in the Second Clawback Motion reflected legal advice, a request for legal advice, or attorney work product. *Id.* at 11. Apple requested that the Court uphold Apple's clawback. *Id.* at 12. Regarding the 7461 slide deck, Apple contended that Qualcomm's waiver argument was unfounded based on the witnesses' deposition testimony. *Id.* at 14. Citing Federal Rule of Evidence 502(b), Apple argued that it "'promptly took reasonable steps' to claw back an inadvertently-produced privileged document" and therefore, "there has been no waiver of privilege." *Id.* at 15. Apple requested that the Court uphold its clawbacks. *Id.* at 20.

C. <u>The Magistrate Judge's Order</u>

The Magistrate Judge stated that as "a threshold matter, the Court must determine whether Apple has waived its claim of privilege." Order, ECF No. 641 at 2. With that in mind, the Magistrate Judge stated that "[t]he party seeking to clawback documents must establish that its inadvertent disclosure of the documents should not constitute a waiver." *Id.* The Magistrate Judge then looked to Federal Rule of Evidence 502(b). Rule 502 applies "to disclosure of a communication or information covered by the attorney-client privilege or work-product protection." Fed. R. Evid. 502. Rule 502(b) provides:

> (b) Inadvertent Disclosure. When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
> (1) the disclosure is inadvertent;
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

*Id.*

The Magistrate Judge stated that the "party seeking to clawback the documents has the burden of proving that they meet the requirements of Federal Rule of Evidence

4

502(b)." Order at 2. The Magistrate Judge noted that "Apple is silent as to whether it took any 'reasonable steps to prevent disclosure' of privileged information and does not identify any precautions it took to prevent such disclosure." *Id.* The Magistrate Judge further found that "Apple does not provide any information as to its promptness in requesting the clawback of these documents." *Id.* at 3. The Magistrate Judge concluded that Apple failed to meet its burden with respect to Rule 502(b)'s requirements and therefore ordered the documents produced. Order at 3.

D. Apple's Objection

On October 10, 2018, Apple filed its objection to the Magistrate Judge's Order. Obj., ECF No. 651. Apple contends that the Order was contrary to law because the Magistrate Judge concluded *sua sponte* and without notice that Apple had not satisfied FRE 502(b). Obj. at 1. Apple contends Qualcomm did not raise Rule 502(b) as an issue in the Clawback Motions. Therefore, according to Apple, Apple was not on notice that inadvertent disclosure was at issue in the Clawback Motions, and did not have an opportunity to proffer evidence and argument regarding Rule 502(b). Apple thus claims that the Order was contrary to law and must be set aside because the Magistrate Judge decided the motions on an issue not raised or briefed by the parties.

Qualcomm counters that as the party asserting the claim of privilege for previously produced documents, Apple bore the burden of satisfying Rule 502(b). Qualcomm contends that disclosure of information to another party waives any claim of privilege unless the party asserting the privilege can show that it has met the requirements of Rule 502(b). Qualcomm thus maintains that Apple's failure to sustain its burden as to Rule 502(b) was fatal to its attempt to clawback the documents and a sufficient basis for the Magistrate Judge's ruling. In the alternative, Qualcomm asserts that Apple was on notice that Rule 502(b) was at issue in the Clawback Motions.

# II. DISCUSSION

A. <u>Legal Standard</u>

District court review of magistrate judge orders on non-dispositive motions is limited. A motion relating to discovery, such as the one here, is considered non-dispositive. *See* 28 U.S.C. § 636(b)(1)(A). A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A magistrate judge's legal conclusions are reviewable de novo to determine whether they are "contrary to law" and findings of fact are subject to the "clearly erroneous" standard." *Meeks v. Nunez*, Case No. 13cv973-GPC(BGS), 2016 WL 2586681, *2 (S.D. Cal. May 4, 2016) (citing *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. Mar. 22, 2010)).

The "contrary to law" standard "allows independent, plenary review of purely legal determinations by the Magistrate Judge." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110 (E.D. Cal. Jan. 24, 2011) (citing *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. May 1, 2000)). A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* at 1110-11 (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y Oct. 17, 2006)) (internal quotation marks omitted).

B. <u>Analysis</u>

Apple contends that the Magistrate Judge's Order should be reversed because the Magistrate Judge based the ruling under Rule 502(b), even though that ground was not raised by Qualcomm, Apple was not on notice the Magistrate Judge would address waiver based on Rule 502(b), and Apple was not provided with an opportunity to respond to the issue.

1. <u>Apple Bore the Burden of Showing It Did Not Waive Privilege</u>

It appears undisputed that Apple produced these documents to Qualcomm in discovery. Moreover, it is undisputed that Apple subsequently clawed back these

6

documents on the basis of "attorney-client privilege, attorney work product or related grounds." First Clawback Mot. at 1. "The attorney-client privilege is not absolute. It may be waived 'either implicitly, by placing privileged matters in controversy, or explicitly, by turning over privileged documents.'" *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008) (quoting *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir. 2001)). "Generally disclosure of confidential communications or attorney work product to a third party, such as an adversary in litigation, constitutes a waiver of privilege as to those items." *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 237 F.R.D. 618, 622 (N.D. Cal. 2006) (citing *Carter v. Gibbs*, 909 F.2d 1450, 1451 (Fed. Cir. 1990) (en banc)).

The Magistrate Judge first found that the threshold issue was whether Apple waived its claim of privilege. Order at 2. Apple does not object to this finding. "As with all evidentiary privileges, the burden of proving that the attorney-client privilege applies rests not with the party contesting the privilege, but with the party asserting it." *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) (citations omitted). "One of the elements that the asserting party must prove is that it has not waived the privilege." *Id.* The Magistrate Judge did not err in finding that the first issue in deciding whether Apple could clawback the documents on the basis of privilege was determining whether Apple waived that claim of privilege.

As waiver of any privilege was the threshold issue, Apple bore the burden of proving that it had not waived privilege. "The privilege-asserting party must also show that the privilege has not been waived." *Skansgaard v. Bank of Am., N.A.*, No. C11-0988 RJB, 2013 WL 828210, at *2 (W.D. Wash. Mar. 6, 2013) (citing *McMorgan & Co. v. First Cal. Mortgage Co.*, 931 F. Supp. 703, 707 (N.D. Cal. 1996); *Weil*, 647 F.2d at 25). Apple asserts that the Magistrate Judge's "Order decided the Clawback Motions based on Rule 502(b)." Obj. at 6. This statement demonstrates a misunderstanding of how Rule 502(b) operates. The Magistrate Judge decided the Clawback Motions based on the issue of waiver of privilege, an issue for which Apple carried the burden. As stated above,

disclosure generally waives privilege. Nonetheless, Rule 502(b) operates as an exception to that general principle. *See* Fed. R. Evid. 502 advisory committee's note (explaining that Rule 502, "while establishing some exceptions to waiver, the rule does not purport to supplant applicable waiver doctrine generally."). Waiver is based on disclosure; Rule 502(b) creates an exception to that. The Magistrate Judge addressed Rule 502(b) to determine whether Apple did not waive privilege. The Magistrate Judge did not err in doing so.

Accordingly, the Magistrate Judge stated that the "party seeking to clawback the documents has the burden of proving that they meet the requirements of Federal Rule of Evidence 502(b)." Order at 2. This was not contrary to law. "All three elements set forth in Rule 502(b) must be met to prevent a waiver of a privilege. The disclosing party bears the burden of proving that the elements of Rule 502(b) have been met." *Liles v. Stuart Weitzman*, LLC, No. 09-61448-CIV, 2010 11505149, at *2 (S.D. Fla June 15, 2010) (citations omitted).

Apple contends that Qualcomm did not raise inadvertent disclosure as an issue. However, the issue of disclosure waiving privilege was raised when Apple asserted that the documents it sought to clawback were privileged.[1] Apple itself stated that the "issue before the Court is whether to uphold Apple's clawbacks." First Clawback Mot. at 17 n.4. That issue requires Apple to prove both that the documents are privileged and that it did not waive privilege. As Apple asserted attorney-client privilege, Apple was required

---

[1] "The burden of proving inadvertent disclosure is on the party asserting the privilege." *FSP Stallion 1, LLC v. Luce*, No. 2:08-CV-01155-PMP, 2010 WL 3895914, at *11 (D. Nev. Sept. 30, 2010). *See also e.g., Clark Cty. v. Jacobs Facilities, Inc.*, No. 2:10-CV-00194-LRH, 2012 WL 4609427, at *10 (D. Nev. Oct. 1, 2012) ("As a general rule, the burden of proving inadvertent disclosure is on the party asserting the privilege."); *Pac. Coast Steel v. Leany*, No. 2:09-CV-02190-KJD, 2011 WL 4704217, at *4 (D. Nev. Oct. 4, 2011); *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 417 (N.D. Ill.), supplemented, 432 F. Supp. 2d 794 (N.D. Ill. 2006) ("Generally, the burden of proving inadvertent disclosure is on the party asserting the privilege."); *Harmony Gold U.S.A., Inc. v. FASA Corp.*, 169 F.R.D. 113, 116 (N.D. Ill. 1996) ("The party claiming inadvertent disclosure has the burden of proving that the disclosure was truly inadvertent.").

to show that the privilege had not been waived by disclosing the documents to Qualcomm, because "[a] party may expressly waive the attorney-client privilege by disclosing privileged communications to third parties." *Skansgaard*, 2013 WL 828210 at *2.

Apple alleges that "Qualcomm is the moving party, not Apple; as a result, it had the obligation to raise disputed issues with the Court." Reply, ECF No. 727 at 6. However, in the Second Clawback Motion, Apple specifically requested that the Court grant it relief in the form of upholding the clawback. ECF No. 654 at 20. "Motions to reclaim documents that have allegedly been inadvertently produced are governed by [FRE] 502." *D'Onofrio v. Borough of Seaside Park*, No. CIV.A. 09-6220 AET, 2012 WL 1949854, at *6 (D.N.J. May 30, 2012). In order for the Court to grant such relief to Apple as requested, Apple bore the burden of showing that it had not waived privilege. *See Liles*, 2010 WL 11505149, at *2 ("Although not cited by either party, Federal Rule of Civil Procedure 502(b) governs waiver of inadvertently produced documents."); *Peterson v. Bernardi*, 262 F.R.D. 424, 427 (D.N.J. 2009) ("Although not cited by the parties, plaintiff's motion [to compel the return of inadvertently produced documents pursuant to Fed. R. Civ. P. 26(b)(5)(B)] is controlled by Fed. R. Evid. 502(b)."). It was therefore Apple's burden to prove that it satisfied Rule 502(b)'s requirements. *Raynor v. D.C.*, No. CV 14-0750 (RC), 2018 WL 852366, at *2 (D.D.C. Feb. 12, 2018) (finding that on plaintiff's motion for an order that certain documents defendant disclosed in discovery are not privileged, "it is the District's burden to show both that the information that it is seeking returned is protected by the privilege and that it has not waived the privilege by disclosing those documents to Plaintiff."). The Magistrate Judge's decision was not contrary to law.

2. Apple Was on Notice

Apple alleges that it was "not on notice that inadvertent disclosure was at issue in the Clawback Motions." Obj., ECF No. 651 at 6. In the Second Clawback Motion, Apple contended that under Rule 502(b), "there was been no waiver of privilege" because

9

Apple promptly took reasonable steps to claw back an inadvertently-produced privileged document. Second Clawback Mot. at 15. The Court fails to see how Apple was not on notice of, and had no opportunity to argue, the exception to waiver under FRE 502(b) when Apple itself argued, albeit in a conclusory manner, that it had satisfied FRE 502(b). In other words, Apple wants it both ways. Apple argued in the Clawback Motion that it should be allowed to clawback the documents because it had satisfied FRE 502(b), and now Apple argues that it can clawback the documents because FRE 502(b) was an improper basis for the Magistrate Judge to rule on.

Moreover, in both Clawback Motions, Qualcomm asserted that Apple has the burden to establish that the attorney-client privilege and work product doctrine have not been waived. In the First Clawback Motion, Qualcomm stated that those protections do not apply when they have been waived by disclosure. ECF No. 654 at 4.

Apple stipulated in this case that inadvertent production of privileged material "that satisfies Federal Rule of Evidence 502(b) shall not be deemed to have waived the privilege or protection." ECF No. 154. Apple thus agreed that it would have to satisfy Rule 502(b) in order to clawback privileged documents.

In a declaration in support of the First Clawback Motion, counsel for Qualcomm alleged that on April 5, 2018, "in accordance with Section 13 of the Protective Order Governing Confidential Material (ECF No. 163) and Federal Rule of Civil Procedure 26(b)(5)(B), Qualcomm informed Apple that it challenged certain of Apple's claw back requests." Carlson Decl., ECF No. 653-1 ¶ 4. Qualcomm thus put Apple on notice that in order for Apple to claw back the documents, it would have to do so in accordance with the Protective Order, which required Apple to satisfy Rule 502(b).

Apple contends that Qualcomm acknowledged that the Rule 502(b) argument had been rejected in the Northern District of California and that Qualcomm indicated that it was seeking only a ruling on the substance of Apple's privilege claims. The relevant portion of Qualcomm's argument states:

> Much of Apple's production was originally made in response to a non-party subpoena in the N.D. Cal. litigation. There, Qualcomm argued that Apple had waived privilege with respect to thousands of documents that Apple originally withheld as privileged, produced as non-privileged and then clawed back on the eve of depositions. Magistrate Judge Cousins declined to find waiver, but expressly did not rule on the substance of Apple's privilege claims. (3/7/18 Hr. Tr. at 38:18-19:10.) With one exception discussed *infra*, Magistrate Judge Cousins has not ruled on Apple's substantive privilege claims regarding the documents listed in Exhibit A. Qualcomm has brought this motion in this Court because this is where Apple and Qualcomm are both parties, and accordingly where Apple's improperly clawed back documents raise the issues that compel their production.

First Clawback Mot., ECF No. 653 at 4 n.1.

A review of Qualcomm's argument does not support the position that Qualcomm indicated it was seeking only a ruling on the substance of Apple's privilege claims. Qualcomm did not take the position that Magistrate Judge Cousins' ruling on waiver applied to this matter. Qualcomm did not assert that waiver was inapplicable, nor did Qualcomm contend that Apple had satisfied Rule 502(b).

### III. CONCLUSION

For the foregoing reasons, the Court orders that:

1. Apple's Objection to Non-Dispositive Pretrial Order of Magistrate Judge pursuant to Fed. R. Civ. P. 72 is **DENIED**; and

2. The Magistrate Judge's Order on Joint Motion for Determination of Discovery Dispute Re: Apple's Clawback of 34 Documents, ECF No. 641, is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated: December 17, 2018

Hon. Gonzalo P. Curiel
United States District Judge