UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION | Case No.: 3:17-cv-108-GPC-MDD<br><br>**ORDER DENYING AS MOOT:**<br><br>**1) APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT CERTAIN PATENTS ARE UNENFORCEABLE DUE TO EXHAUSTION (COUNT LIX OF APPLE'S AMENDED COMPLAINT AND COUNT LXVII OF THE CMS' COUNTERCLAIMS); AND**<br><br>**2) APPLE'S EX PARTE APPLICATION TO SUPPLEMENT MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**[ECF Nos. 600 & 661]** |

Before the Court is Apple's Motion for Partial Summary Judgment on Count LIX[1] of its First Amended Complaint ("FAC") and Count LXVII of the Contract

---

[1] Apple captioned its motion as moving for summary judgment on "Count LIV," but it is Count LIX that seeks a declaration of unenforceability due to exhaustion. FAC, ECF No. 83 at 134. The Court will therefore assume that Apple's motion requests summary judgment on Count LIX.

1

Manufacturers' ("CMs") Counterclaims. ECF No. 600. Apple has also filed an *Ex Parte* Application to Supplement the Motion for Partial Summary Judgment. ECF No. 661. In Count LIX of Apple's FAC, Apple contends that under the doctrine of patent exhaustion, Qualcomm's sale of chipsets exhausts Qualcomm's patent rights to all patents substantially embodied in those chipsets. FAC, ECF No. 83 ¶ 578. Accordingly,

> Apple requests a judicial declaration that the sale of Qualcomm's baseband processor chipsets to Apple's CMs exhausts Qualcomm's patent rights for patents substantially embodied in those chipsets, and that any of the Patents-in-Suit, which are actually essential to any Apple-practiced 3G/UMTS and/or 4G/LTE standard and infringed by Apple, are unenforceable as against Apple due to patent exhaustion.

*Id.* ¶ 592.

The CMs brought a similar declaratory judgment claim regarding exhaustion. CM Counterclaim, 3:17-cv-1010, ECF No. 84 at 244-47. On August 31, 2018, Apple and the CMs filed the Motion for Partial Summary Judgment, requesting the Court grant summary judgment that Qualcomm's patent rights to three specific patents are exhausted by Qualcomm's authorized sale of chipsets to the CMs. ECF No. 600 at 22. Apple later filed an *Ex Parte* Application to Supplement the Motion for Partial Summary Judgment that Certain Patents Are Unenforceable Due to Exhaustion. ECF No. 661. Apple sought to file a Supplemental Motion that would address "the exhaustion issue in the context of a new patent that Qualcomm injected into this case." *Id.* at 1.

On September 14, 2018, Qualcomm moved to dismiss many of Apple's declaratory judgment claims, including the exhaustion claim. Qualcomm Mot., ECF No. 616. Qualcomm asserted that the Court lacked subject-matter jurisdiction over Count LIX. *Id.* at 7-8. On November 20, 2018, the Court entered an Order Granting Qualcomm's Motion for Partial Dismissal. Order, ECF No. 737. The Court found that it did not have jurisdiction over the exhaustion declaratory judgment claims before the Court as it related to the nine patents-in-suit and the 93 SEPs, and dismissed Count LIX of Apple's FAC and Count LXVII of the CMs' Counterclaims. *Id.* at 16.

Because these claims have been dismissed, Apple's Motion for Summary Judgment on such claims is moot, and the application to supplement that motion is thus moot as well. Accordingly, the Court orders as follows:

1) Apple and the CMs' Motion for Partial Summary Judgment that Certain Patents are Unenforceable Due to Exhaustion (Count LIX of Apple's Amended Complaint and Count LXVII of the CMs' Counterclaims) is **DENIED AS MOOT**.

2) Apple's *Ex Parte* Application to Supplement the Motion for Partial Summary Judgment that Certain Patents are Unenforceable Due to Exhaustion and For a Hearing on that Supplement is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: December 17, 2018

Hon. Gonzalo P. Curiel
United States District Judge