Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD |
| | **QUALCOMM INCORPORATED'S MOTION FOR AN ORDER TO FILE UNDER SEAL ITS UNREDACTED BRIEF, STATEMENT OF FACTS, DECLARATION, AND EXHIBITS IN ITS SUPPLEMENTAL OPPOSITION TO APPLE INC.'S MOTION FOR SUMMARY JUDGMENT ON BCPA COUNTERCLAIMS** |
| | Judge: Hon. Gonzalo P. Curiel |

Qualcomm Incorporated ("Qualcomm"), through its undersigned counsel, hereby moves the Court for an order pursuant to Civil Local Rule 79.2 permitting Qualcomm to file under seal (i) its Supplemental Opposition to Apple Inc.'s ("Apple") Motion for Summary Judgment on BCPA Counterclaims ("BCPA Supplemental Opposition Brief"), (ii) its Supplemental Statement of Facts in Opposition to Apple's Motion for Summary Judgment on Qualcomm's BCPA Counterclaims ("BCPA Supplemental Statement of Facts"), ¶¶ 10, 13-19, 23, 27-28, 32, 34-38, 41, 43-44, 46, 50-53, 55, 57, 59-60, 62-63, 65-74, 76, 78, 80-84, 86-100, 102-110, (iii) the December 28, 2018 Declaration of Nathan E. Denning in support of Qualcomm Incorporated's Supplemental Opposition to Apple Inc.'s Motion for Summary Judgment on BCPA Counterclaims ("Denning Supp. BCPA Decl.") ¶¶ 4-7, 8-9, 11-12, 14-15, 17-21 and attached Exhibits ("Exs.") 46-66 (collectively, Qualcomm's "Supplemental BCPA Opposition Submissions"), and to file redacted versions of Qualcomm's Supplemental BCPA Opposition Submissions on the Court's public docket.  The sealing and redactions Qualcomm requests are necessary to protect information designated as highly confidential by Apple under the Protective Order Governing Confidential Material (ECF No. 163) ("Protective Order"), to protect Qualcomm's confidential, proprietary, and highly sensitive business information—including information that this Court has previously found "compelling reasons" to protect[1]—and, lastly, to protect additional information designated as highly confidential by a third-party under the Protective Order.

---

[1] *See* Order dated October 1, 2018 (ECF No. 637), where this Court found that "compelling reasons exist to seal and redact the requested portions of Qualcomm's Opposition Submissions".  (ECF No. 637.)

| QUALCOMM INCORPORATED'S MOTION FOR ORDER TO SEAL | -1- | CASE NO. 3:17-CV-1010-GPC-MDD |

## I. LEGAL STANDARD

Although courts in the Ninth Circuit recognize "a general right to inspect and copy public records and documents, including judicial records and documents," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), "access to judicial records is not absolute," *id.* The "compelling reasons" standard governs a motion to seal documents that are part of the judicial record on a dispositive motion. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *see also Ctr. for Auto Safety v. Chrysler, LLC*, 809 F.3d 1092, 1099, 1101 (9th Cir. 2016) (holding that compelling reasons standard should apply to motion that is "more than tangentially related to the merits of a case").

Under the compelling reasons standard, a party seeking to seal or redact a document filed with the Court must rebut "a strong presumption in favor of access" to court records. *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Relevant factors to be considered include the "public interest in understanding the judicial process," *Kamakana*, 447 F.3d at 1179, and whether the records could be used for improper purposes, such as using them "as sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Even where a case generates a great deal of public interest, "it does not necessarily follow that the public has a legally cognizable interest in every document filed," especially where the release of information will cause competitive harm to a business. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221–22, 1226 (Fed. Cir. 2013). Accordingly, courts often conclude that compelling reasons to seal or redact exist where confidential, competitively sensitive business information of the parties—and of other companies that are not parties—are at issue in the litigation. *Id.* at 1228–29 (reversing district court's refusal to seal exhibits to

pre-trial and post-trial motions filed by Apple and Samsung); *see also Xifin, Inc. v. Sunshine Pathways*, LLC, No. 16-CV-01218-GPC-DHB, 2016 WL 5930313, at *3 (S.D. Cal. Oct. 12, 2016) (Curiel, J.) (finding compelling reasons existed for sealing of services agreement because agreement contained detailed information about plaintiff's pricing structure and "nature of the services [plaintiff] provides" "that could expose Plaintiff to a competitive disadvantage if revealed"); *Lucas v. Breg, Inc.*, No. 15-CV-00258-BAS-NLS, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) ("[C]ourts have been willing to seal court filings containing confidential business material, 'such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data,' where the parties have been able to point to concrete factual information to justify sealing.") (quoting *Cohen v. Trump*, No. 13-CV-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016)); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons existed to seal "the pricing terms, royalty rates, and guaranteed minimum payment terms" of a license agreement); *Velasco v. Chrysler Grp.*, No. CV 13-08080 DDP (VBK), 2017 WL 445241, at *4–5 (C.D. Cal. Jan. 30, 2017) (finding compelling reasons existed to seal portions of briefs, pleadings, declarations, and exhibits attached to motion where the redactions were "appropriately limited" to confidential information, the disclosure of which would have harmed the plaintiff's "competitive standing").

## II. ARGUMENT

Here, Qualcomm seeks to protect four categories of materials: (1) information and documents that Apple has designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, (2) confidential business information that this court has already found "compelling reasons" to protect, (3) additional limited and narrowly tailored information to protect Qualcomm's confidential, proprietary, and highly sensitive business information and (4)

1  additional information designated as "Highly Confidential – Attorneys' Eyes
2  Only" under the Protective Order by a third-party.
3      *First*, the Denning Supp. BCPA Decl. Exs. Qualcomm is seeking to seal
4  comprise almost exclusively previously clawed back documents ordered
5  produced by Magistrate Judge Dembin in ECF No. 641.  These documents have
6  been marked as "Highly Confidential – Attorneys' Eyes Only" under the
7  Protective Order by Apple.  Under the Protective Order, the designation
8  "Highly Confidential – Attorneys' Eyes Only" is appropriate where the items at
9  issue "reflect information that is extremely confidential and/or sensitive in
10 nature and the Producing Party reasonably believes that the disclosure of such
11 Discovery Material is likely to cause economic harm or significant competitive
12 disadvantage to the Producing Party".  (Protective Order ¶ 2.9.)  Accordingly,
13 documents marked "Highly Confidential – Attorneys' Eyes Only" can only be
14 shared with a limited number of people including counsel of record.  As such,
15 and in compliance with Qualcomm's obligations under the Protective Order,
16 Qualcomm seeks the sealing of the Denning Supp. BCPA Decl. Exs. and the
17 information derived from those exhibits in Qualcomm's Supplemental BCPA
18 Opposition Submissions.  *See* Denning Supp. BCPA Decl. Exs. Nos. 46-50, 52-
19 60, 62-65; Denning Supp. BCPA Decl. ¶¶ 8-9, 11-12, 14-15, 17-21;  BCPA
20 Supplemental Opposition Brief pages 1-14, 16-19, 21, 23-25; BCPA
21 Supplemental Statement of Facts ¶¶ 18-19, 28, 35, 91-100, 102-110.
22     *Second*¸ Qualcomm seeks to redact and seal information that this court
23 has already found compelling reasons to seal in its Order dated October 1, 2018
24 (ECF No. 637).  As set forth fully in Qualcomm's sealing motion dated
25 September 28, 2018 (ECF No. 633) and the accompanying September 28, 2018
26 declaration of Matthew Gettinger ("Gettinger Decl.") (ECF No. 633-1) these
27 redactions cover information that would cause Qualcomm competitive and
28 commercial harm because it would provide competitors and counterparties

1  insights in Qualcomm's business that they would not otherwise have and would
2  disadvantage Qualcomm in future negotiations with existing licensees, potential
3  licensees, and customers.  *See* BCPA Statement of Facts ¶¶ 10, 13-19, 23, 27,
4  32, 34, 36-38, 41, 43-44, 46, 50-53, 55, 57, 59-60, 62-63, 65-74, 76, 78, 80-84,
5  86-90.

6  *Third*, Qualcomm seeks to redact and seal limited and narrowly tailored
7  information to protect Qualcomm's confidential, proprietary, and highly
8  sensitive business information.  Specifically, Qualcomm has designated as
9  "Highly Confidential – Attorneys' Eyes Only" Ex. Nos. 51 and 61 under the
10 Protective Order.  Ex. No. 51 is an excerpted portion of Derek Aberle's
11 testimony discussing the confidential business terms of the BCPA agreement
12 and the negotiation of the BCPA between the parties.  As explained in the
13 Gettinger Decl., Qualcomm follows strict practices in ensuring contract
14 negotiations are kept confidential, including the resultant terms of the
15 agreement.  (Gettinger Decl. ¶¶ 2-3.)  This information is of the type that is
16 highly sensitive and proprietary to Qualcomm, and disclosure of the
17 negotiations of the BCPA or its terms could advantage competitors and/or harm
18 Qualcomm's future ability to engage in arm's-length commercial bargaining.
19 (Gettinger Decl. ¶¶ 5, 12-13.)  Ex. No 62 is a non-public subpoena by the FTC
20 to Qualcomm covering requests for information related to Qualcomm's
21 confidential business operations, including Qualcomm's licensing and other
22 agreements with its negotiating counterparties, and internal operating structure;
23 the type of confidential business information Qualcomm deems highly sensitive
24 and proprietary to Qualcomm.  (Gettinger Decl. ¶¶ 5, 8, 12.)

25 Qualcomm's requested redactions and sealing requests are narrowly
26 tailored, covering only the information of the type this Court has already found
27 compelling reasons to redact, and additional limited information that would
28

cause Qualcomm competitive harm and information Apple has designated as highly confidential under the Protective Order.

*Fourth*, Qualcomm seeks to seal certain documents that reference confidential business information of third parties. Specifically, Ex. No. 66 references Samsung documents which Samsung designated "Highly Confidential – Attorney's Eyes Only" under the Protective Order. Accordingly, Qualcomm seeks to file this document under seal so as to avoid disclosure of Samsung's confidential business information.

The chart below describes the exhibits that Qualcomm requests to file under seal:

| Ex. | Description of Exhibit | Confidentiality Interests |
|---|---|---|
| 46 | Apple's Presentation, dated August 29, 2011 (APL-QC-FTC_30329541) | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 47 | Apple's Presentation, dated December 16, 2011 (APL-QC-FTC_00004898) | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 48 | Email thread between K. Andeer, N. Krall and B. Sewell dated August 10, 2012 (APL-QC-FTC_32289868) | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 49 | Apple's Presentation, dated September 11, 2014 (APL-QC-FTC_32639060) | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 50 | Apple's Presentation, dated November 18, 2014 (APL-QC-FTC_00458296) | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 51 | An FTC subpoena, attaching a Resolution Authorizing Use of Compulsory Process in Nonpublic Investigation dated March 20, 2015 (QAPPCMSD10026908) | Confidential investigatory subpoena |
| 52 | Apple's Presentation, dated September 1, 2015 (APL-QC-FTC_33221118) | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 53 | Apple's Presentation, dated October 9, 2015 (APL-QC-FTC_25552573) | Apple designated "Highly Confidential – Attorneys' Eyes Only" |

| | | |
|---|---|---|
| 54 | An Apple internal email thread between Kyle Andeer and others, dated November 13, 2015 (APL-QC-FTC_32290206) | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 55 | Apple's Presentation, dated April 1, 2016 (APL-QC-FTC_23903057) | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 56 | Apple's Presentation, dated June 16, 2016 (APL-QC-FTC_24211751) | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 57 | Apple's Presentation, dated June 25, 2016 (APL-QC-FTC_24211764) | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 58 | Apple's Presentation, dated June 26, 2016 (APL-QC-FTC_33946740) | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 59 | Apple's Presentation, dated December 14, 2016 (APL-QC-FTC_00458319) | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 60 | Excerpts of B. Watrous Deposition | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 61 | Excerpts of D. Aberle Deposition | Confidential business information and contract negotiations |
| 62 | Excerpts of B. Sewell Deposition | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 63 | Excerpts of M. Gudmundsson | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 64 | Excerpts of the Expert report of Fiona Scott Morton, dated October 26, 2018 | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 65 | Excerpts of F. Scott Morton Deposition | Apple designated "Highly Confidential – Attorneys' Eyes Only" |
| 66 | Declaration of David Chong, Principal Legal Counsel for Samsung Electronics Co., Ltd., dated November 22, 2018 | Referencing materials third-party Samsung designated "Highly Confidential – Attorneys' Eyes Only" |

1 | **III. CONCLUSION**
2 |     For the foregoing reasons, Qualcomm respectfully requests that the Court
3 | grant Qualcomm's motion and issue an order permitting Qualcomm to file
4 | under seal its Supplemental BCPA Opposition Submissions, with redacted
5 | versions of the same available on the Court's public docket.

| | |
|---|---|
| Dated: December 28, 2018 | Respectfully submitted,<br><br>By   /s/ *Evan R. Chesler*<br>        Evan R. Chesler<br><br>**CRAVATH, SWAINE & MOORE LLP**<br>Evan R. Chesler (*pro hac vice*)<br>(N.Y. Bar No. 1475722)<br>echesler@cravath.com<br>Keith R. Hummel (*pro hac vice*)<br>(N.Y. Bar No. 2430668)<br>khummel@cravath.com<br>Richard J. Stark (*pro hac vice*)<br>(N.Y. Bar No. 2472603)<br>rstark@cravath.com<br>Antony L. Ryan (*pro hac vice*)<br>(N.Y. Bar No. 2784817)<br>aryan@cravath.com<br>Gary A. Bornstein (*pro hac vice*)<br>(N.Y. Bar No. 2916815)<br>gbornstein@cravath.com<br>J. Wesley Earnhardt (*pro hac vice*)<br>(N.Y. Bar No. 4331609)<br>wearnhardt@cravath.com<br>Yonatan Even (*pro hac vice*)<br>(N.Y. Bar No. 4339651)<br>yeven@cravath.com<br>Vanessa A. Lavely (*pro hac vice*)<br>(N.Y. Bar No. 4867412)<br>vlavely@cravath.com<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>Telephone: (212) 474-1000<br>Facsimile: (212) 474-3700 |

1
2  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
3  David A. Nelson (*pro hac vice*)
   (Ill. Bar No. 6209623)
   davenelson@quinnemanuel.com
4  Stephen Swedlow (*pro hac vice*)
   (Ill. Bar No. 6234550)
5  stephenswedlow@quinnemanuel.com
   500 West Madison St., Suite 2450
6  Chicago, Illinois 60661
   Telephone: (312) 705-7400
7  Facsimile: (312) 705-7401
8
   Alexander Rudis (*pro hac vice*)
9  (N.Y. Bar No. 4232591)
   alexanderrudis@quinnemanuel.com
10 51 Madison Ave., 22nd Floor
   New York, New York 10010
11 Telephone: (212) 849-7000
   Facsimile: (212) 849-7100
12
   Sean S. Pak (SBN 219032)
13 seanpak@quinnemanuel.com
   50 California St., 22nd Floor
14 San Francisco, CA 94111
   Telephone: (415) 875-6600
15 Facsimile: (415) 875-6700
16
17 **JONES DAY**
   Karen P. Hewitt (SBN 145309)
18 kphewitt@jonesday.com
   Randall E. Kay (SBN 149369)
19 rekay@jonesday.com
   4655 Executive Drive, Suite 1500
20 San Diego, California 92121
   Telephone: (858) 314-1200
21 Facsimile: (858) 345-3178
22 *Attorneys for Defendant and Counterclaim-Plaintiff*
23 **QUALCOMM INCORPORATED**
24
25
26
27
28