THEODORE J. BOUTROUS, JR. (SBN 132099)
tboutrous@gibsondunn.com
RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
MICHELE L. MARYOTT (SBN 191993)
mmaryott@gibsondunn.com
JASON C. LO (SBN 219030)
jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
jrho@gibsondunn.com
MELISSA PHAN (SBN 266880)
mphan@gibsondunn.com
RYAN IWAHASHI (SBN 284766
riwahashi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel:  (213) 229-7000
Fax:  (213) 229-7520

CYNTHIA E. RICHMAN (DC Bar No. 492089; *Pro Hac Vice*)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

*Attorneys for Defendants, Counterclaimants, and*
*Third-Party Plaintiffs Compal Electronics, Inc.,*
*FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd.,*
*Pegatron Corporation, and Wistron Corporation*

*(Additional counsel listed below signature line)*

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| IN RE QUALCOMM LITIGATION | Case No. 3:17-cv-00108-GPC-MDD |
|---|---|
| | **JOINT MOTION FOR APPROVAL OF STIPULATION FOR STAY OF THIRD PARTY CLAIMS** |

Pursuant to Civil L.R. 7.1 and 7.2, Compal Electronics, Inc. ("Compal"), Pegatron Corporation ("Pegatron"), FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., (together with FIH Mobile, "Foxconn"), and Wistron Corporation ("Wistron") (collectively, the "CMs"); and Apple Inc. ("Apple"), by and through their respective counsel, hereby jointly move for approval of the following stipulation:

## STIPULATION

WHEREAS, on May 17, 2017, Qualcomm filed a breach of contract claim against each of the CMs in Case No. 3:17-CV-01010-GPC-MDD (the "1010 Case"), (1010 Case, ECF No. 1);

WHEREAS, on July 17, 2017, each of the CMs filed a third party complaint against Apple in the 1010 Case, seeking indemnity for Qualcomm's claims against the CMs (the "CMs' Indemnity Claims"), (1010 Case, ECF Nos. 66, 67, 68, 69.);

WHEREAS, on July 18, 2017, Apple answered the CMs' complaints, admitting with respect to each that "to the extent judgment is entered against [the CMs] in the underlying action, [the CMs are] entitled to indemnification from Apple in accordance with the terms of the Addendum[s]," (1010 Case, ECF Nos. 74, 75, 76, 77.);

WHEREAS, the Addendum[s] cited by Apple in its answers to the CMs' third party complaints each state: "Apple shall indemnify [the CMs] … against any damages and costs awarded in a final court award for [claims relating to breach of licensor's License Agreement] …" (APL-QC-FTC_16514420, APL-QC-FTC_16515167, APL-QC-FTC_16514810, Foxconn_0000080513);

WHEREAS, on July 18, 2017, the CMs answered Qualcomm's complaint, and filed counterclaims against Qualcomm alleging, among other claims, *inter alia*, antitrust violations and breach of contract, (1010 Case, ECF No. 84) (collectively, the claims raised in Qualcomm's complaint against each of the CMs and the defenses and claims raised in the CMs' counterclaims against Qualcomm shall be referred to as the "Qualcomm Issues");

1

WHEREAS, on September 13, 2017, this Court granted a Motion to consolidate the 1010 Case, with Case No. 3:17-cv-00108-GPC-MDD (the "108 Case"), and stated that "it is unnecessary to determine at this time whether or not consolidation will be appropriate at trial.  If these cases reach trial, the Court will then choose whether or not to revisit the appropriateness of consolidation," (1010 Case, ECF No. 140.);

WHEREAS, the CMs and Apple, who are respectively the third-party plaintiffs and third-party defendant to the CMs' Indemnity Claims, agree and jointly move to stay the CMs' Indemnity Claims, which depend on the adjudication of the Qualcomm Issues between Qualcomm and the CMs, until after the resolution of the Qualcomm Issues;

WHEREAS, the Court has broad discretion to order separate proceedings for one or more separate issues, claims, cross-claims, counterclaims, or third-party claims, and Rule 14(a) of the Federal Rules of Civil Procedure contemplates that third party claims may be severed or tried separately.  Fed. R. Civ. P. 42; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); Fed. R. Civ. P. 14;

WHEREAS, this court has found bifurcation of a third-party claim to be proper where, in part, the third-party claim depended on adjudication of the other claims in the case, *Hallam v. Gemini Ins. Co.*, No. 12-CV-2442-CAB (JLB), 2015 WL 11237479, at *2-3 (S.D. Cal. Apr. 8, 2015);

WHEREAS, a claim for indemnification is considered clearly separable. *Eischeid v. Dover Const., Inc.*, 217 F.R.D. 448, 466-67 (N.D. Iowa 2003) (finding that a claim of indemnity was separable and would increase clarity and decrease confusion for the jury); *Engen v. Colorado Mills Mall Ltd. P'ship*, No. 09-CV-01281-REB-KLM, 2010 WL 2232422, at *1 (D. Colo. May 28, 2010) (finding that a claim for indemnity was "clearly separable" and that asking the jury to consider this additional claim "will unnecessarily complicate and potentially confuse" the liability determination in the case); *Grantham v. Wal-Mart Stores, Inc.*, No. 08-3466-CV-S-GAF, 2012 WL 12904350, at *1 (W.D. Mo. Feb. 28, 2012) (finding that a claim for indemnity was

2

separable, and would prevent jury confusion because they were unrelated topically to the primary claims of manufacturing defects);

WHEREAS, Apple and the CMs agree that the CMs' Indemnity Claims are clearly separable from the Qualcomm Issues;

WHEREAS, Apple and the CMs agree that stay of the CMs' Indemnity Claims here would increase convenience and judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties, including because the CMs' Indemnity Claims depend on the adjudication of the Qualcomm Issues between Qualcomm and the CMs, and therefore, the CMs' indemnity claims against Apple only potentially accrue after the Qualcomm Issues have been resolved.  *Hallam*, 2015 WL 11237479, at \*3; *Engen*, 2010 WL 2232422, at \*1;

WHEREAS, such a stay of the CMs' Indemnity Claims would reduce the risk of jury confusion in light of the contingent nature of the CMs' Indemnity Claims and the complexity of the Qualcomm Issues;

WHEREAS, Qualcomm is not a party to the CMs' Indemnity Claims;

WHEREAS, Apple and the CMs agree that neither Apple nor any of the CMs would be prejudiced by stay of the CMs' Indemnity Claims, and that stay of the CMs' Indemnity Claims would, to the contrary, avoid prejudice to Apple and the CMs;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel:

1. The CMs' Indemnity Claims shall be stayed pending resolution of the Qualcomm Issues and until further notice; and

2. All dates and deadlines as to the Qualcomm Issues shall remain in effect and not be modified by this stipulation, but those dates and deadlines shall not apply to the CMs' Indemnity Claims; and

3

3. After the trial of the Qualcomm Issues occurs, or after other resolution of the Qualcomm Issues, the court shall set a status conference to assess whether to continue the stay of the CMs' Indemnity Claims.

IT IS SO STIPULATED.

4

1   Dated: January 22, 2019                Respectfully submitted,

2

3                                    By:  _____ /s/ *Jason C. Lo* _____
                                     THEODORE J. BOUTROUS, JR. (SBN 132099)
4                                    tboutrous@gibsondunn.com
                                     RICHARD J. DOREN (SBN 124666)
5                                    rdoren@gibsondunn.com
                                     DANIEL G. SWANSON (SBN 116556)
6                                    dswanson@gibsondunn.com
                                     MICHELE L. MARYOTT (SBN 191993)
7                                    mmaryott@gibsondunn.com
                                     JASON C. LO (SBN 219030)
8                                    jlo@gibsondunn.com
                                     JENNIFER J. RHO (SBN 254312)
9                                    jrho@gibsondunn.com
                                     MELISSA PHAN (SBN 266880)
10                                   mphan@gibsondunn.com
                                     RYAN IWAHASHI (SBN 284766
11                                   riwahashi@gibsondunn.com
                                     GIBSON, DUNN & CRUTCHER LLP
12                                   333 South Grand Avenue
                                     Los Angeles, CA 90071
13                                   Tel:  (213) 229-7000
                                     Fax:  (213) 229-7520
14

15                                   CYNTHIA RICHMAN (DC Bar No. 492089,
                                     *Pro Hac Vice*)
16                                   crichman@gibsondunn.com
                                     GIBSON, DUNN & CRUTCHER LLP
17                                   1050 Connecticut Avenue, N.W.
                                     Washington, DC 20036
18                                   Tel: (202) 955-8500
                                     Fax: (202) 467-0539
19

20                                   ***Attorneys for Defendants, Counterclaimants,***
                                     ***and Third-Party Plaintiffs Compal Electronics,***
21                                   ***Inc., FIH Mobile Ltd., Hon Hai Precision***
                                     ***Industry Co., Ltd., Pegatron Corporation, and***
22                                   ***Wistron Corporation***

23

24

25

26

27

28

JOINT MOTION FOR APPROVAL OF                                CASE NO. 3:17-CV-00108-GPC-MDD
STIPULATION FOR STAY OF THIRD PARTY CLAIMS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HUGH F. BANGASSER (*Pro Hac Vice*)
hugh.bangasser@klgates.com
CHRISTOPHER M. WYANT (*Pro Hac Vice*)
chris.wyant@klgates.com
J. TIMOTHY HOBBS (*Pro Hac Vice*)
tim.hobbs@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Telephone: +1 206 623 7580
Facsimile: +1 206 370 6371

CAITLIN C. BLANCHE (SBN 254109)
caitlin.blanche@klgates.com
K&L GATES LLP
1 Park Plaza Twelfth Floor
Irvine, CA 92614
Telephone: +1 949 253 0900
Facsimile: +1 949 253 0902

*Attorneys for Defendant, Counterclaimant, and
Third-Party Plaintiff Wistron Corporation*

JOINT MOTION FOR APPROVAL OF                                    CASE NO. 3:17-CV-00108-GPC-MDD
STIPULATION FOR STAY OF THIRD PARTY CLAIMS

By:    /s/ *Benjamin C. Elacqua*

Juanita R. Brooks, SBN 75934,
brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: 858-678-5070 / Fax: 858-678-5099

Ruffin B. Cordell, DC Bar No. 445801,
*pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421,
*pro hac vice*, degnan@fr.com
Fish & Richardson P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
Phone: 202-783-5070 / Fax: 202-783-2331

Benjamin C. Elacqua, TX Bar No. 24055443,
*pro hac vice,* elacqua@fr.com
Fish & Richardson P.C.
One Houston Center, 28th Floor
1221 McKinney
Houston, TX 77010
Phone: 713-654-5300 / Fax: 713-652-0109

William A. Isaacson, DC Bar No. 414788,
*pro hac vice*, wisaacson@bsfllp.com
Karen L. Dunn, DC Bar No. 1002520,
*pro hac vice*, kdunn@bsfllp.com
Boies Schiller Flexner LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Phone: 202-237-2727 / Fax: 202-237-6131

***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

JOINT MOTION FOR APPROVAL OF
STIPULATION FOR STAY OF THIRD PARTY CLAIMS

CASE NO. 3:17-CV-00108-GPC-MDD

## **FILER'S ATTESTATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court of the Southern District of California, I certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.


By:  _/s/ Jason C. Lo_____

8

1

## CERTIFICATE OF SERVICE

2  The undersigned hereby certifies that a true and correct copy of the above and

3 foregoing document has been served on January 22, 2019 to all counsel of record who

4 are deemed to have consented to electronic service via the Court's CM/ECF system per

5 Civ. L.R. 5.4(d).  Any other counsel of record will be served by electronic mail and/or

6 U.S. mail.

7

8  By:  /s/ *Jason C. Lo* _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT MOTION FOR APPROVAL OF                                    CASE NO. 3:17-CV-00108-GPC-MDD
STIPULATION FOR STAY OF THIRD PARTY CLAIMS