Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD<br><br>**JOINT MOTION REGARDING TRIAL PREPARATION AND SCHEDULING ORDER AND RELATED ISSUES**<br><br>Judge:  Hon. Gonzalo P. Curiel |

Qualcomm Incorporated ("Qualcomm"); Apple Inc. ("Apple"); and Compal Electronics, Inc. ("Compal"), Pegatron Corporation ("Pegatron"), FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd. (together with FIH Mobile, "Foxconn"), and Wistron Corporation ("Wistron", together with Compal, Pegatron, and Foxconn, the "CMs") submit this Joint Motion regarding this Court's Trial Preparation and Scheduling Order (ECF No. 749). The parties respectfully request clarification regarding three issues relating to upcoming pretrial deadlines and exchanges.

## WITNESS LISTS

### I.  Qualcomm's Position

Qualcomm requests that the Court set a date in early February by which the parties must exchange lists of the witnesses each side actually expects to call at trial, as opposed to the hundreds of witnesses disclosed by the parties in the PTO. Qualcomm proposed February 11 for such an exchange, and selected that date because it is in advance of the date on which the parties must exchange their revised list of deposition designations, February 25. Apple and the CMs have refused to exchange a list of witnesses they actually expect to call at trial before March 11, which is after the deadline by which the parties must exchange deposition designations. Because Qualcomm cannot fairly select the deposition designations it will use in response to Apple's case without knowing which witnesses Apple actually intends to call, Qualcomm respectfully requests that the Court order both sides to exchange such a list on February 11, or any date at least one week prior to the revised deposition designation date of February 25.

### II.  Apple and the CMs' Position

The Court set a March 24, 2019 deadline for the submission of a joint witness list, which is to include a description of each witness's testimony and time estimates for direct and cross-examination (ECF No. 749). Based on that

deadline, Apple and the CMs proposed that the parties exchange revised witness lists and time estimates for direct examination on March 11, 2019, and exchange time estimates for cross-examination on March 18, 2019. Apple and the CMs believe that keeping these exchanges closer to trial, after the parties have narrowed their exhibit lists and deposition designations, will help the parties narrow their lists down to the witnesses the parties plan to present at trial.

Qualcomm does not reasonably need Apple and the CMs' witness list to select its deposition designations. Qualcomm is well aware of the issues in dispute between the parties and has the parties' initial witness lists, initial deposition designations, and initial exhibit lists. Based on that information, Qualcomm can decide which designations it may need to put on its case. Qualcomm will also, of course, have the opportunity to identify counter-designations based on Apple and the CMs' narrowed deposition designations.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I.     Joint Position

The parties jointly propose that the Proposed Findings of Fact and Conclusions of Law ("PFF & COL"), which are currently due on February 15, 2019 (ECF No. 749), be postponed until after the jury's verdict. Given the immense record in this case, and the number of claims and defenses, it will be a voluminous document, require a substantial effort by the parties, and, most importantly, be of questionable utility to the Court if drafted at this stage.

Between now and the jury's verdict, numerous *Daubert* motions and motions *in limine* will be decided; witness lists will be narrowed; deposition designations will be narrowed; entire claims, defenses, or theories may fall out of the case for any number of reasons (*e.g.,* motion practice, time limitations, strategic decisions); and the parties and the Court will observe the evidence

1  presented at trial.  In addition, the parties are in the process of meeting and
2  conferring regarding the claims and defenses that will be decided by the Court
3  (with or without an advisory jury) and the claims and defenses that will be
4  decided by the jury.  If the parties draft the PFF & COL now, the document will
5  not reflect any of that, which may make an unwieldy document of little use to
6  the Court, as it will likely be populated by findings that are no longer necessary
7  by the time the jury reaches its verdict.  The parties believe that they can
8  provide the Court with a more useful document after the jury's verdict and,
9  therefore, respectfully request that the PFF & COL be deferred until then.
10       If a pretrial submission would be helpful to the Court, the parties propose
11 they provide the Court a filing of the issues they believe the Court, as opposed
12 to the jury, will need to decide.  The parties propose to submit such filing with
13 the trial brief due on March 24, 2019 or at an alternative time set by the Court.
14 The parties expect the filing not to exceed twenty pages per side.

15 **II.   Qualcomm's Position**

16       Alternatively, if the Court would prefer to receive the PFF & COL on
17 February 15, 2019, then Qualcomm respectfully requests clarification regarding
18 the scope of the PFF.
19       There is substantial factual overlap between some of the claims and
20 defenses the Court will decide and some of the claims and defenses the jury will
21 decide.  As such, the jury will necessarily decide many of the facts underlying
22 claims and defenses to be decided by the Court.
23       In light of the Seventh Amendment, Qualcomm's understanding is that
24 the PFF should cover only those facts the jury will not necessarily decide -- that
25 is, those facts the Court may need to decide.  *L.A. Police Protective League v.*
26 *Gates*, 995 F.2d 1469, 1473 (9th Cir.  1993) ("This court has held that it would
27 be a violation of the seventh amendment right to jury trial for the court to
28

disregard a jury's finding of fact. Thus, in a case where legal claims are tried by a jury and equitable claims are tried by a judge, and the claims are based on the same facts, in deciding the equitable claims the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.").

Therefore, if the Court prefers to receive the PFF & COL on February 15, 2019, then Qualcomm proposes that each side be limited to 100 pages for its PFF & COL, meaning the Court would receive up to 200 pages from the parties, collectively.

## III. Apple and the CMs' Position

If the Court is not inclined to defer the PFF & COL until after the jury's verdict, Apple and the CMs suggest that the Court and the parties further discuss resolution of the scope and timing of the PFF & COL at the upcoming January 25, 2019 hearing.

Apple and the CMs believe Qualcomm's proposal that the "PFF should cover only those facts the jury will not necessarily decide" is logistically unworkable. On a meet and confer earlier this week, Qualcomm's counsel explained that Qualcomm was still in the process of determining what issues it believed would properly be included in the PFF under Qualcomm's proposal, and indicated that it would not be feasible for the parties to agree on what issues would and would not be addressed in the PFF before filing. It is likely that there will be at least some disagreements between the parties about what issues "the jury will not necessarily decide"; as a result, Qualcomm's proposed approach will likely lead to a disconnect between the parties' respective PFFs that will limit their usefulness to the Court and may lead to the need for subsequent supplemental filings.

1    Apple and the CMs have previously proposed a cap of 250 pages per side
2  for the PFF & COL, and continue to believe that cap is reasonable for a pretrial
3  submission, especially given that Qualcomm has not been able to articulate
4  what specific issues its proposal would carve out from the PFF.  Apple and the
5  CMs also note that in the *FTC v. Qualcomm* action in the Northern District of
6  California Qualcomm submitted a 151-page PFF & COL addressing solely the
7  antitrust claims against Qualcomm, which are only one component of this case.

## RULE 44.1 MOTION

### I.    Qualcomm's Position

10    Qualcomm intends to submit on February 15 a separate brief under Rule
11  44.1 to address issues of French law that are implicated by the parties' claims.
12  Although Qualcomm proposed that both sides submit such a brief so that issues
13  of foreign law (which implicate the PFF & COL, the parties' brief on disputed
14  contractual provisions, and the jury instructions), including relevant expert
15  materials on the contents of foreign law, will be consolidated in one place for
16  the Court's consideration, Apple has declined to participate.  Accordingly,
17  Qualcomm respectfully requests that the Court set a briefing schedule on
18  Qualcomm's Rule 44.1 motion as follows:  (i) on February 8 the parties meet
19  and confer regarding foreign law issues to be raised; (ii) on February 15
20  Qualcomm's brief is filed; (iii) on March 1 Apple and the CMs file an
21  opposition; (iv) on March 8 Qualcomm files any reply.

### II.   Apple and the CMs' Position

23    Qualcomm's claim that Apple and the CMs "declined to participate" in a
24  Rule 44.1 brief is incorrect.  During the parties' discussions about the joint brief
25  regarding disputed contract interpretation (to be filed on February 15, 2019)
26  Qualcomm indicated that it planned to file a separate Rule 44.1 brief addressing
27  issues of foreign law.  Apple and the CMs proposed to address any issues of

foreign law as part of the joint brief regarding disputed contract interpretation, the proposed jury instructions, or the PFF & COL, depending on the foreign law issue in question, to minimize the number of separate filings submitted to the Court.  However, Apple and the CMs are amenable to whatever approach is most convenient for the Court.

If the Court prefers a separate set of briefs addressing foreign law issues, Apple and the CMs propose that the parties meet and confer in advance to agree on the issues that will be raised in those briefs and then submit simultaneous opening briefs, followed by opposition and reply briefs.  In that event, Apple and the CMs propose the following schedule:  (i) on February 8, 2019 the parties meet and confer regarding foreign law issues to be raised; (ii) on February 15, 2019 the parties file opening briefs; (iii) on March 8, 2019 the parties file opposition briefs; (iv) on March 15, 2019 the parties file reply briefs.

Dated:  January 24, 2019                    Respectfully submitted,

                                           By        /s/ *Evan R. Chesler*
                                                     Evan R.  Chesler

**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
(N.Y. Bar No. 2472603)
rstark@cravath.com
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651)
yeven@cravath.com
Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Stephen Swedlow (*pro hac vice*)
(Ill. Bar No. 6234550)
stephenswedlow@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

|   |   |
|---|---|
| 1 | Sean S. Pak (SBN 219032) |
| 2 | seanpak@quinnemanuel.com |
|   | 50 California St., 22nd Floor |
| 3 | San Francisco, CA 94111 |
|   | Telephone: (415) 875-6600 |
| 4 | Facsimile: (415) 875-6700 |

**JONES DAY**
Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Randall E. Kay (SBN 149369)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

*Attorneys for Defendant and Counterclaim-Plaintiff*
**QUALCOMM INCORPORATED**

| | |
|---|---|
| 1 | By    /s/ *Benjamin C. Elacqua* |
| 2 | Juanita R. Brooks, SBN 75934, brooks@fr.com |
| 3 | Seth M. Sproul, SBN 217711, sproul@fr.com |
| 4 | Fish & Richardson P.C. |
| 5 | 12390 El Camino Real |
| 6 | San Diego, CA 92130 |
| | Phone: 858-678-5070 / Fax: 858-678-5099 |
| 7 | |
| | Ruffin B. Cordell, DC Bar No. 445801, |
| 8 | *pro hac vice*, cordell@fr.com |
| 9 | Lauren A. Degnan, DC Bar No. 452421, |
| | *pro hac vice*, degnan@fr.com |
| 10 | Fish & Richardson P.C. |
| 11 | 1000 Maine Avenue, S.W., Suite 1000 |
| | Washington, D.C. 20024 |
| 12 | Phone: 202-783-5070 / Fax: 202-783-2331 |
| 13 | |
| | William A. Isaacson, DC Bar No. 414788, |
| 14 | *pro hac vice*, wisaacson@bsfllp.com |
| 15 | Karen L. Dunn, DC Bar No. 1002520, |
| | *pro hac vice*, kdunn@bsfllp.com |
| 16 | Boies Schiller Flexner LLP |
| 17 | 1401 New York Avenue, N.W. |
| | Washington, DC 20005 |
| 18 | Phone: 202-237-2727 / Fax: 202-237-6131 |
| 19 | |
| | ***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*** |
| 20 | |
| 21 | |
| 22 | |
| | By    */s/ Jason C. Lo* |
| 23 | THEODORE J. BOUTROUS, JR. (SBN 132099) |
| 24 | tboutrous@gibsondunn.com |
| 25 | RICHARD J. DOREN (SBN 124666) |
| 26 | rdoren@gibsondunn.com |
| | DANIEL G. SWANSON (SBN 116556) |
| 27 | dswanson@gibsondunn.com |
| 28 | MICHELE L. MARYOTT (SBN 191993) |

**JOINT MOT. REGARDING SCHEDULING ORDER**     -9-     **CASE NO. 3:17-CV-0108-GPC-MDD**

|   |   |
|---|---|
| 1 | mmaryott@gibsondunn.com |
| 2 | JASON C. LO (SBN 219030) |
| 3 | jlo@gibsondunn.com |
|   | JENNIFER J. RHO (SBN 254312) |
| 4 | jrho@gibsondunn.com |
| 5 | MELISSA PHAN (SBN 266880) |
|   | mphan@gibsondunn.com |
| 6 | RYAN IWAHASHI (SBN 284766 |
| 7 | riwahashi@gibsondunn.com |
|   | GIBSON, DUNN & CRUTCHER LLP |
| 8 | 333 South Grand Avenue |
| 9 | Los Angeles, CA 90071 |
|   | Tel: (213) 229-7000 |
| 10 | Fax: (213) 229-7520 |
| 11 |   |
| 12 | CYNTHIA RICHMAN (DC Bar No. 492089, Pro Hac Vice) |
| 13 | crichman@gibsondunn.com |
|   | GIBSON, DUNN & CRUTCHER LLP |
| 14 | 1050 Connecticut Avenue, N.W. |
| 15 | Washington, DC 20036 |
|   | Tel: (202) 955-8500 |
| 16 | Fax: (202) 467-0539 |
| 17 |   |
| 18 | *Attorneys for Defendants, Counterclaimants, and Third-Party* |
| 19 | *Plaintiffs Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry* |
| 20 | *Co., Ltd., Pegatron Corporation, and* |
| 21 | *Wistron Corporation* |
| 22 | HUGH F. BANGASSER (Pro Hac Vice) |
| 23 | hugh.bangasser@klgates.com |
|   | CHRISTOPHER M. WYANT (Pro Hac |
| 24 | Vice) |
| 25 | chris.wyant@klgates.com |
|   | J. TIMOTHY HOBBS (Pro Hac Vice) |
| 26 | tim.hobbs@klgates.com |
| 27 | K&L GATES LLP |
|   | 925 Fourth Avenue, Suite 2900 |
| 28 |   |

|   |   |
|---|---|
| 1 | Seattle, Washington 98104 |
|   | Telephone: +1 206 623 7580 |
| 2 | Facsimile: +1 206 370 6371 |

CAITLIN C. BLANCHE (SBN 254109)
caitlin.blanche@klgates.com
K&L GATES LLP
1 Park Plaza Twelfth Floor
Irvine, CA 92614
Telephone: +1 949 253 0900
Facsimile: +1 949 253 0902

*Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff Wistron Corporation*

**JOINT MOT. REGARDING SCHEDULING ORDER**  -11-  **CASE NO. 3:17-CV-0108-GPC-MDD**