Juanita R. Brooks, SBN 75934, brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (619) 678-5070 / Fax: (619) 678-5099

Ruffin B. Cordell, DC Bar No. 445801, *pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421, *pro hac vice*, degnan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
Telephone: (202) 783-5070 / Facsimile: (202) 783-2331

William A. Isaacson, DC Bar No. 414788, *pro hac vice*, wisaacson@bsfllp.com
Karen L. Dunn, DC Bar No. 1002520, *pro hac vice*, kdunn@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 237-2727 / Facsimile: (202) 237-6131

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

*(Counsel for the CMs and Additional Counsel listed below Signature Line)*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>QUALCOMM LITIGATION. | Case No. 3:17-CV-00108-GPC-MDD<br><br>[Consolidated with 3:17-CV-01010-GPC-MDD]<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF APPLE INC. AND THE CONTRACT MANUFACTURERS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE TESTIMONY AND ARGUMENT REGARDING APPLE NON-SEP LITIGATION<br><br>█████████ **FILED UNDER SEAL**<br><br>Date:  March 14, 2019<br>Time:  1:30 p.m.<br>Courtroom: 2D<br>Judge:  Hon. Gonzalo P. Curiel |

Apple and the CMs expect that Qualcomm will attempt to use unrelated Apple litigation involving different patents—patents not subject to any FRAND commitment—to show that its own licensing fees here were reasonable. Qualcomm's use of such litigation to value its own patents is impermissible under Federal Circuit law, irrelevant to the issues at hand, confusing to the jury, and prejudicial to Apple and the CMs. Qualcomm should be precluded under Federal Rules of Evidence 401, 402, and 403 from presenting evidence or arguments about unrelated Apple litigation.

I. Introduction

Several of Qualcomm's experts have referenced unrelated Apple litigations involving non-SEPs as part of their analysis. Ex. 1 (Prince Rpt.) at 2-5 (¶¶ 71-75); Ex. 2 (Stasik Rpt.) at 8 (¶ 128). For example, Qualcomm's damages expert Dr. Stasik sought to compare the results of one *Apple v. Samsung* case with the value of Qualcomm's SEP portfolio:

Ex. 2 (Stasik Rpt.) at 8 (¶ 128) (footnotes omitted). Similarly, Qualcomm's survey expert Dr. Prince argued that during Apple's litigation against Samsung, "common or expected user interface features were estimated by Apple to have sizable price premiums even though the features were neither heavily publicized nor described as primary drivers of iPhone's appeal in third-party reviews." Ex. 1 (Prince Rpt.) at 5 (¶ 75); *see also id.* at 2-5 (¶¶ 71-74).[1]

---

[1] More than a dozen of Qualcomm's trial exhibits are pulled from unrelated Apple litigation, including Daubert orders and reports from Apple experts concerning damages from *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630 (N.D. Cal.) and *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846 (N.D. Cal.). These exhibits include DTX01138, DTX01144, DTX04264, DTX04273, DTX04904, DTX04914, DTX04916, DTX04919, DTX06133, DTX06562, DTX06526, DTX06563, and DTX08427.

The issues in the *Samsung* patent cases are completely unconnected to this litigation. In those cases, Apple was asserting against its direct competitor its own patents—which did not involve cellular technology, were not SEPs, and thus did not carry an obligation to license on FRAND terms. Qualcomm has made no showing that the circumstances of Apple's litigation against Samsung or the claimed technology bears any relevance to the circumstances here.

II. **Argument**

    A. **Qualcomm's Use of Apple Non-SEP Litigation Is Not Relevant to This Litigation**

Qualcomm's experts rightly do not suggest that the value of Apple's patents at issue in the *Samsung* case bear any relation to Qualcomm's market share or its abuse of that power, or whether Qualcomm's conduct was unlawful under the antitrust laws. Instead, Qualcomm's experts suggest it is relevant because these litigations illustrate the value of certain Apple patents, which helps to establish the value of Qualcomm's patents. But the patents are different: they have different inventors and relate to different technologies, among other differences. There is no connection between Apple's positions in non-SEP patent litigations and the value of Qualcomm's patents that would justify using those positions as evidence of the value of Qualcomm's patents. Apple's positions regarding patent damages in separate disputes on unrelated patents have no relevance to the value of Qualcomm's patents.

The value of a patent depends on many factors—for example, the claimed technology and how it is differentiated from the prior art, whether, how, and how often a patent is used, and whether and how the patent drives demand for a particular product. *See Limelight Networks, Inc. v. XO Commc'ns, LLC*, No. 3:15-CV-720-JAG, 2018 WL 678245, at *7 (E.D. Va. Feb. 2, 2018) ("[D]ifferent patents have different values."). Patents that no one uses, or patents that are invalid or

otherwise unenforceable, carry essentially no value.  Other patents, such as patents that claim life-saving drugs, can carry significant value.

In order to use other patents as a measure of value, the party seeking to make such a measure must establish that the patents are first sufficiently similar, such that the comparison has meaning.  Qualcomm has not even attempted to do this.  In particular, Qualcomm has not shown how the *Apple v. Samsung* litigation—years of hard-fought court battles against one of Apple's major competitors—is comparable to Apple's negotiations with Qualcomm.  Qualcomm has not shown how the value of non-cellular, non-essential, and non-FRAND-encumbered patents is relevant to the value of Qualcomm's SEP portfolio.  With respect to Qualcomm's NEPs, Qualcomm has not even alleged that Apple or its products infringe, nor has Qualcomm articulated any connection between the patents and technology at issue in any other Apple litigation and those at issue here, beyond Dr. Prince's conclusory opinion that the *Samsung* litigation involved "common or expected user interface features" that "were neither heavily publicized nor described as primary drivers of iPhone's appeal in third-party reviews."  Ex. 1 (Prince Rpt.) at 5 (¶ 75).  Qualcomm similarly has not addressed whether and how those "common or expected user interface features" related to the patents at issue in the *Apple v. Samsung* litigation, nor the measures used in that litigation to assess the value of such patented features.

Indeed, it is a basic tenet of patent law: a patentee cannot base its valuation of a patent on "license agreements that were radically different from the hypothetical agreement under consideration."  *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011) (quoting *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1327–1328 (Fed. Cir. 2009) (internal quotations omitted)).  License agreements, litigation settlements, or damages verdicts are not relevant to determining the value of a particular patent when they involve different technology and different circumstances.  *See, e.g., Utah Med. Prods., Inc. v. Graphic Controls Corp.*, 350 F.3d 1376, 1385–86 (Fed. Cir. 2003) (affirming district court's exclusion

of licenses as irrelevant because the accused infringer had failed to show that the licenses were comparable); *GPNE Corp. v. Apple, Inc.*, No. 12-cv-2885, Dkt. 319 at 1-2 (N.D. Cal. June 24, 2014) (finding "no relevance" of "litigation between Apple and Samsung" where patents-in-suit differed); *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, No. 05-2433-JWL, 2007 WL 2572417, at *6 (D. Kan. Sept. 4, 2007) (granting patentee's motion *in limine* to exclude evidence of a license agreement patentee had with a third party involving component patents that were not at issue, because "any fee which could have been paid for licensing those patents is irrelevant to the asserted patents").

The Federal Circuit's rule excluding evidence of unrelated patents and licenses is meant to prevent exactly the situation Qualcomm seeks here—using the value of one patent to argue to the jury about the value of a completely different patent, without first establishing those patents are comparable. Absent such a showing, unrelated indicators of value are not "reliable means of calculating a reasonable royalty." *Utah Med. Prod.*, 350 F.3d at 1386.

### B. Qualcomm's Use of Apple's Non-SEP Cases Will Confuse the Jury and Prejudice Apple

The introduction of unrelated litigation and licensing agreements carries other risks. As other courts have explained, the probative value of unrelated licensing agreements, if any, is "marginal and is substantially outweighed by the danger of confusing or misleading the jury and potentially wasting time on a 'mini trial.'" *Sprint*, 2007 WL 2572417 at *6; *see also Utah Med. Prod.*, 350 F.3d at 1386 (affirming district court's exclusion of unrelated license agreements because that evidence "would mislead and confuse the jury"); *I/P Engine, Inc. v. AOL Inc.*, No. 2:11-CV-00512, 2012 WL 12068846, at *2 (E.D. Va. Oct. 12, 2012) ("[T]he introduction of these agreements, even if for the purpose of showing Google's preferred form of royalty, is likely to confuse the jury and allow them to give

impermissible weight to the amounts of the lump sum payments associated with those agreements.").

Qualcomm's use of the *Apple v. Samsung* cases, or indeed any Apple litigation involving Apple's non-SEP patents, is confusing and prejudicial, and thus inadmissible under Federal Rule of Evidence 403. Despite its failure to show any relation between its own patents and the patents involved in the unrelated *Samsung* cases, Qualcomm will use this litigation to argue that its own licensing fees and FRAND offers were reasonable, while Apple's were not. *See* Ex. 2 (Stasik Rpt.) at 8 (¶ 128); Ex. 1 (Prince Rpt.) at 5 (¶ 75). The jury will be forced to evaluate not just the value of Qualcomm's patents, but the value of other unrelated patents, and Apple and the CMs will be forced to differentiate the unrelated patents and unrelated circumstances of the *Samsung* cases. Permitting Qualcomm to introduce evidence of unrelated Apple litigation here will mislead or confuse the jury and waste Apple's time on a prejudicial "mini-trial." *See, e.g.*, *Sprint*, 2007 WL 2572417 at *6.

Importantly, courts have routinely rejected similar attempts to use evidence from unrelated litigation against Apple. *See, e.g.*, *Unwired Planet, LLC v. Apple Inc.*, No. 13-cv-4134, Dkt. 605 at 1 (N.D. Cal. Apr. 6, 2017); *GPNE Corp. v. Apple, Inc.*, No. 12-cv-2885, Dkt. 319 at 1 (N.D. Cal. June 24, 2014) ("[E]ven if other litigation related to Apple were admissible, the probative value would be substantially outweighed by confusion of the issues and wasting time."); *Multimedia Patent T. v. Apple Inc.*, No. 10-cv-2618, 2012 WL 12868264, at *8 (S.D. Cal. Nov. 20, 2012) ("[A]ny probative value the Apple-Samsung litigation might have would be substantially outweighed by the danger of unfair prejudice to Apple."). The risk posed by the use of evidence from the *Samsung* litigation, or any other unrelated litigations, far outweighs the probative value of admitting such unrelated and irrelevant litigation, and such evidence should also be rejected here.

### III. Conclusion

Apple and the CMs respectfully request that this Court preclude Qualcomm and its witnesses from testifying, presenting evidence, or raising arguments about any Apple non-SEP litigation involving unrelated patents, including the *Apple v. Samsung* cases.

| | | |
|---|---|---|
| 1 | Dated: February 15, 2019 | Respectfully submitted, |
| 2 | | By: */s/ Seth M. Sproul* |

Juanita R. Brooks, SBN 75934, brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: 619-678-5070 / Fax: 619-678-5099

Ruffin B. Cordell, DC Bar No. 445801
*pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421
*pro hac vice*, degnan@fr.com
Fish & Richardson P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
Telephone: (202) 783-5070 / Fax: (202) 783-2331

William A. Isaacson, DC Bar No. 414788
*pro hac vice*, wisaacson@bsfllp.com
Karen L. Dunn, DC Bar No. 1002520
*pro hac vice*, kdunn@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: 202-237-2727
Facsimile: 202-237-6131

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

By: */s/ Jennifer J. Rho*

Theodore R. Boutrous, Jr., SBN 132099,
tboutrous@gibsondunn.com
Richard J. Doren, SBN 124666
rdoren@gibsondunn.com
Daniel G. Swanson, SBN 116556,
dswanson@gibsondunn.com
Michele L. Maryott, SBN 191993
mmaryott@gibsondunn.com
Jason C. Lo, SBN 219030,
jlo@gibsondunn.com
Jennifer J. Rho, SBN 254312,
jrho@gibsondunn.com
Melissa Phan, SBN 266880,
mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000; Fax: (213) 229-7520

Cynthia Richman, DC Bar No. 492089,
*pro hac vice*

crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500; Fax: (202) 467-0539

*Attorneys for Defendants, Counterclaimants, and Third-Party Plaintiffs, COMPAL ELECTRONICS, INC., FIH MOBILE LTD., HON HAI PRECISION INDUSTRY CO., LTD., PEGATRON CORPORATION, WISTRON CORPORATION*

Hugh F. Bangasser, *pro hac vice*
hugh.bangasser@klgates.com
Christopher M. Wyant, *pro hac vice*
chris.wyant@klgates.com
J. Timothy Hobbs, *pro hac vice*
tim.hobbs@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Tel: (206) 623-7580; Fax: (206) 370-6371

Caitlin C. Blanche, SBN 254109,
caitlin.blanche@klgates.com
K&L GATES LLP
1 Park Plaza Twelfth Floor
Irvine, CA 92614
Tel: (949) 253-0900; Fax: (949) 253-0902

*Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff Wistron Corporation*

# FILER'S ATTESTATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court of the Southern District of California, I certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

Dated: February 15, 2019        /s/ Seth M. Sproul
                                Seth M. Sproul

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 15, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on February 15, 2019, at San Diego, CA.

*/s/ Seth M. Sproul*
Seth M. Sproul