THEODORE J. BOUTROUS, JR. (SBN 132099)
tboutrous@gibsondunn.com
RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
MICHELE L. MARYOTT (SBN 191993)
mmaryott@gibsondunn.com
JASON C. LO (SBN 219030)
jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
jrho@gibsondunn.com
MELISSA PHAN (SBN 266880)
mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel:  (213) 229-7000
Fax:  (213) 229-7520

*Attorneys for Defendants, Counterclaimants, and Third-Party Plaintiffs Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation*

*(Additional counsel listed below signature line)*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: <br><br> QUALCOMM LITIGATION, | CASE NO. 17-CV-00108-GPC-MDD <br><br> **THE CMS' MOTION *IN LIMINE* NO. 14 TO EXCLUDE REFERENCES TO, AND EVIDENCE OF THE ABILITY OF THE CMS TO SEEK TREBLE DAMAGES AND ATTORNEYS' FEES AND COSTS** <br><br> **Judge:** Judge Gonzalo P. Curiel <br> **Date:** March 14, 2019 <br> **Time:** 1:30 p.m. <br> **Courtroom:** 2D |

Compal Electronics, Inc.; FIH Mobile Ltd.; Hon Hai Precision Industry Co., Ltd.; Pegatron Corporation; and Wistron Corporation (collectively, the "CMs") request that the Court order Qualcomm not to refer to or introduce any evidence at trial regarding the CMs' ability to recover treble damages or attorneys' fees and costs. Any such evidence is irrelevant, would improperly interfere with the jury's fact-finding role, and would unfairly prejudice the CMs.

The CMs' entitlement to treble damages is inadmissible in a jury trial. *See*, *e.g.*, *In re Exxon Valdez*, 229 F.3d 790, 799 (9th Cir. 2000) ("Juries are also not to be told of statutory caps on damages, or, in antitrust and RICO cases, that damages will eventually be trebled." (collecting cases)); *Brooks v. Cook*, 938 F.2d 1048, 1052 (9th Cir. 1991) ("An instruction informing the jury of the trebling provision is an invitation to the jury to negate Congress' determination that actual damages should be trebled in order to deter antitrust violations and encourage private enforcement of the antitrust laws." (internal quotation marks omitted)); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-1819 CW, Dkt. No. 1206, at *6 (N.D. Cal., Dec. 16, 2010), Order on Motions In Limine and for Pre-Trial Preparation (collecting cases); *In re Tableware Antitrust Litig.*, No. C-04-3514 VRW, 2007 WL 781960, at *3 (N.D. Cal., Mar. 13, 2007) ("In antitrust actions, 'courts have uniformly concluded that mentioning treble damages and attorney[ ] fees to the jury is improper.'" (quoting *HBE Leasing Corp. v. Frank*, 22 F.3d 41, 46 (2d Cir. 1994)).

The reason for this is twofold. First, such evidence is irrelevant and therefore inadmissible under Federal Rule of Evidence 402. The function of the jury is to determine if the defendant is liable and then to assess damages accordingly—without being influenced by what the defendants will ultimately pay and what the plaintiffs will ultimately receive. *See In re Exxon Valdez*, 229 F.3d at 798 ("[A] jury should assess damages but not determine how much defendants should 'actually' pay or how much plaintiffs should 'actually' receive."); *Brooks*, 938 F.2d at 1052 ("'[I]t is not for the jury to determine the amount of a *judgment*. Its function is to compute the amount

of damages.'" (quoting *Pollock & Riley, Inc. v. Pearl Brewing Company*, 498 F.2d 1240, 1243 (5th Cir. 1974) (emphasis in original)).

Second, reference to the availability of treble damages could confuse the jury or result in unfair prejudice, and it is therefore inadmissible under Federal Rule of Evidence 403. "[T]he fear is that a jury, informed of plaintiff's right to additional funds, will view the money as a windfall and take steps to offset it." *Brooks*, 938 F.2d at 1052; *see also In re Exxon Valdez*, 229 F.3d at 798 (holding that jury should not be informed of agreements entitling defendant to get back portion of punitive damages assessed, as "the jury would likely compensate by imposing more damages"). "Reference to treble damages and attorneys fees is irrelevant to the jury questions of liability and damages and may tend to confuse or prejudice a jury into reducing its eventual award, thus frustrating Congress's goal of deterring improper conduct by assessing treble damages and attorneys fees." *HBE Leasing Corp.*, 22 F.3d at 45.

Likewise, the jury should not be informed of the CMs' potential right to receive attorneys' fees. *See Brooks*, 938 F.2d at 1051 ("In a case where the plaintiff is entitled to compensatory damages, informing the jury of the plaintiff's potential right to receive attorneys' fees might lead the jury to offset the fees by reducing the damage award."); *HBE Leasing Corp.*, 22 F.3d at 46 (collecting cases, and stating that in antitrust cases especially, "courts have uniformly concluded that mentioning treble damages and attorneys fees to the jury is improper"); *In re Tableware Antitrust Litig.*, No. C-04-3514 VRW, 2007 WL 781960, at *3-4 ("clear precedent" establishes that mentioning attorneys' fees to the jury is improper); *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, Dkt. No. 8298, at *4 (N.D. Cal. July 11, 2013) (granting motion in limine to exclude reference to treble damages, attorneys' fees and costs); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2010 WL 10086747, at *2 (N.D. Cal. Dec. 16, 2010).

Accordingly, the Court should exclude references to, and evidence of the ability of the CMs to seek treble damages and attorneys' fees and costs.

Dated: February 15, 2019         Respectfully submitted,

By:   /s/ *Jennifer Rho*
Theodore R. Boutrous, Jr., SBN 132099,
tboutrous@gibsondunn.com
Richard J. Doren, SBN 124666
rdoren@gibsondunn.com
Daniel G. Swanson, SBN 116556,
dswanson@gibsondunn.com
Michele L. Maryott, SBN 191993
mmaryott@gibsondunn.com
Jason C. Lo, SBN 219030,
jlo@gibsondunn.com
Jennifer J. Rho, SBN 254312,
jrho@gibsondunn.com
Melissa Phan, SBN 266880,
mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000; Fax: (213) 229-7520

Cynthia E. Richman, DC Bar No. 492089,
pro hac vice
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500; Fax: (202) 467-0539

*Attorneys for Defendants, Counterclaimants, and Third-Party Plaintiffs Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation*

Hugh F. Bangasser, pro hac vice
hugh.bangasser@klgates.com

| | |
|---|---|
| 1 | Christopher M. Wyant, pro hac vice |
| 2 | chris.wyant@klgates.com |
|   | J. Timothy Hobbs, pro hac vice |
| 3 | tim.hobbs@klgates.com |
| 4 | K&L GATES LLP |
|   | 925 Fourth Avenue, Suite 2900 |
| 5 | Seattle, Washington 98104 |
| 6 | Tel: (206) 623-7580; Fax: (206) 370-6371 |
| 7 | Caitlin C. Blanche, SBN 254109, |
| 8 | caitlin.blanche@klgates.com |
|   | K&L GATES LLP |
| 9 | 1 Park Plaza Twelfth Floor |
| 10 | Irvine, CA  92614 |
|   | Tel: (949) 253-0900; Fax: (949) 253-0902 |
| 11 | |
| 12 | *Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff Wistron Corporation* |

Gibson, Dunn & Crutcher LLP

5

CASE NO. 17-cv-00108-GPC-MDD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 15, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on February 15, 2019.

/s/ Jennifer Rho
Jennifer Rho