Juanita R. Brooks (SBN 75934) brooks@fr.com
Seth M. Sproul (SBN 217711) sproul@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (619) 678-5070 / Facsimile: (619) 678-5099

Ruffin B. Cordell (D.C. Bar #445801; Admitted *Pro hac vice*) cordell@fr.com
Lauren A. Degnan (D.C. Bar #452421; Admitted *Pro hac vice*) degnan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
Telephone: (202) 783-5070 / Facsimile: (202) 783-2331

William A. Isaacson (D.C. Bar #414788; Admitted *Pro hac vice*) wisaacson@bsfllp.com
Karen L. Dunn (D.C. Bar #1002520; Admitted *Pro hac vice*) kdunn@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 237-2727 / Facsimile: (202) 237-6131

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

(Counsel for the CMs and Additional Counsel listed below Signature Line)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>QUALCOMM LITIGATION, | Case No. 3:17-CV-00108-GPC-MDD<br>[Consolidated with Case No. 3:17-CV-01010-GPC-MDD]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE INC. AND THE CMS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OF APPLE'S INDEMNIFICATION OF THE CMS**<br><br>**Judge:** Judge Gonzalo P. Curiel<br>**Date:** March 14, 2019<br>**Time:** 1:30 p.m.<br>**Courtroom:** 2D |

Pursuant to Federal Rules of Evidence 401, 402, 403, and 411, Apple Inc. ("Apple") and the Contract Manufacturers ("CMs") move *in limine* to exclude evidence and argument concerning any agreement between Apple and the CMs whereby Apple agreed to indemnify the CMs if judgment is entered against them in this matter, consistent with the terms of the applicable agreements between Apple and the CMs.

## I.   INTRODUCTION

On July 17, 2017, the CMs filed third party complaints against Apple seeking indemnification for Qualcomm Incorporated's ("Qualcomm's") claims against the CMs. No. 17-cv-1010-GPC-MDD, Dkts. 66, 67, 68, 69.[1] On July 18, 2017, Apple answered the CMs' complaints, admitting that "to the extent judgment is entered against [the CMs] in the underlying action, [the CMs are] entitled to indemnification from Apple in accordance with the terms of the Addendum" regarding mobile licensing fees between Apple and the CMs.[2] Dkts. 74, 75, 76, 77. On January 22, 2019, Apple and the CMs jointly moved for approval of a stipulation to stay the CMs' "indemnity claims against Apple" which "only potentially accrue after the Qualcomm" claims have been resolved. Dkt. 779. The Court granted the motion to stay the indemnity claims at the January 25, 2019 hearing.

"Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411. There is no other purpose for which Apple's indemnification of the CMs is relevant here apart from insinuating that Apple or the CMs somehow acted wrongfully. Pursuant to Federal Rules of Evidence 401, 402, 403, and 411, Apple and the CMs therefore move *in limine* to preclude Qualcomm from presenting any

---

[1] All "Dkt." references are to the ECF entries in 17-cv-1010, unless otherwise noted.
[2] The Addenda are effective as of October 1, 2016 (Pegatron), *see* Dkt. 67, and January 1, 2017 (FIH and Hon Hai, Compal, and Wistron), *see* Dkts. 66, 68, 69.

-1-                                                   CASE NO. 17-cv-00108-GPC-MDD

evidence or argument relating to Apple's indemnification of the CMs.

## II.  ARGUMENT

Federal Rule of Evidence 411 provides that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully."  In the Ninth Circuit, Rule 411 has been applied equally to indemnification agreements, and courts routinely exclude evidence of indemnification pursuant to the Federal Rules of Evidence.  *See, e.g.*, *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1014 (9th Cir. 2008) ("district court did not err in its application of Rule 411" by "ruling that Plaintiffs could not tell the jury that the federal government would indemnify Defendants for any liability imposed"); *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994) ("It has long been the rule in our courts that evidence of insurance or other indemnification is not admissible on the issue of damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction."); *Flowers v. Johnson*, 2018 WL 3636994, at *3 (E.D. Cal. July 30, 2018) ("While Rule 411 generally applies to insurance, the Ninth Circuit has also found the rule applicable in the instance of government indemnification of a defendant."); *see also BellSouth Telecomms., Inc.*, 2013 WL 1752384, at *1 (S.D. Miss. Apr. 23, 2013) (granting motion to preclude plaintiff "from offering evidence of, or making any reference to any indemnification agreement between" defendant and any third party that would apply to defendant's potential liability).

The fact that there are indemnification agreements between Apple and the CMs has no tendency to make any fact of any consequence in determining this action more or less probable under Federal Rule of Evidence 401.  The Court has granted Apple and the CMs' stipulation to stay any claims between them with respect to indemnification until resolution of the claims pending between them and Qualcomm.

None of the exceptions for admitting indemnification agreements contemplated under Rule 411—proof of bias, prejudice, agency, ownership, or

control[3]—apply; therefore, evidence and argument concerning indemnification should be excluded. The existence of the indemnification agreements does not show any bias here. In fact, "the [CMs'] indemnification by [Apple] actually frees them to be forthright and truthful because they need not be concerned about having to pay out-of-pocket for any damages determination." *Estate of Jaquez v. Flores*, 2016 WL 1060841, at *3 (S.D.N.Y. Mar. 17, 2016) (granting motion *in limine* to exclude evidence of city's potential obligation to indemnify defendant officer).

While the indemnification agreements reflect the business relationship between Apple and the CMs, that does not render them admissible, particularly because there are less prejudicial forms of evidence to establish that business relationship. Through admissible evidence, the jury will learn about the contractual relationships between Qualcomm, the CMs, and Apple. Specifically, the jury will hear about the roundtrip payment arrangement under which Apple paid the CMs the royalties due to Qualcomm for Apple products under the CM licenses, and then Qualcomm paid Apple royalty rebates in exchange for exclusivity. No. 17-cv-0108-GPC-MDD, Dkt. 83 (Apple's First Am. Compl.) ¶ 76 (depicting the circular royalty arrangement under which Apple pays the CMs back for payments to Qualcomm for licensing related to Apple products). Because there is already admissible evidence relating to the relationship between Apple and the CMs that will be presented at trial, the risk of prejudice associated with introducing evidence relating to indemnification substantially outweighs any potential marginal benefit. *E.g.*, *Ioane v. Spjute*, 2016 WL 4524752, at *9 (E.D. Cal. Aug. 29, 2016) (granting motion *in limine* to bar mention of indemnification where "Plaintiffs seek to show that other Federal Agents are biased in favor of Defendants. The fact that they are co-workers who work together on a team already provides a means to show bias. The risk of prejudice

---

[3] The purposes of "ownership" or "control" "may be considered together because of their similarity. The common law cases have long recognized that evidence of insurance may be relevant to prove 'ownership or control of the vehicle or instrumentality involved.'" 23 Charles Alan Wright et al., *Federal Practice and Procedure* § 5366 (2d ed. 2018) (footnote omitted).

substantially outweighs its relevance"); *In re Lloyd's Am. Tr. Fund Litig.*, 1998 WL 50211, at *20 (S.D.N.Y. Feb. 6, 1998) ("Citibank contends that the relationship that exists between Lloyd's and Citibank, as defined by the LATD, is, in itself, sufficient to demonstrate potential bias," but "the relationship between Lloyd's and Citibank will certainly be raised by plaintiffs in their effort to show bias, and the details of any indemnification agreements that may exist add nothing to that argument.").

The introduction of indemnification evidence could also lead the jury to improperly award damages against the CMs based on Apple's presumed ability and agreement to pay. "Given the incremental benefit of evidence of indemnification for the purpose of bias in this case, and the significant likelihood that the jury's liability and damages determination would be influenced even if the Court were to issue a limiting instruction," the probative value of indemnification evidence "is substantially outweighed by the risk of unfair prejudice to [Apple and the CMs] under Rule 403." *Flores*, 2016 WL 1060841, at *3; *see also BladeRoom Grp. Ltd. v. Facebook, Inc.*, 2018 WL 1569703, at *7 (N.D. Cal. Mar. 30, 2018) (granting motion to preclude evidence or argument related to indemnification obligations of the opposing party because the evidence's "minimal probative value" was "outweighed by the strong potential for a prejudicial effect"). Qualcomm should therefore be precluded from presenting any evidence or argument relating to indemnification. *See Goldenson v. Steffens*, 2014 WL 3105033, at *10 (D. Me. July 7, 2014) (concluding evidence of an indemnification agreement is not relevant to any trial issue and provisionally granting motion *in limine* as to indemnification); *Lectec Corp. v. Chattem, Inc.*, 2011 WL 13086026, at *3 (E.D. Tex. Jan. 4, 2011) (granting motion *in limine* "[p]ursuant to Rules 401, 402, and 403" by "Defendants [] that any indemnity relationships are irrelevant to patent infringement").

//

//

//

## III. CONCLUSION

For the foregoing reasons, pursuant to Federal Rules of Evidence 401, 402 403, and 411, the *in limine* motion by Apple and the CMs to exclude any evidence or argument relating to indemnification agreements between Apple and the CMs should be granted.

Dated: February 15, 2019        Respectfully submitted,

By:  */s/ William A. Isaacson*
Juanita R. Brooks, SBN 75934, brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: (619) 678-5070; Fax: (619) 678-5099

Ruffin B. Cordell (D.C. Bar No. 445801;
*pro hac vice*) cordell@fr.com
Lauren A. Degnan (D.C. Bar No. 452421;
*pro hac vice*) degnan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
Phone: (202) 783-5070; Fax: (202)783-2331

William A. Isaacson (D.C. Bar No. 414788;
*pro hac vice*) wisaacson@bsfllp.com
Karen L. Dunn (D.C. Bar No. 1002520;
*pro hac vice*) kdunn@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 237-2727; Fax: (202) 237-6131

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

|   |   |   |
|---|---|---|
| | By: | /s/ Jason C. Lo |

Theodore R. Boutrous, Jr., SBN 132099,
tboutrous@gibsondunn.com
Richard J. Doren, SBN 124666
rdoren@gibsondunn.com
Daniel G. Swanson, SBN 116556,
dswanson@gibsondunn.com
Michele L. Maryott, SBN 191993
mmaryott@gibsondunn.com
Jason C. Lo, SBN 219030,
jlo@gibsondunn.com
Jennifer J. Rho, SBN 254312,
jrho@gibsondunn.com
Melissa Phan, SBN 266880,
mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000; Fax: (213) 229-7520

Cynthia E. Richman, DC Bar No. 492089,
*pro hac vice*
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500; Fax: (202) 467-0539

*Attorneys for Defendants, Counterclaimants, and Third-Party Plaintiffs Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation*

Hugh F. Bangasser, *pro hac vice*
hugh.bangasser@klgates.com
Christopher M. Wyant, *pro hac vice*
chris.wyant@klgates.com
J. Timothy Hobbs, *pro hac vice*
tim.hobbs@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900

Seattle, Washington 98104
Tel: (206) 623-7580; Fax: (206) 370-6371

Caitlin C. Blanche, SBN 254109,
caitlin.blanche@klgates.com
K&L GATES LLP
1 Park Plaza Twelfth Floor
Irvine, CA 92614
Tel: (949) 253-0900; Fax: (949) 253-0902

*Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff Wistron Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 15, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on February 15, 2019.

*/s/ William A. Isaacson*
William A. Isaacson