Juanita R. Brooks (SBN 75934) brooks@fr.com
Seth M. Sproul (SBN 217711) sproul@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (619) 678-5070 / Facsimile: (619) 678-5099

Ruffin B. Cordell (D.C. Bar #445801; Admitted *Pro hac vice*) cordell@fr.com
Lauren A. Degnan (D.C. Bar #452421; Admitted *Pro hac vice*) degnan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
Telephone: (202) 783-5070 / Facsimile: (202) 783-2331

William A. Isaacson (D.C. Bar #414788; Admitted *Pro hac vice*) wisaacson@bsfllp.com
Karen L. Dunn (D.C. Bar #1002520; Admitted *Pro hac vice*) kdunn@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 237-2727 / Facsimile: (202) 237-6131

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

*(Counsel for the CMs and Additional Counsel listed below Signature Line)*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>QUALCOMM LITIGATION, | Case No. 3:17-CV-00108-GPC-MDD<br>[Consolidated with Case No. 3:17-CV-01010-GPC-MDD]<br><br>**APPLE INC. AND THE CMS' MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION *IN LIMINE* NO. 9 TO EXCLUDE EVIDENCE OR ARGUMENT THAT COMPETITORS WHO WILL BENEFIT FROM REMEDY ARE IN ASIA OR THAT QUALCOMM IS AN ASSET TO NATIONAL SECURITY**<br><br>**[REDACTED VERSION]**<br><br>**Judge:** Judge Gonzalo P. Curiel<br>**Date:** March 14, 2019<br>**Time:** 1:30 p.m.<br>**Courtroom:** 2D |

Pursuant to Federal Rules of Evidence 401, 402, and 403, Apple Inc. ("Apple") and the Contract Manufacturers ("CMs") move *in limine* to exclude evidence or argument that (1) Qualcomm's chipset competitors who would benefit from the requested relief in this action are in Asia, or (2) the U.S. government has determined that Qualcomm is an asset to American national security. Such evidence is irrelevant and could unfairly play to potential prejudices held by members of the jury. In addition, Qualcomm successfully blocked Apple from taking discovery regarding Qualcomm's efforts to lobby the Committee on Foreign Investment in the United States ("CFIUS") on relevancy grounds; Qualcomm therefore should not be allowed to introduce one-sided evidence or argument concerning the outcome of such lobbying.

## I. STATEMENT OF FACTS

Qualcomm may seek to admit evidence that the remedies Apple and the CMs seek in this case will benefit Qualcomm chipmaker competitors based in Asia. Qualcomm previewed this argument at the deposition of Professor Fiona Scott Morton, an expert for Apple and the CMs. Qualcomm elicited testimony that, in Professor Scott Morton's opinion, if Qualcomm were required to stop its anticompetitive practices, chipmaker competitors, including MediaTek, Samsung, and Huawei, would benefit. Ex. B, Scott Morton Dep. 114:9–17; *see* Ex. A, Scott Morton Op. Rpt. at 41.[1] Qualcomm then attempted to elicit testimony that Qualcomm's chipmaker competitors are "from" Asia:

> Q   And MediaTek's a company from Taiwan, right?
> A   I forget where they're headquartered, but yes. Somewhere like Taiwan, yes.
> Q   Huawei's from China?
> A   That's correct.
> Q   Samsung's from Korea?
> A   That's correct. Well, their headquarters are in those places.

Ex. B (Scott Morton Dep.) 117:14–22. Any evidence regarding the headquarters

---

[1] All "Ex." references refer to Exhibits to the Appendix in support of this motion. Page numbers refer to the consecutive pagination of those exhibits where applicable.

1  locations of companies that would benefit if Qualcomm were forced to cease its
2  anticompetitive practices is irrelevant, and could prey on potential xenophobic
3  prejudices of jury members.
4      Qualcomm may also attempt to offer evidence that the U.S. government has
5  determined that Qualcomm is an asset to national security, based on statements by
6  the Committee on Foreign Investment in the United States ("CFIUS") and in
7  President Trump's March 12, 2018 Presidential Order Regarding the Proposed
8  Takeover of Qualcomm Incorporated by Broadcom Limited ("Presidential Order").
9  Qualcomm blocked Apple's discovery requests regarding CFIUS's investigation of
10 Broadcom's bid to acquire Qualcomm, and it would be unfairly prejudicial to allow
11 Qualcomm to present a one-sided account on this issue.  Further, none of the issues
12 raised in CFIUS's statements or the Presidential Order have any bearing on the
13 issues relevant to this case, and could unnecessarily confuse and distract the jury.
14     Qualcomm's public defense of this case rests on these same arguments,
15 indicating a risk that it will make the same arguments to the jury.

[Lines 16-20 redacted]

21 Ex. G at 72 ( [redacted]
22 [redacted] ); *see also* Ex. H at 113
23 ( [redacted]

[Lines 24-27 redacted]

1
2 ▌▌).

## II. ARGUMENT

### A. The Fact that Qualcomm's Competitors in Asia May Benefit from the Relief Sought in this Case Is Irrelevant, and the Likely Prejudicial Effect Would Substantially Outweigh any Probative Value.

The nationality or location of the companies that may benefit if Qualcomm's anticompetitive conduct is brought to an end is irrelevant to any claims or defenses in this action. Fed. R. Evid. 401, 402. Even if this evidence—and any related argument—were relevant, the minimal relevance would be substantially outweighed by the unfair prejudice caused by drawing the jury's attention to the fact that Qualcomm's competitors are "foreign" companies or that they are based in Asia. Fed. R. Evid. 403. "Remarks tending to create an atmosphere of hostility toward foreign corporations are condemned as an appeal to sectional or local prejudice." *London Guar. & Accident Co. v. Woelfle*, 83 F.2d 325, 340 (8th Cir. 1936) (citing *New York Central R.R. Co. v. Johnson*, 279 U.S. 310 (1929)). Given this danger, courts have repeatedly excluded evidence or argument pertaining to the foreign nationality of individuals and companies. *Gearhart v. Uniden Corp. of Am.*, 781 F.2d 147, 153 (8th Cir. 1986) ("Moreover, we believe such repeated references to Far Eastern parent corporations and 'foreign goods' or 'foreign products,' could prejudicially appeal to xenophobia and the current United States-Japanese trade imbalance. Such remarks should not be permitted on retrial." (citation omitted)), *disapproved of on other grounds by Lippard v. Houdaille Indus., Inc.*, 715 S.W.2d 491 (Mo. 1986) ; *Nair v. Columbus State Cmty. Coll.*, 2008 WL 3822341, at *6 (S.D. Ohio Aug. 12, 2008) ("Any argument to the jury or evidence based on xenophobic or nationalistic fears of individuals of different national origin would, of course, be unduly prejudicial and excludable."); *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1009 (9th Cir.), *opinion amended on denial of reh'g*, 272 F.3d 1289

(9th Cir. 2001) (describing "the risk of racial or ethnic stereotyping is substantial, appealing to bias, guilt by association and even xenophobia" as reason why testimony was "fatally flawed").

Emphasizing—or even mentioning—the nationality of companies that may be affected by the outcome of this litigation "could prejudicially appeal to xenophobia." *Gearhart*, 781 F.2d at 153. This is particularly true given ongoing trade disputes with China, which may be conflated in jurors' minds with companies based in Taiwan or other companies based in Asia. *See id.* ("[W]e believe such repeated references to Far Eastern parent corporations and 'foreign goods' or 'foreign products,' could prejudicially appeal to xenophobia and the current United States-Japanese trade imbalance").

### B. Any Argument that Qualcomm Is an Asset to U.S. National Security Is Irrelevant, and the Prejudicial Effect Would Outweigh any Probative Value.

In 2018, Qualcomm aggressively fought off an acquisition bid from Broadcom, including by seeking CFIUS review of the prospective deal, leading CFIUS to issue an interim order prohibiting Qualcomm from taking actions towards accepting Broadcom's proposed deal. CFIUS later explained in a March 5, 2018 letter that, based on information submitted by Qualcomm, it believed the transaction "could pose a risk to the national security of the United States." Ex. E at 61. CFIUS reasoned that weakening Qualcomm's "position in maintaining its long-term technological competitiveness" could be detrimental to national security, expressing concern that "a weakening of Qualcomm's position would leave an opening for China"—and Huawei in particular—"to expand its influence on the 5G standard-setting process." *Id*. at 62. Based in part on "review of a recommendation from" CFIUS, President Trump issued a Presidential Order blocking the Broadcom acquisition. Ex. F at 66. Qualcomm's current exhibit lists include both the March 5, 2018 CFIUS letter (DTX06817, DTX08806) and President Trump's Presidential

1  Order (DTX06819). Two of Qualcomm's experts also ███████████████
2  ██████. Ex. I (Nevo Op. Rpt.) ¶ 36 n.14; Ex. J (Stasik Op. Rpt.) ¶ 81 & nn.95–96.
3      Apple sought discovery regarding CFIUS's review of the Broadcom
4  acquisition. Dkt. 524 at 1–6. Qualcomm refused to provide such discovery, arguing
5  that it was "not relevant or proportional to the needs of this case," and specifically
6  objected to discovery regarding its lobbying efforts, claiming that "it could stifle full
7  disclosure to CFIUS for future transactions, thus interfering with CFIUS's ability to
8  perform its important role in protecting national security interests." *Id.* at 18–20.
9  Magistrate Judge Dembin sustained Qualcomm's relevance objection and denied
10 Apple's motion to compel discovery. Dkt. 543. At deposition, ████████
11 ████████████████████████ Qualcomm's counsel also ████████
12 ████████████████████. Ex. K (Mollenkopf Dep.) 367:9–368:14
13 (counsel for Qualcomm ███████████████████████████████
14 ████████████████████████████); *see also* Ex. C
15 (Amon Dep.) 453:8–455:20; Ex. D (Tibbits Dep.) 176:4–12.
16     Because Qualcomm argued that this evidence was irrelevant and successfully
17 barred Apple from taking discovery regarding CFIUS's review, Qualcomm should
18 not be allowed to introduce evidence or argument related to such review. *Criscuolo*
19 *v. Grant Cty.*, 2014 WL 11515840, at *5 (E.D. Wash. Feb. 24, 2014) (precluding
20 evidence on subject where plaintiff refused to produce documents in discovery);
21 *Ferguson v. Waid*, 2018 WL 5734662, at *2 (W.D. Wash. Nov. 2, 2018) (excluding
22 documents defendant refused to produce until after discovery).
23     The admission of evidence related to CFIUS's statements and President
24 Trump's Presidential Order would also be unfairly prejudicial to Apple and the CMs
25 under Rule 403. Jurors may be unduly swayed by the rhetoric in the statements by
26 President Trump and CFIUS touting Qualcomm's accomplishments and connecting
27 U.S. national security with Qualcomm's success. *See In re: TFT-LCD (Flat Panel)*
28 *Antitrust Litig.*, 2012 WL 12300696, at *4 (N.D. Cal. May 4, 2012) (granting

motion *in limine* to exclude inflammatory rhetoric); *DataTreasury Corp. v. Wells Fargo & Co.*, 2010 WL 11538713, at *14 (E.D. Tex. Feb. 26, 2010) (granting motion *in limine* to exclude evidence that "would likely invite an emotion[al] response from the jury").

## III.   CONCLUSION

For the foregoing reasons, Qualcomm should be precluded from offering any evidence or argument (1) that Qualcomm's chipset competitors who would benefit from the requested relief in this action are in Asia, or (2) that the United States government has determined that Qualcomm is an asset to national security.

Dated: February 15, 2019          Respectfully submitted,

By:   */s/ William A. Isaacson*
Juanita R. Brooks, SBN 75934, brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: (619) 678-5070; Fax: (619) 678-5099

Ruffin B. Cordell (D.C. Bar No. 445801; *pro hac vice*) cordell@fr.com
Lauren A. Degnan (D.C. Bar No. 452421; *pro hac vice*) degnan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
Phone: (202) 783-5070; Fax: (202)783-2331

William A. Isaacson (D.C. Bar No. 414788; *pro hac vice*) wisaacson@bsfllp.com
Karen L. Dunn (D.C. Bar No. 1002520; *pro hac vice*) kdunn@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, D.C. 20005

|   |   |
|---|---|
| 1 | Phone: (202) 237-2727; Fax: (202) 237-6131 |
| 2 | *Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.* |
| 3 |   |
| 4 |   |
| 5 | By:  /s/ Jason C. Lo |
| 6 |         Theodore R. Boutrous, Jr., SBN 132099, |
|   |         tboutrous@gibsondunn.com |
| 7 |         Richard J. Doren, SBN 124666 |
| 8 |         rdoren@gibsondunn.com |
|   |         Daniel G. Swanson, SBN 116556, |
| 9 |         dswanson@gibsondunn.com |
| 10 |        Michele L. Maryott, SBN 191993 |
|   |        mmaryott@gibsondunn.com |
| 11 |        Jason C. Lo, SBN 219030, |
| 12 |        jlo@gibsondunn.com |
|   |        Jennifer J. Rho, SBN 254312, |
| 13 |        jrho@gibsondunn.com |
| 14 |        Melissa Phan, SBN 266880, |
|   |        mphan@gibsondunn.com |
| 15 |        GIBSON, DUNN & CRUTCHER LLP |
| 16 |        333 South Grand Avenue |
|   |        Los Angeles, CA 90071 |
| 17 |        Tel:  (213) 229-7000; Fax:  (213) 229-7520 |
| 18 |   |
| 19 |        Cynthia E. Richman, DC Bar No. 492089, |
|   |        *pro hac vice* |
| 20 |        crichman@gibsondunn.com |
|   |        GIBSON, DUNN & CRUTCHER LLP |
| 21 |        1050 Connecticut Avenue, N.W. |
| 22 |        Washington, DC 20036 |
|   |        Tel: (202) 955-8500; Fax: (202) 467-0539 |
| 23 |   |
| 24 | *Attorneys for Defendants, Counterclaimants, and Third-Party Plaintiffs Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation* |
| 25 |   |
| 26 |   |
| 27 |   |
| 28 |        Hugh F. Bangasser, *pro hac vice* |
|   |        hugh.bangasser@klgates.com |

|   |   |
|---|---|
| 1 | Christopher M. Wyant, *pro hac vice* |
| 2 | chris.wyant@klgates.com |
|   | J. Timothy Hobbs, *pro hac vice* |
| 3 | tim.hobbs@klgates.com |
| 4 | K&L GATES LLP |
|   | 925 Fourth Avenue, Suite 2900 |
| 5 | Seattle, Washington 98104 |
|   | Tel: (206) 623-7580; Fax: (206) 370-6371 |
| 6 |   |
| 7 | Caitlin C. Blanche, SBN 254109, |
|   | caitlin.blanche@klgates.com |
| 8 | K&L GATES LLP |
| 9 | 1 Park Plaza Twelfth Floor |
|   | Irvine, CA  92614 |
| 10 | Tel: (949) 253-0900; Fax: (949) 253-0902 |

*Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff Wistron Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 15, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on February 15, 2019.

*/s/ William A. Isaacson*
William A. Isaacson