UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>QUALCOMM LITIGATION, | Case No. 3:17-CV-00108-GPC-MDD<br><br>[Consolidated with 3:17-CV-01010-GPC-MDD]<br><br>**ORDER GRANTING Motions to Seal**<br><br>**[ECF Nos. 787, 790, 794, 795, 798, 800, 806, 809, 810, 811, 817, 819, 821, 827, 830, 833, 835, 836, 843, 846, 853, 855, 858, 863, 866, 871, 872, 880]** |

Before the Court are numerous requests to seal portions of the parties' *motions in limine*, *Daubert* motions, expert witness reports in support of pre-trial motions, motions for determination pursuant to Federal Rule of Civil Procedure 44.1, and joint pretrial brief identifying disputed contract provisions and the parties' position on each disputed provision in Case No. 3:17-cv-00108-GPC-MDD, ECF Nos. 787, 790, 794, 795, 798, 800, 806, 809, 810, 811, 817, 819, 821, 827, 830, 833, 835, 836, 843, 846, 853, 855, 858, 863, 866, 871, 872, 880. No oppositions have been filed. Upon review of the moving papers, the information to be sealed, the applicable law, and for the following reasons, the Court **GRANTS** each of the motions in their entirety.

## **LEGAL STANDARD**

There is a presumptive right of public access to court records based upon the common law and the first amendment. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). Nonetheless, access may be denied to protect sensitive confidential information. Courts are more likely to protect information covered by Rule 26(c) of the Federal Rules of Civil Procedure, but are not limited by items listed in protective orders. *See KL Group v. Case, Kay, & Lynch*, 829 F.2d 909, 917-19 (9th Cir. 1987) (letter to client from attorney); *Kalinauskas v. Wong*, 151 F.R.D. 363, 365-67 (D. Nev. 1993) (confidential settlement agreement).

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Id.* at 1178-79.

Parties seeking to seal documents in a dispositive motion must meet the high threshold requiring "compelling reasons" with specific factual findings to support a

sealing. *Kamakana*, 447 F.3d at 1178-80 (9th Cir. 2006). However, for non-dispositive motions, the parties must show a lesser "particularized showing" under the "good cause" standard pursuant to Federal Rule of Civil Procedure 26(c). *Id.* at 1180. The "compelling reasons" test requires showing more than just "good cause." *Id.* Documents filed under seal will be limited to only those documents, or portions thereof, necessary to protect such sensitive information.

Although the "Ninth Circuit has yet to specify whether a party seeking to seal a complaint . . . must meet the 'compelling reasons' or 'good cause' standard," *see Harrell v. Cal. Forensic Med. Grp., Inc.*, 2015 WL 1405567, *1 (E.D. Cal. Mar. 26, 2015), district courts generally conclude that the "compelling reasons" standard applies because the complaint initiates the civil action. *See, e.g.*, *Baldwin v. U.S.*, 732 F. Supp. 2d 1142, 1145 (D.N. Mar. 1, 2010); *Robert Half Int'l v. Ainsworth*, 2015 WL 4394805, *3 n.2 (S.D. Cal. July 15, 2015); *In re NVIDIA Corp. Deriv. Litig.*, 2008 WL 1859067 (N.D. Cal. Apr. 23, 2008). Accordingly, and especially considering the public's interest in being able to access civil actions filed in the courts, the Court will apply the "compelling reasons" standard to the parties' requests to seal portions of the complaint and other pleadings. The Court will also apply the "compelling reasons" standard to Qualcomm's motions for injunction and related briefing as those submissions are "more than tangentially related to the underlying cause of action." *Ctrs. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).

Compelling reasons for sealing information exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Trade secrets "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain advantage over competitions who do not know or use it." Restatement (First) of Torts § 757 cmt. b. Because trade secrets concern proprietary and sensitive business information not

available to the public, sealing may be warranted where disclosure would harm a litigant's competitive standing. *Nixon*, 425 U.S. at 598.

The Ninth Circuit has explicitly recognized that compelling reasons exist for the sealing of "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). Courts in this circuit have also recognized that information subject to confidentiality agreements may also meet the "compelling reasons" standard when accompanied by a particularized factual showing. *See Foltz*, 331 F.3d at 1137-38.

## DISCUSSION

The overwhelming majority of information that the parties seek to seal constitutes confidential business information of the parties, including trade secrets, proprietary business records, discussions of internal strategy, company dealings, and materials designated as "Highly Confidential." For the reasons that follow, the Court concludes that the parties have demonstrated that compelling reasons exist for sealing the information subsumed by these categories.

First, the Court is convinced that good cause exists to seal the unredacted portions of the motions *in limine* and requisite exhibits that detail sensitive financial terms, royalty agreements, proprietary business strategies, and confidential licensing negotiations. Each of the parties has articulated that public disclosure of the information they seek to seal would harm their competitive standing by concurrently releasing such information to market competitors. Additionally, the parties have submitted declarations providing the Court with a factual basis for their claims of undue prejudice through competitive harm. Furthermore, the parties' proposed sealings hew to the lines that the Court has drawn in prior orders granting the parties' motions to file under seal, especially with respect to documents and testimony designated as Highly Confidential. (*See* ECF Nos. 580, 561, 768.) As such, the Court is satisfied that there is sufficient factual basis to justify the conclusion that compelling reasons exist for sealing the material at issue.

4

Second, each of the parties has narrowly tailored its requests to the protectable portions of the filings that advance confidential business information. The majority of the redacted materials are comprised of limited excerpts of exhibits and sentences of the full reports that implicate the parties' confidential, non-public information. Moreover, the basis for these respective motions do not rest on the disclosure of the more detailed, specific, and confidential information that the parties seek to protect. The primary issues within these reports are stated publicly in the motion papers and accompanying redacted exhibits.

Accordingly, the Court finds that the requests to seal are narrowly tailored and sufficiently particularized such that they do not impede upon the public's ability to understand the nature of the proceedings and the factual basis for the parties' claims. As such and in the light of the aforementioned compelling reasons justifying sealing, the Court **GRANTS** each of the motions to seal or file redacted versions identified by the **following table** in its entirety.

**IT IS SO ORDERED.**

Dated: February 21, 2019

Hon. Gonzalo P. Curiel
United States District Judge

| ECF No. | Movant | Document to be Sealed |
|---|---|---|
| **3:17-cv-00108-GPC-MDD** | | |
| 787 | Apple | Unredacted portions of Apple and the CMs' Memorandum of Points and Authorities in Support of Their Apportionment *Daubert* Motion, Appendices A and B to the Apportionment *Daubert* Brief, Exhibits A-O to Apple's and the CMs' Appendix of Exhibits |
| 790 | Apple | Unredacted portions of Apple and the CMs' Memorandum of Points and Authorities in Support of the Unwilling Licensee *Daubert* Motion, Exhibits A, B, C, D, E, F, GH, I, J, K, and M |
| 794 | Qualcomm | Unredacted portions of Qualcomm's Comparable License *Daubert* Motion and the Denning Decl. Exhibits |
| 795 | Apple | Unredacted portions of Memorandum of Points and Authorities in Support of Apple Inc. and the Contract Manufacturers' *Daubert* Motion to Exclude Qualcomm Expert Oliver Hart, and Exhibits 1 and 2 to the Declaration of Lauren A. Degnan |
| 798 | Qualcomm | Unredacted portions of *Daubert* Motion No. 2 to Exclude Portions of the Expert Report of Paul K. Meyer and to Forbid Improper Extrapolation of Dr. Valenti's Opinions ("*Daubert* Motion No. 2"), Exhibits 1-17 to the February 17, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Foreign Exhaustion *Daubert* Motion ("Denning Dec. Exhibits"), and unredacted portions of the Foreign Exhaustion *Daubert* Motion |
| 800 | Apple | Unredacted portions of Memorandum of Points and Authorities in Support of Apple Inc. and the CMs' *Daubert* Motion to Exclude Qualcomm Expert Testimony Regarding its 243 Standard Essential and Non-Standard Essential Patents and Exhibits 9-16, 19 to the Declaration of Seth M. Sproul |

| 806 | Qualcomm | Unredacted portions of *Daubert* Motion No. 3 to Exclude the Opinions and Testimony of Dr. Jeffrey Leitzinger Concerning Royalty "Overcharges", Exhibits 1, 2 and 4-8 to the February 14, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's *Daubert* Motion No. 3 |
|---|---|---|
| 809 | Qualcomm | Unredacted portions of *Daubert* Motion No. 4 to Exlude Expert Testimony Regarding Exhaustion and "Substantial Embodiment," Exhibits 1 to 28 to the Feburary 14, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's *Daubert* Motion No. 4 |
| 810 | Qualcomm | Unredacted portions of *Daubert* Motion No. 5 and Motion *in Limine* to Exclude Testimony Suggesting a Required Component-Level Royalty Base, Exhibits 1 to 10 to the February 14, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's *Daubert* Motion No. 5 |
| 811 | Apple | Certain Documents Offered in Support of Apple's and the CMs' *Daubert* Motion To Exclude Regression Analysis of Qualcomm Expert Professor Aviv Nevo ("Nevo *Daubert* Motion") |
| 817 | Qualcomm | Unredacted *Daubert* Motion to Exclude Certain Opinions and Testimony of Rémy Libchaber and Stephen Wicker ("Sixth *Daubert* Motion"), Exhibits 3 and 4 to the February 14, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Sixth *Daubert* Motion ("Denning Decl. Exhibits") |
| 819 | Compal Electronics, Inc., and others (collectively, the "CMs") | Exhibits attached to the Declaration of Samuel D. Eisenberg in support of Apple Inc. ("Apple") and the CMs' *Daubert* motion to exclude Qualcomm Incorporated ("Qualcomm") expert Dr. Jonathan Putnam |
| 821 | Qualcomm | Unredacted *Daubert* Motion No. 7 to Exclude the Opinions and Testimony of Friedhelm Rodermund ("*Daubert* Motion No. 7"), Exhibits 1, 3, 4, 7, 8 and 11 to the February 14, 2019 |

| | | |
|---|---|---|
| | | Declaration of Nathan E. Denning in Support of Qualcomm's *Daubert* Motion No. 7 ("Denning Decl. Exhibits"), and unredacted versions of Exhibits 5 and 6 to the Declaration of Nathan E. Denning in Support of Qualcomm's *Daubert* Motion No. 7 ("Denning Declaration Redacted Exhibits") |
| 827 | Qualcomm | Unredacted Motion *in Limine* No. 1 to Exclude Testimony and Argument Concerning Royalty Stacking ("Motion *in Limine* No. 1"), Exhibits 1 to 9 to the February 15, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Motion *in Limine* No. 1 ("Denning Decl. Exhibits") |
| 830 | Qualcomm | Unredacted Motion *in Limine* No. 2 to Exclude Evidence of Qualcomm's Public Relations Strategy ("Motion *in Limine* No. 2"), Exhibits 1-4 to the February 15, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Motion *in Limine* No. 2 ("Denning Decl. Exhibits") |
| 833 | Qualcomm | Exhibits 3 and 5-8 to the February 15, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Motion *in Limine* No. 4 to Exclude Evidence of Certain SEP Disclosures ("Denning Declaration Sealed Exhibits"), and unredacted versions of Exhibits 1 and 2 to the February 15, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Motion *in Limine* No. 4 to Exclude Evidence of Certain SEP Disclosures ("Denning Declaration Redacted Exhibits") |
| 835 | Apple | Unredacted portions of the Memorandum of Points and Authorities in Support of Apple's Motion *in Limine* No. 4 to Exclude Evidence or Argument Concerning Apple's Alleged Misuse of Qualcomm's Trade Secrets and Hiring of Qualcomm's Employees, and Exhibit 4 to the Declaration of Aleksandr Gelberg |
| 836 | Apple | Unredacted portions of the Memorandum of Points and Authorities in Support of Apple Inc.and the CMs' Motion *in Limine* No. 2 To Exclude Qualcomm Fact Witness Testimony |

| | | | |
|---|---|---|---|
| | | | Regarding the Relative Value of Qualcomm's Portfolio, and Exhibits 1-6 and 8-13 to the Declaration of Lauren A. Degnan |
| | 843 | Apple | Unredacted portions of Memorandum of Points and Authorities in Support of Apple Inc. and the Contract Manufacturers' Motion *in Limine* No. 1 to Exclude Testimony and Argument Regarding Apple Non-SEP Litigation, and Exhibit 2 to the Declaration of Seth M. Sproul |
| | 846 | Apple | Unredacted portions of Apple Inc. and the Contract Manufacturers' Motion *In Limine* No. 3 to Exclude Evidence or Argument That Apple and the CMs Make, Use, Offer to Sell, Sell, or Import Qualcomm's Patented Technology, and Exhibits 1-4 to the Declaration of Aamir Kazi |
| | 853 | CMs | Exhibits attached to the Declaration of Ryan Iwahashi in support of Apple Inc. and the CMs' Motion *in limine* to Preclude Belatedly Disclosed Evidence |
| | 855 | Qualcomm | Unredacted Motion *in Limine* to Exclude Hearsay Evidence from Unretained Experts ("Motion *in Limine* No. 3"), Exhibits 1, 2, and 5 through 10 to the February 15, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Motion *in Limine* No. 3 ("Denning Decl. Exhibits") |
| | 858 | CMs | Exhibit attached to the Declaration of Ryan Iwahashi in support of Apple and the CMs' Motion *in limine* to Exclude Qualcomm Improper Expert Testimony |
| | 863 | Apple | Exhibits A, B, D, E, F, G, H, I, J, K, L, and M to the Appendix of Exhibits to Apple and the Contract Manufacturers' Motion *in Limine* No. 7 To Exclude Evidence Concerning Unrelated Apple Agreements |
| | 866 | Apple | Certain Documents Offered in Support of Apple's Motion *in Limine* No. 5 to Exclude Evidence of 2015 Meeting |
| | 871 | Apple | Certain documents in support of Apple and the CMs' Motion *in Limine* No. 9 To Exclude Evidence or Argument that Competitors Who |

| | | |
|---|---|---|
| | | Will Benefit from Remedy Are in Asia or that Qualcomm Is an Asset to National Security ("Motion *in Limine* No. 9") |
| 872 | Qualcomm | Unredacted Opening Memorandum for Determination of French Law Pursuant to Federal Rule of Civil Procedure 44.1 ("Rule 44.1 Motion"), Exhibits 4, 8, 9, 19, 21-24, 27-28, 30, 35-43, 52-54, 56-57, 63, and 65 to the February 15, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Rule 44.1 Motion ("Denning Decl. Exhibits") |
| 880 | Qualcomm | Unredacted Joint Pretrial Brief Identifying Disputed Contract Provisions and the Parties' Position on Each Disputed Provision ("Joint Contract Brief"); Exhibits 1 – 14 to the Declaration of Nathan E. Denning in Support of the Joint Contract Brief ("Contract Compendium Exhibits"); Exhibits 1, 3 – 6, 8 – 9, 11 – 17, 20 – 35, 37, 39 – 40, 44 – 46 and 48 – 49 to the Declaration of Anders Linderot in Support of the Joint Contract Brief ("Linderot Decl. Exhibits"); Exhibits A – D to the Declaration of Edward H. Takashima in Support of the Joint Contract Brief ("Takashima Declaration") |