Juanita R. Brooks, SBN 75934, brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone:  858-678-5070 / Fax: 858-678-5099

Ruffin B. Cordell, DC Bar No. 445801, *pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421, *pro hac vice*, degnan@fr.com
Fish & Richardson P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
Phone:  202-783-5070 / Fax:  202-783-2331

William A. Isaacson, DC Bar No. 414788, *pro hac vice*, wisaacson@bsfllp.com
Karen L. Dunn, DC Bar No. 1002520, *pro hac vice*, kdunn@bsfllp.com
Boies Schiller Flexner LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Phone: 202-237-2727 / Fax: 202-237-6131

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*
*(Counsel for the CMs and Additional Counsel listed below Signature Line)*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>QUALCOMM LITIGATION, | Case No. 3:17-CV-00108-GPC-MDD<br><br>[Consolidated with<br>Case No. 3:17-CV-01010-GPC-MDD]<br><br>**APPLE INC.'S AND THE CONTRACT MANUFACTURERS' SUMMARY AND CROSS-REFERENCE TABLE OF AGREED-UPON AND DISPUTED JURY INSTRUCTIONS**<br><br>Judge:   Hon. Gonzalo P. Curiel |

Apple Inc. ("Apple"), FIH Mobile Ltd. and Hon Hai Precision Industry Co., Ltd., (together, "Foxconn"), Pegatron Corporation, Wistron Corporation, and Compal Electronics, Inc. (collectively, "the CMs") hereby submit a summary table of Apple and the CMs' proposed jury instructions, in the order Apple and the CMs intend for them to be read to the jury, along with an indication as to whether Qualcomm Incorporated ("Qualcomm") agrees to the instruction and, where it disagrees, a cross-reference to the corresponding Qualcomm instruction, if any.[1]

Apple and the CMs intended to include a summary in the February 23, 2019 filing, but Qualcomm objected. Apple and the CMs then asked Qualcomm if it would like to submit a joint filing this week where Qualcomm could submit its own table. Qualcomm refused, preferring to delay any such table until March 14, 2019, when the parties have agreed to submit amended joint jury instructions in the event that, through further discussions, the parties are able to reduce the number of disputed instructions. Because Apple and the CMs believe that this summary may benefit the Court prior to March 14, 2019, they hereby submit the summary without Qualcomm's participation. In the event that the parties agree on additional instructions, Apple and the CMs will update the summary or, if Qualcomm opts to join in submitting a summary, will submit a joint summary.[2]

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Preliminary Instructions | |
| Joint proposed instruction no. 1: duty of jury | Agreed |
| Apple & CMs' proposed instruction no. 1: claims and defenses | Qualcomm's requested preliminary instruction no. 1: claims and defenses |

---

[1] Apple and the CMs have also included any Qualcomm proposed instructions for which there is no corresponding proposed instruction by Apple and the CMs.
[2] Apple and the CMs will not object if Qualcomm chooses to file its own separate table.

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Apple & CMs' proposed instruction no. 2: patents, patent exhaustion, and FRAND | Qualcomm omits this instruction |
| Joint proposed instruction no. 2: burden of proof—preponderance of the evidence | Agreed |
| Joint proposed instruction no. 3: burden of proof—clear and convincing evidence | Agreed |
| Joint proposed instruction no. 4: two or more parties—different legal rights | Agreed |
| Joint proposed instruction no. 5: what is evidence | Agreed |
| Joint proposed instruction no. 6: what is not evidence | Agreed |
| Joint proposed instruction no. 7: direct and circumstantial evidence | Agreed |
| Apple & CMs' proposed instruction no. 3: affirmative defenses are not evidence | Qualcomm's requested closing instruction no. 65: affirmative defenses are not evidence |
| Joint proposed instruction no. 8: ruling on objections | Agreed |
| Joint proposed instruction no. 9: credibility of witnesses | Agreed |
| Joint proposed instruction no. 10: expert opinion | Agreed |
| Joint proposed instruction no. 11: conduct of the jury | Agreed |
| Joint proposed instruction no. 12: taking notes | Agreed |
| Joint proposed instruction no. 13: bench conferences and recesses | Agreed |

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Joint proposed instruction no. 14: outline of trial | Agreed |
| Joint proposed instruction no. 15: stipulations of fact | Agreed |
| **Instructions During Trial** | |
| Joint proposed instruction no. 16: deposition in lieu of live testimony | Agreed |
| Joint proposed Instruction no. 17: foreign language testimony | Agreed |
| Apple & CMs' proposed instruction no. 4: use of interpreters | Qualcomm omits this instruction |
| Joint proposed instruction no. 18: use of interrogatories | Agreed |
| Joint proposed instruction no. 19: use of requests for admission | Agreed |
| **Final Instructions** | |
| Joint proposed instruction no. 20: duty of jury | Agreed |
| Joint proposed instruction no. 21: burden of proof—preponderance of the evidence | Agreed |
| Joint proposed instruction no. 22: burden of proof—clear and convincing evidence | Agreed |
| Joint proposed instruction no. 23: two or more parties—different legal rights | Agreed |
| Joint proposed instruction no. 24: what is evidence | Agreed |
| Joint proposed instruction no. 25: | Agreed |

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| what is not evidence | |
| Joint proposed instruction no. 26 direct and circumstantial evidence | Agreed |
| Joint proposed instruction no. 27: credibility of witnesses | Agreed |
| Joint proposed instruction no. 28: impeachment evidence—witness | Agreed |
| Joint proposed instruction no. 29: expert opinion | Agreed |
| Joint proposed instruction no. 30: charts and summaries not received in evidence | Agreed |
| Joint proposed instruction no. 31: charts and summaries in evidence | Agreed |
| Joint proposed instruction no. 32: bench conferences and recesses | Agreed |
| Joint proposed instruction no. 33: duty to deliberate | Agreed |
| Joint proposed instruction no. 34: consideration of evidence—conduct of the jury | Agreed |
| Joint proposed instruction no. 35: communication with court | Agreed |
| Joint proposed instruction no. 36: return of verdict | Agreed |
| Apple & CMs' proposed instruction no. 5:  explanation of patent terms | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 6: patents | Qualcomm's requested closing instruction no. 2: patents—general—introduction |

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Apple & CMs' proposed instruction no. 7: patent exhaustion | Qualcomm's requested closing instruction no. 4: patents—general—exhaustion |
| Apple & CMs' proposed instruction no. 8: standard-setting organization (SSO) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 9: third party beneficiaries | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 10: introduction to claims and affirmative defenses | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 11: Apple's Count LXII; CMs' Counts I-III (patents—relation to antitrust laws)[3] | Qualcomm's requested closing instruction no. 29: patents—general—relation to antitrust law |
| Apple & CMs' proposed instruction no. 12: Apple's Count LXII; CMs' Count I (monopolization—elements) | Qualcomm's requested closing instruction no. 46: Section 2 of the Sherman Act—monopolization—general—elements. |
| Apple & CMs' proposed instruction no. 13: Apple's Count LXII; CMs' Count I (monopolization—existence of monopoly power—defined) | Qualcomm's requested closing instruction no. 47: Section 2 of the Sherman Act—monopolization—monopoly power defined |
| Apple & CMs' proposed instruction no. 14: Apple's Count LXII; CMs' Count I (monopolization—relevant market—general) | Qualcomm's requested closing instruction no. 48: Section 2 of the Sherman Act—monopolization—relevant market—general |
| Apple & CMs' proposed instruction no. 15: Apple's Count LXII; CMs' Count I | Qualcomm's requested closing instruction no. 49: Section 2 of the |

[3] Apple and the CMs note that there is a discrepancy between Exhibits D and F with respect to Apple and the CMs' proposed jury instructions Nos. 11 and 12. Specifically, in Exhibit D, the instructions reflect that Apple and the CMs' Proposed Jury Instruction No. 11 is "Apple's Count LXII; CMs' Counts I-III (Patents—Relation to Antitrust Laws)" and Instruction No. 12 is "Apple's Count LXII; CMs' Count I (Monopolization – Elements)." *See* Dkt. 884-4 at 41-46.
In Exhibit F, the table of contents reflects this order, but in the contents of the instructions, Instructions 11 and 12 are reversed. *See* Dkt. 884-6 at 26-29. This chart reflects the order in which the instructions actually appear as they were filed in Exhibit F on February 22, 2019. The order of those instructions in Exhibit F will be corrected when Apple and the CMs file revised jury instructions on March 14, 2019.

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| (monopolization—relevant product market) | Sherman Act—monopolization—relevant product market |
| Apple & CMs' proposed instruction no. 16: Apple's Count LXII; CMs' Count I (monopolization—existence of monopoly power—types of proof) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 17: Apple's Count LXII; CMs' Count I (monopolization—existence of monopoly power—direct proof) | Qualcomm's requested closing instruction no. 52: Section 2 of the Sherman Act—monopolization—existence of monopoly power—direct proof |
| Apple & CMs' proposed instruction no. 18: Apple's Count LXII; CMs' Count I (monopolization—existence of monopoly power—indirect proof) | Qualcomm's requested closing instruction no. 51: Section 2 of the Sherman Act—monopolization—existence of monopoly power—indirect proof |
| Apple & CMs' proposed instruction no. 19: Apple's Count LXII; CMs' Count I (monopolization—willful acquisition or maintenance of monopoly power through anticompetitive acts) | Qualcomm's requested closing instruction no. 53: Section 2 of the Sherman Act—monopolization—willful acquisition or maintenance of monopoly power |
| Apple & CMs' proposed instruction no. 20: CMs' Counts II-III (Section 1 and Cartwright Act—restraint of trade) | Qualcomm's requested closing instruction no. 31: Section 1 of the Sherman Act and Sections 16720 and 16727 of the Cartwright Act - General |
| Apple & CMs' proposed instruction no. 21: CMs' Counts II-III (introduction to tying) | Qualcomm's requested closing instruction no. 37: Section 1 of the Sherman Act and Section 16720 and 16727 of the Cartwright Act—tying arrangements |
| Apple & CMs' proposed instruction no. 22: CMs' Counts II-III (rationale for prohibition of tying arrangements) | Qualcomm's requested closing instruction no. 38: Section 1 of the Sherman Act and Section 16720 and 16727 of the Cartwright Act—rationale for prohibition of tying arrangements |

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Apple & CMs' proposed instruction no. 23: CMs' Counts II-III (per se unlawful tying—elements) | Qualcomm's requested closing instruction no. 39: Section 1 of the Sherman Act and Section 16720 and 16727 of the Cartwright Act—unlawful tying |
| Apple & CMs' proposed instruction no. 24: Counts II-III (tying—presence of two products) | Qualcomm's requested closing instruction no. 40: Section 1 of the Sherman Act and Section 16720 and 16727 of the Cartwright Act—tying under rule of reason—presence of two products or items |
| Apple & CMs' proposed instruction no. 25: CMs Counts II-III (contract—definition, existence, and evidence) | Qualcomm's requested closing instruction no. 36: Section 1 of the Sherman Act and Section 16720 and 16727 of the Cartwright Act—contract—definition, existence, and evidence |
| Apple & CMs' proposed instruction no. 26: CMs Counts II-III (tying—proof of conditioning) | Qualcomm's requested closing instruction no. 41: Section 1 of the Sherman Act and Section 16720 and 16727 of the Cartwright Act—proof of conditioning |
| Apple & CMs' proposed instruction no. 27: CMs' Counts II-III (tying—existence of market power with respect to the tying product) | Qualcomm's requested closing instruction no. 42: Section 1 of the Sherman Act and Section 16720 and 16727 of the Cartwright Act—existence of market power with respect to typing product |
| Apple & CMs' proposed instruction no. 28: CMs' Counts II-III (tying—business justification defense) | Qualcomm's requested closing instruction no. 44: Section 1 of the Sherman Act and Section 16720 and 16727 of the Cartwright Act—business justification defense |
| Apple & CMs' proposed instruction no. 29: CMs' Counts II-III (Section 1 and Cartwright Act—restraint of trade—rule of reason) | Qualcomm's requested closing instruction no. 32: Section 1 of the Sherman Act and Section 16720 and 16727 of the Cartwright Act—general—rule of reason—overview |

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Apple & CMs' proposed instruction no. 30: CMs' Counts II-III (Section 1 and Cartwright Act—restraint of trade—rule of reason: proof of competitive harm) | Qualcomm's requested closing instruction no. 33: Section 1 of the Sherman Act and Section 16720 and 16727 of the Cartwright Act—general—rule of reason—proof of competitive harm |
| Apple & CMs' proposed instruction no. 31: CMs' Counts II-III (Section 1 and Cartwright Act—restraint of trade—rule of reason: evidence of competitive benefits) | Qualcomm's requested closing instruction no. 34: Section 1 of the Sherman Act and Section 16720 and 16727 of the Cartwright Act—general—rule of reason—evidence of competitive benefits |
| Apple & CMs' proposed instruction no. 32: CMs' Counts II-III (Section 1 and Cartwright Act—restraint of trade—rule of reason: balancing of competitive effects) | Qualcomm's requested closing instruction no. 35: Section 1 of the Sherman Act and Section 16720 and 16727 of the Cartwright Act—general—rule of reason—balancing of competitive effects |
| Apple & CMs' proposed instruction no. 33: CMs' Counts II-III (Section I—relation to Cartwright Act) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 34: CMs' Count III (Cartwright Act section 16727—per se tying - elements) | Qualcomm's requested closing instruction no. 39: Section 1 of the Sherman Act and Section 16720 and 16727 of the Cartwright Act—unlawful tying |
| Apple & CMs' proposed instruction no. 35: CMs' Count III (Cartwright Act section 16727—reference to other instructions for elements) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 36: Apple's Count LXII; CMs' Counts I-III (injury—introduction) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 37: CMs' Counts I-III (injury and causation—CMs) | Qualcomm's requested closing instruction no. 56: Clayton Act Section 4 and the Cartwright Act Requirements—injury and causation |

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Apple & CMs' proposed instruction no. 38: Apple's Count LXII (injury and causation—Apple) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 39: Apple's Count LXII; CMs' Counts I-III (business or property) | Qualcomm's requested closing instruction no. 57: Clayton Act Section 4 requirement—introduction—business property |
| Apple & CMs' proposed instruction no. 40: CMs' Counts I-III (antitrust damages—introduction and purpose) | Qualcomm's requested closing instruction no. 58: antitrust damages—introduction and purpose |
| Apple & CMs' proposed instruction no. 41: CMs' Counts I-III (antitrust damages—basis for calculating damages) | Qualcomm's requested closing instruction no. 59: antitrust damages—basis for calculating damages |
| Apple & CMs' proposed instruction no. 42: CMs Counts I-III (antitrust damages—causation and disaggregation) | Qualcomm's requested closing instruction no. 60: antitrust damages—causation and disaggregation |
| Apple & CMs' proposed instruction no. 43: CMs' Counts II-III (antitrust damages—damages from tying and unreasonable restraint of trade) | Qualcomm's requested closing instruction no. 61: causation and damages—damages for tying arrangements |
| Apple & CMs' proposed instruction no. 44: CMs' Count I (antitrust damages—damages from monopolization) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 45: CMs' Counts I-III (damages on multiple legal theories) | Qualcomm's requested closing instruction no. 64: damages on multiple legal theories |
| Apple & CMs' proposed instruction no. 46: CMs' Counts I-III (antitrust damages—multiple plaintiffs) | Qualcomm's requested closing instruction no. 62: causation and damages—multiple plaintiffs |
| Apple & CMs' proposed instruction no. 47: CMs' Counts I-III (affirmative defense—antitrust mitigation) | Qualcomm's requested closing instruction no. 71: affirmative defense—antitrust mitigation |
| Apple & CMs' proposed instruction no. 48: Apple's count LLXIII (violations of California unfair competition law—liability) | Qualcomm omits this instruction |

9                    Case No. 3:17-CV-00108-GPC-MDD

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Apple & CMs' proposed instruction no. 49: CMs' Count IV (violations of California unfair competition law—liability) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 50: restitution to Apple | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 51: restitution to CMs | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 52: the FRAND commitment | Qualcomm's requested closing instruction no. 15: ETSI FRAND commitment |
| Apple & CMs' proposed instruction no. 53: apportionment | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 54: smallest salable unit | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 55: the aggregate royalty burden | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 56: apportioned royalty of the aggregate royalty burden | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 57: comparable agreements | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 58: infringement | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 59: invalidity | Qualcomm's requested closing instruction no. 3: patents—general—invalidity |
| Apple & CMs' proposed instruction no. 60: unenforceability | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 61: Intentionally Omitted | N/A |

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Apple & CMs' proposed instruction no. 62: CMs' Count V (breach of FRAND commitments) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 63: CMs' Count VIII (declaratory judgment that Qualcomm did not comply with its obligations) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 64: CMs' Count VII (promissory estoppel) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 65: CMs' Counterclaim against Qualcomm Count X (negligent misrepresentation to standard-setting organizations) | Qualcomm's requested closing instruction no. 27: negligent misrepresentation |
| Apple & CMs' proposed instruction no. 66: CMs' Counterclaim against Qualcomm Count IX (waiver of rights to obtain compensation for certain patents—waiver) | Qualcomm's requested closing instruction no. 26: waiver claim (FRAND) |
| Apple & CMs' proposed instruction no. 67: Qualcomm's Count II (declaration that CM SULAs do not violate Qualcomm's FRAND commitments to ETSI) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 68: Apple's affirmative defenses to Qualcomm's Count II (declaration that SULAs do not violate FRAND) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 69: Qualcomm's Count IV (declaration that Qualcomm has satisfied and discharged FRAND commitments to ETSI with respect to Apple) | Qualcomm omits this instruction |

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Apple & CMs' proposed instruction no. 70: Apple's affirmative defenses to Qualcomm's Count IV (declaration that Qualcomm has satisfied and discharged FRAND commitments to ETSI with respect to Apple) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 71: breach of contract—the parties' contract claims | Qualcomm's requested closing instruction no. 5: breach of contract claims—the parties' contract claims |
| Apple & CMs' proposed instruction no. 72: contract interpretation | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 73: contract interpretation—meaning of ordinary words | Qualcomm's requested closing instruction no. 10: meaning of ordinary words (all contracts) |
| Apple & CMs' proposed instruction no. 74: contract interpretation—construction of contract as a whole | Qualcomm's requested closing instruction no. 12: construction of a contract as a whole (all contracts) |
| Apple & CMs' proposed instruction no. 75: contract interpretation—technical words | Qualcomm's requested closing instruction no. 11: meaning of technical words (all contracts) |
| Apple & CMs' proposed instruction no. 76: contract interpretation—construction by conduct | Qualcomm's requested closing instruction no. 13: construction of contract by conduct (all contracts) |
| Apple & CMs' proposed instruction no. 77: no subjective interpretations | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 78: breach of contract-essential factual elements | Qualcomm's requested closing instruction no. 7: breach of contract—essential factual elements |
| Apple & CMs' proposed instruction no. 79: implied covenant of good faith—essential elements | Qualcomm's requested closing instruction no. 16: breach of implied covenant of good faith—essential factual elements (BPCA, FRAND and SULAs) |
| Apple & CMs' proposed instruction no. 80: no contradicting express provision of a contract | Qualcomm omits this instruction |

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Apple & CMs' proposed instruction no. 81: causation | Qualcomm's requested closing instruction no. 19: causation |
| Apple & CMs' proposed instruction no. 82: occurrence of agreed condition subsequent (BPCA) | Qualcomm's requested closing instruction no. 14: occurrence of agreed condition precedent (BCPA) |
| Apple & CMs' proposed instruction no. 83: Qualcomm's Counterclaim VI (breach of the BPCA) —inducing investigation | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 84: introduction to contract damages | Qualcomm's requested closing instruction no. 17: introduction to contract damages |
| Apple & CMs' proposed instruction no. 85: breach of contract—obligation to pay money only | Qualcomm's requested closing instruction no. 18: breach of contract—obligation to pay money only |
| Apple & CMs' proposed instruction no. 86: jurors not to consider attorney fees and court costs | Qualcomm's requested closing instruction no. 20: jurors not to consider attorney fees and court costs |
| Apple & CMs' proposed instruction no. 87: summary of affirmative defenses for each of the breach of contract claims | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 88: Apple's affirmative defenses to Qualcomm's Counterclaims VI and VII (breach of the BPCA and the implied covenant of good faith and fair dealing) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 89: Qualcomm's affirmative defenses to Apple's Counts I-II (alleged breach of the BPCA) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 90: CMs' affirmative defenses to Qualcomm's Claim I (alleged breach of the license agreement) | Qualcomm omits this instruction |

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Apple & CMs' proposed instruction no. 91: CMs' affirmative defenses to Qualcomm's Claim II (alleged breach of the software agreement) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 92: Apple's affirmative defenses to Qualcomm's Claim V (alleged breach of SOW) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 93: introduction to unenforceability against public policy | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 94: Apple's Count LXI; CMs' Count XII (declaration that SULAs are unenforceable as against public policy) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 95: Apple's Count IV (declaration of rights under the BCPA—Section 7 unenforceable as against public policy) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 96: Apple's Count LX (declaration of rights under STA assignment agreement) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 97: BPCA | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 98: Apple's Count III (Violation of Cal. Civ. Code § 1671) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 99: Apple's Count IV (declaration regarding section 47(b) privilege) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 100: Qualcomm's Count VIII (unjust enrichment) | Qualcomm's requested closing instruction no. 25: unjust enrichment—essential factual elements |
| Apple & CMs' proposed instruction no. 101: contract formation—essential factual elements | Qualcomm's requested closing instruction no. 6: contract formation—essential factual elements |

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Apple & CMs' proposed instruction no. 102: Apple's affirmative defenses to Qualcomm's Counterclaim VIII (unjust enrichment) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 103: Qualcomm's Count I (tortious interference with contract) | Qualcomm's requested closing instruction no. 21: tortious interference—essential elements |
| Apple & CMs' proposed instruction no. 104: Apple's affirmative defenses to Count I (tortious interference with contract)—justification | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 105: Apple's affirmative defenses to Count I (tortious interference with contract) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 106: Qualcomm's Count I (tortious interference with contract)—damages | Qualcomm's requested closing instruction no. 22: tortious interference—introduction to tort damages |
| Apple & CMs' proposed instruction no. 107: Qualcomm's Count I (tortious interference with contract)—punitive damages—bifurcated trial (first phase) | Qualcomm's requested closing instruction no. 23: tortious interference—punitive damages |
| Apple & CMs' proposed instruction no. 108: Qualcomm's Count I (tortious interference with contract)—bifurcated trial (second phase) | Qualcomm's requested closing instruction no. 23: tortious interference—punitive damages |
| Apple & CMs' proposed instruction no. 109: restitution to Apple | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 110: negative defenses/affirmative defenses | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 111: unenforceable as against public policy | Qualcomm omits this instruction |

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Apple & CMs' proposed instruction no. 112: unconscionability | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 113: estoppel | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 114: waiver | Qualcomm's requested closing instruction no. 66: affirmative defense—waiver |
| Apple & CMs' proposed instruction no. 115: unclean hands | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 116: acquiescence | Qualcomm's requested closing instruction no. 69: affirmative defense—ratification, agreement, acquiescence or consent |
| Apple & CMs' proposed instruction no. 117: ratification | Qualcomm's requested closing instruction no. 69: affirmative defense—ratification, agreement, acquiescence or consent |
| Apple & CMs' proposed instruction no. 118: consent | Qualcomm's requested closing instruction no. 69: affirmative defense—ratification, agreement, acquiescence or consent |
| Apple & CMs' proposed instruction no. 119: section 47(b) privilege | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 120: liquidated damages (Cal. Civ. Code § 1671) | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 121: Violation of SSO IPR policy | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 122: excuse | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 123: laches | Qualcomm omits this instruction |

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Apple & CMs' proposed instruction no. 124: bilateral mistake | Qualcomm's requested closing instruction no. 24: affirmative defense—mistake (BCPA) |
| Apple & CMs' proposed instruction no. 125: no double recovery | Qualcomm omits this instruction |
| Apple & CMs' proposed instruction no. 126: failure to mitigate | Qualcomm's requested closing instruction no. 70: affirmative defense—failure to mitigate (breach of contract and tortious interference) |
| Apple & CMs' proposed instruction no. 127: statute of limitations | Qualcomm's requested closing instruction no. 68: affirmative defense—statute of limitations |
| **Qualcomm Requested Instructions Without a Corresponding Proposed Instruction by Apple & CMs** | |
| Apple & CMs omit this instruction | Qualcomm's requested closing instruction no. 8: disputed term (BCPA) |
| Apple & CMs omit this instruction | Qualcomm's requested closing instruction no. 9: meaning of words defined by contract (all contracts) |
| Apple & CMs omit this instruction | Qualcomm's requested closing instruction no. 28: negligent misrepresentation—introduction to tort damages |
| Apple & CMs omit this instruction | Qualcomm's requested closing instruction no. 30: freedom to set prices |
| Apple & CMs omit this instruction | Qualcomm's requested closing instruction no. 43: Section 1 of the Sherman Act and Section 16720 and 16727 of the Cartwright Act—foreclosure of a substantial volume of commerce with respect to the tied product |

| Apple & the CMs' Proposed Instructions | QC's Corresponding Proposed Instruction(s) |
|---|---|
| Apple & CMs omit this instruction | Qualcomm's requested closing instruction no. 45: Section 1 of the Sherman Act and Sections 16720 and 16727 of the Cartwright Act—exclusivity terms |
| Apple & CMs omit this instruction | Qualcomm's requested closing instruction no. 50: Section 2 of the Sherman Act—monopolization—relevant product market—supply substitutability |
| Apple & CMs omit this instruction | Qualcomm's requested closing instruction no. 54: Section 2 of the Sherman Act—unilateral refusal to deal with competitor |
| Apple &CMs omit this instruction | Qualcomm's requested closing instruction no. 55: Section 2 of the Sherman Act—sham litigation |
| Apple & CMs omit this instruction | Qualcomm's requested closing instruction no. 63: causation and damages—plaintiffs' participation |
| Apple and CMs omit this instruction | Qualcomm's requested closing instruction no. 67 affirmative defense—unjust enrichment |

Dated:  March 1, 2019          Respectfully submitted,

By:  _/s/Lauren A. Degnan_

Juanita R. Brooks, SBN 75934, brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone:  858-678-5070 / Fax: 858-678-5099

Ruffin B. Cordell, DC Bar No. 445801,
*pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421,
*pro hac vice*, degnan@fr.com
Fish & Richardson P.C.

1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
Phone: 202-783-5070 / Fax: 202-783-2331

William A. Isaacson, DC Bar No. 414788,
*pro hac vice*, wisaacson@bsfllp.com
Karen L. Dunn, DC Bar No. 1002520,
*pro hac vice*, kdunn@bsfllp.com
Boies Schiller Flexner LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Phone: 202-237-2727 / Fax: 202-237-6131

Attorneys for *Plaintiff and Counterclaim-Defendant Apple Inc.*

By:   */s/ Jason C. Lo*
GIBSON DUNN & CRUTCHER, LLP
Theodore J. Boutrous, Jr. (SBN 132099)
tboutrous@gibsondunn.com
Daniel G. Swanson (SBN 116556)
dswanson@gibsondunn.com
Jason C. Lo (SBN 219030)
jlo@gibsondunn.com
Jennifer J. Rho (SBN 254312)
jrho@gibsondunn.com
Melissa Phan (SBN 266880)
mphan@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Cynthia E. Richman (Pro Hac Vice)
(DC Bar No. 492089)
crichman@gibsondunn.com
1010 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for Defendants, Counterclaimants, and Third-Party Plaintiffs, COMPAL ELECTRONICS, INC., FIH MOBILE LTD., HON HAI PRECISION INDUSTRY CO., LTD., PEGATRON CORPORATION, WISTRON CORPORATION*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HUGH F. BANGASSER (Pro Hac Vice)
hugh.bangasser@klgates.com
CHRISTOPHER M. WYANT (Pro Hac Vice)
chris.wyant@klgates.com
J. TIMOTHY HOBBS (Pro Hac Vice)
tim.hobbs@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Telephone:  +1 206 623 7580
Facsimile:  +1 206 370 6371

*Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff Wistron Corporation*

# **FILER'S ATTESTATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court of the Southern District of California, I certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

Dated:  March 1, 2019                    */s/Lauren A. Degnan*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 1, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on March 1, 2019, at Washington, D.C.


*/s/Lauren A. Degnan*