Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD |
|---|---|
| | **QUALCOMM INCORPORATED'S OPPOSITION TO APPLE'S AND THE CMs' MOTION *IN LIMINE* NO. 6** |
| | Judge: Hon. Gonzalo P. Curiel<br>Courtroom: 2D<br>Date: March 14, 2019<br>Time: 1:30 p.m. |

# INTRODUCTION

Qualcomm's claim for tortious interference against Apple is a central part of this litigation. From Qualcomm's perspective, this litigation is the final chapter in a long-running scheme by Apple to weaken or even destroy Qualcomm; the steps Apple took to prevent the CMs from complying with their SULAs is central to that scheme; and the indemnification evidence that Apple and the CMs now seek to exclude is the most critical of those steps. Apple needed to ensure that the CMs would (1) withhold billions of dollars in licensing royalties they owe to Qualcomm; (2) side with Apple—not Qualcomm—in the inevitable litigation to recover those royalties; and (3) parrot Apple's allegations about Qualcomm's business practices during that litigation. The indemnification agreements between Apple and the CMs (the "Addenda") are tools by which Apple accomplished those objectives. They are thus highly relevant to Qualcomm's claim against Apple for tortious interference with Qualcomm's license agreements with the CMs—a claim Apple *does not even mention* in its motion.

Apple instead tries to recast its tortious interference as merely part of its "business relationship" with the CMs, going so far as to assert that its indemnification somehow "frees [the CMs] to be forthright and truthful" in litigation. Quite the opposite. ▌

▌

▌

▌

▌ Apple tries to use Rule 411 to shield its conduct from scrutiny. But Rule 411 does not apply where an indemnitor uses indemnification in furtherance of a wrongful scheme. Qualcomm offers the indemnification evidence to show that Apple acted wrongfully by using indemnification as a tool to cause the CMs to breach their SULAs. The indemnification evidence is also admissible against the CMs under exceptions to Rule 411, including to show control and bias. Accordingly, the motion should be denied.

# BACKGROUND

Since at least 2012, ███████████████████████████████████████
███████████████████████████████████████████. (*See* Ex. 1 at -868.) Apple bided its time, however, because it wanted to reap the benefits of the various agreements under which Qualcomm paid Apple billions of dollars in incentive payments. The last of those agreements expired on December 31, 2016. Like clockwork, in January 2017, Apple stopped making payments to the CMs for royalty payments the CMs owed to Qualcomm for sales of devices to Apple. (Ex. 2 at -729; Ex. 3.) ███████████████████
███████████████████████████████████████████. (Ex. 11 at 597:4-11 (Watrous).)[1]

To ensure that the CMs would not undermine Apple's efforts to bring Qualcomm to heel, Apple entered into an agreement regarding royalties with each CM (collectively, the "Addenda"). ████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████. (Ex. 7 § 6 (Compal); Ex. 8 § 6 (Hon Hai); Ex. 9 § 6 (Pegatron); Ex. 10 § 6 (Wistron); *see* Ex. 11 at 592:6-24 (Watrous).) In other words, Apple ████████████████████████████████████████████████
████████████████████████████████████████████████████████.

But Apple's multi-billion-dollar indemnification promise came with strings attached. ████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

---

[1] "Q. Did Apple consider ways to put pressure on Qualcomm financially? A. Yes. I think we understood that by withholding the royalties to the extent that the contract manufacturers were not able to reimburse Qualcomm fully, that Qualcomm would not have the benefit of that revenue and profitability. We were very mindful of that."

1 ▬▬▬▬▬▬▬▬▬▬.

## ARGUMENT

I.  **The Indemnification Evidence Is Admissible Against Apple.**

Evidence of Apple's indemnification of the CMs is highly relevant. Apple's arguments to the contrary fail.

Apple does not even attempt to dispute that the indemnification evidence is relevant to Qualcomm's tortious interference claim against Apple. (*See* QC's Second Am. Countercls. (ECF No. 469) ¶¶ 264-297.) Nor can it. The elements of tortious interference include "intentional acts" by Apple and "resulting damage" to Qualcomm. *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 791 P.2d 587, 589-90 (Cal. 1990). The Addenda, as well as other indemnification evidence, are probative of whether Apple induced the CMs to breach their SULAs with Qualcomm in order to exert financial pressure on—and potentially destroy—Qualcomm. The evidence will show that Apple's intentional interference has deprived Qualcomm of ▬▬▬▬▬▬ in royalties (and counting). The Addenda are the glue that holds Apple's tortious interference scheme together. This is central to Qualcomm's theory of the case.

Apple argues that the indemnification evidence is not relevant because the CMs' indemnity claims against Apple are stayed. (Mot. at 1-2.) But whether the CMs' claims are active or stayed has no bearing on whether Apple in fact engaged in an unlawful scheme to interfere with Qualcomm's contracts—a claim that is not stayed. Yet Apple's motion nowhere mentions Qualcomm's tortious interference claim.

The cases cited by Apple as to relevance are inapposite. In *Goldenson v. Steffens*, No. 5:08-CV-130, 2014 WL 3105033 (D. Me. July 7, 2014), the court granted defendants' motion to preclude indemnification evidence where, in opposing the motion, the plaintiff not only misstated the terms of the indemnification but also argued relevance theories that were "largely outside the scope of the Complaint". *Id.* at *9. In *Lectec Corp. v. Chattem, Inc.*, 2011 WL 13086026, at *3 (E.D. Tex. Jan. 4, 2011), the plaintiff did not even oppose the motion to exclude, subject to the defendants withdrawing a

related objection. *Id.* at *3.

Apple's reliance on Rule 411 to shield its conduct from scrutiny is also misplaced. Rule 411, by its terms, does not apply to Apple here because it restricts admission of evidence only with respect to the *insured*, not the *insurer*. Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully."); *see* 23 Fed. Prac. & Proc. Evid. § 5364 (2d ed.) ("Rule 411 does not exclude evidence that a person was or was not insured when offered to prove the negligence of another person.").

Finally, Apple's Rule 403 argument also ignores its own conduct. (Mot. at 3-4.) Apple argues that the indemnification evidence would be prejudicial because the jury may award damages based on Apple's agreement to pay, and that "less prejudicial" evidence is available. (*Id.*) But that is not the standard, and certainly does not warrant exclusion of this highly probative evidence against Apple. Specifically, Apple asserts that "less prejudicial" evidence is available to establish the business relationship between Apple and the CMs and their "roundtrip payment arrangement". (Mot. at 3.) But that is not the point of this evidence. The evidence is relevant to Qualcomm's tortious interference claim—the CMs stopped paying Qualcomm, in part, because each knew that it would not be liable for any resulting damages, as a result of the Addenda. Substitute evidence must have "substantially the same or greater probative value" as the evidence to be replaced, *Old Chief v. United States*, 519 U.S. 172, 183 (1997), and Apple points to no such evidence, nor could it.[2]

## II.    The Indemnification Evidence Is Admissible Against the CMs.

The indemnification evidence is also admissible against the CMs. For the reasons

---

[2] Apple's cases are readily distinguishable. *See Ioane v. Spjute*, No. 1:07-CV-0620 AWI EPG, 2016 WL 4524752, at *9 (E.D. Cal. Aug. 29, 2016) (excluding indemnification evidence where there was substitute evidence on an ancillary bias issue); *In re Lloyd's Am. Tr. Fund Litig.*, No. 96 CIV. 1262 (RWS), 1998 WL 50211, at *20 (S.D.N.Y. Feb. 6, 1998) (denying discovery requests on indemnification where it added nothing to the bias theory in the case); *BladeRoom Grp. Ltd. v. Facebook, Inc.*, No. 5:15-CV-01370-EJD, 2018 WL 1569703, at *7 (N.D. Cal. Mar. 30, 2018) (a summary dismissal with no factual analysis).

explained above, its probative value far outweighs any prejudice, and Rule 411 does not apply to the CMs for several reasons.

*First*, indemnification evidence is admissible where "the fact that the plaintiff is insured or otherwise indemnified is a material issue in the case". *Larez v. Holcomb*, 16 F.3d 1513, 1519 (9th Cir. 1994) (citation omitted) (relying on common law rule and "not[ing] that our holding is consistent with Rule 411"). Here, indemnification explains (though does not justify) the CMs' breach of the SULAs and their claims against Qualcomm. Rule 411 does not apply in such circumstances. The CMs rely on cases in which there was indemnification by a third party that had no bearing on the claims. (Mot. at 2.) By contrast, in cases involving indemnification by a party that is directly relevant to the claims, as here, indemnification evidence is admissible. *See, e.g., Dicks v. Cleaver*, 433 F.2d 248, 256 (5th Cir. 1970) (evidence of liability insurance admissible where insurance appeared to have been "the basis for some sort of scheme, arrangement or plan by the insurer" to defraud plaintiff).[3]

*Second*, even if Rule 411 were applicable, two of the enumerated exceptions apply. Under Rule 411, indemnification evidence is admissible to show "control" or "bias". Fed. R. Evid. 411. The CMs merely assert, without explanation, that this exception does not apply. (Mot. at 2-3.) But the Addenda ███████████████████████████
████████████████████████████████████████████████████████████████████████.
(Ex. 7 § 6(b) (emphasis added).) The CMs have ████████████████████████
████████████████████████████████████.[4] Apple ████████████████████

---

[3] *See Chicago Title Ins. Corp. v. Magnuson*, No. 2:03-CV-368, 2005 WL 2373430, at *12 (S.D. Ohio Sept. 26, 2005), rev'd on other grounds, 487 F.3d 985 (6th Cir. 2007) (Rule 411 inapplicable where "indemnity agreement . . . provided a key causal link in [defendants'] motivations . . . and thus spoke to the issue of intent" on tortious interference claim); *see also Galaxy Computer Servs, Inc. v. Baker*, 325 B.R. 544, 552 (E.D. Va. 2005) (admitting indemnification evidence under Rule 403 where defendants "are alleged to have conspired with the [defendant] entity that has agreed to indemnify them").

[4] ██████ x. 4 at -769 (███████████████████████████████████████
████████████████████████████████████████████████████████████████.)

■■■ (*See* Ex. 6 at -371).) The indemnification evidence plainly is admissible to show Apple's control over the CMs.

The indemnification evidence also shows bias. Contrary to what Apple suggests, the Addenda do not "free" the CMs to be "forthright and truthful". (Mot. at 3.) To the contrary, the Addenda ■■■. The Addenda are intended to ■■■. *Cf. Madrid v. Apache Cty.*, No. CIV03-172 PCT RCB, 2006 WL 1273945, at *5 (D. Ariz. May 9, 2006) (admitting evidence regarding defendant's insurer to show bias of witness employed by insurer).

The CMs' Rule 403 argument is also unpersuasive. Rule 403 "is an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (internal quotations omitted). "[T]he danger of prejudice must not merely outweigh the probative value of the evidence, but *substantially* outweigh it." *Id.* The CMs offer only conclusory assertions that the indemnification evidence could "lead the jury to improperly award damages against the CMs based on Apple's presumed ability and agreement to pay". (Mot. at 4.) But the jury will be instructed with respect to the elements of Qualcomm's breach of contract claims. *See, e.g., United States v. Berry*, 627 F.2d 193, 198 (9th Cir. 1980) ("A timely instruction from the judge usually cures the prejudicial impact of evidence unless it is highly prejudicial or the instruction is clearly inadequate.") And even assuming there is some risk of prejudice, it would be far outweighed by the probative value of this evidence, which goes to the heart of the claims in this case.

## CONCLUSION

For the foregoing reasons, the Court should deny Apple's motion *in limine* No. 6.

1  Dated: March 1, 2019        Respectfully submitted,

3              By   */s/ Wes Earnhardt*
                   Wes Earnhardt
               **CRAVATH, SWAINE & MOORE LLP**
               Evan R. Chesler (*pro hac vice*)
               (N.Y. Bar No. 1475722)
               echesler@cravath.com
               Keith R. Hummel (*pro hac vice*)
               (N.Y. Bar No. 2430668)
               khummel@cravath.com
               Richard J. Stark (*pro hac vice*)
               (N.Y. Bar No. 2472603)
               rstark@cravath.com
               Antony L. Ryan (*pro hac vice*)
               (N.Y. Bar No. 2784817)
               aryan@cravath.com
               Gary A. Bornstein (*pro hac vice*)
               (N.Y. Bar No. 2916815)
               gbornstein@cravath.com
               J. Wesley Earnhardt (*pro hac vice*)
               (N.Y. Bar No. 4331609)
               wearnhardt@cravath.com
               Yonatan Even (*pro hac vice*)
               (N.Y. Bar No. 4339651)
               yeven@cravath.com
               Vanessa A. Lavely (*pro hac vice*)
               (N.Y. Bar No. 4867412)
               vlavely@cravath.com
               Worldwide Plaza
               825 Eighth Avenue
               New York, New York 10019
               Telephone: (212) 474-1000
               Facsimile: (212) 474-3700

| | |
|---|---|
| 1 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| 2 | David A. Nelson (*pro hac vice*) (Ill. Bar No. 6209623) |
| 3 | davenelson@quinnemanuel.com Stephen Swedlow (*pro hac vice*) |
| 4 | (Ill. Bar No. 6234550) stephenswedlow@quinnemanuel.com |
| 5 | 500 West Madison St., Suite 2450 Chicago, Illinois 60661 |
| 6 | Telephone: (312) 705-7400 Facsimile: (312) 705-7401 |
| 7 | |
| 8 | Alexander Rudis (*pro hac vice*) (N.Y. Bar No. 4232591) |
| 9 | alexanderrudis@quinnemanuel.com 51 Madison Ave., 22nd Floor |
| 10 | New York, New York 10010 Telephone: (212) 849-7000 |
| 11 | Facsimile: (212) 849-7100 |
| 12 | Sean S. Pak (SBN 219032) |
| 13 | seanpak@quinnemanuel.com 50 California St., 22nd Floor |
| 14 | San Francisco, California 94111 Telephone: (415) 875-6600 |
| 15 | Facsimile: (415) 875-6700 |
| 16 | **JONES DAY** |
| 17 | Karen P. Hewitt (SBN 145309) Randall E. Kay (SBN 149369) |
| 18 | rekay@jonesday.com 4655 Executive Drive, Suite 1500 |
| 19 | San Diego, California 92121 Telephone: (858) 314-1200 |
| 20 | Facsimile: (858) 345-3178 |
| 21 | *Attorneys for Defendant and Counterclaim-Plaintiff* |
| 22 | **QUALCOMM INCORPORATED** |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 1, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4(d).  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on March 1, 2019, at New York, New York.

By: */s/ Wes Earnhardt* _____
Wes Earnhardt
wearnhardt@cravath.com
*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED
INCORPORATED