Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD |
|---|---|
| | **QUALCOMM INCORPORATED'S OPPOSITION TO APPLE INC. AND THE CONTRACT MANUFACTURERS' MOTION *IN LIMINE* NO. 9** |
| | Judge: Hon. Gonzalo P. Curiel<br>Courtroom: 2D<br>Date: March 14, 2019<br>Time: 1:30 p.m. |

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................. 2

I.     The Probative Value of Factual Information About the Location of Qualcomm's Competitors Outweighs Any Prejudice. ............................................... 2

II.    The CFIUS Evidence Is Probative of Qualcomm's Business Model, and Apple's Prejudice Concerns Are Unfounded. ........................................................... 4

CONCLUSION .............................................................................................................. 6

# INTRODUCTION

Apple and the CMs (together, "Apple") seek to exclude two unrelated categories of evidence: (1) the "nationality or location" of companies "that may be affected by the outcome of this litigation"; and (2) evidence that the Committee on Foreign Investment in the United States ("CFIUS") determined that Qualcomm's technology leadership is important to national security interests. (ECF 874, "Mot.") Apple's motion should be denied as to both categories.

Apple speculates that Qualcomm may "prey on potential xenophobic prejudices of jury members" and, on that basis alone, seeks to bar Qualcomm from "[e]mphasizing—*or even mentioning*—the nationality of companies that may be affected by the outcome of this litigation". (Mot. at 4, emphasis added.) Under Apple's theory, Qualcomm could not even mention that the CMs, which are parties to this case (with witnesses who will likely testify in Chinese), are based in Taiwan. Evidence about the location of companies at issue in this dispute, including Qualcomm's competitors, is directly relevant to (among other things) Apple's antitrust claims concerning a *worldwide* market. And Apple's concerns about prejudice are entirely unfounded. There is nothing inflammatory or xenophobic about disclosing such factual corporate information.

The CFIUS evidence also is admissible. Apple's motion is primarily directed against CFIUS's findings—following an independent investigation of Broadcom's attempted hostile takeover—with respect to Qualcomm's technological leadership and its importance to national security interests. This evidence has a tendency to make various material facts more probable, including that Qualcomm's business model is pro-competitive and that Qualcomm's success is attributable to its long-term R&D investments. Apple's Rule 403 arguments rest on a false foundation. Qualcomm provided ample discovery on these issues, and Apple is free to cross-examine witnesses about the CFIUS review, including Qualcomm's cooperation with it.

## ARGUMENT

### I. The Probative Value of Factual Information About the Location of Qualcomm's Competitors Outweighs Any Prejudice.

Apple seeks to preclude evidence regarding the headquarters of companies at issue in this case. But such evidence is relevant to Qualcomm's defense against Apple's antitrust claims and, more generally, to understand the parties in this case. Such evidence is in no way premised on xenophobia, nor is it likely to appeal to "nationalistic fears". (*Id.* at 3.) Apple faces no risk of prejudice, and its motion should be denied.

The identities of Qualcomm's competitors—and the geographic and product markets in which they operate—are directly relevant to Apple's antitrust claims. Apple alleges that Qualcomm has market power in a *worldwide* market for certain baseband chips. ("FAC", ECF No. 83, ¶ 621.) Qualcomm should be allowed to defend itself by describing the market participants; the differences between products sold in different countries; and the various commercial, technological and regulatory reasons why Qualcomm's business varies by country, including as rebuttal to Apple's allegations of Qualcomm's "dominance" on a worldwide scale.

The foreign location evidence is also relevant to various FRAND allegations. For example, in response to an investigation by the Chinese competition authority ("NDRC"), Qualcomm implemented a "Rectification Plan" in 2015, which satisfied the NDRC. Since then, Qualcomm has entered into more than 160 license agreements with Chinese companies on terms consistent with the Rectification Plan. Qualcomm also offered Apple a license on those terms, which Apple rejected. Such evidence is important to understanding the market dynamics in this case, including with respect to Qualcomm's competitors in China and elsewhere. (*See* Ex. 1 (Nevo) ¶ 140.)

Qualcomm expects that Apple will further open the door to this location evidence through its focus on foreign investigations of Qualcomm. Apple's Complaint is replete with references to Asian countries and regulatory investigations in those countries: Korea/KFTC: 27 times; China/NDRC: 21 times; Japan/JFTC: 5 times; and

Taiwan/TFTC: 5 times. If Apple is permitted to present evidence regarding foreign investigations at trial, then the jury should be able to hear evidence that provides the full context of those investigations, including the roles that Qualcomm's customers and competitors had in those investigations. Either such foreign evidence is relevant, or it is not. Apple cannot have it both ways.

Apple's attempted Rule 403 argument—that it will be prejudiced by evidence of "the nationality or location" of companies at issue in this dispute—is premised on seeing xenophobia where none exists.[1] For instance, Apple points to questions that Qualcomm asked Professor Scott Morton, an Apple expert who opines on competition issues, about where certain device makers and chip companies are "from"—*i.e.*, where they are headquartered. (Mot. at 1-2.) Questions about market participants and where they operate are typical inquiries in an antitrust case.[2] Apple also cites internal Qualcomm documents that address ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ But Qualcomm will not argue or insinuate at trial that it should prevail because it is a U.S. company. Qualcomm fully agrees that no party should appeal to prejudice at trial—nationalistic or otherwise. To be clear, that means that Apple should not be allowed to do at trial what it does in its motion—imply that Qualcomm harbors some bias against Asian countries or companies.

Notably, the companies that stand to benefit the most if Qualcomm loses this dispute are *California*-based: Apple, which is withholding billions of dollars in

---

[1] The cases cited by Apple are distinguishable on their face. (Mot. at 3-4.) One is an employment discrimination case where evidence of "national origin discrimination in the post-9/11 world" was excluded (*Nair*); and another involved expert testimony that "Korean businessmen are not to be trusted" (*Jinro*). Such blatant appeals to prejudice should of course be excluded.

[2] *See Tanaka v. Univ. of S. California*, 252 F.3d 1059, 1063 (9th Cir. 2001) (finding that defining the "relevant market" in an antitrust case "encompasses notions of geography").

1  Qualcomm royalties; and Intel, which has become Apple's sole modem chip supplier
2  since Apple filed this lawsuit.  Yet Apple does not argue (nor can it) that it would
3  prejudice the jury to know that Apple and Intel are headquartered in California.

## II. The CFIUS Evidence Is Probative of Qualcomm's Business Model, and Apple's Prejudice Concerns Are Unfounded.

Apple seeks to preclude evidence relating to the CFIUS review of Broadcom's attempted hostile takeover of Qualcomm, including a March 5, 2018 letter that sets forth CFIUS's conclusions following the committee's independent assessment of the proposed takeover.  (*See* Ex. 2 (CFIUS Ltr.).)  Qualcomm need only show that the CFIUS evidence has a tendency to make a fact of consequence more or less probable (Rule 401), and that Apple has not shown that its probative value is not substantially outweighed by a danger of unfair prejudice (Rule 403).  That low bar is easily cleared here.

The CFIUS evidence is relevant to numerous allegations in this matter.  Apple's central theory is that Qualcomm's technological contributions are not as valuable as Qualcomm claims, and that Qualcomm uses alleged market power to "extract exorbitant royalties" for its patents.  (FAC ¶ 8.)  Relatedly, Apple has suggested that Qualcomm is no longer innovative.  (*Id.* ¶¶ 165-167.)  By contrast, CFIUS described Qualcomm as a "global leader in the development and commercialization of foundational technologies" that underlie CDMA, WCDMA and 4G LTE.  (Ex. 2 at 2.)  CFIUS concluded that "Qualcomm's technological success and innovation is driven by its unmatched expertise and [R&D] expenditure", which have "positioned Qualcomm as the current leading company in 5G technology development and standard setting."  (*Id.*)  This evidence is probative of whether Qualcomm's success is attributable to pro-competitive factors.  The CFIUS evidence also helps explain the benefits of Qualcomm's business model, including the focus on innovation and long-term R&D investments, rather than "short term profitability".  (*Id.* at 3.)  Qualcomm is not suggesting that the CFIUS evidence is dispositive on any issue—nor does it need to be for Rule 401 purposes.

In addition, as noted above, Qualcomm expects that Apple will seek to introduce evidence concerning governmental investigations of Qualcomm. That would further open the door to the CFIUS evidence. If governmental actions *against* Qualcomm are allowed, then governmental statements "touting Qualcomm's accomplishments" (Mot. at 5)—including that Qualcomm's technology has national security and procompetitive benefits—must be allowed as well.

Apple's arguments against admission of the CFIUS evidence are unpersuasive. *First*, Apple contends that CFIUS reached its conclusions because of lobbying efforts by Qualcomm. (Mot. at 1, 5.) CFIUS is an independent, inter-agency committee chaired by the Secretary of the Treasury, with representatives from 16 U.S. departments and agencies, including Defense, State, Commerce, and Homeland Security. Qualcomm does not dispute that it interacted with CFIUS as part of its investigation. The CFIUS letter discloses, on the first page, that (i) Qualcomm filed a unilateral notice seeking CFIUS review of the Broadcom transaction and (ii) CFIUS obtained additional information from Qualcomm, as well as Broadcom, "to inform its decision on the appropriate path forward in regards to this matter". (Ex. 2 at 1.) Apple is free to call the jury's attention to Qualcomm's cooperation with CFIUS. That goes to the weight of the CFIUS evidence, not its admissibility.[3] If Apple's theory is that a governmental action is impermissibly tainted by lobbying, then that would be a basis for excluding evidence that various regulatory agencies investigated Qualcomm because Apple lobbied those agencies for years. Again, any ruling must apply equally to all parties.

*Second*, Apple argues that the CFIUS evidence should be excluded because Qualcomm supposedly "blocked Apple from taking discovery" of such evidence. (Mot. at 1.) This fundamentally mischaracterizes the Court's correct rejection of Apple's

---

[3] *See McCrary v. Elations Co.*, EDCV 13-0242, 2014 WL 12589137, at *15 (C.D. Cal. Dec. 2, 2014) ("[A]ny incorrect criticisms can be rebutted through cross-examination or other testimony. Moreover [the evidence is] clearly relevant to important issues in this case and will not be excluded pursuant to Rule 403.").

overbroad document requests served near the end of fact discovery. Apple requested **_all documents_** relating to communications between Qualcomm and **_20 different government agencies_** (including CFIUS) regarding various broad topics covering Qualcomm's entire business for more than a 30-year period. (*See* ECF 524 at 18.) Qualcomm objected because that discovery was not relevant or proportional to the needs of the case. (*Id*.) Judge Dembin agreed, finding Apple's requests to be a speculative "fishing expedition". (ECF 543 at 3.)

      Contrary to what Apple now suggests, Qualcomm provided extensive discovery relating to the topics covered by the disputed requests. In total, Qualcomm produced more than 36 million pages of documents, including countless documents relating to Qualcomm's business model, technology development, and involvement in standard setting for 5G (and earlier generations). Apple also deposed Qualcomm witnesses on these topics, including Qualcomm's CEO (Mollenkopf), President (Amon) and Senior Vice President of Government Affairs (Tibbits). ███████████████████████████████████████████████████████████

      *Finally*, Apple contends that the jury "may be unduly swayed" by the CFIUS evidence. (*Id*.) But that is not the Rule 403 standard. Evidence is not unfairly prejudicial simply because it is *persuasive* or *damaging* to an opponent's case. *See Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 946 (C.D. Cal. 2014) ("'[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material."). There is nothing "inflammatory" about the CFIUS evidence.

## CONCLUSION

      For the foregoing reasons, Qualcomm respectfully requests that the Court deny Apple and the CMs' Motion *in Limine* No. 9.

| | | |
|---|---|---|
| 1 | Dated: March 1, 2019 | Respectfully submitted, |
| 2 | | |
| 3 | | By  */s/ Evan R. Chesler* |
| 4 | |     Evan R. Chesler |

**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
(N.Y. Bar No. 2472603)
rstark@cravath.com
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651)
yeven@cravath.com
Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Stephen Swedlow (*pro hac vice*)
(Ill. Bar No. 6234550)
stephenswedlow@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**JONES DAY**
Karen P. Hewitt (SBN 145309)
Randall E. Kay (SBN 149369)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

*Attorneys for Defendant and Counterclaim-Plaintiff*
**QUALCOMM INCORPORATED**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 1, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 1, 2019, at New York, New York.

By: */s/ Evan R. Chesler*
Evan R. Chesler
echesler@cravath.com
*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED