Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| IN RE: QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD |
|---|---|
| | ***EX PARTE* APPLICATION FOR AN ORDER REQUIRING APPLE AND THE CONTRACT MANUFACTURERS TO COMPLY WITH PRETRIAL AGREEMENTS** |
| | Judge:   Hon. Gonzalo P. Curiel |

PLEASE TAKE NOTICE THAT Qualcomm Incorporated hereby applies *ex parte* pursuant to Civil Local Rule 83.3(g) and the Court's Civil Pretrial Procedures for an Order setting additional interim deadlines for pretrial exchanges.

Apple Inc. and the CMs (together, "Apple") have failed to comply with the parties' agreed-upon pretrial exchange process in a manner that prejudices Qualcomm and threatens the parties' ability to meet the Court's deadlines. Due to the upcoming trial and the tight schedule for preparation, Qualcomm is compelled to request that the Court order Apple to comply with specific exchange dates, as set forth below.

Because time is short, Qualcomm respectfully requests that the Court order Apple—which has been on notice of Qualcomm's position in this motion since February 26, 2019,[1] and has been on notice of the agreed-upon pretrial deadlines for months—to file any response to this motion by Thursday, March 7.

**I.  Apple's Failure To Comply with the Parties' Agreed-upon Pretrial Exchange Process Necessitates This Motion.**

Preparing for a complex trial requires an orderly—and reciprocal—exchange of pretrial information. Recognizing this, the parties worked together to establish agreed-upon dates for various exchanges so that both sides could meet the Court's deadlines. Yet Apple did not comply with the parties' pretrial

---

[1] In addition to sending a letter on February 26 that set forth Qualcomm's objections (to which Apple never responded), Qualcomm also specifically informed Apple on March 2 of its intent to file this Application, in accordance with Rule 83.3(g). (*See* Denning Decl. ¶ 6.) Apple responded on March 4, stating that an *ex parte* motion "will not be necessary or warranted" because Apple would be sending Qualcomm "further narrowed deposition designations today (Monday)". (Denning Decl. Ex. 3 at 34.) Apple served modified designations at 4:41 a.m. ET (1:41 a.m. PT) on Tuesday, March 5, but those designations did not remedy the issues raised by this Application for the reasons set forth herein.

agreement to exchange good-faith narrowed deposition designations, thereby prejudicing Qualcomm.

In late 2018, the parties agreed that on March 4, 2019, each party would disclose to the other parties the deposition designations it "*actually intends and expects to offer at trial*". (Joint Pretrial Order (lodged), Section VIII.C.1, emphasis added.) At Apple's suggestion, the parties later advanced that exchange date from March 4 to February 25. (Denning Decl. Ex. 1 at 20.) On January 12, 2019, Apple confirmed that agreement: "We agree that the narrowed exchange of designations should reflect each sides' good-faith effort to identify the designations that they intend to [and] expect to play at trial, subject to the point we previously articulated—that while the narrowed designations should be reasonable in light of the overall length of trial, they will be broader than the designations that are actually played." (*Id.* at 12.) This early exchange of realistic deposition designations is necessary to allow the parties (i) to serve objections, in advance of trial, to the affirmative testimony that its adversaries actually are likely to play; (ii) to prepare and serve realistic counter-designations; and (iii) to prepare other parts of the trial, including exhibits and live witness lists, in light of the narrowed designations.

On February 25, 2019, however, Apple served designations from 131 transcripts, covering 93 witnesses, and spanning *more than 115 hours* of designated testimony. (Denning Decl. Ex. 3 at 36; Denning Decl. Ex. 6.) The Court has set a limit of 35 hours per side for evidence at trial.[2] (ECF No. 749.) Apple's February 25 designations thus exceeded by a factor of three *the total amount of time* that Apple has been allotted to present evidence at trial,

---

[2] Qualcomm has moved the Court to increase this limit by 5 hours. (ECF No. 778.) Apple opposed Qualcomm's motion. (ECF No. 780.) The Court deferred consideration of the motion until the motion *in limine* hearing on March 14.

meaning that Apple could play only 1/3 of what it had designated, even in the unrealistic scenario that Apple called no live witnesses and did not cross-examine any Qualcomm witnesses. Apple's February 25 designations could not be those that Apple "actually intends and expects to offer at trial", nor were they a reasonable approximation thereof. On February 26, Qualcomm objected and asked Apple to comply with the parties' agreement, reserving its right to seek relief from the Court if needed. (Denning Decl. Ex. 2.)

Unlike Apple, Qualcomm has abided by the parties' agreement. Working diligently for months, Qualcomm narrowed its designations to approximately 9 hours (not including foreign-language translation time that can be cut before trial).[3] (Denning Decl. Ex. 5.) In doing so, Qualcomm had to make many strategic decisions about relevant testimony that could be played at trial.

Apple admitted that its February 25 designations violated the parties' agreement. Apple sent its designations via email at 11:40 p.m. PT on February 25 (the deadline for narrowed designations), stating that "the designations in Volume 2 *are the same as the designations we served in November*". (Denning Decl. Ex. 3 at 35-36, emphasis added.) "Volume 2", which included nearly *89 hours* of designations, had not been narrowed at all. Apple did not indicate in any way what it *actually* intended to play from the 115 hours in "Volume 1" and "Volume 2". Instead, Apple said it was "continuing to narrow those designations and will follow up with [Qualcomm] at the end of this week"—*i.e.*, by Friday, March 1. (*Id.* at 36.) But Apple did not do so.

---

[3] On March 5, Qualcomm withdrew its designations for Joe Lam, Eric Peng and Monica Yang because Apple and the CMs' witness list in the Joint Pretrial Order indicates that Apple and the CMs intend to call these witnesses live at trial. Qualcomm reserves the right to designate deposition testimony from these witnesses if they are not included on Apple and the CMs' March 11 witness list or if they do not testify live at trial.

1    Having received no response to its February 26 letter, on Saturday,
2  March 2, Qualcomm informed Apple it intended to file this motion on Monday,
3  March 4.  (*See* Denning Decl. ¶ 6.)  On March 4, Apple told Qualcomm that its
4  *ex parte* motion "will not be necessary or warranted" because Apple would be
5  sending "further narrowed designations today (Monday)".  (Denning Decl.
6  Ex. 3 at 34.)  Qualcomm asked what it would receive from Apple (total number
7  of witnesses and hours) and when it would receive it.  (*Id.* at 33.)  Apple did not
8  respond.  Qualcomm's counsel had litigation support staff available until 12:30
9  a.m. PT (3:30 a.m. ET) on March 5 to process and review Apple's designations.
10 But Qualcomm again did not receive anything from Apple.
11   On Tuesday, March 5 at 1:41 a.m. PT (4:41 a.m. ET), Apple served its
12 designations.  (Denning Decl. Ex. 4 at 37.)  Although Apple's modified
13 designations are significantly shorter than the 115 hours of designations served
14 on February 25, they still are not the designations that Apple actually intends
15 and expects to play at trial, or any reasonable approximation thereof.
16 Specifically, Apple's March 5 designations—served more than a week after the
17 agreed-upon exchange deadline—are from ***104 transcripts***, cover 74 witnesses
18 and span ***more than 33 hours*** of designated testimony.[4]  (Denning Decl. Ex. 7.)
19 Such designations are not "reasonable in light of the overall length of trial"—
20 35 hours per side for evidence.  (ECF No. 749.)
21   Later on March 5, upon completing its review of Apple's March 5
22 designations, Qualcomm reiterated its intention to file this motion.  (Denning
23 Decl. Ex. 8 at 48.)  Apple responded that it "would like to find a way to address

---

[4] Not included in this hours count are Apple's designations for two witnesses, Jonathan Weiser and Dirk Weiler, because the files that Apple sent for those witnesses had technical issues.  Although Apple's designated time for several witnesses will decrease once the time for foreign-language translations are removed, that reduction is likely to be offset by the addition of designated testimony from Mr. Weiser and Mr. Weiler.

1  Qualcomm's concerns" and suggested that the parties "exchange counters and
2  objections only for 'will call' designations, and defer objections/counters for
3  'may call' designations"—a suggestion that confirmed that Apple still has not
4  provided what it agreed to provide by February 25, and that the agreed-upon
5  disclosure was not forthcoming.  (Denning Decl. Ex. 8 at 45.)  Qualcomm
6  responded that it believed Court intervention was necessary to ensure Apple and
7  the CMs provide the fair disclosure they agreed to provide (and that Qualcomm
8  provided more than a week ago).  (Denning Decl. Ex. 8 at 44.)
9        Apple's failure to provide the agreed-upon disclosure prejudices
10  Qualcomm.  Because only Qualcomm abided by the parties' agreement, what
11  should have been a mutual exchange of information was one-sided.  Apple now
12  knows the reasonable universe of designations that Qualcomm expects to play
13  at trial, yet Qualcomm does not have the corresponding information for Apple.
14  Although Apple has offered to discuss modifications to the schedule for
15  counter-designations, that alone will not eliminate the prejudice Apple has
16  created.  In particular, it would be unreasonable make-work for Qualcomm to
17  prepare counter-designations and objections to more than 33 hours of Apple's
18  designations, most of which will never be played at trial.
19        By ignoring the parties' agreement and sending unrealistic designations,
20  Apple reserved for itself the ability to make real designations later, while
21  forcing Qualcomm to pick its trial designations now.  That too is unfairly
22  prejudicial.

23  **II.  Qualcomm Requests That the Court Order Certain Exchange Deadlines.**
24  
25  Qualcomm requests the following relief:
26  *First*, Qualcomm requests that the Court order Apple to provide a
27  realistic set of deposition designations by March 8, 2019 and adjust
28  Qualcomm's time to counter-designate and object to Apple's real designations
accordingly, as reflected in the requested dates below.

EX PARTE APPLICATION     -5-     CASE NO. 3:17-CV-0108-GPC-MDD

*Second*, to facilitate preparation for trial, Qualcomm submits that it is critical to have a Court-ordered deadline that each side shall identify a realistic witness list on March 11, consistent with the parties' prior agreement. (Denning Decl. Ex. 1 at 1.)

Specifically, Qualcomm asks the Court to order the following deadlines:

- **March 8, 2019:** Apple and the CMs shall identify for Qualcomm the deposition designations Apple and the CMs intend and expect to offer at trial.

- **March 11, 2019:** Each side shall identify the list of witnesses it actually intends and expects to call at trial, whether each witness will be called live or by designation, and an estimated direct time for each witness.

- **March 11, 2019 (two weeks after Qualcomm's February 25 disclosure):** Apple and the CMs shall identify for Qualcomm the counter-designations to Qualcomm's February 25 designations that Apple and the CMs intend and expect to offer at trial. Apple and the CMs also shall identify any objections to Qualcomm's February 25 designations.

- **March 18, 2019:** For each direct examination witness identified by the other side, each side shall serve an estimated cross time, if any.

- **March 22, 2019 (two weeks after Apple's March 8 disclosure):** Qualcomm shall identify for Apple and the CMs the counter-designations Qualcomm intends and expects to offer at trial. Qualcomm shall also identify any objections to Apple and the CMs' previously-served designations. To promote timely completion of designations, the parties' rights to serve objections to any counter-designations or rebuttal designations are reserved.

1
2
3
4

- The parties' deposition designations, counter-designations, witness lists and estimated direct and cross times shall be reasonable in light of the trial time allotted by the Court and the need to reserve time for direct and cross-examination of live witnesses.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2  Dated:  March 5, 2019                    Respectfully submitted,
3
4                                            By    /s/ *Evan R. Chesler*
                                                       Evan R. Chesler
5
6                                            **CRAVATH, SWAINE & MOORE LLP**
                                             Evan R. Chesler (*pro hac vice*)
7                                            (N.Y. Bar No. 1475722)
                                             echesler@cravath.com
8                                            Keith R. Hummel (*pro hac vice*)
                                             (N.Y. Bar No. 2430668)
9                                            khummel@cravath.com
                                             Richard J. Stark (*pro hac vice*)
10                                           (N.Y. Bar No. 2472603)
                                             rstark@cravath.com
11                                           Antony L. Ryan (*pro hac vice*)
                                             (N.Y. Bar No. 2784817)
12                                           aryan@cravath.com
                                             Gary A. Bornstein (*pro hac vice*)
13                                           (N.Y. Bar No. 2916815)
                                             gbornstein@cravath.com
14                                           J. Wesley Earnhardt (*pro hac vice*)
                                             (N.Y. Bar No. 4331609)
15                                           wearnhardt@cravath.com
                                             Yonatan Even (*pro hac vice*)
16                                           (N.Y. Bar No. 4339651)
                                             yeven@cravath.com
17                                           Vanessa A. Lavely (*pro hac vice*)
                                             (N.Y. Bar No. 4867412)
18                                           vlavely@cravath.com
                                             Worldwide Plaza
19                                           825 Eighth Avenue
                                             New York, NY 10019
20                                           Telephone:  (212) 474-1000
                                             Facsimile:  (212) 474-3700
21
22
23
24
25
26
27
28

| | |
|---|---|
| 1 | |
| 2 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| 3 | David A. Nelson (*pro hac vice*) (Ill. Bar No. 6209623) |
| 4 | davenelson@quinnemanuel.com Stephen Swedlow (*pro hac vice*) |
| 5 | (Ill. Bar No. 6234550) stephenswedlow@quinnemanuel.com |
| 6 | 500 West Madison St., Suite 2450 Chicago, Illinois 60661 |
| 7 | Telephone:  (312) 705-7400 Facsimile:  (312) 705-7401 |
| 8 | |
| 9 | Alexander Rudis (*pro hac vice*) (N.Y. Bar No. 4232591) |
| 10 | alexanderrudis@quinnemanuel.com 51 Madison Ave., 22nd Floor |
| 11 | New York, New York 10010 Telephone: (212) 849-7000 |
| 12 | Facsimile: (212) 849-7100 |
| 13 | Sean S. Pak (SBN 219032) seanpak@quinnemanuel.com |
| 14 | 50 California St., 22nd Floor San Francisco, CA 94111 |
| 15 | Telephone: (415) 875-6600 Facsimile: (415) 875-6700 |
| 16 | |
| 17 | **JONES DAY** Karen P. Hewitt (SBN 145309) |
| 18 | kphewitt@jonesday.com Randall E. Kay (SBN 149369) |
| 19 | rekay@jonesday.com 4655 Executive Drive, Suite 1500 |
| 20 | San Diego, California 92121 Telephone:  (858) 314-1200 |
| 21 | Facsimile:  (858) 345-3178 |
| 22 | *Attorneys for Defendant and Counterclaim-Plaintiff* |
| 23 | **QUALCOMM INCORPORATED** |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the above and foregoing documents have been served on March 5, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4(d).  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on March 5, 2019, at New York, New York.

By: */s/ Evan R. Chesler*
    Evan R. Chesler
    echesler@cravath.com
    *Attorneys for Defendant and Counterclaim-Plaintiff*
    QUALCOMM INCORPORATED