Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone:  (858) 314-1200
Facsimile:  (858) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE:  QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD<br><br>**QUALCOMM INCORPORATED'S REPLY IN FURTHER SUPPORT OF ITS *DAUBERT* MOTION NO. 6 TO EXCLUDE CERTAIN EXPERT TESTIMONY OF RÉMY LIBCHABER AND STEPHEN WICKER**<br><br>Judge:        Hon. Gonzalo P. Curiel<br>Courtroom: 2D<br>Date:         March 21, 2019<br>Time:         1:30 p.m. |

# **TABLE OF CONTENTS**

**Page**

ARGUMENT .................................................................................................................. 1

I.    Libchaber Is Not Qualified To Opine on the Technical Issues Upon Which His Opinion Depends. ........................................................................................... 1

II.    Dr. Wicker Is Unqualified To Opine on Whether a Particular IPR Disclosure to ETSI Was "Timely". ........................................................................................ 5

CONCLUSION .............................................................................................................. 5

1   Apple mischaracterizes Prof. Libchaber's report.  Contrary to Apple's contentions, Libchaber seeks to opine on when technical changes to ETSI standards were made that were relevant, as a technical matter, to Qualcomm's patents in order to calculate purported delays in Qualcomm's patent disclosures—an analysis he is unqualified to perform.  Libchaber did not rely on technical analyses of other experts for this part of his opinion, as Apple claims:  (i) Libchaber never mentions any such analyses in his report; (ii) with one exception, the technical experts do not even perform any such analyses in their own reports; and (iii) Libchaber conceded at his deposition that he relied *solely* on the representation of Apple's counsel for all technical issues.

Dr. Wicker's opinion that certain patents were not timely disclosed to ETSI should be excluded because it depends on the proper interpretation under French law of the word "timely" in Clause 4.1 of the ETSI IPR Policy, an issue on which he lacks expertise.

## ARGUMENT

### I. Libchaber Is Not Qualified To Opine on the Technical Issues Upon Which His Opinion Depends.

Apple does not contest that Libchaber is unqualified to conduct a technical analysis of cellular patents or ETSI technical specifications.  (*See* QC Opening Br. 6-7.)  Instead, Apple claims, on the one hand, that "Professor Libchaber's analysis did not involve any technical analysis" (Opp'n 6) and then, on the other hand, that "[w]here technical analysis was relevant, however, Professor Libchaber relied upon others".  (Opp'n 7.) Even ignoring the self-contradictory nature of Apple's brief, it is clear that, either way, Libchaber's disclosure opinions must be excluded.

#### A. Libchaber's Disclosure Opinions Require Technical Analysis.

Libchaber's disclosure opinions are relevant and reliable only to the extent they rest upon sound technical analyses; if no technical analyses were conducted at all, that would be an independent basis to exclude those opinions.  Libchaber asserts that at particular ETSI meetings "relevant changes to the standard language were discussed and adopted" (Ex. 3 (Rebuttal Report) ¶ 120(1)-(23), (25)-(45)), and that, as a result of that

1  discussion and adoption, Qualcomm employees had actual knowledge that certain
2  Qualcomm patents were potentially essential to the standard as a technical matter (*id.*
3  ¶ 120). But to determine which changes to a standard were "relevant", Libchaber would
4  have had to review the technical specifications themselves, the changes made at the ETSI
5  meetings and the claims of the patent, and on that basis determine whether the changes
6  related to the patented technology. If, as Apple asserts, Libchaber looked only at the date
7  on which "Qualcomm attended ETSI meetings where revisions to the standard were
8  being discussed" (Opp'n 9), then, as far as Libchaber knows, any revisions might have
9  been unrelated to Qualcomm's patents, and thus could not have triggered the starting
10 point to calculate Qualcomm's purported delay in disclosing its patents. Without a
11 technical analysis of the changes to the standard, Libchaber has no basis to calculate any
12 supposed disclosure delay, rendering his opinion unreliable. *In re Ford Tailgate Litig.*,
13 No. 11-CV-02953-RS, 2015 WL 7571772, at *9 (N.D. Cal. Nov. 25, 2015).
14      Conversely, if Libchaber does purport to analyze whether technical changes in
15 ETSI standards related to Qualcomm's patents, his opinion must be excluded because he
16 is, admittedly, not qualified to conduct such a technical assessment. Apple's argument
17 that judges, acting as factfinders, have purportedly conducted the same analysis as
18 Libchaber is irrelevant. Judges need not qualify themselves before deciding a case.
19 Experts, by contrast, must be qualified to undertake analyses before presenting them to a
20 jury. Fed. R. Evid. 702. The fact that courts may have undertaken the same analysis as
21 Libchaber has no bearing on whether Libchaber is qualified to testify as an expert. If
22 Libchaber is, instead, attempting to usurp the role of factfinder by examining non-
23 technical and undisputed facts to reach a legal conclusion on "timeliness", that, too,
24 would be impermissible and a basis for excluding his testimony. *Gallardo v. AIG*
25 *Domestic Claims, Inc.*, No. 13-56358, 2015 WL 6501082, at *785 (9th Cir. Oct. 28,
26 2015) (excluding expert testimony where "undisputed facts do not require expert
27 analysis" and "the expert provided a bare legal conclusion").
28      In any event, in the three cases cited by Apple—*Apple, Inc. v. Motorola Mobility,*

*Inc.*; *Core Wireless*; and *Huawei*—the courts never actually conducted any technical analysis to determine at which ETSI meeting changes to standards were made that related to a particular ETSI member's patents.  In *Apple*, the parties agreed that Motorola had made technical submissions to ETSI that would make its own patents essential.  *See, e.g.*, 886 F. Supp. 2d 1061, 1070 (W.D. Wis. 2012) ("On July 13–16, 1999 . . . Motorola . . . proposed *including technology covered by the '599 patent* in a portion of ETSI's Universal Mobile Telecommunications System standard . . . .") (emphasis added).  In *Core Wireless*, the potential essentiality of patented technology proposed by Nokia at an ETSI meeting "was acknowledged by Nokia's employees".  *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 899 F.3d 1356, 1366 (Fed. Cir. 2018).  And, in *Huawei*, the court simply rejected a motion for summary judgment premised on Huawei's argument that Clause 4.1 requires disclosure only when the ETSI member actually discovers that a patent is essential.  *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00052-JRG-RSP, 2017 WL 3954108, at *2-3 (E.D. Tex. Aug. 29, 2017).

      **B.**    **Libchaber Did Not Rely on Technical Analyses of Other Experts.**

After arguing that Libchaber's opinions involved no technical analysis, Apple reverses course, listing various sources of that supposedly non-existent technical analysis, none of which actually was relied on by Libchaber.

*First*, Apple argues that Libchaber relied on technical analyses of other experts. (Opp'n 7.)  That is not true.  Libchaber admitted at his deposition that, "***for every technical elements, I relied on what counsel told me***".  (Ex. 7 (Libchaber Dep.) 225:10-226:22, emphasis added.)  That testimony should come as no surprise.  Libchaber did not cite any expert reports in support of his conclusions concerning when relevant changes to ETSI standards were discussed and adopted.  Fed. R. Civ. P. 26(a)(2)(B).  He simply did not rely on them; as he testified under oath, he relied on what counsel told him.

*Second*, Apple claims that Libchaber relied on "Qualcomm's own experts" when a technical analysis was required.  (Opp'n 7.)  That also is not true.  Libchaber referenced Qualcomm's experts only to determine *which* ETSI standards Qualcomm now claims

QC REPLY RE *DAUBERT* NO 6.                                                                   CASE NO. 3:17-CV-0108-GPC-MDD
-3-

practice its patents. (*See* Ex. 3 (Rebuttal Report) ¶ 120.) He did not rely on those experts to determine *when* particular Qualcomm patents became essential or whether discussions at ETSI meetings were "relevant" to those patents. (*See id.* (citing no Qualcomm experts in support of statements concerning when "relevant changes to the standard language were discussed and adopted").)

*Third*, Apple claims that Libchaber relied on "assumptions that Apple will establish through its technical experts". (Opp'n 7.) But that does not work either: Apple's other experts do not address *when* Qualcomm's patents became essential to ETSI standards, or whether discussions at ETSI meetings related to Qualcomm's patents, with the sole exception of Dr. Wicker's analysis of a *single* patent. (Ex. 4 (Wicker Opening Report) ¶¶ 829-832.) Those experts, therefore, cannot establish those points at trial, and Libchaber cannot rely on them. Fed. R. Civ. P. 26(a)(2)(B)(1) (expert reports must contain "a complete statement of all opinions the witness will express").

*Fourth*, Apple claims that Libchaber can rely on assumptions provided by counsel. (Opp'n 7.) But "experts are expected to verify the reliability of the data underlying their conclusions independently instead of simply adopting the representations of an interested party". *Baker v. Firstcom Music*, No. LA 16-CV-08931 VAP (JPRx), 2018 WL 2676636, at *2 (C.D. Cal. May 8, 2018).[1] Libchaber did not—and is not qualified to—verify counsel's analyses here. This is not a situation in which Libchaber assumed that one party would prevail on a disputed factual issue, or performed an analysis that included *assumptions* provided by counsel, but rather one in which he incorporated into his report, as his own, a complete technical analysis actually performed in its entirety by

---

[1] *See also York v. Starbucks Corp.*, No. CV 08-07919 GAF (PJWx), 2011 WL 8199987, at *14-16 (C.D. Cal. Nov. 23, 2011) (excluding expert testimony that relied on data from a sample provided by counsel that expert never verified); *Sommerfield v. City of Chicago*, 254 F.R.D. 317, 321 (N.D. Ill. 2008) (expert testimony is excluded if, instead of "merely assum[ing] the accuracy of one version of events", an expert relies upon material prepared by counsel without verifying its accuracy); *Lyman v. St. Jude Med. S.C., Inc.*, 580 F. Supp. 2d 719, 726 (E.D. Wis. 2008) (excluding expert testimony on behalf of defendant where expert failed to "independently verif[y] the reliability of the data" concerning plaintiff's sales that were the basis of his opinion "as opposed to accepting [a counsel-prepared summary of that data] at the word of [] counsel").

Apple's counsel, without verifying any aspect of it.  (Ex. 7 (Libchaber Dep.) 225:10-16; 226:9-16 ("[F]or every technical element[], I relied on what counsel told me.")). *No witness* will testify at trial as to the veracity of the technical facts underlying Libchaber's opinions, and he cannot simply rely on counsel to provide conclusions on which his opinion depends without independently validating them.

**II.   Dr. Wicker Is Unqualified To Opine on Whether a Particular IPR Disclosure to ETSI Was "Timely".**

Apple does not contest that Dr. Wicker lacks expertise in French contract law or regarding ETSI.  Rather, Apple asserts that "Dr. Wicker's testimony has nothing to do with French contract law".  (Opp'n 3.)  Apple is wrong.

Dr. Wicker opines that Qualcomm did not "timely declare" the '021 and '469 patents to ETSI.  (Ex. 4 (Wicker Opening Report) ¶ 433 ('021 Patent); ¶¶ 829-32 ('469 Patent).)  The timeliness of ETSI disclosures is governed by Clause 4.1 of the ETSI IPR Policy.  (Ex. 1 (ETSI IPR Policy) Clause 4.1.)  The ETSI IPR Policy is, in turn, governed by French law.  (*Id.* Clause 12).  Libchaber devotes a subsection of his opening report to the interpretation of "timely" in Clause 4.1 under French law.  (Ex. 2 (Libchaber Opening Report) ¶¶ 36-41; 49-53).)  Dr. Wicker is not qualified to consider how "timely" in Clause 4.1 should be interpreted under French law, nor did he rely on Libchaber's expertise.  Dr. Wicker should be precluded from testifying that Qualcomm's patent disclosures to ETSI were not "timely".

Apple argues that Dr. Wicker's technical analysis comparing the ETSI standards to Qualcomm's patents is not an issue of French law.  (Opp'n 3-5.)  But Dr. Wicker opines that Qualcomm "did not timely declare" its patents to ETSI, and the meaning of "timely" *is* an issue of French law.  It is this opinion to which Qualcomm objects.

## CONCLUSION

For the foregoing reasons, Qualcomm respectfully requests that the Court grant its motion to exclude certain expert testimony of Rémy Libchaber and Stephen Wicker.

| | | |
|---|---|---|
| 1 | Dated: March 8, 2019 | Respectfully submitted, |
| 2 | | |
| 3 | | By   /s/ Evan R. Chesler |
| 4 | | Evan R. Chesler |

**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
(N.Y. Bar No. 2472603)
rstark@cravath.com
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651)
yeven@cravath.com
Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

|   |   |
|---|---|
| 1 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| 2 | David A. Nelson (*pro hac vice*) |
|   | (Ill. Bar No. 6209623) |
| 3 | davenelson@quinnemanuel.com |
|   | Stephen Swedlow (*pro hac vice*) |
| 4 | (Ill. Bar No. 6234550) |
|   | stephenswedlow@quinnemanuel.com |
| 5 | 500 West Madison St., Suite 2450 |
|   | Chicago, Illinois 60661 |
| 6 | Telephone:  (312) 705-7400 |
|   | Facsimile:  (312) 705-7401 |
| 7 |   |
| 8 | Alexander Rudis (*pro hac vice*) |
|   | (N.Y. Bar No. 4232591) |
| 9 | alexanderrudis@quinnemanuel.com |
|   | 51 Madison Ave., 22nd Floor |
| 10 | New York, New York 10010 |
|   | Telephone: (212) 849-7000 |
| 11 | Facsimile: (212) 849-7100 |
| 12 | Sean S. Pak (SBN 219032) |
|   | seanpak@quinnemanuel.com |
| 13 | 50 California St., 22nd Floor |
|   | San Francisco, California 94111 |
| 14 | Telephone: (415) 875-6600 |
|   | Facsimile: (415) 875-6700 |
| 15 |   |
| 16 | **JONES DAY** |
|   | Karen P. Hewitt (SBN 145309) |
| 17 | Randall E. Kay (SBN 149369) |
|   | rekay@jonesday.com |
| 18 | 4655 Executive Drive, Suite 1500 |
|   | San Diego, California 92121 |
| 19 | Telephone:  (858) 314-1200 |
|   | Facsimile:  (858) 345-3178 |
| 20 |   |
| 21 | *Attorneys for Defendant and Counterclaim-Plaintiff* |
| 22 | **QUALCOMM INCORPORATED** |
| 23 |   |
| 24 |   |
| 25 |   |
| 26 |   |
| 27 |   |
| 28 |   |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 8, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4(d).  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on March 8, 2019, at New York, New York.

By:   /s/ Evan R. Chesler
Evan R. Chesler
echesler@cravath.com
*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED