Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone:  (858) 314-1200
Facsimile:  (858) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD<br><br>**QUALCOMM INCORPORATED'S *EX PARTE* APPLICATION REGARDING AUTHENTICITY AND FOUNDATION OBJECTIONS AT TRIAL**<br><br>Judge:   Hon. Gonzalo P. Curiel |

PLEASE TAKE NOTICE THAT Qualcomm Incorporated hereby applies *ex parte* pursuant to Civil Local Rule 83.3(g) and the Court's Civil Pretrial Procedures for an order relating to exhibit objections, with the goal of streamlining the trial. Specifically, Qualcomm requests an order as follows:

- **Authenticity** (stipulated by the parties): Exhibits produced from a party's files in response to a discovery request in this action, *Federal Trade Commission v. Qualcomm Incorporated*, No. 17-cv-0220-LHK-NMC (N.D. Cal.), or *In re: Qualcomm Antitrust Litigation*, No. 17-md-2773-LHK-NMC (N.D. Cal.) (together, the "Party Produced Exhibits") shall be deemed authentic within the meaning of the Federal Rules of Evidence solely for the purposes of this action (the "Authenticity Stipulation");

- **Foundation**: Any Party Produced Exhibit may be admitted and used at trial by any Party without establishing authenticity and foundation for that Exhibit (the "Foundation Stipulation"); and

- **Reservation of Rights**: Each party reserves its right to raise a good-faith objection to the admissibility of any Party Produced Exhibit, provided such objection has been preserved and presented to the Court in a timely fashion.

District courts have broad discretion to impose rules pertaining to evidence in the interest of ensuring a fair and efficient trial. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2013 WL 5737310, at *2 (N.D. Cal. Oct. 22, 2013). This broad discretion includes limiting foundation and authenticity objections. *See, e.g.*, *United States v. Chikata*, 427 F.2d 385, 389 (9th Cir. 1970) (affirming order to stipulate where it was "quite apparent that the main purpose of stipulating to the authenticity of exhibits . . . was to avoid calling over 20 witnesses to identify the documents"); *United States v. Yagi*, No. CR-12-0483 EMC, 2013 WL 10570994, at *2 (N.D. Cal. Oct. 17, 2013)

1  ("The Court also expects the parties to agree to stipulate as to facts—including
2  the chain of custody/authenticity and foundation of exhibits—that are not
3  subject to reasonable dispute"); *United States v. Lindsey*, No. 2:11-CR-0217-
4  LDG-CWH, 2013 WL 12210167, at *1 (D. Nev. Mar. 22, 2013) ("In a
5  document-oriented case such as this, the parties are obligated to attempt to
6  jointly resolve any foundation aspects regarding the evidence before trial in the
7  interest of time and efficiency, and stipulate to any resolution" and "[t]he court
8  need only address those foundational issues with genuine import"); *Rogers v.
9  Fukase*, No. CIV. 10-00337 ACK, 2011 WL 2939851, at *3 (D. Haw. July 18,
10 2011) ("The parties are *strongly* advised to stipulate to the authenticity of
11 evidence before trial where there is no genuine dispute as to authenticity, and to
12 otherwise limit the controversy to matters that are genuinely disputed.").

13   Qualcomm tried to reach agreement with Apple on its proposed
14 stipulations.[1]  The parties ultimately agreed on the Authenticity Stipulation,[2] but
15 not on how to handle foundation objections.  At the November 30, 2018 Final
16 Pretrial Conference, the Court directed the parties to "do everything possible to
17 avoid silly disagreements about lack of foundation" for trial exhibits and urged
18 the parties not to require witnesses to "com[e] in from 2,000 miles away to
19 provide the foundation" for an exhibit.  (ECF No. 742, Final Pretrial Conf.
20 Tr. 12:4-7.)

21   Apple previously has agreed to the Foundation Stipulation.  Only one
22 month ago, Qualcomm and Apple entered into the Foundation Stipulation (or a
23 substantively identical version of it) for the trial before Judge Sabraw in
24 *Qualcomm Incorporated v. Apple Inc.*, No. 3:17-cv-1375-DMS-MDD (S.D.
25 Cal.) (the "1375 Trial"), which just ended.  (Ex. 1 at 1 n.1.)  On March 18,

26
27  [1] Qualcomm generally refers to Apple and the CMs collectively as "Apple".
    [2] *See* Nov. 27, 2018 Final Pretrial Conference Order (lodged) at 259.
28

2019, Qualcomm proposed to Apple that the parties enter into the Foundation Stipulation for trial in this case as well.  (Ex. 2, Attach. ¶¶ 15-17.)

But Apple has refused to agree to the Foundation Stipulation here. Rather, Apple maintains a Rule 602 foundation objection "to each and every" one of Qualcomm's proposed trial exhibits, and insists that "Qualcomm must demonstrate that all fact witnesses through which it seeks to introduce exhibits have personal knowledge of the exhibits and/or contents thereof."  (Ex. 3 ¶ 3.) Apple also objects "to each and every one of Qualcomm's exhibits to the extent Qualcomm seeks to admit the exhibit without a sponsoring witness", taking the position that "[n]o exhibit, including joint exhibits, may be used with a fact witness without an appropriate sponsor".  (*Id.* ¶ 4.)  Apple's position is that each Party Produced Exhibit (as well as other exhibits) must be used with a witness "who is identified in the Exhibit as a sender, author, or recipient of the Exhibit" (Ex. 4, Attach. ¶ 3), even if the evidence qualifies as a party admission. Apple's only "compromise" is that the parties need not elicit testimony from that witness to establish foundation.  (*Id.*)  Apple will consider exceptions only on a document-by-document basis and only if Qualcomm demonstrates why an exception is warranted.

Apple's proposed approach is unnecessary and inefficient for several reasons.  It would require the parties to identify and bring numerous witnesses to trial solely for the purpose of providing foundation for exhibits, even where foundation is not reasonably in dispute.  Apple's proposal is designed to make the presentation of evidence more difficult, and for no reason.  By contrast, Qualcomm's proposal would streamline the presentation of evidence and allow the parties, the Court, and the jury to focus on the merits of the claims—in other words, it would avoid "silly disagreements", as the Court urged the parties to do.

Apple effectively acknowledged the benefits of Qualcomm's proposed

1  approach when it agreed to the Foundation Stipulation only a month ago in the
2  trial before Judge Sabraw.  Apple has suggested that the 1375 Trial is
3  distinguishable because it was shorter and there were fewer claims there.  But
4  the added length and complexity of trial in this action *heightens*, rather than
5  weakens, the need for the Foundation Stipulation.  There is no reason to take a
6  different approach here, nor has Apple identified one.

7  Given Apple's refusal to compromise on this issue, and the need for
8  resolution before upcoming pretrial deadlines, Qualcomm respectfully seeks
9  this relief through an *ex parte* application.  On Sunday, March 24, 2019, the
10 parties must submit their witness lists and deposition designations to the Court.
11 Qualcomm's witness list and designations reflect Qualcomm's reasonable best
12 efforts to identify the witnesses who will actually be called and the designations
13 that will need to be played at trial, in light of the Court's instruction at the Final
14 Pretrial Conference that the parties should "do[] everything possible to be fair
15 and reasonable" and "to avoid silly disagreements about lack of foundation".
16 (Final Pretrial Conf. Tr. 12:4-15.)  On that basis, Qualcomm did not identify
17 witnesses or designations solely for the purpose of establishing foundation that
18 cannot reasonably be disputed.  Qualcomm submits that Apple's generalized
19 foundational objection to "each and every" exhibit on Qualcomm's exhibit list
20 is inconsistent with the Court's prior guidance on this matter and would
21 complicate, rather than streamline, the presentation of evidence at trial.

22 Accordingly, Qualcomm respectfully requests that the Court enter
23 Qualcomm's proposed Foundation Stipulation, as well as the agreed-upon
24 Authenticity Stipulation and the parties' reservation of rights.

| | | |
|---|---|---|
| 1 | Dated: March 21, 2019 | Respectfully submitted, |
| 2 | | |
| 3 | | By   /s/ *Evan R. Chesler* |
| 4 | | Evan R. Chesler |
| 5 | | **CRAVATH, SWAINE & MOORE LLP** |
| | | Evan R. Chesler (*pro hac vice*) |
| 6 | | (N.Y. Bar No. 1475722) |
| | | echesler@cravath.com |
| 7 | | Keith R. Hummel (*pro hac vice*) |
| | | (N.Y. Bar No. 2430668) |
| 8 | | khummel@cravath.com |
| | | Richard J. Stark (*pro hac vice*) |
| 9 | | (N.Y. Bar No. 2472603) |
| | | rstark@cravath.com |
| 10 | | Antony L. Ryan (*pro hac vice*) |
| | | (N.Y. Bar No. 2784817) |
| 11 | | aryan@cravath.com |
| | | Gary A. Bornstein (*pro hac vice*) |
| 12 | | (N.Y. Bar No. 2916815) |
| | | gbornstein@cravath.com |
| 13 | | J. Wesley Earnhardt (*pro hac vice*) |
| | | (N.Y. Bar No. 4331609) |
| 14 | | wearnhardt@cravath.com |
| | | Yonatan Even (*pro hac vice*) |
| 15 | | (N.Y. Bar No. 4339651) |
| | | yeven@cravath.com |
| 16 | | Vanessa A. Lavely (*pro hac vice*) |
| | | (N.Y. Bar No. 4867412) |
| 17 | | vlavely@cravath.com |
| | | Worldwide Plaza |
| 18 | | 825 Eighth Avenue |
| | | New York, NY 10019 |
| 19 | | Telephone:  (212) 474-1000 |
| | | Facsimile:  (212) 474-3700 |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| 1 | |
| 2 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| 3 | David A. Nelson (*pro hac vice*)<br>(Ill. Bar No. 6209623) |
| 4 | davenelson@quinnemanuel.com<br>Stephen Swedlow (*pro hac vice*) |
| 5 | (Ill. Bar No. 6234550)<br>stephenswedlow@quinnemanuel.com |
| 6 | 500 West Madison St., Suite 2450<br>Chicago, Illinois 60661 |
| 7 | Telephone:  (312) 705-7400<br>Facsimile:  (312) 705-7401 |
| 8 | |
| 9 | Alexander Rudis (*pro hac vice*)<br>(N.Y. Bar No. 4232591) |
| 10 | alexanderrudis@quinnemanuel.com<br>51 Madison Ave., 22nd Floor |
| 11 | New York, New York 10010<br>Telephone: (212) 849-7000 |
| 12 | Facsimile: (212) 849-7100 |
| 13 | Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com |
| 14 | 50 California St., 22nd Floor<br>San Francisco, CA 94111 |
| 15 | Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| 16 | |
| 17 | **JONES DAY**<br>Karen P. Hewitt (SBN 145309) |
| 18 | kphewitt@jonesday.com<br>Randall E. Kay (SBN 149369) |
| 19 | rekay@jonesday.com<br>4655 Executive Drive, Suite 1500 |
| 20 | San Diego, California 92121<br>Telephone:  (858) 314-1200 |
| 21 | Facsimile:  (858) 345-3178 |
| 22 | *Attorneys for Defendant and Counterclaim-Plaintiff* |
| 23 | **QUALCOMM INCORPORATED** |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

|   |   |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | The undersigned hereby certifies that true and correct copies of the |
| 3 | above and foregoing documents have been served on March 21, 2019, to all |
| 4 | counsel of record who are deemed to have consented to electronic service via |
| 5 | the Court's CM/ECF system per Civil Local Rule 5.4(d).  Any other counsel of |
| 6 | record will be served by electronic mail, facsimile and/or overnight delivery. |
| 7 | I certify under penalty of perjury that the foregoing is true and |
| 8 | correct.  Executed on March 21, 2019, at New York, New York. |

By: */s/ Evan R. Chesler*

Evan R. Chesler
echesler@cravath.com
*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED