# Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

IN RE: QUALCOMM LITIGATION

No. 3:17-cv-0108-GPC-MDD

**EXHIBIT C:  REVISED JOINT PROPOSED JURY INSTRUCTIONS**

Judge:         Hon. Gonzalo P. Curiel
Courtroom:  2D
Date:           March 28, 2019
Time:           1:30 p.m.

# TABLE OF CONTENTS

## PRELIMINARY INSTRUCTIONS

Duty of Jury ................................................................................................ 2

Burden of Proof – Preponderance of the Evidence ................................. 4

Burden of Proof – Clear and Convincing Evidence ............................... 5

Two or More Parties – Different Legal Rights ........................................ 6

What Is Evidence ...................................................................................... 7

What Is Not Evidence ............................................................................... 8

Direct and Circumstantial Evidence ..................................................... 10

Ruling on Objections ............................................................................. 11

Credibility of Witnesses ........................................................................ 12

Expert Opinion ....................................................................................... 14

Conduct of the Jury ............................................................................... 15

Taking Notes .......................................................................................... 18

Bench Conferences and Recesses ......................................................... 19

Outline of Trial ...................................................................................... 20

Stipulations of Fact ............................................................................... 21

## INSTRUCTIONS DURING TRIAL

Deposition in Lieu of Live Testimony .................................................. 23

Foreign Language Testimony ................................................................ 24

Use of Interrogatories ........................................................................... 25

Use of Requests For Admission ............................................................ 26

## CLOSING INSTRUCTIONS

Duty of Jury ........................................................................................... 28

Burden of Proof – Preponderance of the Evidence ............................. 29

Burden of Proof – Clear and Convincing Evidence ............................. 30

Two or More Parties – Different Legal Rights ........................................ 31

What Is Evidence ....................................................................................... 32

What is Not Evidence ................................................................................ 33

Direct and Circumstantial Evidence ....................................................... 35

Credibility of Witnesses ........................................................................... 36

Impeachment Evidence - Witness ........................................................... 38

Expert Opinion ........................................................................................... 39

Charts and Summaries Not Received in Evidence ................................ 40

Charts and Summaries Received in Evidence ........................................ 41

Bench Conferences and Recesses ............................................................ 42

Duty to Deliberate ..................................................................................... 43

Consideration Of Evidence—Conduct of the Jury ............................... 44

Communication with the Court ............................................................... 46

Return of Verdict ....................................................................................... 47

Introduction To Claims and Affirmative Defenses .............................. 48

## **<u>BREACH OF CONTRACT</u>**

Breach of Contract—Essential Factual Elements .................................. 50

Disputed Term ............................................................................................ 51

Meaning of Ordinary Words (All Contracts) ......................................... 52

Meaning of Technical Words (All Contracts) ......................................... 53

Construction of Contract as a Whole (All Contracts) ........................... 54

Construction of Contract By Conduct (All Contracts) .......................... 55

Breach of Implied Covenant of Good Faith—Essential Factual Elements ............. 56

Introduction to Contract Damages ........................................................... 58

Causation ..................................................................................................... 59

Contract Damages—Jurors Not To Consider Attorney Fees and Court Costs ....... 60

1

**TORTIOUS INTERFERENCE**

2   Tortious Interference—Introduction to Tort Damages ........................................... 62

3   **SECTION 1 OF THE SHERMAN ACT AND THE CARTWRIGHT ACT**

4   Section 1 of the Sherman Act and the Cartwright Act—General ........................... 64

5   Section 1 of the Sherman Act and the Cartwright Act—General—Rule of

6       Reason—Overview ........................................................................................ 65

7   Section 1 of the Sherman Act and the Cartwright Act ........................................... 67

8   General—Rule of Reason—Evidence of Competitive Benefits ............................. 67

9   Section 1 of the Sherman Act and the Cartwright Act—General—Rule of

10      Reason—Balancing the Competitive Effects ..................................................... 68

11  Section 1 of the Sherman Act and the Cartwright Act—Tying Arrangements ....... 69

12  Section 1 of the Sherman Act and the Cartwright Act—Rationale for Prohibition of

13      Tying Arrangements ...................................................................................... 70

14  Section 1 of the Sherman Act and the Cartwright Act—Tying —Presence of Two

15      Products ........................................................................................................ 71

16  Section 1 of the Sherman Act and the Cartwright Act—Business Justification

17      Defense ......................................................................................................... 73

18  **ANTITRUST LAW CAUSATION AND DAMAGES**

19  Antitrust Damages—Introduction and Purpose ..................................................... 76

20  Causation and Damages—Multiple Plaintiffs ....................................................... 78

21  **AFFIRMATIVE DEFENSES**

22  Negative Defenses/Affirmative Defenses ............................................................. 80

23  Affirmative Defenses Are Not Evidence ............................................................... 81

24  Affirmative Defense—Antitrust Mitigation .......................................................... 82

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **PRELIMINARY INSTRUCTIONS**

1

## JOINT PROPOSED INSTRUCTION NO. 1

2

## DUTY OF JURY

3      Members of the jury:  You are now the jury in this case.  It is my duty to

4  instruct you on the law.

5      These instructions are preliminary instructions to help you understand the

6  principles that apply to civil trials and to help you understand the evidence as you

7  listen to it.  You will be allowed to keep this set of instructions to refer to

8  throughout the trial.  These instructions are not to be taken home and must remain

9  in the jury room when you leave in the evenings.  At the end of the trial, these

10  instructions will be collected and I will give you a final set of instructions.  It is the

11  final set of instructions that will govern your deliberations.

12      It is your duty to find the facts from all the evidence in the case.  To those

13  facts you will apply the law as I give it to you.  You must follow the law as I give

14  it to you whether you agree with it or not.  And you must not be influenced by any

15  personal likes or dislikes, opinions, prejudices or sympathy.  That means that you

16  must decide the case solely on the evidence before you.  You will recall that you

17  took an oath to do so.

18      Please do not read into these instructions or anything I may say or do that I

19  have an opinion regarding the evidence or what your verdict should be.

20

21

22  *Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated

23  Sept. 2018) 1.2

24  Given  _____

25  Denied  _____

26  Withdrawn  _____

27

28

**EXHIBIT C:  REVISED JOINT**                           **-2-**                          **CASE NO. 3:17-CV-0108-GPC-MDD**
**PROPOSED JURY INSTRUCTIONS**

1  Modified _____

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **JOINT PROPOSED INSTRUCTION NO. 2**

## **BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 1.6

Given  _____

Denied  _____

Withdrawn  _____

Modified _____

1            **<u>JOINT PROPOSED INSTRUCTION NO. 3</u>**

2       **<u>BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE</u>**

3       When a party has the burden of proving any claim or defense by clear and

4 convincing evidence, it means that the party must present evidence that leaves you

5 with a firm belief or conviction that it is highly probable that the factual

6 contentions of the claim or defense are true.  This is a higher standard of proof than

7 proof by a preponderance of the evidence, but it does not require proof beyond a

8 reasonable doubt.

9

10

11 *Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated

12 Sept. 2018) 1.7

13 Given  _____

14 Denied  _____

15 Withdrawn  _____

16 Modified _____

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT PROPOSED INSTRUCTION NO. 4

## TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately.  Unless otherwise stated, the Instructions apply to all parties.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 1.8

Given  _____

Denied  _____

Withdrawn  _____

Modified _____

## JOINT PROPOSED INSTRUCTION NO. 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I may instruct you to accept as proved.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 1.9

Given   _____

Denied   _____

Withdrawn   _____

Modified _____

# JOINT PROPOSED INSTRUCTION NO. 6

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3.   Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.   Anything you may see or hear when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1 | *Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated

2 | Sept. 2018) 1.10

3 | Given _____

4 | Denied _____

5 | Withdrawn _____

6 | Modified _____

1

2

### JOINT PROPOSED INSTRUCTION NO. 7
### DIRECT AND CIRCUMSTANTIAL EVIDENCE

3    Evidence may be direct or circumstantial.  Direct evidence is direct proof of

4  a fact, such as testimony by a witness about what that witness personally saw or

5  heard or did.  Circumstantial evidence is proof of one or more facts from which

6  you could find another fact.  You should consider both kinds of evidence.  The law

7  makes no distinction between the weight to be given to either direct or

8  circumstantial evidence.  It is for you to decide how much weight to give to any

9  evidence.

10

11

12  *Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated

13  Sept. 2018) 1.12

14  Given  _____

15  Denied  _____

16  Withdrawn  _____

17  Modified _____

18

19

20

21

22

23

24

25

26

27

28

1
2

# JOINT PROPOSED INSTRUCTION NO. 8

# RULING ON OBJECTIONS

3    There are rules of evidence that control what can be received into evidence.
4  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on
5  the other side thinks that it is not permitted by the rules of evidence, that lawyer
6  may object.  If I overrule the objection, the question may be answered or the
7  exhibit received.  If I sustain the objection, the question cannot be answered, and
8  the exhibit cannot be received.  Whenever I sustain an objection to a question, you
9  must ignore the question and must not guess what the answer might have been.

10    Sometimes I may order that evidence be stricken from the record and that
11  you disregard or ignore that evidence.  That means when you are deciding the case,
12  you must not consider the stricken evidence for any purpose.

13
14

15  *Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated
16  Sept. 2018) 1.13

17  Given  _____

18  Denied  _____

19  Withdrawn  _____

20  Modified _____

21
22
23
24
25
26
27
28

## JOINT PROPOSED INSTRUCTION NO. 9
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case, if any;

5.  the witness's bias or prejudice, if any;

6.  whether other evidence contradicted the witness's testimony;

7.  the reasonableness of the witness's testimony in light of all the evidence; and

8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some

1    things but told the truth about others, you may accept the part you think is true and

2    ignore the rest.

3        The weight of the evidence as to a fact does not necessarily depend on the

4    number of witnesses who testify about it.  What is important is how believable the

5    witnesses were, and how much weight you think their testimony deserves.

6

7

8    *Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated

9    Sept. 2018) 1.14

10    Given  _____

11    Denied  _____

12    Withdrawn  _____

13    Modified _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT PROPOSED INSTRUCTION NO. 10

## EXPERT OPINION

You will hear testimony from witnesses who will testify to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 2.13

Given _____

Denied _____

Withdrawn _____

Modified _____

## JOINT PROPOSED INSTRUCTION NO. 11
## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. I have instructed the attorneys and their teams not to speak with you during the trial. If you are asked or approached in any way about your jury service or

1    anything about this case, you must respond that you have been ordered not

2    to discuss the matter and report the contact to the court.

3            Because you will receive all the evidence and legal instruction you

4    properly may consider to return a verdict: do not read, watch or listen to any

5    news or media accounts or commentary about the case or anything to do

6    with it; do not do any research, such as consulting dictionaries, searching the

7    Internet, or using other reference materials; and do not make any

8    investigation or in any other way try to learn about the case on your own.

9    Do not visit or view any place discussed in this case, and do not use Internet

10   programs or other devices to search for or view any place discussed during

11   the trial.  Also, do not do any research about this case, the law, or the people

12   involved—including the parties, the witnesses or the lawyers—until you

13   have been excused as jurors.  If you happen to read or hear anything

14   touching on this case in the media, turn away and report it to me as soon as

15   possible.

16           These rules protect each party's right to have this case decided only on

17   evidence that has been presented here in court.  Witnesses here in court take an

18   oath to tell the truth, and the accuracy of their testimony is tested through the trial

19   process.  If you do any research or investigation outside the courtroom, or gain any

20   information through improper communications, then your verdict may be

21   influenced by inaccurate, incomplete or misleading information that has not been

22   tested by the trial process.  Each of the parties is entitled to a fair trial by an

23   impartial jury, and if you decide the case based on information not presented in

24   court, you will have denied the parties a fair trial.  Remember, you have taken an

25   oath to follow the rules, and it is very important that you follow these rules.

26

27

28   **EXHIBIT C:  REVISED JOINT**          -16-
     **PROPOSED JURY INSTRUCTIONS**                    CASE NO. 3:17-CV-0108-GPC-MDD

1    A juror who violates these restrictions jeopardizes the fairness of these

2    proceedings[, and a mistrial could result that would require the entire trial process

3    to start over].  If any juror is exposed to any outside information, please notify the

4    court immediately.

5

6

7    *Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated

8    Sept. 2018) 1.15

9    Given  _____

10   Denied  _____

11   Withdrawn  _____

12   Modified _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT C:  REVISED JOINT PROPOSED JURY INSTRUCTIONS**                    -17-                    **CASE NO. 3:17-CV-0108-GPC-MDD**

1
2

## JOINT PROPOSED INSTRUCTION NO. 12

## TAKING NOTES

3       If you wish, you may take notes to help you remember the evidence.  If you
4   do take notes, please keep them to yourself until you and your fellow jurors go to
5   the jury room to decide the case.  Do not let notetaking distract you.  When you
6   leave, your notes should be left in the courtroom.  No one will read your notes.

7       Whether or not you take notes, you should rely on your own memory of the
8   evidence.  Notes are only to assist your memory.  You should not be overly
9   influenced by your notes or those of other jurors.

10
11

12  *Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated
13  Sept. 2018) 1.18
14  Given  _____
15  Denied  _____
16  Withdrawn  _____
17  Modified _____

18
19
20
21
22
23
24
25
26
27
28

1
2

## JOINT PROPOSED INSTRUCTION NO. 13
## BENCH CONFERENCES AND RECESSES

3
4
5
6
7
8
9

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

10
11
12
13

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

14
15
16
17

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 1.20

18
19
20
21

Given _____

Denied _____

Withdrawn _____

Modified _____

22
23
24
25
26
27
28

1

## JOINT PROPOSED INSTRUCTION NO. 14

2

## OUTLINE OF TRIAL

3       Trials proceed in the following way:  First, the parties may make an opening

4   statement.  An opening statement is not evidence.  It is simply an outline to help

5   you understand what that party expects the evidence will show.  A party is not

6   required to make an opening statement.

7       Apple and the CMs will then present evidence, and counsel for Qualcomm

8   may cross-examine.  Then Qualcomm may present evidence, and counsel for

9   Apple and the CMs may cross-examine.  Finally, the parties may present rebuttal

10   evidence and the other parties may cross-examine any rebuttal witnesses.

11       After the evidence has been presented, I will instruct you on the law that

12   applies to the case and the attorneys will make closing arguments.

13       After that, you will go to the jury room to deliberate on your verdict.

14

15

16   *Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated

17   Sept. 2018) 1.21

18   Given  _____

19   Denied  _____

20   Withdrawn  _____

21   Modified _____

22

23

24

25

26

27

28

1

## <u>JOINT PROPOSED INSTRUCTION NO. 15</u>

2

## <u>STIPULATIONS OF FACT</u>

3        The parties have agreed to certain facts that will be read to you.  You must

4   therefore treat these facts as having been proved.

5

6

7   *Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated

8   Sept. 2018) 2.2

9   Given  _____

10  Denied  _____

11  Withdrawn  _____

12  Modified _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>INSTRUCTIONS DURING TRIAL</u>**

1

2

## JOINT PROPOSED INSTRUCTION NO. 16

## DEPOSITION IN LIEU OF LIVE TESTIMONY

3      A deposition is the sworn testimony of a witness taken before trial.  The

4   witness is placed under oath to tell the truth and lawyers for each party may ask

5   questions.  The questions and answers are recorded.  Under certain circumstances,

6   the deposition of that person may be used at the trial.

7      Insofar as possible, you should consider deposition testimony, presented to

8   you in court in lieu of live testimony, in the same way as if the witness had been

9   present to testify.

10

11

12   *Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated

13   Sept. 2018) 2.4

14   Given  _____

15   Denied  _____

16   Withdrawn  _____

17   Modified _____

18

19

20

21

22

23

24

25

26

27

28

## JOINT PROPOSED INSTRUCTION NO. 17
## FOREIGN LANGUAGE TESTIMONY

You are about to hear testimony of a witness who will be testifying in the [*insert*] language.  Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know the [*insert*] language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 2.8

Given _____

Denied  _____

Withdrawn _____

Modified _____

## JOINT PROPOSED INSTRUCTION NO. 18

## USE OF INTERROGATORIES

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 2.11

Given  _____

Denied  _____

Withdrawn  _____

Modified  _____

## <u>JOINT PROPOSED INSTRUCTION NO. 19</u>
## <u>USE OF REQUESTS FOR ADMISSION</u>

Evidence will now be presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 2.12

Given  _____

Denied  _____

Withdrawn  _____

Modified _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **CLOSING INSTRUCTIONS**

## JOINT PROPOSED INSTRUCTION NO. 20

## DUTY OF JURY

Members of the Jury:  Now that you have heard all of the evidence it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

You must follow all of these instructions and not single out some and ignore others; they are all important.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 1.4

Given   _____

Denied   _____

Withdrawn   _____

Modified   _____

## JOINT PROPOSED INSTRUCTION NO. 21

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 1.6

Given _____

Denied _____

Withdrawn _____

Modified _____

## JOINT PROPOSED INSTRUCTION NO. 22

## BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 1.7

Given  _____

Denied  _____

Withdrawn  _____

Modified _____

1

## JOINT PROPOSED INSTRUCTION NO. 23

## TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 1.8

Given  _____

Denied  _____

Withdrawn  _____

Modified _____

## JOINT PROPOSED INSTRUCTION NO. 24

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 1.9

Given  _____

Denied  _____

Withdrawn  _____

Modified _____

## JOINT PROPOSED INSTRUCTION NO. 25

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 1.10

Given _____

Denied _____

Withdrawn _____

Modified _____

## JOINT PROPOSED INSTRUCTION NO. 26
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 1.12

Given  _____

Denied  _____

Withdrawn  _____

Modified _____

# JOINT PROPOSED INSTRUCTION NO. 27
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some

things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 1.14

Given _____

Denied _____

Withdrawn _____

Modified _____

## JOINT PROPOSED INSTRUCTION NO. 28

## IMPEACHMENT EVIDENCE - WITNESS

The evidence that a witness [e.g., has contradicted his or her prior statement etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 2.9

Given _____

Denied _____

Withdrawn _____

Modified _____

## JOINT PROPOSED INSTRUCTION NO. 29
## EXPERT OPINION

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 2.13

Given _____

Denied _____

Withdrawn _____

Modified _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT PROPOSED INSTRUCTION NO. 30

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 2.14

Given  _____

Denied  _____

Withdrawn  _____

Modified _____

## JOINT PROPOSED INSTRUCTION NO. 31

## CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other evidence that supports them. You should, therefore, give them only such weight as you think the supporting evidence deserves.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 2.15

Given  _____

Denied  _____

Withdrawn  _____

Modified _____

1
2

## JOINT PROPOSED INSTRUCTION NO. 32
## BENCH CONFERENCES AND RECESSES

3       From time to time during the trial, it became necessary for me to talk with

4   the attorneys out of the hearing of the jury, either by having a conference at the

5   bench when the jury was present in the courtroom, or by calling a recess.  Please

6   understand that while you were waiting, we were working.  The purpose of these

7   conferences is not to keep relevant information from you, but to decide how certain

8   evidence is to be treated under the rules of evidence and to avoid confusion and

9   error.

10       Of course, we have done what we could to keep the number and length of

11   these conferences to a minimum.  I did not always grant an attorney's request for a

12   conference.  Do not consider my granting or denying a request for a conference as

13   any indication of my opinion of the case or of what your verdict should be.

14

15

16   *Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated

17   Sept. 2018) 1.20

18   Given  _____

19   Denied  _____

20   Withdrawn  _____

21   Modified _____

22

23

24

25

26

27

28

## JOINT PROPOSED INSTRUCTION NO. 33

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 3.1

Given  _____

Denied  _____

Withdrawn  _____

Modified _____

1
2

### JOINT PROPOSED INSTRUCTION NO. 34
### CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

3   Because you must base your verdict only on the evidence received in the

4   case and on these instructions, I remind you that you must not be exposed to any

5   other information about the case or to the issues it involves.  Except for discussing

6   the case with your fellow jurors during your deliberations:

7   Do not communicate with anyone in any way and do not let anyone else

8   communicate with you in any way about the merits of the case or anything to do

9   with it.  This includes discussing the case in person, in writing, by phone or

10  electronic means, via email, via text messaging, or any internet chat room, blog,

11  website or application, including but not limited to Facebook, YouTube, Twitter,

12  Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to

13  communicating with your family members, your employer, the media or press, and

14  the people involved in the trial.  If you are asked or approached in any way about

15  your jury service or anything about this case, you must respond that you have been

16  ordered not to discuss the matter and to report the contact to the court.

17  Do not read, watch, or listen to any news or media accounts or commentary

18  about the case or anything to do with it; do not do any research, such as consulting

19  dictionaries, searching the Internet, or using other reference materials; and do not

20  make any investigation or in any other way try to learn about the case on your own.

21  Do not visit or view any place discussed in this case, and do not use Internet

22  programs or other devices to search for or view any place discussed during the

23  trial.  Also, do not do any research about this case, the law, or the people

24  involved—including the parties, the witnesses or the lawyers—until you have been

25  excused as jurors.  If you happen to read or hear anything touching on this case in

26  the media, turn away and report it to me as soon as possible.

27
28

1    These rules protect each party's right to have this case decided only on

2    evidence that has been presented here in court.  Witnesses here in court take an

3    oath to tell the truth, and the accuracy of their testimony is tested through the trial

4    process.  If you do any research or investigation outside the courtroom, or gain any

5    information through improper communications, then your verdict may be

6    influenced by inaccurate, incomplete or misleading information that has not been

7    tested by the trial process.  Each of the parties is entitled to a fair trial by an

8    impartial jury, and if you decide the case based on information not presented in

9    court, you will have denied the parties a fair trial.  Remember, you have taken an

10   oath to follow the rules, and it is very important that you follow these rules.

11   A juror who violates these restrictions jeopardizes the fairness of these

12   proceedings, and a mistrial could result that would require the entire trial process

13   to start over.  If any juror is exposed to any outside information, please notify the

14   court immediately.

15

16

17   *Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated

18   Sept. 2018) 3.2

19   Given   _____

20   Denied   _____

21   Withdrawn   _____

22   Modified _____

23

24

25

26

27

28

1

2

## JOINT PROPOSED INSTRUCTION NO. 35

## COMMUNICATION WITH THE COURT

3    If it becomes necessary during your deliberations to communicate with me,

4 you may send a note through the clerk, signed by any one or more of you.  No

5 member of the jury should ever attempt to communicate with me except by a

6 signed writing.  I will not communicate with any member of the jury on anything

7 concerning the case except in writing or here in open court.  If you send out a

8 question, I will consult with the lawyers before answering it, which may take some

9 time.  You may continue your deliberations while waiting for the answer to any

10 question.  Remember that you are not to tell anyone—including me or any Court

11 staff—how the jury stands, whether in terms of vote count or otherwise, until after

12 you have reached a unanimous verdict or have been discharged.

13

14

15 *Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated

16 Sept. 2018) 3.3

17 Given  _____

18 Denied  _____

19 Withdrawn  _____

20 Modified _____

21

22

23

24

25

26

27

28

## JOINT PROPOSED INSTRUCTION NO. 36
## RETURN OF VERDICT

A verdict form has been prepared for you.  The verdict form contains questions for you to answer.  Your answer to each question must be unanimous.  I am about to instruct you on the law that you are to use in answering these questions, and the verdict form will contain references to the relevant instructions. The verdict form contains directions that you must follow carefully.  If, based on your response to an earlier question, the directions tell you to skip a question, then you should not answer that question.  You may not be required to answer every question in the verdict form.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.


*Compare* Ninth Circuit Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) 3.5

Given  _____

Denied  _____

Withdrawn  _____

Modified  _____

1

## **JOINT PROPOSED INSTRUCTION NO. 37**

2

## **INTRODUCTION TO CLAIMS AND AFFIRMATIVE DEFENSES**

3

## **(APPLE/CM INSTRUCTION NO. 10)**

4

I am now going to explain to you the various claims and affirmative

5

defenses in this case.

6

7

8

Given  _____

9

Denied  _____

10

Withdrawn  _____

11

Modified _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6            **<u>BREACH OF CONTRACT</u>**
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT PROPOSED INSTRUCTION NO. 38

## BREACH OF CONTRACT—ESSENTIAL FACTUAL ELEMENTS

## (APPLE/CM INSTRUCTION NO. 78; QUALCOMM INSTRUCTION NO. 7)

To recover damages for breach of contract, the party asserting the breach of contract claim (which I will refer to as the "Claimant") must prove all of the following by a preponderance of the evidence:

1.   That the Claimant and the other party to the contract (which I will refer to as the "Counterparty") entered into a contract;

2.   That the Claimant did all, or substantially all, of the significant things that the contract required it to do; or that the Claimant was excused from having to do those things;

3.   That the Counterparty failed to do something that the contract required it to do;

4.   That the Claimant was harmed; and

5.   That the Counterparty's breach of contract was a substantial factor in causing the Claimant's harm.

*Compare* Judicial Council of California Civil Jury Instructions (2019 Edition) No. 303

Given   _____

Denied   _____

Withdrawn   _____

Modified _____

## JOINT PROPOSED INSTRUCTION NO. 39

## DISPUTED TERM[1]

## (APPLE/CM INSTRUCTION NO. 72; QUALCOMM INSTRUCTION NO. 8)

The parties dispute the terms in various contracts.  I will instruct you as to when there is a need to interpret the contracts.  The following instructions provide guidance as to how you should interpret the words in those contracts.

In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created.  You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

*Compare* Judicial Council of California Civil Jury Instructions (2019 Edition) No. 314

Given  _____

Denied  _____

Withdrawn  _____

Modified  _____

---

[1] This instruction will apply only to the extent the Court determines it is necessary to instruct the jury on interpreting contract terms.

1

2

3

4

## JOINT PROPOSED INSTRUCTION NO. 40

## MEANING OF ORDINARY WORDS (ALL CONTRACTS)[2]

## (APPLE/CM INSTRUCTION NO. 73; QUALCOMM INSTRUCTION NO. 10)

5

6

7

You should assume that the parties intended the words in a contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

8

9

10

11

*Compare* Judicial Council of California Civil Jury Instructions (2019 Edition) No. 315

12 Given  _____

13 Denied  _____

14 Withdrawn  _____

15 Modified  _____

16

17

18

19

20

21

22

23

24

25

26

27

[2] This instruction will apply only to the extent the Court determines it is necessary to instruct the jury on interpreting contract terms.

28

## JOINT PROPOSED INSTRUCTION NO. 41
## MEANING OF TECHNICAL WORDS (ALL CONTRACTS)[3]
## (APPLE/CM INSTRUCTION NO. 75; QUALCOMM INSTRUCTION NO. 11)

You should assume that the parties intended technical words used in a contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.

*Compare* Judicial Council of California Civil Jury Instructions (2019 Edition) No. 316

Given  _____

Denied  _____

Withdrawn  _____

Modified  _____

---

[3] This instruction will apply only to the extent the Court determines it is necessary to instruct the jury on interpreting contract terms.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT PROPOSED INSTRUCTION NO. 42

## CONSTRUCTION OF CONTRACT AS A WHOLE (ALL CONTRACTS)[4]

## (APPLE/CM INSTRUCTION NO. 74; QUALCOMM INSTRUCTION NO. 12)

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts.  You should use each part to help you interpret the others, so that all the parts make sense when taken together.

*Compare* Judicial Council of California Civil Jury Instructions (2019 Edition) No. 317

Given  _____

Denied  _____

Withdrawn  _____

Modified _____

---

[4] This instruction will apply only to the extent the Court determines it is necessary to instruct the jury on interpreting contract terms.

## JOINT PROPOSED INSTRUCTION NO. 43

## CONSTRUCTION OF CONTRACT BY CONDUCT (ALL CONTRACTS)[5]

## (APPLE/CM INSTRUCTION NO. 76; QUALCOMM INSTRUCTION NO. 13)

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

*Compare* Judicial Council of California Civil Jury Instructions (2019 Edition) No. 318

Given _____

Denied _____

Withdrawn _____

Modified _____

---

[5] This instruction will apply only to the extent the Court determines it is necessary to instruct the jury on interpreting contract terms.

## JOINT PROPOSED INSTRUCTION NO. 44
## BREACH OF IMPLIED COVENANT OF GOOD FAITH—ESSENTIAL FACTUAL ELEMENTS
## (APPLE/CM INSTRUCTION NO. 79; QUALCOMM INSTRUCTION NO. 16)

In every contract or agreement there is an implied promise of good faith and fair dealing.  This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract.  To establish a breach of the implied covenant of good faith and fair dealing, the Claimant must prove all of the following by a preponderance of the evidence:

1. That the Claimant and the Counterparty entered into a contract;

2. That the Claimant did all, or substantially all, of the significant things that the contract required it to do, or that it was excused from having to do those things;

3. That the Counterparty unfairly interfered with the Claimant's right to receive the benefits of the contract; and

4. That the Claimant was harmed by the Counterparty's conduct.

*Compare* Judicial Council of California Civil Jury Instructions (2019 Edition) No. 325

Given _____

Denied _____

Withdrawn _____

1   Modified _____

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED INSTRUCTION NO. 45**

**INTRODUCTION TO CONTRACT DAMAGES**

**(APPLE/CM INSTRUCTION NO. 84; QUALCOMM INSTRUCTION NO. 17)**

If you decide that Qualcomm, Apple or the CMs have proved any claims for breach of contract or breach of the implied covenant of good faith and fair dealing, you also must decide how much money will reasonably compensate that Claimant for the harm caused by the breach.  This compensation is called "damages."  The purpose of such damages is to put the Claimant in as good a position as it would have been if the Counterparty had performed as promised.

To recover damages for any harm, a Claimant must prove by a preponderance of the evidence that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as a result of the breach of the contract.

The Claimant also must prove the amount of its damages according to the following instructions.  It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

*Compare* Judicial Council of California Civil Jury Instructions (2019 Edition) No. 350

Given  _____

Denied  _____

Withdrawn  _____

Modified _____

# JOINT PROPOSED INSTRUCTION NO. 46

# CAUSATION

# (APPLE/CM INSTRUCTION NO. 81; QUALCOMM INSTRUCTION NO. 19)

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.  Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

*Compare* Judicial Council of California Civil Jury Instructions (2019 Edition) No. 430; *U.S. Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 909 (2005); Cal. Civ. Code § 3300; *Rich v. Shrader*, 2010 WL 3717373, at *5 (S.D. Cal. Sept. 17, 2010) ("A proximate cause of loss or damage is something that is a substantial factor in bringing about that loss or damage.")

Given  _____

Denied  _____

Withdrawn  _____

Modified _____

1

## JOINT PROPOSED INSTRUCTION NO. 47

2

## CONTRACT DAMAGES—JURORS NOT TO CONSIDER ATTORNEY

3

## FEES AND COURT COSTS

4

## (APPLE/CM INSTRUCTION NO. 86; QUALCOMM INSTRUCTION

5

## NO. 20)

6     You must not include as part of any award attorney fees or expenses that the

7  parties incurred in bringing or defending this lawsuit.  This instruction applies to

8  all of the claims in this case.

9

10

11  *Compare* Judicial Council of California Civil Jury Instructions (2019 Edition)

12  No. 3964

13  Given  _____

14  Denied  _____

15  Withdrawn  _____

16  Modified _____

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>TORTIOUS INTERFERENCE</u>**

## JOINT PROPOSED INSTRUCTION NO. 48

## TORTIOUS INTERFERENCE—INTRODUCTION TO TORT DAMAGES (APPLE/CM INSTRUCTION NO. 106; QUALCOMM INSTRUCTION NO. 22)

If you decide that Qualcomm has proved its tortious interference claim against Apple, you also must decide how much money will reasonably compensate the injured party for its harm.  This compensation is called "damages."

The amount of damages must include an award for the harm that was caused by the wrongful conduct, even if the particular harm could not have been anticipated.

Qualcomm does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

*Compare* Judicial Council of California Civil Jury Instructions (2019 Edition) No. 3900

Given  _____

Denied  _____

Withdrawn  _____

Modified _____

1
2
3
4
5
6   **<u>SECTION 1 OF THE SHERMAN ACT AND THE CARTWRIGHT ACT</u>**
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT PROPOSED INSTRUCTION NO. 49

## SECTION 1 OF THE SHERMAN ACT AND THE CARTWRIGHT ACT— GENERAL

## (APPLE/CM INSTRUCTION NO. 20; QUALCOMM INSTRUCTION NO. 31)

The CMs claim that Qualcomm violated Section 1 of the Sherman Act and a California statute called the Cartwright Act.

Section 1 of the Sherman Act and the Cartwright Act prohibit contracts that unreasonably restrain trade.  To establish a violation of Section 1 of the Sherman Act or the Cartwright Act, the CMs must prove the following by a preponderance of the evidence:

1.  The existence of a contract between or among at least two separate entities;

2.  That the contract unreasonably restrains trade; and

3.  That the restraint caused the CMs to suffer an injury to their business or property.

*Compare* ABA Model Jury Instructions in Civil Antitrust Cases at 2 (2016 Edition); Judicial Council of California Civil Jury Instructions (2019 Edition) No. 3405

Given _____

Denied _____

Withdrawn _____

Modified _____

## JOINT PROPOSED INSTRUCTION NO. 50

## SECTION 1 OF THE SHERMAN ACT AND THE CARTWRIGHT ACT— GENERAL—RULE OF REASON—OVERVIEW (APPLE/CM INSTRUCTION NO. 29; QUALCOMM INSTRUCTION NO. 32)

The CMs allege an unreasonable restraint of trade under the rule of reason. Under Section 1 of the Sherman Act and the Cartwright Act, a restraint of trade is illegal only if it is found to be unreasonable.  You must determine, therefore, whether the restraints that the CMs allege here are unreasonable.  In making this determination, you must first determine whether the CMs have proven that an alleged restraint has resulted in a substantial harm to competition in a relevant product market.  If you find that the CMs have proven that a challenged restraint results in a substantial harm to competition in a relevant product market, then you must consider whether a challenged restraint produces countervailing competitive benefits.  If you find that it does, then you must balance the competitive harm against the competitive benefit.  A challenged restraint is illegal under Section 1 of the Sherman Act or the Cartwright Act only if you find that the competitive harm substantially outweighs the competitive benefit.

I will now review each step of the analysis in more detail.


*Compare* ABA Model Jury Instructions in Civil Antitrust Cases at 3 (2016 Edition); Judicial Council of California Civil Jury Instructions (2019 Edition) No. 3411

Given _____

Denied  _____

Withdrawn  _____

Modified _____

## JOINT PROPOSED INSTRUCTION NO. 51
## SECTION 1 OF THE SHERMAN ACT AND THE CARTWRIGHT ACT
## GENERAL—RULE OF REASON—EVIDENCE OF COMPETITIVE BENEFITS
## (APPLE/CM INSTRUCTION NO. 31; QUALCOMM INSTRUCTION NO. 34)

If you find that the CMs have proven that an alleged restraint resulted in substantial harm to competition in a relevant market, then you next must determine whether the alleged restraint also benefits competition in other ways.  If you find that the alleged restraint does result in competitive benefits, then you also must consider whether the alleged restraint was reasonably necessary to achieve the benefits.  If the CMs prove that the same benefits could have been readily achieved by other, reasonably available alternative means that create substantially less harm to competition, then they cannot be used to justify the alleged restraint.

*Compare* ABA Model Jury Instructions in Civil Antitrust Cases at 8 (2016 Edition); Judicial Council of California Civil Jury Instructions (2019 Edition) No. 3411

Given _____

Denied _____

Withdrawn _____

Modified _____

## JOINT PROPOSED INSTRUCTION NO. 52
## SECTION 1 OF THE SHERMAN ACT AND THE CARTWRIGHT ACT— GENERAL—RULE OF REASON—BALANCING THE COMPETITIVE EFFECTS
## (APPLE/CM INSTRUCTION NO. 32; QUALCOMM INSTRUCTION NO. 35)

If you find that an alleged restraint was reasonably necessary to achieve competitive benefits, then you must balance those competitive benefits against the competitive harm resulting from the same alleged restraint.

If the competitive harm substantially outweighs the competitive benefits, then the alleged restraint is unreasonable.  If the competitive harm does not substantially outweigh the competitive benefits, then the alleged restraint is not unreasonable.  In conducting this analysis, you must consider the benefits and harm to competition and consumers, not just to a single competitor or group of competitors.  The CMs bear the burden of proving by a preponderance of the evidence that the anticompetitive effect of the conduct substantially outweighs its benefits.

*Compare* ABA Model Jury Instructions in Civil Antitrust Cases at 9 (2016 Edition); *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1484 (9th Cir. 1986)

Given _____

Denied _____

Withdrawn _____

Modified _____

1
2
3
4
5

<u>**JOINT PROPOSED INSTRUCTION NO. 53**</u>

<u>**SECTION 1 OF THE SHERMAN ACT AND THE CARTWRIGHT ACT—**</u>

<u>**TYING ARRANGEMENTS**</u>

<u>**(APPLE/CM INSTRUCTION NO. 21; QUALCOMM INSTRUCTION**</u>

<u>**NO. 37)**</u>

6
7
8

        A tying arrangement is one in which the seller will sell one product (referred to as the tying product) only on the condition that buyers also purchase a different product (referred to as the tied product).

9
10
11
12
13

*Compare* ABA Model Jury Instructions in Civil Antitrust Cases at 84 (2016 Edition); Judicial Council of California Civil Jury Instructions (2019 Edition) No. 3420

14 Given  _____

15 Denied  _____

16 Withdrawn  _____

17 Modified _____

18
19
20
21
22
23
24
25
26
27
28

1

## JOINT PROPOSED INSTRUCTION NO. 54

2

## SECTION 1 OF THE SHERMAN ACT AND THE CARTWRIGHT ACT—

3

## RATIONALE FOR PROHIBITION OF TYING ARRANGEMENTS

4

## (APPLE/CM INSTRUCTION NO. 22; QUALCOMM INSTRUCTION

5

## NO. 38)

6       Not all tying arrangements are unlawful.  The essential characteristic of an

7   invalid tying arrangement is a seller's exploitation of its market power over the

8   alleged tying product to force buyers to purchase the alleged tied product that

9   buyers did not want at all or might have preferred to purchase elsewhere.

10

11

12   *Compare* ABA Model Jury Instructions in Civil Antitrust Cases at 85

13   (2016 Edition)

14   Given  _____

15   Denied  _____

16   Withdrawn  _____

17   Modified _____

18

19

20

21

22

23

24

25

26

27

28

## JOINT PROPOSED INSTRUCTION NO. 55

## SECTION 1 OF THE SHERMAN ACT AND THE CARTWRIGHT ACT— TYING —PRESENCE OF TWO PRODUCTS

## (APPLE/CM INSTRUCTION NO. 24; QUALCOMM INSTRUCTION NO. 40)

To determine whether the alleged tying products and the alleged tied product are separate and distinct products, you should consider whether there would be demand for each of them if they were offered separately.  If enough customers would want to purchase the tying products alone and obtain the tied product alone to induce sellers generally to provide the tying products alone and the tied product alone, then the tying products and the tied product are separate products.  If there is very little demand for one of the products by itself, that is, without the other product, then the tying products and the tied product are not two separate products for the purposes of the tying claim, even if they are sometimes sold separately. Products may be separate products even if one of them is useless without the other. The relevant issue is whether there is sufficient demand from customers to induce sellers to provide them separately, even if the customer needs to obtain both products from one or more suppliers.

*Compare* ABA Model Jury Instructions in Civil Antitrust Cases at 90 (2016 Edition); Judicial Council of California Civil Jury Instructions (2019 Edition) No. 3422

Given _____

Denied _____

Withdrawn _____

1  Modified _____

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED INSTRUCTION NO. 56**

**SECTION 1 OF THE SHERMAN ACT AND THE CARTWRIGHT ACT— BUSINESS JUSTIFICATION DEFENSE**

**(APPLE/CM INSTRUCTION NO. 28; QUALCOMM INSTRUCTION NO. 44)**

If you find that the CMs have proven all of the elements of a tying claim, then you should consider whether Qualcomm has proven, by a preponderance of the evidence, a business justification for the tying arrangement. Qualcomm has the burden of proof on this issue.

In determining whether the tying arrangement is justified, you must decide whether it serves a legitimate business purpose of Qualcomm. In making this determination, you should consider whether the justification Qualcomm offers is the real reason that it imposed the tying arrangement.

You must also consider whether Qualcomm's claimed objective could reasonably have been realized through less restrictive means. Even if some type of constraint is necessary to promote a legitimate business interest, Qualcomm must not adopt a constraint that is more restrictive than reasonably necessary to achieve that interest.

In determining whether Qualcomm's objective could reasonably have been achieved through other means, you may assess such factors as whether other means to achieve Qualcomm's objective were more or less expensive and more or less effective than the means chosen by Qualcomm.

If you find that Qualcomm could reasonably have achieved its legitimate business purpose by less restrictive means, then you may find that there was no business justification and find for the CMs on the tying claim. If you find that the tying arrangement serves a legitimate business purpose of Qualcomm, and that

1  there are not less restrictive means reasonably available to achieve that purpose,

2  then you must find for Qualcomm and against the CMs on the tying claim.

3

4

5  *Compare* ABA Model Jury Instructions in Civil Antitrust Cases at 99

6  (2016 Edition); *In re Cipro Cases I & II*, 348 P.3d 845, 870-71 (Cal. 2015);

7  *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1483 (9th Cir. 1986)

8  Given  _____

9  Denied  _____

10  Withdrawn  _____

11  Modified  _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6          **<u>ANTITRUST LAW CAUSATION AND DAMAGES</u>**
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT PROPOSED INSTRUCTION NO. 57**

**ANTITRUST DAMAGES—INTRODUCTION AND PURPOSE**

**(APPLE/CM INSTRUCTION NO. 40; QUALCOMM INSTRUCTION NO. 58)**

If you find a violation of the antitrust laws and that this violation caused injury to the CMs, then you must determine the amount of antitrust damages, if any, the CMs are entitled to recover.

The fact that I am giving you instructions concerning the issue of the CMs' damages does not mean that I believe the CMs should, or should not, prevail in this case. If you reach a verdict for Qualcomm on the issue of liability on the CMs' antitrust claims, you should not consider the issue of damages for the CMs, and you may disregard the damages instruction that I am about to give.

The law provides that the CMs should be fairly compensated for all damages to their business or property that were a direct result or likely consequence of the conduct that you have found to be unlawful under the Sherman Act and the Cartwright Act.

Antitrust damages are only compensatory, meaning their purpose is to put an injured plaintiff as near as possible in the position in which it would have been had the alleged antitrust violation not occurred. The law does not permit you to award damages to punish a wrongdoer—what we sometimes refer to as punitive damages—or to deter particular conduct in the future. Furthermore, you are not permitted to award to the CMs an amount for attorneys' fees or the costs of maintaining this lawsuit.

1  *Compare ABA* Model Jury Instructions in Civil Antitrust Cases at 300-01, 304

2  (2016 Edition)

3  Given _____

4  Denied _____

5  Withdrawn _____

6  Modified _____

## JOINT PROPOSED INSTRUCTION NO. 58

## CAUSATION AND DAMAGES—MULTIPLE PLAINTIFFS

## (APPLE/CM INSTRUCTION NO. 46; QUALCOMM INSTRUCTION NO. 62)

If you award damages, you will be asked what sum of money would fairly and reasonably compensate each CM.  If you find that more than one CM is entitled to recover damages, exercise caution to be sure that each CM is awarded damages only for its own injuries.


*Compare ABA* Model Jury Instructions in Civil Antitrust Cases at 326 (2016 Edition); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1160 (9th Cir. 2001); Judicial Council of California Civil Jury Instructions (2019 Edition) No. 3933

Given _____

Denied  _____

Withdrawn _____

Modified _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **AFFIRMATIVE DEFENSES**

1
2
3

## <u>JOINT PROPOSED INSTRUCTION NO. 59</u>
## <u>NEGATIVE DEFENSES/AFFIRMATIVE DEFENSES</u>
## <u>(APPLE/CM INSTRUCTION NO. 110)</u>

4
5
6

As I explained to you earlier, a party can defend against a particular claim by asserting affirmative defenses.  I am now going to instruct you on the elements of these affirmative defenses.

7
8

9
10
11

Final Jury Instructions, *Pinnacle Fitness & Recreation Mgmt. v. Moyes Family Trust*, No. 08-CV-1368-GPC (S.D. Cal. Jan. 30, 2013) (Curiel, J.), Closing Instr. No. 27 (Dkt. No. 282) (modified)

12
Given _____

13
Denied _____

14
Withdrawn _____

15
Modified _____

16
17
18
19
20
21
22
23
24
25
26
27
28

1

## JOINT PROPOSED INSTRUCTION NO. 60

2

## AFFIRMATIVE DEFENSES ARE NOT EVIDENCE

3

## (APPLE/CM INSTRUCTION NO. 3; QUALCOMM INSTRUCTION NO. 65)

4   A party can defend against a particular claim by asserting that the party

5   asserting the claim has not met its burden of proof.  That is what is known as a

6   negative defense.  Every party against which a claim is asserted contends that the

7   party asserting the claim has failed to meet its burden of proof.  I therefore will not

8   instruct you on which negative defenses apply to each claim.

9   An "affirmative defense" is a party's assertion of facts and arguments that, if

10  true, would defeat another party's claim.  You must not interpret the fact that a

11  party has asserted an affirmative defense as an admission of guilt or as evidence

12  for any purpose.  You must consider affirmative defenses to claims that you find to

13  have been proved.

14

15

16  *Affirmative Defense, Black's Law Dictionary* (10th ed. 2014); Final Jury

17  Instructions, *Pinnacle Fitness & Recreation Mgmt. v. Moyes Family Trust*, No. 08-

18  CV-1368-GPC (S.D. Cal. Jan. 30, 2013) (Curiel, J.), Closing Instr. No. 27 (Dkt.

19  No. 282) (modified)

20  Given  _____

21  Denied  _____

22  Withdrawn  _____

23  Modified  _____

24

25

26

27

28

### JOINT PROPOSED INSTRUCTION NO. 61
### AFFIRMATIVE DEFENSE—ANTITRUST MITIGATION
### (APPLE/CM INSTRUCTION NO. 47; QUALCOMM INSTRUCTION NO. 71)

The CMs may not recover damages for any portion of their injuries with respect to the Sherman Act or the Cartwright Act that they could have avoided through the exercise of reasonable care and prudence.  The CMs are not entitled to increase any damages through inaction.  The law requires an injured party to take all reasonable steps it can to avoid further injury and thereby reduce its loss.  If the CMs failed to take reasonable steps available to them, and the failure to take those steps resulted in greater harm to the CMs than they would have suffered had they taken those steps, then the CMs may not recover any damages for that part of the injury they could have avoided.

Qualcomm has the burden of proof on this issue.  Qualcomm must prove by a preponderance of the evidence that the CMs:

1.      Acted unreasonably in failing to take specific steps to minimize or limit their losses;

2.      That the failure to take those specific steps resulted in their losses being greater than they would have been had they taken such steps; and

3.      The amount by which the CMs' loss would have been reduced had the CMs taken those steps.

In determining whether the CMs failed to take reasonable measures to limit their damages, you must remember that the law does not require the CMs to take every conceivable step that might reduce their damages.  The evidence must show that the CMs failed to take commercially reasonable measures that were open to

1   them.  Commercially reasonable measures mean those measures that a prudent

2   businessperson in the CMs' position would likely have adopted, given the

3   circumstances as they appeared at that time.  The CMs should be given wide

4   latitude in deciding how to handle the situation, so long as what the CMs did was

5   not unreasonable in light of the existing circumstances.

6        You should not consider this defense with respect to any claim by any party

7   unless it is identified in this instruction.

8

9

10   *Compare* ABA Model Jury Instructions in Civil Antitrust Cases at 324

11   (2016 Edition)

12   Given   _____

13   Denied   _____

14   Withdrawn   _____

15   Modified _____

16

17

18

19

20

21

22

23

24

25

26

27

28