| | |
|---|---|
| 1 | Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*) |
| 2 | echesler@cravath.com<br>CRAVATH, SWAINE & MOORE LLP |
| 3 | 825 Eighth Avenue<br>New York, NY 10019 |
| 4 | Telephone:  (212) 474-1000<br>Facsimile:  (212) 474-3700 |
| 5 | David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*) |
| 6 | davenelson@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 7 | 500 West Madison St., Suite 2450<br>Chicago, Illinois 60661 |
| 8 | Telephone:  (312) 705-7400<br>Facsimile:  (312) 705-7401 |
| 9 | Karen P. Hewitt (SBN 145309) |
| 10 | kphewitt@jonesday.com<br>JONES DAY |
| 11 | 4655 Executive Drive, Suite 1500<br>San Diego, California 92121 |
| 12 | Telephone:  (858) 314-1200<br>Facsimile:  (858) 345-3178 |
| 13 | [*Additional counsel identified on signature page*] |
| 14 | *Attorneys for Defendant and Counterclaim-Plaintiff*<br>QUALCOMM INCORPORATED |
| 15 | |
| 16 | **UNITED STATES DISTRICT COURT** |
| 17 | **SOUTHERN DISTRICT OF CALIFORNIA** |
| 18 | |

| | | |
|---|---|---|
| 19 | IN RE: QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD |
| 20 | | **QUALCOMM INCORPORATED'S MOTION REGARDING BCPA EVIDENCE** |
| 21 | | |
| 22 | | Judge:      Hon. Gonzalo P. Curiel<br>Courtroom: 2D |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................1

ARGUMENT .......................................................................................................1

I.     The Court Has Already Decided the Merits of Apple's BCPA Claims. .............1

II.     Evidence of the BCPA Order Should Be Excluded Under Rules 401 and 403. ...................................................................................................................4

III.     BCPA Evidence that Goes Only to Apple's Equitable Antitrust Claim Should Not Be Presented to the Jury. ...............................................................5

    A.     Evidence Regarding the BCPA Section 7 Dispute Is Not Relevant to Any Jury Claims. ..................................................................................5

    B.     Evidence Regarding the Regulatory Investigations of Qualcomm Should Be Excluded Under Rules 401 and 403. .........................................6

CONCLUSION ....................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*BP Amoco Chem. Co. v. Flint Hills Res., LLC*, 697 F. Supp. 2d 1001 (N.D. Ill. 2010) ................................................................................................................ 7

*Burdett v. Reynoso*, No. C-06-00720-JCS, 2007 WL 4554034 (N.D. Cal. Nov. 20, 2007) ........................................................................................................ 4

*Guidi v. Inter-Continental Hotels Corp.*, No. 95 Civ. 9006 (LAP), 2003 WL 1907904 (S.D.N.Y. Apr. 16, 2003) ........................................................................ 8

*Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) ................................................... 5

*Kramas v. Sec. Gas & Oil Inc.*, 672 F.2d 766 (9th Cir. 1982) ................................. 7

*Nw. Mut. Life Ins. Co. v. Koch*, 424 Fed. App'x. 621 (9th Cir. 2011) ................... 4

*Oyarzo v. Tuolumne Fire Dist.*, No. 1:11-cv-01271-SAB, 2013 WL 5718882 (E.D. Cal. Oct. 18, 2013) .................................................................................... 4

*Pecover v. Elecs. Arts Inc.*, 633 F. Supp. 2d 976 (N.D. Cal. 2009) ......................... 6

*Rios v. Tilton*, No. 2:07-cv-0790-KJN, 2016 WL 29567 (E.D. Cal. Jan. 4, 2016) .................................................................................................................. 4

*Sugar Ass'n Inc. v. McNeil-PPC*, No. 04-1007 (DSF), 2008 WL 4755611 (C.D. Cal. Jan. 1, 2008) ...................................................................................... 8

*UM Corp. v. Tsubaraya Prods. Co.*, No. 2:15-cv-03764-AB, 2017 WL 5983766 (C.D. Cal. Nov. 3, 2017) ...................................................................... 8

**Statutes & Rules**

Fed. R. Evid. 401 ................................................................................................. 7, 8

Fed. R. Evid. 404(b) ................................................................................................ 7

1  Following the Court's Order on Apple's Motion for Summary Judgment on
2  Qualcomm's BCPA Counterclaims, entered on March 13, 2019 (the "BCPA Order"),
3  Qualcomm files this motion to address the role of evidence at trial regarding the Business
4  Cooperation and Patent Agreement ("BCPA").

## INTRODUCTION

*First*, Qualcomm submits that, in granting summary judgment on Qualcomm's BCPA Section 7 counterclaims, the Court decided Apple's BCPA claims, too.  Nothing remains to be tried on Apple's claims, and they should not be submitted to the jury.  (*See* Part I.)  *Second*, Qualcomm submits that the Court's decision to grant summary judgment against Qualcomm on the BCPA claims is irrelevant to the remaining claims, and it would be unfairly prejudicial to Qualcomm for the jury to hear evidence that the Court already decided certain claims in Apple's favor as a matter of law.  Accordingly, the parties should not be permitted to refer to the BCPA Order at trial.  (*See* Part II.)  *Third*, Qualcomm submits that the role of evidence regarding the BCPA has fundamentally changed as a result of the BCPA Order.  Although evidence regarding the BCPA itself remains relevant for the very limited purpose of addressing the parties' economic arrangements, evidence of the BCPA Section 7 dispute—including evidence regarding regulatory investigations, Qualcomm's withholding of BCPA payments, and Apple's antitrust theories of "gagging" and "retaliation"—should not be heard by the jury because Apple's antitrust claim (on which Apple hangs the relevance of the BCPA) will be decided by the Court.  It would be distracting, unnecessary and unfairly prejudicial to Qualcomm to present this evidence to the jury.  This evidence therefore should be excluded under Rules 401 and 403. (*See* Part III.)  This relief is not only warranted under the Rules of Evidence, but also will meaningfully streamline this complex case.

## ARGUMENT

**I.    The Court Has Already Decided the Merits of Apple's BCPA Claims.**

Apple moved for summary judgment on only Qualcomm's Section 7 BCPA counterclaims, not on Apple's own, affirmative BCPA claims. (ECF 1027 at 4-5.) The

Court's BCPA Order was thus directed to only Qualcomm's BCPA counterclaims. (*Id.* at 2.) But the logical and practical consequence of the Court's BCPA Order is that the Court decided Apple's BCPA claims as well.

Qualcomm filed four counterclaims relating to Section 7 of the BCPA:

- Count VI:  breach of contract;
- Count VII:  breach of the implied covenant of good faith and fair dealing;
- Count VIII:  unjust enrichment (in the alternative to Counts VI and VII); and
- Count IX:  declaration that Qualcomm is released from any obligation to make further payments under the BCPA, including those for the second, third, and fourth quarters of 2016.  (Qualcomm SACC, ECF 469 at 158-65.)

Apple likewise filed four claims relating to Section 7 of the BCPA:

- Count I:  breach of contract for Qualcomm's nonpayment under Section 7 for the second, third, and fourth quarters of 2016;
- Count II:  breach of the implied covenant of good faith and fair dealing based on the same nonpayment;
- Count III:  violation of Cal. Civ. Code § 1671(b), on the theory that if Section 7 of the BCPA is interpreted as Qualcomm argues, it is an unenforceable liquidated damages provision; and
- Count IV:  declaratory relief, including declarations that Qualcomm breached its obligation to make payments under the BCPA; that Apple did not breach Section 7 of the BCPA; and that Apple's statements are protected by litigation privilege under Cal. Civ. Code § 47.  (Apple FAC, ECF 83 at 72-77.)

Qualcomm's and Apple's Section 7 BCPA claims are mirror images of each other. Qualcomm claimed that Apple should refund Qualcomm's BCPA payments; Apple claimed it need not.  (*See, e.g.*, Qualcomm SACC ¶¶ 359-61, 374; Apple FAC ¶ 279.) Apple claimed that Qualcomm should make BCPA payments for the second, third, and fourth quarters of 2016; Qualcomm claimed it need not.  (*See, e.g.*, Apple FAC ¶¶ 249-

253, 256, 279; Qualcomm SACC ¶ 380.)  Underlying each party's claims is the question whether Apple "initiate[d] or induce[d] certain types of litigation or investigations". (ECF 1027 at 1.)

The Court's BCPA Order resolved all of these questions, and thereby decided the parties' Section 7 BCPA claims in Apple's favor.  The Court decided that Apple did not initiate or induce any investigations during the term of the BCPA (or, if it did, that Apple's actions were not prohibited by the BCPA).  (*Id.* at 12-34.)  The Court decided that Qualcomm was not "denied [any] benefits to which it was lawfully entitled".  (*Id.* at 34.)  And the Court decided that Qualcomm "failed to raise a genuine issue of disputed fact as to whether the parties had a meeting of the minds" regarding the meaning of Section 7.  (*Id.* at 37.)  The Court's BCPA Order resolves the issues in dispute between the parties; there are no BCPA Section 7 issues left to try.  Qualcomm therefore expects that, based on the Court's rulings in the BCPA Order, the Court at an appropriate time will enter judgment for Apple on its Count I (that Qualcomm breached its obligation to make payments under the BCPA) and Count IV (declaration that Apple did not breach Section 7 of the BCPA).  This outcome would render moot Apple's Count II (breach of an implied covenant of good faith and fair dealing); Count III (that Section 7, as interpreted by Qualcomm, is an unreasonable liquidated damages provision); and Count IV (that Apple's statements, if breaches of the BCPA, were protected by litigation privilege) (*see* Apple FAC ¶ 279).

Apple does not appear to dispute that its BCPA claims have been decided as a practical matter.  At the March 14, 2019 hearing on the parties' motions *in limine* ("MiL Hearing"), Apple's counsel explained why Apple believes "the BCPA is still relevant" to Apple's antitrust claim but made no mention of its BCPA claims.  (MiL Hr'g Tr. 68:12-69:4.)  Indeed, Apple previously acknowledged that the parties' BCPA claims "overlap".  (ECF 1026-1 at 4.)

Although Qualcomm respectfully disagrees with the BCPA Order and reserves its right to appeal it once there is a final judgment, Qualcomm submits that, under the BCPA

1  Order, there are no remaining issues to try under Counts I, II, III, and IV of Apple's
2  Complaint.  For some reason, Apple moved for judgment on Qualcomm's BCPA
3  Section 7 counterclaims but not its own BCPA claims.  Apple should not be permitted by
4  this procedure to submit its Counts I, II, III, or IV to the jury, as there is now nothing left
5  for the jury to decide, and it would be unfairly prejudicial to Qualcomm for Apple to
6  present claims to the jury to which Qualcomm cannot—based on the Court's BCPA
7  Order—present any defense.

8  **II.    Evidence of the BCPA Order Should Be Excluded Under Rules 401 and 403.**

9  The Court should not permit any party to refer at trial to the BCPA Order or the
10 grant of partial summary judgment in Apple's favor.  The fact of the partial summary
11 judgment grant, and the rulings the Court made in the BCPA Order, are irrelevant to the
12 parties' remaining claims, and Qualcomm submits that it would be unfairly prejudicial to
13 Qualcomm for Apple to inform the jury that the Court previously ruled against
14 Qualcomm as a matter of law on some of the claims in this case.

15 As the Ninth Circuit has stated, "[e]vidence of a trial judge's interlocutory ruling
16 may be highly prejudicial" because the "influence of the trial judge on the jury" is
17 significant and may even "prove [to be] controlling".  *Nw. Mut. Life Ins. Co. v. Koch*, 424
18 F. App'x. 621, 624 (9th Cir. 2011).  For that reason, courts often prohibit reference in
19 jury trials to previous summary judgment rulings in the case.  For example, in *Rios v.*
20 *Tilton*, No. 2:07-cv-0790-KJN, 2016 WL 29567 (E.D. Cal. Jan. 4, 2016), the court
21 "grappled with whether to permit a jury to be informed about a prior entry of partial
22 summary judgment", *id.* at *4, and ruled that "neither party will be permitted to refer to
23 the fact of this finding", *id.* at *8.  Similarly, in *Burdett v. Reynoso*, No. C-06-00720-JCS,
24 2007 WL 4554034 (N.D. Cal. Nov. 20, 2007), the court ordered that "[t]here will be no
25 reference to the summary judgment ruling", *id.* at *3, while noting that "if any side opens
26 the door and offers evidence that contradicts the Court's . . . findings, then the Court will
27 consider instructing the jury on the Court's . . . findings", *id.* at *2.  And in *Oyarzo v.*
28 *Tuolumne Fire Dist.*, No. 1:11-cv-01271-SAB, 2013 WL 5718882 (E.D. Cal. Oct. 18,

2013), the court held that "[t]he fact that Defendants['] motion for summary judgment has been granted in respect to certain claim[s] or defendants is irrelevant and the admission of such evidence is highly prejudicial". *Id.* at *9. We submit that the same is true here.

### III. BCPA Evidence that Goes Only to Apple's Equitable Antitrust Claim Should Not Be Presented to the Jury.

Evidence concerning the BCPA Section 7 dispute, including evidence relating to regulatory investigations of Qualcomm, should not be presented to the jury. Apple has no jury claims left in this case, and the BCPA Section 7 dispute is not relevant to the CMs' antitrust claims. Evidence concerning that dispute would be highly prejudicial to Qualcomm before the jury.

#### A. Evidence Regarding the BCPA Section 7 Dispute Is Not Relevant to Any Jury Claims.

Apple contends that evidence relating to the BCPA is relevant to Apple's antitrust claim, based on Apple's theories that it suffered antitrust injuries (1) when Qualcomm "gagged" Apple by entering into the BCPA with Apple; and (2) when Qualcomm did not pay Apple the BCPA payments for the second, third and fourth quarters of 2016 in "retaliation" for Apple's interactions with antitrust regulators.[1] (Apple FAC ¶¶ 191, 243.) But Apple's BCPA-based "gagging" and "retaliation" theories do not provide any basis for submitting BCPA-related evidence to the jury—because Apple has no basis to submit its antitrust claim to the jury, period.

Apple has conceded, including in its March 12, 2019 motion to empanel an advisory jury, that there is no right to a jury trial on its antitrust claim. (ECF 1026-1 at 33 ("Undisputed – Claims for Court" includes Apple's "Count LXII (Sherman Act § 2)").) This is because Apple, unlike the CMs (who are entitled to a jury on their antitrust claims) can seek only equitable relief from the Court. As Apple put it: "Only the CMs' [antitrust] claim is triable to a jury as of right . . . . Apple seeks only injunctive relief." (ECF 1026-1 at 3); *see Illinois Brick Co. v. Illinois*, 431 U.S. 720, 736-38 (1977);

---

[1] As Qualcomm will demonstrate to the Court at the appropriate time, Apple's theories have no basis in law or fact.

*Pecover v. Elecs. Arts Inc.*, 633 F. Supp. 2d 976, 980 (N.D. Cal. 2009).[2] The CMs cannot avail themselves of Apple's BCPA-based antitrust theories. The CMs were not parties to the BCPA. Therefore the CMs could not have been "gagged" by any provision of the BCPA, nor could the CMs claim "retaliation" against them based on Qualcomm's non-payment of BCPA payments to Apple.

Accordingly, as a result of Apple's decision to move for summary judgment on Qualcomm's BCPA claims, and the Court's BCPA Order granting Apple's motion, there is no basis on which to present Apple's BCPA-based "gagging" or "retaliation" theories to the jury.

### B. Evidence Regarding the Regulatory Investigations of Qualcomm Should Be Excluded Under Rules 401 and 403.

Evidence regarding the regulatory investigations of Qualcomm are relevant, if at all, only to Apple's "gagging" and retaliation antitrust theories. Because the antitrust claim should not be presented to the jury, neither should evidence of the regulatory investigations. Notably, the reason Apple gave for opposing Qualcomm's proposed stipulation to exclude evidence of other antitrust proceedings was that "Qualcomm's overbroad proposal would bar use of such antitrust proceedings ***to establish Apple's claims of retaliation in violation of the antitrust laws*** and the BCPA." (ECF 1040 at 1 (emphasis added).) As Apple explained it, "[w]ithout this evidence, the jury will not be able to understand the exclusionary purpose and effects of Section 7 of the BCPA" (*id.* at 2), which is "crucial" to Apple's antitrust claim. For the reasons stated above, however, Apple's antitrust claim should not be tried to the jury (and its BCPA claims should not be

---

[2] In the parties' update regarding proposed jury instructions and verdict forms, filed last night, Apple renewed its request for an advisory jury on certain *claim elements* of its Sherman Act Section 2 claim, on a new "Antitrust Illegality" defense and on a new issue regarding whether the SULAs have a "lawful purpose". (ECF 1047-1 at 1-2.) All of these issues are for the Court, not the jury (ECF 1047-2 at 3), and Apple provides no good reason for the renewal of its request to empanel an advisory jury on these issues, which must ultimately be decided by the Court. To the contrary, Apple's choice to raise new issues and seek an advisory jury on specific elements of certain claims serves only to prove that its request is inappropriate, and appear to be designed to put prejudicial evidence before the jury notwithstanding that such evidence is irrelevant to the claims the jury must decide.

1  tried at all).  And Apple has not identified any other claim to which the regulatory
2  investigations are relevant.  There is none.
3         Further, evidence regarding the regulatory investigations should be excluded under
4  Rule 403 because it would confuse the issues and unfairly prejudice the jury with respect
5  to the claims that are properly before the jury.  This evidence is certain to lead to a series
6  of mini trials regarding Qualcomm's good-faith bases for withholding payments;
7  Qualcomm's and Apple's unsuccessful efforts to resolve the BCPA payment dispute
8  outside of litigation; Apple's interactions with and statements to multiple regulators over
9  many years; and the circumstances and results of each of those investigations.  These
10 mini trials are likely to confuse and mislead the jury and waste the jurors' time.  The risks
11 of juror confusion and time wasting are especially significant given the fact-intensive
12 nature of this evidence.
13        In addition, given that such evidence has no probative value to the claims the jury
14 must decide, there is a high risk of unfair prejudice to Qualcomm if such evidence were
15 presented to the jury. (*See* ECF 892 at 2-4 (explaining why evidence of other antitrust
16 proceedings would be highly prejudicial).)  Evidence of other antitrust proceedings does
17 not make it any "more or less probable" that Qualcomm violated any antitrust law based
18 on the specific claims in this matter. Fed. R. Evid. 401.  As Apple itself acknowledges,
19 "[t]here is no element of the parties' cause of action that would tend to be proven or
20 disproven by reference to other antitrust proceedings involving ***different facts, different***
21 ***markets, and different parties***." (ECF 867, Apple MiL 10 at 1, emphasis added).  Such
22 evidence would also be improper if offered for character or "propensity to act" purposes.
23 *See* Fed. R. Evid. 404(b); *Kramas v. Sec. Gas & Oil Inc.*, 672 F.2d 766, 772 (9th Cir.
24 1982) (upholding trial court's exclusion of other litigation evidence under 404(b)); *BP*
25 *Amoco Chem. Co. v. Flint Hills Res., LLC*, 697 F. Supp. 2d 1001, 1038 (N.D. Ill. 2010)
26 (upholding exclusion of prior litigation matters that "essentially amounted to propensity
27 evidence" in motion for new trial).
28        The prejudicial effect with respect to foreign antitrust proceedings is especially

1  great.  *See, e.g., UM Corp. v. Tsubaraya Prods. Co.*, No. 2:15-cv-03764-AB (AJWX),
2  2017 WL 5983766, at *8-9 (C.D. Cal. Nov. 3, 2017) (holding that "foreign findings are
3  not relevant" because they "do not tend to make any facts more or less probable" and
4  "may lead to confusion regarding the actual issues before the Court in the instant case");
5  *Sugar Ass'n Inc. v. McNeil-PPC*, No. 04-1007 (DSF), 2008 WL 4755611, at *2 (C.D.
6  Cal. Jan. 1, 2008) (excluding evidence of party's foreign judgments on Rule 401 and 403
7  grounds).  Juries are ill-equipped to contextualize evidence regarding fines levied by
8  foreign regulators and might abdicate their fact-finding responsibilities in deference to
9  foreign regulators' decisions.  Courts have recognized that admitting evidence of foreign
10 proceedings and results runs the risk of creating a "trial within a trial", where both parties
11 would seek to present evidence to explain the foreign system and argue why the foreign
12 decision should or should not be given any weight.  *See Guidi v. Inter-Continental Hotels*
13 *Corp.*, No. 95 Civ. 9006 (LAP), 2003 WL 1907904, at *2 (S.D.N.Y. Apr. 16, 2003).

14    For these reasons, the Court should preclude Apple from presenting to the jury evidence regarding Apple's BCPA-related "gagging" and "retaliation" theories.  Such evidence should be presented, to the extent it is relevant at all, to the Court for its consideration of Apple's antitrust claim.[3]

18                    *          *          *

19    As stated at the outset, Qualcomm acknowledges that certain evidence regarding the BCPA remains relevant for a limited purpose.  The parties will need to address the BCPA as part of the evidence on the parties' economic arrangements over time.  Apple and the CMs contend that Qualcomm's payments under the BCPA acted as effective "royalty rebates", and are therefore evidence that Qualcomm overcharged the CMs in violation of Qualcomm's FRAND commitments and the antitrust laws.  (CM Counterclaims ¶ 214; Ex. 1 (Leitzinger Rpt.) ¶¶ 50-54.)  While Qualcomm disagrees with

---

[3] All parties agree that some claims will be tried to the jury, while other claims will be tried to the Court.  Qualcomm will be prepared to address the issue of which claims fall into each bucket, and the logistics of how each set of claims will be tried, at the March 28, 2019 hearing.

1  Apple and the CMs' characterization of the BCPA payments as "royalty rebates" (*see*
2  Qualcomm SACC ¶¶ 35-36) and with the CMs' allegation that they have been
3  overcharged for the rights to use Qualcomm's patented technologies, the parties will
4  present their competing evidence on this issue at trial.  Thus, Qualcomm does not seek to
5  exclude evidence on the negotiation of the BCPA, the fact of the BCPA payments, or the
6  reasons for them, to the extent such evidence is presented for the limited purpose of
7  explaining the parties' economic arrangements.

8  But as the Court rightly observed, this is a "monstrosity of a case".  (MiL Hr'g Tr.
9  110:25.)  And this is an opportunity to meaningfully streamline it.  The jury should not
10 have to sit through extensive testimony about a contract dispute the Court has already
11 resolved, and Apple should not be permitted to present evidence on "gagging" and
12 "retaliation" theories—or related evidence concerning regulatory proceedings—that
13 relate only, if at all, to a claim that is not for the jury to decide.

## CONCLUSION

15 For the foregoing reasons, Qualcomm respectfully requests that (1) Counts I, II,
16 III, and IV of Apple's complaint not be submitted to the jury, as the merits of these
17 claims have already been decided by the Court's BCPA Order, and the Court will enter
18 judgment on these claims as appropriate (subject to Qualcomm's reservation of its right
19 to appeal from the BCPA Order); (2) the Court prohibit the parties from referring in the
20 presence of the jury to the BCPA Order or the grant of partial summary judgment in
21 Apple's favor; and (3) the Court exclude evidence from the presentation to the jury
22 regarding (a) Apple's BCPA-based "gagging" theory, (b) Apple's BCPA-based
23 "retaliation" theory, including the fact of Qualcomm's withholding of BCPA payments,
24 and (c) antitrust investigations of Qualcomm.

| | | |
|---|---|---|
| 1 | Dated: March 22, 2019 | Respectfully submitted, |
| 2 | | |
| 3 | | By  /s/ *Evan R. Chesler* |
| 4 | |     Evan R. Chesler |

**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
(N.Y. Bar No. 2472603)
rstark@cravath.com
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651)
yeven@cravath.com
Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Stephen Swedlow (*pro hac vice*)
(Ill. Bar No. 6234550)
stephenswedlow@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401

Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**JONES DAY**
Karen P. Hewitt (SBN 145309)
Randall E. Kay (SBN 149369)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone:  (858) 314-1200
Facsimile:  (858) 345-3178

*Attorneys for Defendant and Counterclaim-Plaintiff*
**QUALCOMM INCORPORATED**

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | The undersigned hereby certifies that a true and correct copy of the above and |
| 3 | foregoing document has been served on March 22, 2019, to all counsel of record who are |
| 4 | deemed to have consented to electronic service via the Court's CM/ECF system per Civil |
| 5 | Local Rule 5.4(d).  Any other counsel of record will be served by electronic mail, |
| 6 | facsimile and/or overnight delivery. |
| 7 | I certify under penalty of perjury that the foregoing is true and correct.  Executed |
| 8 | on March 22, 2019, at New York, New York. |

By: */s/ Evan R. Chesler*

Evan R. Chesler
echesler@cravath.com
*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED