1  Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
   echesler@cravath.com
2  CRAVATH, SWAINE & MOORE LLP
   825 Eighth Avenue
3  New York, New York 10019
   Telephone:  (212) 474-1000
4  Facsimile:  (212) 474-3700

5  David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
   davenelson@quinnemanuel.com
6  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   500 West Madison St., Suite 2450
7  Chicago, Illinois 60661
   Telephone:  (312) 705-7400
8  Facsimile:  (312) 705-7401

9  Karen P. Hewitt (SBN 145309)
   kphewitt@jonesday.com
10 JONES DAY
   4655 Executive Drive, Suite 1500
11 San Diego, California 92121
   Telephone:  (858) 314-1200
12 Facsimile:  (858) 345-3178

13 [*Additional counsel identified on signature page*]

14 *Attorneys for Defendant and Counterclaim-Plaintiff*
   QUALCOMM INCORPORATED

15

16                    **UNITED STATES DISTRICT COURT**

17                    **SOUTHERN DISTRICT OF CALIFORNIA**

18

19  IN RE:  QUALCOMM              No. 3:17-CV-0108-GPC-MDD
    LITIGATION
20                               **QUALCOMM INCORPORATED'S**
                                 **MOTION TO SET THE ORDER OF**
21                               **PRESENTATION AT TRIAL AND TO**
                                 **PERMIT THE PRESENTATION OF**
22                               **LIMITED EVIDENCE OUTSIDE THE**
                                 **PRESENCE OF THE JURY**
23

24                               Judge:     Hon. Gonzalo P. Curiel
                                 Courtroom: 2D
25

26                               ███████████████████

27

28

1

# **TABLE OF CONTENTS**

2

**Page**

3  TABLE OF AUTHORITIES ................................................................................. ii

4  INTRODUCTION ............................................................................................... 1

5  BACKGROUND ................................................................................................. 2

6  ARGUMENT ....................................................................................................... 4

7  I.      Qualcomm Should Present Its Case First. ................................................. 4

8  II.     The Court Should Hear Evidence Relevant Only to the Non-Jury Claims

9          Outside the Presence of the Jury ............................................................... 6

10  CONCLUSION .................................................................................................. 10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701 (3d Cir. 1996) ................................. 4

*DePinto v. Provident Sec. Life Ins. Co.*, 323 F.2d 826 (9th Cir. 1963) ............................. 6

*Ill. Tool Works, Inc. v. MOC Prods. Co.*, 946 F. Supp. 2d 1042 (S.D. Cal. 2012) .................................................................................................... 7

*Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135 (N.D. Iowa 2003) ....................................................................................... 6, 9

*Plumtree Software, Inc. v. Datamize, LLC*, No. C 02-5693 VRW, 2003 WL 25841157 (N.D. Cal. Oct. 6, 2003) ............................................................. 4, 5

*Starz Entm't, LLC v. Buena Vista Television, Inc.*, No. CV 07-1895-VBF, 2008 WL 11336466 (C.D. Cal. Oct. 20, 2008) ............................................. 9

*U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085 (6th Cir. 1992) ................. 4

*United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) (en banc) .............................. 4

**Statutes & Rules**

Fed. R. Civ. P. 1 .............................................................................................................. 4

1  Qualcomm respectfully moves to set the order of presentation of the parties at trial

2  and to permit the presentation of limited evidence outside the presence of the jury.

3  **INTRODUCTION**

4  This litigation resulted from the consolidation of two actions:  *Apple v. Qualcomm*

5  (No. 108) and *Qualcomm v. Contract Manufacturers* ("CMs") (No. 1010).  Apple's

6  action against Qualcomm presented jury-triable BCPA claims and now-dismissed patent

7  claims, plus antitrust and unfair competition claims that are equitable in nature and

8  therefore triable to the Court.  Prior to the Court's summary judgment decision on the

9  BCPA, Apple admitted that the BCPA claims were its only claims triable to the jury as of

10  right.  In the wake of that decision, there are no remaining fact issues as to Apple's

11  BCPA claims.  Accordingly, while Qualcomm reserves its right of appeal, there are no

12  issues for trial as to Apple's BCPA claims, and those claims should not be submitted to

13  the jury.  The parties' remaining claims are as follows:

| Trier of Fact | Qualcomm's Claims | CMs' Claims | Apple's Claims |
|---|---|---|---|
| Jury | **vs. CMs**<br>Breach of SULAs/MSAs (I-VIII)<br>DJs on Breach of SULAs/MSAs (IX)<br>**vs. Apple**<br>Tortious Interference with SULAs (I)<br>DJ on SULAs (II)<br>DJ on FRAND (IV)<br>Breach of 2013 SOW (V) | Antitrust Claims (I-III)<br>Breach of FRAND and related claims (V, VI, VIII-X)<br>Breach of SULAs (XI) | [None] |
| Court | **vs. Apple**<br>DJ that CMs' SULAs Do Not Violate Antitrust Law (III) | California UCL (IV)<br>Promissory Estoppel re FRAND (VII)<br>DJ that SULAs Are Unenforceable (XII) | DJ on STA Assignment Agreement (LX)<br>DJ on CMs' SULAs (LXI)<br>Sherman Act § 2 (LXII)<br>California UCL (LXIII) |
| Decided | **vs. Apple**<br>BCPA Claims (VI-IX)<br>California UCL (X) | Patent Claims (XII-LXVII) | BCPA Claims (I-IV)<br>Patent Claims (V-LIX) |

24  The primary dispute for the jury is now over Qualcomm's enforcement of the

25  SULAs and the CMs' attempts to avoid enforcement of those contracts.  Qualcomm

26  brought that case and is the natural plaintiff.  Qualcomm should therefore present its

27  case-in-chief first.

28  Qualcomm is also the natural plaintiff for the jury trial against Apple, because

Apple no longer has any claims triable to the jury.  Apple's primary role in the jury trial, now that its BCPA claims have been decided, is as a defendant on Qualcomm's claim for tortious interference with the SULAs.  The tortious interference claim is, by definition, secondary to Qualcomm's underlying claims against the CMs for breach of those contracts.  Accordingly, Qualcomm should present its case first, with Apple and the CMs presenting their cases-in-chief together, after Qualcomm.  There can be no prejudice to Apple in this, because Apple admittedly has no right to a jury on any of its remaining claims.

To further minimize the burden and confusion for the jury from hearing evidence relevant only to claims being tried to the Court, and to avoid unfair prejudice from having the jury hear such evidence, Qualcomm also requests that the Court permit the presentation of certain limited evidence outside the presence of the jury, at times that will be convenient to the Court and respectful of the jury's time.

## BACKGROUND

When Apple brought the case against Qualcomm, the Business Cooperation and Patent Agreement ("BCPA") between Apple and Qualcomm was central to Apple's theory of the case—Counts I, II, III and IV and at least 50 paragraphs of its Complaint relate to the BCPA.  Also included in Apple's case were 18 patents as to which Apple sought declarations of noninfringement, invalidity, unenforceability due to exhaustion, and FRAND royalties.  All of Apple's patent claims have been dismissed for lack of subject-matter jurisdiction.  (ECF Nos. 616, 737.)

Qualcomm brought a separate action against the CMs to enforce their license agreements with Qualcomm (the "SULAs") after the CMs stopped paying royalties on Apple's devices.  The CMs asserted affirmative defenses that the SULAs are unenforceable, along with counterclaims on the same bases.  The Court later consolidated the two actions.  (ECF No. 144; *see also* Aug. 18, 2017 Hr'g Tr. at 3:20-23 ("At this point, I believe that it makes sense to consolidate the two cases.  Whether or not they stay consolidated for all purposes, including trial, we can revisit that if necessary.").)  The

Court's consolidation order did not set the order of presentation at trial.

In the Proposed Joint Pretrial Order, the parties agreed that: "The order of presentation of evidence shall be as follows: (a) Apple's case-in-chief against Qualcomm; (b) CMs' case-in-chief against Qualcomm; (c) Qualcomm's defense against Apple's and the CMs' claims; Qualcomm's case-in-chief against Apple and the CMs; (d) CMs' defense against Qualcomm's claims and rebuttal; (e) Apple's defense against Qualcomm's claims and rebuttal; (f) Qualcomm's rebuttal." (JPTO at 255:5-12.) That order no longer works because Apple no longer has affirmative claims that will be tried to the jury.

On March 12, 2019, Apple and the CMs moved to empanel an advisory jury on those of its claims and defenses that are not triable to a jury as of right. (ECF No. 1026.) In connection with that motion, Apple expressly admitted that its only jury-triable claims were its BCPA claims. (ECF No. 1026-1 at 31-34.) Although the Court has not ruled on that motion, the Court has indicated that it is likely to deny Apple's motion except as to defenses where "there are disputes whether or not they should be presented to a jury or not." (*See* Mar. 14, 2019 Hr'g Tr. at 5:3-6:1.)

On March 13, 2019, the Court granted Apple's motion for partial summary judgment on *Qualcomm's* claims regarding Section 7 of the BCPA. (ECF No. 1027.) Qualcomm respectfully disagrees with the Court's ruling but recognizes that the Court's order resolved all of the issues regarding BCPA Section 7 that were disputed by the parties, including all disputed issues relevant to *Apple's* BCPA claims. Accordingly, on March 22, 2019, Qualcomm filed a motion regarding the BCPA claims still in the case and evidence related thereto. (ECF No. 1051.) For the reasons stated in that motion, the Court should not submit Apple's BCPA claims to the jury. Apple will then have no claims remaining to be tried to the jury. That is not Qualcomm's doing, but simply a result of Apple's motion for summary judgment and the Court's ruling on the motion. If the Court also denies Apple's motion to empanel an advisory jury, as we respectfully submit it should, then Apple will have no basis to present any claims to the jury.

# ARGUMENT

## I.   Qualcomm Should Present Its Case First.

Courts have wide discretion to manage their cases in a way that "secure[s] the just, speedy, and inexpensive determination of every action and proceeding". Fed. R. Civ. P. 1; *see United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) ("[A]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders."). In the Ninth Circuit, courts determining which party should present its case first follow the "primary purpose" test. *Plumtree Software, Inc. v. Datamize, LLC*, No. C 02-5693 VRW, 2003 WL 25841157, at *2 (N.D. Cal. Oct. 6, 2003) (Walker, J.). Under the primary purpose test, "the court first should look to the pleadings submitted by the parties, but it also 'has a duty to look beyond the pleadings to determine the actual interests of the parties' . . . ." *Id.* at *3 (quoting *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 704 (3d Cir. 1996)). The Court should thus ensure that "the parties be aligned in accordance with the primary dispute in the controversy, even where a different, legitimate dispute between the parties supports the original alignment." *Id.* (quoting *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)).

The primary dispute remaining for the upcoming jury trial is whether Qualcomm can enforce the CMs' SULAs. Qualcomm should present its case-in-chief on that dispute before the CMs present theirs because Qualcomm "was the first party to sue on the issue". *Id.* Qualcomm is also the natural plaintiff in the case against the CMs. Qualcomm brought nine claims against the CMs, all of which relate to the CMs' breaches of the SULAs, seeking damages in the form of unpaid royalties due under the SULAs. All of Qualcomm's claims will be decided by the jury.[1] Although the CMs have a number of jury-triable claims remaining in the case, they are *counterclaims* filed in

---

[1] The CMs dispute whether Qualcomm's Count IX against the CMs and the CMs' Count IX should be decided by the Court or the jury. (*See* ECF No. 1026-1 at 34; ECF 1047-1 at 4 n.4.) Either way, that has no bearing on the outcome of this motion because none of those claims was asserted by Apple.

1    response to Qualcomm's complaint seeking to enforce the SULAs.  Further, the CMs
2    assert as affirmative defenses to Qualcomm's claims that Qualcomm cannot recover the
3    unpaid royalties under the SULAs because the SULAs allegedly are unenforceable under
4    the antitrust laws and Qualcomm's FRAND commitment to SDOs.  The CMs'
5    counterclaims on the same bases seek the return of alleged "overcharges" they previously
6    paid under the SULAs.  Qualcomm's claims against the CMs, which were filed first in
7    the -1010 action, are the primary dispute for the upcoming jury trial, and Qualcomm
8    should therefore go first.

9        "A further consideration [in determining] the natural plaintiff is the burden of
10   proof."  *Plumtree*, 2003 WL 25841157, at *4.  Here, Qualcomm has the burden of proof
11   on its claims, and the CMs have the burden of proof on their counterclaims.  That
12   counsels in favor of permitting Qualcomm, as the party that brought the suit and is the
13   natural plaintiff, to present its case first.

14       Without jury-triable claims, Apple's primary role in the upcoming jury trial is as a
15   defendant on Qualcomm's claim that Apple tortiously interfered with the CMs' SULAs.
16   That claim is by its very nature secondary to the primary dispute—whether the CMs
17   breached the SULAs and whether that breach was excused because the SULAs are
18   inconsistent with antitrust law and Qualcomm's FRAND obligations.  There are also a
19   number of ancillary claims in dispute between Apple and Qualcomm that do not relate to
20   the SULAs.  Of those claims, the only ones that are triable to a jury were brought by
21   Qualcomm.

22       Apple has apparently realized that the primary dispute for the upcoming trial is
23   Qualcomm's enforcement of its contracts with the CMs and is now trying to manufacture
24   issues to present to the jury.  On March 12, 2019, when it filed its motion for an advisory
25   jury, Apple represented to the Court that it was "undisputed" that its Sherman Act § 2
26   claim was for the Court to decide.  (ECF No. 1026-1 at 33; *see also id.* at 3:2-4 ("Only
27   the CMs' claim is triable to a jury as of right because the CMs—and not Apple—are
28   seeking damages from Qualcomm.  Apple seeks only injunctive relief.").)  Although the

1   Court indicated at the March 14 hearing that it was likely to deny Apple's motion for an

2   advisory jury, Apple still insists that "[a]n advisory jury is appropriate on elements 1-3 of

3   Apple's Section 2 claim because they overlap with elements 1-3 of the CMs' Section 2

4   claim." (ECF No. 1047-1 at 1:11-12.)  Apple also for the first time last week asserted a

5   new defense of "antitrust illegality", which it asserts is for the jury.[2]  (*Id.* at 1:12-2:3.)  In

6   short, notwithstanding its earlier position and the Court's guidance, Apple stated this

7   week that "it is Apple's position that Apple's antitrust claims will be heard by the jury".

8   (Ex. 1, Email from E. Takashima to M. Vaughn, Mar. 24, 2019.)  Apple's belated

9   attempts to manufacture claims and defenses to try to the jury is untenable.  The simple

10  fact is that Apple is not the natural plaintiff in the jury trial.  It is not a plaintiff at all

11  before the jury because its jury-triable claims against Qualcomm have been resolved.

12  The primary dispute for the jury trial is Qualcomm's enforcement of the CMs' SULAs.

13  Accordingly, Qualcomm, not Apple, should present its case first in that action.

14  **II.     The Court Should Hear Evidence Relevant Only to the Non-Jury Claims Outside the Presence of the Jury.**

15          Whether Qualcomm or Apple presents its case first, evidence related only to claims

16  that will be decided by the Court should be heard outside the presence of the jury.  "[T]he

17  same court may try both legal and equitable causes in the same action."  *DePinto v.*

18  *Provident Sec. Life Ins. Co.*, 323 F.2d 826, 835 (9th Cir. 1963).  But "[e]vidence

19  expressly or only directed to such [equitable claims and] defenses . . . poses a very real

20  risk of unfair prejudice that outweighs any probative value such evidence might have to

21  matters properly before the jury, as well as a risk of misleading and confusing the jury."

22  *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 145 (N.D. Iowa

23  2003) (excluding evidence related only to equitable defenses from a jury trial under Fed.

24  R. Evid. 403).  "Presenting the jury with such evidence may contaminate their factual

25  findings on legal issues, which must be made strictly on the basis of the evidence and the

26

27

28  _____

[2] Apple and the CMs did not list this defense in the Appendixes to the Joint Pretrial Brief regarding their advisory jury motion.  (*See* ECF No. 1026-1 at 35-36.)

1   law . . . ." *Ill. Tool Works, Inc. v. MOC Prods. Co.*, 946 F. Supp. 2d 1042, 1044-46 (S.D.

2   Cal. 2012).

3          For the reasons stated in Qualcomm's Motion Regarding the BCPA, evidence of

4   Apple's purported gagging through Section 7 of the BCPA and purported retaliation

5   through Qualcomm's withholding of BCPA payments, if admitted at all, is irrelevant to

6   any jury claim and thus should not be presented to the jury.  (ECF No. 1051.)  Although

7   Apple has represented that this evidence is "still relevant to [its] antitrust claims"

8   (Mar. 14, 2019 Hr'g Tr. at 68:19), those claims are, as discussed above, for the Court to

9   decide.

10         Apple curiously takes the position that the BCPA evidence goes "to the heart of

11  [the CMs'] antitrust claims".  (ECF No. 1058 at 5.)  But the CMs were not parties to the

12  BCPA.  The CMs thus could not have been "gagged" or the subject of any "retaliation"

13  related to that agreement.  Indeed, counsel for the CMs has represented that the CMs had

14  no knowledge of the BCPA or any other incentive agreements between Qualcomm and

15  Apple before this case was filed.  (*See* Mar. 14, 2019 Hr'g Tr. at 109:13-15 ("Throughout

16  the course of pre-litigation relationships here, the [CMs] had no knowledge of any rebate

17  arrangements between Qualcomm and Apple.").)  Virtually every CM allegation about

18  the BCPA in their complaint starts with the words "According to Apple", "Apple alleges

19  that", "Apple contends" or "As alleged by Apple".  (CM Countercls. ¶¶ 185, 188, 190,

20  194, 231, 238, 239, 242, 246-249, 252, 254, 258.)  The CMs made no allegations about

21  the underlying facts regarding the BCPA; rather, the CMs merely alleged that Apple had

22  made allegations about the BCPA.  That the CMs' counterclaims contain "at least thirty-

23  five paragraphs [regarding] the BCPA's gag clause" (ECF No. 1058 at 3) is hardly

24  surprising where ███████████████████████████████ (s*ee* ECF

25  No. 889) and where the BCPA claims were central to Apple's case.  Allowing Apple to

26  present evidence of purported BCPA "gagging" and "retaliation" to the jury would be

27  unnecessary, confusing and unfairly prejudicial to Qualcomm because the jury may

28  erroneously conclude that such evidence is probative of the CMs' claims or defenses and

find against Qualcomm on that basis.  Because BCPA-related evidence is relevant, if at all, only to Apple's equitable claims, and not to any claims to be tried to the jury, such evidence should be heard outside the presence of the jury.

In addition to the BCPA-related evidence, there is a limited amount of other evidence that likewise relates only to Apple's claims, and not to the CMs'.  Count LX of Apple's First Amended Complaint seeks a declaratory judgment that Section 4.4 of the STA Assignment Agreement between Apple and Qualcomm is unenforceable as against public policy.  (Apple FAC ¶¶ 593-606.)  That claim will be tried to the Court.  (ECF No. 1026-1 at 35.)  The CMs were not parties to the STA Assignment Agreement, were not bound by it, and apparently were not aware of its existence, so they cannot base any antitrust theory on Section 4.4 of that agreement.  Unlike with the BCPA, the CMs' counterclaims against Qualcomm do not even mention the STA Assignment Agreement.  Any evidence Apple seeks to present in support of Count LX is thus irrelevant to the CMs' claims against Qualcomm and unfairly prejudicial to Qualcomm because Apple will present the agreement as "against public policy", which could improperly influence the jury to think that this evidence is probative of the distinct issue of whether the separate contracts between Qualcomm and the CMs are similarly unenforceable.

Qualcomm therefore proposes that the Court hear any evidence that is related *only* to the equitable claims—such as evidence of the BCPA dispute and of Section 4.4 of the STA Assignment Agreement—outside the presence of the jury.  Where a witness is expected to testify both about facts related to claims tried to the jury and about separate facts related to claims tried to the Court, to avoid a witness's having to return for additional testimony, Qualcomm proposes that the witness first testify before the jury, which then can be excused, after which the witness would testify before the Court, sitting without a jury, regarding issues irrelevant to the jury claims.  "To the extent that there are common issues, they may be presented to the jury.  However, any facts that pertain solely to [the parties' equitable claims and defenses] shall be presented to the Court, outside the

presence of the jury." *Starz Entm't, LLC v. Buena Vista Television, Inc.*, No. CV 07-1895-VBF, 2008 WL 11336466, at \*11 (C.D. Cal. Oct. 20, 2008).

The burden of the procedure Qualcomm proposes is minimal. It would apply to a limited number of witnesses whose testimony would be relevant to both jury and non-jury claims. Of the 113 witnesses that the parties intend and expect to call at trial (according to the parties' most recent witness lists), only eight, by Qualcomm's count, may offer any testimony regarding the BCPA: Apple's Tim Cook, Bruce Sewell and Jeff Williams; and Qualcomm's Derek Aberle, Marv Blecker, Steve Mollenkopf, Eric Reifschneider and Alex Rogers. Only three witnesses have any testimony to offer regarding the STA Assignment Agreement: Apple's BJ Watrous and Qualcomm's Mr. Aberle and Fabian Gonell. All of these witnesses, if called, are likely to give testimony on other subjects as well. Thus, for these witnesses who may offer testimony on the BCPA or the STA Assignment Agreement, the evidence to be heard outside the presence of the jury would only be a portion of their testimony.

Nor would hearing evidence on the equitable claims outside the jury's presence prejudice Apple or the CMs. *See Pioneer Hi-Bred*, 219 F.R.D. at 145-46 ("Exclusion of the evidence expressly or only relating to equitable defenses in front of the jury does not deprive [defendant] of any defense or unfairly prejudice [defendant because] the court will hear evidence related to the equitable defenses in proceedings outside the presence of the jury, either on trial days or after the jury trial has concluded.").

To present superfluous and irrelevant evidence imposes an unnecessary burden on the jury and risks prejudicing the jury against Qualcomm. As the Court recently noted, in light of the already complex nature of the case, to "place upon [the jury] additional responsibilities and burdens doesn't make any sense". (Mar. 14, 2019 Hr'g Tr. at 5:13-14.) Qualcomm agrees. By presenting evidence that is irrelevant to any jury-triable claim outside the presence of the jury, the parties can avoid further burdening the jury

and avoid the prejudice that would result if the jury weighed irrelevant evidence in deciding the legal claims.[3]

Accordingly, the Court should hear evidence related only to those claims and defenses that go to the Court outside the presence of the jury.

## CONCLUSION

For the foregoing reasons, Qualcomm respectfully requests that the Court set the order of presentation at trial as follows:

1. Qualcomm's case-in-chief against Apple and the CMs.

2. Apple and the CMs' defense against Qualcomm's claims and case-in-chief against Qualcomm.

3. Qualcomm's defense against Apple's and the CMs' claims and rebuttal.

4. Apple and the CMs' rebuttal, if any.

Qualcomm also requests that the Court hear outside the presence of the jury any evidence related only to claims and defenses that will not be tried to the jury.

---

[3] Apple now takes the position that "[e]ven if [e]vidence were not **expressly** mentioned in the CMs' pleadings, it would remain directly relevant to the anticompetitive harm they have suffered." (ECF No. 1058 at 5.)  If that is true, that further supports allowing Qualcomm to present its case first.  If Apple has no evidence that is not also related to the CMs' counterclaims, then that evidence can and should be presented in the CMs' case-in-chief, after Qualcomm presents its case.

Dated:  March 27, 2019

Respectfully submitted,

By   _/s/ Evan R. Chesler_

Evan R. Chesler

**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
(N.Y. Bar No. 2472603)
rstark@cravath.com
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651)
yeven@cravath.com
Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Stephen Swedlow (*pro hac vice*)
(Ill. Bar No. 6234550)
stephenswedlow@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401

Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**JONES DAY**
Karen P. Hewitt (SBN 145309)
Randall E. Kay (SBN 149369)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone:  (858) 314-1200
Facsimile:  (858) 345-3178

***Attorneys for Defendant and Counterclaim-Plaintiff***
**QUALCOMM INCORPORATED**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 27, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4(d).  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on March 27, 2019, at New York, New York.

By: */s/ Evan R. Chesler*

Evan R. Chesler
echesler@cravath.com
*Attorneys for Defendant and*
*Counterclaim-Plaintiff*
QUALCOMM
INCORPORATED