1  Juanita R. Brooks (SBN 75934) brooks@fr.com
2  Seth M. Sproul (SBN 217711) sproul@fr.com
   FISH & RICHARDSON P.C.
3  12390 El Camino Real
4  San Diego, CA 92130
   Telephone: (619) 678-5070 / Facsimile: (619) 678-5099
5
6  Ruffin B. Cordell (DC Bar #445801; Admitted *Pro Hac Vice*) cordell@fr.com
   Lauren A. Degnan (DC Bar #452421; Admitted *Pro Hac Vice*) degnan@fr.com
7  FISH & RICHARDSON P.C.
   1000 Maine Avenue, S.W., Suite 1000
8  Washington, D.C. 20024
9  Telephone: (202) 783-5070 / Facsimile: (202) 783-2331

10 William A. Isaacson (DC Bar #414788; Admitted *Pro Hac Vice*) wisaacson@bsfllp.com
   Karen L. Dunn (DC Bar #1002520; Admitted *Pro Hac Vice*) kdunn@bsfllp.com
11 BOIES SCHILLER FLEXNER LLP
12 1401 New York Avenue, N.W.
   Washington, DC 20005
13 Telephone: (202) 237-2727 / Facsimile: (202) 237-6131
14
15 *Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

16 *(Counsel for the CMs and Additional Counsel listed below Signature Line)*

17              **UNITED STATES DISTRICT COURT**
18             **SOUTHERN DISTRICT OF CALIFORNIA**
19

20 | IN RE:                    | Case No. 3:17-CV-00108-GPC-MDD
21 | QUALCOMM LITIGATION,      | [Consolidated with Case No. 3:17-CV-01010-GPC-MDD]
22
23                              **APPLE INC. AND THE CMS'
                                OPPOSITION TO QUALCOMM'S
24                              *EX PARTE* APPLICATION REGARDING
                                AUTHENTICITY AND FOUNDATION
25                              OBJECTIONS AT TRIAL**

26
27                              **Judge:**      Hon. Gonzalo P. Curiel
                                **Courtroom:**  2D
28

Apple Inc. ("Apple") and Compal Electronics, Inc.; FIH Mobile Ltd.; Hon Hai Precision Industry Co., Ltd.; Pegatron Corporation; and Wistron Corporation (collectively, the "CMs") respectfully oppose Qualcomm's *Ex Parte* Application Regarding Authenticity and Foundation Objections at Trial (Dkt. 1043).

## I.   Apple and the CMs Have Proposed a Reasonable Compromise.

Apple and the CMs have made two related proposals to resolve or at least narrow and minimize the parties' disputes.

***First***, Apple and the CMs have proposed that no foundation or authentication testimony will be required where a witness is a sender, author, or recipient of an exhibit produced from a party's files in response to a discovery request (a "Party Produced Exhibit").  (Declaration of E. Takashima ("Takashima Decl.") ¶¶ 4 & Ex. A).  This would eliminate the need for testimony where a foundation is established on the face of a document.  In the unusual circumstances where a witness who is *not* the sender, author, or recipient testifies to familiarity with the contents of a document, there will be no objection to admissibility on foundation grounds.

***Second***, Apple and the CMs have proposed that the parties mutually identify any Party Produced Exhibits they would want to introduce into evidence without a sponsoring witness, and meet and confer regarding those documents before trial. This Sunday, March 24, 2019, Apple and the CMs made the following proposal:

- If Qualcomm will identify the Party Produced Exhibits it wishes to use [and] the witnesses who would otherwise need to be called to lay a foundation for those documents, we will review and let you know whether we can consent to their use/admission without a sponsor (without waiving other objections).

- We are willing to agree to a fixed timeline for our response once we know what volume of documents/witnesses we are dealing with, and can put that timing in a stipulation.

- Timing depends principally on volume and the number of witnesses involved.  If Qualcomm is contemplating on the order of 100 documents/3-4 witnesses and can identify them by tomorrow afternoon [March 25], I think we can respond before the hearing on Thursday.  If it is more than that we may need to do this on a rolling basis, which is something we are willing to do as long as there are volume parameters in our agreement so we can plan realistically for the time needed to review and assess documents.

- This should be reciprocal.  Qualcomm should be willing to conduct any review Apple and the CMs will do for this purpose.  However, that review will be later in time.

- All of this should be done in approximately the next two weeks so that it is finished before trial begins and the parties can issue whatever trial subpoenas are necessary.

(Takashima Decl. ¶ 5 & Ex. B at 3-4).

The parties met and conferred on March 26.  Qualcomm rejected the proposal above, and indicated that anything less than a blanket agreement that all Party Produced Exhibits could be used with any witness, regardless of that witness' knowledge or competence to testify about that document, would not be acceptable to Qualcomm.  (*Id.* ¶ 6).  Despite Qualcomm's advance refusal of any compromise, Apple and the CMs offered a further compromise this morning, and informed Qualcomm that they would also be willing to discuss broad *categories* of Party Produced Exhibits that a party wishes to introduce without a sponsoring witness, such as executed license agreements and other executed contracts.  (*Id.* ¶ 7 & Ex. B at 1).

Apple and the CMs believe that their compromise proposals would allow the parties to narrow their disputes, and for 99% of the documents in this case this issue will simply not arise.  Further, if the parties meet and confer regarding specific documents—rather than attempt to resolve this dispute in the abstract, for all documents or none—Apple and the CMs are confident that the parties will be able to eliminate any need to call witnesses "for purposes of establishing a foundation on

1  something where there's really no issue or no problem."  3/21/2019 Hrg. Tr. 8:1-
2  8:11.
3          Qualcomm's bewildering refusal to identify the exhibits it wants to admit
4  without a sponsor is the fly in the ointment here.  Qualcomm seems bent on creating
5  some kind of surprise event in the trial and thus Qualcomm studiously conceals the
6  documents it believes would be subject to this ruling.  Apple and the CMs also
7  cannot reasonably narrow any disputes with Qualcomm if Qualcomm is unwilling to
8  identify the exhibits it wants to admit without a sponsor.  Apple and the CMs have
9  attempted to meet Qualcomm more than half-way in narrowing their disputes.  They
10  should not be forced to do more simply because Qualcomm has realized, just a few
11  weeks before trial, that it has not identified the witnesses its needs to admit the trial
12  exhibits it wants to use or has decided that trial by ambush is its preferred tactic.

13  **II.    Qualcomm's Proposal Is Unreasonable and Prejudicial.**

14          Apple remains concerned Qualcomm wants to introduce into evidence
15  documents with which *no trial witness is familiar*.  Such evidence creates the clear
16  risk of unfair argument to the jury or examination of witnesses.

17          The court in *United States v. AT&T*—like this case, a major antitrust dispute,
18  but one tried entirely to the court rather than a jury—recently explained the value of
19  a sponsoring witness:

20          I generally[1] instructed the parties to seek admission of documents
21          through sponsoring witnesses, in order to facilitate determinations of
          relevancy or to establish the foundation necessary for nonhearsay or
22          hearsay exceptions.  Witnesses would be able to contextualize and
          explain the technical and lengthy documents at issue, which might
23          otherwise be misunderstood or selectively cited in post-trial briefs.  As
          such, I instructed the parties to introduce documents through
24          sponsoring witnesses, recognizing that doing so would extend,
25          somewhat, the length of the trial.  In the end, the parties agreed to abide
          by that approach.
26

27  _____
[1]  The court noted that it had taken judicial notice of some statements by AT&T and
28  DirecTV before the FCC, and admitted other documents offered for purposes other
   than the truth of the matter asserted.  *Id.* at 187 n.12.

310 F. Supp. 3d 161, 186-87 (D.D.C. 2018).[2]  The risk that documents will be misunderstood in the absence of a witness who can explain them is significantly greater here, where the jury, rather than the Court, will be the finder of fact on complex antitrust and FRAND issues.  Qualcomm's proposal would allow it to inundate the jury with opaque and lengthy documents, and leave it to the jury to parse through and decipher them.  Witnesses unfamiliar with documents will be cast in a bad light as questioning elicits a string of "I don't know" responses about critical issues in the case.  It would also allow Qualcomm to introduce documents which, in the absence of a witness to provide context, would be likely to mislead or confuse the jury, unfairly prejudicing Apple and the CMs.  To alleviate that prejudice, Apple and the CMs would be forced to call additional witnesses to explain those documents.  That in itself would be unduly prejudicial to Apple and the CMs, and might not even be possible if the relevant witnesses are unavailable or outside the range of a trial subpoena and unwilling to appear voluntarily.  It is precisely these kinds of unfair scenarios that the rules of evidence are designed to protect against.

### III.   None of Qualcomm's Cases Support the Proposition that a Foundation "Stipulation" Can Be Forced on Apple and the CMs.

None of the cases cited by Qualcomm (Mot. at 1-2) support the relief it requests:

- *Apple, Inc. v. Samsung Elecs. Co.*, 2013 WL 5737310, at *2 (N.D. Cal. Oct. 22, 2013) addressed competing motions to strike portions of expert reports, not any issues concerning foundation.

- In *United States v. Chikata*, 427 F.2d 385, 389 (9th Cir. 1970), the court

---

[2] Several courts—including multiple judges in the Northern District of California—require parties to identify sponsoring witnesses for their entire exhibit lists.  *E.g.,* Guidelines for Final Pretrial Conference in Jury Trials Before District Judge Lucy H. Koh § B.8 (Apr. 2017), https://www.cand.uscourts.gov/lhkorders (Hon. Lucy H. Koh).

upheld a stipulation signed by both parties over a party's later objection that the stipulation was coerced.

- In *United States v. Yagi*, 2013 WL 10570994, at *12-13 (N.D. Cal. Oct. 17, 2013), the court encouraged the parties to reach a stipulation that would obviate the need to call sixteen witnesses involved in the Government's search of the defendants' residences, where the defendants had objected to the witnesses as cumulative.  The court directed the parties to discuss "whether there [was] one designated "finder" for each search who could adequately testify as to the authenticity and location of the items in question."  *Id.* at *13. In the absence of an agreement, the Court indicated it would overrule the defendants' objections and allow the Government to call each of its witnesses to establish a foundation for its evidence.  *Id.*

- *United States v. Lindsey*, 2013 WL 12210167, at *1 (D. Nev. Mar. 22, 2013) concerned motions *in limine* to admit certain documents as business records. When the defendant objected principally on the grounds that "government ha[d] failed to sufficiently identify all the relevant documents to allow for matching of the certifications to the proper range of documents," the court directed the parties to meet and confer.  *Id.* at *1-2.

- *Rogers v. Fukase*, 2011 WL 2939851, at *3 (D. Haw. July 18, 2011) concerned a motion to strike an opposition to summary judgment.  The Court encouraged the parties to "stipulate to the authenticity of evidence before trial where there is no genuine dispute as to authenticity, and to otherwise limit the controversy to matters that are genuinely disputed."  *Id.*

## IV.   Conclusion

For the reasons set forth above, the Court should deny Qualcomm's motion, and instead direct the parties to meet and confer consistent with Apple and the CMs' proposal.

1 | Dated: March 28, 2019          Respectfully submitted,

2

3 |                               By:    */s/ William A. Isaacson*
                                         Juanita R. Brooks, SBN 75934, brooks@fr.com
4 |                                      Seth M. Sproul, SBN 217711, sproul@fr.com
                                         FISH & RICHARDSON P.C.
5 |                                      12390 El Camino Real
                                         San Diego, CA 92130
6 |                                      Phone: (619) 678-5070; Fax: (619) 678-5099

7

8 |                                      Ruffin B. Cordell (D.C. Bar No. 445801;
                                         *pro hac vice*) cordell@fr.com
9 |                                      Lauren A. Degnan (D.C. Bar No. 452421;
                                         *pro hac vice*) degnan@fr.com
10 |                                     FISH & RICHARDSON P.C.
                                         1000 Maine Avenue, S.W., Suite 1000
11 |                                     Washington, D.C. 20024
                                         Phone: (202) 783-5070; Fax: (202)783-2331
12

13

14 |                                     William A. Isaacson (D.C. Bar No. 414788;
                                         *pro hac vice*) wisaacson@bsfllp.com
15 |                                     Karen L. Dunn (D.C. Bar No. 1002520;
                                         *pro hac vice*) kdunn@bsfllp.com
16 |                                     BOIES SCHILLER FLEXNER LLP
                                         1401 New York Avenue, N.W.
17 |                                     Washington, D.C. 20005
                                         Phone: (202) 237-2727; Fax: (202) 237-6131
18

19

20 |                                     *Attorneys for Plaintiff and Counterclaim-Defendant*
                                         *Apple Inc.*
21

22 |                               By:    */s/ Jason C. Lo*
                                         Theodore R. Boutrous, Jr., SBN 132099,
23 |                                     tboutrous@gibsondunn.com
                                         Richard J. Doren, SBN 124666
24 |                                     rdoren@gibsondunn.com
                                         Daniel G. Swanson, SBN 116556,
25 |                                     dswanson@gibsondunn.com
                                         Michele L. Maryott, SBN 191993
26 |                                     mmaryott@gibsondunn.com
27 |                                     Jason C. Lo, SBN 219030,

28

jlo@gibsondunn.com
Jennifer J. Rho, SBN 254312,
jrho@gibsondunn.com
Melissa Phan, SBN 266880,
mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000; Fax: (213) 229-7520

Cynthia E. Richman, DC Bar No. 492089,
*pro hac vice*
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500; Fax: (202) 467-0539

*Attorneys for Defendants, Counterclaimants, and*
*Third-Party Plaintiffs Compal Electronics, Inc., FIH*
*Mobile Ltd., Hon Hai Precision Industry Co., Ltd.,*
*Pegatron Corporation, and Wistron Corporation*

Hugh F. Bangasser, *pro hac vice*
hugh.bangasser@klgates.com
Christopher M. Wyant, *pro hac vice*
chris.wyant@klgates.com
J. Timothy Hobbs, *pro hac vice*
tim.hobbs@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Tel: (206) 623-7580; Fax: (206) 370-6371

Caitlin C. Blanche, SBN 254109,
caitlin.blanche@klgates.com
K&L GATES LLP
1 Park Plaza Twelfth Floor
Irvine, CA 92614
Tel: (949) 253-0900; Fax: (949) 253-0902

*Attorneys for Defendant, Counterclaimant, and*
*Third-Party Plaintiff Wistron Corporation*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 28, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on March 28, 2019.

*/s/ William A. Isaacson*
William A. Isaacson