Harold M. Storey (CA SBN 268603)
harold.storey@klgates.com
Julie Anne Halter (WA SBN 27492)
julieanne.halter@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Telephone:  (206) 623-7580
Facsimile:  (206) 623-6080

*Attorneys for Non-Party HTC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE:  QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD<br><br>**NON-PARTY HTC, INC.'S MOTION FOR AN ORDER TO FILE CERTAIN TRIAL EXHIBITS UNDER SEAL**<br><br>Judge:    Hon. Gonzalo P. Curiel |
|---|---|

Pursuant to Civil Local Rule 7-1 and the Order Setting Schedule and Procedure for Motions to Seal Trial Exhibits and Deposition Designations (Dkt. No. 1024), non-party HTC, Inc. ("HTC") hereby moves to seal limited portions of proposed exhibits DTX03585, DTX03661, DTX04555, PTX003548, PTX003635, PTX003662, PTX003789, PTX001512 and PTX001609 sought to be introduced at trial in this matter by Defendant Qualcomm Incorporated ("Qualcomm" or "QC").

Rule 26 of the Federal Rules of Civil Procedure provides district courts with broad discretion to seal filed materials in order to protect, among other things, "a trade secret or other confidential research, development, or commercial information." See Fed. R. Civ. P. 26(c)(1)(g).  In exercising this discretion, it is well-established that

"access to judicial records is not absolute," and that certain types of non-public, commercially sensitive documents may be protected from public disclosure. *See Kamakana v. City and Co. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In the Ninth Circuit, materials used at trial or filed as part of dispositive motions may be sealed under a "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1179-1180; *see also In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 570 (9th Cir. 2008) (applying Kamakana's "compelling reasons" standard to determine that a trial exhibit containing detailed license information was properly sealable).

HTC moves to seal the following portions of the proposed trial exhibits listed below:

### Will Call Exhibits

| Exhibit | Information Sought to Be Sealed | Type of Information | Explanation |
|---|---|---|---|
| PTX003548 | Up-front license fees amount under §3 of the SULA (p. 9) and up-front license fees stated in letter dated December 20, 2000 (p. 45) | Highly confidential financial information | Would disclose HTC's financial structure about chipset cost, negatively impacting and harming HTC's competitiveness |

### Other Exhibits

| Exhibit | Information Sought to Be Sealed | Type of Information | Explanation |
|---|---|---|---|
| DTX03585 | HTC's up-front license fee amount under §3 of the SULA (p.10) and HTC's up-front license fees stated in letter dated December 20, 2000 (p. 46) | Highly confidential financial information | Would disclose HTC's financial structure about chipset cost, negatively impacting and harming HTC's competitiveness |
| DTX03661 | QC's contributions to HTC under §§ 2.2, 2.3, and strategic fund cap amounts under §§ 2.4 | Highly confidential financial information | Would disclose HTC's financial structure about chipset cost, negatively impacting and harming |

|   |   |   |   |   |
|---|---|---|---|---|
| 1<br>2 |  | and 2.5 of Strategic Fund Agreement (pp. 2 and 3) |  | HTC's competitiveness |
| 3<br>4<br>5<br>6 | DTX04555 | HTC's up-front license fees amount under §3 of the SULA (p. 12) | Highly confidential financial information | Would disclose HTC's financial structure about chipset cost, negatively impacting and harming HTC's competitiveness |
| 7<br>8<br>9<br>10<br>11<br>12 | PTX003635 | QC's fund payments (annual cap, quarterly reimbursement cap and expenditure) to HTC under §§ 1, 2, 3 (pp.1-4, 6), price calculation in Exhibit A (p. 12) and quarter caps in Exhibit B under Strategic Agreement (p. 13). | Highly confidential financial information | Would disclose HTC's financial structure about chipset cost, negatively impacting and harming HTC's competitiveness |
| 13<br>14<br>15<br>16<br>17 | PTX003789 | QC's contributions to HTC under §§ 2.2, 2.3, and strategic fund cap and amounts under §§ 2.4 and 2.5 of Strategic Fund Agreement (pp. 2 and 3) | Highly confidential financial information | Would disclose HTC's financial structure about chipset cost, negatively impacting and harming HTC's competitiveness |
| 18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | PTX001512 | QC's NRE payments to HTC under §2 of NRE and Development Agreement for Multiple Subscriber Units (p. 1)<br><br>QC's fund payments (annual cap, quarterly reimbursement cap and expenditure) to HTC under §§1, 2, 3 (pp. 6-9, 11), price calculation in Exhibit A (p. 17) and quarter caps in Exhibit B under Strategic Agreement (p. 18) | Highly confidential financial information | Would disclose HTC's financial structure about chipset cost, negatively impacting and harming HTC's competitiveness |

| PTX001609 | QC's reimbursement amounts to HTC (p. 5) | Highly confidential financial information | Would disclose HTC's financial structure about chipset cost, negatively impacting and harming HTC's competitiveness |

Will Call Deposition Designations

| Deponent Name | Deposition Date | Information Sought to Be Sealed | Type of Information | Explanation |
|---|---|---|---|---|
| Lutton, Richard (Chip) | 5/11/2018 | N/A | N/A | N/A |

**Limited to Commercially-Sensitive Licensing and Payment Terms, HTC's Request to Seal Satisfies the Compelling Reasons Standard.**

HTC requests that this Court seal limited portions of nine trial exhibits offered by the parties in this proceeding, proposed exhibits DTX03585, DTX03661, DTX04555, PTX003548, PTX003635, PTX003789, PTX001512 and PTX001609, each of which discuss highly confidential, commercially sensitive information regarding HTC's longstanding business relationship with Qualcomm. Each of proposed exhibits DTX03585, DTX03661, DTX04555, PTX003548, PTX003635, PTX003789, PTX001512 and PTX001609 contain information about the nature and extent of HTC's license agreement with Qualcomm, as well as highly sensitive royalty rate and payment information. The disclosure of sensitive financial information and other negotiated terms of non-party HTC's business and contractual arrangements are precisely the sort of information that is appropriate to seal. *See In re Elec. Arts*, 298 F. App'x at 569 (finding that "pricing terms, royalty rates, and guaranteed minimum payment terms" are the "precise sort of information" that "plainly falls within the definition of a trade secret" under the Ninth's Circuit's compelling reasons standard and is therefore appropriately sealed.); *Digital Reg of Texas, L.L.C. v. Adobe Systems, Inc.,* 2015 WL 604055, at *1 (N.D. Cal. Feb. 11, 2015) (finding good cause to seal

portions of a declaration that reference "Digital Reg's patent license terms and royalty rates"); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 WL 12308205, at *2 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements, including items such as pricing arrangements"); *Tessera, Inc. v. Toshiba Corp.,* 2016 WL 6778687, at *2 (N.D. Cal. Nov. 16, 2016) (finding compelling reasons to seal information "which pertain[s] to the terms, technologies, patents, products, and royalty obligations under [the parties' license agreements]").  Similarly, HTC seeks only narrowly targeted redactions regarding its licensing, royalty rate and payment terms in proposed exhibits DTX03585, DTX03661, DTX04555, PTX003548, PTX003635, PTX003789, PTX001512 and PTX001609.

HTC respectfully requests that the Court grant this motion and seal the information cited above.

Dated:  April 1, 2019

Respectfully submitted,

K&L GATES LLP

*s/ Harold M. Storey*
Harold M. Storey
Julie Anne Halter
925 Fourth Avenue, Suite 2900
Seattle, WA  98104-1158
Telephone:  206-623-7580
Facsimile:  206-370-6080
harold.storey@klgates.com
julieanne.halter@klgates.com

*Attorneys for Non-Party HTC, Inc.*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 1, 2019, to all counsel of record who are deemed to have consented to electronic service via the court's CM/ECF system per Civil Local Rule 5.4(d).  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I certify under penalty of perjury that the foregoing is true and correct. Executed on April 1, 2019, at Seattle, Washington.

K&L GATES LLP

*s/ Harold M. Storey*
Harold M. Storey (SBN 268603)
925 Fourth Avenue, Suite 2900
Seattle, WA  98104-1158
Telephone:  206-623-7580
Facsimile:  206-370-6080
harold.storey@klgates.com