MAURA L. REES
State Bar No. 191698
mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone: 650-493-9300
Facsimile: 650-565-5100

*Attorney for Non-Party InterDigital, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD<br><br>**NON-PARTY INTERDIGITAL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SEAL**<br><br>[Filed pursuant to Court's Chamber Rule and Order, Doc. No. 1030] |

# MEMORANDUM OF POINTS AND AUTHORITIES

InterDigital is not a party to this lawsuit. Documents in this case, however, contain InterDigital's non-public, confidential, and highly sensitive business and commercial information, designated as Highly Confidential – Attorney's Eyes Only ("AEO") under the applicable protective order or orders. Counsel for Apple has informed InterDigital that the parties may disclose or otherwise rely on certain of these documents in exhibits used at trial that specifically consist of, or refer or relate to, InterDigital's confidential patent licenses and patent licensing communications and strategies, which InterDigital now seeks leave to seal.

The information InterDigital seeks to seal constitutes InterDigital's sensitive business information, public disclosure of which would harm InterDigital in the highly competitive wireless telecommunications industry. As detailed below, there are compelling reasons to grant InterDigital leave to seal this confidential information.

## I. DOCUMENTS RELATED TO LICENSE AGREEMENTS AND NEGOTIATIONS

As discussed in the accompanying declaration of Ranae McElvaine, Vice President and Deputy General Counsel of InterDigital, Inc. ("McElvaine Decl."), maintaining confidentiality of license agreement terms and conditions as well as information concerning license negotiations is a customary and widespread practice in the telecommunications industry and is expected by both licensees and licensors. The potential trial exhibits at issue, courtesy copies of which are attached to this Motion, include InterDigital's highly confidential and sensitive business information, including information reflecting its licensing policies and practices and negotiation strategies, information about confidential licensing negotiations with its licensees, and specific terms and conditions contained in licenses that are subject to separate nondisclosure and confidentiality agreements. If this information were to be publicly disclosed, it would unfairly prejudice

InterDigital in licensing negotiations and thereby harm InterDigital's business and competitive interests. Furthermore, if information about licenses subject to a nondisclosure or confidentiality agreement were to become public, InterDigital's current and prospective licensees may be unwilling to enter into licenses with InterDigital in the future. Therefore, the disclosure of this sensitive information to the general public would cause substantial harm to InterDigital's bargaining and competitive position and its ability to enforce and negotiate license agreements.

This non-public information InterDigital seeks to seal regarding its patent license agreements and related negotiations and strategies is routinely recognized as information that can expose a party to unfair competitive harm if not sealed. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons to seal licensing agreement terms containing information about royalty rates and payments); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding compelling reasons to seal information relating to licensing terms, including royalties paid or owed under license agreements, along with confidential business agreements and information subject to confidentiality and non-disclosure provisions with third parties).

## II. IDENTIFICATION OF DOCUMENTS AND INFORMATION TO BE SEALED

Pursuant to the Court's March 14 Order, the table below identifies the specific exhibits and information sought to be sealed, the type of confidential information sought to be sealed, and the paragraph number(s) in the McElvaine declaration justifying the sealing of that information.

| Exhibit | Information Sought to be Sealed | Type of Information | Explanation |
|---|---|---|---|
| **Exhibit 1** - DTX00266 (APL-QC- | Correspondence in full | Confidential license | McElvaine Decl. ¶ 7 |

| | | | |
|---|---|---|---|
| FTC_15569990) | | negotiations, discussions, and strategies | |
| **Exhibit 2** - DTX00856 (Pegatron_0001284829) | Agreement in full | Confidential license terms and conditions | McElvaine Decl. ¶ 8 |
| **Exhibit 3** - DTX00861 (Pegatron_1000000001) | Correspondence and agreement in full | Confidential license negotiations, discussions, and strategies; confidential license terms and conditions | McElvaine Decl. ¶¶ 7, 8 |
| **Exhibit 4** - DTX01363 (Wistron_1000000105) | Agreement in full | Confidential license terms and conditions | McElvaine Decl. ¶ 8 |
| **Exhibit 5** - DTX01478 (Wistron_1000000113) | Agreement in full | Confidential license terms and conditions | McElvaine Decl. ¶ 8 |
| **Exhibit 6** - PTX003767 (APL-QC_00451156) | Agreement in full | Confidential license terms and conditions | McElvaine Decl. ¶ 8 |

In sum, public disclosure of the information InterDigital seeks to seal would impair InterDigital's ability to run its business, resulting in substantial economic and competitive harm to InterDigital.  Accordingly, InterDigital requests that the Court order that the above material be protected from public disclosure by closing the courtroom when the materials are displayed or discussed or alternatively, where feasible, by directing the parties to display the materials on screens not visible to the public; to ask questions of witnesses in a manner that does not reveal or elicit confidential information; and/or to mute confidential portions of video testimony while trial participants follow along via the written transcript. InterDigital also requests that the final publicly available trial transcript be redacted as necessary, and trial exhibits be sealed, to protect InterDigital's confidential information therein.

InterDigital separately and concurrently submits a proposed order to the Court in accordance with Civil Local Rule 79.2 and Section 2(h) of the Electronic Case Filing and Administrative Policies and Procedures Manual.

Dated: April 1, 2019          Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: */s/ Maura L. Rees*
      Maura L. Rees

Attorney for Non-Party InterDigital, Inc.