UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>QUALCOMM LITIGATION, | Case No. 3:17-CV-00108-GPC-MDD<br><br>[Consolidated with Case No. 3:17-CV-01010-GPC-MDD]<br><br>**FINAL PRETRIAL CONFERENCE ORDER**<br><br>Judge:   Gonzalo P. Curiel<br>Dept:    2D<br>Date:    November 30, 2018<br>Time:    1:30 p.m. |

Pursuant to Paragraph 10 of the Court's May 21, 2018 Amended Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings—Non-Patent and Patent Claims (Dkt. 508) and Local Civil Rule 16.1, Apple Inc. ("Apple"), Compal Electronics, Inc.; FIH Mobile LTD.; Hon Hai Precision Industry Co., LTD.; Pegatron Corporation; and Wistron Corporation (together, the "Contract Manufacturers" or the "CMs"), and Qualcomm Incorporated ("Qualcomm") submit the following Final Pretrial Conference Order.

## I.    NATURE AND SCHEDULING OF TRIAL

The parties have different proposals as to the nature of trial, which are set forth below.

### Apple and the Contract Manufacturers' Position:

Apple and the CMs respectfully request (i) that all causes of action and defenses that are triable as of right to a jury be tried to a jury; (ii) that the same jury be empaneled as an advisory jury for all claims or defenses that must ultimately be decided by the Court; (iii) that trial begin on April 15, 2019; and (iv) that the Court allocate 14 court days for trial, not including jury selection, split according to the proposal below.  Apple and the CMs object to Qualcomm's proposed allocation of time, and specifically object to Qualcomm's proposal that it be granted more trial time than Apple and the CMs.  Apple and the Contract Manufacturers propose to divide any time for opening and closing arguments three ways between Apple, the Contract Manufacturers, and Qualcomm, and to divide time for witnesses and evidence such that 60% is allocated to Apple and the Contract Manufacturers and 40% is allocated to Qualcomm.

Apple and the CMs propose (i) that the order of opening statements shall be Apple, Qualcomm, and then the CMs; and (ii) that the order of closing statements shall be Apple, the CMs, Qualcomm, the CMs' rebuttal, and then Apple's rebuttal.

The parties have agreed that for each witness a party calls for live testimony at trial and who is on another party's witness list, the party calling the witness shall also

make the witness available for live direct examination by such other party.  Apple and the CMs propose that:

1.      For each such witness, the calling party shall conduct its direct examination, followed by each other party's respective combined direct examination and cross-examination (which, for the avoidance of doubt, shall not be limited to the scope of the calling party's direct examination).  The other parties shall then conduct their respective combined cross-examination and re-direct, if any, concluding in the calling party's combined cross-examination and redirect.  Any further questioning shall be at the Court's discretion.  For example, if Apple calls a witness for live testimony who is also on Qualcomm's witness list, the order of examinations shall proceed as follows:

        a)      Apple's direct examination

        b)      CMs' combined direct examination and cross examination

        c)      Qualcomm's combined direct examination and cross-examination

        d)      CMs' cross-examination and redirect, if any

        e)      Apple's cross-examination and redirect, if any.

        f)      Further questioning as permitted by the Court.

2.      In another example, if Qualcomm calls a witness for live testimony who is also on Apple and the CMs' witness list, the order of examinations shall proceed as follows:

        a)      Qualcomm's direct examination

        b)      Apple's combined direct examination and cross examination

        c)      CMs' combined direct examination and cross-examination

        d)      Qualcomm's cross-examination and redirect, if any.

e)     Further questioning as permitted by the Court.

**Qualcomm's Position:**

Qualcomm respectfully requests (i) that all causes of action and defenses that are triable as of right to a jury be tried to a jury, while all other issues be decided by the Court; (ii) that trial be set to begin on February 11, 2019;[1] (iii) that Qualcomm be permitted 6 days to present its evidence and 6 days to respond to evidence presented by Apple and the CMs (for a total of 12 days), which, in addition to the 8.4 days requested by Apple and the CMs (on which Qualcomm takes no position), would result in a trial of approximately 20.4 days, not including jury selection; and (iv) that Qualcomm receive half of the time permitted for openings and closings, i.e., that Qualcomm receive the same amount of time for openings and closings as Apple and the CMs combined; (v) that the order of presentation of opening and closing statements be Apple and the CMs first, followed by Qualcomm; and (vi) that live witnesses who are on both sides' witness list be called once, at which time the non-calling party can conduct its examination of the witness.

## II.     STATEMENT OF THE CASE

The parties have agreed on the following statement of the case to be read to the jury:

This case involves Apple, Qualcomm, and a group of companies that I will refer to as the Contract Manufacturers or the CMs—Pegatron; Compal; Wistron; and Foxconn, which is made up of Hon Hai and its subsidiary FIH.

Apple designs, manufactures, and markets mobile communication and media devices, including iPhones, iPads, and personal computers, as well as related software, accessories, and content.  The CMs manufacture iPhones and/or iPads for Apple, as well as cell phones, tablets, and other electronics products for other companies.

---

[1] The CMs object to Qualcomm's proposal that trial begin on February 11, 2019 because their lead counsel has a pre-existing conflict.

Qualcomm develops technologies, obtains patents on those technologies, and licenses its patents to companies that make cellular devices, such as cell phones and tablets. **[Apple/CMs Proposal:** Qualcomm also designs, markets, and sells cellular baseband chipsets, which are components of cellular phones, tablets, and watches. **Qualcomm Proposal:** Qualcomm also has subsidiaries that design, market, and sell cellular baseband chipsets, which are components of cellular phones, tablets, and watches.**]**

The parties have very different views of what the evidence will show, which you will hear directly from them. Generally, Apple and the CMs have claims that Qualcomm violated the federal antitrust laws and California competition law, and also breached certain contracts. Qualcomm denies those claims. Qualcomm has claims that Apple and the CMs breached certain contracts, including that the CMs breached their license agreements with Qualcomm, and a claim that Apple caused the CMs to breach those license agreements. Apple and the CMs deny those claims.

After you hear all the evidence, you will be asked to decide a variety of issues related to these claims.

## III.   CAUSES OF ACTION[2]

### A.   CAUSES OF ACTION ALLEGED BY APPLE INC. AGAINST QUALCOMM INCORPORATED.

Below are the causes of action brought by Apple, the damages and other relief sought by Apple, and the defenses asserted by Qualcomm. With respect to each cause of action listed below, Apple seeks a judgment awarding Apple its expenses, costs, and attorneys' fees in accordance with Rule 54(d) of the Federal Rules of Civil Procedure, or as is otherwise appropriate. Apple filed its First Amended Complaint

---

[2] Without waiving any objections each party may have to the identification of elements for each claim, the parties agree that the wording of the elements in the jury instructions will be determined at a later date in accordance with the Court's usual practice.

against Qualcomm ("Apple Claims") on June 20, 2017 (Case No. 17-cv-0108-GPC-MDD, Dkt. 83.). The Counts from the Apple Claims set forth below shall be tried.[3]

Qualcomm is the defendant in a case brought by the United States Federal Trade Commission and currently pending before Judge Lucy Koh in the Northern District of California, in which Apple is a third-party witness: *FTC v. Qualcomm Inc.*, No. 17-cv-0220 (N.D. Cal). That case is scheduled to begin a bench trial on January 4, 2019; evidence is projected to run through January 28, 2019, after which the Court will issue findings of fact and conclusions of law after appropriate post-trial briefing. Qualcomm is a party to other related cases as well, including several proceedings pending before the International Trade Commission. Apple and the CMs contend that the facts and relief sought in the *FTC v. Qualcomm* case and in other Qualcomm cases overlap with the facts to be found and the relief sought in the instant action, and thus Apple and the CMs contend that the resolution of that matter and other matters are likely to affect the scope of this trial. Apple reserves its rights to amend this list, as well as the defenses it has identified to Qualcomm's causes of action, and to move the Court to apply collateral estoppel, issue preclusion, or other/similar doctrines to simplify the issues to be tried.[4]

    1.    COUNT I: BREACH OF CONTRACT (BCPA) (Apple Claims ¶¶ 245-60[5])

---

[3] The Court on November 20, 2018 dismissed counts V-XXXI and LIX, without prejudice. *See* Order Granting Qualcomm's Motion for Partial Dismissal of Apple's First Amended Complaint and the CMs' Counterclaims at 15-16, *In re: Qualcomm Litigation*, No. 17-cv-00108-GPC (S.D. Cal. Nov. 20, 2018), Dkt. 737. Apple preserves its right to appeal the dismissal of counts V-XXXI and LIX.

[4] Qualcomm objects to Apple and the CMs' characterization and speculation regarding other cases not pending before this Court. Qualcomm objects to the inclusion of this paragraph entirely, which Apple and the CMs inserted for the first time at 10:27pm eastern time the night the pretrial order was due to be filed and refused to remove.

[5] All cross-references to paragraph numbers in Apple's Causes of Action section refer to its First Amended Complaint. (Dkt. 83)

---

a)   Applicable Elements:

   (1)   The existence of a contract;

   (2)   Apple's performance or excuse for nonperformance;

   (3)   Qualcomm's breach; and

   (4)   The resulting damages to Apple.[6]

b)   Damages and/or Relief Sought:

   (1)   Economic damages, including $963,453,309 in unpaid BCP Payments, subject to any applicable offset against monies withheld by Apple, plus statutory interest.

   (2)   Apple seeks a determination that Qualcomm is liable for breach of contract.

   (3)   Apple seeks a declaration that Qualcomm has breached its commitments under the BCPA.

Apple seeks an award of such other and further relief as the Court deems just and proper.

c)   Applicable Defenses:[7]

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to Apple's Count I:

   (1)   Apple's claim fails to state a claim on which relief can be granted.

   (2)   Apple's claim is barred in whole or in part by the doctrine of estoppel.

   (3)   Apple's claim is barred in whole or in part by the

---

[6] *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011).

[7] No party is conceding that any defenses on any causes of action included in the Pretrial Order are properly asserted or were adequately pled.  The parties reserve all future rights regarding challenging asserted defenses on all causes of action herein.

doctrine of waiver.

(4)    Apple's claim is barred in whole or in part by the doctrine of unclean hands.

(5)    Apple's claim for breach of contract is barred in whole or in part because Apple breached the BCPA, and therefore excused Qualcomm from its obligations.

(6)    Apple's claim for breach of contract is barred in whole or in part because of its claims filed in this and other lawsuits around the world.

(7)    Apple's claim for breach of contract is barred because Apple breached the covenant of good faith and fair dealing implied in every contract governed by California law, and therefore excused Qualcomm from its obligations.

(8)    Apple's claim for breach of contract is barred because Apple has not suffered any damages from any such alleged breach.

(9)    Apple's claim for breach of contract is barred by the doctrines of misunderstanding, mistake, or fraud.

(10)    Apple's claim is barred in whole or in part because it has sustained no injury in fact or damages proximately caused by any act or omission of Qualcomm.

(11)    Apple's claim is barred in whole or in part because any damages that Apple purports to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(12)    Apple's claim is barred in whole or in part because

of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(13)    To the extent that Apple has suffered damages, if at all, it has failed to take reasonable measures to mitigate its damages in whole or in part, and is barred from recovering damages that it could have reasonably avoided.

(14)    To the extent that Apple has suffered damages, if at all, all damages were caused by Apple's own actions.

(15)    To the extent that Apple has suffered damages, if at all, its damages are subject to offset in the amount of any obligations Apple owes Qualcomm.

(16)    Apple's claim is barred in whole or in part because any recovery would result in unjust enrichment to Apple.

(17)    Apple is not entitled to interest, attorney's fees or costs in connection with this action.

2.    COUNT II: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (Apple Claims ¶¶ 261-67)

a)    Applicable Elements:

(1)    The existence of a contract;

(2)    Apple fulfilled its obligations under the contract;

(3)    Qualcomm unfairly interfered with Apple's right to receive the benefits of the contract; and

(4)    Apple was harmed by Qualcomm's conduct.[8]

b)    Damages and/or Relief sought:

(1)    Economic damages, including $963,453,309 in

---

[8]  *Amata v. Narconon Fresh Start*, No. 14-cv-588-GPC, 2014 WL 5390196, at *9 (S.D. Cal. Oct. 23, 2014); *Sarbaz v. Wachovia Bank*, No. 10-cv-3462-CRB, 2011 WL 830236, at *3 (N.D. Cal. Mar. 3, 2011).

unpaid BCP Payments, subject to any applicable offset against monies withheld by Apple, plus statutory interest.

(2)    Apple seeks a determination that Qualcomm breached the implied covenant of good faith and fair dealing.

(3)    Apple seeks a declaration that Qualcomm has breached its commitments under the BCPA.

(4)    Apple seeks an award of such other and further relief as the Court deems just and proper.

c)    Applicable Defenses:

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to Apple's Count II:

(1)    Apple's claim fails to state a claim on which relief can be granted.

(2)    Apple's claim is barred in whole or in part by the doctrine of estoppel.

(3)    Apple's claim is barred in whole or in part by the doctrine of waiver.

(4)    Apple's claim is barred in whole or in part by the doctrine of unclean hands.

(5)    Apple's claim for breach of contract is barred in whole or in part because Apple breached the BCPA, and therefore excused Qualcomm from its obligations.

(6)    Apple's claim for breach of contract is barred in whole or in part because of its claims filed in this and other lawsuits around the world.

(7)     Apple's claim for breach of contract is barred because Apple breached the covenant of good faith and fair dealing implied in every contract governed by California law, and therefore excused Qualcomm from its obligations.

(8)     Apple's claim for breach of contract is barred because Apple has not suffered any damages from any such alleged breach.

(9)     Apple's claim for breach of contract is barred by the doctrines of misunderstanding, mistake, or fraud.

(10)    Apple's claim is barred in whole or in part because it has sustained no injury in fact or damages proximately caused by any act or omission of Qualcomm.

(11)    Apple's claim is barred in whole or in part because any damages that Apple purports to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(12)    Apple's claim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(13)    To the extent that Apple has suffered damages, if at all, it has failed to take reasonable measures to mitigate its damages in whole or in part, and is barred from recovering damages that it could have reasonably avoided.

(14)    To the extent that Apple has suffered damages, if at all, all damages were caused by Apple's own actions.

(15)    To the extent that Apple has suffered damages, if at

all, its damages are subject to offset in the amount of any obligations Apple owes Qualcomm.

(16)   Apple's claim is barred in whole or in part because any recovery would result in unjust enrichment to Apple.

(17)   Apple is not entitled to interest, attorney's fees or costs in connection with this action.

3.      COUNT III: VIOLATION OF CALIFORNIA CIVIL CODE § 1671 (Apple Claims ¶¶ 268-75)

a)      Applicable Elements:

(1)      As interpreted by Qualcomm, the second paragraph of Section 7 of the BCPA is a provision in a contract liquidating the damages for the breach of the contract; and

(2)      The provision was unreasonable under the circumstances existing at the time the contract was made.[9]

b)      Damages and/or Relief Sought:

(1)      Apple asks the Court to invalidate the liquidated damages provision in Section 7, paragraph 2 of the BCPA.

(2)      Economic damages, including $963,453,309 in unpaid BCP Payments, subject to any applicable offset against monies withheld by Apple, plus statutory interest.

(3)      Apple seeks an award of such other and further relief as the Court deems just and proper.

c)      Applicable Defenses:

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to Apple's

---

[9] Cal. Civ. Code § 1671(b); *Ridgley v. Topa Thrift & Loan Ass'n*, 953 P.2d 484, 488 (Cal. 1998); *Guthy-Renker Corp. v. Bernstein*, 39 Fed. App'x 584 (9th Cir. 2002).

Count III:

(1)     Apple's claim fails to state a claim on which relief can be granted.

(2)     Apple's claim is barred in whole or in part by the doctrine of unclean hands.

(3)     Apple's claim for breach of contract is barred in whole or in part because Apple breached the BCPA, and therefore excused Qualcomm from its obligations.

(4)     Apple's claim for breach of contract is barred in whole or in part because of its claims filed in this and other lawsuits around the world.

(5)     Apple's claim for breach of contract is barred because Apple breached the covenant of good faith and fair dealing implied in every contract governed by California law, and therefore excused Qualcomm from its obligations.

(6)     Apple's claim for breach of contract is barred because Apple has not suffered any damages from any such alleged breach.

(7)     Apple's claim for breach of contract is barred by the doctrines of misunderstanding, mistake, or fraud.

(8)     Apple's claim is barred in whole or in part because it has sustained no injury in fact or damages proximately caused by any act or omission of Qualcomm.

(9)     Apple's claim is barred in whole or in part because any damages that Apple purports to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages

with reasonable certainty.

(10)    To the extent that Apple has suffered damages, if at all, it has failed to take reasonable measures to mitigate its damages in whole or in part, and is barred from recovering damages that it could have reasonably avoided.

(11)    To the extent that Apple has suffered damages, if at all, its damages are subject to offset in the amount of any obligations Apple owes Qualcomm.

(12)    Apple's claim is barred in whole or in part because any recovery would result in unjust enrichment to Apple.

(13)    Apple is not entitled to interest, attorney's fees or costs in connection with this action.

4.    COUNT IV: DECLARATORY RELIEF (BCPA) (Apple Claims ¶¶ 276-80)

a)    Applicable Elements:

(1)    There is a substantial and actual controversy between Apple and Qualcomm having adverse legal interests, of sufficient immediacy and reality.

(2)    Qualcomm has breached its obligations under the BCPA.

(3)    If Qualcomm's interpretation of Section 7 of the BCPA were given effect, that interpretation would render Section 7 void as against public policy.

(a)    The Court must consider whether Qualcomm's interpretation of Section 7 would contravene public policy or whether the interest in the provision's enforcement is outweighed in the circumstances by a public policy against the

enforcement of such terms.[10]

(4)     The statements to regulators and others that Qualcomm claims form the basis for its withholding of monies pursuant to Section 7 of the BCPA are protected by California's litigation privilege, Cal. Civ. Code § 47.

(a)     California's litigation privilege applies to any communication made (1) in judicial or quasi-judicial proceedings; (2) by litigants or participants authorized by law to make such statements; (3) for the purpose of achieving the objects of the litigation; and (4) with some connection or logical relation to the action.[11]

(5)     Apple did not breach Section 7 of the BCPA.

(6)     Qualcomm must pay the remaining BCP Payments, plus interest.

(a)     *Supra*  III.A(1) and (2) for pertinent elements.

(7)     The second paragraph of Section 7 of the BCPA does not survive termination or expiration of the BCPA.

(8)     Apple did not breach its express or implied obligations under the BCPA.

(9)     Apple did not breach the implied covenant of good

---

[10] *Boston LLC v. Juarez*, 245 Cal. App. 4th 75, 85 (Cal. Ct. App. 2016) (citing Restatement (Second) of Contracts § 178);  *Morey v. Paladini*, 203 P. 760 (Cal. 1922); *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Mfg. Co.*, 425 P.3d 1, 8 (Cal. 2018); *D'Arrigo Bros. of California v. United Farmworkers of Am.*, 169 Cal. Rptr. 3d 171 (2014); *Cariveau v. Halferty*, 99 Cal. Rptr. 2d 417 (2000); Cal. Civ. Code §§ 1598-99, 1667.

[11] *Morales v. Coop. of Am. Physicians, Inc., Mut. Prot. Tr.*, 180 F.3d 1060, 1062 (9th Cir. 1999) (quoting *Silberg v. Anderson*, 786 P.2d 365 (Cal. 1990)); Cal. Civ. Code § 47(b).

1    faith and fair dealing or any other implied covenant of the

2    BCPA.

3        b)    Damages and/or Relief Sought:

4        (1)    Apple seeks a judicial determination as to the

5    parties' rights and obligations under the BCPA.

6        (2)    Apple seeks a declaration:

7        (a)    That Qualcomm has breached its obligations

8    under the BCPA.

9        (b)    That, if Qualcomm's interpretation of the

10   BCPA were given effect, such interpretation would

11   contravene public policy.

12       (c)    That the statements to regulators and others

13   that Qualcomm claims form the basis for its

14   withholding of monies pursuant to Section 7 of the

15   BCPA are protected by California's litigation

16   privilege, Cal. Civ. Code § 47.

17       (d)    That Apple's actions did not trigger the

18   second paragraph of Section 7.

19       (e)    That Qualcomm must pay the remaining BCP

20   Payments, plus interest.

21       (f)    That the second paragraph of Section 7 of the

22   BCPA does not survive termination or expiration of

23   the BCPA.

24       (g)    That Apple did not breach its express or

25   implied obligations under the BCPA.

26       (h)    That Apple did not breach the implied

27   covenant of good faith and fair dealing or any other

28   implied covenant of the BCPA.

(3)     Apple seeks an award of such other and further relief as the Court deems just and proper.

c)     Applicable Defenses:

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to Apple's Count IV:

(1)     Apple's claim fails to state a claim on which relief can be granted.

(2)     Apple's claim is barred in whole or in part by the doctrine of estoppel.

(3)     Apple's claim is barred in whole or in part by the doctrine of waiver.

(4)     Apple's claim is barred in whole or in part by the doctrine of unclean hands.

(5)     Apple's claim for breach of contract is barred in whole or in part because Apple breached the BCPA, and therefore excused Qualcomm from its obligations.

(6)     Apple's claim for breach of contract is barred in whole or in part because of its claims filed in this and other lawsuits around the world.

(7)     Apple's claim for breach of contract is barred because Apple breached the covenant of good faith and fair dealing implied in every contract governed by California law, and therefore excused Qualcomm from its obligations.

(8)     Apple's claim for breach of contract is barred because Apple has not suffered any damages from any

1       such alleged breach.

2       (9)     Apple's claim for breach of contract is barred by the

3       doctrines of misunderstanding, mistake, or fraud.

4       (10)    Apple's claim is barred in whole or in part because

5       it has sustained no injury in fact or damages proximately

6       caused by any act or omission of Qualcomm.

7       (11)    Apple's claim is barred in whole or in part because

8       any damages that Apple purports to have suffered are too

9       remote or speculative to allow recovery, and it is

10      impossible to ascertain and allocate such alleged damages

11      with reasonable certainty.

12      (12)    Apple's claim is barred in whole or in part because

13      of ratification, agreement, acquiescence or consent to

14      Qualcomm's alleged conduct.

15      (13)    To the extent that Apple has suffered damages, if at

16      all, it has failed to take reasonable measures to mitigate its

17      damages in whole or in part, and is barred from recovering

18      damages that it could have reasonably avoided.

19      (14)    To the extent that Apple has suffered damages, if at

20      all, all damages were caused by Apple's own actions.

21      (15)    To the extent that Apple has suffered damages, if at

22      all, its damages are subject to offset in the amount of any

23      obligations Apple owes Qualcomm.

24      (16)    Apple's claim is barred in whole or in part because

25      any recovery would result in unjust enrichment to Apple.

26      (17)    Apple is not entitled to interest, attorney's fees or

27      costs in connection with this action.

28      d)      Qualcomm objection:

(1)     Apple states the incorrect standard the Court must use to determine whether a contract or its provision violate public policy.  The correct standard is whether the interest in the contract's enforcement is "*clearly* outweighed" in the circumstances by public policy.  *Erhart v. BofI Holding, Inc.*, 2017 WL 588390, at \*6 (S.D. Cal. Feb. 14, 2017) (citing Restatement (Second) of Contracts § 178) (emphasis added); Restatement (Second) of Contracts § 178.  Several of the cases Apple cited in support of its recitation of the elements also use the "clearly outweighed" standard.  *Boston LLC v. Juarez*, 245 Cal. App. 4th 75, 85 (Cal. Ct. App. 2016) (citing Restatement (Second) of Contracts § 178); *Cariveau v. Halferty*, 99 Cal. Rptr. 2d 417, 420 (2000).[12]

5.     COUNT LX: DECLARATORY RELIEF: STA ASSIGNMENT AGREEMENT (Apple Claims ¶¶ 593-606)

a)     Applicable Elements:

(1)     There is a substantial and actual controversy between parties having adverse legal interests, of sufficient immediacy and reality.

(2)     STA Assignment Agreement § 4.4 is unenforceable as against public policy because it requires Apple to pay for a license fee on exhausted patents, thereby violating public policy prohibiting extension of patent rights beyond

---

[12] Apple and the CMs have requested a jury trial on all claims, including that various contracts, interpretations thereof, or portions thereof, violate public policy.  As such, Apple and the CM's position is that the parties will need to craft a jury instruction for this issue as well, and will be in a position to brief this issue for the Court at the time jury instructions are decided.

their proper boundaries.

      (a)    The Court must consider whether public policy provides that STA Assignment Agreement § 4.4 is unenforceable, or whether the interest in the provision's enforcement is outweighed in the circumstances by a public policy against the enforcement of such terms.[13]

b)    Damages and/or Relief Sought:

    (1)    Apple asks the Court for a declaration that STA Assignment Agreement § 4.4 is unenforceable as against public policy.

    (2)    Apple seeks an award of such other and further relief as the Court deems just and proper.

c)    Applicable Defenses:

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to Apple's Count LX:

    (1)    Apple's claim fails to state a claim on which relief can be granted.

    (2)    Apple's claim is barred in whole or in part by the doctrine of estoppel.

    (3)    Apple's claim is barred in whole or in part by the doctrine of waiver.

    (4)    Apple's claim is barred in whole or in part by the doctrine of unclean hands.

    (5)    Apple's claim is barred in whole or in part because

---

[13] *See supra* note 10.

it is non-justiciable.

(6)     Apple's claim for declaratory relief is barred in whole or in part because there is no active case or controversy under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Apple is seeking an advisory opinion.

(7)     Apple's claim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(8)     Apple is not entitled to interest, attorney's fees or costs in connection with this action.

d)     Qualcomm objection:

(1)     Apple states the incorrect standard the Court must use to determine whether a contract or its provision violate public policy.  The correct standard is whether the interest in the contract's enforcement is "*clearly* outweighed" in the circumstances by public policy.  *Erhart v. BofI Holding, Inc.*, 2017 WL 588390, at *6 (S.D. Cal. Feb. 14, 2017) (citing Restatement (Second) of Contracts § 178) (emphasis added); Restatement (Second) of Contracts § 178.  Several of the cases Apple cited in support of its recitation of the elements also use the "clearly outweighed" standard.  *Boston LLC v. Juarez*, 245 Cal. App. 4th 75, 85 (Cal. Ct. App. 2016) (citing Restatement (Second) of Contracts § 178); *Cariveau v. Halferty*, 99 Cal. Rptr. 2d 417, 420 (2000).[14]

6.     COUNT LXI: DECLARATORY RELIEF (QUALCOMM'S

---

[14] Apple Response: *See supra* note 12.

AGREEMENTS WITH APPLE'S CONTRACT MANUFACTURERS) (Apple Claims ¶¶ 607-14)

    a)    Applicable Elements:

        (1)    There is a substantial and actual controversy between parties having adverse legal interests, of sufficient immediacy and reality.

        (2)    The license agreements between Qualcomm and Foxconn, Pegatron, Wistron, and Compal are unenforceable as against public policy because, among other issues, they seek license fees on exhausted patents, seek to bundle together license fees on exhausted patents with license fees on non-exhausted patents, violate the antitrust laws, and do not comply with Qualcomm's FRAND obligations.

            (a)    The Court must consider whether public policy provides that the license agreements are unenforceable, or whether the interest in the license agreements' enforcement is outweighed under the circumstances by a public policy against the enforcement of the agreements.[15]

    b)    Damages and/or Relief Sought:

        (1)    Apple seeks a judicial determination as to the parties' rights and obligations under the CMs' license agreements.

        (2)    Apple asks the Court for a declaration:

            (a)    That the license agreements between Qualcomm and Apple CMs Foxconn, Pegatron,

---

[15] *See supra* note 10.

Wistron, and Compal are unenforceable as against public policy.

      (b)    Apple is entitled to at least restitution of monies paid pursuant to the CMs' license agreements for Apple's iPhones and iPads for patents that were exhausted, which constitutes at least $3,180,424,905 in restitution.

      (3)    Apple seeks an order requiring Qualcomm to disgorge royalties for exhausted patents that Qualcomm previously extracted from Apple, including royalties paid through Apple's CMs for Apple's iPhones and iPads, and to pay such unjust gains to Apple.

      (4)    Apple seeks an award of such other and further relief as the Court deems just and proper.

  c)    Applicable Defenses:

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to Apple's Count LXI:

      (1)    Apple's claim fails to state a claim on which relief can be granted.

      (2)    Apple's claim is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Business and Professions Code § 17208 and 15 U.S.C. § 15b.

      (3)    Apple's claim is barred in whole or in part by the doctrine of laches.

      (4)    Apple's claim is barred in whole or in part by the

doctrine of estoppel.

(5)    Apple's claim is barred in whole or in part by the doctrine of waiver.

(6)    Apple's claim is barred in whole or in part by the doctrine of unclean hands.

(7)    Apple's claim is barred in whole or in part because it is non-justiciable.

(8)    Apple's claim for declaratory relief is barred in whole or in part because there is no active case or controversy under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Apple is seeking an advisory opinion.

(9)    Apple's claim is barred in whole or in part because Qualcomm's alleged conduct did not unreasonably restrain trade and was lawful, pro-competitive, and based on legitimate business and economic justifications.

(10)   Apple's claim is barred in whole or in part by the *Illinois Brick* doctrine, which prohibits antitrust recovery by indirect purchasers.

(11)   Apple's claim is barred in whole or in part because Apple has not suffered antitrust injury or any injury of the type the antitrust laws were intended to prevent.

(12)   Apple's claim is barred in whole or in part because it has sustained no injury in fact or damages proximately caused by any act or omission of Qualcomm.

(13)   Apple's claim is barred in whole or in part because any damages that Apple purports to have suffered are too remote or speculative to allow recovery, and it is

impossible to ascertain and allocate such alleged damages with reasonable certainty.

(14)   Apple's claim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(15)   Apple's claim is barred in whole or in part because it lacks standing.

(16)   Apple's claim seeking to disgorge royalties paid through the CMs is barred in whole or in part because Apple lacks standing.

(17)   To the extent that Apple has suffered damages, if at all, it has failed to take reasonable measures to mitigate its damages in whole or in part, and is barred from recovering damages that it could have reasonably avoided.

(18)   To the extent that Apple has suffered damages, if at all, its damages are subject to offset in the amount of any obligations Apple owes Qualcomm.

(19)   Apple's claim is barred in whole or in part because it is not entitled to restitution or disgorgement of profits.

(20)   Apple's claim is barred in whole or in part because any recovery would result in unjust enrichment to Apple.

(21)   Apple's claim is barred in whole or in part because Qualcomm has satisfied its FRAND commitments.

(22)   Apple is not entitled to interest, attorney's fees or costs in connection with this action.

d)   Qualcomm objection:

(1)   Apple states the incorrect standard the Court must use to determine whether a contract or its provision violate

1    public policy.  The correct standard is whether the interest

2    in the contract's enforcement is "*clearly* outweighed" in

3    the circumstances by public policy.  *Erhart v. BofI*

4    *Holding, Inc.*, 2017 WL 588390, at *6 (S.D. Cal. Feb. 14,

5    2017) (citing Restatement (Second) of Contracts § 178)

6    (emphasis added); Restatement (Second) of Contracts

7    § 178.  Several of the cases Apple cited in support of its

8    recitation of the elements also use the "clearly

9    outweighed" standard.  *Boston LLC v. Juarez*, 245 Cal.

10    App. 4th 75, 85 (Cal. Ct. App. 2016) (citing Restatement

11    (Second) of Contracts § 178); *Cariveau v. Halferty*, 99

12    Cal. Rptr. 2d 417, 420 (2000).[16]

13        7.    COUNT LXII: MONOPOLIZATION (Apple Claims ¶¶ 615-52)

14          a)    Applicable Elements:

15            (1)    Qualcomm possesses or at relevant times possessed

16    monopoly power in a relevant market;

17            (2)    Qualcomm has willfully acquired or maintained that

18    power; and

19            (3)    Qualcomm's conduct has caused antitrust injury.[17]

20            (4)    Injunctive relief under Section 16 of the Clayton

21    Act, 15 U.S.C. § 26, is appropriate if a plaintiff faces a

22    significant threat of injury from an impending violation of

23    the antitrust laws or from a contemporary violation likely

24    to continue or recur.[18]

25

---

26    [16] Apple Response: *See supra* note 12.

27    [17] *Cost Mgmt. Servs., Inc. v. Washington Nat'l Gas Co.*, 99 F.3d 937, 949 (9th Cir. 1996); *Safeway Inc. v. Abbott Labs.*, 761 F. Supp. 2d 874, 888 (N.D. Cal. 2011).

28    [18] *Zenith Radio Corp. v. Hazeltine Research*, 395 U.S. 100, 130 (1969).

---

(5)     A plaintiff has standing to enforce Section 16 of the Clayton Act when its threatened loss or damage is of the type the antitrust laws were designed to prevent and that flows from that which makes defendants' acts unlawful.[19]

b)     Damages and/or Relief Sought:

(1)     Apple asks for a determination and declaration that Qualcomm has violated Section 2 of the Sherman Act and an order enjoining Qualcomm from all unlawful acts, as well as further injunctive relief necessary to remedy Qualcomm's unlawful behavior, the specifics of which will be determined at a later date.

(2)     Apple seeks an award of such other and further relief as the Court deems just and proper.

c)     Applicable Defenses

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to Apple's Count LXII:

(1)     Apple's claim fails to state a claim on which relief can be granted.

(2)     Apple's claim is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Business and Professions Code § 17208 and 15 U.S.C. § 15b.

(3)     Apple's claim is barred in whole or in part by the doctrine of laches.

---

[19] *Cargill, Inc. v. Monfort of Colo., Inc.*, 479 U.S. 104, 113 (1986) (*quoting Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)).

(4)   Apple's claim is barred in whole or in part by the doctrine of estoppel.

(5)   Apple's claim is barred in whole or in part by the doctrine of waiver.

(6)   Apple's claim is barred in whole or in part by the doctrine of unclean hands.

(7)   Apple's claim is barred in whole or in part because Qualcomm's alleged conduct did not unreasonably restrain trade and was lawful, pro-competitive, and based on legitimate business and economic justifications.

(8)   Apple's claim is barred in whole or in part by the *Illinois Brick* doctrine, which prohibits antitrust recovery by indirect purchasers.

(9)   Apple's claim is barred in whole or in part because Apple has not suffered antitrust injury or any injury of the type the antitrust laws were intended to prevent.

(10)   Apple's claim is barred in whole or in part because it has sustained no injury in fact or damages proximately caused by any act or omission of Qualcomm.

(11)   Apple's claim is barred in whole or in part because any damages that Apple purports to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(12)   Apple's claim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(13)   Apple's claim is barred in whole or in part because

it lacks standing.

(14)   To the extent that Apple has suffered damages, if at all, all damages were caused by Apple's own actions.

(15)   Apple is not entitled to injunctive relief because any alleged injury to Apple is not immediate or irreparable and Apple has an adequate remedy at law.

(16)   Apple's claim is barred in whole or in part because Qualcomm has satisfied its FRAND commitments.

(17)   Apple's claim is barred in whole or in part because Apple is an unwilling licensee.

(18)   Apple is not entitled to interest, attorney's fees or costs in connection with this action.

8.      COUNT LXIII: VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW (Apple Claims ¶¶ 653-61)

a)   Applicable Elements:

(1)   Qualcomm engaged in unlawful conduct, i.e., violated a federal, state, or municipal statute; and

(2)   Apple suffered injury in fact and lost money or property as a result of Qualcomm's unlawful conduct.[20]

b)   Damages and/or Relief Sought:

(1)   Apple seeks a decree that Qualcomm has violated the California Unfair Competition Law and an order enjoining Qualcomm from all unlawful business practices,

---

[20] *In re Act-Immune Marketing Litig.*, 2010 WL 3463491, at *6 (N.D. Cal. 2010); *Lopez v. Stages of Beauty, LLC*, 307 F. Supp.3d 1058, 1070-73 (S.D. Cal. 2018); *Cel-Tech Comms., Inc. v. Los Angeles Cellular Telephone Co.*, 973 P.2d 527, 540 (Cal. 1999) ("Section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.").

the specifics of which will be determined at a later date.

(2)     Apple seeks restitution of all excessive license fees that Apple paid; Apple is entitled to at least restitution of monies paid pursuant to the CMs' license agreements for Apple's iPhones and iPads for patents that were exhausted, which constitutes at least $3,180,424,905 in restitution.

(3)     Apple seeks an order requiring Qualcomm to disgorge non-FRAND royalties and royalties for exhausted patents that Qualcomm previously extracted from Apple, including royalties paid through Apple's CMs for Apple's iPhones and iPads, and to pay such unjust gain to Apple.

(4)     Apple seeks an award of such other and further relief as the Court deems just and proper.

c)     Applicable Defenses:

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to Apple's Count LXIII:

(1)     Apple's claim fails to state a claim on which relief can be granted.

(2)     Apple's claim is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Business and Professions Code § 17208 and 15 U.S.C. § 15b.

(3)     Apple's claim is barred in whole or in part by the doctrine of laches.

(4)     Apple's claim is barred in whole or in part by the

doctrine of estoppel.

(5)     Apple's claim is barred in whole or in part by the doctrine of waiver.

(6)     Apple's claim is barred in whole or in part by the doctrine of unclean hands.

(7)     Apple's claim is barred in whole or in part because Qualcomm's alleged conduct did not unreasonably restrain trade and was lawful, pro-competitive, and based on legitimate business and economic justifications.

(8)     Apple's claim is barred in whole or in part because Apple has not suffered antitrust injury or any injury of the type the antitrust laws were intended to prevent.

(9)     Apple's claim is barred in whole or in part because it has sustained no injury in fact or damages proximately caused by any act or omission of Qualcomm.

(10)    Apple's claim is barred in whole or in part because any damages that Apple purports to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(11)    Apple's claim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(12)    Any monetary damages under California Business and Professions Code §17200, et seq., are barred in their entirety by those statutes and other applicable legal authority.

(13)    Apple's claim is barred in whole or in part because

1  it lacks standing.

2  (14)   Apple's claim seeking to disgorge royalties paid

3  through the CMs is barred in whole or in part because

4  Apple lacks standing.

5  (15)   To the extent that Apple has suffered damages, if at

6  all, it has failed to take reasonable measures to mitigate its

7  damages in whole or in part, and is barred from recovering

8  damages that it could have reasonably avoided.

9  (16)   To the extent that Apple has suffered damages, if at

10  all, all damages were caused by Apple's own actions.

11  (17)   To the extent that Apple has suffered damages, if at

12  all, its damages are subject to offset in the amount of any

13  obligations Apple owes Qualcomm.

14  (18)   Apple is not entitled to injunctive relief because any

15  alleged injury to Apple is not immediate or irreparable and

16  Apple has an adequate remedy at law.

17  (19)   Apple's claim is barred in whole or in part because

18  it is not entitled to restitution or disgorgement of profits.

19  (20)   Apple's claim is barred in whole or in part because

20  any recovery would result in unjust enrichment to Apple.

21  (21)   Apple's claim is barred in whole or in part because

22  Qualcomm has satisfied its FRAND commitments.

23  (22)   Apple's claim is barred in whole or in part because

24  Apple is an unwilling licensee.

25  (23)   Apple is not entitled to interest, attorney's fees or

26  costs in connection with this action.

27  **B.    COUNTERCLAIMS ALLEGED BY QUALCOMM, INC.**

28  **AGAINST APPLE INC.**

On May 2, 2018, Qualcomm filed its Second Amended Counterclaims for Damages, Declaratory Judgment, and Injunctive Relief against Apple ("QC Counterclaims").  (Case No. 17-cv-0108-GPC-MDD, Dkt. No. 469.)  The following causes of action from the QC Counterclaims shall be tried:[21]

1.    COUNT I:  TORTIOUS INTERFERENCE WITH QUALCOMM'S LICENSE AGREEMENTS WITH THE CONTRACT MANUFACTURERS (QC Counterclaims ¶¶ 264-97)

a)    Applicable Elements:

(1)    Qualcomm and each CM entered into a contract;

(2)    Apple knew about Qualcomm's contract with each CM;

(3)    Apple's conduct prevented each CM's performance or made each CM's performance more expensive or difficult;

(4)    Apple intended to disrupt the performance of each contract or knew that disruption of performance was certain or substantially certain to occur;

(5)    Qualcomm was harmed; and

(6)    Apple's conduct was a substantial factor in causing Qualcomm's harm.

(7)    In addition, Qualcomm is entitled to punitive damages because Apple acted maliciously, oppressively and/or fraudulently. [22]

---

[21] The Court previously dismissed Qualcomm's Count X.  (QC Counterclaims ¶¶ 381-87.)  Qualcomm preserves the dismissal of Count X for appeal.

[22] CACI No. 2201; *see also Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (Cal. 1990) (cited by CACI); *Barcel USA, LLC v. Baja Distributors, Inc.,* 2014 WL 12539699, at *3 (S.D. Cal. Jan. 7, 2014) (using CACI to state the elements of a claim); *Marlo v. United Parcel Serv., Inc*., 890 F. Supp. 2d 1243, 1245

1     b) Damages Sought:

2       (1) Economic damages and punitive damages in

3       amounts to be proven at trial.  (*See*, *e.g.*, Expert Report of

4       Ambreen Salters.)

5     c) Additional Relief Sought:

6       (1) Injunction prohibiting Apple from interfering with

7       each CM's license agreement;

8       (2) Reasonable attorneys' fees to Qualcomm;

9       (3) Expenses, costs, and disbursements in this action,

10       including prejudgment interest; and

11       (4) Such other and further relief as the Court deems just

12       and proper.

13     d) Applicable Defenses:[23]

14       (1) Qualcomm's Counterclaim is barred in whole or in

15       part for the reasons stated in the Court's November 8,

16       2018 decision granting in part Apple's Motion for Partial

17

18 (C.D. Cal. 2012) ("The CACI instructions 'are approved by the Judicial Council as

19 the state's official jury instructions under the California Rules of Court'"); Cal. Civ. Code § 3294.

20 [23] With respect to this Counterclaim and every other Counterclaim asserted by

21 Qualcomm, Apple contends that Qualcomm is not entitled to any relief, whether in the form of declaratory, injunctive, or monetary relief (whether in the form of

22 economic losses, punitive damages, disgorgement, or restitution), costs, attorneys' fees, expenses, interest, or otherwise. Apple's position is that all of Qualcomm's

23 counterclaims fail on the merits and Qualcomm cannot meet its burden with respect to any of them. Apple reserves the right to amend the defenses it has identified.

24 Furthermore, Apple asserts all of the defenses referenced herein for every

25 Counterclaim without taking on (or relieving any other party of) the burden of proof for any element on which another party bears the burden of proof.

26

27 Qualcomm objects to Apple's purported reservation to amend its defenses at any

28 time.

Summary Judgment on Second Amended Counterclaim for Tortious Interference with Contract as Time-Barred (Dkt. 729).

(2)    Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has failed to meet its burden of proving the elements of its Tortious Interference with Contract Counterclaim.

(3)    Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's contracts with the CMs are anticompetitive.

(4)    Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's contracts with the CMs violate the Sherman Act, 15 U.S.C. § 2.

(5)    Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's contracts with the CMs violate Cal. Bus. & Prof. Code §§ 17200, *et seq.*

(6)    Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's contracts with the CMs are unlawful acts.

(7)    Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's royalty rates are non-FRAND.

(8)    Qualcomm's Counterclaim is barred in whole or in part because Qualcomm seek payments on noninfringed, non-essential, invalid, exhausted, and expired patents.

(9)    Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has misinterpreted the contracts at issue.

(10)    Qualcomm's Counterclaim is barred in whole or in

part because Apple did not do or is not responsible for the acts complained of.

(11)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of laches.

(12)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of estoppel.

(13)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of waiver.

(14)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(15)   Qualcomm's Counterclaim is barred in whole or in part by the applicable statute(s) of limitations.

(16)   Qualcomm's Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Apple's alleged conduct.

(17)   Qualcomm's Counterclaim is barred in whole or in part because Apple satisfied its obligations, both contractual and otherwise, in all material respects.

(18)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's SULAs are substantively and/or procedurally unconscionable.

(19)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has not suffered actual, cognizable injury; has suffered no damages; and/or the alleged injury is too speculative and uncertain so that it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(20)   Qualcomm's Counterclaim is barred in whole or in

1    part because of a lack of causation, including without

2    limitation because any injuries or damages that may have

3    been suffered were caused solely or proximately by the

4    intervening and superseding acts and omissions of others

5    over whom Apple had no power, authority, or control, and

6    because Qualcomm's injury or damages were not

7    proximately caused by any act or omission of Apple.

8    (21)   Qualcomm's Counterclaim is barred in whole or in

9    part because the contracts alleged to have been interfered

10    with were not actually breached or disrupted.

11    (22)   Qualcomm's Counterclaim is barred in whole or in

12    part because any breach was not material.

13    (23)   Qualcomm's Counterclaim is barred in whole or in

14    part by the doctrine of unenforceability and/or illegality,

15    including without limitation unenforceability as against

16    public policy.

17    (24)   Qualcomm's Counterclaim is barred in whole or in

18    part because Qualcomm has breached its obligations under

19    the relevant contracts.

20    (25)   Qualcomm's Counterclaim is barred in whole or in

21    part because Qualcomm has breached the implied

22    covenant of good faith and fair dealing under the relevant

23    contracts.

24    (26)   Qualcomm's Counterclaim is barred in whole or in

25    part because the contracts do not impose the obligations on

26    Apple that Qualcomm claims were breached.

27    (27)   Qualcomm's Counterclaim is barred in whole or in

28    part by the economic loss doctrine.

(28)   Qualcomm's Counterclaim is barred in whole or in part by lack of intent or scienter.

(29)   Qualcomm's Counterclaim is barred in whole or in part by equitable and/or statutory setoff.

(30)   Qualcomm's Counterclaim is barred in whole or in part because Apple's actions were justified.

(31)   To the extent that Qualcomm has suffered damages, if at all, all damages were caused by Qualcomm's own actions.

(32)   Qualcomm's Counterclaim is barred in whole or in part by a failure to mitigate.

(33)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has not stated a viable claim that entitles it to a monetary recovery.

(34)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm is not entitled to injunctive relief, including because  Qualcomm has not suffered an irreparable injury, Qualcomm has adequate remedies at law to compensate for any alleged injury, the balance of hardships does not warrant this equitable remedy, and/or such relief would disserve the public interest.

(35)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm is not entitled to attorneys' fees, interest, expenses, costs, disbursements, or any other relief in connection with this action.

(36)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm is not entitled to punitive damages, including because Apple did not act with

oppression, fraud, or malice, and/or Qualcomm cannot prove the same by clear and convincing evidence.

2.   COUNT II:  DECLARATION THAT QUALCOMM'S LICENSE AGREEMENTS WITH THE CONTRACT MANUFACTURERS DO NOT VIOLATE QUALCOMM'S FRAND COMMITMENTS TO ETSI (QC Counterclaims ¶¶ 298-313)

a)   There is a substantial and actual controversy between Qualcomm and Apple having adverse legal interests, of sufficient immediacy and reality.

b)   Qualcomm seeks a declaration that each of its license agreements with the CMs, listed below, does not violate Qualcomm's FRAND commitments to ETSI:

(1)   Compal Subscriber Unit Licensing Agreement, dated February 10, 2000, as amended;

(2)   Foxconn Subscriber Unit License Agreement, dated October 18, 2005, as amended;

(3)   Wistron Subscriber Unit License Agreement, dated May 23, 2007; and

(4)   Pegatron Subscriber Unit License Agreement, dated April 29, 2010, as amended.

c)   Damages Sought:

(1)   None.

d)   Additional Relief Sought:

(1)   Reasonable attorneys' fees to Qualcomm;

(2)   Expenses, costs, and disbursements in this action; and

(3)   Such other and further relief as the Court deems just and proper.

e)      Applicable Defenses:

(1)      Qualcomm's Counterclaim is barred in whole or in part based on the allegations set forth in Apple's First Amended Complaint.

(2)      Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's claimed royalties are non-FRAND.

(3)      Qualcomm's Counterclaim is barred because Qualcomm's SULAs (as set forth above in Qualcomm's Count II and referred to in defense to this Count II as Qualcomm's SULAs) seek payments on noninfringed, nonessential, invalid, exhausted, and expired patents.

(4)      Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's SULAs are anticompetitive.

(5)      Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's SULAs violate the Sherman Act, 15 U.S.C. § 2.

(6)      Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's SULAs violate Cal. Bus. & Prof. Code §§ 17200, *et seq*.

(7)      Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's SULAs are unlawful acts.

(8)      Qualcomm's Counterclaim is barred in whole or in part because Qualcomm failed to timely disclose its essential IPR, and to disclose its IPR in good faith, pursuant to Clause 4.1 of ETSI Rules of Procedure.

(9)      Qualcomm's Counterclaim is barred in whole or in part because Qualcomm failed to license its cellular SEPs

under FRAND terms and conditions.

(10)   Qualcomm's Counterclaim is barred in whole or in part because it is immaterial if Qualcomm complied with ETSI rules if Qualcomm violated other relevant SSO rules.

(11)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(12)   Qualcomm's Counterclaim is barred in whole or in part because it is nonjusticiable.

(13)   Qualcomm's Counterclaim is barred in whole or in part because there is no active case or controversy under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and Qualcomm is seeking an advisory opinion.

(14)   Qualcomm is not entitled to the declaration it seeks because Qualcomm's SULAs with the Contract Manufacturers violate Qualcomm's FRAND Commitments to ETSI.

(15)   Qualcomm's Counterclaim is barred in whole or in part because the Court lacks subject-matter jurisdiction.

(16)   Qualcomm's Counterclaim is barred in whole or in part by the doctrines of res judicata and collateral estoppel.

(17)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of unenforceability and/or illegality, including without limitation unenforceability as against public policy.

(18)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's SULAs are substantively and/or procedurally unconscionable.

(19)   Qualcomm's Counterclaim is barred in whole or in

1  part because Qualcomm has breached its obligations under
2  relevant contracts.
3  (20)   Qualcomm's Counterclaim is barred in whole or in
4  part because Qualcomm has breached the implied
5  covenant of good faith and fair dealing under relevant
6  contracts.
7  (21)   Qualcomm's Counterclaim is barred in whole or in
8  part because Qualcomm is not entitled to attorneys' fees,
9  interest, costs, expenses, disbursements, or any other relief
10  in connection with this action.
11  (22)   Qualcomm's Counterclaim is barred because
12  Qualcomm is not entitled to the declaratory relief sought.
13  3.   COUNT III:  DECLARATION THAT QUALCOMM'S
14  LICENSE AGREEMENTS WITH THE CONTRACT
15  MANUFACTURERS DO NOT VIOLATE COMPETITION LAW
16  (QC Counterclaims ¶¶ 314-28)
17  a)   There is a substantial and actual controversy between
18  Qualcomm and Apple having adverse legal interests, of
19  sufficient immediacy and reality.
20  b)   Qualcomm seeks a declaration that each of its license
21  agreements with the CMs, listed below, does not violate Section
22  2 of the Sherman Act, 15 U.S.C. § 2, and California Business
23  and Professions Code § 17200:
24  (1)   Compal Subscriber Unit Licensing Agreement,
25  dated February 10, 2000, as amended;
26  (2)   Foxconn Subscriber Unit License Agreement, dated
27  October 18, 2005, as amended;
28  (3)   Wistron Subscriber Unit License Agreement, dated

1    May 23, 2007; and

2    (4)    Pegatron Subscriber Unit License Agreement, dated

3    April 29, 2010, as amended.

4    c)    Apple cannot demonstrate Qualcomm's license

5    agreements with the CMs violate Section § 2 of the Sherman

6    Act, 15 U.S.C. § 2 and California Business and Professions Code

7    § 17200.

8    (1)    The elements for Apple's claim under Section 2 of

9    the Sherman Act, 15 U.S.C. § 2 are:

10    (a)    The alleged markets are valid antitrust

11    markets;

12    (b)    the defendant possesses monopoly power in

13    the relevant markets;

14    (c)    the defendant has willfully acquired or

15    maintained that power in those markets by engaging

16    in anticompetitive conduct;

17    (d)    defendant's conduct occurred in or affected

18    interstate or foreign commerce; and

19    (e)    the plaintiff was injured in its business or

20    property because of the defendant's anticompetitive

21    conduct.[24]

22    (2)    The elements for Apple's UCL claim are:

23    (a)    Qualcomm engaged in unlawful conduct, i.e.,

24

25    _____

[24] ABA Model Jury Instructions, Ch. 3; *see also In re: Cathode Ray Tube (Crt)*

26    *Antitrust,* 2016 WL 5871243, at *3 (N.D. Cal. Oct. 7, 2016) (using the ABA Model
Jury Instructions to outline the elements of an antitrust claim); Ninth Circuit Manual

27    on Model Jury Instructions, p. 285 (identifying the ABA Model Jury Instructions as
sources for Sherman Act § 1 and § 2 jury instructions).

28

violated a federal, state, or municipal statute; and

(b)   Apple suffered injury in fact and lost money

or property as a result of Qualcomm's unlawful

conduct.[25]

d)   Damages Sought:

(1)   None.

e)   Additional Relief Sought:

(1)   Reasonable attorneys' fees to Qualcomm;

(2)   Expenses, costs, and disbursements in this action;

and

(3)   Such other and further relief as the Court deems just

and proper.

f)   Applicable Defenses:

(1)   Qualcomm's Counterclaim is barred in whole or in

part because Qualcomm has engaged in violations of

competition law, for all the reasons stated in Apple's First

Amended Complaint (Dkt. 83).

(2)   Qualcomm is not entitled to the declaratory relief it

seeks because the SULAs as set forth above in

Qualcomm's Count III and referred to in defense to this

Count III as Qualcomm's SULAs) with the Contract

Manufacturers violate competition law.

(3)   Qualcomm's Counterclaim is barred in whole or in

---

[25] *In re Act-Immune Marketing Litig.*, 2010 WL 3463491, at *6 (N.D. Cal. 2010);
*Lopez v. Stages of Beauty, LLC*, 307 F. Supp.3d 1058, 1070-73 (S.D. Cal. 2018);
*Cel-Tech Comms., Inc. v. Los Angeles Cellular Telephone Co.*, 973 P.2d 527, 540
(Cal. 1999) ("Section 17200 borrows violations of other laws and treats them as
unlawful practices that the unfair competition law makes independently
actionable.").

part because Qualcomm's SULAs violate Section 2 of the Sherman Act, 15 U.S.C. § 2.

(4)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's SULAs violate Cal. Bus. & Prof. Code §§ 17200, *et seq.*

(5)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm failed to license its cellular SEPs under FRAND terms and conditions.

(6)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's SULAs seek payments on noninfringed, nonessential, invalid, exhausted, and expired patents.

(7)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's SULAs are substantively and/or procedurally unconscionable.

(8)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has misinterpreted the SULAs as not violating the competition laws.

(9)   Qualcomm's Counterclaim is barred in whole or in part by the doctrines of res judicata and collateral estoppel.

(10)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(11)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of unenforceability and/or illegality, including without limitation unenforceability as against public policy.

(12)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has breached the implied

covenant of good faith and fair dealing in relevant
contracts.

(13)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has breached its obligations under relevant contracts.

(14)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm is not entitled to attorneys' fees, interest, expenses, costs, disbursements, or any other relief in connection with this action.

(15)   Qualcomm's Counterclaim is barred because Qualcomm is not entitled to the declaratory relief sought.

4.     COUNT IV:  DECLARATION THAT QUALCOMM HAS SATISFIED AND DISCHARGED ITS FRAND COMMITMENTS TO ETSI WITH RESPECT TO APPLE (QC Counterclaims ¶¶ 329-45)

a)     There is a substantial and actual controversy between Qualcomm and Apple having adverse legal interests, of sufficient immediacy and reality.

b)     Qualcomm seeks a declaration that its FRAND commitments with respect to Apple have been satisfied and discharged.

c)     Damages Sought

(1)     None.

d)     Additional Relief Sought

(1)     Reasonable attorneys' fees to Qualcomm;

(2)     Expenses, costs, and disbursements in this action; and

(3)     Such other and further relief as the Court deems just and proper.

e)      Applicable Defenses

(1)      Qualcomm's Counterclaim is barred in whole or in part based on the allegations set forth in Apple's First Amended Complaint.

(2)      Qualcomm is not entitled to the declaration it seeks because its FRAND commitments with respect to Apple have not been satisfied and discharged.

(3)      Qualcomm's Counterclaim is barred in whole or in part because Qualcomm failed to license its cellular SEPs under FRAND terms and conditions.

(4)      Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's declaration seeks royalties on noninfringed, nonessential, invalid, exhausted, and expired patents.

(5)      Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's SULAs with the CMs are anticompetitive.

(6)      Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's SULAs violate the Sherman Act, 15 U.S.C. § 2.

(7)      Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's SULAs violate Cal. Bus. & Prof. Code §§ 17200, *et seq*.

(8)      Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's SULAs are unlawful acts.

(9)      Qualcomm's Counterclaim is barred in whole or in part because Qualcomm failed to timely disclose its essential IPR, and disclose its IPR in good faith, pursuant

to Clause 4.1 of ETSI Rules of Procedure.

(10)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(11)   Qualcomm's Counterclaim is barred in whole or in part because there is no active case or controversy under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and Qualcomm is seeking an advisory opinion.

(12)   Qualcomm's Counterclaim is barred in whole or in part because the Court lacks subject-matter jurisdiction.

(13)   Qualcomm's Counterclaim is barred in whole or in part because it is nonjusticiable.

(14)   Qualcomm's Counterclaim is barred in whole or in part because it is immaterial if Qualcomm complied with ETSI rules if Qualcomm violated other relevant SSO rules.

(15)   Qualcomm's Counterclaim is barred in whole or in part by the doctrines of res judicata and collateral estoppel.

(16)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has breached its obligations under the relevant contracts.

(17)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has breached the implied covenant of good faith and fair dealing under the relevant contracts.

(18)   Qualcomm's Counterclaim is barred in whole or in part because Apple is a willing licensee.

(19)   Qualcomm's Counterclaim is barred in whole or in part because Apple did not do or is not responsible for the acts complained of.

(20)   Qualcomm's Counterclaim is barred in whole or in part because Apple's actions were justified.

(21)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm is not entitled to attorneys' fees, expenses, costs, interest, disbursements, or any other relief in connection with this action.

(22)   Qualcomm's Counterclaim is barred because Qualcomm is not entitled to the declaratory relief sought.

5.   COUNT V:  BREACH OF THE STATEMENT OF WORK, DATED FEBRUARY 28, 2013 (QC Counterclaims ¶¶ 346-54)

a)   Applicable Elements

(1)   Qualcomm and Apple entered into a contract titled, "Statement of Work for Qualcomm Chipsets," dated February 28, 2013 ("2013 SOW");

(2)   Qualcomm's performance or excuse of nonperformance;

(3)   Apple breached the 2013 SOW;

(4)   Qualcomm was harmed; and

(5)   Apple's breach was a substantial factor in causing Qualcomm's harm. [26]

b)   Damages Sought

(1)   Damages in an amount to be proven at trial.  (See, e.g., Expert Report of Ambreen Salters.)

---

[26] CACI No. 303; *see also Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (Cal. Ct. App. 2014) (cited by CACI); *Barcel USA, LLC v. Baja Distributors, Inc.,* 2014 WL 12539699, at *3 (S.D. Cal. Jan. 7, 2014) (using CACI to state the elements of a claim); *Marlo v. United Parcel Serv., Inc.*, 890 F. Supp. 2d 1243, 1245 (C.D. Cal. 2012) ("The CACI instructions 'are approved by the Judicial Council as the state's official jury instructions under the California Rules of Court'".).

c)   Additional Relief Sought

(1)   Reasonable attorneys' fees to Qualcomm;

(2)   Expenses, costs, and disbursements in this action, including prejudgment interest; and

(3)   Such other and further relief as the Court deems just and proper.

d)   Applicable Defenses

(1)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm failed to meet its burden of proving the elements of the claim.

(2)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has misinterpreted the contract.

(3)   Qualcomm's Counterclaim is barred in whole or in part because Apple did not do or is not responsible for the acts complained of.

(4)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of estoppel.

(5)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of waiver.

(6)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(7)   Qualcomm's Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Apple's alleged conduct.

(8)   Qualcomm's Counterclaim is barred in whole or in part because Apple satisfied its obligations, both contractual and otherwise, in all material respects.

(9)   Qualcomm's Counterclaim is barred in whole or in

part because the contract does not impose the obligations on Apple that Qualcomm claims were breached.

(10)   Qualcomm's Counterclaim is barred in whole or in part by equitable and/or statutory setoff.

(11)   To the extent that Qualcomm has suffered damages, if at all, all damages were caused by Qualcomm's own actions.

(12)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm is not entitled to attorneys' fees, expenses, costs, interest, disbursements, or any other relief in connection with this action.

(13)   Qualcomm's Counterclaim is barred in whole or in part because it has not suffered actual, cognizable injury; has suffered no damages; and/or the alleged injury is too speculative and uncertain so that it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(14)   Qualcomm's Counterclaim is barred in whole or in part because of a lack of causation, including without limitation because any injuries or damages that may have been suffered were caused solely or proximately by the intervening and superseding acts and omissions of others over whom Apple had no power, authority, or control, and because Qualcomm's injury or damages were not proximately caused by any act or omission of Apple.

(15)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm is not entitled to any monetary relief.

6.    **COUNT VI:  BREACH OF THE BUSINESS COOPERATION AND PATENT AGREEMENT** (QC Counterclaims ¶¶ 355-61)

    a)    Applicable Elements:

        (1)    Apple and Qualcomm entered into a contract titled, "Business Cooperation and Patent Agreement," dated January 1, 2013 ("BCPA");

        (2)    Qualcomm's performance or excuse of nonperformance;

        (3)    Apple breached the BCPA;

        (4)    Qualcomm was harmed; and

        (5)    Apple's breach was a substantial factor in causing Qualcomm's harm.[27]

    b)    Damages Sought:

        (1)    Damages, including but not limited to restitutionary damages, in an amount to be proven at trial.  (*See*, *e.g.*, Expert Report of Ambreen Salters.)

    c)    Additional Relief Sought:

        (1)    Reasonable attorneys' fees to Qualcomm;

        (2)    Expenses, costs, and disbursements in this action, including prejudgment interest; and

        (3)    Such other and further relief as the Court deems just and proper.

    d)    Applicable Defenses:

---

[27] CACI No. 303; *see also Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (Cal. Ct. App. 2014) (cited by CACI); *Barcel USA, LLC v. Baja Distributors, Inc.*, 2014 WL 12539699, at *3 (S.D. Cal. Jan. 7, 2014) (using CACI to state the elements of a claim); *Marlo v. United Parcel Serv., Inc.*, 890 F. Supp. 2d 1243, 1245 (C.D. Cal. 2012) ("The CACI instructions 'are approved by the Judicial Council as the state's official jury instructions under the California Rules of Court'".).

(1)     Qualcomm's Counterclaim is barred in whole or in part based on the allegations set forth in Apple's First Amended Complaint.

(2)     Qualcomm's Counterclaim is barred for all the reasons stated in Apple's Motion for Summary Judgment on BCPA. Counterclaims (Counterclaims VI, VII, VIII, IX) (Dkt. 602).

(3)     Qualcomm's Counterclaim is barred, in whole in part, because Qualcomm failed to meet its burden of proving the elements of the claim.

(4)     Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has misinterpreted the BCPA.

(5)     Qualcomm's Counterclaim is barred in whole or in part because Qualcomm was aware of the parties' course of conduct at the time of entering into the BCPA.

(6)     Qualcomm's Counterclaim is barred in whole or in part because Apple did not do or is not responsible for the acts complained of.

(7)     Qualcomm's Counterclaim is barred in whole or in part by the doctrine of laches.

(8)     Qualcomm's Counterclaim is barred in whole or in part by the doctrine of estoppel.

(9)     Qualcomm's Counterclaim is barred in whole or in part by the doctrine of waiver.

(10)    Qualcomm's Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(11)    Qualcomm's Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or

1    consent to Apple's alleged conduct.

2    (12)    Qualcomm's Counterclaim is barred in whole or in

3    part because Apple satisfied its obligations, both

4    contractual and otherwise, in all material respects.

5    (13)    Qualcomm's Counterclaim is barred in whole or in

6    part because it has not suffered actual, cognizable injury;

7    has suffered no damages; and/or the alleged injury is too

8    speculative and uncertain so that it is impossible to

9    ascertain and allocate such alleged damages with

10   reasonable certainty.

11   (14)    Qualcomm's Counterclaim is barred in whole or in

12   part because of a lack of causation, including without

13   limitation because any injuries or damages that may have

14   been suffered were caused solely or proximately by the

15   intervening and superseding acts and omissions of others

16   over whom Apple had no power, authority, or control, and

17   because Qualcomm's injury or damages were not

18   proximately caused by any act or omission of Apple.

19   (15)    Qualcomm's Counterclaim is barred in whole or in

20   part because the contract alleged to have been interfered

21   with was not actually breached or disrupted.

22   (16)    Qualcomm's Counterclaim is barred in whole or in

23   part because Apple did not breach the contracts at issue,

24   and/or any breach was not material.

25   (17)    Qualcomm's Counterclaim is barred in whole or in

26   part by the doctrine of unenforceability and/or illegality,

27   including without limitation unenforceability as against

28   public policy.

(18)   Qualcomm's Counterclaim is barred in whole or in part by Cal. Civ. Code § 47.

(19)   Qualcomm's Counterclaim is barred in whole or in part because if Qualcomm's claim and interpretation are credited, Section 7 of the BCPA would constitute an unenforceable liquidated damages provision under Cal. Civ. Code § 1671.

(20)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has breached its obligations in the BCPA.

(21)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has breached the implied covenant of good faith and fair dealing in the BCPA.

(22)   Qualcomm's Counterclaim is barred in whole or in part because the contract at issue has expired.

(23)   Qualcomm's Counterclaim is barred in whole or in part because the BCPA does not impose the obligations on Apple that Qualcomm claims were breached.

(24)   Qualcomm's Counterclaim is barred in whole or in part by equitable and/or statutory setoff.

(25)   Qualcomm's Counterclaim is barred in whole or in part because Apple's actions were justified and/or privileged.

(26)   To the extent that Qualcomm has suffered damages, if at all, all damages were caused by Qualcomm's own actions.

(27)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm is not entitled to restitution or

disgorgement of profits.

(28)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm is not entitled to attorneys' fees, expenses, costs, interest, disbursements, or any other relief in connection with this action.

(29)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm is not entitled to any monetary relief.

7.     COUNT VII:  BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (QC Counterclaims ¶¶ 362-71)

a)     Applicable Elements:

(1)     Apple and Qualcomm entered into the BCPA;

(2)     Qualcomm's performance or excuse of nonperformance;

(3)     Apple unfairly interfered with Qualcomm's right to receive the benefits of the BCPA;

(4)     Qualcomm was harmed; and

(5)     Apple's conduct was a substantial factor in causing Qualcomm's harm.[28]

b)     Damages Sought:

(1)     Damages, including but not limited to restitutionary damages, in an amount to be proven at trial.  (See, e.g., Expert Report of Ambreen Salters.)

c)     Additional Relief Sought:

---

[28] CACI No. 325; *see also Barcel USA, LLC v. Baja Distributors, Inc.,* 2014 WL 12539699, at *3 (S.D. Cal. Jan. 7, 2014) (using CACI to state the elements of a claim); *Marlo v. United Parcel Serv., Inc.,* 890 F. Supp. 2d 1243, 1245 (C.D. Cal. 2012) ("The CACI instructions 'are approved by the Judicial Council as the state's official jury instructions under the California Rules of Court'".).

1                          (1)     Reasonable attorneys' fees to Qualcomm;

2                          (2)     Expenses, costs, and disbursements in this action,

3 including prejudgment interest; and

4                          (3)     Such other and further relief as the Court deems just

5 and proper.

6             d)     Applicable Defenses:

7                          (1)     Qualcomm's Counterclaim is barred in whole or in

8 part based on the allegations set forth in Apple's First

9 Amended Complaint.

10                      (2)     Qualcomm's Counterclaim is barred in whole or in

11 part for all the reasons stated in Apple's Motion for

12 Summary Judgment on BCPA Counterclaims

13 (Counterclaims VI, VII, VIII, IX) (Dkt. 602).

14                      (3)     Qualcomm's Counterclaim is barred in whole or in

15 part because Qualcomm failed to meet its burden of

16 proving the elements of the Breach of Implied Covenant of

17 Good Faith and Fair Dealing claim.

18                      (4)     Qualcomm's Counterclaim is barred in whole or in

19 part because it is superfluous of Qualcomm's

20 Counterclaim VI.

21                      (5)     Qualcomm's Counterclaim is barred in whole or in

22 part because Qualcomm has misinterpreted the BCPA.

23                      (6)     Qualcomm's Counterclaim is barred in whole or in

24 part because Qualcomm was aware of the parties' course

25 of conduct at the time of entering into the BCPA.

26                      (7)     Qualcomm's Counterclaim is barred in whole or in

27 part because Apple did not do or is not responsible for the

28 acts complained of.

(8)     Qualcomm's Counterclaim is barred in whole or in part by the doctrine of laches.

(9)     Qualcomm's Counterclaim is barred in whole or in part by the doctrine of estoppel.

(10)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of waiver.

(11)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(12)   Qualcomm's Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Apple's alleged conduct.

(13)   Qualcomm's Counterclaim is barred in whole or in part because Apple satisfied its obligations, both contractual and otherwise, in all material respects.

(14)   Qualcomm's Counterclaim is barred in whole or in part because it has not suffered actual, cognizable injury; has suffered no damages; and/or the alleged injury is too speculative and uncertain so that it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(15)   Qualcomm's Counterclaim is barred in whole or in part because of a lack of causation, including without limitation because any injuries or damages that may have been suffered were caused solely or proximately by the intervening and superseding acts and omissions of others over whom Apple had no power, authority, or control, and because Qualcomm's injury or damages were not proximately caused by any act or omission of Apple.

(16)   Qualcomm's Counterclaim is barred in whole or in part because the contracts alleged to have been interfered with were not actually breached or disrupted.

(17)   Qualcomm's Counterclaim is barred in whole or in part because Apple did not breach the contracts at issue, and/or any breach was not material.

(18)   Qualcomm's Counterclaim is barred in whole or in part by the doctrine of unenforceability and/or illegality, including without limitation unenforceability as against public policy.

(19)   Qualcomm's Counterclaim is barred in whole or in part by Cal. Civ. Code § 47.

(20)   Qualcomm's Counterclaim is barred in whole or in part because if Qualcomm's claim and interpretation are credited, Section 7 of the BCPA would constitute an unenforceable liquidated damages provision under Cal. Civ. Code § 1671.

(21)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has breached its obligations under the relevant contract.

(22)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has breached the implied covenant of good faith and fair dealing under the relevant contract.

(23)   Qualcomm's Counterclaim is barred in whole or in part because the contract at issue has expired.

(24)   Qualcomm's Counterclaim is barred in whole or in part because the contract does not impose the obligations

1    on Apple that Qualcomm claims were breached.

2    (25)   Qualcomm's Counterclaim is barred in whole or in
3    part by lack of intent or scienter.

4    (26)   Qualcomm's Counterclaim is barred in whole or in
5    part by equitable and/or statutory setoff.

6    (27)   Qualcomm's Counterclaim is barred in whole or in
7    part because Apple's actions were justified and/or
8    privileged.

9    (28)   To the extent that Qualcomm has suffered damages,
10   if at all, all damages were caused by Qualcomm's own
11   actions.

12   (29)   Qualcomm's Counterclaim is barred in whole or in
13   part because Qualcomm is not entitled to restitution or
14   disgorgement of profits.

15   (30)   Qualcomm's Counterclaim is barred in whole or in
16   part because Qualcomm is not entitled to attorneys' fees,
17   expenses, costs, interest, disbursements, or any other relief
18   in connection with this action.

19   (31)   Qualcomm's Counterclaim is barred in whole or in
20   part because Qualcomm is not entitled to any monetary
21   relief.

22   8.    COUNT VIII:  UNJUST ENRICHMENT (QC Counterclaims ¶¶
23   372-74)

24        a)    Applicable Elements:

25        (1)   Apple's receipt of BCPA payments constituted a
26   benefit Apple received from Qualcomm; and

27        (2)   Apple's retention of the benefit at the expense of

28

1    Qualcomm would be unjust. [29]

2    b)    Damages Sought:

3    (1)    Restitution for the value of unjustly retained

4    payments made by Qualcomm under the BCPA in an

5    amount to be proven at trial.  (See, e.g., Expert Report of

6    Ambreen Salters.)

7    c)    Additional Relief Sought:

8    (1)    Reasonable attorneys' fees to Qualcomm;

9    (2)    Expenses, costs, and disbursements in this action,

10    including prejudgment interest; and

11    (3)    Such other and further relief as the Court deems just

12    and proper.

13    d)    Applicable Defenses:

14    (1)    Qualcomm's Counterclaim is barred in whole or in

15    part based on the allegations set forth in Apple's First

16    Amended Complaint.

17    (2)    Qualcomm's Counterclaim is barred for all the

18    reasons stated in Apple's Motion for Summary Judgment

19    on BCPA Counterclaims (Counterclaims VI, VII, VIII,

20    IX) (Dkt. 602).

21    (3)    Qualcomm's Counterclaim is barred in whole or in

22    part because the BCPA was a valid, binding, and

23    enforceable contract.

24    (4)    Qualcomm's Counterclaim is barred in whole or in

25    part because Apple did not unjustly retain any benefits,

26

27    [29] *In re Nat'l W. Life Ins. Deferred Annuities Litig.*, 268 F.R.D. 652, 668 (S.D. Cal.
2010) (citing *Peterson v. Cellco P'ship*, 80 Cal. Rptr. 3d 316, 323 (Cal. Ct. App.
2008)); *Weiner v. Ocwen Financial Corp*,. 2015 WL 4599427, at *12 (E.D. Cal.

28    July 29, 2015).

and therefore Qualcomm cannot meet its burden of proving the elements of this claim.

(5)     Qualcomm's Counterclaim is barred in whole or in part because Qualcomm obtained the benefits of its bargain.

(6)     Qualcomm's Counterclaim is barred in whole or in part because Qualcomm was aware of the parties' course of conduct at the time of entering into the BCPA.

(7)     Qualcomm's Counterclaim is barred in whole or in part because Section 7 is unambiguous.

(8)     Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has misinterpreted the BCPA.

(9)     Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's subjective misinterpretation of the BCPA is irrelevant to whether the agreement is valid and enforceable.

(10)    Qualcomm's Counterclaim is barred in whole or in part because Apple did not do or is not responsible for the acts complained of.

(11)    Qualcomm's Counterclaim is barred in whole or in part by the doctrine of laches.

(12)    Qualcomm's Counterclaim is barred in whole or in part by the doctrine of estoppel.

(13)    Qualcomm's Counterclaim is barred in whole or in part by the doctrine of waiver.

(14)    Qualcomm's Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(15)    Qualcomm's Counterclaim is barred in whole or in

1    part because of ratification, agreement, acquiescence or

2    consent to Apple's alleged conduct.

3    (16)   Qualcomm's Counterclaim is barred in whole or in

4    part by the doctrine of unjust enrichment.

5    (17)   Qualcomm's Counterclaim is barred in whole or in

6    part because Apple satisfied its obligations, both

7    contractual and otherwise, in all material respects.

8    (18)   Qualcomm's Counterclaim is barred in whole or in

9    part because it has not suffered actual, cognizable injury;

10   has suffered no damages; and/or the alleged injury is too

11   speculative and uncertain so that it is impossible to

12   ascertain and allocate such alleged damages with

13   reasonable certainty.

14   (19)   Qualcomm's Counterclaim is barred in whole or in

15   part because of a lack of causation, including without

16   limitation because any injuries or damages that may have

17   been suffered were caused solely or proximately by the

18   intervening and superseding acts and omissions of others

19   over whom Apple had no power, authority, or control, and

20   because Qualcomm's injury or damages were not

21   proximately caused by any act or omission of Apple.

22   (20)   Qualcomm's Counterclaim is barred in whole or in

23   part because the contract alleged to have been interfered

24   with was not actually breached or disrupted.

25   (21)   Qualcomm's Counterclaim is barred in whole or in

26   part because Apple did not breach the contract at issue,

27   and/or any breach was not material.

28   (22)   Qualcomm's Counterclaim is barred in whole or in

part by the doctrine of unenforceability and/or illegality, including without limitation unenforceability as against public policy.

(23)  Qualcomm's Counterclaim is barred in whole or in part by Cal. Civ. Code § 47.

(24)  Qualcomm's Counterclaim is barred in whole or in part because if Qualcomm's claim and interpretation are credited, Section 7 of the BCPA would constitute an unenforceable liquidated damages provision under Cal. Civ. Code § 1671.

(25)  Qualcomm's Counterclaim is barred in whole or in part because the contract at issue has expired.

(26)  Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has breached its obligations under the relevant contract.

(27)  Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has breached the implied covenant of good faith and fair dealing under the relevant contract.

(28)  Qualcomm's Counterclaim is barred in whole or in part because the contract does not impose the obligations on Apple that Qualcomm claims was breached.

(29)  Qualcomm's Counterclaim is barred in whole or in part by lack of intent or scienter.

(30)  Qualcomm's Counterclaim is barred in whole or in part by equitable and/or statutory setoff.

(31)  Qualcomm's Counterclaim is barred in whole or in part because Apple's actions were justified and/or

1    privileged.

2    (32)   To the extent that Qualcomm has suffered damages,

3    if at all, all damages were caused by Qualcomm's own

4    actions.

5    (33)   Qualcomm's Counterclaim is barred in whole or in

6    part because Qualcomm is not entitled to restitution or

7    disgorgement of profits.

8    (34)   Qualcomm's Counterclaim is barred in whole or in

9    part because Qualcomm is not entitled to attorneys' fees,

10   expenses, costs, interest, disbursements, or any other relief

11   in connection with this action.

12   9.    COUNT IX:  DECLARATION THAT QUALCOMM IS

13   RELEASED FROM ANY OBLIGATION TO MAKE FURTHER

14   PAYMENTS UNDER THE BUSINESS COOPERATION AND

15   PATENT AGREEMENT (QC Counterclaims ¶¶ 375-80)

16   a)    There is a substantial and actual controversy between

17   Qualcomm and Apple having adverse legal interests, of

18   sufficient immediacy and reality.

19   b)    Qualcomm seeks a declaration that it is released from any

20   obligation to make further payments under the BCPA, including

21   those for the second, third and fourth quarters of 2016.

22   c)    Damages Sought:

23   (1)    None.

24   d)    Additional Relief Sought:

25   (1)    Reasonable attorneys' fees to Qualcomm;

26   (2)    Expenses, costs, and disbursements in this action;

27   and

28   (3)    Such other and further relief as the Court deems just

1    and proper.

2    e)    Applicable Defenses:

3        (1)    Qualcomm's Counterclaim is barred in whole or in

4        part based on the allegations set forth in Apple's First

5        Amended Complaint.

6        (2)    Qualcomm's Counterclaim is barred for all the

7        reasons stated in Apple's Motion for Summary Judgment

8        on BCPA Counterclaims (Counterclaims VI, VII, VIII,

9        IX) (Dkt. 602).

10       (3)    Qualcomm's Counterclaim is barred in whole or in

11       part because Qualcomm has misinterpreted the BCPA.

12       (4)    Qualcomm's Counterclaim is barred in whole or in

13       part because Apple did not breach the BCPA and

14       Qualcomm is not excused from making further payments.

15       (5)    Qualcomm's Counterclaim is barred in whole or in

16       part because the fact that Apple has brought litigation

17       alleging that Qualcomm failed to offer a license on

18       FRAND terms and conditions, and that the sale of a

19       Qualcomm chipset exhausts any Qualcomm patents, did

20       not relieve Qualcomm from its obligation to make

21       payments to Apple under the BCPA.

22       (6)    Qualcomm's Counterclaim is barred in whole or in

23       part because Qualcomm was aware of the parties' course

24       of conduct at the time of entering into the BCPA.

25       (7)    Qualcomm's Counterclaim is barred in whole or in

26       part because Apple is entitled to the withheld payments

27       under the BCPA.

28       (8)    Qualcomm's Counterclaim is barred in whole or in

part because Apple did not do or is not responsible for the acts complained of.

(9)     Qualcomm's Counterclaim is barred in whole or in part by the doctrine of laches.

(10)    Qualcomm's Counterclaim is barred in whole or in part by the doctrine of estoppel.

(11)    Qualcomm's Counterclaim is barred in whole or in part by the doctrine of waiver.

(12)    Qualcomm's Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(13)    Qualcomm's Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Apple's alleged conduct.

(14)    Qualcomm's Counterclaim is barred in whole or in part because Apple satisfied its obligations, both contractual and otherwise, in all material respects.

(15)    Qualcomm's Counterclaim is barred in whole or in part because it has not suffered actual, cognizable injury; has suffered no damages; and/or the alleged injury is too speculative and uncertain so that it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(16)    Qualcomm's Counterclaim is barred in whole or in part because of a lack of causation, including without limitation because any injuries or damages that may have been suffered were caused solely or proximately by the intervening and superseding acts and omissions of others over whom Apple had no power, authority, or control, and

because Qualcomm's injury or damages were not proximately caused by any act or omission of Apple.

(17)    Qualcomm's Counterclaim is barred in whole or in part because the contract alleged to have been interfered with was not actually breached or disrupted.

(18)    Qualcomm's Counterclaim is barred in whole or in part because Apple did not breach the contract at issue, and/or any breach was not material.

(19)    Qualcomm's Counterclaim is barred in whole or in part by the doctrine of unenforceability and/or illegality, including without limitation unenforceability as against public policy.

(20)    Qualcomm's Counterclaim is barred in whole or in part by Cal. Civ. Code § 47.

(21)    Qualcomm's Counterclaim is barred in whole or in part because if Qualcomm's claim and interpretation are credited, Section 7 of the BCPA would constitute an unenforceable liquidated damages provision under Cal. Civ. Code § 1671.

(22)    Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has breached its obligations under the BCPA.

(23)    Qualcomm's Counterclaim is barred in whole or in part because Qualcomm has breached the implied covenant of good faith and fair dealing in the BCPA.

(24)    Qualcomm's Counterclaim is barred in whole or in part because the contract at issue has expired.

(25)    Qualcomm's Counterclaim is barred in whole or in

1    part because the contract does not impose the obligations

2    on Apple that Qualcomm claims were breached.

3    (26)   Qualcomm's Counterclaim is barred in whole or in

4    part by equitable and/or statutory setoff.

5    (27)   Qualcomm's Counterclaim is barred in whole or in

6    part because Apple's actions were justified and/or

7    privileged.

8    (28)   Qualcomm's Counterclaim is barred in whole or in

9    part because Qualcomm is not entitled to restitution or

10   disgorgement of profits.

11   (29)   Qualcomm's Counterclaim is barred in whole or in

12   part because Qualcomm is not entitled to attorneys' fees,

13   expenses, costs, interest, disbursements, or any other relief

14   in connection with this action.

15   (30)   Qualcomm's Counterclaim is barred in whole or in

16   part because Qualcomm is not entitled to the declaratory

17   relief sought.

18   10.    COUNT XI:  BREACH OF THE MASTER SOFTWARE

19   AGREEMENT (QC Counterclaims ¶¶ 388-96)

20         a)    Applicable Elements:

21         (1)    Apple and Qualcomm entered into a contract titled,

22   "Master Software Agreement For Limited Use" ("Apple

23   MSA");

24         (2)    Qualcomm's performance or excuse of

25   nonperformance;

26         (3)    Apple breached the Apple MSA;

27         (4)    Qualcomm was harmed; and

28         (5)    Apple's breach was a substantial factor in causing

1    Qualcomm's harm.[30]

2    b)    Damages Sought:

3    (1)    Damages in an amount to be proven at trial.  (See,

4    e.g., Expert Report of Ambreen Salters.)

5    c)    Additional Relief Sought:

6    (1)    Injunction prohibiting Apple from continuing to

7    breach the Apple MSA;

8    (2)    Reasonable attorneys' fees to Qualcomm;

9    (3)    Expenses, costs, and disbursements in this action,

10    including prejudgment interest; and

11    (4)    Such other and further relief as the Court deems just

12    and proper.

13    d)    Applicable Defenses:

14    (1)    Qualcomm's Counterclaim is barred in whole or in

15    part because Qualcomm has misinterpreted the MSA.

16    (2)    Qualcomm's Counterclaim is barred in whole or in

17    part because Qualcomm cannot meet its burden of proving

18    the elements of this breach-of-contract claim.

19    (3)    Qualcomm's Counterclaim is barred in whole or in

20    part because Apple did not do or is not responsible for the

21    acts complained of.

22    (4)    Qualcomm's Counterclaim is barred in whole or in

23    part by the doctrine of unclean hands.

24

---

25    [30] CACI No. 303; *see also Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (Cal.

26    Ct. App. 2014) (cited by CACI); *Barcel USA, LLC v. Baja Distributors, Inc.,* 2014

27    WL 12539699, at *3 (S.D. Cal. Jan. 7, 2014) (using CACI to state the elements of a

claim); *Marlo v. United Parcel Serv., Inc.*, 890 F. Supp. 2d 1243, 1245 (C.D. Cal.

28    2012) ("The CACI instructions 'are approved by the Judicial Council as the state's

official jury instructions under the California Rules of Court'".).

(5)     Qualcomm's Counterclaim is barred in whole or in part because Apple satisfied its obligations, both contractual and otherwise, in all material respects.

(6)     Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's actions are anticompetitive.

(7)     Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's actions violate the Sherman Act, 15 U.S.C. § 2.

(8)     Qualcomm's Counterclaim is barred in whole or in part because Qualcomm's actions violate Cal. Bus. & Prof. Code §§ 17200, *et seq*.

(9)     Qualcomm's Counterclaim is barred in whole or in part because it has not suffered actual, cognizable injury; has suffered no damages; and/or the alleged injury is too speculative and uncertain so that it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(10)   Qualcomm's Counterclaim is barred in whole or in part because of a lack of causation, including without limitation because any injuries or damages that may have been suffered were caused solely or proximately by the intervening and superseding acts and omissions of others over whom Apple had no power, authority, or control, and because Qualcomm's injury or damages were not proximately caused by any act or omission of Apple.

(11)   Qualcomm's Counterclaim is barred in whole or in part because the contract alleged to have been interfered with was not actually breached or disrupted.

1    (12)   Qualcomm's Counterclaim is barred in whole or in
2    part because Apple did not breach the contract at issue,
3    and/or any breach was not material.

4    (13)   Qualcomm's Counterclaim is barred in whole or in
5    part by the doctrine of unenforceability and/or illegality,
6    including without limitation unenforceability as against
7    public policy.

8    (14)   Qualcomm's Counterclaim is barred in whole or in
9    part by Cal. Civ. Code § 47.

10   (15)   Qualcomm's Counterclaim is barred in whole or in
11   part because the contract does not impose the obligations
12   on Apple that Qualcomm claims were breached.

13   (16)   Qualcomm's Counterclaim is barred in whole or in
14   part by equitable and/or statutory setoff.

15   (17)   Qualcomm's Counterclaim is barred in whole or in
16   part because Apple's actions were justified and/or
17   privileged.

18   (18)   To the extent that Qualcomm has suffered damages,
19   if at all, all damages were caused by Qualcomm's own
20   actions.

21   (19)   Qualcomm's Counterclaim is barred in whole or in
22   part because if Qualcomm's claim and interpretation are
23   credited, the MSA would contain an unenforceable
24   liquidated damages provision under Cal. Civ. Code
25   § 1671.

26   (20)   Qualcomm's Counterclaim is barred in whole or in
27   part because Qualcomm is not entitled to injunctive relief
28   as Qualcomm has not suffered an irreparable injury,

Qualcomm has adequate remedies at law to compensate for any alleged injury, the balance of hardships does not warrant this equitable remedy, and/or such relief would disserve the public interest.

(21)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm is not entitled to restitution or disgorgement.

(22)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm is not entitled to attorneys' fees, expenses, costs, interest, disbursements, or any other relief in connection with this action.

(23)   Qualcomm's Counterclaim is barred in whole or in part because Qualcomm is not entitled to any monetary relief.

## C.   CAUSES OF ACTION ALLEGED BY QUALCOMM, INC. AGAINST COMPAL ELECTRONICS, INC. ("COMPAL"), FIH MOBILE LTD. AND HON HAI PRECISION INDUSTRY CO., LTD. (TOGETHER, "FOXCONN"), PEGATRON CORPORATION ("PEGATRON") AND WISTRON CORPORATION ("WISTRON") (COLLECTIVELY, "CMS").

On May 17, 2017, Qualcomm filed a Complaint for Injunctive Relief, Specific Performance, Declaratory Relief and Damages against the CMs ("QC CM Complaint").  (Case No. 17-cv-1010-GPC-MDD, Dkt. No. 1.)  The following causes of action from the QC CM Complaint shall be tried:

1.   COUNT I:  FOXCONN'S BREACH OF ITS LICENSE AGREEMENT (QC CM Complaint ¶¶ 127-43)

a)   Applicable Elements

(1)   Qualcomm and Foxconn entered into a contract

titled, "Subscriber Unit License Agreement", dated October 18, 2005, as amended ("Foxconn SULA");

(2)     Qualcomm's performance or excuse of nonperformance;

(3)     Foxconn breached the Foxconn SULA;

(4)     Qualcomm was harmed; and

(5)     Foxconn's breach was a substantial factor in causing Qualcomm's harm.[31]

b)     Damages Sought

(1)     Compensatory and consequential damages in amounts to be proven at trial.  (See, e.g., Expert Report of Ambreen Salters.)

c)     Additional Relief Sought

(1)     Injunction prohibiting Foxconn from violating the terms and conditions of the Foxconn SULA and requiring Foxconn specifically to perform the obligations of the Foxconn SULA;

(2)     Reasonable attorneys' fees to Qualcomm;

(3)     Expenses, costs, and disbursements in this action, including prejudgment interest; and

(4)     Such other and further relief as the Court deems just and proper.

---

[31] CACI No. 303; *see also Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (Cal. Ct. App. 2014) (cited by CACI); *Barcel USA, LLC v. Baja Distributors, Inc.,* 2014 WL 12539699, at *3 (S.D. Cal. Jan. 7, 2014) (using CACI to state the elements of a claim); *Marlo v. United Parcel Serv., Inc.*, 890 F. Supp. 2d 1243, 1245 (C.D. Cal. 2012) ("The CACI instructions 'are approved by the Judicial Council as the state's official jury instructions under the California Rules of Court'".).

d)      Applicable Defenses:[32]

(1)     Qualcomm has not met its burden of proof on each of the elements of this claim.

(2)     Qualcomm's claim is barred in whole or in part because the "Foxconn SULA" does not impose the obligations that Qualcomm claims were breached.

(3)     The "Foxconn SULA" violates U.S. federal antitrust law, including at least 15 U.S.C. § 1, and is therefore illegal and unenforceable as alleged by Qualcomm.

(4)     The "Foxconn SULA" violates U.S. federal antitrust law, including at least 15 U.S.C. § 2, and is therefore illegal and unenforceable as alleged by Qualcomm.

(5)     The "Foxconn SULA" violates California Business and Professions Code § 16700 *et seq.* and is therefore void and unenforceable as alleged by Qualcomm.

(6)     The "Foxconn SULA" is substantively and/or procedurally unconscionable.

(7)     The "Foxconn SULA" is unenforceable under California's Unfair Competition Laws, California

---

[32] With respect to this Claim and every other claim asserted by Qualcomm, the CMs contend that Qualcomm is not entitled to any relief, whether in the form of declaratory, injunctive, or monetary relief (whether in the form of economic losses, punitive damages, disgorgement, or restitution), costs, attorneys' fees, expenses, interest, or otherwise. The CMs' position is that all of Qualcomm's claims fail on the merits and Qualcomm cannot meet its burden with respect to any of them. The CMs reserve the right to amend the defenses they have identified.  Furthermore, the CMs assert all of the defenses referenced herein for every claim without taking on (or relieving any other party of) the burden of proof for any element on which another party bears the burden of proof.

Qualcomm objects to the CMs' purported reservation to amend their defenses at any time.

1  Business and Professions Code §§ 17200, *et seq.*.

2  (8)    The "Foxconn SULA" is unenforceable due to

3  public policy, patent misuse, and exhaustion of the

4  purportedly licensed patents.

5  (9)    The "Foxconn SULA" is unenforceable due to

6  Qualcomm's contractual commitment to license its

7  standard-essential patents on FRAND terms, pursuant to

8  its contracts with standard-setting organizations including

9  at least ETSI, TIA, and ATIS (with respect to which

10  Foxconn is an intended third party beneficiary).

11  (10)    Qualcomm is estopped from recovering damages in

12  excess of a FRAND rate in light of its commitments to

13  standard-setting organizations, including its contractual

14  commitments to at least ETSI, TIA, and ATIS, with

15  respect to which Foxconn is an intended third party

16  beneficiary and/or in light of Foxconn's reasonable

17  reliance upon such commitments, which was reasonable,

18  foreseeable, and caused Foxconn harm as a result.

19  (11)    Qualcomm is not entitled to any relief against

20  Foxconn because Qualcomm materially breached the

21  "Foxconn SULA," as set forth in the CMs' Causes of

22  Action.  *See* III.D.11 (Count XI).

23  (12)    Foxconn is excused from performance under the

24  "Foxconn SULA" because the current royalty rate is

25  illegal and/or not in compliance with Qualcomm's

26  contractual commitments to standard-setting

27  organizations, including at least ETSI, TIA, and ATIS.

28  (13)    Qualcomm is not entitled to any relief against

Foxconn because the "Foxconn SULA" must be reformed to be consistent with Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(14)   Qualcomm is not entitled to any relief against Foxconn because the "Foxconn SULA" must be rescinded in so far as it seeks relief beyond Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(15)   Qualcomm is not entitled to any relief against Foxconn because Qualcomm is attempting to enforce a license on patents that have expired and/or abandoned.

(16)   Foxconn is excused from performance under the "Foxconn SULA," and Qualcomm is not otherwise entitled to any relief from Foxconn, because Qualcomm's right to collect licensing fees for its patents has been exhausted and/or Foxconn has a license (express or implied) to Qualcomm's patents.

(17)   Qualcomm is not entitled to any relief against Foxconn because Apple has or will obtain a license to Qualcomm's patents, or is otherwise permitted to practice Qualcomm's patents.

(18)   Qualcomm is not entitled to any relief because Foxconn has satisfied its valid legal obligations to Qualcomm in all material respects.

(19)   This claim is barred to the extent that, if Qualcomm's claims and interpretations are credited, the "Foxconn SULA" would amount to unenforceable

liquidated damages provisions under California Civil Code § 1671 and/or would be an unenforceable penalty.

(20)   Qualcomm's claim is barred in whole or in part by the economic loss doctrine.

(21)   Qualcomm's claim is barred by equitable and/or statutory set-off or offset.

(22)   Qualcomm is barred from asserting its claim as alleged by the doctrines of equitable estoppel, unjust enrichment, unclean hands, patent misuse, and waiver.

(23)   Qualcomm's claim is barred because Foxconn's acts and omissions were justified and/or privileged.

(24)   Qualcomm's claim is barred in whole or in part by a failure to mitigate.

(25)   Qualcomm's claim is barred because of ratification of, agreement to, acquiescence in, or consent to Foxconn's alleged conduct.

(26)   Qualcomm's claim is barred in whole or in part by the applicable statute(s) of limitations and/or doctrine of laches.

(27)   To the extent that Qualcomm has suffered damages, if at all, all damages were caused by Qualcomm's own actions.

(28)   Qualcomm's claim is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

(29)   Qualcomm is not entitled to injunctive relief, and any alleged injury to Qualcomm is not immediate or irreparable and Qualcomm has an adequate remedy at law.

2.     COUNT II:  FOXCONN'S BREACH OF ITS MASTER

SOFTWARE AGREEMENT (QC CM Complaint ¶¶ 144-50)

    a)    Elements

        (1)    Qualcomm and Foxconn entered into a contract titled, "Master Software Agreement" ("Foxconn MSA");

        (2)    Qualcomm's performance or excuse of nonperformance;

        (3)    Foxconn breached the Foxconn MSA;

        (4)    Qualcomm was harmed; and

        (5)    Foxconn's breach was a substantial factor in causing Qualcomm's harm.[33]

    b)    Damages Sought

        (1)    Compensatory and consequential damages in amounts to be proven at trial.  (See, e.g., Expert Report of Ambreen Salters.)

    c)    Additional Relief Sought

        (1)    Reasonable attorneys' fees to Qualcomm;

        (2)    Expenses, costs, and disbursements in this action, including prejudgment interest; and

        (3)    Such other and further relief as the Court deems just and proper.

    d)    Applicable Defenses:

        (1)    Qualcomm has not met its burden of proof on each of the elements of this claim.

---

[33] CACI No. 303; *see also Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (Cal. Ct. App. 2014) (cited by CACI); *Barcel USA, LLC v. Baja Distributors, Inc.,* 2014 WL 12539699, at *3 (S.D. Cal. Jan. 7, 2014) (using CACI to state the elements of a claim); *Marlo v. United Parcel Serv., Inc.*, 890 F. Supp. 2d 1243, 1245 (C.D. Cal. 2012) ("The CACI instructions 'are approved by the Judicial Council as the state's official jury instructions under the California Rules of Court'".).

(2)     Qualcomm is not entitled to any relief because Qualcomm has not identified any cognizable harm as a result of the alleged breach of the "Foxconn MSA."

(3)     Qualcomm's claim is barred in whole or in part because the "Foxconn MSA" does not impose the obligations that Qualcomm claims were breached.

(4)     Qualcomm's claim is barred because of a lack of causation, including because any alleged injury or damages that may have been suffered were not caused solely or proximately by the alleged breach of the "Foxconn MSA."

(5)     The "Foxconn MSA" violates U.S. federal antitrust law, including at least 15 U.S.C. § 1, and is therefore illegal and unenforceable as alleged by Qualcomm.

(6)     The "Foxconn MSA" violates U.S. federal antitrust law, including at least 15 U.S.C. § 2, and is therefore illegal and unenforceable as alleged by Qualcomm.

(7)     The "Foxconn MSA" violates California Business and Professions Code § 16700 et seq. and is therefore void and unenforceable as alleged by Qualcomm.

(8)     The "Foxconn MSA" is substantively and/or procedurally unconscionable.

(9)     The "Foxconn MSA" is unenforceable under California's Unfair Competition Laws, California Business and Professions Code §§ 17200, *et seq.*.

(10)    The "Foxconn MSA" is unenforceable due to public policy.

(11)    Qualcomm is estopped from recovering damages in

excess of a FRAND rate in connection with any claim for damages for breach of the "Foxconn MSA" in light of Qualcomm's commitments to standard-setting organizations, including its contractual commitments to at least ETSI, TIA, and ATIS, with respect to which Foxconn is an intended third party beneficiary and/or in light of Foxconn's reasonable reliance upon such commitments, which was reasonable, foreseeable, and caused Foxconn harm as a result.

(12)   Foxconn is excused from performance under the "Foxconn MSA" to the extent that Qualcomm seeks to enforce any provision containing a royalty rate that is illegal and/or not in compliance with Qualcomm's contractual commitments to standard-setting organizations, including at least ETSI, TIA, and ATIS.

(13)   Qualcomm is not entitled to any relief against Foxconn because the "Foxconn MSA" must be reformed to the extent that Qualcomm asserts it in a manner that is inconsistent with Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(14)   Qualcomm is not entitled to any relief against Foxconn because the "Foxconn MSA" must be rescinded to the extent that Qualcomm asserts it in an effort to seek relief beyond Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(15)   Qualcomm is not entitled to any relief because Foxconn has satisfied its valid legal obligations to Qualcomm in all material respects.

(16)   Qualcomm's claim for breach of contract of the "Foxconn MSA" is preempted by Federal Law, including at least 17 U.S.C. § 301.

(17)   Qualcomm is not entitled to any relief against Foxconn because the "Foxconn MSA" is unenforceable due to copyright misuse.

(18)   This claim is barred to the extent that, if Qualcomm's claims and interpretations are credited, the "Foxconn MSA" would amount to unenforceable liquidated damages provisions under California Civil Code § 1671 and/or would be an unenforceable penalty.

(19)   Qualcomm's claim is barred in whole or in part by the economic loss doctrine.

(20)   Qualcomm's claim is barred by equitable and/or statutory set-off or offset.

(21)   Qualcomm is barred from asserting its claim as alleged by the doctrines of equitable estoppel, unjust enrichment, unclean hands, patent misuse, and waiver.

(22)   Qualcomm's claim is barred because Foxconn's acts and omissions were justified and/or privileged.

(23)   Qualcomm's claim is barred in whole or in part by a failure to mitigate.

(24)   Qualcomm's claim is barred because of ratification of, agreement to, acquiescence in, or consent to Foxconn's alleged conduct.

(25)   Qualcomm's claim is barred in whole or in part by the applicable statute(s) of limitations and/or doctrine of laches.

(26)    To the extent that Qualcomm has suffered damages, if at all, all damages were caused by Qualcomm's own actions.

(27)    Qualcomm's claim is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

(28)    Qualcomm is not entitled to injunctive relief, and any alleged injury to Qualcomm is not immediate or irreparable and Qualcomm has an adequate remedy at law.

3.    COUNT III:  PEGATRON'S BREACH OF ITS LICENSE AGREEMENT (QC CM Complaint ¶¶ 151-67)

a)    Applicable Elements

(1)    Qualcomm and Pegatron entered into a contract titled, "Subscriber Unit License Agreement", dated April 29, 2010, as amended ("Pegatron SULA");

(2)    Qualcomm's performance or excuse of nonperformance;

(3)    Pegatron breached the Pegatron SULA;

(4)    Qualcomm was harmed; and

(5)    Pegatron's breach was a substantial factor in causing Qualcomm's harm. [34]

b)    Damages Sought

(1)    Compensatory and consequential damages in amounts to be proven at trial.  (See, e.g., Expert Report of

---

[34] CACI No. 303; *see also Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (Cal. Ct. App. 2014) (cited by CACI); *Barcel USA, LLC v. Baja Distributors, Inc.,* 2014 WL 12539699, at *3 (S.D. Cal. Jan. 7, 2014) (using CACI to state the elements of a claim); *Marlo v. United Parcel Serv., Inc.*, 890 F. Supp. 2d 1243, 1245 (C.D. Cal. 2012) ("The CACI instructions 'are approved by the Judicial Council as the state's official jury instructions under the California Rules of Court'".).

1    Ambreen Salters.)

2    c)   Additional Relief Sought

3    (1)   Injunction prohibiting Pegatron from violating the

4    terms and conditions of the Pegatron SULA and requiring

5    Pegatron specifically to perform the obligations of the

6    Pegatron SULA;

7    (2)   Reasonable attorneys' fees to Qualcomm;

8    (3)   Expenses, costs, and disbursements in this action,

9    including prejudgment interest; and

10   (4)   Such other and further relief as the Court deems just

11   and proper.

12   d)   Applicable Defenses:

13   (1)   Qualcomm has not met its burden of proof on each

14   of the elements of this claim.

15   (2)   Qualcomm's claim is barred in whole or in part

16   because the "Pegatron SULA" does not impose the

17   obligations that Qualcomm claims were breached.

18   (3)   The "Pegatron SULA" violates U.S. federal antitrust

19   law, including at least 15 U.S.C. § 1, and is therefore

20   illegal and unenforceable as alleged by Qualcomm.

21   (4)   The "Pegatron SULA" violates U.S. federal antitrust

22   law, including at least 15 U.S.C. § 2, and is therefore

23   illegal and unenforceable as alleged by Qualcomm.

24   (5)   The "Pegatron SULA" violates California Business

25   and Professions Code § 16700 et seq. and is therefore void

26   and unenforceable as alleged by Qualcomm.

27   (6)   The "Pegatron SULA" is substantively and/or

28   procedurally unconscionable.

(7)     The "Pegatron SULA" is unenforceable under California's Unfair Competition Laws, California Business and Professions Code §§ 17200, *et seq.*.

(8)     The "Pegatron SULA" is unenforceable due to public policy, patent misuse, and exhaustion of the purportedly licensed patents.

(9)     The "Pegatron SULA" is unenforceable due to Qualcomm's contractual commitment to license its standard-essential patents on FRAND terms, pursuant to its contracts with standard-setting organizations including at least ETSI, TIA, and ATIS (with respect to which Pegatron is an intended third party beneficiary).

(10)    Qualcomm is estopped from recovering damages in excess of a FRAND rate in light of its commitments to standard-setting organizations, including its contractual commitments to at least ETSI, TIA, and ATIS, with respect to which Pegatron is an intended third party beneficiary and/or in light of Pegatron's reasonable reliance upon such commitments, which was reasonable, foreseeable, and caused Pegatron harm as a result.

(11)    Qualcomm is not entitled to any relief against Pegatron because Qualcomm materially breached the "Pegatron SULA," as set forth in the CMs' Causes of Action.  See III.D.11 (Count XI).

(12)    Pegatron is excused from performance under the "Pegatron SULA" because the current royalty rate is illegal and/or not in compliance with Qualcomm's contractual commitments to standard-setting

organizations, including at least ETSI, TIA, and ATIS.

(13)   Qualcomm is not entitled to any relief against Pegatron because the "Pegatron SULA" must be reformed to be consistent with Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(14)   Qualcomm is not entitled to any relief against Pegatron because the "Pegatron SULA" must be rescinded in so far as it seeks relief beyond Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(15)   Qualcomm is not entitled to any relief against Pegatron because Qualcomm is attempting to enforce a license on patents that have expired and/or abandoned.

(16)   Pegatron is excused from performance under the "Pegatron SULA," and Qualcomm is not otherwise entitled to any relief from Pegatron, because Qualcomm's right to collect licensing fees for its patents has been exhausted and/or Pegatron has a license (express or implied) to Qualcomm's patents.

(17)   Qualcomm is not entitled to any relief against Pegatron because Apple has or will obtain a license to Qualcomm's patents, or is otherwise permitted to practice Qualcomm's patents.

(18)   Qualcomm is not entitled to any relief because Pegatron has satisfied its valid legal obligations to Qualcomm in all material respects.

(19)   This claim is barred to the extent that, if

Qualcomm's claims and interpretations are credited, the "Pegatron SULA" would amount to unenforceable liquidated damages provisions under California Civil Code § 1671 and/or would be an unenforceable penalty.

(20)   Qualcomm's claim is barred in whole or in part by the economic loss doctrine.

(21)   Qualcomm's claim is barred by equitable and/or statutory set-off or offset.

(22)   Qualcomm is barred from asserting its claim as alleged by the doctrines of equitable estoppel, unjust enrichment, unclean hands, patent misuse, and waiver.

(23)   Qualcomm's claim is barred because Pegatron's acts and omissions were justified and/or privileged.

(24)   Qualcomm's claim is barred in whole or in part by a failure to mitigate.

(25)   Qualcomm's claim is barred because of ratification of, agreement to, acquiescence in, or consent to Pegatron's alleged conduct.

(26)   Qualcomm's claim is barred in whole or in part by the applicable statute(s) of limitations and/or doctrine of laches.

(27)   To the extent that Qualcomm has suffered damages, if at all, all damages were caused by Qualcomm's own actions.

(28)   Qualcomm's claim is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

(29)   Qualcomm is not entitled to injunctive relief, and any alleged injury to Qualcomm is not immediate or

1    irreparable and Qualcomm has an adequate remedy at law.

2        4.     COUNT IV:  PEGATRON'S BREACH OF ITS MASTER

3    SOFTWARE AGREEMENT (QC CM Complaint ¶¶ 168-74)

4           a)    Applicable Elements

5              (1)    Qualcomm and Pegatron entered into a contract

6    titled, "Master Software Agreement" ("Pegatron MSA");

7              (2)    Qualcomm's performance or excuse of

8    nonperformance;

9              (3)    Pegatron breached the Pegatron MSA;

10             (4)    Qualcomm was harmed; and

11             (5)    Pegatron's breach was a substantial factor in

12   causing Qualcomm's harm.[35]

13          b)    Damages Sought

14             (1)    Compensatory and consequential damages in

15   amounts to be proven at trial.  (See, e.g., Expert Report of

16   Ambreen Salters.)

17          c)    Additional Relief Sought

18             (1)    Reasonable attorneys' fees to Qualcomm;

19             (2)    Expenses, costs, and disbursements in this action,

20   including prejudgment interest; and

21             (3)    Such other and further relief as the Court deems just

22   and proper.

23          d)    Applicable Defenses:

24

---

25   [35] CACI No. 303; *see also Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (Cal.

26   Ct. App. 2014) (cited by CACI); *Barcel USA, LLC v. Baja Distributors, Inc.,* 2014 WL 12539699, at *3 (S.D. Cal. Jan. 7, 2014) (using CACI to state the elements of a

27   claim); *Marlo v. United Parcel Serv., Inc.*, 890 F. Supp. 2d 1243, 1245 (C.D. Cal.

28   2012) ("The CACI instructions 'are approved by the Judicial Council as the state's official jury instructions under the California Rules of Court'".).

1   (1)   Qualcomm has not met its burden of proof on each

2   of the elements of this claim.

3   (2)   Qualcomm is not entitled to any relief because

4   Qualcomm has not identified any cognizable harm as a

5   result of the alleged breach of the "Pegatron MSA."

6   (3)   Qualcomm's claim is barred because of a lack of

7   causation, including because any alleged injury or

8   damages that may have been suffered were not caused

9   solely or proximately by the alleged breach of the

10   "Pegatron MSA."

11   (4)   Qualcomm's claim is barred in whole or in part

12   because the "Pegatron MSA" does not impose the

13   obligations that Qualcomm claims were breached.

14   (5)   The "Pegatron MSA" violates U.S. federal antitrust

15   law, including at least 15 U.S.C. § 1, and is therefore

16   illegal and unenforceable as alleged by Qualcomm.

17   (6)   The "Pegatron MSA" violates U.S. federal antitrust

18   law, including at least 15 U.S.C. § 2, and is therefore

19   illegal and unenforceable as alleged by Qualcomm.

20   (7)   The "Pegatron MSA" violates California Business

21   and Professions Code § 16700 et seq. and is therefore void

22   and unenforceable as alleged by Qualcomm.

23   (8)   The "Pegatron MSA" is substantively and/or

24   procedurally unconscionable.

25   (9)   The "Pegatron MSA" is unenforceable under

26   California's Unfair Competition Laws, California

27   Business and Professions Code §§ 17200, *et seq.*.

28   (10)   The "Pegatron MSA" is unenforceable due to public

policy.

(11)   Qualcomm is estopped from recovering damages in excess of a FRAND rate in connection with any claim for damages for breach of the "Pegatron MSA" in light of Qualcomm's commitments to standard-setting organizations, including its contractual commitments to at least ETSI, TIA, and ATIS, with respect to which Pegatron is an intended third party beneficiary and/or in light of Pegatron's reasonable reliance upon such commitments, which was reasonable, foreseeable, and caused Pegatron harm as a result.

(12)   Pegatron is excused from performance under the "Pegatron MSA" to the extent that Qualcomm seeks to enforce any provision containing a royalty rate that is illegal and/or not in compliance with Qualcomm's contractual commitments to standard-setting organizations, including at least ETSI, TIA, and ATIS.

(13)   Qualcomm is not entitled to any relief against Pegatron because the "Pegatron MSA" must be reformed to the extent that Qualcomm asserts it in a manner that is inconsistent with Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(14)   Qualcomm is not entitled to any relief against Pegatron because the "Pegatron MSA" must be rescinded to the extent that Qualcomm asserts it in an effort to seek relief beyond Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(15)   Qualcomm is not entitled to any relief because

Pegatron has satisfied its valid legal obligations to Qualcomm in all material respects.

(16)   Qualcomm's claim for breach of contract of the "Pegatron MSA" is preempted by Federal Law, including at least 17 U.S.C. § 301.

(17)   Qualcomm is not entitled to any relief against Pegatron because the "Pegatron MSA" is unenforceable due to copyright misuse.

(18)   This claim is barred to the extent that, if Qualcomm's claims and interpretations are credited, the "Pegatron MSA" would amount to unenforceable liquidated damages provisions under California Civil Code § 1671 and/or would be an unenforceable penalty.

(19)   Qualcomm's claim is barred in whole or in part by the economic loss doctrine.

(20)   Qualcomm's claim is barred by equitable and/or statutory set-off or offset.

(21)   Qualcomm is barred from asserting its claim as alleged by the doctrines of equitable estoppel, unjust enrichment, unclean hands, patent misuse, and waiver.

(22)   Qualcomm's claim is barred because Pegatron's acts and omissions were justified and/or privileged.

(23)   Qualcomm's claim is barred in whole or in part by a failure to mitigate.

(24)   Qualcomm's claim is barred because of ratification of, agreement to, acquiescence in, or consent to Pegatron's alleged conduct.

(25)   Qualcomm's claim is barred in whole or in part by

1    the applicable statute(s) of limitations and/or doctrine of

2    laches.

3    (26)    To the extent that Qualcomm has suffered damages,

4    if at all, all damages were caused by Qualcomm's own

5    actions.

6    (27)    Qualcomm's claim is barred in whole or in part by

7    the doctrines of res judicata and/or collateral estoppel.

8    (28)    Qualcomm is not entitled to injunctive relief, and

9    any alleged injury to Qualcomm is not immediate or

10    irreparable and Qualcomm has an adequate remedy at law.

11    5.    COUNT V:  WISTRON'S BREACH OF ITS LICENSE

12    AGREEMENT (QC CM Complaint ¶¶ 175-90)

13    a)    Applicable Elements

14    (1)    Qualcomm and Wistron entered into a contract

15    titled, "Subscriber Unit License Agreement", dated May

16    23, 2007 ("Wistron SULA");

17    (2)    Qualcomm's performance or excuse of

18    nonperformance;

19    (3)    Wistron breached the Wistron SULA;

20    (4)    Qualcomm was harmed; and

21    (5)    Wistron's breach was a substantial factor in causing

22    Qualcomm's harm.[36]

23    b)    Damages Sought

24

---

25    [36] CACI No. 303; *see also Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (Cal.

26    Ct. App. 2014) (cited by CACI); *Barcel USA, LLC v. Baja Distributors, Inc.,* 2014

27    WL 12539699, at *3 (S.D. Cal. Jan. 7, 2014) (using CACI to state the elements of a

    claim); *Marlo v. United Parcel Serv., Inc.*, 890 F. Supp. 2d 1243, 1245 (C.D. Cal.

28    2012) ("The CACI instructions 'are approved by the Judicial Council as the state's

    official jury instructions under the California Rules of Court'".).

---

(1)     Compensatory and consequential damages in amounts to be proven at trial.  (See, e.g., Expert Report of Ambreen Salters.)

c)     Additional Relief Sought

(1)     Injunction prohibiting Wistron from violating the terms and conditions of the Wistron SULA and requiring Wistron specifically to perform the obligations of the Wistron SULA;

(2)     Reasonable attorneys' fees to Qualcomm;

(3)     Expenses, costs, and disbursements in this action, including prejudgment interest; and

(4)     Such other and further relief as the Court deems just and proper.

d)     Applicable Defenses:

(1)     Qualcomm has not met its burden of proof on each of the elements of this claim.

(2)     Qualcomm's claim is barred in whole or in part because the "Wistron SULA" does not impose the obligations that Qualcomm claims were breached.

(3)     The "Wistron SULA" violates U.S. federal antitrust law, including at least 15 U.S.C. § 1, and is therefore illegal and unenforceable as alleged by Qualcomm.

(4)     The "Wistron SULA" violates U.S. federal antitrust law, including at least 15 U.S.C. § 2, and is therefore illegal and unenforceable as alleged by Qualcomm.

(5)     The "Wistron SULA" violates California Business and Professions Code § 16700 et seq. and is therefore void and unenforceable as alleged by Qualcomm.

(6)     The "Wistron SULA" is substantively and/or procedurally unconscionable.

(7)     The "Wistron SULA" is unenforceable under California's Unfair Competition Laws, California Business and Professions Code §§ 17200, *et seq*.

(8)     The "Wistron SULA" is unenforceable due to public policy, patent misuse, and exhaustion of the purportedly licensed patents.

(9)     The "Wistron SULA" is unenforceable due to Qualcomm's contractual commitment to license its standard-essential patents on FRAND terms, pursuant to its contracts with standard-setting organizations including at least ETSI, TIA, and ATIS (with respect to which Wistron is an intended third party beneficiary).

(10)    Qualcomm is estopped from recovering damages in excess of a FRAND rate in light of its commitments to standard-setting organizations, including its contractual commitments to at least ETSI, TIA, and ATIS, with respect to which Wistron is an intended third party beneficiary and/or in light of Wistron's reasonable reliance upon such commitments, which was reasonable, foreseeable, and caused Wistron harm as a result.

(11)    Qualcomm is not entitled to any relief against Wistron because Qualcomm materially breached the "Wistron SULA," as set forth in the CMs' Causes of Action.  See III.D.11 (Count XI).

(12)    Wistron is excused from performance under the "Wistron SULA" because the current royalty rate is illegal

and/or not in compliance with Qualcomm's contractual commitments to standard-setting organizations, including at least ETSI, TIA, and ATIS.

(13)   Qualcomm is not entitled to any relief against Wistron because the "Wistron SULA" must be reformed to be consistent with Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(14)   Qualcomm is not entitled to any relief against Wistron because the "Wistron SULA" must be rescinded in so far as it seeks relief beyond Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(15)   Qualcomm is not entitled to any relief against Wistron because Qualcomm is attempting to enforce a license on patents that have expired and/or abandoned.

(16)   Wistron is excused from performance under the "Wistron SULA," and Qualcomm is not otherwise entitled to any relief from Wistron, because Qualcomm's right to collect licensing fees for its patents has been exhausted and/or Wistron has a license (express or implied) to Qualcomm's patents.

(17)   Qualcomm is not entitled to any relief against Wistron because Apple has or will obtain a license to Qualcomm's patents, or is otherwise permitted to practice Qualcomm's patents.

(18)   Qualcomm is not entitled to any relief because Wistron has satisfied its valid legal obligations to

Qualcomm in all material respects.

(19)   This claim is barred to the extent that, if Qualcomm's claims and interpretations are credited, the "Wistron SULA" would amount to unenforceable liquidated damages provisions under California Civil Code § 1671 and/or would be an unenforceable penalty.

(20)   Qualcomm's claim is barred in whole or in part by the economic loss doctrine.

(21)   Qualcomm's claim is barred by equitable and/or statutory set-off or offset.

(22)   Qualcomm is barred from asserting its claim as alleged by the doctrines of equitable estoppel, unjust enrichment, unclean hands, patent misuse, and waiver.

(23)   Qualcomm's claim is barred because Wistron's acts and omissions were justified and/or privileged.

(24)   Qualcomm's claim is barred in whole or in part by a failure to mitigate.

(25)   Qualcomm's claim is barred because of ratification of, agreement to, acquiescence in, or consent to Wistron's alleged conduct.

(26)   Qualcomm's claim is barred in whole or in part by the applicable statute(s) of limitations and/or doctrine of laches.

(27)   To the extent that Qualcomm has suffered damages, if at all, all damages were caused by Qualcomm's own actions.

(28)   Qualcomm's claim is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

(29)   Qualcomm is not entitled to injunctive relief, and any alleged injury to Qualcomm is not immediate or irreparable and Qualcomm has an adequate remedy at law.

6.    COUNT VI:  WISTRON'S BREACH OF ITS MASTER SOFTWARE AGREEMENT (QC CM Complaint ¶¶ 190-97)

a)  Applicable Elements

(1)   Qualcomm and Wistron entered into a contract titled, "Master Software Agreement"  ("Wistron MSA");

(2)   Qualcomm's performance or excuse of nonperformance;

(3)   Wistron breached the Wistron MSA;

(4)   Qualcomm was harmed; and

(5)   Wistron's breach was a substantial factor in causing Qualcomm's harm.[37]

b)  Damages Sought

(1)   Compensatory and consequential damages in amounts to be proven at trial.  (See, e.g., Expert Report of Ambreen Salters.)

c)  Additional Relief Sought

(1)   Reasonable attorneys' fees to Qualcomm;

(2)   Expenses, costs, and disbursements in this action, including prejudgment interest; and

(3)   Such other and further relief as the Court deems just

---

[37] CACI No. 303; *see also Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (Cal. Ct. App. 2014) (cited by CACI); *Barcel USA, LLC v. Baja Distributors, Inc.,* 2014 WL 12539699, at *3 (S.D. Cal. Jan. 7, 2014) (using CACI to state the elements of a claim); *Marlo v. United Parcel Serv., Inc.*, 890 F. Supp. 2d 1243, 1245 (C.D. Cal. 2012) ("The CACI instructions 'are approved by the Judicial Council as the state's official jury instructions under the California Rules of Court'".).

1    and proper.

2           d)    Applicable Defenses:

3               (1)    Qualcomm has not met its burden of proof on each

4    of the elements of this claim.

5               (2)    Qualcomm is not entitled to any relief because

6    Qualcomm has not identified any cognizable harm as a

7    result of the alleged breach of the "Wistron MSA."

8               (3)    Qualcomm's claim is barred because of a lack of

9    causation, including because any alleged injury or

10    damages that may have been suffered were not caused

11    solely or proximately by the alleged breach of the

12    "Wistron MSA."

13             (4)    Qualcomm's claim is barred in whole or in part

14    because the "Wistron MSA" does not impose the

15    obligations that Qualcomm claims were breached.

16             (5)    The "Wistron MSA" violates U.S. federal antitrust

17    law, including at least 15 U.S.C. § 1, and is therefore

18    illegal and unenforceable as alleged by Qualcomm.

19             (6)    The "Wistron MSA" violates U.S. federal antitrust

20    law, including at least 15 U.S.C. § 2, and is therefore

21    illegal and unenforceable as alleged by Qualcomm.

22             (7)    The "Wistron MSA" violates California Business

23    and Professions Code § 16700 et seq. and is therefore void

24    and unenforceable as alleged by Qualcomm.

25             (8)    The "Wistron MSA" is substantively and/or

26    procedurally unconscionable.

27             (9)    The "Wistron MSA" is unenforceable under

28    California's Unfair Competition Laws, California

1   Business and Professions Code §§ 17200, *et seq*.

2   (10)   The "Wistron MSA" is unenforceable due to public

3   policy.

4   (11)   Qualcomm is estopped from recovering damages in

5   excess of a FRAND rate in connection with any claim for

6   damages for breach of the "Wistron MSA" in light of

7   Qualcomm's commitments to standard-setting

8   organizations, including its contractual commitments to at

9   least ETSI, TIA, and ATIS, with respect to which Wistron

10   is an intended third party beneficiary and/or in light of

11   Wistron's reasonable reliance upon such commitments,

12   which was reasonable, foreseeable, and caused Wistron

13   harm as a result.

14   (12)   Wistron is excused from performance under the

15   "Wistron MSA" to the extent that Qualcomm seeks to

16   enforce any provision containing a royalty rate that is

17   illegal and/or not in compliance with Qualcomm's

18   contractual commitments to standard-setting

19   organizations, including at least ETSI, TIA, and ATIS.

20   (13)   Qualcomm is not entitled to any relief against

21   Wistron because the "Wistron MSA" must be reformed to

22   the extent that Qualcomm asserts it in a manner that is

23   inconsistent with Qualcomm's contractual commitment to

24   license its standard essential patents on FRAND terms.

25   (14)   Qualcomm is not entitled to any relief against

26   Wistron because the "Wistron MSA" must be rescinded to

27   the extent that Qualcomm asserts it in an effort to seek

28   relief beyond Qualcomm's contractual commitment to

1   license its standard essential patents on FRAND terms.

2   (15)   Qualcomm's claim for breach of contract of the

3   "Wistron MSA" is preempted by Federal Law, including

4   at least 17 U.S.C. § 301.

5   (16)   Qualcomm is not entitled to any relief against

6   Wistron because the "Wistron MSA" is unenforceable due

7   to copyright misuse.

8   (17)   Qualcomm is not entitled to any relief because

9   Wistron has satisfied its valid legal obligations to

10   Qualcomm in all material respects.

11   (18)   This claim is barred to the extent that, if

12   Qualcomm's claims and interpretations are credited, the

13   "Wistron MSA" would amount to unenforceable

14   liquidated damages provisions under California Civil Code

15   § 1671 and/or would be an unenforceable penalty.

16   (19)   Qualcomm's claim is barred in whole or in part by

17   the economic loss doctrine.

18   (20)   Qualcomm's claim is barred by equitable and/or

19   statutory set-off or offset.

20   (21)   Qualcomm is barred from asserting its claim as

21   alleged by the doctrines of equitable estoppel, unjust

22   enrichment, unclean hands, patent misuse, and waiver.

23   (22)   Qualcomm's claim is barred because Wistron's acts

24   and omissions were justified and/or privileged.

25   (23)   Qualcomm's claim is barred in whole or in part by a

26   failure to mitigate.

27   (24)   Qualcomm's claim is barred because of ratification

28   of, agreement to, acquiescence in, or consent to Wistron's

alleged conduct.

(25)   Qualcomm's claim is barred in whole or in part by the applicable statute(s) of limitations and/or doctrine of laches.

(26)   To the extent that Qualcomm has suffered damages, if at all, all damages were caused by Qualcomm's own actions.

(27)   Qualcomm's claim is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

(28)   Qualcomm is not entitled to injunctive relief, and any alleged injury to Qualcomm is not immediate or irreparable and Qualcomm has an adequate remedy at law.

7.     COUNT VII:  COMPAL'S BREACH OF ITS LICENSE AGREEMENT (QC CM Complaint ¶¶ 198-215)

a)   Applicable Elements

(1)   Qualcomm and Compal entered into a contract titled, "Subscriber Unit License Agreement", dated February 10, 2000, as amended ("Compal SULA");

(2)   Qualcomm's performance or excuse of nonperformance;

(3)   Compal breached the Compal SULA;

(4)   Qualcomm was harmed; and

(5)   Compal's breach was a substantial factor in causing Qualcomm's harm.[38]

---

[38] CACI No. 303; *see also Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (Cal. Ct. App. 2014) (cited by CACI); *Barcel USA, LLC v. Baja Distributors, Inc.,* 2014 WL 12539699, at *3 (S.D. Cal. Jan. 7, 2014) (using CACI to state the elements of a claim); *Marlo v. United Parcel Serv., Inc.*, 890 F. Supp. 2d 1243, 1245 (C.D. Cal.

b)   Damages Sought

(1)   Compensatory and consequential damages in amounts to be proven at trial.  (See, e.g., Expert Report of Ambreen Salters.)

c)   Additional Relief Sought

(1)   Injunction prohibiting Compal from violating the terms and conditions of the Compal SULA and requiring Compal specifically to perform the obligations of the Compal SULA;

(2)   Expenses, costs, and disbursements in this action, including prejudgment interest; and

(3)   Such other and further relief as the Court deems just and proper.

d)   Applicable Defenses:

(1)   Qualcomm has not met its burden of proof on each of the elements of this claim.

(2)   Qualcomm's claim is barred in whole or in part because the "Compal SULA" does not impose the obligations that Qualcomm claims were breached.

(3)   The "Compal SULA" violates U.S. federal antitrust law, including at least 15 U.S.C. § 1, and is therefore illegal and unenforceable as alleged by Qualcomm.

(4)   The "Compal SULA" violates U.S. federal antitrust law, including at least 15 U.S.C. § 2, and is therefore illegal and unenforceable as alleged by Qualcomm.

(5)   The "Compal SULA" violates California Business

---

2012) ("The CACI instructions 'are approved by the Judicial Council as the state's official jury instructions under the California Rules of Court'".).

and Professions Code § 16700 et seq. and is therefore void and unenforceable as alleged by Qualcomm.

(6)     The "Compal SULA" is substantively and/or procedurally unconscionable.

(7)     The "Compal SULA" is unenforceable under California's Unfair Competition Laws, California Business and Professions Code §§ 17200, *et seq.*

(8)     The "Compal SULA" is unenforceable due to public policy, patent misuse, and exhaustion of the purportedly licensed patents.

(9)     The "Compal SULA" is unenforceable due to Qualcomm's contractual commitment to license its standard-essential patents on FRAND terms, pursuant to its contracts with standard-setting organizations including at least ETSI, TIA, and ATIS (with respect to which Compal is an intended third party beneficiary).

(10)   Qualcomm is estopped from recovering damages in excess of a FRAND rate in light of its commitments to standard-setting organizations, including its contractual commitments to at least ETSI, TIA, and ATIS, with respect to which Compal is an intended third party beneficiary and/or in light of Compal's reasonable reliance upon such commitments, which was reasonable, foreseeable, and caused Compal harm as a result.

(11)   Qualcomm is not entitled to any relief against Compal because Qualcomm materially breached the "Compal SULA," as set forth in the CMs' Causes of Action.  See III.D.11 (Count XI).

(12)   Compal is excused from performance under the "Compal SULA" because the current royalty rate is illegal and/or not in compliance with Qualcomm's contractual commitments to standard-setting organizations, including at least ETSI, TIA, and ATIS.

(13)   Qualcomm is not entitled to any relief against Compal because the "Compal SULA" must be reformed to be consistent with Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(14)   Qualcomm is not entitled to any relief against Compal because the "Compal SULA" must be rescinded in so far as it seeks relief beyond Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(15)   Qualcomm is not entitled to any relief against Compal because Qualcomm is attempting to enforce a license on patents that have expired and/or abandoned.

(16)   Compal is excused from performance under the "Compal SULA," and Qualcomm is not otherwise entitled to any relief from Compal, because Qualcomm's right to collect licensing fees for its patents has been exhausted and/or Compal has a license (express or implied) to Qualcomm's patents.

(17)   Qualcomm is not entitled to any relief against Compal because Apple has or will obtain a license to Qualcomm's patents, or is otherwise permitted to practice Qualcomm's patents.

(18)   Qualcomm is not entitled to any relief because

1   Compal has satisfied its valid legal obligations to

2   Qualcomm in all material respects.

3   (19)   This claim is barred to the extent that, if

4   Qualcomm's claims and interpretations are credited, the

5   "Compal SULA" would amount to unenforceable

6   liquidated damages provisions under California Civil Code

7   § 1671 and/or would be an unenforceable penalty.

8   (20)   Qualcomm's claim is barred in whole or in part by

9   the economic loss doctrine.

10   (21)   Qualcomm's claim is barred by equitable and/or

11   statutory set-off or offset.

12   (22)   Qualcomm is barred from asserting its claim as

13   alleged by the doctrines of equitable estoppel, unjust

14   enrichment, unclean hands, patent misuse, and waiver.

15   (23)   Qualcomm's claim is barred because Compal's acts

16   and omissions were justified and/or privileged.

17   (24)   Qualcomm's claim is barred in whole or in part by a

18   failure to mitigate.

19   (25)   Qualcomm's claim is barred because of ratification

20   of, agreement to, acquiescence in, or consent to Compal's

21   alleged conduct.

22   (26)   Qualcomm's claim is barred in whole or in part by

23   the applicable statute(s) of limitations and/or doctrine of

24   laches.

25   (27)   To the extent that Qualcomm has suffered damages,

26   if at all, all damages were caused by Qualcomm's own

27   actions.

28   (28)   Qualcomm's claim is barred in whole or in part by

the doctrines of res judicata and/or collateral estoppel.

(29)   Qualcomm is not entitled to injunctive relief, and any alleged injury to Qualcomm is not immediate or irreparable and Qualcomm has an adequate remedy at law.

8.   COUNT VIII:  COMPAL'S BREACH OF ITS MASTER SOFTWARE AGREEMENT (QC CM Complaint ¶¶ 216-22)

a)   Applicable Elements

(1)   Qualcomm and Compal entered into a contract titled, "Master Software Agreement"  ("Compal MSA");

(2)   Qualcomm's performance or excuse of nonperformance;

(3)   Compal breached the Compal MSA;

(4)   Qualcomm was harmed; and

(5)   Compal's breach was a substantial factor in causing Qualcomm's harm.[39]

b)   Damages Sought

(1)   Compensatory and consequential damages in amounts to be proven at trial.  (See, e.g., Expert Report of Ambreen Salters.)

c)   Additional Relief Sought

(1)   Reasonable attorneys' fees to Qualcomm;

(2)   Expenses, costs, and disbursements in this action, including prejudgment interest; and

---

[39] CACI No. 303; *see also Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (Cal. Ct. App. 2014) (cited by CACI); *Barcel USA, LLC v. Baja Distributors, Inc.,* 2014 WL 12539699, at *3 (S.D. Cal. Jan. 7, 2014) (using CACI to state the elements of a claim); *Marlo v. United Parcel Serv., Inc.*, 890 F. Supp. 2d 1243, 1245 (C.D. Cal. 2012) ("The CACI instructions 'are approved by the Judicial Council as the state's official jury instructions under the California Rules of Court'".).

(3)    Such other and further relief as the Court deems just and proper.

d)    Applicable Defenses:

(1)    Qualcomm has not met its burden of proof on each of the elements of this claim.

(2)    Qualcomm is not entitled to any relief because Qualcomm has not identified any cognizable harm as a result of the alleged breach of the "Compal MSA."

(3)    Qualcomm's claim is barred because of a lack of causation, including because any alleged injury or damages that may have been suffered were not caused solely or proximately by the alleged breach of the "Compal MSA."

(4)    Qualcomm's claim is barred in whole or in part because the "Compal MSA" does not impose the obligations that Qualcomm claims were breached.

(5)    The "Compal MSA" violates U.S. federal antitrust law, including at least 15 U.S.C. § 1, and is therefore illegal and unenforceable as alleged by Qualcomm.

(6)    The "Compal MSA" violates U.S. federal antitrust law, including at least 15 U.S.C. § 2, and is therefore illegal and unenforceable as alleged by Qualcomm.

(7)    The "Compal MSA" violates California Business and Professions Code § 16700 et seq. and is therefore void and unenforceable as alleged by Qualcomm.

(8)    The "Compal MSA" is substantively and/or procedurally unconscionable.

(9)    The "Compal MSA" is unenforceable under

California's Unfair Competition Laws, California Business and Professions Code §§ 17200, *et seq*.

(10)   The "Compal MSA" is unenforceable due to public policy.

(11)   Qualcomm is estopped from recovering damages in excess of a FRAND rate in connection with any claim for damages for breach of the "Compal MSA" in light of Qualcomm's commitments to standard-setting organizations, including its contractual commitments to at least ETSI, TIA, and ATIS, with respect to which Compal is an intended third party beneficiary and/or in light of Compal's reasonable reliance upon such commitments, which was reasonable, foreseeable, and caused Compal harm as a result.

(12)   Compal is excused from performance under the "Compal MSA" to the extent that Qualcomm seeks to enforce any provision containing a royalty rate that is illegal and/or not in compliance with Qualcomm's contractual commitments to standard-setting organizations, including at least ETSI, TIA, and ATIS.

(13)   Qualcomm is not entitled to any relief against Compal because the "Compal MSA" must be reformed to the extent that Qualcomm asserts it in a manner that is inconsistent with Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(14)   Qualcomm is not entitled to any relief against Compal because the "Compal MSA" must be rescinded to the extent that Qualcomm asserts it in an effort to seek

relief beyond Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(15)   Qualcomm is not entitled to any relief because Compal has satisfied its valid legal obligations to Qualcomm in all material respects.

(16)   Qualcomm's claim for breach of contract of the "Compal MSA" is preempted by Federal Law, including at least 17 U.S.C. § 301.

(17)   Qualcomm is not entitled to any relief against Compal because the "Compal MSA" is unenforceable due to copyright misuse.

(18)   This claim is barred to the extent that, if Qualcomm's claims and interpretations are credited, the "Compal MSA" would amount to unenforceable liquidated damages provisions under California Civil Code § 1671 and/or would be an unenforceable penalty.

(19)   Qualcomm's claim is barred in whole or in part by the economic loss doctrine.

(20)   Qualcomm's claim is barred by equitable and/or statutory set-off or offset.

(21)   Qualcomm is barred from asserting its claim as alleged by the doctrines of equitable estoppel, unjust enrichment, unclean hands, patent misuse, and waiver.

(22)   Qualcomm's claim is barred because Compal's acts and omissions were justified and/or privileged.

(23)   Qualcomm's claim is barred in whole or in part by a failure to mitigate.

(24)   Qualcomm's claim is barred because of ratification

of, agreement to, acquiescence in, or consent to Compal's alleged conduct.

(25)   Qualcomm's claim is barred in whole or in part by the applicable statute(s) of limitations and/or doctrine of laches.

(26)   To the extent that Qualcomm has suffered damages, if at all, all damages were caused by Qualcomm's own actions.

(27)   Qualcomm's claim is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

(28)   Qualcomm is not entitled to injunctive relief, and any alleged injury to Qualcomm is not immediate or irreparable and Qualcomm has an adequate remedy at law.

9.      COUNT IX:  DECLARATORY RELIEF (AGAINST EACH CM) (QC CM Complaint ¶¶ 223-29)

a)      There is a substantial and actual controversy between Qualcomm and the CMs having adverse legal interests, of sufficient immediacy and reality.

b)      Qualcomm seeks a declaration that:

(1)      Each CM has unjustifiably breached its obligations under its License Agreement;

(2)      Qualcomm has not breached its obligations under the License Agreements;

(3)      Each CM has unjustifiably breached its obligations under its Master Software Agreement; and

(4)      Qualcomm has not breached its obligations under the Master Software Agreements.

c)      Damages Sought

1           (1)    None.

2         d)    Additional Relief Sought

3           (1)    Reasonable attorneys' fees to Qualcomm;

4           (2)    Expenses, costs, and disbursements in this action,

5    including prejudgment interest; and

6           (3)    Such other and further relief as the Court deems just

7    and proper.

8         e)    Applicable Defenses:

9           (1)    Qualcomm has not met its burden of proof on each

10    of the elements of this claim, and on the grounds and to

11    the extent that this is not a proper claim.

12          (2)    Qualcomm's claim is barred in whole or in part

13    because the "License Agreements" and "Master Software

14    Agreements" do not impose the obligations that

15    Qualcomm claims were breached.

16          (3)    Each CM objects on the grounds and to the extent

17    that Qualcomm seeks monetary damages in connection

18    with this claim, which seeks declaratory relief for the

19    claims set forth in Counts I to VIII.

20          (4)    Each CM incorporates by reference its defenses to

21    Counts I to VIII above.

22          (5)    Each of the CMs' "License Agreements" and

23    "Master Software Agreements" violates U.S. federal

24    antitrust law, including at least 15 U.S.C. § 1, and is

25    therefore illegal and unenforceable as alleged by

26    Qualcomm.

27          (6)    Each of the CMs' "License Agreements" and

28    "Master Software Agreements" violates U.S. federal

antitrust law, including at least 15 U.S.C. § 2, and is therefore illegal and unenforceable as alleged by Qualcomm.

(7)    Each of the CMs' "License Agreements" and "Master Software Agreements" violates California Business and Professions Code § 16700 *et seq.* and is therefore void and unenforceable as alleged by Qualcomm.

(8)    Each of the CMs' "License Agreements" and "Master Software Agreements" is substantively and/or procedurally unconscionable.

(9)    Each of the CMs' "License Agreements" and "Master Software Agreements" is unenforceable under California's Unfair Competition Laws, California Business and Professions Code §§ 17200, *et seq.*.

(10)   Each of the CMs' "License Agreements" is unenforceable due to public policy, patent misuse, and exhaustion of the purportedly licensed patents.

(11)   Each of the CMs' "License Agreements" is unenforceable due to Qualcomm's contractual commitment to license its standard-essential patents on FRAND terms, pursuant to its contracts with standard-setting organizations including at least ETSI, TIA, and ATIS (with respect to which Compal is an intended third party beneficiary).

(12)   Qualcomm is not entitled to any relief against any of the CMs because Qualcomm materially breached each of the CMs' "License Agreements."

(13)   Each of the CMs is excused from performance

1   under its respective "License Agreement," because the

2   current royalty rate is illegal and/or not in compliance with

3   Qualcomm's contractual commitments to standard-setting

4   organizations, including at least ETSI, TIA, and ATIS.

5   (14)   Qualcomm is not entitled to any relief against any of

6   the CMs because each of the CMs' "License Agreements"

7   must be reformed to be consistent with Qualcomm's

8   contractual commitment to license its standard essential

9   patents on FRAND terms.

10   (15)   Qualcomm is not entitled to any relief against any of

11   the CMs because each of the CMs' "License Agreements"

12   must be rescinded in so far as it seeks relief beyond

13   Qualcomm's contractual commitment to license its

14   standard essential patents on FRAND terms.

15   (16)   Each of the CMs is excused from performance

16   under its respective "Master Software Agreement" to the

17   extent that Qualcomm seeks to enforce any provision

18   containing a royalty rate that is illegal and/or not in

19   compliance with Qualcomm's contractual commitments to

20   standard-setting organizations, including at least ETSI,

21   TIA, and ATIS.

22   (17)   Qualcomm is not entitled to any relief against any of

23   the CMs because each of the CMs' "Master Software

24   Agreements" must be reformed to the extent that

25   Qualcomm asserts it in a manner that is inconsistent with

26   Qualcomm's contractual commitment to license its

27   standard essential patents on FRAND terms.

28   (18)   Qualcomm is not entitled to any relief against any of

the CMs because each of the CMs' "Master Software Agreements" must be rescinded to the extent that Qualcomm asserts it in an effort to seek relief beyond Qualcomm's contractual commitment to license its standard essential patents on FRAND terms.

(19)   Qualcomm is not entitled to any relief against any of the CMs because Qualcomm is attempting to enforce a license on patents that have expired and/or abandoned.

(20)   Each of the CMs is excused from performance under its respective "License Agreements" and "Master Software Agreements" and Qualcomm is not otherwise entitled to any relief from any of the CMs, because Qualcomm's right to collect licensing fees for its patents has been exhausted and/or each of the CMs has a license (express or implied) to Qualcomm's patents.

(21)   Qualcomm is not entitled to any relief against any of the CMs because Apple has or will obtain a license to Qualcomm's patents, or is otherwise permitted to practice Qualcomm's patents.

(22)   Qualcomm's claim with respect to the "Master Software Agreements" is preempted by Federal Law, including at least 17 U.S.C. § 301.

(23)   Qualcomm is not entitled to any relief against any of the CMs because the "Master Software Agreements" are unenforceable due to copyright misuse.

(24)   Qualcomm is not entitled to any relief because each of the CMs has satisfied its valid legal obligations to Qualcomm in all material respects.

(25)   This claim is barred to the extent that, if Qualcomm's claims and interpretations are credited, the CMs' "License Agreements" and "Master Software Agreements" would amount to unenforceable liquidated damages provisions under California Civil Code § 1671 and/or would be an unenforceable penalty.

(26)   Qualcomm is barred from asserting its claim as alleged by the doctrines of equitable estoppel, unjust enrichment, unclean hands, patent misuse, and waiver.

(27)   Qualcomm's claims are barred because each of the CMs' acts and omissions were justified and/or privileged.

(28)   Qualcomm's claims are barred because of ratification of, agreement to, acquiescence in, or consent to Compal's alleged conduct.

(29)   Qualcomm's claims are barred in whole or in part by the applicable statute(s) of limitations and/or doctrine of laches.

(30)   To the extent that Qualcomm has suffered damages, if at all, all damages were caused by Qualcomm's own actions.

(31)   Qualcomm's claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

## D.   THE CMS' CROSS-CLAIMS AGAINST QUALCOMM

Below are the causes of action brought by the CMs, the defenses asserted by Qualcomm, and damages and other relief sought by the CMs. With respect to each cause of action listed below, the CMs seek a judgment awarding the CMs their expenses, costs, and attorneys' fees in accordance with Rule 54(d) of the Federal

Rules of Civil Procedure, each CM's Subscriber Unit License Agreement with Qualcomm, and/or as is otherwise appropriate.[40]

Qualcomm is the defendant in a case brought by the United States Federal Trade Commission and currently pending before Judge Lucy Koh in the Northern District of California, in which the CMs are third-party witnesses: *FTC v. Qualcomm Inc.*, No. 17-cv-0220 (N.D. Cal)  That case is scheduled to begin a bench trial on January 4, 2019; evidence is projected to run through January 28, 2019, after which the Court will issue findings of fact and conclusions of law after appropriate post-trial briefing.  Qualcomm is a party to other related cases as well, including several proceedings pending before the International Trade Commission. Apple and the CMs contend that the facts and relief sought in the *FTC v. Qualcomm* case and in other Qualcomm cases overlap with the facts to be found and the relief sought in the instant action, and thus Apple and the CMs contend that the resolution of that matter and other matters are likely to affect the scope of this trial.  The CMs reserve their rights to amend this list, as well as the defenses that one or more of the CMs have identified to Qualcomm's causes of action, and move the Court as appropriate to apply collateral estoppel, issue preclusion, or other/similar doctrines to simplify the issues to be tried.[41]

### 1.   COUNT I: SHERMAN ACT § 2

a)   Applicable Elements:

---

[40] The Court on November 20, 2018 dismissed Count XIII, XIV, XVI, XVII, XIX, XX, XXII, XXIII, XXV, XXVI, XXVIII, XXIX, XXXI, XXXII, XXXIV, XXXV, XXXVII, XXXVIII, and LXVII.  *See* D.I. No. 737.  The CMs preserves their right to appeal the dismissal of these counts.

[41] Qualcomm objects to Apple and the CMs' characterization and speculation regarding other cases not pending before this Court.  Qualcomm objects to the inclusion of this paragraph entirely, which Apple and the CMs inserted for the first time at 10:27pm eastern time the night the pretrial order was due to be filed and refused to remove.

---

(1)     Qualcomm possesses or at relevant times possessed monopoly power in the relevant market;

(2)     Qualcomm has willfully acquired or maintained that power; and

(3)     Qualcomm's conduct has caused antitrust injury.[42]

(4)     Injunctive relief under Section 16 of the Clayton Act, 15 U.S.C. § 26, is appropriate if a plaintiff faces a significant threat of injury from an impending violation of the antitrust laws or from a contemporary violation likely to continue or recur.[43]

(5)     A plaintiff has standing to enforce Section 16 of the Clayton Act when its threatened loss or damage is of the type the antitrust laws were designed to prevent and that flows from that which makes defendants' acts unlawful.[44]

      b)     Damages and/or Relief Sought:

(1)      A determination and declaration that Qualcomm has violated Section 2 of the Sherman Act.

(2)     An order enjoining Qualcomm from all unlawful acts.

(3)     Further injunctive relief necessary to remedy Qualcomm's unlawful behavior (including but not limited to enjoining Qualcomm from interrupting supply of baseband processor chipsets), the specifics of which will be determined at a later date.

---

[42] *Cost Mgmt. Servs., Inc. v. Washington Nat'l Gas Co*., 99 F.3d 937, 949 (9th Cir. 1996).

[43] *Zenith Radio Corp. v. Hazeltine Research*, 395 U.S. 100, 130 (1969).

[44] *Cargill, Inc. v. Monfort of Colo., Inc*., 479 U.S. 104, 113 (1986) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc*., 429 U.S. 477, 489 (1977)).

(4)     Trebled damages in amounts to be proven at trial.

(See, e.g., expert reports of Dr. Jeffrey J. Leitzinger.)

(5)     Costs of suit, including attorneys' fees, pursuant to

15 U.S.C. § 15 and/or their Subscriber Unit License

Agreements with Qualcomm, in an amount to be

determined after trial.

(6)     Other and further relief as the Court deems just and

proper.

c)     Applicable Defenses:

Without taking on (or relieving any other party of) the burden of

proof on any element on which another party bears the burden,

Qualcomm asserts the following defenses in response to the

CMs' Count I:

(1)     The CMs' Counterclaim fails to state a claim on

which relief can be granted.

(2)     The CMs' Counterclaim is barred in whole or in

part by the applicable statutes of limitations, including, but

not limited to, California Business and Professions Code

§ 17208 and 15 U.S.C. § 15b.

(3)     The CMs' Counterclaim is barred in whole or in

part by the doctrine of laches.

(4)     The CMs' Counterclaim is barred in whole or in

part by the doctrine of estoppel.

(5)     The CMs' Counterclaim is barred in whole or in

part by the doctrine of waiver.

(6)     The CMs' Counterclaim is barred in whole or in

part by the doctrine of unclean hands.

(7)     The CMs' Counterclaim is barred in whole or in

part because Qualcomm's alleged conduct did not unreasonably restrain trade and was lawful, pro-competitive, and based on legitimate business and economic justifications.

(8)   The CMs' Counterclaim is barred in whole or in part because the CMs have not suffered antitrust injury or any injury of the type the antitrust laws were intended to prevent.

(9)   The CMs' Counterclaim is barred in whole or in part because they have not sustained injury in fact or damages proximately caused by any act or omission of Qualcomm.

(10)   The CMs' Counterclaim is barred in whole or in part because any damages that the CMs purport to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(11)   The CMs' Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(12)   To the extent that the CMs have suffered damages, if at all, they have failed to take reasonable measures to mitigate their damages in whole or in part, and are barred from recovering damages they could have reasonably avoided.

(13)   To the extent that the CMs have suffered damages, if at all, all damages were caused by the CMs' own actions.

1   (14)   To the extent that the CMs have suffered damages,

2   if at all, their damages are subject to offset in the amount

3   of any obligations the CMs owe Qualcomm.

4   (15)   The CMs are not entitled to injunctive relief because

5   any alleged injury to the CMs is not immediate or

6   irreparable and the CMs have an adequate remedy at law.

7   (16)   The CMs' Counterclaim is barred in whole or in

8   part because any recovery would result in unjust

9   enrichment to the CMs.

10   (17)   The CMs' Counterclaim is barred in whole or in

11   part because Qualcomm has satisfied its FRAND

12   commitments.

13   (18)   The CMs are not entitled to interest, attorney's fees

14   or costs in connection with this action.

15   2.   COUNT II: SHERMAN ACT § 1

16   a)   Applicable Elements:

17   (1)   Qualcomm is a party to contract(s), combination(s)

18   or conspiracy(ies);

19   (2)   in restraint of trade under either a per se or rule of

20   reason analysis; and

21   (3)   that caused antitrust injury.[45]

22   b)   Damages and/or Relief Sought:

23   (1)   A determination and declaration that Qualcomm has

24   violated Section 1 of the Sherman Act.

25   (2)   An order enjoining Qualcomm from all unlawful

26   acts.

27

28   [45]  *American Ad Mgmt., Inc. v. GTE Corp.*, 92 F.3d 781, 788 (9th Cir. 1996);
*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 488-489 (1977).

(3)     Further injunctive relief necessary to remedy Qualcomm's unlawful behavior (including but not limited to enjoining Qualcomm from interrupting supply of baseband processor chipsets), the specifics of which will be determined at a later date.

(4)

(5)     Trebled damages in amounts to be proven at trial. (See, e.g., expert reports of Dr. Jeffrey J. Leitzinger.)

(6)     Costs of suit, including attorneys' fees, pursuant to 15 U.S.C. § 15 and/or their Subscriber Unit License Agreements with Qualcomm, in an amount to be determined after trial.

(7)     Other and further relief as the Court deems just and proper.

c)     Applicable Defenses

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to CMs' Count II:

(1)     The CMs' Counterclaim fails to state a claim on which relief can be granted.

(2)     The CMs' Counterclaim is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Business and Professions Code § 17208 and 15 U.S.C. § 15b.

(3)     The CMs' Counterclaim is barred in whole or in part by the doctrine of laches.

(4)     The CMs' Counterclaim is barred in whole or in

part by the doctrine of estoppel.

(5)     The CMs' Counterclaim is barred in whole or in part by the doctrine of waiver.

(6)     The CMs' Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(7)     The CMs' Counterclaim is barred in whole or in part because Qualcomm's alleged conduct did not unreasonably restrain trade and was lawful, pro-competitive, and based on legitimate business and economic justifications.

(8)     The CMs' Counterclaim is barred in whole or in part because the CMs have not suffered antitrust injury or any injury of the type the antitrust laws were intended to prevent.

(9)     The CMs' Counterclaim is barred in whole or in part because they have not sustained injury in fact or damages proximately caused by any act or omission of Qualcomm.

(10)   The CMs' Counterclaim is barred in whole or in part because any damages that the CMs purport to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(11)   The CMs' Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(12)   To the extent that the CMs have suffered damages, if at all, they have failed to take reasonable measures to

1  mitigate their damages in whole or in part, and are barred

2  from recovering damages they could have reasonably

3  avoided.

4  (13)   To the extent that the CMs have suffered damages,

5  if at all, all damages were caused by the CMs' own

6  actions.

7  (14)   To the extent that the CMs have suffered damages,

8  if at all, their damages are subject to offset in the amount

9  of any obligations the CMs owe Qualcomm.

10  (15)   The CMs are not entitled to injunctive relief because

11  any alleged injury to the CMs is not immediate or

12  irreparable and the CMs have an adequate remedy at law.

13  (16)   The CMs' Counterclaim is barred in whole or in

14  part because any recovery would result in unjust

15  enrichment to the CMs.

16  (17)   The CMs' Counterclaim is barred in whole or in

17  part because Qualcomm has satisfied its FRAND

18  commitments.

19  (18)   The CMs are not entitled to interest, attorney's fees

20  or costs in connection with this action.

21  d)   COUNT III: CARTWRIGHT ACT (CAL. BUS. &

22  PROF. CODE § 16700 ET SEQ., INCLUDING BUT NOT

23  LIMITED TO §§ 16720, 16722, 16726, 16727, AND 16750)

24  e)   Applicable Elements:

25  (1)   Qualcomm participated in the formation and

26  operation of an agreement ("combination") to restrain

27  trade;

28

(2)     that combination is unreasonable under a *per se*[46] or rule of reason analysis;

(3)     Qualcomm engaged in illegal acts with the purpose of furthering that agreement; and

(4)     Qualcomm caused the CMs damage as a result of those illegal acts.

f)     Damages and/or Relief Sought:

(1)     A determination and declaration that Qualcomm has violated the Cartwright Act.

(2)     A determination and declaration that Qualcomm's unlawful contracts are unenforceable either in whole or in part.

(3)     An order enjoining Qualcomm from all unlawful acts.

(4)     Further injunctive relief necessary to remedy Qualcomm's unlawful behavior (including but not limited to enjoining Qualcomm from interrupting supply of baseband processor chipsets), the specifics of which will be determined at a later date.

(5)     Trebled damages in amounts to be proven at trial. (See, e.g., expert reports of Dr. Jeffrey J. Leitzinger.)

---

[46]  A tying arrangement is *per se* illegal under Section 16720 where (1) a tying agreement, arrangement or condition existed whereby the sale of the tying product was linked to the sale of the tied product or service; (2) Qualcomm had sufficient economic power in the tying market to coerce the purchase of the tied product; (3) a substantial amount of sale was affected in the tied product; and (4) the CMs suffered pecuniary loss as a consequence of the unlawful act. *Morrison v. Viacom, Inc.*, 66 Cal. App. 4th 534 (Cal. App. 1st Dist. 1998).   Under Section 16727, a tying arrangement is *per se* illegal if either element (2) or (3) (but not both) is established along with elements (1) and (4). *Morrison v. Viacom, Inc.,* 66 Cal. App. 4th 534, 540-42 (Cal. App. 1st Dist. 1998).

(6)    Costs of suit, including their attorneys' fees, pursuant to Section 16750 of the Cartwright Act and/or their Subscriber Unit License Agreements with Qualcomm, in an amount to be determined after trial.

(7)    Other and further relief as the Court deems just and proper.

g)    Applicable Defenses:

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to CMs' Count III:

(1)    The CMs' Counterclaim fails to state a claim on which relief can be granted.

(2)    The CMs' Counterclaim is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Business and Professions Code § 17208 and 15 U.S.C. § 15b.

(3)    The CMs' Counterclaim is barred in whole or in part by the doctrine of laches.

(4)    The CMs' Counterclaim is barred in whole or in part by the doctrine of estoppel.

(5)    The CMs' Counterclaim is barred in whole or in part by the doctrine of waiver.

(6)    The CMs' Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(7)    The CMs' Counterclaim is barred in whole or in part because Qualcomm's alleged conduct did not unreasonably restrain trade and was lawful, pro-

competitive, and based on legitimate business and economic justifications.

(8)     The CMs' Counterclaim is barred in whole or in part because the CMs have not suffered antitrust injury or any injury of the type the antitrust laws were intended to prevent.

(9)     The CMs' Counterclaim is barred in whole or in part because they have not sustained injury in fact or damages proximately caused by any act or omission of Qualcomm.

(10)   The CMs' Counterclaim is barred in whole or in part because any damages that the CMs purport to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(11)   The CMs' Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(12)   To the extent that the CMs have suffered damages, if at all, they have failed to take reasonable measures to mitigate their damages in whole or in part, and are barred from recovering damages they could have reasonably avoided.

(13)   To the extent that the CMs have suffered damages, if at all, all damages were caused by the CMs' own actions.

(14)   To the extent that the CMs have suffered damages, if at all, their damages are subject to offset in the amount

1   of any obligations the CMs owe Qualcomm.

2   (15)   The CMs are not entitled to injunctive relief because

3   any alleged injury to the CMs is not immediate or

4   irreparable and the CMs have an adequate remedy at law.

5   (16)   The CMs' Counterclaim is barred in whole or in

6   part because any recovery would result in unjust

7   enrichment to the CMs.

8   (17)   The CMs' Counterclaim is barred in whole or in

9   part because Qualcomm has satisfied its FRAND

10   commitments.

11   (18)   The CMs are not entitled to interest, attorney's fees

12   or costs in connection with this action.

13   3.   COUNT IV: VIOLATIONS OF THE CALIFORNIA UNFAIR

14   COMPETITION LAW

15   a)   Applicable Elements:

16   (1)   Qualcomm engaged in unlawful or unfair conduct;

17   and

18   (2)   The CMs suffered injury in fact and lost money or

19   property as a result of the unlawful or unfair conduct.[47]

20   b)   Damages and/or Relief Sought:

21   (1)   A decree that Qualcomm has violated the California

22   Unfair Competition Law.

23   (2)   An order enjoining Qualcomm from all unlawful

24

25   [47]  *In re Act-Immune Marketing Litig.*, 2010 WL 3463491, at *6 (N.D. Cal. 2010);
*Lopez v. Stages of Beauty, LLC*, 307 F. Supp.3d 1058, 1070-73 (S.D. Cal. 2018);

26   *Cel-Tech Comms., Inc. v. Los Angeles Cellular Telephone Co.*, 973 P.2d 527, 540
(Cal. 1999) ("Section 17200 borrows violations of other laws and treats them as

27   unlawful practices that the unfair competition law makes independently

28   actionable.").

and unfair business practices.

(3)     Further injunctive relief necessary to remedy Qualcomm's unlawful and unfair behavior (including but not limited to enjoining Qualcomm from interrupting supply of baseband processor chipsets), the specifics of which will be determined at a later date.

(4)     Restitution of all monies unfairly or unlawfully paid to Qualcomm, in amounts to be proven at trial.  (See, *e.g*., the expert reports of Dr. Jeffrey J. Leitzinger.)

(5)     Costs of suit, including their attorneys' fees, pursuant to their Subscriber Unit License Agreements with Qualcomm and/or as otherwise appropriate, in an amount to be determined after trial.

(6)     Other and further relief as the Court deems just and proper.

c)     Applicable Defenses:

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to CMs' Count IV:

(1)     The CMs' Counterclaim fails to state a claim on which relief can be granted.

(2)     The CMs' Counterclaim is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Business and Professions Code § 17208 and 15 U.S.C. § 15b.

(3)     The CMs' Counterclaim is barred in whole or in part by the doctrine of laches.

(4)     The CMs' Counterclaim is barred in whole or in part by the doctrine of estoppel.

(5)     The CMs' Counterclaim is barred in whole or in part by the doctrine of waiver.

(6)     The CMs' Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(7)     The CMs' Counterclaim is barred in whole or in part because Qualcomm's alleged conduct did not unreasonably restrain trade and was lawful, pro-competitive, and based on legitimate business and economic justifications.

(8)     The CMs' Counterclaim is barred in whole or in part because the CMs have not suffered antitrust injury or any injury of the type the antitrust laws were intended to prevent.

(9)     The CMs' Counterclaim is barred in whole or in part because they have not sustained injury in fact or damages proximately caused by any act or omission of Qualcomm.

(10)    The CMs' Counterclaim is barred in whole or in part because any damages that the CMs purport to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(11)    The CMs' Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(12)    Any monetary damages under California Business

& Professions Code §17200, et seq., are barred in their entirety by those statutes and other applicable legal authority.

(13)   To the extent that the CMs have suffered damages, if at all, they have failed to take reasonable measures to mitigate their damages in whole or in part, and are barred from recovering damages they could have reasonably avoided.

(14)   To the extent that the CMs have suffered damages, if at all, all damages were caused by the CMs' own actions.

(15)   To the extent that the CMs have suffered damages, if at all, their damages are subject to offset in the amount of any obligations the CMs owe Qualcomm.

(16)   The CMs are not entitled to injunctive relief because any alleged injury to the CMs is not immediate or irreparable and the CMs have an adequate remedy at law.

(17)   The CMs' Counterclaim is barred in whole or in part because they are not entitled to restitution or disgorgement of profits.

(18)   The CMs' Counterclaim is barred in whole or in part because any recovery would result in unjust enrichment to the CMs.

(19)   The CMs' Counterclaim is barred in whole or in part because Qualcomm has satisfied its FRAND commitments.

(20)   The CMs are not entitled to interest, attorney's fees or costs in connection with this action.

4.      COUNT V: BREACH OF CONTRACT (FRAND COMMITMENTS)

     a)      Applicable Elements: [48]

         (1)      For contracts governed by French law:

                 (a)      The existence of a contract between Qualcomm and ETSI, which may include a promise to act for the benefit of a third party,

                 (b)      the parties had capacity to enter into the contract;

                 (c)      Qualcomm's breach;

                 (d)      the resulting damages to the plaintiff, and

                 (e)      the intent to benefit the third-party beneficiary (e.g., the CMs) appears from the terms of the contract.

         (2)      For contracts governed by U.S. or California law:

                 (a)      The existence of a contract;

                 (b)      the claimant's performance or excuse for nonperformance;

                 (c)      Qualcomm's breach;

                 (d)      the resulting damages;

                 (e)      Qualcomm and the standard-setting organizations with which it was contracting (including ATIS and TIA) intended to benefit third party-beneficiaries (e.g., the CMs); and

---

[48] *Oasis West Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (citing *Richert v. Gen. Ins. Co*., 442 P.2d 377 (Cal. 1968)); *F.D.I.C. v. Levitt*, No. 11CV1284 JM BLM, 2011 WL 4591933, at *3 (S.D. Cal. Oct. 3, 2011) (citing *Kirst v. Silna*, 103 Cal. App. 3d 759, 763, 163 Cal. Rptr. 230 (1980)); see also Articles 1205 to 1209 of the French Civil Code.

(f)    the intent to benefit the third-party beneficiary (e.g., the CMs) appears from the terms of the contract.

b)    Damages and/or Relief Sought:

(1)    The CMs seek a determination and declaration that Qualcomm has breached its FRAND commitments to standard setting organizations including ETSI, ATIS, and TIA, including breach of its contractual obligation to license its standard-essential patents under FRAND terms.

(2)    The CMs seek restitution of all monies unfairly or unlawfully paid to Qualcomm and/or judgment against Qualcomm for damages for Qualcomm's breach of the FRAND commitment.  The amount and calculation for such monies are described in the expert reports of Dr. Jeffrey J. Leitzinger.

(3)    The CMs also seek their costs of suit, including their attorneys' fees, pursuant to their Subscriber Unit License Agreements with Qualcomm and/or as otherwise appropriate, in an amount to be determined after trial.

(4)    The CMs seek an award of such other and further relief as the Court deems just and proper to remedy Qualcomm's breach of its FRAND commitment, including but not limited to injunctive relief necessary to remedy Qualcomm's behavior (including but not limited to enjoining Qualcomm from interrupting supply of baseband processor chipsets), reformation, and rescission.

(5)    Other and further relief as the Court deems just and proper.

1           c)    Applicable Defenses:

2    Without taking on (or relieving any other party of) the burden of

3    proof on any element on which another party bears the burden,

4    Qualcomm asserts the following defenses in response to CMs'

5    Count V:

6           (1)    The CMs' Counterclaim fails to state a claim on

7    which relief can be granted.

8           (2)    The CMs' Counterclaim is barred in whole or in

9    part by the applicable statutes of limitations, including, but

10    not limited to, California Business and Professions Code §

11    17208 and 15 U.S.C. § 15b.

12           (3)    The CMs' Counterclaim is barred in whole or in

13    part by the doctrine of laches.

14           (4)    The CMs' Counterclaim is barred in whole or in

15    part by the doctrine of estoppel.

16           (5)    The CMs' Counterclaim is barred in whole or in

17    part by the doctrine of waiver.

18           (6)    The CMs' Counterclaim is barred in whole or in

19    part by the doctrine of unclean hands.

20           (7)    The CMs' Counterclaim for breach of contract is

21    barred because the CMs have not suffered any damages

22    from any such alleged breach.

23           (8)    The CMs' Counterclaim is barred in whole or in

24    part because they have not sustained injury in fact or

25    damages proximately caused by any act or omission of

26    Qualcomm.

27           (9)    The CMs' Counterclaim is barred in whole or in

28    part because any damages that the CMs purport to have

suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(10)   The CMs' Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(11)   To the extent that the CMs have suffered damages, if at all, they have failed to take reasonable measures to mitigate their damages in whole or in part, and are barred from recovering damages they could have reasonably avoided.

(12)   To the extent that the CMs have suffered damages, if at all, all damages were caused by the CMs' own actions.

(13)   To the extent that the CMs have suffered damages, if at all, their damages are subject to offset in the amount of any obligations the CMs owe Qualcomm.

(14)   The CMs are not entitled to injunctive relief because any alleged injury to the CMs is not immediate or irreparable and the CMs have an adequate remedy at law.

(15)   The CMs' Counterclaim is barred in whole or in part because they are not entitled to restitution or disgorgement of profits.

(16)   The CMs' Counterclaim is barred in whole or in part because any recovery would result in unjust enrichment to the CMs.

(17)   The CMs' Counterclaim is barred in whole or in part because Qualcomm has satisfied its FRAND

commitments.

(18)   The CMs are not entitled to interest, attorney's fees or costs in connection with this action.

5.   COUNT VI: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (FRAND COMMITMENTS)

a)   Applicable Elements:

(1)   The existence of a contract;

(2)   the CMs and/or the standard-setting organizations, including ETSI, ATIS, and TIA, fulfilled its obligations under the contract(s);

(3)   Qualcomm unfairly interfered with the rights of the CMs to receive the benefits of the contracts;

(4)   that CMs were harmed by Qualcomm's conduct.[49]

b)   Damages and/or Relief sought:

(1)   The CMs seek a determination and declaration that Qualcomm has breached its implied covenant of good faith and fair dealing under Qualcomm's contracts with standard-setting organizations, including at least ETSI, TIA, and ATIS, and/or the CMs.

(2)   The CMs seek restitution of all monies unfairly or unlawfully paid to Qualcomm and/or judgment against Qualcomm for damages for Qualcomm's breach.  The amount and calculation for such monies are described in the expert reports of Dr. Jeffrey J. Leitzinger.

(3)   The CMs also seek their costs of suit, including

---

[49] *Amata v. Narconon Fresh Start*, No. 14-cv-588-GPC, 2014 WL 5390196, at *9 (S.D. Cal. Oct. 23, 2014); *Sarbaz v. Wachovia Bank*, No. 10-cv-3462-CRB, 2011 WL 830236, at *3 (N.D. Cal. Mar. 3, 2011).

their attorneys' fees, pursuant to their Subscriber Unit License Agreements with Qualcomm and/or as otherwise appropriate, in an amount to be determined after trial.

(4)     The CMs seek an award of such other and further relief as the Court deems just and proper to remedy Qualcomm's breach of its implied covenant of good faith and fair dealing, including but not limited to injunctive relief necessary to remedy Qualcomm's behavior (including but not limited to enjoining Qualcomm from interrupting supply of baseband processor chipsets), reformation, and rescission.

c)     Applicable Defenses:

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to CMs' Count VI:

(1)     The CMs' Counterclaim fails to state a claim on which relief can be granted.

(2)     The CMs' Counterclaim is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Business and Professions Code § 17208 and 15 U.S.C. § 15b.

(3)     The CMs' Counterclaim is barred in whole or in part by the doctrine of laches.

(4)     The CMs' Counterclaim is barred in whole or in part by the doctrine of estoppel.

(5)     The CMs' Counterclaim is barred in whole or in part by the doctrine of waiver.

(6)     The CMs' Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(7)     The CMs' Counterclaim for breach of contract is barred because the CMs have not suffered any damages from any such alleged breach.

(8)     The CMs' Counterclaim is barred in whole or in part because they have not sustained injury in fact or damages proximately caused by any act or omission of Qualcomm.

(9)     The CMs' Counterclaim is barred in whole or in part because any damages that the CMs purport to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(10)   The CMs' Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(11)   To the extent that the CMs have suffered damages, if at all, they have failed to take reasonable measures to mitigate their damages in whole or in part, and are barred from recovering damages they could have reasonably avoided.

(12)    To the extent that the CMs have suffered damages, if at all, all damages were caused by the CMs' own actions.

(13)    To the extent that the CMs have suffered damages, if at all, their damages are subject to offset in the amount of any obligations the CMs owe Qualcomm.

1       (14) The CMs are not entitled to injunctive relief because

2      any alleged injury to the CMs is not immediate or

3      irreparable and the CMs have an adequate remedy at law.

4       (15) The CMs' Counterclaim is barred in whole or in

5      part because they are not entitled to restitution or

6      disgorgement of profits.

7       (16) The CMs' Counterclaim is barred in whole or in

8      part because any recovery would result in unjust

9      enrichment to the CMs.

10       (17) The CMs' Counterclaim is barred in whole or in

11      part because Qualcomm has satisfied its FRAND

12      commitments.

13       (18) The CMs are not entitled to interest, attorney's fees

14      or costs in connection with this action.

15    6.  Promissory Estoppel – Count VII

16     a)  Applicable Elements:

17      (1)  Qualcomm's clear and unambiguous promise;

18      (2)  reliance by the CMs;

19      (3)  the CMs' reliance was reasonable and foreseeable;

20      and

21      (4)  the CMs were injured by their reliance.

22     b)  Damages and/or Relief sought:

23      (1)  The CMs seek a determination and declaration that

24      Qualcomm is estopped from reneging on its promises to

25      standard-setting organizations, including at least ETSI,

26      TIA, and ATIS, to license on FRAND terms.

27      (2)  The CMs are entitled to monies unfairly or

28      unlawfully paid to Qualcomm.  The amount and basis for

calculating such monies are described in the expert reports of Dr. Jeffrey J. Leitzinger.

(3)     The CMs also seek their costs of suit, including their attorneys' fees, pursuant to their Subscriber Unit License Agreements with Qualcomm and/or as otherwise appropriate, in an amount to be determined after trial.

(4)     The CMs seek an award of such other and further relief as the Court deems just and proper to remedy Qualcomm's conduct, including but not limited to injunctive relief necessary to remedy Qualcomm's behavior, reformation, rescission, and an order enjoining Qualcomm from reneging on its promises to standard-setting organizations, including at least ETSI, TIA, and ATIS, to grant licenses to its standard-essential patents under FRAND terms.

(5)     Other and further relief as the Court deems just and proper.

c)     Applicable Defenses:

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to CMs' Count VII:

(1)     The CMs' Counterclaim fails to state a claim on which relief can be granted.

(2)     The CMs' Counterclaim is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Business and Professions Code § 17208 and 15 U.S.C. § 15b.

(3)     The CMs' Counterclaim is barred in whole or in part by the doctrine of laches.

(4)     The CMs' Counterclaim is barred in whole or in part by the doctrine of estoppel.

(5)     The CMs' Counterclaim is barred in whole or in part by the doctrine of waiver.

(6)     The CMs' Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(7)     The CMs' Counterclaim is barred in whole or in part because they have not sustained injury in fact or damages proximately caused by any act or omission of Qualcomm.

(8)     The CMs' Counterclaim is barred in whole or in part because any damages that the CMs purport to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(9)     The CMs' Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(10)   To the extent that the CMs have suffered damages, if at all, they have failed to take reasonable measures to mitigate their damages in whole or in part, and are barred from recovering damages they could have reasonably avoided.

(11)   To the extent that the CMs have suffered damages, if at all, all damages were caused by the CMs' own actions.

(12)   To the extent that the CMs have suffered damages, if at all, their damages are subject to offset in the amount of any obligations the CMs owe Qualcomm.

(13)   The CMs are not entitled to injunctive relief because any alleged injury to the CMs is not immediate or irreparable and the CMs have an adequate remedy at law.

(14)   The CMs' Counterclaim is barred in whole or in part because they are not entitled to restitution or disgorgement of profits.

(15)   The CMs' Counterclaim is barred in whole or in part because any recovery would result in unjust enrichment to the CMs.

(16)   The CMs' Counterclaim is barred in whole or in part because Qualcomm has satisfied its FRAND commitments.

(17)   The CMs are not entitled to interest, attorney's fees or costs in connection with this action.

7.   COUNT VIII: DECLARATORY JUDGMENT THAT QUALCOMM DID NOT COMPLY WITH ITS [FRAND] OBLIGATIONS

a)   Applicable Elements:

(1)   There is a substantial and actual controversy between parties having adverse legal interests, of sufficient immediacy and reality.

(2)   Qualcomm has breached its contracts with standard-setting organizations, including at least ETSI, ATIS, and TIA, breached the implied covenant of good faith and fair dealing, and promissory estoppel.

b) Damages and/or Relief sought:

(1) The CMs seek a determination and a declaration that Qualcomm has breached its contracts with standard-setting organizations, including at least ETSI, ATIS, and TIA, has not offered the CMs licenses to its standard-essential patents under FRAND terms, and has breached its FRAND obligations in its licenses and licensing negotiations with the CMs.

(2) The CMs also seek their costs of suit, including their attorneys' fees, pursuant to their Subscriber Unit License Agreements with Qualcomm and/or as otherwise appropriate, in an amount to be determined after trial.

(3) The CMs seek an award of such other and further relief as the Court deems just and proper.

c) Applicable Defenses:

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to CMs' Count VIII:

(1) The CMs' Counterclaim fails to state a claim on which relief can be granted.

(2) The CMs' Counterclaim is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Business and Professions Code § 17208 and 15 U.S.C. § 15b.

(3) The CMs' Counterclaim is barred in whole or in part by the doctrine of laches.

(4) The CMs' Counterclaim is barred in whole or in

part by the doctrine of estoppel.

(5)     The CMs' Counterclaim is barred in whole or in part by the doctrine of waiver.

(6)     The CMs' Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(7)     The CMs' Counterclaim is barred in whole or in part because they have not sustained injury in fact or damages proximately caused by any act or omission of Qualcomm.

(8)     The CMs' Counterclaim is barred in whole or in part because any damages that the CMs purport to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(9)     The CMs' Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(10)   The CMs' Counterclaim is barred in whole or in part because Qualcomm has satisfied its FRAND commitments.

(11)   The CMs are not entitled to interest, attorney's fees or costs in connection with this action.

8.     COUNT IX: WAIVER

a)     Applicable Elements:

(1)     There is a substantial and actual controversy between parties having adverse legal interests, of sufficient immediacy and reality.

(2)     The CMs are entitled to a declaratory judgment that

1    either (a) Qualcomm intentionally relinquished the right to

2    charge above-FRAND rates when it promised to charge

3    only FRAND rates; or (b) Qualcomm's actions, including

4    its promise to charge only FRAND rates, were so

5    inconsistent with an intent to charge above-FRAND rates

6    as to induce a reasonable belief that Qualcomm

7    relinquished that right.

8    b)    Damages and/or Relief sought:

9         (1)    The CMs seek a declaratory judgment that

10        Qualcomm has waived the right to receive any

11        compensation for its standard essential patents other than

12        under FRAND terms.

13        (2)    The CMs also seek their costs of suit, including

14        their attorneys' fees, pursuant to their Subscriber Unit

15        License Agreements with Qualcomm and/or as otherwise

16        appropriate, in an amount to be determined after trial.

17        (3)    The CMs seek an award of such other and further

18        relief as the Court deems just and proper to remedy

19        Qualcomm's conduct, including but not limited to

20        injunctive relief necessary to remedy Qualcomm's

21        behavior, reformation, and rescission.

22        (4)    Other and further relief as the Court deems just and

23        proper.

24    c)    Applicable Defenses:

25    Without taking on (or relieving any other party of) the burden of

26    proof on any element on which another party bears the burden,

27    Qualcomm asserts the following defenses in response to CMs'

28    Count IX:

(1)    The CMs' Counterclaim fails to state a claim on which relief can be granted.

(2)    The CMs' Counterclaim is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Business and Professions Code § 17208 and 15 U.S.C. § 15b.

(3)    The CMs' Counterclaim is barred in whole or in part by the doctrine of laches.

(4)    The CMs' Counterclaim is barred in whole or in part by the doctrine of estoppel.

(5)    The CMs' Counterclaim is barred in whole or in part by the doctrine of waiver.

(6)    The CMs' Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(7)    The CMs' Counterclaim is barred in whole or in part because they have not sustained injury in fact or damages proximately caused by any act or omission of Qualcomm.

(8)    The CMs' Counterclaim is barred in whole or in part because any damages that the CMs purport to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(9)    The CMs' Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(10)   The CMs are not entitled to injunctive relief because any alleged injury to the CMs is not immediate or

irreparable and the CMs have an adequate remedy at law.

(11)   The CMs' Counterclaim is barred in whole or in part because Qualcomm has satisfied its FRAND commitments.

(12)    The CMs are not entitled to interest, attorney's fees or costs in connection with this action.

9.   COUNT X: NEGLIGENT MISREPRESENTATION

a)   Applicable Elements:

(1)   Qualcomm represented that a fact was true;

(2)   Qualcomm's representation was not true;

(3)   Qualcomm had no reasonable grounds for believing the representation was true;

(4)   Qualcomm intended that the CMs rely on the representation;

(5)   the CMs reasonably relied on the representation;

(6)   the CMs were harmed; and

(7)   the CMs' reliance on Qualcomm's representation was a substantial factor in causing their harm.

b)   Damages and/or Relief sought:

(1)   The CMs seek restitution of all monies unfairly or unlawfully paid to Qualcomm and/or judgment against Qualcomm for damages for Qualcomm's negligent misrepresentation.  The amount and calculation for such monies are described in the expert reports of Dr. Jeffrey J. Leitzinger.

(2)   The CMs seek a determination and declaration that Qualcomm is liable for negligent misrepresentation, including that Qualcomm negligently misrepresented to

standard-setting organizations ETSI, ATIS, and TIA that it would license its standard-essential patents on FRAND terms so as to induce those standard-setting organizations to adopt its technology.

(3)     The CMs also seek their costs of suit, including their attorneys' fees, pursuant to their Subscriber Unit License Agreements with Qualcomm and/or as otherwise appropriate, in an amount to be determined after trial.

(4)     The CMs seek an award of such other and further relief as the Court deems just and proper to remedy Qualcomm's negligent misrepresentation, including but not limited to injunctive relief necessary to remedy Qualcomm's behavior, reformation, and rescission.

(5)     Other and further relief as the Court deems just and proper.

c)     Applicable Defenses:

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to CMs' Count X:

(1)     The CMs' Counterclaim fails to state a claim on which relief can be granted.

(2)     The CMs' Counterclaim is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Business and Professions Code § 17208 and 15 U.S.C. § 15b.

(3)     The CMs' Counterclaim is barred in whole or in part by the doctrine of laches.

(4)   The CMs' Counterclaim is barred in whole or in part by the doctrine of estoppel.

(5)   The CMs' Counterclaim is barred in whole or in part by the doctrine of waiver.

(6)   The CMs' Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(7)   The CMs' Counterclaim is barred in whole or in part because they have not sustained injury in fact or damages proximately caused by any act or omission of Qualcomm.

(8)   The CMs' Counterclaim is barred in whole or in part because any damages that the CMs purport to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(9)   The CMs' Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(10)   To the extent that the CMs have suffered damages, if at all, they have failed to take reasonable measures to mitigate their damages in whole or in part, and are barred from recovering damages they could have reasonably avoided.

(11)   To the extent that the CMs have suffered damages, if at all, all damages were caused by the CMs' own actions.

(12)   To the extent that the CMs have suffered damages, if at all, their damages are subject to offset in the amount

of any obligations the CMs owe Qualcomm.

(13)   The CMs are not entitled to injunctive relief because any alleged injury to the CMs is not immediate or irreparable and the CMs have an adequate remedy at law.

(14)   The CMs' Counterclaim is barred in whole or in part because they are not entitled to restitution or disgorgement of profits.

(15)   The CMs' Counterclaim is barred in whole or in part because any recovery would result in unjust enrichment to the CMs.

(16)   The CMs' Counterclaim is barred in whole or in part because Qualcomm has satisfied its FRAND commitments.

(17)   The CMs are not entitled to interest, attorney's fees or costs in connection with this action.

10.   COUNT XI: BREACH OF CONTRACT (LICENSE AGREEMENT)

a)   Applicable Elements:

(1)   The existence of a contract,

(2)   the CMs' performance or excuse for nonperformance,

(3)   Qualcomm's breach, and

(4)   the resulting damages to the CMs.

and/or

(5)   The existence of a contract;

(6)   the CMs fulfilled its obligations under the contract;

(7)   Qualcomm unfairly interfered with the CMs' rights to receive the benefits of the contract;

(8)     that CMs were harmed by Qualcomm's conduct.[50]

b)     Damages and/or Relief Sought:

(1)     The CMs seek a determination and declaration that Qualcomm has breached its contracts with each of the CMs.

(2)     The CMs are entitled to monies unfairly or unlawfully paid to Qualcomm and seek judgment against Qualcomm for damages.  The amount and basis for calculating such monies and/or damages are described in the expert reports of Dr. Jeffrey J. Leitzinger.

(3)     The CMs also seek their costs of suit, including their attorneys' fees, pursuant to their Subscriber Unit License Agreements with Qualcomm and/or as otherwise appropriate, in an amount to be determined after trial.

(4)     The CMs seek an award of such other and further relief as the Court deems just and proper to remedy Qualcomm's breach of contract, including but not limited to injunctive relief necessary to remedy Qualcomm's behavior (including but not limited to enjoining Qualcomm from interrupting supply of baseband processor chipsets), reformation, and rescission.

(5)     Other and further relief as the Court deems just and proper.

c)     Applicable Defenses:

Without taking on (or relieving any other party of) the burden of

---

[50]  *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) ; *Amata v. Narconon Fresh Start*, No. 14-cv-588-GPC, 2014 WL 5390196, at *9 (S.D. Cal. Oct. 23, 2014); *Sarbaz v. Wachovia Bank*, No. 10-cv-3462-CRB, 2011 WL 830236, at *3 (N.D. Cal. Mar. 3, 2011).

proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to CMs' Count XI:

(1)    The CMs' Counterclaim fails to state a claim on which relief can be granted.

(2)    The CMs' Counterclaim is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Business and Professions Code § 17208 and 15 U.S.C. § 15b.

(3)    The CMs' Counterclaim is barred in whole or in part by the doctrine of laches.

(4)    The CMs' Counterclaim is barred in whole or in part by the doctrine of estoppel.

(5)    The CMs' Counterclaim is barred in whole or in part by the doctrine of waiver.

(6)    The CMs' Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(7)    The CMs' Counterclaim for breach of contract is barred because the CMs have not suffered any damages from any such alleged breach.

(8)    The CMs' Counterclaim is barred in whole or in part because they have not sustained injury in fact or damages proximately caused by any act or omission of Qualcomm.

(9)    The CMs' Counterclaim is barred in whole or in part because any damages that the CMs purport to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged

damages with reasonable certainty.

(10)   The CMs' Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(11)   To the extent that the CMs have suffered damages, if at all, they have failed to take reasonable measures to mitigate their damages in whole or in part, and are barred from recovering damages they could have reasonably avoided.

(12)   To the extent that the CMs have suffered damages, if at all, all damages were caused by the CMs' own actions.

(13)   To the extent that the CMs have suffered damages, if at all, their damages are subject to offset in the amount of any obligations the CMs owe Qualcomm.

(14)   The CMs are not entitled to injunctive relief because any alleged injury to the CMs is not immediate or irreparable and the CMs have an adequate remedy at law.

(15)   The CMs' Counterclaim is barred in whole or in part because they are not entitled to restitution or disgorgement of profits.

(16)   The CMs' Counterclaim is barred in whole or in part because any recovery would result in unjust enrichment to the CMs.

(17)   The CMs' Counterclaim is barred in whole or in part because Qualcomm has satisfied its FRAND commitments.

(18)   The CMs are not entitled to interest, attorney's fees

1    or costs in connection with this action.

2    11.    COUNT XII: DECLARATION OF UNENFORCEABILITY

3    UNDER CAL. CIV. CODE §§ 1598-99

4         a)    Applicable Elements:

5              (1)    There is a substantial and actual controversy

6              between parties having adverse legal interests, of

7              sufficient immediacy and reality.

8              (2)    (A) The contract has a single objective; and (B) the

9              object of the SULA is unlawful, whether in whole or in

10             part, or wholly impossible of performance.

11             (3)    The patent license agreements (SULAs) between

12             each CM and Qualcomm, and the royalty provision

13             therein, are unenforceable as violating public policy,

14             including because they require a royalty on exhausted

15             patents and/or products that do not practice the patents,

16             unpatented components and/or services, patents that do not

17             cover the same geographic region, and expired patents,

18             and therefore impermissibly extends Qualcomm's

19             monopoly.

20             (4)    The Court must consider whether public policy

21             provides that the contract is unenforceable, or whether the

22             interest in the contract's enforcement is outweighed in the

23             circumstances by a public policy against the enforcement

24             of such terms.

25        b)    Damages and/or Relief sought:

26             (1)    The CMs seek a determination and declaration that

27             each of their patent license agreements with Qualcomm

28             are unenforceable pursuant to Cal. Civ. Code §§ 1598-99.

(2)     The CMs are entitled to restitution of all monies unfairly or unlawfully paid to Qualcomm.  The amount and basis for calculating such monies are described in the expert reports of Dr. Jeffrey J. Leitzinger.

(3)     The CMs also seek their costs of suit, including their attorneys' fees, pursuant to their Subscriber Unit License Agreements with Qualcomm and/or as otherwise appropriate, in an amount to be determined after trial.

(4)     The CMs seek an award of such other and further relief as the Court deems just and proper to remedy Qualcomm's conduct, including but not limited to injunctive relief necessary to remedy Qualcomm's behavior (including but not limited to enjoining Qualcomm from interrupting supply of baseband processor chipsets), reformation, and rescission.

(5)     Other and further relief as the Court deems just and proper.

c)     Applicable Defenses:

Without taking on (or relieving any other party of) the burden of proof on any element on which another party bears the burden, Qualcomm asserts the following defenses in response to CMs' Count XII:

(1)     The CMs' Counterclaim fails to state a claim on which relief can be granted.

(2)     The CMs' Counterclaim is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Business and Professions Code § 17208 and 15 U.S.C. § 15b.

(3)     The CMs' Counterclaim is barred in whole or in part by the doctrine of laches.

(4)     The CMs' Counterclaim is barred in whole or in part by the doctrine of estoppel.

(5)     The CMs' Counterclaim is barred in whole or in part by the doctrine of waiver.

(6)     The CMs' Counterclaim is barred in whole or in part by the doctrine of unclean hands.

(7)     The CMs' Counterclaim is barred in whole or in part because they have not sustained injury in fact or damages proximately caused by any act or omission of Qualcomm.

(8)     The CMs' Counterclaim is barred in whole or in part because any damages that the CMs purport to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

(9)     The CMs' Counterclaim is barred in whole or in part because of ratification, agreement, acquiescence or consent to Qualcomm's alleged conduct.

(10)    To the extent that the CMs have suffered damages, if at all, they have failed to take reasonable measures to mitigate their damages in whole or in part, and are barred from recovering damages they could have reasonably avoided.

(11)    To the extent that the CMs have suffered damages, if at all, all damages were caused by the CMs' own actions.

1        (12)   To the extent that the CMs have suffered damages,

2        if at all, their damages are subject to offset in the amount

3        of any obligations the CMs owe Qualcomm.

4        (13)   The CMs are not entitled to injunctive relief because

5        any alleged injury to the CMs is not immediate or

6        irreparable and the CMs have an adequate remedy at law.

7        (14)   The CMs' Counterclaim is barred in whole or in

8        part because they are not entitled to restitution or

9        disgorgement of profits.

10       (15)   The CMs' Counterclaim is barred in whole or in

11       part because any recovery would result in unjust

12       enrichment to the CMs.

13       (16)   The CMs' Counterclaim is barred in whole or in

14       part because Qualcomm has satisfied its FRAND

15       commitments.

16       (17)   The CMs are not entitled to interest, attorney's fees

17       or costs in connection with this action.

18          d)    Qualcomm Objection:

19       (1)    The CMs state the incorrect standard the Court must

20       use to determine whether a contract or its provision violate

21       public policy.  The correct standard is whether the interest

22       in the contract's enforcement is "*clearly* outweighed" in

23       the circumstances by public policy.  *Erhart v. BofI*

24       *Holding, Inc.*, 2017 WL 588390, at \*6 (S.D. Cal. Feb. 14,

25       2017) (citing Restatement (Second) of Contracts § 178)

26       (emphasis added); Restatement (Second) of Contracts

27       § 178.  Several of the cases the CMs cited in support of its

28       recitation of the elements also use the "clearly

outweighed" standard.  *Boston LLC v. Juarez*, 245 Cal.
App. 4th 75, 85 (Cal. Ct. App. 2016) (citing Restatement
(Second) of Contracts § 178); *Cariveau v. Halferty*, 99
Cal. Rptr. 2d 417, 420 (2000). [51]

## IV.   TRIAL WITNESSES

Below are Apple and the CMs', and Qualcomm's, respective Trial Witness Lists.

Each party reserves its rights:  (1) to question any witnesses on any relevant subject matter within the witness's personal knowledge and/or expertise, on any subject matter raised in each witness's deposition taken in the above-captioned actions, *Federal Trade Commission v. Qualcomm Incorporated*, No. 17-cv-0220-LHK-NMC (N.D. Cal.), or *In re:  Qualcomm Antitrust Litigation*, No. 17-md-2773-LHK-NMC (N.D. Cal.) (collectively, the "Coordinated Actions"), on any subject matter raised in the witness's expert report(s), where applicable, and/or on any subject matter raised by opposing parties during trial; (2) to call any witness identified on another party's Trial Witness List; and (3) to call additional witnesses for the purposes of rebuttal or impeachment, either in person or by deposition designation.  No party's Trial Witness List is a representation that any witness listed is available or willing to appear at trial.  Should any witness listed not be available and willing to appear at trial, the parties reserve their rights to call that witness by designation of their deposition testimony.

Apple and the CMs' Trial Witness List separately identifies the witnesses that Apple and the CMs currently expect to call at trial and those they may call if the need arises.  These witnesses may be called in person or by designation of their deposition testimony.  Apple and the CMs further reserve their rights to (1) add or remove witnesses, or otherwise amend their Trial Witness List, based on the Court's rulings on motions for summary judgment, motions to strike, *Daubert* motions,

---

[51] CM Response:  *See supra* note 12.

1   motions *in limine*, evidentiary objections, or other motions, the submission of

2   witness testimony, exhibits, or other evidence that Qualcomm may introduce, or as

3   otherwise appropriate; and (2) modify their Trial Witness List in light of intervening

4   legal developments, including but not limited to rulings or judgments that may be

5   issued in the Coordinated Actions and/or other rulings or other judgments that may

6   affect issues in this case pursuant to the doctrines of res judicata, collateral estoppel,

7   or similar doctrines.[52]

8        Apple and the CMs object to Qualcomm's Trial Witness List for the

9   following reasons:  (1) Apple and the CMs object to Qualcomm calling for live

10  testimony Isabel Mahe, who resides and works in China, and does not meet the

11  requirements of Federal Rule of Civil Procedure 45(c)(1); (2) Apple and the CMs

12  object to Qualcomm calling those CM witnesses live who do not meet the

13  requirements of Federal Rule of Civil Procedure 45(c)(1) and will not otherwise

14  testify at trial, including those individuals listed on Apple and the CMs' Trial

15  Witness List; (3) Apple and the CMs reserve their rights to object to any witness'

16  live testimony who, at the time of trial, does not meet the requirements of Federal

17  Rule of Civil Procedure 45(c)(1); (4) Apple and the CMs object to Qualcomm's

18  identification of "Document Witness(es)" for Apple, the CMs, and third parties, as

19  this identification does not constitute reasonable notice of the individual witnesses

20  to be called, and similarly object to Qualcomm's attempted reservation of a right to

21  call unnamed witnesses outside the timing mandated by the Federal Rules of Civil

22  Procedure, the Civil Local Rules for the United States District Court for the

23  Southern District of California, the Court's Chambers Rules, and/or the Court's

24  orders to "lay the foundation for the admissibility" of unspecified evidence; (5)

25  Apple and the CMs object to Qualcomm calling Lew Zaretzki live or by deposition

26  designation, subject to the resolution of Qualcomm's clawback motions (*see* ECF

27  

28  ────────────────
[52] Qualcomm objects to Apple and the CMs' additional reservations, which purport to allow them to modify their Trial Witness List at any time for nearly any reason.

455, 546, 651), and Apple and Mr. Zaretzki's further objections based on the untimeliness of a deposition, privilege and work product issues that are independent of the clawback motions (including issues related to third parties), and Federal Rules of Civil Procedure 26(b)(4)(D) and 45(d)(3)(B);[53] (6) Apple and the CMs object to Qualcomm presenting deposition testimony of Benedicte Fauvarque-Cosson, who Qualcomm is proffering as an expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2), and further object because Ms. Fauvarque-Cosson is not available and there was sufficient time to identify a substitute witness, *see Carter Wallace, Inc. v. Otte*, 474 F.2d 529, 535-36 (2d Cir. 1972).

Qualcomm objects to Apple and the CMs' Trial Witness List for the following reasons: (1) Qualcomm objects to the extent Apple and the CMs purport to call by deposition designation, or require live testimony from, any witness in a manner inconsistent with the Federal Rules of Civil Procedure; (2) Qualcomm objects to Apple and the CMs' identification as trial witnesses Xuxin Cheng, Jianxin (Jason) Ding, Li Qiang (Richard) Wang and Nanfen (Nancy) Yu due to Huawei's refusal to participate in appropriate discovery; (3) Qualcomm objects to Apple's identification as a trial witness "Qualcomm 30(b)(6)" as vague; and (4) Qualcomm objects to Apple and the CMs' identification as trial witnesses Robert Akl, David Choi, Andrew Sears, Friedhelm Rodermund, Robert Stevenson and Todd Zickler for the reasons set forth in Qualcomm's pending motion to strike (*see* Dkt No. 676). Qualcomm does not adopt Apple and the CMs' description of the anticipated substance of the testimony to be provided by the individuals on their witness list.

Each party reserves its rights to object to any fact or expert witness providing testimony, either live or by deposition, that is subject in whole or in part to a ruling by the Court on a motion for summary judgment, motion to strike, motion *in limine, Daubert* motion, evidentiary objection, or other motion. The parties' provision of

---

[53] Apple is willing to meet and confer with Qualcomm regarding its attempt to call Mr. Zaretzki after the final resolution of Qualcomm's clawback motions.

deposition counter-designations or counter-counter designations is not a waiver of this or any other objection.

### A.   Fact Witnesses the Parties Expect to Call at Trial (CivLR 16.1(f)(6)(c)(3)(a))

#### 1.   Apple and the CMs

| Witness | Substance of Testimony |
|---|---|
| **APPLE CURRENT AND FORMER EMPLOYEES** ||
| Andeer, Kyle<br><br>**Contact through counsel for Apple**<br><br>One Apple Park Way, Cupertino, CA 95014<br><br>(408) 996-1010 | Apple and the CMs expect Mr. Andeer to testify about Apple's business relationship with and agreements with Qualcomm, and their competitive effects in the relevant markets; Apple's compliance with the BCPA; Apple's cooperation with competition agencies and responses to antitrust agency requests and inquiries in connection with their investigations of Qualcomm; competition in the relevant markets for baseband processor chipsets; matters relating to competitive effects of standard-setting organizations and the FRAND promise; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Blevins, Tony<br><br>**Contact through counsel for Apple**<br><br>One Apple Park Way, Cupertino, CA 95014<br><br>(408) 996-1010 | Apple and the CMs expect Mr. Blevins to testify about Apple's business relationship with and agreements with Qualcomm, the negotiation of said agreements, and their competitive effects in the relevant markets; baseband chipset supply issues and the resulting leverage Qualcomm gained during contract negotiations; Apple's business relationship with and agreements with the CMs and the manufacturing of Apple cellular products; Apple's lack of interference in the CMs' relationships with Qualcomm; the parties' withholding of payments in 2016 and 2017; the anticompetitive effects of Qualcomm's conduct and business practices; the absence of any justification for exclusivity with Apple; Qualcomm's competition in the relevant markets for baseband processor chipsets and the effects of Qualcomm's agreements on that market; Apple's relationship with Intel and other potential and actual baseband processor chipset suppliers; Apple's attempts to dual-source and the reasons therefor; Apple's cooperation with competition agencies' investigations of |

| | |
|---|---|
| | Qualcomm; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Denney, Deborah<br>**Contact through counsel for Apple**<br>One Apple Park Way, Cupertino, CA 95014<br>(408) 996-1010 | Apple and the CMs expect Ms. Denney to testify about Apple's business relationship with and agreements with the CMs and manufacturing of Apple cellular products; Apple's lack of interference in the CMs' relationships with Qualcomm; the manufacturing of Apple cellular products; Apple's lack of interference in the CMs' relationships with Qualcomm; audits of the CMs by Qualcomm's auditors; the parties' withholding of payments in 2016 and 2017; Apple's operational, finance, and financial records; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Schafer, Aaron<br>**Contact through counsel for Apple**<br>One Apple Park Way, Cupertino, CA 95014<br>(408) 996-1010 | Apple and the CMs expect Mr. Schafer to testify about Apple's business relationship with and agreements with Qualcomm, the negotiation of said agreements, and their competitive effects in the relevant markets; Apple's business relationship with and agreements with the CMs and manufacturing of Apple's cellular products; Apple's lack of interference in the CMs' relationships with Qualcomm; baseband chipset supply issues and the resulting leverage Qualcomm gained during contract negotiations; competition in the relevant markets for baseband processor chipsets and the anticompetitive effects of Qualcomm's conduct and business practices; Apple's attempts to dual-source and the reasons therefor; Apple's relationship with Intel and other actual and potential baseband processor chipset suppliers; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Schiller, Phil<br>**Contact through counsel for Apple**<br>One Apple Park Way, Cupertino, CA 95014<br>(408) 996-1010 | Apple and the CMs expect Mr. Schiller to testify about Apple's marketing efforts in connection with devices that use baseband processor chipsets; the myriad factors unrelated to cellular connectivity or performance that drive demand for iPhone, iPad, and Apple Watch; the dispute between Apple and Qualcomm related to carrier aggregation payments pursuant to the Mav 7/8, 10, and 13 Statement of Work; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |

| | |
|---|---|
| Sebeni, Johnson<br>**Contact through counsel for Apple**<br>One Apple Park Way, Cupertino, CA 95014<br>(408) 996-1010 | Apple and the CMs expect Mr. Sebeni to testify about technical details relating to cellular functionality within baseband processor chipsets; Apple cellular products' support for one or more 3GPP standards including LTE and UMTS; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Watrous, B.J.<br>**Contact through counsel for Apple**<br>One Apple Park Way, Cupertino, CA 95014<br>(408) 996-1010 | Apple and the CMs expect Mr. Watrous to testify about Apple's business relationship with and agreements with Qualcomm, the negotiation of said agreements, and their competitive effects in the relevant markets; Apple's inbound and outbound licensing framework for both SEPs and NEPs; Apple's licensing negotiations with other cellular patent holders; Apple's business relationship with and agreements with the CMs and manufacturing of Apple cellular products; Apple's lack of interference in the CMs' relationships with Qualcomm; the parties' withholding of payments in 2016 and 2017; licensing of cellular SEPs or other patents; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Williams, Jeff<br>**Contact through counsel for Apple**<br>One Apple Park Way, Cupertino, CA 95014<br>(408) 996-1010 | Apple and the CMs expect Mr. Williams to testify about Apple's business relationship with and agreements with Qualcomm, the negotiation of said agreements, and their competitive effects in the relevant markets; Apple's compliance with the BCPA; Apple's business relationship with and agreements with the CMs and manufacturing of Apple cellular devices; Apple's lack of interference in the CMs' relationships with Qualcomm; the parties' withholding of payments in 2016 and 2017; Apple's decision to commence litigation against Qualcomm; the anticompetitive effects of Qualcomm's conduct and business practices; the absence of any justification for exclusivity with Apple; baseband supply issues and the resulting leverage Qualcomm gained during contract negotiations; competition in the relevant markets for baseband processor chipsets and the anticompetitive effects of provisions in Qualcomm agreements; Apple's cooperation with competition agencies' |

| | |
|---|---|
| | investigations of Qualcomm; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| **CM CURRENT AND FORMER EMPLOYEES** | |
| Chong, Brian<br><br>**Contact through counsel for the CMs**<br><br>Wistron Corporation<br><br>21F, No. 88, Sec. 1, Hsintai 5th Rd., Hsichih, New Taipei City 22181, Taiwan | Apple and the CMs expect Mr. Chong to testify about Wistron's negotiation of patent license and other agreements, including with Qualcomm; Wistron's audit disputes with Qualcomm; Wistron's interactions with governmental agencies investigating Qualcomm; Wistron's R&D with respect to mobile devices; Wistron's manufacturing and product development activities; Wistron's corporate structure and history; topics discussed at deposition; and matters relating to Qualcomm's claims. |
| Lam, Joe<br><br>**Contact through counsel for the CMs**<br><br>Hon Hai Precision Industry Co., Ltd. and FIH Mobile Ltd.<br><br>No. 66, Zhongshan Road, Tucheng Industrial Zone, Tucheng District, New Taipei City, Taiwan | Apple and the CMs expect Mr. Lam to testify about Foxconn's product development and manufacturing activities, including for Apple; Foxconn's business relationship and interactions with its customers and other entities; Foxconn's patent license and other agreements, including with Qualcomm, and related issues; Qualcomm's audit disputes with Foxconn; Foxconn's interactions with governmental agencies investigating Qualcomm; Foxconn's corporate history and structure; topics discussed at deposition; and matters relating to Qualcomm's claims. |
| Peng, Eric<br><br>**Contact through counsel for the CMs**<br><br>Compal Electronics, Inc. | Apple and the CMs expect Mr. Peng to testify about Compal's corporate history and structure; Compal's manufacturing and product development activities; Compal's business relationship and interactions with its customers and other entities; Compal's license agreements and related issues and activities; topics discussed at deposition; and matters relating to Qualcomm's claims. |

| | |
|---|---|
| Nos. 581 & 581-1, Ruiguang Road, Neihu District, Taipei City, 11492, Taiwan | |
| Yang, Monica<br><br>**Contact through counsel for the CMs**<br><br>Pegatron Corporation<br><br>5F, No. 76, Ligong<br><br>Street, Beitou District, Taipei City 112, Taiwan | Apple and the CMs expect Ms. Yang to testify about Pegatron's negotiation of patent license and other agreements, including with Qualcomm; Pegatron's interactions with governmental agencies investigating Qualcomm; Pegatron's corporate structure and history; Pegatron's business relationship and interactions with its customers and other licensees; topics discussed at deposition; and matters relating to Qualcomm's claims. |
| **QUALCOMM CURRENT AND FORMER EMPLOYEES** ||
| Aberle, Derek<br><br>XCOM<br><br>9530 Towne Centre Dr., San Diego, CA 92121<br><br>*Telephone number unknown* | Apple and the CMs expect Mr. Aberle to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; Qualcomm's use of marketing funds, strategic funds, incentive funds, and other rebates; Qualcomm's concerns about Intel and other potential and actual competitors as a competitive threat, and measures taken in response to that threat; Qualcomm's licensing of cellular SEPs and other patents, and its views on licensing and FRAND; Qualcomm's sales and business practices relating to baseband processor chipsets and licensing; the relationship between Qualcomm Inc. and other Qualcomm entities; competition in the relevant markets for baseband processor chipsets; Qualcomm's relationships with Authorized Purchasers; Qualcomm's attempts to evade patent exhaustion; Qualcomm's withholding of BCP Payments to Apple; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; the conception, design and development of Qualcomm's patents- |

| | in-suit; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
|---|---|
| Amon, Cristiano<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Amon to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; Qualcomm's use of marketing funds, strategic funds, incentive funds, and other rebates; Qualcomm's concerns about Intel and other potential and actual competitors as a competitive threat, and measures taken in response to that threat; Qualcomm's attempts to evade patent exhaustion; Qualcomm's sales and business practices relating to baseband processor chipsets and licensing; the relationship between Qualcomm Inc. and other Qualcomm entities; competition in the relevant markets for baseband processor chipsets; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; the dispute between Apple and Qualcomm over carrier aggregation payments; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Gonell, Fabian<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Gonell to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; Qualcomm's licensing of cellular SEPs and other patents, and its views on licensing and FRAND; the value of Qualcomm's patents; Qualcomm's sales and business practices relating to baseband processor chipsets and licensing; the relationship between Qualcomm Inc. and other Qualcomm entities; competition in the relevant markets for baseband processor chipsets; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; Qualcomm's threats to cut off supply to unlicensed customers; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Jacobs, Irwin<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Jacobs to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; Qualcomm's licensing of cellular SEPs and other patents, and its views on licensing and FRAND; the value of Qualcomm's patents; Qualcomm's sales and business practices relating to baseband processor |

| | |
|---|---|
| | chipsets and licensing, including the application of Qualcomm's licensing practices in negotiations with third parties; the relationship between Qualcomm Inc. and other Qualcomm entities; competition in the relevant markets for baseband processor chipsets; Qualcomm's sales to or licensing agreements with licensees, Apple, or other device manufacturers; Qualcomm's threats to cut off supply to unlicensed customers; Qualcomm's attempts to evade patent exhaustion; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Jacobs, Paul<br>XCOM<br>9530 Towne Centre Dr., San Diego, CA 92121<br>*Telephone number unknown* | Apple and the CMs expect Mr. Jacobs to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; Qualcomm's use of marketing funds, strategic funds, incentive funds, and other rebates; Qualcomm's attempts to evade patent exhaustion; agreements between Apple and Qualcomm; the competitive threat posed by WiMAX; Qualcomm's licensing of cellular SEPs and other patents, and its views on licensing and FRAND; Qualcomm's sales and business practices relating to baseband processor chipsets and licensing; the relationship between Qualcomm Inc. and other Qualcomm entities and the decision to maintain a one-company structure; competition in the relevant markets for baseband processor chipsets; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; topics discussed at deposition, and topics related to Qualcomm's counterclaims. |
| Koliander, Eric<br>5775 Morehouse Dr., San Diego, CA 92121<br>(858) 845-4100 | Apple and the CMs expect Mr. Koliander to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; Qualcomm's use of marketing funds, strategic funds, incentive funds, and other rebates; Qualcomm's concerns about Intel and other potential and actual competitors as a competitive threat, and measures taken in response to that threat; Qualcomm's sales and business practices relating to baseband processor chipsets and licensing; competition in the relevant markets for baseband processor chipsets; Qualcomm's market power; the importance to Qualcomm of having Apple as a customer; |

| | |
|---|---|
| | Qualcomm's relationships with Authorized Purchasers, Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; Qualcomm's threats to cut off supply to unlicensed customers; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Mollenkopf, Steven<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Mollenkopf to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; the uniqueness of Qualcomm's business model; Qualcomm's use of marketing funds, strategic funds, incentive funds, and other rebates; the allocation of these funds between QTL and QCT; Qualcomm's attempts to evade patent exhaustion; Qualcomm's concerns about Intel and other potential and actual competitors as a competitive threat, and measures taken in response to that threat; Qualcomm's licensing of cellular SEPs and other patents, and its views on licensing and FRAND; Qualcomm's sales and business practices relating to baseband processor chipsets and licensing; Qualcomm's negotiations with Apple and its motivations and goals in those negotiations; Qualcomm's withholding of BCP Payments to Apple; the relationship between Qualcomm Inc. and other Qualcomm entities and Qualcomm's decision to maintain a one-company structure; competition in the relevant markets for baseband processor chipsets; Qualcomm's relationships with Authorized Purchasers; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; Qualcomm's patents; Qualcomm's threats to cut off supply to unlicensed customers; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Reifschneider, Eric<br><br>Marconi Group<br><br>1717 McKinney Ave., Dallas, TX 75202<br><br>*Telephone number unknown* | Apple and the CMs expect Mr. Reifschneider to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; Qualcomm's use of marketing funds, strategic funds, incentive funds, and other rebates; Qualcomm's licensing of cellular SEPs and other patents, and its views on licensing and FRAND; Qualcomm's negotiations with Apple and its motivations and goals in those negotiations; the relationship between Qualcomm Inc. |

| | |
|---|---|
| | and other Qualcomm entities; Qualcomm's decision to maintain a one-company structure; Qualcomm's relationships with Authorized Purchasers; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; Qualcomm's threats to cut off supply to unlicensed customers; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Wise, David<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Wise to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; Qualcomm's licensing of cellular SEPs and other patents, and its views on licensing and FRAND; Qualcomm's sales and business practices relating to baseband processor chipsets and licensing; the relationship between Qualcomm Inc. and other Qualcomm entities and Qualcomm's decision to maintain a one-company structure; competition in the relevant markets for baseband processor chipsets; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Qualcomm 30(b)(6)<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Qualcomm's designated witnesses to testify about the topics Apple designated in its Rule 30(b)(6) subpoenas. |
| **THIRD-PARTY WITNESSES** | |
| Blumberg, Ira<br><br>Lenovo<br><br>1009 Think Pl, Morrisville, NC 27560<br><br>(850) 253-6686 | Apple and the CMs expect Mr. Blumberg to testify about Lenovo's inability to challenge Qualcomm's supra-FRAND royalty demands due to supply threats from Qualcomm; licensing practices in the cellular industry; competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on Lenovo; and topics discussed at deposition. |

| Davis, Mark<br>Intel<br>12220 Scripps Summit Dr., San Diego, CA 92131<br>(408) 765-8080 | Apple and the CMs expect Mr. Davis to testify about licensing practices in the cellular industry; baseband processor chipset engineering; competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on VIA and Intel; and topics discussed at deposition. |
|---|---|
| Evans, Aichatou<br>Intel<br>2200 Mission College Blvd., Santa Clara, CA 95054<br>(408) 765-8080 | Apple and the CMs expect Ms. Evans to testify about Intel's baseband processor chipset engineering efforts; competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on Intel; and topics discussed at deposition. |
| Hill, Arthur Lee<br>Sony Mobile<br>3333 Piedmont Rd., NE, Suite 600, Atlanta, GA 30305<br>(404) 443-5305 | Apple and the CMs expect Mr. Hill to testify about licensing practices in the cellular industry; SONY's licensing negotiations with Qualcomm and Qualcomm's threats to cut off baseband chipset supply; competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on SONY; and topics discussed at deposition. |
| Madderom, Todd<br>Motorola Mobility<br>222 West Merchandise Mart Plaza #1800, Chicago, IL 60654<br>(800) 668-6765 | Apple and the CMs expect Mr. Madderom to testify about Motorola's inability to challenge Qualcomm's supra-FRAND royalty demands because of the fear of supply threats from Qualcomm; licensing practices in the cellular industry; competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on Motorola; and topics discussed at deposition. |
| Moynihan, Finbarr (John)<br>Mediatek | Apple and the CMs expect Mr. Moynihan to testify about baseband processor chipset engineering; competition in the relevant markets for baseband processor chipsets; |

| | |
|---|---|
| 120 Presidential Way # 100, Woburn, MA 01801<br><br>(781) 503-8000 | Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on MediaTek, including MediaTek's delayed entry into the 3G, LTE, and premium LTE markets; and topics discussed at deposition. |

### 2.   Qualcomm

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Aberle, Derek**<br>c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Aberle will testify about Qualcomm's licensing business and practices, Qualcomm's strategic business initiatives and Qualcomm's business relationship with Apple.<br><br>Mr. Aberle will provide live testimony. |
| **Altman, Steve**<br>c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Altman will testify about Qualcomm's licensing business and practices, Qualcomm's role in the cellular industry as a leading innovator of both cellular and non-cellular technologies and Qualcomm's strategic business initiatives.<br><br>Mr. Altman will provide live testimony. |
| **Casaccia, Lorenzo**<br>Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Casaccia will testify about Qualcomm's R&D efforts, Qualcomm's contributions to standard development organizations ("SDOs"), 3GPP's technical specification development processes, the reasons why "contribution counting" is not a reliable indicator of a company's leadership in 3GPP standards and other reasons why contributions are not a proxy for the quantity or quality of a firm's cellular SEP portfolio.<br><br>Mr. Casaccia will provide live testimony. |

| Name & Address | Subject Matter & Manner of Testimony |
| --- | --- |
| **Cathey, James**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Cathey will testify about Qualcomm's business relationship with the CMs, including the performance of certain contracts and Apple's interference with the CMs' contract performance.<br><br>Mr. Cathey will provide live testimony. |
| **Chen, Liren**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Chen will testify about the nature, makeup and scope of Qualcomm's patent portfolio, including its non-SEPs, and Qualcomm's preparation of technical claim charts provided to Apple during licensing negotiations.<br><br>Mr. Chen will provide live testimony. |
| **Chen, Victoria**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Ms. Chen will testify about Qualcomm's modem chip sales and Qualcomm's business relationship with Apple, including the negotiation, terms, and/or performance of certain contracts or potential contracts.<br><br>Ms. Chen will provide live testimony. |
| **Dwight, Deborah**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Ms. Dwight will testify about Qualcomm's business relationship with the CMs, including Qualcomm's negotiation with the CMs' for their license agreements with Qualcomm.<br><br>Ms. Dwight will provide live testimony. |
| **Gonell, Fabian**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Gonell will testify about Qualcomm's licensing business and practices, cellular SDOs and intellectual property rights policies, and Qualcomm's business relationship with Apple, including the negotiation, terms, and/or performance of certain contracts or potential contracts.<br><br>Mr. Gonell will provide live testimony. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Jacobs, Irwin**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Dr. Jacobs will testify about the founding and early years of Qualcomm, Qualcomm's contributions to cellular technology and standardized cellular technologies, Qualcomm's licensing practices, and Qualcomm's modem chip sales.<br><br>Dr. Jacobs will provide live testimony. |
| **Malladi, Durga**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Dr. Malladi will testify about Qualcomm's contributions to cellular technologies, cellular SDOs and cellular standards, and Qualcomm's contributions to consumer and network device technologies.<br><br>Dr. Malladi will provide live testimony. |
| **Mollenkopf, Steven**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Mollenkopf will testify about Qualcomm's corporate strategy and business practices, Qualcomm's modem chip sales and competition for modem chip sales, and Qualcomm's business relationship with Apple and the CMs, including the negotiation, terms, and/or performance of certain contracts or potential contracts.<br><br>Mr. Mollenkopf will provide live testimony. |
| **Rogers, Alex**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Rogers will testify about Qualcomm's licensing business and practices, Qualcomm's business relationship with original equipment manufacturers ("OEMs"), Apple's inducement of regulatory investigations of Qualcomm and Qualcomm's business relationship with Apple, including the negotiation of potential license agreements.<br><br>Mr. Rogers will provide live testimony. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Thompson, James**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Dr. Thompson will testify about Qualcomm's R&D efforts, Qualcomm's contributions to cellular and non-cellular technologies, Qualcomm's contributions to consumer device technologies, Qualcomm's chipset engineering, cellular SDOs and cellular standards, and standardized technologies and the standardization process.<br><br>Dr. Thompson will provide live testimony. |
| **Andeer, Kyle**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Andeer will testify about Apple's inducement of regulatory investigations of Qualcomm.<br><br>Mr. Andeer will provide live testimony and/or testimony by deposition designations. |
| **Blevins, Tony**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Blevins will testify about Apple's business relationship with Qualcomm, Apple's agreements with Qualcomm relating to baseband processor chipsets, Apple's business relationship with contract manufacturers, competition in the modem chip industry, and Apple's inducement of regulatory investigations of Qualcomm.<br><br>Mr. Blevins will provide live testimony and/or testimony by deposition designations. |
| **Cook, Tim**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Cook will testify about Apple's business strategy, Apple's mobile devices, Apple's sales and financial performance, Apple's business relationship with Qualcomm and the CMs, and Apple's agreements with Qualcomm relating to modem chips.<br><br>Mr. Cook will provide live testimony. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Cooper, Kim**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Ms. Cooper will testify about Apple's business relationship with Qualcomm, Apple's agreements with Qualcomm relating to baseband processor chipsets, Apple's business relationship with contract manufacturers, industry practice of licensing cellular SEPs and/or other patents, and Apple's licensing practices.<br><br>Ms. Cooper will provide live testimony and/or testimony by deposition designations. |
| **Lutton, Richard (Chip)**<br>c/o Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Lutton will testify about Apple's business relationship with Qualcomm, industry practice of licensing cellular SEPs and/or other patents and Apple's licensing practices.<br><br>Mr. Lutton will provide live testimony and/or testimony by deposition designations. |
| **Mansfield, Bob**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Mansfield will testify about Apple's technical engineering requirements for its devices' cellular capabilities, Apple's business relationship with Qualcomm and competition in the modem chip industry.<br><br>Mr. Mansfield will provide live testimony and/or testimony by deposition designations. |
| **Risher, Jeff**<br>c/o Apple Inc.<br>3500 Deer Creek Rd.<br>Palo Alto, CA<br>94304 | Qualcomm expects Mr. Risher will testify about Apple's business relationship with Qualcomm, industry practice of licensing cellular SEPs and/or other patents, and Apple's licensing practices.<br><br>Mr. Risher will provide live testimony and/or testimony by deposition designations. |
| **Sauer, Matthias**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Sauer will testify about Apple's technical engineering requirements for its devices' cellular capabilities, Apple's business relationship with Qualcomm and competition in the modem chip industry.<br><br>Mr. Sauer will provide live testimony and/or testimony by deposition designations. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Schiller, Phil**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Schiller will testify about Apple's marketing efforts in connection with Apple devices that use baseband processor chipsets, the features and attributes of those devices, and the pricing of Apple products.<br><br>Mr. Schiller will provide live testimony and/or testimony by deposition designations. |
| **Teksler, Boris**<br>(Formerly of Apple Inc.)<br>Conversant Intellectual Property Management<br>2441 Park Blvd Suite 104<br>Palo Alto, CA<br>94036 | Qualcomm expects Mr. Teksler will testify about Apple's business relationship with Qualcomm, industry practice of licensing cellular SEPs and/or other patents and Apple's licensing practices.<br><br>Mr. Teksler will provide testimony by deposition designations. |
| **Watrous, BJ**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Watrous will testify about Apple's business relationship with Qualcomm, Apple's agreements with Qualcomm relating to baseband processor chipsets, Apple's business relationship with contract manufacturers, industry practice of licensing cellular SEPs and/or other patents and Apple's licensing practices.<br><br>Mr. Watrous will provide live testimony and/or testimony by deposition designations. |
| **Whitt, Jayna**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Ms. Whitt will testify about Apple's business relationship with Qualcomm, Apple's agreements with Qualcomm relating to baseband processor chipsets, Apple's business relationship with contract manufacturers, industry practice of licensing cellular SEPs and/or other patents and Apple's licensing practices.<br><br>Ms. Whitt will provide live testimony and/or testimony by deposition designations. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Williams, Jeff**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Williams will testify about Apple's business relationship with Qualcomm, Apple's agreements with Qualcomm relating to baseband processor chipsets, Apple's business relationship with contract manufacturers, competition in the sale of baseband processor chipsets, Apple's marketing efforts in connection with devices that use baseband processor chipsets, and Apple's inducement of regulatory investigations of Qualcomm.<br><br>Mr. Williams will provide live testimony and/or testimony by deposition designations. |
| **Petersson, Christina**<br>Telefonaktiebolaget L.M. Ericsson<br>Kista, Global Headquarters<br>Torshamnsgatan 21<br>164 83 Stockholm, Sweden | Qualcomm expects Ms. Petersson will testify about industry licensing practices and Ericsson's business relationship with Qualcomm.<br><br>Ms. Petersson will provide testimony by deposition designations. |
| **Weiler, Dirk**<br>Nokia Technologies<br>200 South Mathilda Ave<br>Sunnyvale, CA<br>94086 | Qualcomm expects Mr. Weiler will testify about industry licensing practices and Nokia's business relationship with Qualcomm.<br><br>Mr. Weiler will provide live testimony and/or testimony by deposition designations. |

**B.     Expert Witnesses the Parties Expect to Call at Trial (CivLR 16.1(f)(6)(c)(3)(b))**

1.     Apple and the CMs

| Witness | Substance of Testimony |
|---|---|
| Bernheim, Douglas | Apple and the CMs expect Professor Bernheim to testify regarding economic principles for antitrust analysis in this case, the economics of standard setting, the meaning and purpose of FRAND commitments, the industry and relevant |

| | | |
|---|---|---|
| | **Contact through counsel for Apple and the CMs**<br><br>Department of Economics, Stanford University, Stanford, CA, 94305-6072<br><br>(650) 725-8732 | markets, Qualcomm's market power, Qualcomm's anticompetitive conduct, the effects of Qualcomm's conduct on competition, to evaluate alleged business justifications for Qualcomm's conduct, to rebut Qualcomm experts, and topics discussed at deposition. |
| | Bims, Harry<br><br>**Contact through counsel for Apple and the CMs**<br><br>1314 Chilco Street, Menlo Park, CA 94025<br><br>(650) 283-4174 | Apple and the CMs expect Dr. Bims to testify, as an independent expert and person of skill in the relevant art, regarding the technical background and the state of the art relevant to the claims of one or more of the patents-in-suit including U.S. Patent No. 9,137,822; the interpretation of the claims of one or more of the patents-in-suit including U.S. Patent No. 9,137,822; the invalidity and/or unenforceability of the claims of one or more of the patents-in-suit including U.S. Patent No. 9,137,822; secondary indicia of non-obviousness as they relate to one of more of the patents-in-suit including U.S. Patent No. 9,137,822; the non-essentiality to the relevant standard of one or more of the patents-in-suit including U.S. Patent No. 9,137,822;  the design and operation of the accused products as they relate to one or more of the patents-in-suit including U.S. Patent No. 9,137,822; noninfringement of the claims of one or more of the patents-in-suit including U.S. Patent No. 9,137,822; noninfringing alternatives to the extent any of the accused products are deemed to infringe claims of one or more of the patents-in-suit including U.S. Patent No. 9,137,822; whether claims of Qualcomm patents, if practiced, would be substantially embodied in a Qualcomm baseband processor chipset, other components of a mobile device, and/or the network infrastructure; wireless communication technologies and associated standards; technical comparability of licensing agreements; ex ante alternatives to technologies embodied in relevant cellular SEPs; and topics discussed at deposition.<br><br>Additionally, to the extent that Qualcomm's experts Dr. Andrews, Dr. Gitlin and Dr. Jayant are permitted to and do |

| | |
|---|---|
| | testify, Apple and the CMs expert Dr. Bims to testify regarding their failure to show that certain of Qualcomm's SEP are essential to any cellular standard and are invalid and/or not important. |
| Leitzinger, Jeffrey<br>**Contact through counsel for the CMs**<br>EconOne Research, Inc.<br>550 South Hope Street, Suite 800,<br>Los Angeles, CA 90071<br>(213) 624-9600 | Apple and the CMs expect Dr. Leitzinger to testify regarding issues relating to the CMs' (and each of their) causal injuries and damages (including but not limited to overcharge damages, restitution, and disgorgement) in connection with their counterclaims and defenses in the above-captioned litigation, and other economic matters relevant to assessing the injury to competition as a result of Qualcomm's conduct; and topics discussed at deposition. |
| Libchaber, Remy<br>**Contact through counsel for Apple and the CMs**<br>University of Paris I: Pantheon-Sorbonne<br>12 Place du Panthéon, 75231 Paris, France<br>+33 1 44 07 80 00 | Apple and the CMs expect Professor Libchaber to testify about the meaning under French law of Qualcomm's IPR disclosure obligation under the ETSI IPR Policy and FRAND commitment to ETSI; and topics discussed at deposition. |
| Meyer, Paul<br>**Contact through counsel for Apple and the CMs**<br>TM Financial Forensics, LLC<br>Two Embarcadero Ctr., Suite 2510, | Apple and the CMs expect Mr. Meyer to testify regarding the economic issues implicated by the claims of this lawsuit, including the disgorgement of royalties paid by Apple and/or the CMs, whether the royalty rates and related fees paid by Apple/or and the CMs adhere to FRAND, the restitution owed to Apple and/or the CMs for excessive license fees, and secondary indicia of non-obviousness; issues surrounding FRAND licensing, including Apple's, the CMs', and Qualcomm's licensing practices, as well as the royalty that would apply to making, using, selling, offering for sale |

| | |
|---|---|
| San Francisco, CA 94111<br><br>(415) 692-6350 | and/or importing products encompassed by any valid, standard-essential, non-exhausted, and infringed patent claims at issue in this lawsuit; and topics discussed at deposition. |
| Scott Morton, Fiona<br><br>**Contact through counsel for Apple and the CMs**<br><br>Charles River Associates<br><br>200 Clarendon Street Boston, MA 02116<br><br>(617) 425-3000 | Apple and the CMs expect Professor Scott Morton to testify regarding economic principles for antitrust analysis in this case, the economics of standard setting, the meaning and purpose of FRAND commitments, the industry and relevant markets, Qualcomm's market power, the anticompetitive nature of Qualcomm's conduct, the effects of Qualcomm's conduct on competition, to rebut Qualcomm experts, and topics discussed at deposition. |
| Simcoe, Timothy<br>**Contact through counsel for Apple and the CMs**<br>Boston University<br><br>595 Commonwealth Avenue, Boston, MA 02215<br><br>(617) 353-2000 | Apple and the CMs expect Professor Simcoe to testify regarding the process and economics of standard setting, the meaning and purpose of FRAND commitments, economic principles for assessing FRAND terms, whether Qualcomm's royalties, license terms, and offers to Apple comport with FRAND, the value of Qualcomm's SEPs, to rebut Qualcomm experts, and topics discussed at deposition. |
| Stark, Wayne<br>**Contact through counsel for Apple and the CMs**<br>EECS Department, The University of Michigan, Ann Arbor, MI 48109-2122 | Apple and the CMs expect Dr. Stark to testify, as an independent expert and person of skill in the relevant art, regarding the technical background and the state of the art relevant to the claims of one or more of the patents-in-suit including U.S. Patent Nos. 7,095,725 and 6,556,549; the interpretation of the claims of one or more of the patents-in-suit including U.S. Patent Nos. 7,095,725 and 6,556,549; the invalidity and/or unenforceability of the claims of one or more of the patents-in-suit including U.S. Patent Nos. 7,095,725 and 6,556,549; secondary indicia of non-obviousness as they relate to one of more of the patents-in-suit including U.S. Patent Nos. 7,095,725 and 6,556,549; the |

| | |
|---|---|
| Phone (734) 763-0390 | non-essentiality to the relevant standard of one or more of the patents-in-suit including U.S. Patent Nos. 7,095,725 and 6,556,549; the design and operation of the accused products as they relate to one or more of the patents-in-suit including U.S. Patent Nos. 7,095,725 and 6,556,549; noninfringement of the claims of one or more of the patents-in-suit including U.S. Patent Nos. 7,095,725 and 6,556,549; noninfringing alternatives to the extent any of the accused products are deemed to infringe claims of one or more of the patents-in-suit including U.S. Patent Nos. 7,095,725 and 6,556,549; whether claims of Qualcomm patents, if practiced, would be substantially embodied in a Qualcomm baseband processor chipset, other components of a mobile device, and/or the network infrastructure; wireless communication technologies and associated standards, technical comparability of licensing agreements; ex ante alternatives to technologies embodied in relevant cellular SEPs; and topics discussed at deposition.<br><br>Additionally, to the extent that Qualcomm's experts Dr. Andrews, Dr. Gitlin and Dr. Jayant are permitted to and do testify, Apple and the CMs expect Dr. Stark to testify regarding their failure to show that certain of Qualcomm's SEP are essential to any cellular standard and are invalid and/or not important. |
| Valenti, Matthew<br>**Contact through counsel for Apple and the CMs**<br>Lane Dept. of Comp. Sci. & Electrical Engineering, West Virginia University, Morgantown, WV 26506-6109<br>(304) 293-9139 | Apple and the CMs expect Dr. Valenti to testify regarding technical analysis of Qualcomm patents, including whether claims of Qualcomm patents, if practiced, would be substantially embodied in a Qualcomm baseband processor chipset, other components of a mobile device, and/or the network infrastructure; and topics discussed at deposition. |
| Wells, Jonathan | Apple and the CMs expect Dr. Wells to testify, as an independent expert and person of skill in the relevant art, |

| | |
|---|---|
| **Contact through counsel for Apple and the CMs**<br><br>533 Peters Ave, Suite 204, Pleasanton, CA 94566<br><br>(925) 200-5124 | regarding the technical background and the state of the art relevant to the claims of one or more of the patents-in-suit including U.S. Patent Nos. 7,246,242, 7,289,630, 8,867,494, and 9,059,819; the interpretation of the claims of one or more of the patents-in-suit including U.S. Patent Nos. 7,246,242, 7,289,630, 8,867,494, and 9,059,819; the invalidity and/or unenforceability of the claims of one or more of the patents-in-suit including U.S. Patent Nos. 7,246,242, 7,289,630, 8,867,494, and 9,059,819; secondary indicia of non-obviousness as they relate to one of more of the patents-in-suit including U.S. Patent Nos. 7,246,242, 7,289,630, 8,867,494, and 9,059,819; the non-essentiality to the relevant standard of one or more of the patents-in-suit including U.S. Patent Nos. 7,246,242, 7,289,630, 8,867,494, and 9,059,819; the design and operation of the accused products as they relate to one or more of the patents-in-suit including U.S. Patent Nos. 7,246,242, 7,289,630, 8,867,494, and 9,059,819; noninfringement of the claims of one or more of the patents-in-suit including U.S. Patent Nos. 7,246,242, 7,289,630, 8,867,494, and 9,059,819; noninfringing alternatives to the extent any of the accused products are deemed to infringe claims of one or more of the patents-in-suit including U.S. Patent Nos. 7,246,242, 7,289,630, 8,867,494, and 9,059,819; whether claims of Qualcomm patents, if practiced, would be substantially embodied in a Qualcomm baseband processor chipset, other components of a mobile device, and/or the network infrastructure; wireless communication technologies and associated standards, including the counting of contributions to one or more standards;  technical comparability of licensing agreements; ex ante alternatives to technologies embodied in relevant cellular SEPs; and topics discussed at deposition.<br><br>Additionally, to the extent that Qualcomm's experts Dr. Andrews, Dr. Gitlin and Dr. Jayant are permitted to and do testify, Apple and the CMs expect Dr. Wells to testify regarding their failure to show that certain of Qualcomm's SEP are essential to any cellular standard and are invalid and/or not important. |
| Welsch, Roy | Apple and the CMs expect Dr. Welsch to testify regarding the correct size of a statistical sample of Qualcomm's population of patents to estimate certain characteristics of the |

| | | |
|---|---|---|
| 1 | **Contact through counsel for Apple and the CMs** | whole Qualcomm patent population; and topics discussed at deposition. |
| 2 | | |
| 3 | 100 Main Street, E62-564, Cambridge, MA 02139 | |
| 4 | | |
| 5 | | |
| 6 | (617) 253-6601 | |
| 7 | Wicker, Stephen | Apple and the CMs expect Dr. Wicker to testify, as an independent expert and person of skill in the relevant art, regarding the technical background and the state of the art relevant to the claims of one or more of the patents-in-suit including U.S. Patent Nos. 6,694,469 and 7,096,021; the interpretation of the claims of one or more of the patents-in-suit including U.S. Patent Nos. 6,694,469 and 7,096,021; the invalidity and/or unenforceability of the claims of one or more of the patents-in-suit including U.S. Patent Nos. 6,694,469 and 7,096,021; secondary indicia of non-obviousness as they relate to one or more of the patents-in-suit including U.S. Patent Nos. 6,694,469 and 7,096,021; the non-essentiality to the relevant standard of one or more of the patents-in- suit including U.S. Patent Nos. 6,694,469 and 7,096,021; the design and operation of the accused products as they relate to one or more of the patents-in-suit including U.S. Patent Nos. 6,694,469 and 7,096,021;  noninfringement of the claims of one or more of the patents-in-suit including U.S. Patent Nos. 6,694,469 and 7,096,021; noninfringing alternatives to the extent any of the accused products are deemed to infringe claims of one or more of the patents-in-suit including U.S. Patent Nos. 6,694,469 and 7,096,021; whether claims of Qualcomm patents, if practiced, would be substantially embodied in a Qualcomm baseband processor chipset, other components of a mobile device, and/or the network infrastructure; evolution of wireless communication technologies over time, including the evolution of smart phone technology and Apple smart phone technology, and associated standards; technical comparability of licensing agreements, and ex ante alternatives to technologies embodied in relevant cellular SEPs; and topics discussed at deposition. |
| 8 | **Contact through counsel for Apple and the CMs** | |
| 9 | | |
| 10 | 386 Rhodes Hall, Cornell University, Ithaca, NY 14853 | |
| 11 | | |
| 12 | | |
| 13 | (607) 255-8817 | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| | Additionally, to the extent that Qualcomm's experts Dr. Andrews, Dr. Gitlin and Dr. Jayant are permitted to and do testify, Apple and the CMs expect Dr. Wicker to testify regarding their failure to show that certain of Qualcomm's SEP are essential to any cellular standard and are invalid and/or not important. |
| | Similarly, Apple and the CMs expect Dr. Wicker to provide rebuttal testimony, to the extent that Qualcomm's expert Dr. Madisetti is permitted to and does testify, regarding Dr. Madisetti's failure to show that certain Qualcomm "exemplary patents" provide Apple, the CMs or consumers any value, including because Dr. Madisetti has not shown that Apple, the CMs, or any consumers use the technology of the Qualcomm "exemplary patents" and because the "exemplary patents" are likely invalid. |

2.   Qualcomm

| Name & Address | Statement of Qualifications & Subject Matter of Testimony |
|---|---|
| **Andrews, Jeff**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Andrews is an expert in electrical engineering, and is a professor at the University of Texas-Austin. He holds a B.S. in Engineering from Harvey Mudd College and a M.S. and Ph.D. in Electrical Engineering from Stanford University.<br><br>Qualcomm expects Dr. Andrews will testify regarding the subject matter of his expert report, including the importance of certain Qualcomm technologies, as well as certain standard essential patents ("SEPs") related to WCDMA, 4G LTE and 5G NR. |

| Name & Address | Statement of Qualifications & Subject Matter of Testimony |
|---|---|
| **Chipty, Tasneem**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Chipty is an expert economist specializing in marketplace behaviors with a focus on issues of antitrust and regulatory policy.  She holds a B.A. in Economics and Mathematics from Wellesley College and a Ph.D. in Economics from the Massachusetts Institute of Technology.<br><br>Qualcomm expects Dr. Chipty will testify regarding the subject matter of her expert reports, including competition for modem chips, market definition, market power and certain contracts entered into between Qualcomm and Apple, as well as in rebuttal to Apple and the CMs' experts. |

| | |
|---|---|
| **Casaccia, Lorenzo**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Mr. Casaccia is a leading engineer at Qualcomm and works with SDOs such as ETSI.  Since 2008, Mr. Casaccia has led the team of Qualcomm employees who participate in standards development at 3GPP.  From 2008 to 2012, Mr. Casaccia was Director of Technical Standards and, from 2012 to 2015, he was Senior Director of Technical Standards.  Since 2015, Mr. Casaccia has been Vice President of Technical Standards at Qualcomm.  Mr. Casaccia has attended over one hundred 3GPP meetings, including 35 Radio Access Network ("RAN") Plenary meetings and over 50 Working Group meetings, and has overseen Qualcomm's submission of thousands of Technical Documents ("TDocs", or "contributions") since 2008.  Mr. Casaccia regularly interacts with 3GPP participants from other companies, including reviewing other companies' contributions, and he directly oversees a team of over 20 Qualcomm employees who are responsible for day-to-day standards development and participation within 3GPP.  He received a *laurea* degree in Electrical Engineering from the Polytechnic University of Turin and a Telecommunications degree from the Eurecom Institute of Sophia Antipolis.  He also holds a *laurea* degree in Philosophy and a master's degree in the Philosophy of Knowledge from the Sapienza University of Rome and has attended a business strategy course at Harvard Business School.<br><br>Qualcomm expects Mr. Casaccia will testify about Qualcomm's R&D efforts, Qualcomm's contributions to SDOs, 3GPP's technical specification development processes, the reasons why "contribution counting" is not a reliable indicator of a company's leadership in 3GPP standards and other reasons why contributions are not a proxy for the quantity or quality of a firm's cellular SEP portfolio, as well as in rebuttal to Apple and the CMs' experts. |

| Name & Address | Statement of Qualifications & Subject Matter of Testimony |
|---|---|
|  | Qualcomm does not believe that any of Mr. Casaccia's expected testimony would be subject to Federal Rules of Evidence 702, 703 or 705, but has previously disclosed Mr. Casaccia as an expert witness out of an abundance of caution in order to provide notice of his expected testimony. |
| **Evans, David**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Evans is the Chairman of the Global Economics Group.  He has held faculty positions at the University of Chicago Law School and the University College London, as well as a tenured professorship at Fordham University School of Law until 1995.  He holds a B.A, M.A., and Ph.D. in Economics from the University of Chicago.<br><br>Qualcomm expects Dr. Evans will testify regarding the subject matter of his expert reports, including the value of cellular technologies for smartphone users and device makers, including Apple, and the economic impact of certain patent licensing structures, as well as in rebuttal to Apple and the CMs' experts. |

| Name & Address | Statement of Qualifications & Subject Matter of Testimony |
|---|---|
| **Fauvarque-Cosson, Benedicte**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Professor Fauvarque-Cosson is a Professor of Private Law at Universite Pantheon-Assas (Paris II) since 2002, before which she taught at other universities since 1995.  She received her Ph.D. in law in 1994 from Universite Pantheon-Assas (Paris II) and a LL.B. from King's College London.  She regularly provides expert testimony interpreting French law.  Dr. Fauvarque-Cosson was recently appointed as a judge on the Conseil d'État of France.<br><br>Qualcomm expects Professor Fauvarque-Cosson will testify regarding the subject matter of her expert reports, including the scope of a party's obligations arising from FRAND commitments made to the European Telecommunications Standards Institute ("ETSI") under French contract law, as well as in rebuttal to Apple and the CMs' experts.<br><br>Dr. Fauvarque-Cosson will provide testimony by deposition designations. |
| **Gitlin, Richard**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Gitlin is an expert in electrical engineering, and holds the Agere Endowed Chair in Electrical Engineering at the University of South Florida.  He holds a B.E.E. from the City College of New York and a M.S. and Eng. Sc. D. in Electrical Engineering from Columbia University.<br><br>Qualcomm expects Dr. Gitlin will testify regarding the subject matter of his expert report, including the importance of certain Qualcomm patented technologies to the mobile ecosystem, including to the WCDMA, 4G LTE, and 5G NR standards. |

| Name & Address | Statement of Qualifications & Subject Matter of Testimony |
|---|---|
| **Hart, Oliver**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Hart is a Nobel Prize-winning economist who has held a tenured professorship at Harvard University since 1993 and focuses on contracting theory.  He is also a Fellow of the Econometric Society, the American Academy of Arts and Sciences, the British Academy and the American Finance Association as well as a member of the National Academy of Sciences.  Hart earned his B.A. in Mathematics from King's College at Cambridge University before his M.A. in Economics from Warwick University and Ph.D. in Economics from Princeton University.<br><br>Qualcomm expects Dr. Hart will testify regarding the subject matter of his expert report, including the parties' contracting practices and the value of Qualcomm's licensing practices in facilitating investment and other productivity-enhancing activities. |

| Name & Address | Statement of Qualifications & Subject Matter of Testimony |
|---|---|
| **Huber, Bertram**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Huber is a Principal of IP*SEVA and is a Lecturer at the University of Tübingen/Germany on Laws of IPRs, International IP Strategy and Management and License Agreements/Licensing Law.  He has extensive negotiation and technology licensing experience, and has participated in the elaboration of IPR/patent policies at ETSI.  He received his undergraduate degrees from the Universities of Münster and Tübingen in Law and his Doctorate in Law from the University of Tübingen.<br><br>Qualcomm expects Dr. Huber will testify regarding the subject matter of his expert reports, including the development and meaning of ETSI's intellectual property rights ("IPR") policy.  Dr. Huber will also provide expert testimony about the obligations of patent licensors that have made FRAND commitments to ETSI, including whether certain licensing positions are consistent with FRAND, as well as testify in rebuttal to Apple and the CMs' experts. |
| **Jayant, Nikil**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Jayant is a Professor Emeritus at the Georgia Institute of Technology and an Adjunct Professor at the University of California at Santa Barbara.  He has held research positions at Stanford University, Bell Laboratories and the Georgia Institute of Technology, and presently is a Co-Founder and the CEO of VQLink, a Georgia Institute of Technology startup.  He holds a B.Sc. in Physics and Mathematics from Mysore University, India, and a B.E. and Ph.D. in Electrical Communications from the Indian Institute of Science.<br><br>Qualcomm expects Dr. Jayant will testify regarding the subject matter of his expert report, including the importance of certain Qualcomm patented technologies to the mobile ecosystem, including to the WCDMA, 4G LTE, and 5G NR standards. |

| Name & Address | Statement of Qualifications & Subject Matter of Testimony |
|---|---|
| **Knittel, Christopher**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Knittel holds a tenured professorship at MIT in Applied Economics, and his research focuses on industrial organization, environmental economics and applied econometrics.  Knittel holds a B.A. in Economics from California State University, Stanislaus, an M.A. in Economics from the University of California, Davis, and a Ph.D. in Economics from the University of California, Berkeley.<br><br>Qualcomm expects Dr. Knittel will testify regarding the subject matter of his expert report, including the value enhancement of cellular technology in mobile devices, including Apple's devices. |
| **Madisetti, Vijay**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Madisetti is a Professor in Electrical and Computer Engineering at the Georgia Institute of Technology.  He holds a B. Tech (Hons) in Electronics and Electrical Communications Engineering from the Indian Institute of Technology and a Ph.D. in Electrical Engineering and Computer Sciences from the University of California, Berkeley.<br><br>Qualcomm expects Dr. Madisetti will testify regarding the subject matter of his expert report, including the technical merit, value for user experience, and relevance to customers and device makers of certain Qualcomm patents. |
| **Michalson, William**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Michalson is a faculty member of the Electrical and Computer Engineering Department at the Worcester Polytechnic Institute in Massachusetts.  He holds a B.S. in Electrical Engineering from Syracuse University, and a M.S. and Ph.D. in Electrical Engineering from Worcester Polytechnic.<br><br>Qualcomm expects Dr. Michalson will testify regarding the subject matter of his expert report, including the technical merit, value for user experience, and relevance to customers and device makers of certain Qualcomm patents. |

| Name & Address | Statement of Qualifications & Subject Matter of Testimony |
|---|---|
| **Nevo, Aviv** c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Dr. Nevo is an antitrust economist who holds a tenured professorship in the Marketing Department at the Wharton School of Business and in the Department of Economics at the University of Pennsylvania.  He is the former Deputy Assistant Attorney General for Economic Analysis of the Antitrust Division at DOJ (2013-2014).  Dr. Nevo holds a Ph.D. and A.M. in Economics from Harvard University and his B.Sc. with Special Honors in Mathematics and Economics from Tel Aviv University. Qualcomm expects Dr. Nevo will testify regarding the subject matter of his expert reports, including Qualcomm's licensing practices and Apple's and the CMs' theories of antitrust harm, as well as in rebuttal to Apple and the CMs' experts. |
| **Parulski, Kenneth** c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Mr. Parulski is the Chief Scientist and Managing Member of aKAP Innovation, LLC, which provides innovation and digital photography-related consulting services.  He holds a B.S. and an M.S. in Electrical Engineering from the Massachusetts Institute of Technology. Qualcomm expects Mr. Parulski will testify regarding the subject matter of his expert report, including the technical merit, value for user experience, and relevance to customers and device makers of certain Qualcomm patents. |

| Name & Address | Statement of Qualifications & Subject Matter of Testimony |
|---|---|
| **Pedram, Massoud**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Pedram is a Professor of Electrical Engineering and the Charles Lee Powell Chair in Electrical Engineering and Computer Science in the Viterbi School of Engineering, University of Southern California.  He holds a B.S. in Electrical Engineering from the California Institute of Technology and an M.S. and Ph.D. in Electrical Engineering and Computer Sciences from the University of California, Berkeley.<br><br>Qualcomm expects Dr. Pedram will testify regarding the subject matter of his expert report, including the technical merit, value for user experience, and relevance to customers and device makers of certain Qualcomm patents. |
| **Prince, Jeffrey**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Prince is an empirical researcher of industrial organization and applied econometrics, and holds a tenured professorship at the Kelley School of Business at Indiana University.  He has published works focusing on technology markets and telecommunications.  He holds a Ph.D. and M.A. in Economics from Northwestern University and a B.A. in Economics and B.S. in Mathematics/Statistics from Miami University.<br><br>Qualcomm expects Dr. Prince will testify regarding the subject matter of his expert report, including the value of certain Qualcomm technologies and the price premium associated with the value those technologies enable in smartphones. |

| Name & Address | Statement of Qualifications & Subject Matter of Testimony |
|---|---|
| **Putnam, Jonathan** c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Dr. Putnam is the founder and principal at Competition Dynamics Inc. and previously was an assistant professor at the Centre for Innovation Law and Policy at the University of Toronto until 2005, as well as an adjunct assistant professor and lecturer at other universities.  He holds a B.A., M.A. and Ph.D. in Economics from Yale.<br><br>Qualcomm expects Dr. Putnam will testify regarding the subject matter of his expert report, including FRAND patent licensing agreements in the cellular industry and Apple's proffered comparable licenses, as well as in rebuttal to Apple and the CMs' experts. |
| **Salters, Ambreen** c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Ms. Salters is an economic expert and consultant involved primarily in intellectual property and complex commercial disputes.  She has participated in licensing negotiations, designed and managed royalty audits, and performed intellectual property valuations for licensors and licensees.  Ms. Salters earned her M.S. in Economics and B.B.A. in Finance and Economics from Baylor University.<br><br>Qualcomm expects Ms. Salters will testify regarding the subject matter of her expert report, including the damages suffered by Qualcomm as a result of Apple's and the CMs' conduct at issue. |

| Name & Address | Statement of Qualifications & Subject Matter of Testimony |
|---|---|
| **Snyder, Edward**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Snyder is the Indra K. Nooyi Dean and William S. Beinecke Professor of Economics and Management at the Yale School of Management. Dr. Snyder began his professional career as an economist with the U.S. Department of Justice's Antitrust Division. He earned a Ph.D. in Economics and an M.A. in Public Policy from the University of Chicago.<br><br>Qualcomm expects Dr. Snyder will testify regarding the subject matter of his expert reports, including the modem chip industry and Apple's and the CMs' theories of antitrust harm, as well as in rebuttal to Apple and the CMs' experts. |
| **Villasenor, John**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Villasenor is a Professor of Electrical Engineering at the University of California, Los Angeles. He holds a B.S. in Electrical Engineering from the University of Virginia and a M.S. and Ph.D. in Electrical Engineering from Stanford University.<br><br>Qualcomm expects Dr. Villasenor will testify regarding the subject matter of his expert reports, including the value and performance of faster cellular standards arising from the development of new cellular technologies, as well as in rebuttal to Apple and the CMs' experts. |
| **Wigdor, Daniel**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Wigdor is an Associate Professor of Computer Science at the University of Toronto. He holds a B.Sc., M.Sc., and Ph.D. in Computer Science from the University of Toronto.<br><br>Qualcomm expects Dr. Wigdor will testify regarding the subject matter of his expert report, including the technical merit, value for user experience, and relevance to customers and device makers of certain Qualcomm patents. |

| Name & Address | Statement of Qualifications & Subject Matter of Testimony |
|---|---|
| **Williams, Tim** c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Dr. Williams is an expert in electrical engineering, specializing in the communications field. He holds a B.S. in Electrical Engineering from Michigan Technological University, a M.S. and Ph.D. in Electrical Engineering from the University of Texas at Austin, as well as an M.B.A. from the University of Texas at Austin. Qualcomm expects Dr. Williams will testify regarding the subject matter of his expert reports, including the modem chip industry and the viability of certain modem chip suppliers to meet Apple's technical demands for its mobile devices through time, as well as in rebuttal to Apple and the CMs' experts. |

## C.   Additional Witnesses the Parties May Call at Trial (CivLR 16.1(f)(6)(c)(3)(c))

### 1.   Apple and the CMs

| Witness | Substance of Testimony |
|---|---|
| **APPLE CURRENT AND FORMER EMPLOYEES** | |
| Butzow, Tim **Contact through counsel for Apple** One Apple Park Way, Cupertino, CA 95014 (408) 996-1010 | Apple and the CMs expect Mr. Butzow to testify about Apple's procurement of baseband processor chipsets, including Apple's reasons for switching from Infineon to Qualcomm; competition in the relevant markets for baseband processor chipsets; Apple's business relationship with Qualcomm, including Apple's agreements with Qualcomm; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Cook, Tim **Contact through counsel for Apple** | Apple and the CMs expect Mr. Cook to testify about Apple's business relationship with Qualcomm, including Apple's agreements with Qualcomm; Apple's decision to commence litigation against Qualcomm and withhold royalties from the |

| | |
|---|---|
| One Apple Park Way, Cupertino, CA 95014<br><br>(408) 996-1010 | CMs; the parties' withholding of payments in 2016 and 2017; Apple's cooperation with regulatory investigations of Qualcomm; Apple's compliance with the BCPA, including the absence of any inducement by Apple with respect to Samsung instigating the KFTC investigation; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Cooper, Kim<br><br>**Contact through counsel for Apple**<br><br>One Apple Park Way, Cupertino, CA 95014<br><br>(408) 996-1010 | Apple and the CMs expect Ms. Cooper to testify about Apple's relationship and negotiations with cellular network carriers; negotiations with Qualcomm related to the carrier aggregation provision in the May 7/8, 10, and 13 Statement of Work; Apple's business relationship with and agreements with the CMs, including Qualcomm's audits of the CMs; Apple's lack of interference in the CMs' relationships with Qualcomm; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Drance, Kaiann<br><br>**Contact through counsel for Apple**<br><br>One Apple Park Way, Cupertino, CA 95014<br><br>(408) 996-1010 | Apple and the CMs expect Ms. Drance to testify about Apple's marketing efforts in connection with cellular enabled devices, including the value of non-cellular features of the iPhone and iPad; Apple's approach for developing cellular-enabled products; Apple's process for selecting features to include and market in its cellular products; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Plotka-Workman, Helene<br><br>**Contact through counsel for Apple**<br><br>One Apple Park Way, Cupertino, CA 95014<br><br>(408) 996-1010 | Apple and the CMs expect Ms. Plotka-Workman to testify about the parties' interactions with standard-setting organizations; analyses of Apple, Qualcomm, and others' patent portfolios; standard-setting organizations' and others' intellectual property rights policies; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Sanguinetti, Louie<br><br>**Contact through counsel for Apple** | Apple and the CMs expect Mr. Sanguinetti to testify about the development of the iPhone and various generations thereof; Apple's selection of baseband processor chipsets, including Apple's decision to dual-source; Apple's business relationship with Qualcomm; competition in the relevant markets for baseband processor chipsets; technical details |

| | |
|---|---|
| One Apple Park Way, Cupertino, CA 95014 (408) 996-1010 | relating to cellular functionality within Apple's cellular products; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Sauer, Matthias **Contact through counsel for Apple** One Apple Park Way, Cupertino, CA 95014 (408) 996-1010 | Apple and the CMs expect Mr. Sauer to testify about competition in the relevant markets for baseband processor chipsets, including the exit of multiple chipset suppliers over the past decade; Apple's decision to dual-source baseband chipsets; technical details relating to cellular functionality within Apple's cellular products; Apple cellular products' support for one or more 3GPP standards, including LTE and UMTS; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Sewell, Bruce **Contact through counsel for Apple** One Apple Park Way, Cupertino, CA 95014 (408) 996-1010 | Apple and the CMs expect Mr. Sewell to testify about Apple's business relationship with Qualcomm, including the negotiation of the BCPA and other agreements with Qualcomm; the dispute between Apple and Qualcomm over carrier aggregation payments related to the Mav 7/8, 10, and 13 Statement of Work; Apple's business relationship with and agreements with the CMs; Apple's lack of interference in the CMs' relationships with Qualcomm; licensing of cellular SEPs or other patents; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Tom, David **Contact through counsel for Apple** One Apple Park Way, Cupertino, CA 95014 (408) 996-1010 | Apple and the CMs expect Mr. Tom to testify about Apple's business relationship with Qualcomm, including the negotiation of agreements with Qualcomm; Apple's business relationship with and agreements with the CMs, including Qualcomm's audits of the CMs; Apple's lack of interference in the CMs' relationships with Qualcomm; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Whitt, Jayna **Contact through counsel for Apple** One Apple Park Way, Cupertino, CA 95014 | Apple and the CMs expect Ms. Whitt to testify about Apple's inbound and outbound licensing frameworks for both SEPs and NEPs; Apple's licensing negotiations with other cellular patent holders; Apple's business relationship with Qualcomm, including licensing negotiations and agreements relating to baseband processor chipsets and licensing; Apple's business relationship with and agreements with the |

| (408) 996-1010 | CMs; Apple's lack of interference in the CMs' relationships with Qualcomm; licensing of cellular SEPs or other patents; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
|---|---|
| **CM CURRENT AND FORMER EMPLOYEES** | |
| Chang, Rick<br>**Contact through counsel for the CMs**<br>Compal Electronics, Inc.<br>Nos. 581 & 581-1, Ruiguang Road, Neihu District, Taipei City, 11492, Taiwan | Apple and the CMs expect Mr. Chang to testify about Compal's product development and manufacturing activities; Compal's chip procurement activities; Compal's agreements with component suppliers, including Qualcomm; Compal's manufacturing and product development activities; Compal's business relationship and interactions with its customers and other entities; Compal's corporate history and structure; topics discussed at deposition; and matters relating to Qualcomm's claims. |
| Lee, Jessica<br>**Contact through counsel for the CMs**<br>Compal Electronics, Inc.<br>Nos. 581 & 581-1, Ruiguang Road, Neihu District, Taipei City, 11492, Taiwan | Apple and the CMs expect Ms. Lee to testify about Compal's patent license agreement with Qualcomm; Qualcomm's audit disputes with Compal; Compal's corporate history and structure; topics discussed at deposition; and matters relating to Qualcomm's claims. |
| Wu, Ashley<br>**Contact through counsel for the CMs**<br>Compal Electronics, Inc.<br>Nos. 581 & 581-1, Ruiguang Road, | Apple and the CMs expect Ms. Wu to testify about Compal's product development and manufacturing activities; Compal's business relationship and interactions with its customers and other entities; Compal's royalty reporting; Compal's corporate history and structure; topics discussed at deposition; and matters relating to Qualcomm's claims. |

| | |
|---|---|
| Neihu District, Taipei City, 11492, Taiwan | |
| Chen, Vincent<br><br>**Contact through counsel for the CMs**<br><br>Hon Hai Precision Industry Co., Ltd. and FIH Mobile Ltd.<br><br>No. 66, Zhongshan Road, Tucheng Industrial Zone, Tucheng District, New Taipei City, Taiwan | Apple and the CMs expect Mr. Chen to testify about Foxconn's license and other agreements with Qualcomm; Foxconn's product development and manufacturing activities; Foxconn's corporate history and structure; topics discussed at deposition. |
| Chiang, Michael<br><br>**Contact through counsel for the CMs**<br><br>Hon Hai Precision Industry Co., Ltd. and FIH Mobile Ltd.<br><br>No. 66, Zhongshan Road, Tucheng Industrial Zone, Tucheng District, New Taipei City, Taiwan | Apple and the CMs expect Mr. Chiang to testify about Foxconn's corporate history and structure; Foxconn's manufacturing and product development activities; Foxconn's business relationship and interactions with its customers and other entities; Foxconn's license agreements and related issues and activities; topics discussed at deposition; and matters relating to Qualcomm's claims. |
| Chih, Calvin<br><br>**Contact through counsel for the CMs**<br><br>Hon Hai Precision Industry Co., Ltd. | Apple and the CMs expect Mr. Chih to testify about Foxconn's corporate history and structure and generally address Foxconn's manufacturing and product development activities, Foxconn's business relationship and interactions with its customers and other entities, Foxconn's license |

| | |
|---|---|
| and FIH Mobile Ltd. No. 66, Zhongshan Road, Tucheng Industrial Zone, Tucheng District, New Taipei City, Taiwan | agreements and related issues and activities, topics discussed at deposition, and matters relating to Qualcomm's claims. |
| Huang, Justin **Contact through counsel for the CMs** Hon Hai Precision Industry Co., Ltd. and FIH Mobile Ltd. No. 66, Zhongshan Road, Tucheng Industrial Zone, Tucheng District, New Taipei City, Taiwan | Apple and the CMs expect Mr. Huang to testify about Foxconn's license agreements with and royalty reporting to entities, including Qualcomm, and related issues; Foxconn's corporate history and structure; Foxconn's manufacturing and product development activities and business strategy; Foxconn's business relationship and interactions with its customers and other entities; topics discussed at deposition; and matters relating to Qualcomm's claims. |
| Bai, Jessie **Contact through counsel for the CMs** Pegatron Corporation 5F, No. 76, Ligong Street, Beitou District, Taipei City 112, Taiwan | Apple and the CMs expect Ms. Bai to testify about Pegatron's chip procurement activities; Pegatron's product development and manufacturing activities; Pegatron's agreements with component suppliers, including Qualcomm; Pegatron's business relationship and interactions with its customers and other entities; Pegatron's corporate history and structure; topics discussed at deposition; and matters relating to Qualcomm's claims. |
| Chao, Lily **Contact through counsel for the CMs** | Apple and the CMs expect Ms. Chao to testify about Pegatron's license and other agreements, including with Qualcomm, and related issues; Pegatron's royalty payments and reporting; Qualcomm's audit disputes with Pegatron; Pegatron's product development and manufacturing |

| | |
|---|---|
| Pegatron Corporation 5F, No. 76, Ligong Street, Beitou District, Taipei City 112, Taiwan | activities; Pegatron's interactions with governmental agencies investigating Qualcomm; Pegatron's corporate history and structure; Pegatron's business relationship and interactions with its customers and other entities; topics discussed at deposition; and matters relating to Qualcomm's claims. |
| Liu, Brenda **Contact through counsel for the CMs** Pegatron Corporation 5F, No. 76, Ligong Street, Beitou District, Taipei City 112, Taiwan | Apple and the CMs expect Ms. Liu to testify about Pegatron's corporate history and structure; Pegatron's product development and manufacturing activities; Pegatron's business relationship and interactions with its customers and other entities, including Apple; Pegatron's patent license and other agreements with Qualcomm, and related issues; Qualcomm's audit disputes with Pegatron; Pegatron's interactions with governmental agencies investigating Qualcomm; topics discussed at deposition; and matters relating to Qualcomm's claims. |
| Wang, Renee **Contact through counsel for the CMs** Pegatron Corporation 5F, No. 76, Ligong Street, Beitou District, Taipei City 112, Taiwan | Apple and the CMs expect Ms. Wang to testify about Pegatron's patent license and other agreements, including with Qualcomm, and related issues; Pegatron's royalty payments and reporting; Qualcomm's audit disputes with Pegatron; Pegatron's interactions with governmental agencies; Pegatron's corporate history and structure; topics discussed at deposition; and matters relating to Qualcomm's claims. |
| Yao, Denese **Contact through counsel for the CMs** Pegatron Corporation 5F, No. 76, Ligong | Apple and the CMs expect Ms. Yao to testify about Pegatron's product development and manufacturing activities; Pegatron's business relationship and interactions with its customers and other entities; Pegatron's corporate history and structure; topics discussed at deposition; and matters relating to Qualcomm's claims. |

| | |
|---|---|
| Street, Beitou District, Taipei City 112, Taiwan | |
| Huang, Eric **Contact through counsel for the CMs** Wistron Corporation 21F, No. 88, Sec. 1, Hsintai 5th Rd., Hsichih, New Taipei City 22181, Taiwan | Apple and the CMs expect Mr. Huang to testify about Wistron's patent license and other agreements, including with Qualcomm, and related issues (including negotiation of Wistron's patent license agreement with Qualcomm); Wistron's manufacturing and product development activities; discussions regarding choice of modem chips for cellular devices; Wistron's chip procurement activities; Wistron's R&D with respect to cellular mobile devices; Wistron's business relationship and interactions with its customers and other entities; Wistron's corporate structure and history; topics discussed at deposition; and matters relating to Qualcomm's claims. |
| Shen, David **Contact through counsel for the CMs** Wistron Corporation 21F, No. 88, Sec. 1, Hsintai 5th Rd., Hsichih, New Taipei City 22181, Taiwan | Apple and the CMs expect Mr. Shen to testify about Wistron's product development and manufacturing activities; Wistron's business relationship and interactions with its customers and other entities; Wistron's patent license agreement with Qualcomm and related issues (including royalties and negotiation or renegotiation of such license); Wistron's corporate history and structure; topics discussed at deposition; and matters relating to Qualcomm's claims. |
| Wang, Selena **Contact through counsel for the CMs** Wistron Corporation 21F, No. 88, Sec. 1, Hsintai 5th Rd., Hsichih, New Taipei City 22181, Taiwan | Apple and the CMs expect Ms. Wang to testify about Wistron's manufacturing and product development activities, including of Apple products; Wistron's business relationship and interactions with its customers and other entities; Wistron's patent license agreement with entities, including Qualcomm, and related issues; topics discussed at deposition; and matters relating to Qualcomm's claims. |

| Ma, Eric (by deposition) | Topics discussed at deposition. |
|---|---|
| Tien, Shawn (by deposition) | Topics discussed at deposition. |
| **QUALCOMM CURRENT AND FORMER EMPLOYEES** | |
| Achour, Baaziz<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Achour to testify about Qualcomm's modem chip engineering; competition in the relevant markets for baseband processor chipsets; alleged business justifications for Qualcomm's conduct and contractual provisions, including the absence of any justification for exclusivity with Apple; Qualcomm's "no license, no chips" policy; competitive effects and causation; topics discussed at deposition; and matters relating to Qualcomm's counterclaims. |
| Altman, Jeff<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Altman to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's business practices and objectives regarding WiMAX; Qualcomm's "no license, no chips" policy; Qualcomm's licensing of cellular SEPs and other patents, and its views on licensing and FRAND; Qualcomm's use of "strategic funds", "marketing funds", and other rebates; Qualcomm's relationships with Authorized Purchasers; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; Qualcomm's interactions with potential and actual customers and licensees, including Apple, VIA Telecom, and MediaTek; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Altman, Steven<br><br>AJL Investments, LLC<br><br>18386 Santa Eugenia St, Fountain Valley, CA 92708<br><br>(714) 593-6409 | Apple and the CMs expect Mr. Altman to testify about Qualcomm's IP strategy, including its "no license, no chips" policy; Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; Qualcomm's concerns about Intel and other potential and actual competitors as a competitive threat, and measures taken in response to that threat; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |

| | | |
|---|---|---|
| Blecker, Marvin | 12824 Silver Acacia Place, San Diego 92130 | *Telephone number unknown* |

| | |
|---|---|
| Blecker, Marvin<br>12824 Silver Acacia Place, San Diego 92130<br>*Telephone number unknown* | Apple and the CMs expect Mr. Blecker to testify about the negotiation of agreements with Apple, including the Marketing Incentive Agreement; Qualcomm's business practices and objectives regarding WiMAX; Qualcomm's "no license, no chips" policy; Qualcomm's use of marketing funds, strategic funds, incentive funds, and other rebates; Qualcomm's licensing of cellular SEPs and other patents, and its views on licensing and FRAND; Qualcomm's attempts to evade patent exhaustion; the relationship between Qualcomm Inc. and other Qualcomm entities; Qualcomm's relationships with Authorized Purchasers; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; Qualcomm's threats to cut off supply to unlicensed customers; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Casaccia, Lorenzo<br>Avenida de Europa 4, Planta Baja B Edificio Bruselas, Parque Empresarial La Maraleja, Madrid, 28108, Spain<br>+39-06-49218121 | Apple and the CMs expect Mr. Casaccia to testify about cellular standard-setting organizations and cellular standards; Qualcomm's contributions to cellular technology, its opinions thereof, and the correctness of those opinions; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Chae-Banks, Yunhui<br>5775 Morehouse Dr., San Diego, CA 92121<br>(858) 845-4100 | Apple and the CMs expect Mr. Chae-Banks to testify about Qualcomm's business relationship with the CMs, including the negotiation of the CMs' SULAs; Qualcomm's "no license, no chips" policy; and topics discussed at deposition. |
| Chen, Liren<br>5775 Morehouse Dr., San Diego, CA 92121<br>(858) 845-4100 | Apple and the CMs expect Mr. Chen to testify about Qualcomm's patent portfolio, including its categorization, rating, and tracking of patents; comparisons of Qualcomm's patent portfolio to the portfolios of other companies; Qualcomm's technical-claim-chart information provided to Apple during licensing negotiations; Qualcomm's attempts to |

| | |
|---|---|
| | evade patent exhaustion; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Dwight, Deborah<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Ms. Dwight to testify about Qualcomm's business relationship with the CMs, including the negotiation of the CMs' SULAs; Qualcomm's "no license, no chips" policy; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Grob, Matthew<br><br>XCOM<br><br>9530 Towne Centre Dr., San Diego, CA 92121 | Apple and the CMs expect Mr. Grob to testify about Qualcomm's strategy regarding cellular technology and standards, the inventorship, conception, reduction to practice; diligence in reduction to practice of the purported invention disclosed and claimed in United States Patent No. 6,556,549; the claimed subject matter of this patent; the construction of the claims of this patent; the prior art to this patent and the state of the art at the time the alleged invention was made; the prosecution of the application that led to this patent; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Gupta, Kirti<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Ms. Gupta to testify about Qualcomm's forward citation methodology and its conversations and advocacy regarding this methodology; Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; competition in the relevant markets for baseband processor chipsets; licensing of cellular SEPs or other patents; Qualcomm's sales to or licensing agreements with licensees, Apple, or other device manufacturers; Qualcomm's "no license, no chips" policy; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Han, John<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Han to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; Qualcomm's licensing practices for cellular and Wi-Fi patents; Qualcomm's use of marketing funds, strategic funds, incentive funds, and other rebates; changes to |

| | |
|---|---|
| | Qualcomm's business practices; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Lederer, Jim<br><br>Entegris, Inc.<br><br>325 N Wiget Ln #140, Walnut Creek, CA 94598<br><br>(800) 394-4083 | Apple and the CMs expect Mr. Lederer to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; Qualcomm's sales and business practices relating to baseband processor chipsets; competition in the relevant markets for baseband processor chipsets; Qualcomm's use of marketing funds, strategic funds, incentive funds, and other rebates; the allocation of these funds between QTL and QCT; Qualcomm's relationships with Authorized Purchasers; Qualcomm's sales to or licensing agreements with licensees, Apple, or other device manufacturers; the importance to Qualcomm of having Apple as a customer; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Martin, Roger<br><br>Enduragive<br><br>1220 Pacific Ln., Del Mar, CA 92121 | Apple and the CMs expect Mr. Martin to testify about Qualcomm's patent portfolio, including its categorization, rating, and tracking of patents; Qualcomm's use of forward citations to evaluate the value of Qualcomm's patents; Qualcomm's "no license, no chips" policy; cellular SSOs and intellectual property rights policies; patent essentiality, exhaustion, infringement, ownership, scope and validity; Qualcomm's licensing strategy and practices; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Mehta, Sanjay<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Mehta to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; Qualcomm's licensing of cellular SEPs and other patents, and its views on licensing and FRAND; Qualcomm's sales and business practices relating to baseband processor chipsets and licensing; the relationship between Qualcomm Inc. and other Qualcomm entities; competition in the relevant markets for baseband processor chipsets; Qualcomm's sales to or licensing agreements with licensees, Apple, or other device manufacturers; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |

| | |
|---|---|
| Pilgram, Ryan<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Pilgram to testify about Qualcomm's audits and royalty examinations of the CMs; Qualcomm's audit disputes with the CMs and Apple; Pricewaterhouse Cooper's activities as Qualcomm's auditor; Qualcomm's oversight of its auditors' activities; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Qian, Kun<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Qian to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; the uniqueness of Qualcomm's business model; Qualcomm's sales and business practices relating to baseband processor chipsets and licensing; competition in the relevant markets for baseband processor chipsets; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Robinson, Hank<br><br>HSR Tech Advisor Inc.<br><br>1810 E Sahara Ave Ste 214, Las Vegas, 89104 NV | Apple and the CMs expect Mr. Robinson to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; Qualcomm's licensing of cellular SEPs and other patents, and its views on licensing and FRAND; Qualcomm's use of incentives, including chipset purchase incentives, and the relationship thereof to royalties; the relationship between Qualcomm Inc. and other Qualcomm entities; competition in the relevant markets for baseband processor chipsets; Qualcomm's concerns and beliefs about Intel and other actual and potential competitors as a competitive threat, and actions taken as a result; the anticompetitive effects of Qualcomm's royalties and pricing policies; Qualcomm's relationships with Authorized Purchasers; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; Qualcomm's patents; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Rogers, Alex | Apple and the CMs expect Mr. Rogers to testify about Qualcomm's decision to withhold BCP Payments from Apple in 2016; Qualcomm's demand that Apple alter its |

| | |
|---|---|
| 5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | testimony to the KFTC in exchange for release of the BCP Payments; Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; Qualcomm's licensing of cellular SEPs and other patents, and its views on licensing and FRAND; the value of Qualcomm's patents; Qualcomm's royalty rates and practices the relationship between Qualcomm Inc. and other Qualcomm entities; Qualcomm's relationships with Authorized Purchasers; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; Qualcomm's patents, topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Rosenberg, Donald<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Rosenberg to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; the uniqueness of Qualcomm's business model; Qualcomm's licensing of cellular SEPs and other patents, and its views on licensing and FRAND; Qualcomm's lobbying and PR efforts before and during litigation with Apple; Qualcomm's relationships with foreign companies; law enforcement agencies' investigations of Qualcomm; the relationship between Qualcomm Inc. and other Qualcomm entities; Qualcomm's withholding of BCP Payments to Apple; Qualcomm's relationships with Authorized Purchasers; Qualcomm's sales or licensing agreements with licensees, Apple, or other device manufacturers; Qualcomm's patents; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Saam, Henry<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Saam to testify about Qualcomm's competitive analyses regarding cellular products, product planning, roadmap planning, and potential competitors including MediaTek; Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; Qualcomm's "no license, no chips" policy; Qualcomm's sales and business practices relating to baseband processor chipsets and licensing; the relationship between Qualcomm Inc. and other Qualcomm entities; competition in the relevant markets for baseband processor chipsets; licensing of cellular SEPs or other patents; |

| | |
|---|---|
| | Qualcomm's sales to or licensing agreements with licensees, Apple, or other device manufacturers; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Thompson, James<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Thompson to testify about Qualcomm's R&D, marketing, and commercialization of cellular chipsets; Qualcomm's baseband processor chipset roadmaps; competition in the relevant markets for baseband chipsets; Qualcomm's "no license, no chips" policy; the impact of QTL's practices on QCT; Qualcomm's chipset engineering and related customer support; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Tiedemann, Edward<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Tiedemann to testify about Qualcomm's interactions with SSOs and contribution to cellular standards; Qualcomm's decision to support CDMA-based technologies instead of OFDM-based technologies; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |
| Willenegger, Serge<br><br>5775 Morehouse Dr., San Diego, CA 92121<br><br>(858) 845-4100 | Apple and the CMs expect Mr. Willenegger to testify about Qualcomm's cellular chipset licensing practices; Qualcomm's cellular intellectual property rights policies; topics discussed at deposition; and topics related to Qualcomm's counterclaims. |

| | |
|---|---|
| Attar, Rashid (by deposition) | Topics discussed at deposition. |
| Au, Jean Put Ling (by deposition) | Topics discussed at deposition. |
| Bender, Paul E. (by deposition) | Topics discussed at deposition. |
| Bharadwaj, Arjun (by deposition) | Topics discussed at deposition. |
| Bhushan, Naga (by deposition) | Topics discussed at deposition. |
| Blanz, Josef J. (by deposition) | Topics discussed at deposition. |
| Cathey, James (by deposition) | Topics discussed at deposition. |
| Chandrasekher, Anand (by deposition) | Topics discussed at deposition. |

| | |
|---|---|
| Chen, Victoria (by deposition) | Topics discussed at deposition. |
| Chun, Miran (by deposition) | Topics discussed at deposition. |
| Cobb, Greg (by deposition) | Topics discussed at deposition. |
| Davis, George (by deposition) | Topics discussed at deposition. |
| Dickey, Cliff (by deposition) | Topics discussed at deposition. |
| Dill, Roel (by deposition) | Topics discussed at deposition. |
| Doh, James (by deposition) | Topics discussed at deposition. |
| Dwight, Deborah (by deposition) | Topics discussed at deposition. |
| Escott, Adrian (by deposition) | Topics discussed at deposition. |
| Esteves, Eduardo A. S. (by deposition) | Topics discussed at deposition. |
| Gorokhov, Alexei (by deposition) | Topics discussed at deposition. |
| Hahn, Harold (by deposition) | Topics discussed at deposition. |
| Hartogs, Michael (by deposition) | Topics discussed at deposition. |
| Jha, Sanjay (by deposition) | Topics discussed at deposition. |
| Katouzian, Alex (by deposition) | Topics discussed at deposition. |
| Kressin, Keith (by deposition) | Topics discussed at deposition. |
| Lopez-Hodoyan, Mauricio (by deposition) | Topics discussed at deposition. |
| Lott, Christopher Gerard (by deposition) | Topics discussed at deposition. |
| Lupin, Louis (by deposition) | Topics discussed at deposition. |
| Morris, Anthony (by deposition) | Topics discussed at deposition. |
| Nash, David (by deposition) | Topics discussed at deposition. |
| Olsen, Amy (by deposition) | Topics discussed at deposition. |
| Padovani, Roberto (by deposition) | Topics discussed at deposition. |

| | |
|---|---|
| Pandya, Sandeep (by deposition) | Topics discussed at deposition. |
| Roberts, Brandon (by deposition) | Topics discussed at deposition. |
| Rouse, Thomas R. (by deposition) | Topics discussed at deposition. |
| Sambhwani, Sharad Deepak (by deposition) | Topics discussed at deposition. |
| Samimi, Abbaseh (by deposition) | Topics discussed at deposition. |
| Schieffelin, Pamela (by deposition) | Topics discussed at deposition. |
| Sinder, Daniel (by deposition) | Topics discussed at deposition. |
| Skiver, Gerald (by deposition) | Topics discussed at deposition. |
| Teague, Edward Harrison (by deposition) | Topics discussed at deposition. |
| Thoreson, Gunnar (by deposition) | Topics discussed at deposition. |
| Tibbits, Nathan (by deposition) | Topics discussed at deposition. |
| Wadrzyk, Mark (by deposition) | Topics discussed at deposition. |
| Weiser, Jonathan (by deposition) | Topics discussed at deposition. |
| Wyatt, William (by deposition) | Topics discussed at deposition. |
| **THIRD-PARTY WITNESSES** | |
| Blaylock, Richard<br><br>Pillsbury Winthrop Shaw Pittman LLP<br><br>12255 El Camino Real #300, San Diego, CA 92130<br><br>(585) 509-4000 | Apple and the CMs expect Mr. Blaylock to testify about Qualcomm's licensing practices and threats to cut off supply of baseband processor chipsets to customers who do not sign licenses; licensing practices in the cellular industry; competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof, the anticompetitive effects of Qualcomm's practices on ZTE; and topics discussed at deposition. |
| Constantine, Kevin<br><br>Intel | Apple and the CMs expect Mr. Constantine to testify about Intel's ability to meet Apple's baseband chipset requirements; the benefits to Intel from doing business with Apple, licensing practices in the cellular industry; baseband |

| | |
|---|---|
| 2200 Mission College Blvd. Santa Clara, CA 95054 (408) 765-8080 | processor chipset engineering; competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on Intel; and topics discussed at deposition. |
| Ding, Jianxin (Jason) Huawei/HiSilicon Section H, Huawei Industrial Base, Bantian, Longgang District, Shenzhen, Guangdong 518129 86-755-2878-0808 | Apple and the CMs expect Mr. Ding to testify about Qualcomm's licensing negotiations with Huawei and Qualcomm's threats to cut off baseband chipset supply unless Huawei agreed to sign a license; licensing practices in the cellular industry; baseband processor chipset engineering; competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on Huawei; and topics discussed at deposition. |
| Grubbs, John BlackBerry 5030 Riverside Dr., Irving, TX 75039 (972) 373-1700 | Apple and the CMs expect Mr. Grubbs to testify about Qualcomm's licensing negotiations with Blackberry; the supra-FRAND terms of Blackberry's SULA; Blackberry's valuation of Qualcomm's SEPs; licensing practices in the cellular industry; competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on Blackberry; and topics discussed at deposition. |
| Hong, Eushuk (Andrew) Samsung 129 Samsung-Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, South Korea 16677 82-32-279-0962 | Apple and the CMs expect Mr. Hong to testify about Qualcomm's refusal to provide Samsung a chipset-level license and its impact on Samsung's modem development; Qualcomm's conditioning any agreement on delayed entry by Samsung and other conditions; licensing practices in the cellular industry; baseband processor chipset engineering; competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on Samsung; and topics discussed at deposition. |

| | |
|---|---|
| Keddy, Asha<br>Intel<br>2200 Mission College Blvd., Santa Clara, CA 95054<br>(408) 765-8080 | Apple and the CMs expect Ms. Keddy to testify about Intel's involvement in the SSO process and its development and leadership in 4G and 5G technologies; WiMAX and Qualcomm's efforts to impede its adoption; licensing practices in the cellular industry; baseband processor chipset engineering; competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on Intel; and topics discussed at deposition. |
| Kim, Yooseok<br>Samsung<br>129 Samsung-Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, South Korea 16677<br>82-32-279-0962 | Apple and the CMs expect Mr. Kim to testify about Qualcomm's refusal to provide Samsung a chipset-level license and its impact on Samsung's modem development; Qualcomm's conditioning any agreement on delayed entry by Samsung and other conditions; Qualcomm's lawsuit against Meizu in retaliation for Meizu's decision to source baseband chipsets from Samsung; licensing practices in the cellular industry; baseband processor chipset engineering; competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on Samsung; and topics discussed at deposition. |
| Lee, Injung<br>Samsung<br>129 Samsung-Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, South Korea 16677<br>82-32-279-0962 | Apple and the CMs expect Mr. Lee to testify about Qualcomm's refusal to provide Samsung a chipset-level license and its impact on Samsung's modem development; licensing practices in the cellular industry; baseband processor chipset engineering; competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on Samsung; and topics discussed at deposition. |
| Lindner, Thomas<br>Intel | Apple and the CMs expect Mr. Lindner to testify about the benefits of working with Apple; Intel's role in the CDMA market; differences between Qualcomm's and other licensors' approaches to licensing; licensing practices in the |

| | |
|---|---|
| Südwestpark 2-4, 90449 Nürnberg, Germany<br><br>+49 911 37880 | cellular industry; baseband processor chipset engineering, competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on Intel; and topics discussed at deposition. |
| Maghame, Taraneh<br><br>Via Licensing<br><br>456 Montgomery St, San Francisco, CA 94104<br><br>(415) 645-4700 | Apple and the CMs expect Ms. Maghame to testify about Apple's licensing framework; the FRAND promise and its interpretation in the industry; the evolution of Apple's approach to SEP licensing; licensing practices in the cellular industry, including changes thereof over time; baseband processor chipset engineering, competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of Qualcomm's practices on VIA; and topics discussed at deposition. |
| Renduchintala, Murthy<br><br>Accenture<br><br>415 Mission St floor 35, San Francisco, CA 94105<br><br>(415) 537-5000 | Apple and the CMs expect Mr. Renduchintala to testify about Qualcomm's business model, practices, procedures, operations, revenues, profits and costs; the anticompetitive effects of Qualcomm's practices on Intel; Qualcomm's licensing of cellular SEPs and other patents, and its views on licensing and FRAND; competition in the relevant markets for baseband processor chipsets; Qualcomm's relationships with Authorized Purchasers; Qualcomm's sales to or licensing agreements with licensees, Apple, or other device manufacturers; and topics discussed at deposition. |
| Talla, Deepu<br><br>NVIDIA<br><br>2730 San Tomas Expy., Santa Clara, CA 95051<br><br>(408) 486-2000 | Apple and the CMs expect Mr. Talla to testify about competition or the absence thereof in the baseband chipset market; the reasons for Nvidia's exit from the market; Qualcomm's dominance in the CDMA chipset market; the importance of Apple as a customer; licensing practices in the cellular industry; baseband processor chipset engineering; competition in the relevant markets for baseband processor chipsets; Qualcomm's policies and practices relating to the sale and licensing of baseband processor chipsets and the competitive effects thereof; the anticompetitive effects of |

|  | Qualcomm's practices on Nvidia, and topics discussed at deposition. |
|---|---|
| Ahn, Seung Ho (by deposition) | Topics discussed at deposition. |
| Bhushan, Mohit (by deposition) | Topics discussed at deposition. |
| Cheng, Xuxin (by deposition) | Topics discussed at deposition. |
| Efstathiou, Chris (by deposition) | Topics discussed at deposition. |
| Eul, Hermann (by deposition) | Topics discussed at deposition. |
| Hayter, Dana (by deposition) | Topics discussed at deposition. |
| Johnson, Christopher (by deposition) | Topics discussed at deposition. |
| Kalkman, John (by deposition) | Topics discussed at deposition. |
| Kang, Hojin (Alex) (by deposition) | Topics discussed at deposition. |
| Loh, Kou-Hung (Lawrence) (by deposition) | Topics discussed at deposition. |
| Martikainen, Susanna (by deposition) | Topics discussed at deposition. |
| Miller, Todd (by deposition) | Topics discussed at deposition. |
| McElvaine, Ranae (by deposition) | Topics discussed at deposition. |
| McGregor, Scott (by deposition) | Topics discussed at deposition. |
| Murray, Owen (by deposition) | Topics discussed at deposition. |
| Petersson, Christina (by deposition) | Topics discussed at deposition. |
| Rahnasto, Ilkka (by deposition) | Topics discussed at deposition. |
| Rango, Robert (by deposition) | Topics discussed at deposition. |
| Rubin, Andy (by deposition) | Topics discussed at deposition. |
| Shen Nan (Spencer) (by deposition) | Topics discussed at deposition. |
| Tonini, Pamela (by deposition) | Topics discussed at deposition. |
| Varadarajan, Godavarthi (by deposition) | Topics discussed at deposition. |

| Wang, Li Qiang (Richard) (by deposition) | Topics discussed at deposition. |
| Weiler, Dirk (by deposition) | Topics discussed at deposition. |
| Wolff, Stefan (by deposition) | Topics discussed at deposition. |
| Yu, Nanfen (Nancy) (by deposition) | Topics discussed at deposition. |
| Zander, Martin (by deposition) | Topics discussed at deposition. |
| **EXPERT WITNESSES** | |
| Akl, Robert<br><br>**Contact through counsel for Apple and the CMs**<br><br>Harvard University, 33 Oxford St., Cambridge, MA 02138<br><br>(617) 495-4390 | Apple and the CMs expect Dr. Akl to provide rebuttal testimony, to the extent that Qualcomm's expert William Michalson is permitted to and does testify, regarding Dr. Michalson's failure to show that 16 Qualcomm "exemplary patents" related to the area of location tracking and location-based services provide Apple, the CMs and consumers any value, including because Dr. Michalson has not shown that Apple, the CMs, or any consumers use the technology of the 16 Qualcomm "exemplary patents" and because the 16 "exemplary patents" are likely invalid.<br><br>Apple and the CMs further expect Dr. Akl to provide rebuttal testimony, to the extent that Qualcomm's expert Jeffrey Andrews is permitted to and does testify, regarding Dr. Andrews's failure to show that 34 Qualcomm "exemplary patents" related to the areas of waveform, carrier aggregation, heterogeneous networks, and unlicensed spectrum are particularly fundamental and/or important to any telecommunications standard, including because Dr. Andrews has not shown that the technology of the Qualcomm "exemplary patents" are essential to any portion of any telecommunications standard, because the 34 "exemplary patents" are invalid, and/or because patents owned by other companies are comparably fundamental and/or important to the same areas of telecommunications standards identified by Dr. Andrews. |
| Choi, David<br><br>**Contact through counsel for Apple and the CMs** | Apple and the CMs expect Dr. Choi to provide rebuttal testimony, to the extent that Qualcomm's expert Massoud Pedram is permitted to and does testify, regarding Dr. Pedram's failure to show that 68 Qualcomm "exemplary patents" related to the area of power management provide |

| | | |
|---|---|---|
| 1 2 3 4 | 2706 Winding Trail Place, Boulder, CO 80304. (858) 352-8889 | Apple, the CMs or consumers any value, including because Dr. Pedram has not shown that Apple, the CMs, or any consumers use the technology of the 68 Qualcomm "exemplary patents" and because the 68 "exemplary patents" are likely invalid. |
| 5 6 7 8 9 10 | Lanning, Mark **Contact through counsel for Apple and the CMs** 4 Eagles Nest, Greenville, TX 75402-9027 (903) 454-3399 | Apple and the CMs expect Mr. Lanning to provide rebuttal testimony, to the extent that Qualcomm's experts Dr. Gitlin and Dr. Jayant are permitted to and do testify, regarding Dr. Gitlin's and Dr. Jayant's failure to show that certain of Qualcomm's SEP are essential to any cellular standard and are invalid and/or not important. |
| 11 12 13 14 15 16 17 18 19 | Rodermund, Friedhelm **Contact through counsel for Apple and the CMs** IOTECC GmbH Am Steiner Graben 18, 56077 Koblenz, Germany +49 172 2606489 | Apple and the CMs expect Mr. Rodermund to testify regarding the meaning of Qualcomm's FRAND commitment to ETSI; the history and proper interpretation of ETSI policies, including its intellectual rights policy; industry practice as it relates to the FRAND commitment; rebuttal to Qualcomm's experts on these topics, to the extent Qualcomm's experts are permitted to and do testify about them; and topics discussed at deposition. |
| 20 21 22 23 24 25 26 27 28 | Sears, Andrew **Contact through counsel for Apple and the CMs** 332 Information Sciences and Technology Building University Park, PA 16802 (410) 802-5045 | Apple and the CMs expect Dr. Sears to provide rebuttal testimony, to the extent that Qualcomm's expert Daniel Wigdor is permitted to and does testify, regarding Dr. Wigdor's failure to show that 22 Qualcomm "exemplary patents" related to the area of user interfaces and mobile device software provide Apple, the CMs and consumers any value, including because Dr. Wigdor has not shown that Apple, the CMs, or any consumers use the technology of the 22 Qualcomm "exemplary patents" and because the 22 "exemplary patents" are likely invalid. |

| | |
|---|---|
| Simonson, Itamar<br>**Contact through counsel for Apple and the CMs**<br>Stanford Graduate School of Business, 655 Knight Way, Stanford, CA 94305<br>(650) 723-2146 | Apple and the CMs expect Dr. Simonson to provide rebuttal testimony, to the extent Mr. Prince or Dr. Knittel is permitted to and does testify, regarding the methodological failures of Mr. Prince's conjoint study and Dr. Knittel's failure to account for market definition and brand loyalty in his comparison of iPhone and iPod touch pricing. |
| Stevenson, Robert<br>**Contact through counsel for Apple and the CMs**<br>1961 Camp Madron Rd., Lot 38, Buchanan, MI 49107<br>(574) 339-3514 | Apple and the CMs expect Dr. Stevenson to provide rebuttal testimony, to the extent that Qualcomm's expert Dr. Nikil Jayant is permitted to and does testify, regarding Dr. Jayant's failure to show that 13 Qualcomm "Evaluated Patents" related to the area of speech and video coding provide Apple, the CMs or consumers any value, including because Dr. Jayant has not shown that Apple, the CMs, or any consumers use the technology of the 13 Qualcomm "Evaluated Patents" and because the 13 "Evaluated Patents" are likely invalid. |
| Stoffel-Munck, Philippe<br>**Contact through counsel for the CMs**<br>Université de Paris I (Panthéon Sorbonne)<br>12, place du Panthéon, 75005 Paris, France<br>+33 01 47 00 04 68 | Apple and the CMs expect Mr. Stoffel-Munck to testify about French law and the application of French law to Qualcomm's promises to ETSI; rebuttal to Qualcomm's experts on these topics, to the extent Qualcomm's experts are permitted to and do testify about them; and topics discussed at deposition. |
| Zickler, Todd | Apple and the CMs expect Dr. Zickler to provide rebuttal testimony, to the extent that Qualcomm's expert Ken |

| Contact through counsel for Apple and the CMs<br><br>Harvard University<br><br>33 Oxford St., Cambridge, MA 02138<br><br>(617) 495-4390 | Parulski is permitted to and does testify, regarding Mr. Parulski's failure to show that 19 Qualcomm "exemplary patents" related to the area of digital image processing provide Apple, the CMs and consumers any value, including because Mr. Parulski has not shown that Apple, the CMs, or any consumers use the technology of the 19 Qualcomm "exemplary patents" and because the 19 "exemplary patents" are likely invalid. |
|---|---|

2.  Qualcomm (Fact Witnesses)

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Achour, Baaziz**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA 92121 | Qualcomm expects Mr. Achour will testify about Qualcomm's modem chip business and Qualcomm's modem chip relationship with Apple.<br><br>Mr. Achour will provide live testimony. |
| **Amon, Cristiano**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA 92121 | Qualcomm expects Mr. Amon will testify about Qualcomm's modem chip business, Qualcomm's modem chip sales and competition for modem chip sales and Qualcomm's business relationship with Apple and the CMs, including the negotiation, terms and/or performance of certain contracts or potential contracts.<br><br>Mr. Amon will provide live testimony. |
| **Chae-Banks, Yunhui**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA 92121 | Qualcomm expects Ms. Chae-Banks will testify about Qualcomm's business relationship with the CMs, including the negotiation, terms, and/or performance of certain contracts, and Apple's interference with the CMs' performance of their contracts with Qualcomm.<br><br>Ms. Chae-Banks will provide live testimony. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Chandrasekher, Anand** c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Chandrasekher will testify about Qualcomm's modem chip sales and competition for modem chip sales.<br><br>Mr. Chandrasekher will provide live testimony. |
| **Chun, Miran** Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Chun will testify about Qualcomm's market research, including research regarding consumer preferences.<br><br>Mr. Chun will provide live testimony. |
| **Cobb, Greg** c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Cobb will testify about Qualcomm's business relationship with the CMs, including licensing agreements and component supply agreements.<br><br>Mr. Cobb will provide live testimony. |
| **Davis, George** Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Davis will testify about Qualcomm's finances and accounting.<br><br>Mr. Davis will provide live testimony. |
| **Dickey, Cliff** Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Dickey will testify about Qualcomm's licensing practices, including OEMs' payment of royalties pursuant to their license agreements with Qualcomm.<br><br>Mr. Dickey will provide live testimony. |
| **Dill, Roel** Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Dill will testify about Qualcomm's accounting practices and documents.<br><br>Mr. Dill will provide live testimony. |
| **Doh, Jim** c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Doh will testify about Qualcomm's modem chip sales and competition for modem chip sales.<br><br>Mr. Doh will provide live testimony. |

| Name & Address | Subject Matter &<br>Manner of Testimony |
|---|---|
| **Grob, Matthew**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA 92121 | Qualcomm expects Mr. Grob will testify about Qualcomm's development of and contributions to cellular technologies and standardized cellular technologies, Qualcomm's development of and contributions to consumer and network device technologies, cellular SDOs and cellular standards, Qualcomm's modem chipset engineering and Qualcomm's R&D practices.<br><br>Mr. Grob will provide live testimony. |
| **Gupta, Kirti**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA 92121 | Qualcomm expects Dr. Gupta will testify about Qualcomm's business practices.<br><br>Dr. Gupta will provide live testimony. |
| **Hahn, Hal**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA 92121 | Qualcomm expects Mr. Hahn will testify about Qualcomm's business relationship with the CMs, including licensing agreements.<br><br>Mr. Hahn will provide live testimony. |
| **Hartogs, Michael**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA 92121 | Qualcomm expects Mr. Hartogs will testify about Qualcomm's business relationship with Apple, including the negotiation, terms, and/or performance of certain contracts or potential contracts, Qualcomm's licensing business and practices, and Qualcomm's business relationship with the CMs, including the negotiation, terms, and/or performance of certain contracts or potential contracts, including the CMs' SULAs, and Qualcomm's licensing practices.<br><br>Mr. Hartogs will provide live testimony. |
| **Jha, Sanjay**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA 92121 | Qualcomm expects Mr. Jha will testify about Qualcomm's corporate strategy, Qualcomm's modem chip sales and competition for modem chip sales.<br><br>Mr. Jha will provide live testimony. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Katouzian, Alex**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Katouzian will testify about Qualcomm's modem chip development, modem chip sales and competition for modem chip sales.<br><br>Mr. Katouzian will provide live testimony. |
| **Koliander, Eric**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Koliander will testify about Qualcomm's modem chip sales and competition for modem chip sales, and Qualcomm's business relationship with Apple, including the negotiation, terms, and/or performance of certain contracts or potential contracts.<br><br>Mr. Koliander will provide live testimony. |
| **Kressin, Keith**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Kressin will testify about Qualcomm's modem chip engineering, Qualcomm's competition for modem chip sales, Qualcomm's modem chip roadmap and Qualcomm's business relationship with OEMs.<br><br>Mr. Kressin will provide live testimony. |
| **Lederer, James**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Lederer will testify about Qualcomm's business relationship with the CMs, including licensing agreements and component supply agreements.<br><br>Mr. Lederer will provide live testimony. |
| **Lopez-Hodoyan, Mauricio**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Lopez-Hodoyan will testify about Qualcomm's competition for modem chip sales.<br><br>Mr. Lopez-Hodoyan will provide live testimony. |
| **Lupin, Louis**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Lupin will testify about Qualcomm's licensing practices, including the negotiation, terms, and/or performance of certain contracts or potential contracts, Qualcomm's business relationship with certain OEMs, and Qualcomm's interactions with and communications with SDOs.<br><br>Mr. Lupin will provide live testimony. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Martin, Roger** c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Martin will testify about Qualcomm's IP policies, Qualcomm's evaluation of and technical information related to its patents, including but not limited to patents relevant to litigation with Apple, Qualcomm's patent portfolio, and Qualcomm's contributions to cellular and non-cellular technologies.<br><br>Mr. Martin will provide live testimony. |
| **Mehta, Sanjay** Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Mehta will testify about Qualcomm's corporate strategy and Qualcomm's modem chip sales and competition for modem chip sales.<br><br>Mr. Mehta will provide live testimony. |
| **Nash, David** Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Nash will testify about Qualcomm's business relationships with network carriers.<br><br>Mr. Nash will provide live testimony. |
| **Olsen, Amy** Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Ms. Olsen will testify about Qualcomm's licensing practices.<br><br>Ms. Olsen will provide live testimony. |
| **Padovani, Roberto** c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Dr. Padovani will testify about Qualcomm's pivotal role in developing innovative cellular technologies for the past three decades, including Qualcomm's contributions to cellular technologies and standardized cellular technologies, Qualcomm's contributions to consumer and network device technologies, cellular SDOs and cellular standards, and Qualcomm's R&D practices<br><br>Dr. Padovani will provide live testimony. |
| **Pandya, Sandeep** c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Pandya will testify about Qualcomm's chipset engineering efforts, including engineering efforts for Apple, Qualcomm's modem chip sales, and competition for modem chip sales.<br><br>Mr. Pandya will provide live testimony. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Pilgram, Ryan** Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Pilgram will testify about Qualcomm's business relationship with the CMs, including the performance of certain contracts, and Apple's interference with the CMs' contract performance. Mr. Pilgram will provide live testimony. |
| **Qian, Kun** Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Qian will testify about Qualcomm's modem chip sales and competition for modem chip sales. Mr. Qian will provide live testimony. |
| **Reifschneider, Eric** c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Reifschneider will testify about Qualcomm's licensing business and practices, Qualcomm's strategic business initiatives and Qualcomm's business relationship with Apple. Mr. Reifschneider will provide live testimony. |
| **Robinson, Hank** c/o Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Robinson will testify about Qualcomm's modem chip sales and competition for modem chip sales. Mr. Robinson will provide live testimony. |
| **Saam, Henry** Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Mr. Saam will testify about Qualcomm's competitive analyses for modem chips. Mr. Saam will provide live testimony. |
| **Samimi, Abbaseh** Qualcomm Incorporated 5775 Morehouse Drive San Diego, CA 92121 | Qualcomm expects Ms. Samimi will testify about Qualcomm's business relationship with the CMs, including the performance of certain contracts, and Apple's interference with the CMs' contract performance. Ms. Samimi will provide live testimony. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Sinder, Daniel**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Sinder will testify about Qualcomm's contributions to cellular technologies and standardized technologies, and Qualcomm's contributions to consumer device technologies.<br><br>Mr. Sinder will provide live testimony. |
| **Skiver, Gerald**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Skiver will testify about Qualcomm's business relationship with the CMs, including licensing negotiations.<br><br>Mr. Skiver will provide live testimony. |
| **Thoreson, Gunnar**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Thoreson will testify about Qualcomm's modem chip product planning and competition for modem chip sales.<br><br>Mr. Thoreson will provide live testimony. |
| **Tiedemann, Edward**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Tiedemann will testify about Qualcomm's contributions to cellular technologies, cellular SDOs and cellular standards, and standardized technologies and the standardization process.<br><br>Mr. Tiedemann will provide live testimony. |
| **Wadrzyk, Mark**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Wadrzyk will testify about Qualcomm's patent practices and interactions with SDOs.<br><br>Mr. Wadrzyk will provide live testimony. |
| **Weiser, Jonathan**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Weiser will testify about Qualcomm's modem chip sales and agreements with OEMs concerning modem chip sales, supply and other related agreements.<br><br>Mr. Weiser will provide live testimony. |
| **Wise, David**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Wise will testify about Qualcomm's corporate strategy.<br><br>Mr. Wise will provide live testimony. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Wyatt, Will**<br>Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Qualcomm expects Mr. Wyatt will testify about Qualcomm's modem chip sales and Qualcomm's business model, practices, procedures, operations, revenues, profits and costs generally.<br><br>Mr. Wyatt will provide live testimony. |
| **Apple Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Apple, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Butzow, Tim**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Butzow will testify about Apple's business relationship with Qualcomm, Apple's agreements with Qualcomm relating to modem chipsets and competition in the modem chip industry.<br><br>Mr. Butzow will provide live testimony and/or testimony by deposition designations. |
| **Caballero, Ruben**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Caballero will testify about Apple's business relationship with Qualcomm, competition in the modem chip industry and cellular standards and technologies, including 5G technologies.<br><br>Mr. Caballero will provide live testimony and/or testimony by deposition designations. |
| **Cue, Eddy**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Cue will testify about Apple's technologies, including Apple's web-based technologies.<br><br>Mr. Cue will provide live testimony and/or testimony by deposition designations. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Denney, Deborah**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino CA<br>95014-0642 | Qualcomm expects Ms. Denney will testify about Apple's business relationship with contract manufacturers and Apple operations finance and financial records.<br><br>Ms. Denney will provide live testimony and/or testimony by deposition designations. |
| **Dillon, Sean**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino CA<br>95014-0642 | Qualcomm expects Mr. Dillon will testify about Apple's inducement of regulatory investigations of Qualcomm.<br><br>Mr. Dillon will provide live testimony and/or testimony by deposition designations. |
| **Drance, Kaiaan**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Ms. Drance will testify about Apple's marketing efforts in connection with cellular enabled devices.<br><br>Ms. Drance will provide live testimony and/or testimony by deposition designations. |
| **Gudmundsson, Martin**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Gudmundsson will testify about Apple's business relationship with Qualcomm, Apple's agreements with Qualcomm relating to baseband processor chipsets and Apple's business relationship with contract manufacturers.<br><br>Mr. Gudmundsson will provide live testimony and/or testimony by deposition designations. |
| **Hato, Mie**<br>Media Arts Lab<br>12539 Beatrice St<br>Los Angeles, CA<br>90066 | Qualcomm expects Mr. Hato will testify about Media Arts Lab's business relationship with Apple and Apple's marketing practices.<br><br>Mr. Hato will provide live testimony. |
| **Maghame, Taraneh**<br>Via Licensing Corporation<br>1275 Market Street<br>San Francisco, CA<br>94103 | Qualcomm expects Ms. Maghame will testify about industry practice of licensing cellular SEPs and/or other patents, Apple's licensing practices and SDOs.<br><br>Ms. Maghame will provide testimony by deposition designations. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Mahe, Isabel** <br> Apple Inc. <br> 1 Apple Park Way <br> Cupertino, CA 95014 | Qualcomm expects Ms. Mahe will testify about Apple's business relationship with Qualcomm, competition in the sale of baseband processor chipsets and technical details relating to cellular functionality within Apple's cellular products. <br><br> Ms. Mahe will provide live testimony and/or testimony by deposition designations. |
| **Oppenheimer, Peter** <br> c/o Apple Inc. <br> 1 Apple Park Way <br> Cupertino, CA 95014 | Qualcomm expects Mr. Oppenheimer will testify about Apple's accounting practices, including accounting of Apple's costs and margins for its iPhone and iPad devices. <br><br> Mr. Oppenheimer will provide testimony by deposition designations. |
| **Plotka-Workman, Helene** <br> Apple Inc. <br> 1 Apple Park Way <br> Cupertino, CA 95014 | Qualcomm expects Ms. Plotka-Workman will testify about industry practice of licensing cellular SEPs and/or other patents, Apple's licensing practices and SDOs. <br><br> Ms. Plotka-Workman will provide live testimony and/or testimony by deposition designations. |
| **Sanguinetti, Louie** <br> Apple Inc. <br> 1 Apple Park Way <br> Cupertino, CA 95014 | Qualcomm expects Mr. Sanguinetti will testify about Apple's business relationship with Qualcomm, competition in the sale of baseband processor chipsets and technical details relating to cellular functionality within Apple's cellular products. <br><br> Mr. Sanguinetti will provide live testimony and/or testimony by deposition designations. |
| **Schafer, Aaron** <br> Apple Inc. <br> 1 Apple Park Way <br> Cupertino, CA 95014 | Qualcomm expects Mr. Schafer will testify about Apple's business relationship with Qualcomm, Apple's agreements with Qualcomm relating to baseband processor chipsets, Apple's business relationship with contract manufacturers, competition in the sale of baseband processor chipsets, Apple's inducement of regulatory investigations of Qualcomm and Apple's relationship with Intel. <br><br> Mr. Schafer will provide live testimony and/or testimony by deposition designations. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Schell, Steve** (Formerly of Apple Inc.) Edisun Microgrids 6950 Napa Valley Corporate Way Suite S Napa, CA 94599 | Qualcomm expects Mr. Schell will testify about Apple's technical engineering requirements for its devices' cellular capabilities, Apple's business relationship with Qualcomm and competition in the modem chip industry.<br><br>Mr. Schell will provide live testimony and/or testimony by deposition designations. |
| **Sewell, Bruce** c/o Apple Inc. 1 Apple Park Way Cupertino, CA 95014 | Qualcomm expects Mr. Sewell will testify about Apple's business relationship with Qualcomm, Apple's agreements with Qualcomm relating to baseband processor chipsets, Apple's business relationship with contract manufacturers, industry practice of licensing cellular SEPs and/or other patents, Apple's licensing practices and Apple's inducement of regulatory investigations of Qualcomm.<br><br>Mr. Sewell will provide live testimony and/or testimony by deposition designations. |
| **Srouji, Johny** Apple Inc. 1 Apple Park Way Cupertino, CA 95014 | Qualcomm expects Mr. Srouji will testify about Apple's technical engineering requirements for its devices' cellular capabilities, Apple's business relationship with Qualcomm and competition in the modem chip industry.<br><br>Mr. Srouji will provide live testimony and/or testimony by deposition designations. |
| **Jaynes, Michael** Apple Inc. 1 Apple Park Way Cupertino, CA 95014 | Qualcomm expects Mr. Jaynes will testify about Apple's practices in intellectual property transfer pricing.<br><br>Mr. Jaynes will provide live testimony and/or testimony by deposition designations. |
| **McDevitt, Larry** Apple Inc. 1 Apple Park Way Cupertino, CA 95014 | Qualcomm expects Mr. McDevitt will testify about Apple's accounting practices, including Apple's bill of materials calculations for iPhone and iPad devices.<br><br>Mr. McDevitt will provide live testimony and/or testimony by deposition designations. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Narang, Mohit**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Narang will testify about Apple's iPhone and iPad device engineering and certification work relating to wireless and cellular technologies.<br><br>Mr. Narang will provide live testimony and/or testimony by deposition designations. |
| **Sebeni, Johnson**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Sebeni will testify about Apple's wireless engineering efforts for its iPhone and iPad devices.<br><br>Mr. Sebeni will provide live testimony and/or testimony by deposition designations. |
| **Tom, David**<br>Apple Inc.<br>1 Apple Park Way<br>Cupertino, CA<br>95014 | Qualcomm expects Mr. Tom will testify about Apple's business relationship with Qualcomm, including certain agreements or potential agreements, and Apple's business relationship with component suppliers for iPhone and iPad device.<br><br>Mr. Tom will provide live testimony and/or testimony by deposition designations. |
| **Zaretzki, Lew**<br>Hamilton IP Ventures<br>c/o Apple Inc.<br>1 Apple Park Way<br>Cupertino CA<br>95014-2083 | Qualcomm expects Mr. Zaretzki will testify about industry practice of licensing cellular SEPs and/or other cellular patents, Apple's licensing practices and his consulting work for Apple.<br><br>Mr. Zaretzki has not yet been deposed in this action pending the resolution of Qualcomm's motions regarding certain documents improperly clawed back by Apple.  Upon resolution of those motions, Qualcomm will seek to depose Mr. Zaretzki.  At trial, Mr. Zaretzki will provide live testimony and/or testimony by deposition designations. |
| **Johnson, Chris**<br>Bain & Company<br>415 Mission Street<br>Suite 4800<br>San Francisco, CA<br>94105 | Qualcomm expects Mr. Johnson will testify about Bain's consulting work performed for Intel, including any analyses conducted regarding the modem chip industry and the cellular device industry.<br><br>Mr. Johnson will provide testimony by deposition designations. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Grubbs, John**<br>c/o Blackberry Ltd.<br>2200 University Avenue<br>Waterloo, Ontario<br>N2K 0A2<br>Canada | Qualcomm expects Mr. Grubbs will testify about industry licensing practices and Blackberry's business relationship with Qualcomm.<br><br>Mr. Grubbs will provide testimony by deposition designations. |
| **Rango, Robert**<br>(Formerly of Broadcom Limited)<br>101 Theory #200,<br>Irvine, CA<br>92617 | Qualcomm expects Mr. Rango will testify about competition in the modem chip industry and industry licensing practices.<br><br>Mr. Rango will provide live testimony. |
| **Compal Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Compal, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Peng, Eric**<br>Compal Electronics Co., Ltd.<br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue, 54th Fl.<br>Los Angeles, CA<br>90071 | Qualcomm expects Mr. Peng will testify about all subject matter about which he was designated or asked during his deposition and Compal's corporate history and structure.<br><br>Mr. Peng will provide live testimony and/or testimony by deposition designations. |
| **Tien, Shawn**<br>Compal Electronics Co., Ltd.<br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue, 54th Fl.<br>Los Angeles, CA<br>90071 | Qualcomm expects Mr. Tien will testify about Compal's product marketing, design, development and manufacturing activities, discussions regarding choice of modem chips for cellular devices, Compal's license agreements (including with Qualcomm), Compal's royalty reporting, Qualcomm's audit disputes with Compal and Compal's corporate history and structure.<br><br>Mr. Tien will provide live testimony and/or testimony by deposition designations. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Chang, Rick**<br>Compal Electronics Co., Ltd.<br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue, 54th Fl.<br>Los Angeles, CA 90071 | Qualcomm expects Mr. Chang will testify about Compal's product development and manufacturing activities, chip procurement activities, and corporate history and structure.<br><br>Mr. Chang will provide live testimony and/or testimony by deposition designations. |
| **Lee, Jessica**<br>Compal Electronics Co., Ltd.<br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue, 54th Fl.<br>Los Angeles, CA 90071 | Qualcomm expects Ms. Lee will testify about Compal's patent license agreement with Qualcomm and Qualcomm's royalty audits of Compal.<br><br>Ms. Lee will provide live testimony and/or testimony by deposition designations. |
| **Wu, Ashley**<br>Compal Electronics Co., Ltd.<br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue, 54th Fl.<br>Los Angeles, CA 90071 | Qualcomm expects Ms. Wu will testify about Compal's product development and manufacturing activities and Compal's royalty reporting.<br><br>Ms. Wu will provide live testimony and/or testimony by deposition designations. |
| **Tonini, Pamela**<br>Deloitte & Touche LLP<br>695 Town Center Drive<br>Costa Mesa, CA 92626 | Qualcomm expects Ms. Tonini will testify about Deloitte & Touche's royalty audit work performed on behalf of Qualcomm.<br><br>Ms. Tonini will provide live testimony. |
| **Zander, Martin**<br>Telefonaktiebolaget L.M. Ericsson<br>Kista, Global Headquarters<br>Torshamnsgatan 21<br>164 83 Stockholm<br>Sweden | Qualcomm expects Mr. Zander will testify about industry licensing practices and Ericsson's business relationship with Qualcomm.<br><br>Mr. Zander will provide testimony by deposition designations. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Foxconn Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Foxconn, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Chiang, Michael** Hon Hai Precision Industry Co., Ltd. c/o Gibson, Dunn & Crutcher LLP 333 South Grand Avenue, 54th Fl. Los Angeles, CA 90071 | Qualcomm expects Mr. Chiang will testify about Foxconn's business relationship with Apple, Foxconn's business relationship with Qualcomm, Foxconn's payment and non-payment of royalties to Qualcomm, and Foxconn's meetings with Apple regarding royalties owed to Qualcomm. Mr. Chiang will provide live testimony and/or testimony by deposition designations. |
| **Chih, Calvin** Hon Hai Precision Industry Co., Ltd. c/o Gibson, Dunn & Crutcher LLP 333 South Grand Avenue, 54th Fl. Los Angeles, CA 90071 | Qualcomm expects Mr. Chih will testify about Foxconn's license agreements with cellular patent holders and Foxconn's meetings with Apple regarding royalties owed to Qualcomm. Mr. Chih will provide live testimony and/or testimony by deposition designations. |
| **Huang, Justin** Hon Hai Precision Industry Co., Ltd. c/o Gibson, Dunn & Crutcher LLP 333 South Grand Avenue, 54th Fl. Los Angeles, CA 90071 | Qualcomm expects Mr. Huang will testify about Foxconn's license agreements with Qualcomm, royalty reporting to Qualcomm, corporate strategy, corporate history and corporate structure. Mr. Huang will provide live testimony and/or testimony by deposition designations. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Chen, Vincent**<br>Hon Hai Precision Industry Co., Ltd.<br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue, 54th Fl.<br>Los Angeles, CA 90071 | Qualcomm expects Mr. Chen will testify about Foxconn's license and other agreements with Qualcomm.<br><br>Mr. Chen will provide live testimony and/or testimony by deposition designations. |
| **Lam, Joe**<br>Hon Hai Precision Industry Co., Ltd.<br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue, 54th Fl.<br>Los Angeles, CA 90071 | Qualcomm expects Mr. Lam will testify about Foxconn's product development and manufacturing activities, Foxconn's patent license agreement and other agreements with Qualcomm, Foxconn's audit disputes with Qualcomm, Foxconn's interactions with government agencies and Foxconn's corporate history and structure.<br><br>Mr. Lam will provide live testimony and/or testimony by deposition designations. |
| **Constantine, Kevin**<br>Intel Corporation<br>2200 Mission College Blvd<br>Santa Clara, CA 95054 | Qualcomm expects Mr. Constantine will testify about competition in the modem chip industry, Intel's business relationship with Apple, Apple's technical requirements for its chip suppliers and technical specifications of Intel chips.<br><br>Mr. Constantine will provide testimony by deposition designation. |
| **Eul, Hermann**<br>(Formerly of Intel Corporation)<br>1151 Maplewood Drive<br>Itasca, Illinois 60143 | Qualcomm expects Mr. Eul will testify about competition in the modem chip industry, Intel's business relationship with Apple, Apple's technical requirements for its chip suppliers and technical specifications of Intel chips.<br><br>Mr. Eul will provide testimony by deposition designations. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Keddy, Asha**<br>Intel Corporation<br>2200 Mission College Blvd.<br>Santa Clara, CA 95054 | Qualcomm expects Ms. Keddy will testify about competition in the modem chip industry, Intel's research and development and engineering efforts for 5G technologies, and technical specifications of Intel chips.<br><br>Ms. Keddy will provide testimony by deposition designations. |
| **Lindner, Thomas**<br>Intel Corporation<br>Südwestpark 2-4<br>90449 Nürnberg<br>Germany | Qualcomm expects Mr. Lindner will testify about competition in the modem chip industry, Intel's business relationship with Apple, Apple's technical requirements for its chip suppliers, and technical specifications of Intel chips.<br><br>Mr. Lindner will provide testimony by deposition designations. |
| **Wolff, Stefan**<br>Intel Corporation<br>9380 Carroll Park Drive<br>San Diego, CA 92121 | Qualcomm expects Mr. Wolff will testify about competition in the modem chip industry, Intel's business relationship with Apple, Apple's technical requirements for its chip suppliers and technical specifications of Intel chips.<br><br>Mr. Wolff will provide testimony by deposition designations.[54] |
| **McElvaine, Ranae**<br>InterDigital Communications Corp.<br>200 Bellevue Parkway Suite 300<br>Wilmington, DE 19809 | Qualcomm expects Ms. McElvaine will testify about industry licensing practices.<br><br>Ms. McElvaine will provide testimony by deposition designations. |
| **Bhushan, Mohit**<br>MediaTek Inc.<br>2860 Junction Ave<br>San Jose, CA 95134 | Qualcomm expects Mr. Bhushan will testify about competition in the modem chip industry, MediaTek's business relationship with Apple and industry licensing practices.<br><br>Mr. Bhushan will provide live testimony. |

---

[54] Qualcomm understands that Mr. Wolff is planning to move to Germany in December 2018, and may be unavailable to testify live at trial in this action.

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Loh, Lawrence**<br>MediaTek Inc.<br>2860 Junction Ave<br>San Jose, CA<br>95134 | Qualcomm expects Mr. Loh will testify about competition in the modem chip industry, MediaTek's business relationship with Apple and industry licensing practices.<br><br>Mr. Loh will provide testimony by deposition designations. |
| **Madderom, Todd**<br>Motorola Mobility LLC<br>1295 E Algonquin Road<br>Schaumburg, IL<br>60196 | Qualcomm expects Mr. Madderom will testify about industry licensing practices, Motorola's business relationship with Qualcomm and Motorola's modem chip procurement decisions.<br><br>Mr. Madderom will provide testimony by deposition designations. |
| **Martikainen, Susanna**<br>Nokia, Inc.<br>Karaportti 3<br>02610 Espoo<br>Finland | Qualcomm expects Ms. Martikainen will testify about industry licensing practices and Nokia's business relationship with Qualcomm.<br><br>Ms. Martikainen will provide testimony by deposition designations. |
| **Rahnasto, Ilkka**<br>Nokia, Inc.<br>Karaportti 3<br>02610 Espoo<br>Finland | Qualcomm expects Mr. Rahnasto will testify about industry licensing practices and Nokia's business relationship with Qualcomm.<br><br>Mr. Rahnasto will provide testimony by deposition designations. |
| **Pegatron Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Pegatron, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Chao, Lily** Pegatron Corporation c/o Gibson, Dunn & Crutcher LLP 333 South Grand Avenue, 54th Fl. Los Angeles, CA 90071 | Qualcomm expects Ms. Chao will testify about Pegatron's license and other agreements (including with Qualcomm), Pegatron's royalty payments and reporting, Qualcomm's audit disputes with Pegatron, Pegatron's product development and manufacturing activities, Pegatron's interactions with governmental agencies investigating Qualcomm, and Pegatron's corporate history and structure. Ms. Chao will provide live testimony and/or testimony by deposition designations. |
| **Yang, Monica** Pegatron Corporation c/o Gibson, Dunn & Crutcher LLP 333 South Grand Avenue, 54th Fl. Los Angeles, CA 90071 | Qualcomm expects Ms. Yang will testify about Pegatron's patent license and other agreements (including with Qualcomm), Pegatron's interactions with governmental agencies investigating Qualcomm, and Pegatron's corporate structure and history. Ms. Yang will provide live testimony and/or testimony by deposition designations. |
| **Bai, Jessie** Pegatron Corporation c/o Gibson, Dunn & Crutcher LLP 333 South Grand Avenue, 54th Fl. Los Angeles, CA 90071 | Qualcomm expects Ms. Bai will testify about Pegatron's modem chip procurement practices. Ms. Bai will provide live testimony and/or testimony by deposition designations. |
| **Liu, Brenda** Pegatron Corporation c/o Gibson, Dunn & Crutcher LLP 333 South Grand Avenue, 54th Fl. Los Angeles, CA 90071 | Qualcomm expects Ms. Liu will testify about Pegatron's product development and manufacturing activities, license agreement and other agreements with Qualcomm, audit disputes with Qualcomm and interactions with government agencies. Ms. Liu will provide live testimony and/or testimony by deposition designations. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Wang, Renee** Pegatron Corporation c/o Gibson, Dunn & Crutcher LLP 333 South Grand Avenue, 54th Fl. Los Angeles, CA 90071 | Qualcomm expects Ms. Wang will testify about Pegatron's license agreement and other agreements with Qualcomm, royalty payments and reporting, audit disputes with Qualcomm and interactions with government agencies.<br><br>Ms. Wang will provide live testimony and/or testimony by deposition designations. |
| **Yao, Denese** Pegatron Corporation c/o Gibson, Dunn & Crutcher LLP 333 South Grand Avenue, 54th Fl. Los Angeles, CA 90071 | Qualcomm expects Ms. Yao will testify about Pegatron's business relationship with Apple and Pegatron's meetings with Apple regarding royalties owed to Qualcomm.<br><br>Ms. Yao will provide live testimony and/or testimony by deposition designations. |
| **Blaylock, Richard** Pillsbury Winthrop Shaw Pittman LLP 12255 El Camino Real #300 San Diego, CA 92130 | Qualcomm expects Mr. Blaylock will testify about ZTE's business relationship with Qualcomm.<br><br>Mr. Blaylock will provide live testimony. |
| **Murray, Owen** PricewaterhouseCoopers LLP 199 Fremont Street 7th Fl. San Francisco, CA 94105 | Qualcomm expects Mr. Murray will testify about Qualcomm's royalty audits of the CMs.<br><br>Mr. Murray will provide live testimony and/or testimony by deposition designations. |
| **Ahn, Seungho** Samsung Electronics Co., Ltd. 33 Seongchon-gil, Seocho-gu Seoul 06765 Korea | Qualcomm expects Dr. Ahn will testify about industry licensing practices, Samsung's business relationship with Qualcomm and regulatory investigations of Qualcomm.<br><br>Dr. Ahn will provide testimony by deposition designations. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Kang, Hojin ("Alex")** Samsung Electronics Co., Ltd. 33 Seongchon-gil, Seocho-gu Seoul 06765 Korea | Qualcomm expects Mr. Kang will testify about competition in the modem chip industry and Samsung's business relationship with Qualcomm. Mr. Kang will provide testimony by deposition designations. |
| **Lee, Injung** Samsung Electronics Co., Ltd. 33 Seongchon-gil, Seocho-gu Seoul 06765 Korea | Qualcomm expects Mr. Lee will testify about industry practices of licensing cellular SEPs and/or other patents and Samsung's business relationship with Qualcomm. Mr. Lee will provide testimony by deposition designations. |
| **Hill, Lee** Sony Mobile Communications 3333 Piedmont Road NE Atlanta, GA 30305 | Qualcomm expects Mr. Hill will testify about industry licensing practices and Sony's business relationship with Qualcomm. Mr. Hill will provide testimony by deposition designations. |
| **Wistron Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Wistron, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Shen, David** Wistron Corporation c/o Gibson, Dunn & Crutcher LLP 333 South Grand Avenue, 54th Fl. Los Angeles, CA 90071 | Qualcomm expects Mr. Shen will testify about all subject matter about which he was asked during his deposition. Mr. Shen will provide live testimony and/or testimony by deposition designations. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Wang, Selena**<br>Wistron Corporation c/o Gibson, Dunn & Crutcher LLP 333 South Grand Avenue, 54th Fl. Los Angeles, CA 90071 | Qualcomm expects Ms. Wang will testify about Wistron's manufacturing and product development activities (including with respect to Apple products), and Wistron's royalty reporting and royalty payments under patent license agreements with Qualcomm.<br><br>Ms. Wang will provide live testimony and/or testimony by deposition designations. |
| **Huang, Eric**<br>Wistron Corporation c/o Gibson, Dunn & Crutcher LLP 333 South Grand Avenue, 54th Fl. Los Angeles, CA 90071 | Qualcomm expects Mr. Huang will testify about Wistron's license agreement with Qualcomm.<br><br>Mr. Huang will provide live testimony and/or testimony by deposition designations. |
| **Ma, Eric**<br>Wistron Corporation c/o Gibson, Dunn & Crutcher LLP 333 South Grand Avenue, 54th Fl. Los Angeles, CA 90071 | Qualcomm expects Mr. Ma will authenticate certain documents.<br><br>Mr. Ma will provide live testimony and/or testimony by deposition designations. |
| **Shen, Spencer (Nan Shen)**<br>ZTE Corporation ZTE Plaza Keji Road South Hi-Tech Industrial Park Shenzhen 518057 China | Qualcomm expects Mr. Shen will testify about industry licensing practices and ZTE's license agreements with Qualcomm and other cellular patent licensors.<br><br>Mr. Shen will provide testimony by deposition designations. |
| **AT&T Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from AT&T, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Avanci Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Avanci, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Bain Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Bain, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Boston Consulting Group Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Boston Consulting Group, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Blackberry Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Blackberry, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **BLU Products Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from BLU Products, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Broadcom Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Broadcom, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Ericsson Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Ericsson, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Essential Products Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Essential Products, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **HTC Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from HTC, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Huawei Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Huawei, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Intel Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Intel, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **InterDigital Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from InterDigital, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Lenovo Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Lenovo, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Marvell Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Marvell, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **MediaTek Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from MediaTek, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Motorola Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Motorola, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Nokia Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Nokia, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **NVIDIA Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from NVIDIA, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Samsung Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Samsung, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Sony Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Sony, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Sprint Spectrum Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Sprint Spectrum, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **TBWA Worldwide Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from TBWA Worldwide, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Texas Instruments Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Texas Instruments, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **T-Mobile Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from T-Mobile, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |

| Name & Address | Subject Matter & Manner of Testimony |
|---|---|
| **Verizon Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Verizon, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **Via Licensing Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from Via Licensing, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |
| **ZTE Document Witness(es)** | Qualcomm expects that the parties will be able to resolve by agreement issues of authentication, foundation and the applicability of Federal Rule of Evidence 803(6) with respect to trial exhibits. However, if the parties are unable to resolve such issues, Qualcomm reserves the right to call individual(s) from ZTE, as necessary, to establish the admissibility of documents on Qualcomm's exhibit list. |

3. Qualcomm (Expert Witnesses)

| Name & Address | Statement of Qualifications & Subject Matter of Testimony |
|---|---|
| **Stasik, Eric**<br>c/o Qualcomm Incorporated<br>5775 Morehouse Drive<br>San Diego, CA<br>92121 | Dr. Stasik was Ericsson's Director of IPR and Licensing.  He has been involved in SEP licensing related to ETSI (and other) standards since joining Ericsson in 1992, including participating in numerous negotiations for SEPs licenses on behalf of both SEP holders and licensees.  He has degrees in Electrical Engineering from the Georgia Institute of Technology.<br><br>Qualcomm expects Dr. Stasik will testify regarding the subject matter of his expert reports, including Qualcomm's licensing practices and FRAND licensing practices in the cellular industry, as well as in rebuttal to Apple and the CMs' experts. |

## V.   TRIAL EXHIBITS

Apple and the CMs' exhibit list is lodged with the Court electronically on a USB drive and titled **Attachment 1**.  Qualcomm's trial exhibit list is lodged with the Court electronically on a USB drive and titled **Attachments 2A through 2D**. Attachments 2B through 2D, respectively, list the license agreements, royalty cap letters, and component supply and incentive agreements that Qualcomm provided in response to Apple Interrogatory Nos. 9 and 13.  At this point, the parties have agreed that their exhibit lists do not need to distinguish between the exhibits the parties actually expect to offer at trial and the exhibits the parties reserve the right to offer at trial.  The parties have also agreed to object to each other's exhibits at a later time.

Each party reserves its rights:  (1) to use exhibits not listed for any permissible purpose, including for impeachment, to refresh recollection, or in rebuttal; (2) to modify its exhibit list in response to subsequent developments in this

case, including (i) the Court's rulings on pending or future motions, and (ii) expert depositions, which are ongoing; (3) to modify its exhibit list in response to any subsequent productions by any party; (4) without waiving any objections, to use or offer any exhibit listed or used by any party; (5) to prepare and use any schedules, summaries, diagrams and charts, including those permitted by Federal Rule of Civil Procedure 1006, as trial exhibits; and (6) to correct errors in its exhibit list, and to correct or replace any images exchanged to include, for example, clearer or color copies of any exhibits, and/or to replace any PDF with a native file. Each party also reserves its right to not offer exhibits listed on its exhibit list, and the fact that an exhibit is listed on a party's exhibit list does not constitute a waiver of any objection that party may have to another party offering or using that exhibit.

Apple and the CM's Trial Exhibit List identifies the documentary evidence that Apple and the CMs currently expect to or may introduce into evidence at trial. This Trial Exhibit List is based on information currently available to Apple and the CMs. Apple and the CMs reserve their rights: (1) to supplement, revise, correct, clarify, withdraw, or otherwise amend this Trial Exhibit List based on Qualcomm's deposition designations and counter-designations and/or Apple's counter-designations and counter-counter designations thereto, Qualcomm's Trial Exhibit List, the submission of witness testimony, exhibits, or other evidence that Qualcomm may introduce, or as otherwise appropriate; (2) to modify their Trial Exhibit List in light of intervening legal developments, including but not limited to rulings or judgments that may be issued in the Coordinated Actions and/or other rulings or other judgments that may affect issues in this case pursuant to the doctrines of res judicata, collateral estoppel, or similar doctrines; and (3) to correct omissions in their Trial Exhibit List.[55]

---

[55] Qualcomm objects to Apple and the CMs' additional reservations, which purport to allow them to modify their Trial Exhibit List at any time for nearly any reason.

1   Apple and the CMs' Trial Exhibit List is not a representation that any

2   individual exhibit listed is admissible at trial, and the inclusion of a document on

3   this list or on Qualcomm's list, does not constitute Apple's or the CMs' agreement

4   that it may be deemed admitted at trial.  Apple and the CMs reserve their rights to

5   challenge the admissibility of any document listed on this Trial Exhibit List, or

6   Qualcomm's Trial Exhibit List, for any reason, including to assert a privilege.

## VI.   STIPULATED FACTS

8   A statement of stipulated facts is attached as **Attachment 3**.  These facts are

9   undisputed, and the parties hereby stipulate to them for incorporation into the trial

10   record without the necessity of supporting testimony or exhibits.  However, the

11   parties agree that no party will object to the presentation of evidence in support of

12   any stipulated fact at trial on the ground that such fact was included in this

13   stipulation.  The parties agree that the stipulation of facts is made without prejudice

14   to any party's ability to bring any motions *in limine* or other pre-trial motions.

15   ### Qualcomm's Position:

16   The parties have exchanged lists of proposed stipulated facts to which they

17   have asked the other parties to stipulate.  Apple and the CMs proposed 27 facts.

18   Qualcomm was willing to discuss stipulations with respect to 19 of those proposed

19   facts, contingent upon the parties' ongoing negotiations and Apple accepting certain

20   modifications for accuracy.  Qualcomm proposed 101 facts, including such facts as,

21   "Apple launched the first iPhone in June 2007", "The first cellular standard to use

22   CDMA technology was the 2G standard known as IS-95, adopted in July 1993" and

23   "All Apple iPhones launched in 2018 include Intel baseband processors and do not

24   include Qualcomm baseband processors".  Apple was willing to discuss stipulations

25   with respect to only 2 of those proposed facts.  Qualcomm believes that Apple and

26   the CMs have not provided a good faith basis for their refusal to reach further

27   factual stipulations as proposed by Qualcomm, and that it would be prejudicial to

28   Qualcomm and confusing to the jury for certain of Apple's proposed stipulations to

be presented to the jury without also presenting certain stipulations proposed by Qualcomm.  As a result, Qualcomm has agreed to stipulate to only 13 of Apple's proposed facts.  Those facts are attached as **Attachment 3**.  Qualcomm remains willing to agree to certain additional factual stipulations proposed by Apple, as modified, contingent on Apple and the CMs' willingness to agree to corresponding factual stipulations proposed by Qualcomm.

### Apple and the Contract Manufacturers' Position:

Apple and the CMs sent a proposed list of 27 stipulated facts to Qualcomm on November 16, 2018.  Qualcomm responded on the evening of November 21, rejecting or completely rewriting nine stipulated facts and revising others. Qualcomm also proposed an additional 101 stipulated facts, beginning with an proposed stipulation about Apple's total iPhone and iPhone-related revenues that would not be appropriate evidence before the jury ("In 2012, Apple reported approximately $80.5 billion in revenue attributable to iPhone handset and related products and services sales.  This represented about 51% of Apple's overall revenue in 2012."); *cf. Guardian Life Ins. Co. of Am. v. Andraos*, No. CV0705732SJOF-MOX, 2009 WL 10674144, at *3 (C.D. Cal. Sept. 10, 2009) (granting motion in limine to exclude evidence of a corporate party's "wealth and size" as unfairly prejudicial; citing cases). Apple and the CMs responded on November 24 and explained because the stipulated facts are to be read to the jury, Apple and the CMs were not inclined to include lengthy recitations of details that were more likely to confuse than inform the jury.  That said, Apple and the CMs incorporated two of Qualcomm's proposed facts, with modifications, and indicated that they were willing to meet and confer further regarding proposals for stipulated facts after the pretrial conference.

## VII.   DEPOSITION DESIGNATIONS

Apple and the CMs' deposition designations are lodged with the Court electronically on a USB drive and titled **Attachment 4**. Qualcomm's deposition

1  designations are lodged with the Court electronically on a USB drive and titled

2  **Attachment 5**.

3       Each party reserves its rights:  (1) to call for live testimony at trial any of the

4  individuals for whom it has designated deposition testimony, to the extent permitted

5  by the Federal Rules of Civil Procedure and the Federal Rules of Evidence; (2) to

6  designate deposition testimony for any witness identified on any party's Trial

7  Witness List as being available for live testimony, should the parties learn or

8  otherwise agree that such witness will not testify live at trial; (3) to modify,

9  supplement and alter its deposition designations for the purposes of rebuttal and/or

10  impeachment; and (4) to modify its deposition designations in light of the totality of

11  the testimony being offered at trial.  The inclusion of testimony in a party's

12  deposition designations does not waive any objections the party may have to the

13  introduction of any testimony if such testimony is offered by an opposing party.

14       Apple and the CMs' deposition designations are made based on the

15  information currently available to Apple and the CMs.  Apple and the CMs reserve

16  their rights to:  (1) supplement, revise, correct, clarify, withdraw, or otherwise

17  amend their designations based on the Court's rulings on motions for summary

18  judgment, motion to strike, motion *in limine*, *Daubert* motion, evidentiary

19  objections, or other motions, Qualcomm's deposition designations and counter-

20  designations or Trial Exhibit List, the submission of witness testimony, exhibits, or

21  other evidence that Qualcomm may introduce, or as otherwise appropriate; (2)

22  modify their designations in light of intervening legal developments, including but

23  not limited to rulings or judgments that may be issued in the Coordinated Actions

24  and/or other rulings or other judgments that may affect issues in this case pursuant

25  to the doctrines of res judicata, collateral estoppel, or similar doctrines; (3) to correct

26  errors and/or omissions; (4) to use any deposition testimony designated, counter-

27  designated, counter-counter designated, or designated for "rebuttal" by Qualcomm;

28  and (5) to use any designations, counter-designations, or counter-counter

1  designations in any manner permitted by the Court, the Federal Rules of Civil

2  Procedure, and/or the Federal Rules of Evidence.[56]

3       Qualcomm further reserves its rights:  (1) to modify its deposition

4  designations as necessary in response to the Court's rulings on Qualcomm's

5  challenges to Apple's assertions of privilege or other protections from discovery;

6  and (2) to add deposition designations where necessary to lay the foundation for the

7  admissibility of evidence should the parties prove unable to stipulate to

8  admissibility.

9       Apple incorporates its objections to Qualcomm's Trial Witness List.  (*See*

10  Section IV, *supra*). Apple further objects to all of Qualcomm's late-disclosed

11  "rebuttal" designations, which Qualcomm served without any advance notice after

12  the close of business on Wednesday, November 21, 2018 (the day before

13  Thanksgiving), as untimely, outside the scope of the Federal Rules of Civil

14  Procedure and Federal Rules of Evidence, and contrary to the parties' agreed

15  schedule for exchange of deposition designations.  Apple and the CMs reserve all

16  other objections to Qualcomm's designations, as agreed by the parties.  (*See* Section

17  VI, *supra*).

18       Qualcomm objects to Apple and the CMs' purported designation of

19  deposition testimony from at least 76 transcripts (from the depositions of 54

20  witnesses) that cannot properly be designated in this case under the Federal Rules of

21  Civil Procedure:

22         •    Derek Aberle (March 27-28, 2018)

23         •    Baaziz Achour (February 21-22, 2018)

24         •    Jeff Altman (May 31-June 1, 2018)

25         •    Rashid Attar (May 11, 2018)

26

27  [56] Qualcomm objects to Apple and the CMs' additional reservations, which purport

28  to allow them to modify their deposition designations at any time for nearly any reason.

1       • Jean Put Ling Au (April 25, 2018)

2       • Paul Edward Bender (May 1, 2018)

3       • Arjun Bharadwaj (April 26, 2018)

4       • Mohit Bhushan (June 5, 2018)

5       • Naga Bhushan (April 17, 2018)

6       • Richard Blaylock (February 27, 2018)

7       • Marvin Blecker (February 21-22 & 27, 2018)

8       • Yunhui Chae-Banks (March 27-28, 2018)

9       • Liren Chen (April 16-17, 2018)

10      • Victoria Chen (February 8-9, 2018)

11      • Miran Chun (April 12, 2018)

12      • Gregory Cobb (April 19, 2018)

13      • Mark Davis (February 22, 2018)

14      • Cliff Dickey (April 20, 2018)

15      • Roel Dill (April 11, 2018)

16      • Jim Doh (March 27, 2018)

17      • Chris Efstathiou (February 13, 2018)

18      • Eduardo Esteves (May 16, 2018)

19      • Alexei Gorokhov (April 10, 2018)

20      • Kirti Gupta (January 16 & March 22, 2018)

21      • Harold Hahn (May 7, 2018)

22      • Michael Hartogs (February 28-March 1, 2018)

23      • Irwin Jacobs (March 2 & 26, 2018)

24      • Paul Jacobs (April 17-18, 2018)

25      • Sanjay Jha (March 15, 2018)

26      • Alex Katouzian (April 17-18, 2018)

27      • Eric Koliander (February 1-2, 2018)

28      • Keith Kressin (February 7-8, 2018)

1     • James Lederer (January 24-25, 2018)

2     • Mauricio Lopez-Hodoyan (April 26, 2018)

3     • Louis Lupin (March 7-8, 2018)

4     • Roger Martin (February 1-2, 2018)

5     • Scott McGregor (March 28, 2018)

6     • Anthony Morris (May 18, 2018)

7     • David Nash (March 29, 2018)

8     • Amy Olsen (May 2, 2018)

9     • Roberto Padovani (May 16, 2018)

10    • Sandeep Pandya (May 16, 2018)

11    • Kun Qian (February 8-9, 2018)

12    • Robert Rango (February 13, 2018)

13    • Eric Reifschneider (February 22-23, 2018)

14    • Hank Robinson (April 24, 2018)

15    • Thomas Rouse (April 27, 2018)

16    • Henry Saam (May 10, 2018)

17    • Sharad Sambhwani (April 18, 2018)

18    • Abbaseh Samimi (January 17 & April 19, 2018)

19    • Daniel Sinder (April 25, 2018)

20    • Edward Teague (April 12, 2018)

21    • Gunnar Thoreson (April 24, 2018)

22    • William Wyatt (January 16 & May 4, 2018)

23    These transcripts are for witnesses who are within 100 miles of the Court and

24    are not otherwise eligible for designation under Federal Rule of Civil Procedure 32.

25    Qualcomm further incorporates its objections to Apple and the CMs' Trial

26    Witness List. (*See* Section IV, *supra*.) Qualcomm reserves all other objections in

27    accordance with the parties' agreement.

28

# VIII. AGREEMENTS BETWEEN THE PARTIES REGARDING PRETRIAL AND TRIAL MANAGEMENT

The parties have agreed to the following:

## A. Presentation of Evidence

1. The order of presentation of evidence shall be as follows:

   a) Apple's case-in-chief against Qualcomm;

   b) CMs' case-in-chief against Qualcomm

   c) Qualcomm's defense against Apple's and the CMs' claims; Qualcomm's case-in-chief against Apple and the CMs

   d) CMs' defense against Qualcomm's claims and rebuttal

   e) Apple's defense against Qualcomm's claims and rebuttal

   f) Qualcomm's rebuttal

## B. Witness Availability

1. For each witness a party calls for live testimony at trial and who is on another party's witness list, the party calling the witness shall also make the witness available for live direct examination by such other party.

2. It is the intent of the parties that witnesses will generally only be called to testify once. However, the parties reserve their rights to call witnesses who are their respective employees or former employees for a second appearance in order to address issues raised or evidence presented after their first appearance.

## C. Disclosure of Witnesses and Direct Examination Materials

1. Forty-two calendar days before trial is scheduled to commence, each party shall identify which of its previously served deposition designations that party actually intends and expects to offer at trial. Fourteen calendar days thereafter, all other parties shall identify their objections and which of their previously served counter-designations

they actually intend and expect to offer at trial.  Seven calendar days thereafter, all other parties shall identify their objections to the counter-designations.  The parties shall meet and confer promptly regarding the designations, counter-designations and objections.

2.     The intent of the parties is that the revised deposition designations and counter-designations exchanged pursuant to the provision above will be a subset of the initial designations, counter-designations, and counter-counter-designations exchanged on November 2, 2018, November 14, 2018, and November 19, 2018, respectively.  However, a party may include in its revised counter-designations any testimony that was previously designated by an opposing party, even if that testimony was not included in the first party's initial deposition designations.  For the avoidance of doubt, the party who previously designated such testimony and withdrew that designation in its revised deposition designations may raise objections to the designation of such testimony by an opposing party.

3.     The party calling a witness shall notify all other parties of:  the witnesses it plans to call, the order in which it plans to call those witnesses, whether such witnesses will be called live or by deposition designation, and the exhibits and demonstratives it expects to use with each witness by 10:00 a.m. PT at least two calendar days before the day on which they intend to call the witnesses.  For example, if a party intends to call two witnesses on a Monday, then it must disclose those witnesses, the order of those witnesses, whether each witness will be called live or by designation, and the exhibits and demonstratives it expects to use with each witness by email to all other parties by the preceding Saturday at 10:00 a.m. PT.  All other parties shall identify any remaining objections to those exhibits or objections to those

demonstratives by 8:00 p.m. PT the day of disclosure, and the parties shall meet and confer regarding the exhibits and objections at 9:30 p.m. PT the day of disclosure.  For the avoidance of doubt, the disclosure required by this paragraph shall not apply to exhibits or demonstratives to be used solely for cross examination or for direct examination of a witness who is a hostile witness, an adverse party, or a witness identified with an adverse party.

4.      For each witness to be called by deposition designation, the party shall identify by email which of its previously served designations it intends to offer at trial by 10:00 a.m. PT at least two calendar days before the day on which the designations will be offered.  For example, if a party intends to play designations at trial on a Monday, then it must disclose those designations by email to all other parties by the preceding Saturday at 10:00 a.m. PT.  All other parties shall identify any remaining objections and counter-designations by 6:00 p.m. PT the day of disclosure.  All other parties shall identify their objections to counter-designations by 8:00 p.m. PT the day of disclosure.  The parties shall meet and confer regarding the designations, counter-designations and objections at 9:30 p.m. PT the day of disclosure.

5.      The party proffering deposition designations shall provide the video of the final deposition designations to all other parties by 9:00 p.m. PT the day before a party intends to play a deposition at trial.

**D.    Disclosure of Demonstratives and Summary Exhibits**

1.      The timing set forth in Local Rule 16.1(f)(9) shall not apply to opening or closing demonstratives.  The parties agree to meet and confer at a later date regarding any exchange of such demonstratives.

2.      Each party shall serve by email the summary exhibits permitted by FRE 1006 that it intends to use at trial on all other parties by 9:00

a.m. PT at least seven calendar days before trial.  Any objections shall be served on all other parties by 9:00 a.m. PT two calendar days after disclosure.  The parties shall meet and confer promptly regarding any disputes.

**E.**   **Disclosures and Objections to Exhibits and Demonstratives**

1.   The parties shall exchange exhibit lists pursuant to Rule 26(a)(3) on November 2, 2018.  The parties are not required to distinguish on November 2, 2018, those exhibits that they actually expect to offer at trial (CivLR 16.1(f)(6)(c)(a)) from those exhibits that they do not expect to offer at this time but reserve the right to offer at trial (CivLR 16.1(f)(6)(c)(b)).

2.   Apple and the CMs shall serve a joint exhibit list.

3.   Apple and the CMs shall number their exhibits using the form PTX-####.  Qualcomm shall number its exhibits using the form DTX-####.

4.   No party shall identify any objections to another party's exhibit list on November 9, 2018, and each party shall be deemed to have reserved its rights to lodge objections to each exhibit on every other party's exhibit list, subject to the parties' agreed-upon schedule for serving such objections.

5.   Forty-two calendar days before trial is scheduled to commence, Apple and the CMs will narrow their joint exhibit list to no more than 3,000 exhibits (that figure to include summary exhibits permitted by FRE 1006 but not to include the "voluminous writings, recordings or photographs" summarized in such exhibits), and Qualcomm will narrow its exhibit list to no more than 3,000 exhibits (that figure to include summary exhibits permitted by FRE 1006 but not to include the "voluminous writings, recordings or photographs" summarized in such

exhibits), not counting any joint exhibits agreed upon between all parties.  Each side shall serve objections to the revised exhibit list fourteen calendar days thereafter.  The parties shall then meet and confer promptly regarding any disputes, particularly to the extent the parties can agree upon representative disputes (*i.e.,* disputes that the parties believe would govern categories of exhibits if resolved).

6.     For the avoidance of doubt, any "voluminous writings, recordings or photographs" a party intends to summarize in a summary exhibit pursuant to FRE 1006 must be included in the exhibit list that party serves forty-two calendar days before trial.  For the further avoidance of doubt, the parties are not required to list summary exhibits in that exhibit list.

7.     In order to reduce duplication of documents on the parties' trial exhibit lists, the parties agree that a duplicate of a document used as a deposition exhibit may be introduced through designated deposition testimony.  In the exhibit lists the parties serve forty-two calendar days before trial, the parties will identify any trial exhibits that are duplicates of deposition exhibits, and shall identify the corresponding deposition exhibits.

**F.     Authenticity of Exhibits**

1.     Documents produced from a party's files in response to a discovery request in this action, *Federal Trade Commission v. Qualcomm Incorporated*, No. 17-cv-0220-LHK-NMC (N.D. Cal.), or *In re: Qualcomm Antitrust Litigation*, No. 17-md-2773-LHK-NMC (N.D. Cal.) (together, the "Coordinated Actions") shall be deemed authentic within the meaning of the Federal Rules of Evidence solely for the purposes of this action.

2.     Any party who objects to the authenticity of a document

produced in the Coordinated Actions by an entity that is not a party in this action and that is identified on another party's initial exhibit list shall serve a specific good-faith written objection to the authenticity of that document (ESI Order, ¶ 6(c)) no later than December 14, 2018. The parties shall meet and confer promptly regarding those objections.

**G.     Deposition Designations and Objections**

1.     The parties shall exchange initial deposition designations pursuant to Rule 26(a)(3) on November 2, 2018.  To the extent Apple and the CMs designate testimony from the same witness, Apple and the CMs shall serve a joint set of deposition designations for that witness.

2.     The parties shall exchange counter-designations on November 14, 2018, at 1:00 p.m. PT.  To the extent Apple and the CMs designate testimony from the same witness, Apple and the CMs shall serve a joint set of counter-designations for that witness.

3.     The parties shall exchange any counter-counter-designations on November 19, 2018.  To the extent Apple and the CMs designate testimony from the same witness, Apple and the CMs shall serve a joint set of counter-counter-designations for that witness.

4.     No party shall identify any objections to another party's designations on November 9, 2018.  Each party shall be deemed to have reserved its rights to lodge objections to each designation, and counter-designation and counter-counter-designation served by every other party, subject to the parties' agreed-upon schedule for serving such objections.

**H.     Miscellaneous**

1.     The parties agree they will not file their November 2, 2018 pretrial disclosures, or objections to such disclosures, as that

1      material will be included in the Proposed Final Pretrial

2      Conference Order lodged with the Court on November 26, 2018.

## IX.    ADDITIONAL ISSUES

4      1.      The parties note that in the course of deciding jury instructions

5      the Court will need to interpret disputed provisions of several contracts,

6      including the BCPA, MSA, 2013 SOW, and Qualcomm's FRAND

7      commitments.  The parties propose that the Court resolve any contract

8      interpretation issues after the presentation of evidence but before

9      charging the jury with final jury instructions.

10      2.      In the interests of efficiency and minimizing the burden on the

11      jury and witnesses, Qualcomm proposes that if a party does not object

12      to an exhibit, or if a party's objections to an exhibit are overruled by the

13      Court, then such exhibit shall be admitted against that party and may be

14      published to the jury at any time, with or without a sponsoring witness.

15      Apple and the CMs object to this proposal, which they are concerned

16      will confuse the jury and Court, including any later appellate court, due

17      to the voluminous introduction of exhibits without foundational and/or

18      explanatory testimony.

Dated:  April 9, 2019

Hon. Gonzalo P. Curiel
United States District Judge