UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>QUALCOMM LITIGATION, | Case No. 3:17-CV-00108-GPC-MDD<br><br>[Consolidated with 3:17-CV-01010-GPC-MDD]<br><br>**ORDER GRANTING MOTIONS TO SEAL**<br><br>**[ECF Nos.: 887, 890, 894, 897, 900, 903, 906, 909, 912, 915, 916, 920, 924, 925, 930, 934, 935, 940, 944, 947, 950, 951, 956, 957, 962, 964, 968, 969, 972, 976, 991, 995, 1000, 1004, 1007, 1011, 1012, 1016, 1021, 1033, 1049, 1052, 1056, 1059.]** |

Before the Court are numerous requests to seal portions of the parties' replies and responses to *motions in limine*, *Daubert* motions, expert witness reports in support of those briefings, and other pre-trial motions with respect to authenticity and foundation objections as well as trial order and evidence presentation in Case No. 3:17-cv-00108-GPC-MDD, ECF Nos. 887, 890, 894, 897, 900, 903, 906, 909, 912, 915, 916, 920, 924, 925, 930, 934, 935, 940, 944, 947, 950, 951, 956, 957, 962, 964, 968, 969, 972, 976, 991, 995, 1000, 1004, 1007, 1011, 1012, 1016, 1021, 1033, 1049, 1052, 1056, 1059. No oppositions have been filed. Upon review of the moving papers, the information to be sealed, the applicable law, and for the following reasons, the Court **GRANTS** each of the motions in their entirety.

## **LEGAL STANDARD**

There is a presumptive right of public access to court records based upon the common law and the first amendment. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). Nonetheless, access may be denied to protect sensitive confidential information. Courts are more likely to protect information covered by Rule 26(c) of the Federal Rules of Civil Procedure, but are not limited by items listed in protective orders. *See KL Group v. Case, Kay, & Lynch*, 829 F.2d 909, 917-19 (9th Cir. 1987) (letter to client from attorney); *Kalinauskas v. Wong*, 151 F.R.D. 363, 365-67 (D. Nev. 1993) (confidential settlement agreement).

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Id.* at 1178-79.

The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo* (Amodeo II ), 71 F.3d 1044, 1048 (2d Cir.1995); *see also Valley Broad. Co. v. U.S. Dist. Court—D. Nev.*, 798 F.2d 1289, 1294 (9th Cir.1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178. Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1179.  The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (*quoting Foltz*, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted).  What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." Nixon, 435 U.S. at 599.

Previously, some courts applied a "compelling reason" or "good cause" standard for sealing depending on whether the pending motion was dispositive or non-dispositive. *E.g.*, *Kamakana*, 447 F.3d at 1180 (9th Cir. 2006) (parties seeking to seal documents in a dispositive motion must provide  "compelling reasons" to support a sealing whereas for non-dispositive motions the parties must show a lesser "particularized showing" under the "good cause" standard pursuant to Federal Rule of Civil Procedure 26(c)); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted).

Other courts rejected this binary approach. *In re Midland National Life Insurance Company Annuity Sales Practices Litigation*, 686 F.3d 1115 (9th Cir.2012), is one such case that rejected the literal dispositive/nondispositive label.  In that case, an intervenor

moved to unseal documents attached to a *Daubert* motion. *Id*. at 1118. The district court, like the district court here, concluded that the documents should remain under seal because "the *Daubert* motion was non-dispositive," as it "would not have been a determination on the merits of any claim or defense." *Id*. at 1119. The Ninth Circuit rejected the district court's focus on whether the motion was literally "dispositive": "That the records are connected to a *Daubert* motion does not, on its own, conclusively resolve the issue." *Id*. As the motion, in effect, "pertain[ed] to central issues bearing on defendant's summary judgment motion," we treated that motion as dispositive. *Id*. Similarly, the court in *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016) observed that it would not allow the technically nondispositive nature of a *Daubert* motion to cloud the reality that it was able to significantly affect the disposition of the issues in the case.

Here, the motions to seal relate to numerous evidentiary and pre-trial motions. This Court will apply the "compelling reasons" standard to these motions and related briefing as those submissions pertain to central issues at trial and are "more than tangentially related to the underlying cause of action." *Ctrs. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).

Compelling reasons for sealing information exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Trade secrets "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain advantage over competitions who do not know or use it." Restatement (First) of Torts § 757 cmt. b. Because trade secrets concern proprietary and sensitive business information not available to the public, sealing may be warranted where disclosure would harm a litigant's competitive standing. *Nixon*, 425 U.S. at 598.

| | The Ninth Circuit has explicitly recognized that compelling reasons exist for the sealing of "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). Courts in this circuit have also recognized that information subject to confidentiality agreements may also meet the "compelling reasons" standard when accompanied by a particularized factual showing. *See Foltz*, 331 F.3d at 1137-38. |

## **DISCUSSION**

The overwhelming majority of information that the parties seek to seal constitutes confidential business information of the parties, including trade secrets, proprietary business records, discussions of internal strategy, company dealings, and materials designated as "Highly Confidential." For the reasons that follow, the Court concludes that the parties have demonstrated that compelling reasons exist for sealing the information subsumed by these categories.

First, the Court is convinced that good cause exists to seal the unredacted portions of these motions and the requisite exhibits that detail sensitive financial terms, royalty agreements, proprietary business strategies, and confidential licensing negotiations. Each of the parties has articulated that public disclosure of the information they seek to seal would harm their competitive standing by concurrently releasing such information to market competitors. Additionally, the parties have submitted declarations for each of these motions and provied the Court with a factual basis for their claims of undue prejudice through competitive harm. Furthermore, the parties' proposed sealings hew to the lines that the Court has drawn in prior orders granting the parties' motions to file under seal, especially with respect to documents and testimony designated as Highly Confidential. *See* ECF Nos. 580, 561, 768. As such, the Court is satisfied that there is sufficient factual basis to justify the conclusion that compelling reasons exist for sealing the material at issue.

Second, each of the parties has narrowly tailored its requests to the protectable portions of the filings that advance confidential business information. The majority of

the redacted materials are comprised of limited excerpts of exhibits and sentences of the full reports that implicate the parties' confidential, non-public business practices and information.  Moreover, the basis for these respective motions do not rest on the disclosure of the more detailed, specific, and confidential information that the parties seek to protect.  The primary issues within these reports are stated publicly in the motion papers and accompanying unredacted exhibits.

Accordingly, the Court finds that the requests to seal are narrowly tailored and sufficiently particularized such that they do not impede upon the public's ability to understand the nature of the proceedings and the factual basis for the parties' claims.  As such and in the light of the aforementioned compelling reasons justifying sealing, the Court **GRANTS** each of the motions to seal or file redacted versions identified by the **following table** in its entirety.

**IT IS SO ORDERED.**

Dated:  April 9, 2019

Hon. Gonzalo P. Curiel
United States District Judge

| ECF No. | Movant | Document to be Sealed |
|---|---|---|
| **3:17-cv-00108-GPC-MDD** | | |
| 887 | Qualcomm | Unredacted Memorandum of Points and Authorities in Opposition to Apple's Motion *in Limine* No. 6 to Exclude Evidence of Apple's Indemnification of the CMs ("Memorandum") and Exhibits 1-14 to the March 1, 2019 Declaration of Anders Linderot in Support of Qualcomm's Opposition to Apple's Motion *in Limine* No. 6 to Exclude Evidence of Apple's Indemnification of the CMs ("Linderot Declaration Exhibits") |
| 890 | Qualcomm | Exhibits 1 and 2 to the Declaration of James W. Carlson in Support of Qualcomm's Opposition to the Apple and the Contract Manufacturers' Motion *in Limine* No. 11 (the "Carlson Declaration"). |
| 894 | Qualcomm | Unredacted Opposition to Apple Inc. and the Contract Manufacturers' Motion *in Limine* No. 9 ("Motion *in Limine* No. 9"), Exhibit 1 to the March 1, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Opposition to Motion *in Limine* No. 9 ("Denning Decl. Exhibit") |
| 897 | Qualcomm | Portions of its Opposition to Apple Inc. and the Contract Manufacturers' (collectively, "Apple") Motion *in Limine* No. 7 ("Opposition to Motion *in Limine* No. 7"), Exhibits 1 to 3, 6 and 7 to the March 1, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Opposition to Motion *in Limine* No. 7 ("Denning Decl. Exhibits") |
| 900 | Qualcomm | Unredacted Opposition to Apple and the Contract Manufacturers' (collectively "Apple") Motion *in Limine* No. 12 ("Motion *in Limine* No. 12"), an |

| | | |
|---|---|---|
| | | Unredacted March 1, 2019 Declaration of James W. Carlson in Support of Qualcomm's Opposition to Motion *in Limine* No. 12 ("Carlson Declaration"), and Exhibits 2 to 7 to the Carlson Declaration ("Carlson Decl. Exhibits") |
| 903 | Qualcomm | Unredacted Opposition to Apple Inc.'s Motion *in Limine* No. 8, Exhibits 1 to 3 to the March 1, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Opposition to Motion *in Limine* No. 8 ("Denning Decl. Exhibits") |
| 906 | Qualcomm | Unredacted Opposition to the Contract Manufacturers' Motion *in Limine* No. 15 ("Opposition to the CMs' Motion *in Limine* No. 15"), Exhibits 1 to 7 to the March 1, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Opposition to the CMs' Motion *in Limine* No. 15 ("Denning Decl. Exhibits") |
| 909 | Qualcomm | Unredacted Opposition to Apple Inc. and the Contract Manufacturers' Motion *in Limine* No. 1, Exhibits 5-6 and 10-12 to the March 1, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Opposition to Apple Inc. and the Contract Manufacturers' Motion *in Limine* No. 1 ("Denning Decl. Exhibits") |
| 912 | Qualcomm | Unredacted Opposition to Apple Inc.'s Motion *in Limine* No. 4 ("Opposition to Motion *in Limine* No. 4"), Exhibits 1, 4-5, and 11-15 to the March 1, 2019 Declaration of James W. Carlson in Support of Qualcomm's Opposition to Motion *in Limine* No. 4 ("Carlson Decl. Exhibits") |
| 915 | Qualcomm | Unredacted Opposition to Apple's and the CMs' *Daubert* Motion Re: 243 Patents (ECF 804) ("Opposition to *Daubert* Motion Re: 243 Patents"), Exhibits 9 – 11 to the March 1, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's |

| | | | |
|---|---|---|---|
| | | | Opposition to *Daubert* Motion Re: 243 Patents ("Denning Decl. Exhibits") |
| | 916 | Apple | Portions of Apple Inc. and the Contract Manufacturers' Opposition to Qualcomm's *Daubert* Motion No. 6 to Exclude Certain Testimony of Rémy Libchaber and Stephen Wicker, and Exhibit 2 to the Declaration of Aamir Kazi in Support Thereof |
| | 920 | Apple | Portions of Apple Inc. and the Contract Manufacturers' Opposition to Qualcomm Incorporated's Motion *In Limine* No. 3 To Exclude Hearsay Evidence From Unretained Experts |
| | 924 | Apple | Portions of Apple and the Contract Manufacturers' Opposition to Qualcomm Incorporated's *Daubert* Motion No. 5 and Motion *in Limine* To Exclude Testimony Suggesting a Required Component-Level Royalty Base ("Opposition"), and certain exhibits to the Appendix of Exhibits in support of Apple and the Contract Manufacturers' Opposition ("Appendix of Exhibits") |
| | 925 | Qualcomm | Exhibits 4-5, 7-8 and 10 to the February 15, 2019 Declaration of Anders Linderot in Support of Qualcomm's Opposition to Apple and the CMs' Motion *in Limine* No. 13 ("Linderot Decl. Exhibits") |
| | 930 | Qualcomm | Exhibits 1, 2, 5, 7 and 8 to the March 1, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Opposition to Apple Inc. and the Contract Manufacturers' Motion *in Limine* No. 2 ("Denning Decl. Exhibits") |
| | 934 | Qualcomm | Unredacted Opposition to Apple's and the CMs' *Daubert* Motion Re: Apportionment and EMVR ("Apportionment *Daubert* Opposition") and Exhibits 1 - 15 to the March 1, 2019 Declaration of Nathan E. Denning in Support of the Apportionment |

| | | | |
|---|---|---|---|
| | | | *Daubert* Opposition ("Denning Decl. Exhibits") |
| | 935 | Apple | Portions of Apple Inc. and the CMs' Opposition to Qualcomm's *Daubert* Motion No. 4 To Exclude Expert Testimony Regarding Exhaustion and "Substantial Embodiment" (Apple and the CMs' Opposition to *Daubert* No. 4) |
| | 940 | Qualcomm | Unredacted Opposition to Apple's and the CMs' *Daubert* Motion Re: Certain Nevo Opinions (the "Opposition to *Daubert* Re: Nevo Opinions"), Exhibits 2-4 and 6 to the March 1, 2019 Declaration of Nathan E. Denning in Support of the Opposition to *Daubert* Re: Nevo Opinions ("Denning Decl. Exhibits") |
| | 944 | Qualcomm | Unredacted Opposition to Apple Inc. and the CMs' *Daubert* Re: Certain Huber, Putnam, and Stasik Opinions ("Qualcomm's "Unwilling Licensee" Opposition"), Exhibits 2 to 4 and 6 to 9 to the March 1, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's "Unwilling Licensee" Opposition ("Denning Decl. Exhibits") |
| | 947 | CMs | Opposition to Qualcomm's Daubert Motion No. 3 to Exclude the Testimony of Dr. Jeffrey Leitzinger |
| | 950 | Apple | Portions of Apple Inc. and the Contract Manufacturers' Opposition to Qualcomm's *Daubert* Motion No. 2 to Exclude Portions of the Expert Report of Paul K. Meyer and to Forbid Improper Extrapolation of Dr. Valenti's Opinions, and Exhibits 2–6 and 8–9 to the Declaration of Benjamin C. Elacqua in support thereof |
| | 951 | Apple | Portions of Apple and the Contract Manufacturers' ("CMs'") Opposition to Qualcomm Incorporated's Motion *in Limine* No. 7 to Exclude the Opinions and Testimony of Friedhelm Rodermund |

| | | | |
|---|---|---|---|
| | | | ("Opposition"), and portions of an exhibit to the Appendix of Exhibits in support of Apple's Opposition |
| | 956 | Qualcomm | Unredacted Opposition to Apple Inc.'s Motion *In Limine* No. 5, Exhibits 3-6 and 7-11 to the March 1, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Opposition to Apple's Motion *In Limine* No. 5 ("Denning Decl. Exhibits") |
| | 957 | Apple | Portions of Apple and the Contract Manufacturers' Opposition to Qualcomm Incorporated's Motion *in Limine* No. 2 To Exclude Evidence of Qualcomm's Public Relations Strategy ("Opposition"), and certain exhibits to the Appendix of Exhibits in support of Apple and the Contract Manufacturers' Opposition |
| | 962 | Qualcomm | Exhibits 7 and 8 to the March 1, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Opposition to Apple Inc. and the Contract Manufacturers' *Daubert* Motion No. 3 ("Denning Decl. Exhibits") |
| | 964 | Qualcomm | Portions of its Opposition to Apple Inc. and the Contract Manufacturers' Daubert Motion to Exclude Qualcomm Expert Oliver Hart ("Brief") and the entirety of Exhibit A thereto ("Exhibit A"). |
| | 968 | Qualcomm | Portions of its Opposition to Apple Inc. and the Contract Manufacturers' *Daubert* Motion to Exclude Certain Opinions of Qualcomm Expert Jonathan Putnam ("Brief"), as well as the entirety of Exhibits 1-3, 9, and 11-12 thereto |
| | 969 | Apple | Portions of Apple Inc. ("Apple") and the Contract Manufacturers' Opposition to Qualcomm Inc.'s Motion *in Limine* No. 1 to Exclude Evidence and Argument Concerning Royalty Stacking, and Exhibits 1–2 to the Declaration of Aleksandr Gelberg |

| | | | |
|---|---|---|---|
| 972 | Apple | Portions of Apple and the Contract Manufacturers' ("CMs'") Opposition to Qualcomm Incorporated's ("Qualcomm's") *Daubert* Motion No. 1 To Exclude Inadmissible Comparable License Analysis ("Opposition"), the Declaration of Shira Liu in Support of the Opposition, and certain exhibits to the Appendix of Exhibits in support of the Opposition | |
| 976 | Qualcomm | Portions of its Opposition to Apple Inc. and the Contract Manufacturers' Motion in Limine No. 3 to exclude evidence or argument that Apple and the CMs make, use, offer to sell, sell, or import Qualcomm's patented technology ("Brief") | |
| 991 | Apple | Portions of Apple Inc. and the Contract Manufacturers' Reply in Support of Their *Daubert* Motion To Exclude Qualcomm Expert Oliver Hart | |
| 995 | Qualcomm | Unredacted Reply in Further Support of Its *Daubert* Motion No. 1 to Exclude Inadmissible Comparable License Analyses ("Reply") | |
| 1000 | Qualcomm | Portions of its unredacted Reply in Further Support of its *Daubert* Motion No. 5 and Motion *in Limine* to Exclude Testimony Suggesting a Required Component-Level Royalty Base ("Reply in Further Support of *Daubert* Motion No. 5"), Exhibit 1 to the March 8, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's *Daubert* Motion No. 5 ("Denning Decl. Exhibit") | |
| 1004 | Qualcomm | Unredacted Reply in Further Support of Qualcomm's *Daubert* Motion No. 4 To Exclude Expert Testimony Regarding Exhaustion and "Substantial Embodiment" (Valenti, Wicker, Akl, Bims, Lanning, Stark, Stevenson, Wells, Libchaber, Meyer and Simcoe) ("Reply ISO *Daubert* Motion No. 4"), Exhibits 29, 30 and 32 – 36 to | |

| | | | |
|---|---|---|---|
| | | | the March 8, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Reply ISO *Daubert* Motion No. 4 ("Denning Decl. Exhibits") |
| | 1007 | Qualcomm | Unredacted Reply in Further Support of its *Daubert* Motion No. 3 to Exclude the Opinions and Testimony of Dr. Jeffrey Leitzinger Concerning Royalty "Overcharges" ("Reply") |
| | 1011 | Apple | Portions of Apple and the CMs' Opposition to Qualcomm Incorporated's Motion for Determination of French Law Pursuant to Fed. R. Civ. P. 44.1 ("Opposition"), and Exhibits D, F-I, L-N, P, TY, DD, FF-HH to the Declaration of Benjamin C. Elacqua in support thereof |
| | 1012 | Apple | Portions of Apple and the Contract Manufacturers' ("CMs'") Reply in Support of Their *Daubert* Motion To Exclude Regression Analysis by Qualcomm Expert Professor Aviv Nevo ("Reply") |
| | 1016 | Qualcomm | Unredacted Reply in Further Support of its *Daubert* Motion No. 2 to Exclude Portions of the Expert Report of Paul K. Meyer and to Forbid Improper Extrapolation of Dr. Valenti's Opinions ("Reply") and Exhibits 26 and 29 to the March 8, 2019 Declaration of Anders Linderot in Support of Qualcomm's Reply in Further Support of its *Daubert* Motion No. 2 to Exclude Portions of the Expert Report of Paul K. Meyer and to Forbid Improper Extrapolation of Dr. Valenti's Opinions ("Linderot Declaration Exhibits") |
| | 1021 | Qualcomm | Unredacted Opposition to Apple's and the Contract Manufacturers' Motion for Determination of French Law Pursuant to Federal Rule of Civil Procedure 44.1 ("Opposition Brief"), Exhibits 7, 27-31 and 33 to the March 8, 2019 Declaration of |

| | | |
|---|---|---|
| | | Nathan E. Denning in Support of Qualcomm's Opposition Brief ("Denning Decl. Exhibits") |
| 1033 | Qualcomm | Exhibits 68-69, 71-74 and 77 to the March 15, 2019 Declaration of Nathan E. Denning in Support of Qualcomm's Reply Memorandum in Further Support of Its Motion for Determination of French Law Pursuant to Federal Rule of Civil Procedure 44.1 ("Denning Decl. Exhibits") |
| 1049 | Qualcomm | Exhibit 1 to the Declaration of Nathan E. Denning in Support of the Motion Regarding BCPA Evidence ("Exhibit") |
| 1052 | Apple, Qualcomm, and CMs | Unredacted versions of Attachments 1A-1B, 1G-1J, 2A-2B and 8 to the parties' Final Joint Trial Notebook ("Trial Notebook Attachments") |
| 1056 | Apple | Portions of Apple and the Contract Manufacturers' Opposition to Qualcomm Incorporated's Motion Regarding BCPA Evidence ("Opposition"), and certain exhibits to the Appendix of Exhibits in support of the Opposition |
| 1059 | Qualcomm | Unredacted Motion To Set the Order of Presentation at Trial and To Permit the Presentation of Limited Evidence Outside the Presence of the Jury ("Motion") |