1   Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
    echesler@cravath.com
2   CRAVATH, SWAINE & MOORE LLP
    825 Eighth Avenue
3   New York, New York 10019
    Telephone:  (212) 474-1000
4   Facsimile:  (212) 474-3700

5   David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
    davenelson@quinnemanuel.com
6   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    500 West Madison St., Suite 2450
7   Chicago, Illinois 60661
    Telephone:  (312) 705-7400
8   Facsimile:  (312) 705-7401

9   Karen P. Hewitt (SBN 145309)
    kphewitt@jonesday.com
10  JONES DAY
    4655 Executive Drive, Suite 1500
11  San Diego, California 92121
    Telephone:  (858) 314-1200
12  Facsimile:  (858) 345-3178

13  [Additional counsel identified on signature pages]

14  *Attorneys for Defendant and Counterclaim-Plaintiff*
    QUALCOMM INCORPORATED

15

16

17                  **UNITED STATES DISTRICT COURT**

18              **SOUTHERN DISTRICT OF CALIFORNIA**

19

20  IN RE:                          No. 3:17-cv-0108-GPC-MDD
21  QUALCOMM LITIGATION
                                    **JOINT MOTION FOR APPROVAL**
22                                  **OF STIPULATED TRIAL**
                                    **MANAGEMENT AGREEMENTS**
23

24                                  Judge:      Hon. Gonzalo P. Curiel
25

26

27

28

---

Apple Inc. ("Apple"), Qualcomm Incorporated ("Qualcomm"), and Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation (collectively, the "CMs", with Apple and Qualcomm, the "Parties"), by and through their respective counsel, hereby jointly move for approval of the following stipulation regarding the Parties' trial management agreements:

## STIPULATION

WHEREAS, in preparation for the November 30, 2018 pretrial conference, the Parties reached several agreements regarding pretrial and trial management (Joint Pretrial Order (lodged), Section VIII), including agreements regarding witness availability, disclosure of witnesses and direct examination materials, disclosure of demonstratives and summary exhibits, and exhibit objections;

WHEREAS, the Parties have revised those agreements and agreed on the provisions below to limit potential disputes and streamline the case for trial;

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the undersigned counsel, subject to approval of the Court:

**Form of Disclosures**

1.     All required disclosures shall be made by email to counsel for all Parties.

**Witness Availability**

2.     Each live witness shall be called to testify only once, except that a Party may call a witness who is its employee or former employee for a second appearance to respond to evidence presented after that witness's first appearance.

3.     For each live witness a Party calls who is on another Party's witness list, the second Party's cross-examination shall not be limited by the scope of the first Party's direct examination—*i.e.*, the second Party's cross-

1    examination may include what otherwise would have been its direct
2    examination.

3    4.    Subject to Paragraphs 2-3, each witness shall be called either live or by
4          deposition designation, not both.

5    5.    All deposition designations for a particular witness shall be played at one
6          time during trial, with the time allocated according to each Party's
7          designations.

8    **Trial Disclosures and Sealing Motions**

9    6.    By 8:00 a.m. PT at least two calendar days before the day on which a
10         Party intends to call any witnesses at trial, that Party (the "Disclosing
11         Party") shall identify (i) the witnesses it plans to call; (ii) the order in
12         which it plans to call those witnesses; (iii) whether such witnesses will be
13         called live or by deposition designation; and (iv) the exhibits and
14         demonstratives it expects to use with each witness (together, the "Direct
15         Disclosure").  For example, for the witnesses who will testify on
16         Tuesday, April 16, the Disclosing Party shall provide the Direct
17         Disclosure for those witnesses by Sunday, April 14, at 8:00 a.m. PT.

18         a.    The Direct Disclosure requirements shall not apply to exhibits or
19               demonstratives the Disclosing Party plans to use solely for cross
20               examination or impeachment, or for direct examination of a
21               witness who is a hostile witness, an adverse party, or a witness
22               identified with an adverse party.

23         b.    As part of the Direct Disclosure for any witness who the
24               Disclosing Party plans to call by deposition designation, the
25               Disclosing Party shall identify which of its previously served
26               designations it plans to present at trial.

27         c.    If the Direct Disclosure includes any non-public exhibits or other
28               information that (i) may contain a non-Party's confidential

information and (ii) the Court has not already ruled on the confidentiality of such exhibits or information, the Disclosing Party shall notify the non-Party of those exhibits and information no later than 8:30 a.m. PT on the day of the Direct Disclosure.

    d.   By 8:30 a.m. PT on the day of the Direct Disclosure, the Disclosing Party shall notify any non-Parties of any exhibits or other information that it plans to use during the direct examination of a witness who is a hostile witness, an adverse party, or a witness identified with an adverse party, if (i) such exhibits or information may contain the non-Party's confidential information and (ii) the Court has not already ruled on the confidentiality of such exhibits or information (the "Adverse Direct Disclosure to Non-Parties"). For the avoidance of doubt, the Disclosing Party is not required to disclose to the non-Party exhibits or information the Disclosing Party may use during direct examination of a witness who is a hostile witness, an adverse party, or a witness identified with an adverse party if (i) such exhibits or information do not contain the non-Party's confidential information or (ii) the Court has already ruled on the confidentiality of exhibits or information that may contain the non-Party's confidential information.

7.   By 10:00 a.m. PT on the day of the Direct Disclosure, the Party receiving the Direct Disclosure (the "Receiving Party") shall, if it plans to conduct a direct examination of a witness identified in the Direct Disclosure, identify the exhibits and demonstratives it expects to use with that witness (the "Counter-Disclosure"). For example, if the Disclosing Party's Direct Disclosure on Sunday, April 14, at 8:00 a.m. PT identifies a witness who the Receiving Party also plans to call for direct

examination, the Receiving Party must provide a Counter-Disclosure for that witness by Sunday, April 14, at 10:00 a.m. PT.

a.   The Counter-Disclosure requirements shall not apply to exhibits or demonstratives the Receiving Party plans to use solely for cross examination or impeachment, or for direct examination of a witness who is a hostile witness, an adverse party, or a witness identified with an adverse party.

b.   For any witnesses who is on both sides' witness lists and (1) is a third party witness or (2) the Disclosing Party is calling as a hostile witness, an adverse party, or a witness identified with an adverse party, the Disclosing Party shall identify the witness by 8:00 a.m. PT at least three calendar days before the day on which a Party intends to call that witness at trial. For example, if the witness will testify on Tuesday, April 16, the Disclosing Party shall identify that witness by Saturday, April 13, at 8:00 a.m. PT.

c.   If the Counter-Disclosure includes any non-public exhibits or other information that (i) may contain a non-Party's confidential information and (ii) the Court has not already ruled on the confidentiality of such exhibits or information, the Receiving Party shall notify the non-Party of those exhibits and information no later than 10:30 a.m. PT on the day of the Direct Disclosure.

d.   By 10:30 a.m. PT on the day of the Direct Disclosure, the Receiving Party shall, if it plans to conduct a direct examination of a witness identified in the Direct Disclosure who is a hostile witness, an adverse party, or a witness identified with an adverse party, notify any non-Parties of any exhibits or other information that it plans to use during such examination if (i) such exhibits or information may contain the non-Party's confidential information

and (ii) the Court has not already ruled on the confidentiality of such exhibits or information (the "Adverse Counter-Disclosure to Non-Parties").  This disclosure requirement shall not apply to exhibits or demonstratives the Receiving Party plans to use solely for impeachment.

8.   By 6:00 p.m. PT on the day of the Direct Disclosure:

a.   The Receiving Party shall identify any remaining objections and counter-designations to the Direct Disclosure deposition designations.

b.   The Receiving Party shall notify the Disclosing Party or non-Parties, as applicable, of any exhibits or other information that it plans to use during the cross-examination of any disclosed witness if (i) such exhibits or information may contain the Disclosing Party's or non-Party's confidential information and (ii) the Court has not already ruled on the confidentiality of such exhibits or information (the "Cross Disclosure").  For the avoidance of doubt, the Receiving Party is not required to disclose to the Disclosing Party exhibits or information the Receiving Party may use during cross-examination if (i) such exhibits or information do not contain the Disclosing Party's confidential information or (ii) the Court has already ruled on the confidentiality of exhibits or information that may contain the Disclosing Party's confidential information.  This disclosure requirement shall not apply to exhibits or demonstratives the Receiving Party plans to use solely for impeachment.

c.   If the Receiving Party has provided a Counter-Disclosure for a witness, the Disclosing Party shall notify the Receiving Party or non-Parties, as applicable, of any exhibits or other information that

it plans to use during the cross-examination of the witness subject to the Counter-Disclosure if (i) such exhibits or information may contain the Receiving Party's or non-Party's confidential information and (ii) the Court has not already ruled on the confidentiality of such exhibits or information (the "Cross Disclosure"). For the avoidance of doubt, the Disclosing Party is not required to disclose to the Receiving Party exhibits or information the Disclosing Party may use during cross-examination if (i) such exhibits or information do not contain the Disclosing Party's confidential information or (ii) the Court has already ruled on the confidentiality of exhibits or information that may contain the Receiving Party's confidential information. This disclosure requirement shall not apply to exhibits or demonstratives the Disclosing Party plans to use solely for impeachment.

d.    The Disclosing Party shall notify the Receiving Party of any exhibits or other information that it plans to use during the direct examination of a witness who is a hostile witness, an adverse party, or a witness identified with an adverse party if (i) such exhibits or information may contain the Receiving Party's confidential information and (ii) the Court has not already ruled on the confidentiality of such exhibits or information (the "Adverse Direct Disclosure to Parties"). For the avoidance of doubt, the Disclosing Party is not required to disclose to the Receiving Party exhibits or information the Disclosing Party may use during the direct examination of a witness who is a hostile witness, an adverse party, or a witness identified with an adverse party if (i) such exhibits or information do not contain the Receiving Party's

confidential information or (ii) the Court has already ruled on the confidentiality of exhibits or information that may contain the Receiving Party's confidential information.  This disclosure requirement shall not apply to exhibits or demonstratives the Disclosing Party plans to use solely for impeachment.

e.   To the extent the Receiving Party plans to conduct a direct examination of a witness identified in the Direct Disclosure who is a hostile witness, an adverse party, or a witness identified with an adverse party, the Receiving Party shall notify the Disclosing Party of any exhibits or other information that it plans to use if (i) such exhibits or information may contain the Disclosing Party's confidential information and (ii) the Court has not already ruled on the confidentiality of such exhibits or information (the "Adverse Counter-Disclosure to Parties").  For the avoidance of doubt, the Receiving Party is not required to disclose to the Disclosing Party exhibits or information the Receiving Party may use during the direct examination of a witness identified in the Direct Disclosure who is a hostile witness, an adverse party, or a witness identified with an adverse party if (i) such exhibits or information do not contain the Disclosing Party's confidential information or (ii) the Court has already ruled on the confidentiality of exhibits or information that may contain the Disclosing Party's confidential information.  This disclosure requirement shall not apply to exhibits or demonstratives the Receiving Party plans to use solely for impeachment.

9.   By 8:00 p.m. PT on the day of the Direct Disclosure:

a.   The Receiving Party shall identify any remaining objections to Direct Disclosure exhibits and demonstratives.

b.     The Disclosing Party shall identify any remaining objections to Counter-Disclosure exhibits and demonstratives.

c.     The Disclosing Party shall identify any remaining objections to deposition counter-designations and any counter-counter designations.

10.   By 9:00 p.m. PT on the day of the Direct Disclosure, or at such other time all Parties agree to in writing, the Parties shall meet and confer regarding (i) all remaining objections related to the Direct Disclosure or Counter-Disclosure exhibits, demonstratives, and deposition designations; and (ii) any confidentiality issues related to the Direct Disclosure, Adverse Direct Disclosure to Non-Parties, Adverse Direct Disclosure to Parties, Counter-Disclosure, Adverse Counter-Disclosure to Non-Parties, Adverse Counter-Disclosure to Parties, or Cross Disclosure.

11.   By 10:00 a.m. PT on the day after the Direct Disclosure, the Parties and any non-Parties shall file any motions to seal concerning any exhibits, demonstratives, or deposition designations identified in the previous day's Direct Disclosure, Adverse Direct Disclosure to Non-Parties, Adverse Direct Disclosure to Parties, Counter-Disclosure, Adverse Counter-Disclosure to Non-Parties, Adverse Counter-Disclosure to Parties, or Cross Disclosure.

12.   By 2:00 p.m. PT on the day after the Direct Disclosure, the Parties shall file any responses or oppositions to motions to seal concerning any exhibits, demonstratives, or deposition designations identified in the previous day's Direct Disclosure, Adverse Direct Disclosure to Non-Parties, Adverse Direct Disclosure to Parties, Counter-Disclosure, Adverse Counter-Disclosure to Non-Parties, Adverse Counter-Disclosure to Parties, or Cross Disclosure.

13. By 9:00 p.m. PT the day after the Direct Disclosure, the Disclosing Party shall provide the videos of any final deposition designations.

**<u>Disclosure of Demonstratives and Summary Exhibits</u>**

14. The timing set forth in Local Rule 16.1(f)(9) shall not apply to opening or closing demonstratives.  Instead, the timing set forth below shall apply.

    a. By 8:30 a.m. PT on April 14, 2019, each Party shall notify the other Parties, or non-Parties, as applicable, of any exhibits or other information that it plans to use during its opening statements if (i) such exhibits or information may contain the other Party's or non-Party's confidential information and (ii) the Court has not already ruled on the confidentiality of such exhibits or information (the "Opening Sealing Disclosure").

    b. By 9:00 p.m. PT on April 14, 2019, or at such other time all Parties agree to in writing, the Parties shall meet and confer regarding any confidentiality issues related to the Opening Sealing Disclosure.

    c. By 10:00 a.m. PT on April 15, 2019, the Parties and any non-Parties shall file any motions to seal concerning any exhibits or other information identified in the Opening Sealing Disclosure.

    d. By 2:00 p.m. PT on April 15, 2019, the Parties shall file any responses or oppositions to motions to seal concerning any exhibits or other information identified in the Opening Sealing Disclosure.

15. By 9:00 a.m. PT on April 8, 2019, (i) each Party shall provide the summary exhibits permitted by Federal Rule of Evidence 1006 that it may use at trial; and (ii) for each Rule 1006 summary exhibit, the Party offering it shall provide a list (organized by each summary exhibit) of the underlying "voluminous writings, recordings or photographs" summarized in that exhibit, along with copies of the underlying materials

to the extent they have not already been provided as part of exhibit exchanges (together, the "FRE 1006 Disclosure").

16.   By 9:00 a.m. PT on April 10, 2019, the other Parties shall identify any objections to the FRE 1006 Disclosure.

17.   The Parties shall promptly meet and confer regarding any disputes with respect to the FRE 1006 Disclosures.

**Exhibit Objections**

18.   Exhibits produced from a Party's files in response to a discovery request in this action, *Federal Trade Commission v. Qualcomm Incorporated*, No. 17-cv-0220-LHK-NMC (N.D. Cal.), or *In re: Qualcomm Antitrust Litigation*, No. 17-md-2773-LHK-NMC (N.D. Cal.) (together, "Party Produced Exhibits") shall be deemed authentic within the meaning of the Federal Rules of Evidence solely for the purposes of this action.

19.   Each Party reserves its rights to raise good-faith objections to the admissibility of any Party Produced Exhibit, provided such objection is identified in the Party's exhibit list objections submitted to the Court on March 24, 2019 or is raised in a timely fashion after that submission. **IT IS SO STIPULATED.**

1     Dated:  April 11, 2019              Respectfully submitted,

2

3                                          By   */s/ Evan R. Chesler*

4                                       Evan R. Chesler (*pro hac vice*)

5                                       (N.Y. Bar No. 1475722)
                                      echesler@cravath.com

6                                       Keith R. Hummel (*pro hac vice*)
                                      (N.Y. Bar No. 2430668)

7                                       khummel@cravath.com
                                      Richard J. Stark (*pro hac vice*)

8                                       (N.Y. Bar No. 2472603)
                                      rstark@cravath.com

9                                       Antony L. Ryan (*pro hac vice*)
                                      (N.Y. Bar No. 2784817)

10                                     aryan@cravath.com
                                      Gary A. Bornstein (*pro hac vice*)

11                                     (N.Y. Bar No. 2916815)
                                      gbornstein@cravath.com

12                                     J. Wesley Earnhardt (*pro hac vice*)
                                      (N.Y. Bar No. 4331609)

13                                     wearnhardt@cravath.com
                                      Yonatan Even (*pro hac vice*)

14                                     (N.Y. Bar No. 4339651)
                                      yeven@cravath.com

15                                     Vanessa A. Lavely (*pro hac vice*)
                                      (N.Y. Bar No. 4867412)

16                                     vlavely@cravath.com
                                      Worldwide Plaza

17                                     825 Eighth Avenue
                                      New York, NY 10019

18                                     Telephone:  (212) 474-1000
                                      Facsimile:  (212) 474-3700

19

20                                     *Attorneys for Defendant and*
                                    *Counterclaim-Plaintiff Qualcomm*
                                    *Incorporated*

21

22

23

24

25

26

27

28

By: */s/ William A. Isaacson* _____

Juanita R. Brooks, SBN 75934,
brooks@fr.com
Seth M. Sproul, SBN 217711,
sproul@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: 858-678-5070 / Fax: 858-678-5099

Ruffin B. Cordell, DC Bar No. 445801,
*pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 45421,
*pro hac vice*, degnan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, DC 20024
Phone: 202-783-5070 / Fax: 202-783-2331

William A. Isaacson, DC Bar No. 414788,
*pro hac vice*, wisaacson@bsfllp.com
Karen L. Dunn, DC Bar No. 1002520,
*pro hac vice*, kdunn@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Phone: 202-237-2727 / Fax: 202-237-6131

*Attorneys for Plaintiff and Counterclaim
Defendant Apple Inc.*

By   */s/ Jason C. Lo*_____

Theodore R. Boutrous, Jr., SBN 132099,
tboutrous@gibsondunn.com
Richard J. Doren, SBN 124666
rdoren@gibsondunn.com
Daniel G. Swanson, SBN 116556,
dswanson@gibsondunn.com
Michele L. Maryott, SBN 191993
mmaryott@gibsondunn.com
Jason C. Lo, SBN 219030,
jlo@gibsondunn.com
Jennifer J. Rho, SBN 254312,
jrho@gibsondunn.com
Melissa Phan, SBN 266880,
mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000; Fax: (213) 229-7520

Cynthia Richman, DC Bar No. 492089,
*pro hac vice*
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500; Fax: (202) 467-0539

*Attorneys for Defendants,
Counterclaimants, and Third-Party
Plaintiffs Compal Electronics, Inc., FIH
Mobile Ltd., Hon Hai Precision Industry
Co., Ltd., Pegatron Corporation, and
Wistron Corporation*

Hugh F. Bassanger, *pro hac vice*
hugh.bangasser@klgates.com
Christopher M. Wyant, *pro hac vice*
chris.wyant@klgates.com
J. Timothy Hobbs, *pro hac vice*
tim.hobbs@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Tel: (206) 623-7580; Fax: (206) 370-6371

Caitlin C. Blanche, SBN 254109,
caitlin.blanche@klgates.com
K&L GATES LLP
1 Park Plaza Twelfth Floor
Irvine, CA 92614
Tel: (949) 253-0900; Fax (949) 253-0902

*Attorneys for Defendant, Counterclaimant,
and Third-Party Plaintiff Wistron
Corporation*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **FILER'S ATTESTATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court of the Southern District of California, I certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

By: */s/ Evan R. Chesler*

Evan R. Chesler
echesler@cravath.com
*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 11, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4(d).  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I certify under penalty of perjury that the foregoing is true and correct. Executed on April 11, 2019, at New York, New York.

By: */s/ Evan R. Chesler*

Evan R. Chesler
echesler@cravath.com
*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED