1
2
3
4
5
6
7
8
9
10                    **UNITED STATES DISTRICT COURT**
11                    **SOUTHERN DISTRICT OF CALIFORNIA**
12
13  | IN RE: QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD |
14  | | **ORDER APPROVING STIPULATED TRIAL MANAGEMENT AGREEMENTS** |
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER APPROVING STIPULATED**                              **CASE NO. 3:17-CV-0108-GPC-MDD**
**TRIAL MANAGEMENT AGREEMENTS**

The Court, having considered the Joint Motion for Approval of Stipulated Trial Management Agreements, hereby orders as follows:

**Form of Disclosures**

1. All required disclosures shall be made by email to counsel for all Parties.

**Witness Availability**

2. Each live witness shall be called to testify only once, except that a Party may call a witness who is its employee or former employee for a second appearance to respond to evidence presented after that witness's first appearance.

3. For each live witness a Party calls who is on another Party's witness list, the second Party's cross-examination shall not be limited by the scope of the first Party's direct examination—*i.e.*, the second Party's cross-examination may include what otherwise would have been its direct examination.

4. Subject to Paragraphs 2-3, each witness shall be called either live or by deposition designation, not both.

5. All deposition designations for a particular witness shall be played at one time during trial, with the time allocated according to each Party's designations.

**Trial Disclosures and Sealing Motions**

6. By 8:00 a.m. PT at least two calendar days before the day on which a Party intends to call any witnesses at trial, that Party (the "Disclosing Party") shall identify (i) the witnesses it plans to call; (ii) the order in which it plans to call those witnesses; (iii) whether such witnesses will be called live or by deposition designation; and (iv) the exhibits and demonstratives it expects to use with each witness (together, the "Direct Disclosure"). For example, for the witnesses who will testify on

|   |   |   |
|---|---|---|
| 1 | | Tuesday, April 16, the Disclosing Party shall provide the Direct |
| 2 | | Disclosure for those witnesses by Sunday, April 14, at 8:00 a.m. PT. |
| 3 | a. | The Direct Disclosure requirements shall not apply to exhibits or |
| 4 | | demonstratives the Disclosing Party plans to use solely for cross |
| 5 | | examination or impeachment, or for direct examination of a |
| 6 | | witness who is a hostile witness, an adverse party, or a witness |
| 7 | | identified with an adverse party. |
| 8 | b. | As part of the Direct Disclosure for any witness who the |
| 9 | | Disclosing Party plans to call by deposition designation, the |
| 10 | | Disclosing Party shall identify which of its previously served |
| 11 | | designations it plans to present at trial. |
| 12 | c. | If the Direct Disclosure includes any non-public exhibits or other |
| 13 | | information that (i) may contain a non-Party's confidential |
| 14 | | information and (ii) the Court has not already ruled on the |
| 15 | | confidentiality of such exhibits or information, the Disclosing |
| 16 | | Party shall notify the non-Party of those exhibits and information |
| 17 | | no later than 8:30 a.m. PT on the day of the Direct Disclosure. |
| 18 | d. | By 8:30 a.m. PT on the day of the Direct Disclosure, the |
| 19 | | Disclosing Party shall notify any non-Parties of any exhibits or |
| 20 | | other information that it plans to use during the direct examination |
| 21 | | of a witness who is a hostile witness, an adverse party, or a witness |
| 22 | | identified with an adverse party, if (i) such exhibits or information |
| 23 | | may contain the non-Party's confidential information and (ii) the |
| 24 | | Court has not already ruled on the confidentiality of such exhibits |
| 25 | | or information (the "Adverse Direct Disclosure to Non-Parties"). |
| 26 | | For the avoidance of doubt, the Disclosing Party is not required to |
| 27 | | disclose to the non-Party exhibits or information the Disclosing |
| 28 | | Party may use during direct examination of a witness who is a |

1  hostile witness, an adverse party, or a witness identified with an
2  adverse party if (i) such exhibits or information do not contain the
3  non-Party's confidential information or (ii) the Court has already
4  ruled on the confidentiality of exhibits or information that may
5  contain the non-Party's confidential information.
6  7.   By 10:00 a.m. PT on the day of the Direct Disclosure, the Party receiving
7  the Direct Disclosure (the "Receiving Party") shall, if it plans to conduct
8  a direct examination of a witness identified in the Direct Disclosure,
9  identify the exhibits and demonstratives it expects to use with that
10 witness (the "Counter-Disclosure").  For example, if the Disclosing
11 Party's Direct Disclosure on Sunday, April 14, at 8:00 a.m. PT identifies
12 a witness who the Receiving Party also plans to call for direct
13 examination, the Receiving Party must provide a Counter-Disclosure for
14 that witness by Sunday, April 14, at 10:00 a.m. PT.
15       a.   The Counter-Disclosure requirements shall not apply to exhibits or
16            demonstratives the Receiving Party plans to use solely for cross
17            examination or impeachment, or for direct examination of a
18            witness who is a hostile witness, an adverse party, or a witness
19            identified with an adverse party.
20       b.   For any witnesses who is on both sides' witness lists and (1) is a
21            third party witness or (2) the Disclosing Party is calling as a hostile
22            witness, an adverse party, or a witness identified with an adverse
23            party, the Disclosing Party shall identify the witness by 8:00 a.m.
24            PT at least three calendar days before the day on which a Party
25            intends to call that witness at trial.  For example, if the witness will
26            testify on Tuesday, April 16, the Disclosing Party shall identify
27            that witness by Saturday, April 13, at 8:00 a.m. PT.
28

ORDER APPROVING STIPULATED                   -3-         CASE NO. 3:17-CV-0108-GPC-MDD
TRIAL MANAGEMENT AGREEMENTS

1      c.    If the Counter-Disclosure includes any non-public exhibits or other information that (i) may contain a non-Party's confidential information and (ii) the Court has not already ruled on the confidentiality of such exhibits or information, the Receiving Party shall notify the non-Party of those exhibits and information no later than 10:30 a.m. PT on the day of the Direct Disclosure.

    d.    By 10:30 a.m. PT on the day of the Direct Disclosure, the Receiving Party shall, if it plans to conduct a direct examination of a witness identified in the Direct Disclosure who is a hostile witness, an adverse party, or a witness identified with an adverse party, notify any non-Parties of any exhibits or other information that it plans to use during such examination if (i) such exhibits or information may contain the non-Party's confidential information and (ii) the Court has not already ruled on the confidentiality of such exhibits or information (the "Adverse Counter-Disclosure to Non-Parties").  This disclosure requirement shall not apply to exhibits or demonstratives the Receiving Party plans to use solely for impeachment.

8.    By 6:00 p.m. PT on the day of the Direct Disclosure:

    a.    The Receiving Party shall identify any remaining objections and counter-designations to the Direct Disclosure deposition designations.

    b.    The Receiving Party shall notify the Disclosing Party or non-Parties, as applicable, of any exhibits or other information that it plans to use during the cross-examination of any disclosed witness if (i) such exhibits or information may contain the Disclosing Party's or non-Party's confidential information and (ii) the Court has not already ruled on the confidentiality of such exhibits or

information (the "Cross Disclosure"). For the avoidance of doubt, the Receiving Party is not required to disclose to the Disclosing Party exhibits or information the Receiving Party may use during cross-examination if (i) such exhibits or information do not contain the Disclosing Party's confidential information or (ii) the Court has already ruled on the confidentiality of exhibits or information that may contain the Disclosing Party's confidential information. This disclosure requirement shall not apply to exhibits or demonstratives the Receiving Party plans to use solely for impeachment.

    c. If the Receiving Party has provided a Counter-Disclosure for a witness, the Disclosing Party shall notify the Receiving Party or non-Parties, as applicable, of any exhibits or other information that it plans to use during the cross-examination of the witness subject to the Counter-Disclosure if (i) such exhibits or information may contain the Receiving Party's or non-Party's confidential information and (ii) the Court has not already ruled on the confidentiality of such exhibits or information (the "Cross Disclosure"). For the avoidance of doubt, the Disclosing Party is not required to disclose to the Receiving Party exhibits or information the Disclosing Party may use during cross-examination if (i) such exhibits or information do not contain the Disclosing Party's confidential information or (ii) the Court has already ruled on the confidentiality of exhibits or information that may contain the Receiving Party's confidential information. This disclosure requirement shall not apply to exhibits or demonstratives the Disclosing Party plans to use solely for impeachment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    d.    The Disclosing Party shall notify the Receiving Party of any exhibits or other information that it plans to use during the direct examination of a witness who is a hostile witness, an adverse party, or a witness identified with an adverse party if (i) such exhibits or information may contain the Receiving Party's confidential information and (ii) the Court has not already ruled on the confidentiality of such exhibits or information (the "Adverse Direct Disclosure to Parties").  For the avoidance of doubt, the Disclosing Party is not required to disclose to the Receiving Party exhibits or information the Disclosing Party may use during the direct examination of a witness who is a hostile witness, an adverse party, or a witness identified with an adverse party if (i) such exhibits or information do not contain the Receiving Party's confidential information or (ii) the Court has already ruled on the confidentiality of exhibits or information that may contain the Receiving Party's confidential information.  This disclosure requirement shall not apply to exhibits or demonstratives the Disclosing Party plans to use solely for impeachment.

    e.    To the extent the Receiving Party plans to conduct a direct examination of a witness identified in the Direct Disclosure who is a hostile witness, an adverse party, or a witness identified with an adverse party, the Receiving Party shall notify the Disclosing Party of any exhibits or other information that it plans to use if (i) such exhibits or information may contain the Disclosing Party's confidential information and (ii) the Court has not already ruled on the confidentiality of such exhibits or information (the "Adverse Counter-Disclosure to Parties").  For the avoidance of doubt, the Receiving Party is not required to disclose to the Disclosing Party

|   |   |   |
|---|---|---|
| 1 | | exhibits or information the Receiving Party may use during the |
| 2 | | direct examination of a witness identified in the Direct Disclosure |
| 3 | | who is a hostile witness, an adverse party, or a witness identified |
| 4 | | with an adverse party if (i) such exhibits or information do not |
| 5 | | contain the Disclosing Party's confidential information or (ii) the |
| 6 | | Court has already ruled on the confidentiality of exhibits or |
| 7 | | information that may contain the Disclosing Party's confidential |
| 8 | | information.  This disclosure requirement shall not apply to |
| 9 | | exhibits or demonstratives the Receiving Party plans to use solely |
| 10 | | for impeachment. |
| 11 | 9. | By 8:00 p.m. PT on the day of the Direct Disclosure: |
| 12 | a. | The Receiving Party shall identify any remaining objections to |
| 13 | | Direct Disclosure exhibits and demonstratives. |
| 14 | b. | The Disclosing Party shall identify any remaining objections to |
| 15 | | Counter-Disclosure exhibits and demonstratives. |
| 16 | c. | The Disclosing Party shall identify any remaining objections to |
| 17 | | deposition counter-designations and any counter-counter |
| 18 | | designations. |
| 19 | 10. | By 9:00 p.m. PT on the day of the Direct Disclosure, or at such other |
| 20 | | time all Parties agree to in writing, the Parties shall meet and confer |
| 21 | | regarding (i) all remaining objections related to the Direct Disclosure or |
| 22 | | Counter-Disclosure exhibits, demonstratives, and deposition |
| 23 | | designations; and (ii) any confidentiality issues related to the Direct |
| 24 | | Disclosure, Adverse Direct Disclosure to Non-Parties, Adverse Direct |
| 25 | | Disclosure to Parties, Counter-Disclosure, Adverse Counter-Disclosure to |
| 26 | | Non-Parties, Adverse Counter-Disclosure to Parties, or Cross Disclosure. |
| 27 | 11. | By 10:00 a.m. PT on the day after the Direct Disclosure, the Parties and |
| 28 | | any non-Parties shall file any motions to seal concerning any exhibits, |

      demonstratives, or deposition designations identified in the previous day's Direct Disclosure, Adverse Direct Disclosure to Non-Parties, Adverse Direct Disclosure to Parties, Counter-Disclosure, Adverse Counter-Disclosure to Non-Parties, Adverse Counter-Disclosure to Parties, or Cross Disclosure.

12. By 2:00 p.m. PT on the day after the Direct Disclosure, the Parties shall file any responses or oppositions to motions to seal concerning any exhibits, demonstratives, or deposition designations identified in the previous day's Direct Disclosure, Adverse Direct Disclosure to Non-Parties, Adverse Direct Disclosure to Parties, Counter-Disclosure, Adverse Counter-Disclosure to Non-Parties, Adverse Counter-Disclosure to Parties, or Cross Disclosure.

13. By 9:00 p.m. PT the day after the Direct Disclosure, the Disclosing Party shall provide the videos of any final deposition designations.

**Disclosure of Demonstratives and Summary Exhibits**

14. The timing set forth in Local Rule 16.1(f)(9) shall not apply to opening or closing demonstratives.  Instead, the timing set forth below shall apply.

    a. By 8:30 a.m. PT on April 14, 2019, each Party shall notify the other Parties, or non-Parties, as applicable, of any exhibits or other information that it plans to use during its opening statements if (i) such exhibits or information may contain the other Party's or non-Party's confidential information and (ii) the Court has not already ruled on the confidentiality of such exhibits or information (the "Opening Sealing Disclosure").

    b. By 9:00 p.m. PT on April 14, 2019, or at such other time all Parties agree to in writing, the Parties shall meet and confer regarding any confidentiality issues related to the Opening Sealing Disclosure.

    c.    By 10:00 a.m. PT on April 15, 2019, the Parties and any non-Parties shall file any motions to seal concerning any exhibits or other information identified in the Opening Sealing Disclosure.

    d.    By 2:00 p.m. PT on April 15, 2019, the Parties shall file any responses or oppositions to motions to seal concerning any exhibits or other information identified in the Opening Sealing Disclosure.

15. By 9:00 a.m. PT on April 8, 2019, (i) each Party shall provide the summary exhibits permitted by Federal Rule of Evidence 1006 that it may use at trial; and (ii) for each Rule 1006 summary exhibit, the Party offering it shall provide a list (organized by each summary exhibit) of the underlying "voluminous writings, recordings or photographs" summarized in that exhibit, along with copies of the underlying materials to the extent they have not already been provided as part of exhibit exchanges (together, the "FRE 1006 Disclosure").

16. By 9:00 a.m. PT on April 10, 2019, the other Parties shall identify any objections to the FRE 1006 Disclosure.

17. The Parties shall promptly meet and confer regarding any disputes with respect to the FRE 1006 Disclosures.

**Exhibit Objections**

18. Exhibits produced from a Party's files in response to a discovery request in this action, *Federal Trade Commission v. Qualcomm Incorporated*, No. 17-cv-0220-LHK-NMC (N.D. Cal.), or *In re: Qualcomm Antitrust Litigation*, No. 17-md-2773-LHK-NMC (N.D. Cal.) (together, "Party Produced Exhibits") shall be deemed authentic within the meaning of the Federal Rules of Evidence solely for the purposes of this action.

19. Each Party reserves its rights to raise good-faith objections to the admissibility of any Party Produced Exhibit, provided such objection is

identified in the Party's exhibit list objections submitted to the Court on March 24, 2019 or is raised in a timely fashion after that submission.

**IT IS SO ORDERED.**

Dated: April 12, 2019

Hon. Gonzalo P. Curiel
United States District Judge