Juanita R. Brooks, SBN 75934, brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: 858-678-5070 / Fax: 858-678-5099

Ruffin B. Cordell, DC Bar No. 445801, *pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421, *pro hac vice*, degnan@fr.com
Fish & Richardson P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C.  20024
Phone:  202-783-5070 / Fax:  202-783-2331

William A. Isaacson, DC Bar No. 414788, *pro hac vice*, wisaacson@bsfllp.com
Karen L. Dunn, DC Bar No. 1002520, *pro hac vice*, kdunn@bsfllp.com
Boies, Schiller & Flexner LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Phone: 202-237-2727 / Fax: 202-237-6131

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

*(Counsel for the CMs and additional counsel listed below signature line)*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>QUALCOMM LITIGATION, | Case No. 3:17-CV-00108-GPC-MDD<br><br>[Consolidated Case 3:17-CV-01010-GPC-MDD]<br><br>APPLE INC. AND THE CONTRACT MANUFACTURERS' MOTION TO FILE UNDER SEAL CERTAIN DOCUMENTS IDENTIFIED FOR OPENING STATEMENTS AND WITNESS EXAMINATIONS<br><br>Judge:   Hon. Gonzalo P. Curiel<br>Dept:     2D |

Case No. 3:17-CV-00108-GPC-MDD

## I. INTRODUCTION

Apple Inc. ("Apple"), and Compal Electronics, Inc., Hon Hai Precision Industry Co., Ltd., FIH Mobile Ltd., Pegatron Corporation, and Wistron Corporation (collectively, the "Contract Manufacturers" or "CMs") move to for an order from the Court to seal from the public record certain exhibits identified by Qualcomm tha it intends to use (1) during opening statements, or (2) during the examination of Apple's Tony Blevins.

The specific evidence that Apple and the CMs seek to seal—identified by exhibit number on Table A, attached to this motion—is the type of confidential business information that if publicly disclosed would harm Apple and/or the CMs, including by putting them at a competitive disadvantage.  The identified portions of exhibits are precisely the type of information that the Ninth Circuit has identified as appropriate to seal.  *See e.g.*, *Apple v. Samsung*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) ("[T]rade secret[s] may consist of any formula, pattern, device or compilation of information which is used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not know or use [].").

Apple and the CMs' sealing requests are narrowly tailored to the confidentiality needs of the parties.  With three exceptions, they seek to seal only limited portions and specific terms in documents, as identified below.  As to the the three documents that Apple and the CMs seek to seal in their entirety, those contain almost exclusively Apple highly confidential internal financial that is the type of information courts typically seal.  Thus, as shown below, compelling reasons support sealing the exhibits identified in Table A.[1]

## II. LEGAL STANDARD

Apple and the CM's incorporate by reference as if fully set forth herein the

---

[1] The exhibits identified in Table A are being lodged with the Court via email, per prior discussion with the Court regarding submitting exhibits for sealing considerations.  The exhibits lodges with the Court identify the specific information Apple and the CMs seek to seal.

1    Case No. 3:17-CV-00108-GPC-MDD

legal standard for sealing information from their April 1, 2019 Motion to Seal "Will Call" Evidence, D.I. 1121-1 (at 2).  As appropriate, Apple and the CMs may provide additional citations in support of sealing a particular exhibit or portion of an exhibit.

## III. ARGUMENT

### A. Compelling Reasons Support Sealing Apple and the CMs' Confidential Information Identified for Opening Statements

Apple and the CMs move to seal a limited number of documents identified by Qualcomm for possible use during its opening statements on April 16, 2019.  First, Apple seeks to seal confidential, internal financial summaries that were produced in this litigation.  DTX02011, DTX02030, and DTX02031 are internal financial records that Apple does not make public and which Apple keeps limited to a small number of internal employees.  As noted in the Federal Circuit's *Apple* decision, Apple stamps this information as "HIGHLY CONFIDENTIAL" and "restricts its nonpublic financial information to a small list of individuals who have been approved" to review them.  *Apple*, 727 F. 3d at 1223.  This is Apple's general practice.  As the court in *Apple* also noted, Apple could suffer competitive harm if these internal financial are made public.  *Id.* at 1225.  Like in *Apple*, here too, if Apple's suppliers have access to their confidential financial information contained in DTX02011, DTX02030, and DTX02031, "it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components."  *Id.*  This would put Apple at a competitive disadvantage compared to its current position.

Similarly, DTX09324 is an internal licensing analysis document that reflects Apple's privileged and confidential analysis of certain licensing negotiations with Qualcomm.  This document contains, among other things, specific financial negotiations and strategy positions, that if publicly known would cause Apple to suffer competitive harm not only as to Qualcomm, but as to other parties.  First, this document is marked "PRIVILEGED & CONFIDENTIAL."  Second, Apple has

1. gone to significant lengths to keep this document confidential, including designating
2. it "HIGHLY CONFIDENTIAL" under the protective order in this case to assure that
3. it cannot be used for any purpose outside of this litigation.  If this document were
4. made public, it would provide other competitors and suppliers information regarding
5. Apple's internal analyses, and thus place Apple at a competitive disadvantage in
6. future negotiations against third parties.  DTX02334 and DTX09313 fall into this
7. same category of documents.
8.     Apple and the CMs move to seal some additional portions of DTX01350,[2]
9. and portions of DTX02588.  Specifically, the parties seek to seal personal contact
10. information contained in the exhibits in order to protect their privacy.  This private,
11. personal information has no relevance to the issues in the case and is routinely
12. sealed, even under the "compelling reasons" standard.  *See Foltz v. State Farm Mut.*
13. *Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (acknowledging the privacy
14. interests implicated by sensitive, personal identifying information); *Fed. Trade*
15. *Comm'n v. AAFE Prod. Corp.*, No. 17-CV-00575-AJB-JMA, 2017 WL 3721695, at
16. *1 (S.D. Cal. Aug. 29, 2017); *see also Opperman v. Path, Inc.*, Case No. 13-cv-
17. 00453-JST, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (finding a motion to
18. seal an exhibit that contained the names, email addresses, and phone numbers of
19. non-party users warranted under the compelling reasons standard).

    **B.    Compelling Reasons Support Sealing Certain Exhibits Identified for Witness Examination**

    Apple and the CMs also move to seal certain exhibits identified for examination with Apple's Tony Blevins.  Again, Apple and the CMs are seeking to seal limited portions of documents that contain confidential financial and other internal business information.  Specifically, Apple and the CMs are seeking to seal

---

[2] Apple and the CMs previously sought to seal portions of DTX1350 in their April 2, 2019 Motion to Seal.  DI 1121-1.  In this motion, the parties seek to seal an additional portion of the document related to personal information.

portions of PTX002334, PTX002902, DTX02132, DTX02589, DTX03078, DTX09318, DTX02165 DTX01665, DTX02000, and JTX009.  The portions of these documents that Apple and the CMs seek to seal include internal presentations of Apple and the CMs; emails; internal analyses; and various other types of documents that contain licensing terms, payment terms, volume requirements, commission information, pricing agreements, and a variety of other confidential and sensitive business information.  *See e.g.*, DTX02132 (at 9 of 19) containing confidential pricing information; DTX02589 (at various places) containing confidential pricing terms and financial information; DTX03078 (at 1, 4, 5 of 5) containing confidential financial information; PTX002334 containing financial and pricing information; etc.  Thus, public disclosure of this information would give Apple and/or the CMs' competitors insight into confidential aspects of their respective businesses.  In addition, the public disclosure of this information would put Apple and the CMs at a competitive disadvantage in future negotiations with third party suppliers, customers, or licensors.

For the reasons referenced in Section A, above, Apple and the CMs seek to seal DTX02030 in its entirety.

Apple and the CMs have made diligent efforts to maintain the confidentiality of the information they seek to protect from public disclosure.  To Apple and the CMs' knowledge, the confidential information, identified for redaction in Table A, below, has not been publicly disclosed.  (*See* Amon Decl. ¶¶4-30)  Apple and the CMS have designated the exhibits in Table A as Highly Confidential – Attorneys' Eyes Only under the Protective Order in this action.  Apple and the CMs have narrowly tailored their requests, and seek to seal only narrow portions of the documents listed on Table A.

## IV. CONCLUSION

For the reasons stated above and in the accompanying declarations in support of Apple and the CMs' motion to seal certain Exhibits, Apple and the CMs

respectfully request an order to seal the redacted portions of the exhibits identified in Table A, below.

TABLE A

| EXHIBIT NO. | PAGES IDENTIFIED FOR SEALING | TYPE OF INFORMATION | SUPPORT |
|---|---|---|---|
| DTX01350 | pp. 1, 6-8, 10 | Personal Information | Wistron Decl. ¶ 4 |
| DTX01665 | pp. 3-6 | Financial Information | Amon Decl. ¶ 4 |
| DTX02000 | pp. 4-5 | Financial Information | Amon Decl. ¶ 4 |
| DTX02011 | Entirely | Financial Information | Amon Decl. ¶ 4 |
| DTX02030 | Entirely | Financial Information | Amon Decl. ¶ 4 |
| DTX02031 | Entirely | Financial Information | Amon Decl. ¶ 4 |
| DTX02132 | pp. 8, 9, | Financial Information | Amon Decl. ¶ 4 |
| DTX02165 | Entirely | Financial Information | Amon Decl. ¶ 4 |
| DTX02334 | pp. 34, 36, 55, 83, 87, 89, 91, 107, 109, 153, 155, 162, 174, 196, 202, 206, 208, 210, 225-226, 228 | Financial Information | Amon Decl. ¶ 4 |

| | | | |
|---|---|---|---|
| DTX02588 | (p. 1 | Personal Information | Foxconn Decl. ¶ 10 |
| DTX02589 | pp. 4, 7-16, 18-19, 22, 25-33, 36-37 | Confidential Pricing and Financial Information | Amon Decl. ¶ 4; Foxconn Decl. ¶ 4, 5, 6, 7, 8, 9, 10 |
| DTX03078 | pp. 1, 4 | Financial Information | Amon Decl. ¶ 4 |
| DTX09313 | pp. 6, 9, 10 | Financial Information | Amon Decl. ¶ 4 |
| DTX09318 | pp. 4, 5, 7, 9-15, 17-31 | Financial Information | Amon Decl. ¶ 4 |
| DTX09324 | pp. 1-9 | Financial and Strategy Information | Amon Decl. ¶ 4 |
| JTX0009 | pp. 13-15 | Financial Information | Amon Decl. ¶ 4 |
| PTX002334 | pp, 1, 3-4 | Financial Information | Amon Decl. ¶ 4 |
| PTX002902 | pp. 4-6, 19, 38-39 | Financial Information | Amon Decl. ¶ 4 |

Dated:  April 15, 2019        Respectfully submitted,

By: */s/ Michael A. Amon*
Juanita R. Brooks, SBN 75934, brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
Michael A. Amon, SBN 226221, amon@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone:  619-678-5070 / Fax: 619-678-5099

Ruffin B. Cordell, DC Bar No. 445801
*pro hac vice*, cordell@fr.com

Lauren A. Degnan, DC Bar No. 452421
*pro hac vice*, degnan@fr.com
Fish & Richardson P.C.
The McPherson Building
901 15th Street, N.W., 7th Floor
Washington, D.C. 20005
Phone: 202-783-5070 / Fax: 202-783-2331

William A. Isaacson, DC Bar No. 414788
*pro hac vice*, wisaacson@bsfllp.com
Karen L. Dunn, DC Bar No. 1002520
*pro hac vice*, kdunn@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: 202-237-2727
Facsimile: 202-237-6131

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

By: */s/ Jason C. Lo*
GIBSON DUNN & CRUTCHER, LLP
Theodore J. Boutrous, Jr. (SBN 132099)
tboutrous@gibsondunn.com
Daniel G. Swanson (SBN 116556)
dswanson@gibsondunn.com
Jason C. Lo (SBN 219030)
jlo@gibsondunn.com
Jennifer J. Rho (SBN 254312)
jrho@gibsondunn.com
Melissa Phan (SBN 266880)
mphan@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Cynthia E. Richman (Pro Hac Vice)
(DC Bar No. 492089)
crichman@gibsondunn.com
1010 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for Defendants, Counterclaimants, and Third-Party Plaintiffs, COMPAL ELECTRONICS, INC., FIH MOBILE LTD., HON HAI PRECISION INDUSTRY CO., LTD., PEGATRON CORPORATION, WISTRON CORPORATION*

| | |
|---|---|
| 1 | HUGH F. BANGASSER (*Pro Hac Vice*) |
| 2 | hugh.bangasser@klgates.com<br>CHRISTOPHER M. WYANT (*Pro Hac Vice*) |
| 3 | chris.wyant@klgates.com<br>J. TIMOTHY HOBBS (*Pro Hac Vice*) |
| 4 | tim.hobbs@klgates.com<br>K&L GATES LLP |
| 5 | 925 Fourth Avenue, Suite 2900<br>Seattle, Washington 98104 |
| 6 | Telephone: +1 206 623 7580<br>Facsimile: +1 206 370 6371 |
| 7 | *Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff Wistron Corporation* |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**FILER'S ATTESTATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court of the Southern District of California, I certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

Dated: April 15, 2019                    /s/*Michael A. Amon*
                                          Michael A. Amon

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 15, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on April 15, 2019, at San Diego, California.

*/s/ Michael A. Amon*
Michael A. Amon