Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

[*Additional counsel identified on signature page*]

*Attorneys for Defendant and Counterclaim-Plaintiff*
QUALCOMM INCORPORATED

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>QUALCOMM LITIGATION | No. 3:17-CV-0108-GPC-MDD<br><br>**QUALCOMM INCORPORATED'S RESPONSE TO NON-PARTY INTEL CORPORATION'S MOTION TO SEAL [ECF NO. 1151]**<br><br>Judge:   Hon. Gonzalo P. Curiel |

# INTRODUCTION

Qualcomm Incorporated ("Qualcomm") respectfully submits this response to Non-Party Intel Corporation's ("Intel") Motion to Seal Confidential Information Pursuant to L.R. 79.2 (ECF 1151, "Intel's Motion to Seal"). Intel's Motion to Seal requests approval of redactions in three potential trial exhibits that may be used on or after April 16, 2019. (ECF 1151.) In its April 15, 2019, Order Granting in Part and Denying in Part Motions to Seal (ECF 1155, the "Sealing Order"), the Court has already determined the appropriate treatment for two of the three documents covered by Intel's Motion to Seal, which should be denied to the extent Intel requests different or additional redactions from those the Court has ordered.

Qualcomm respectfully requests that the Court deny Intel's request to seal the third and final exhibit at issue, which has not been the subject of any prior motion to seal. Intel fails to establish compelling reasons supporting its proposed redactions, which appear to cover stale, years-old information, are overbroad, and would improperly prevent an open trial on important issues that will be presented to the jury.

# LEGAL STANDARD

There is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For dispositive motions and trial, a party seeking to seal court records must demonstrate that "compelling reasons" support doing so. *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). "[I]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets" and other proprietary and sensitive business information not available to the public, where disclosure would harm a litigant's competitive standing. *Id.* at 1179 (quoting *Nixon v. Warner Comm's, Inc.*, 435 U.S. 589, 598 (1978)). As the Court stated at an earlier juncture of this case, compelling reasons may exist to seal "'pricing terms, royalty rates, and guaranteed minimum payment terms' of license

1 agreements." *In re Qualcomm Litig.*, 17-cv-00108, 2019 WL 845659, at *2 (S.D. Cal. Feb. 21, 2019) (quoting *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)). Compelling reasons for sealing must be established by "articulable facts," not "unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

However, not all material asserted by a litigant to be confidential warrants sealing, and the threshold for sealing is highest at trial "because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broad. Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986)); see *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (noting "strong presumption that all trial proceedings should be subject to scrutiny by the public" (quoting *United States v. Ladd*, 218 F.3d 701, 704 (7th Cir. 2000))). Accordingly, the Court should strictly scrutinize any proposed sealing of key information that the jury will hear, particularly given the public and media attention this case has received. *Kamakana*, 447 F.3d at 1179; *see Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1217-18 (Fed. Cir. 2013) (noting that, due to the "extraordinary amount of attention from the public and the media," "the district court agreed to seal only a small number of trial exhibits").

Old information also falls short of the "compelling reasons" standard, on the basis that, even if such information once was highly sensitive, publication of stale, years-old information is unlikely to present a legitimate risk of competitive harm. *See Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, 360 F. Supp. 3d 994 (N.D. Cal. 2018) ("the parties failed to provide compelling justifications for sealing, for example, marketing plans that are several years old"); *Perez v. Lantern Light Corp.*, 2017 WL 2172012, at *3 (W.D. Wash. May 17, 2017) ("Defendant does not explain how these now eight-year-old rates would put them at a competitive disadvantage. Because Defendant presents no

specific argument with respect to these stale rates, the Court cannot conclude that there is a compelling reason to keep the information under seal.").

The "compelling reasons" standard also requires that any proposed sealing or redaction be narrowly drawn to balance the potential harm to the moving party's interests against the public's right to access court files and understand the issues in the trial. *Kamakana*, 447 F.3d at 1179; *Apple Inc.*, 727 F.3d at 1226 (weighing the importance of materials sought to be sealed in terms of their importance to the public's understanding of the case); Hon. Gonzalo P. Curiel Civil Pretrial and Trial Procedures, at 4-5 (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999)); *see In re McCormick & Co., Inc. Pepper Prod. Mktg & Sales Practices Litig.*, 316 F. Supp. 3d 455, 462 (D.D.C. 2018) ("the Court concludes that many of defendants' confidentiality designations have resulted in overbroad redactions"); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 602, 604 (S.D.N.Y. 2011) (denying motion to file under seal because the redactions were overbroad).

## ARGUMENT

The Court has already ruled on the appropriate scope of sealing, if any, for two of the three documents at issue in Intel's Motion to Seal.  First, the Court's Sealing Order granted Apple's request for approval of certain redactions to DTX00054.  (ECF 1155, Sealing Order at p. 24.)  To the extent Intel's Motion to Seal requests additional redactions to the same document, if it is introduced into evidence, the Court should deny Intel's Motion to Seal.  Second, the Court's Sealing order denied Apple's request to redact portions of DTX01128, ruling that the proposed redactions were "overbroad" and covered material that is "at-issue to the case."  (ECF 1155, Sealing Order at p. 25.)  The Court should deny Intel's Motion to Seal to the extent it requests redactions to this same exhibit on which the Court has already ruled, if that exhibit is introduced into evidence.

The third and final document at issue in Intel's Motion to Seal is DTX02165, an Apple email and attachment dating back to March of 2014 that was disclosed as a potential exhibit for use at trial on or after April 16, 2019. *See* ECF 1151.  Intel argues

1  that DTX002165 contains "product pricing" information and states that it seeks to redact
2  page 12 of the potential exhibit, *see* Intel Mtn. to Seal at 3, although the proposed
3  redactions lodged by Intel are far more extensive.  *See* ECF 1151-1, Decl. of Mark
4  Friedman ¶ 6.

5       The Court should deny Intel's Motion to Seal with respect to DTX02165.  First,
6  Intel fails to establish compelling reasons to seal by "articulable facts," *see Hagestad*, 49
7  F.3d at 1434, instead relying simply on the generalized assertion that "Intel keeps
8  information about the prices it charges for baseband chipsets, and the strategy and
9  negotiation surrounding those prices, confidential," and that disclosure of such
10 information, "including from 2011 to the present," could harm Intel.  *See* ECF 1151-1,
11 Decl. of Mark Friedman ¶ 6.  This generic assertion cannot overcome the strong
12 presumption in favor of access to court records, particularly at trial where the public's
13 interest in understanding the judicial process and the parties' dispute is at its highest.
14 *Kamakana*, 447 F.3d at 1179.  Intel also fails to explain how disclosure of information
15 that is now five years old or more would threaten any *current* competitive harm to Intel.
16 *See Prostar Wireless Grp., LLC*, 360 F. Supp. 3d 994; *Perez*, 2017 WL 2172012, at *3.

17      Finally, Intel's proposed redactions would partially or entirely shield from public
18 view issues at the heart of this case.  The asserted need for confidentiality does not
19 outweigh the importance of an open trial on important exhibits and testimony that will be
20 presented to the jury.  *Kamakana*, 447 F.3d at 1179; *see Apple Inc.*, 727 F.3d at 1226
21 (evaluating how sealing would impact the public's ability to understand the case).  The
22 Court therefore should conclude that the proposed redactions lodged by Intel are not
23 narrowly drawn to balance the asserted harm to Intel's interests against both the public's
24 right to understand the dispute and the trial and Qualcomm's ability to efficiently and
25 effectively present its case to the jury.  *See Kamakana*, 447 F.3d at 1179.  The Ninth
26 Circuit requires far more in order to justify sweeping redactions to potential trial exhibits.
27 *See Hagestad*, 49 F.3d at 1434; *Kamakana*, 447 F.3d at 1179.
28 ///

# **CONCLUSION**

For the foregoing reasons, Qualcomm respectfully requests that the Court deny Intel's Motion to Seal. The Court should order the parties to abide by the redactions already ordered with respect to DTX00054 and DTX01128, and should deny Intel's Motion to Seal to the extent it seeks additional or different redactions to those documents, and to the extent Intel seeks redactions to DTX02165.

Dated: April 15, 2019

Respectfully submitted,

By: */s/ Kelly V. O'Donnell*

**CRAVATH, SWAINE & MOORE LLP**
Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
rstark@cravath.com
(N.Y. Bar No. 2472603)
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651)
yeven@cravath.com
Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Stephen Swedlow (*pro hac vice*)

| | |
|---|---|
| 1 | (Ill. Bar No. 6234550) |
| | stephenswedlow@quinnemanuel.com |
| 2 | 500 West Madison St., Suite 2450 |
| | Chicago, Illinois 60661 |
| 3 | Telephone: (312) 705-7400 |
| | Facsimile: (312) 705-7401 |
| 4 | |
| | Alexander Rudis (*pro hac vice*) |
| 5 | (N.Y. Bar No. 4232591) |
| | alexanderrudis@quinnemanuel.com |
| 6 | 51 Madison Ave., 22nd Floor |
| | New York, New York 10010 |
| 7 | Telephone: (212) 849-7000 |
| | Facsimile: (212) 849-7100 |
| 8 | |
| | Sean S. Pak (SBN 219032) |
| 9 | seanpak@quinnemanuel.com |
| | 50 California St., 22nd Floor |
| 10 | San Francisco, CA 94111 |
| | Telephone: (415) 875-6600 |
| 11 | Facsimile: (415) 875-6700 |
| 12 | **JONES DAY** |
| 13 | Karen P. Hewitt (SBN 145309) |
| | kphewitt@jonesday.com |
| 14 | Randall E. Kay (SBN 149369) |
| | rekay@jonesday.com |
| 15 | 4655 Executive Drive, Suite 1500 |
| | San Diego, California 92121 |
| 16 | Telephone: (858) 314-1200 |
| | Facsimile: (858) 345-3178 |
| 17 | |
| | *Attorneys for Defendant* |
| 18 | **QUALCOMM INCORPORATED** |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 15, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I certify under penalty of perjury that the foregoing is true and correct. Executed on April 15, 2019, at San Diego, California.

>                         s/ *Kelly V. O'Donnell*
>                         Kelly V. O'Donnell
>                         kodonnell@jonesday.com

NAI-1507091768v1