1  Evan R. Chesler (N.Y. Bar No. 1475722) (*pro hac vice*)
   echesler@cravath.com
2  CRAVATH, SWAINE & MOORE LLP
   825 Eighth Avenue
3  New York, NY 10019
   Telephone:  (212) 474-1000
4  Facsimile:  (212) 474-3700

5  David A. Nelson (Ill. Bar No. 6209623) (*pro hac vice*)
   davenelson@quinnemanuel.com
6  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   500 West Madison St., Suite 2450
7  Chicago, Illinois 60661
   Telephone:  (312) 705-7400
8  Facsimile:  (312) 705-7401

9  Karen P. Hewitt (SBN 145309)
   kphewitt@jonesday.com
10 JONES DAY
   4655 Executive Drive, Suite 1500
11 San Diego, California 92121
   Telephone:  (858) 314-1200
12 Facsimile:  (858) 345-3178

13 [*Additional counsel identified on signature page*]

14 *Attorneys for Defendant and Counterclaim-Plaintiff*
   QUALCOMM INCORPORATED

15

16                **UNITED STATES DISTRICT COURT**

17              **SOUTHERN DISTRICT OF CALIFORNIA**

18 | IN RE: | No. 3:17-CV-0108-GPC-MDD |

19 | QUALCOMM LITIGATION | **QUALCOMM INCORPORATED'S** |

20 | | **RESPONSE IN FURTHER SUPPORT OF ITS OBJECTIONS TO APRIL 16 DEPOSITION DESIGNATIONS AND RELATED EXHIBITS** |

21

22 | | Judge:     Hon. Gonzalo P. Curiel |

23

24

25

26

27

28

### **INTRODUCTION**

Qualcomm Incorporated ("Qualcomm") respectfully submits this response in Further Support of Its Objections to April 16 Deposition Designations and Related Exhibits, which were lodged with the Court earlier this evening.

In accordance with the Court's Order Approving Stipulated Trial Management Agreements (ECF 1149), the parties met and conferred regarding their respective objections to proposed deposition designations and the related exhibits on the night of April 14, 2019. The parties' efforts to resolve those objections were unsuccessful, which resulted in the joint lodging of numerous objections for each video and exhibit. In light of the Court's comments this afternoon, Qualcomm has re-reviewed its objections in an attempt to narrow them and provide the Court with a more focused set of the most critical objections. Accordingly, although many of Apple's designations and related exhibits are improper, Qualcomm hereby narrows its objections with respect Ira Blumberg, Kevin Constantine and Todd Madderom as follows.[1]

### I.   **Ira Blumberg (Lenovo)**

a. **Deposition Designation Objections**: Many of Apple's proposed designations from Mr. Blumberg's deposition attempt to present the jury with improper legal conclusions or expert testimony that would supplant the role of the jury. Apple also attempts to use Mr. Blumberg to put into evidence inadmissible hearsay, such as statements of witnesses not before the court or documents created by others. The portions of the transcript relevant to Qualcomm's narrowed objections are included in the attached Exhibit 1.[2]

---

[1] The parties' April 16 Trial Day lodging also included objections for designations and exhibits with respect to the depositions of John Grubbs and Arthur Lee Hill. Although Qualcomm understands those designations are more likely to be played on April 17, Qualcomm also expects the Court's guidance on the narrowed objections here may assist the parties in resolving their objections as to those additional transcripts and exhibits.

[2] Consistent with the parties' procedure for providing exhibits to the Court earlier today, Qualcomm will be lodging the referenced exhibits with the Court.

| Designations (Ex. 1) | Reason for Objection |
|---|---|
| 34:2-35:7<br>44:23-45:13 | This testimony concerns Mr. Blumberg's assessment of whether any Qualcomm patents are substantially embodied by a modem chip (*i.e.*, exhausted) and whether Qualcomm has committed "patent misuse". Both are legal conclusions and even to the extent they were not, Mr. Blumberg's testimony would have to be offered as an expert opinion pursuant to the requirements of Rule 702. It cannot be presented as lay opinion testimony. Moreover, Mr. Blumberg's testimony is based, at least in part, on conversations with others, which is inadmissible hearsay. |
| 130:23-132:7<br>147:19-148:12 | Mr. Blumberg is asked his opinion as to the proper royalty base for standard essential patents under FRAND and his interpretation of whether certain license agreements are FRAND. Those are legal conclusions, and even if not, would need to be the subject of expert testimony pursuant to Rule 702. It cannot be presented as lay opinion testimony. |
| 157:21-158:4<br>158:21-159:10<br>175:12-176:7<br>214:20-215:5 | Mr. Blumberg is asked to relate conversations he had with others at Lenovo about their experiences with Qualcomm or read into the record documents he did not create and could not authenticate. Both are classic hearsay, which is inadmissible under Rule 802 and Apple has not even attempted to establish any exceptions. |
| 229:15-230:7<br>234:20-236:2<br>272:25-272:17<br>280:6-281:3<br>281:15-283:1 | Mr. Blumberg is asked to provide an expert opinion on the impact of Qualcomm's purported "leverage" on royalty rates, the potential impact on royalty rates if there were changes to Qualcomm's licensing practices and what licenses should or should not be used as comparables to assess Qualcomm's |

| Designations (Ex. 1) | Reason for Objection |
|---|---|
| | royalty rates.  All of that is, at best, improper expert testimony subject to Rule 702 and cannot be presented as lay opinion testimony. |

**b.  Exhibit Objections / Redactions**:

**Objections:**  Qualcomm hereby withdraws its objections as to the exhibits Apple seeks to introduce through the Blumberg designations, with one exception.  PTX002776 is an email attaching a powerpoint presentation.  (Ex. 2.)  The document should be excluded as hearsay.  The designated testimony (166:15-167:1, (Ex. 1)) provides no basis for admission of the document as a business record.

**Redactions:**  Qualcomm believes certain redactions of references to regulatory investigations are necessary in accordance with the Court's order on Motion in Limine No. 10.  Those redactions apply to three of exhibits and are attached hereto (PTX002520 (Ex. 3); PTX002645 (Ex. 4); PTX002776 (Ex. 2)).

## II.   Kevin Constantine (Intel)

**a.  Deposition Designation:**  The portions of Apple's designations from Kevin Constantine's deposition relevant to Qualcomm's narrowed objections are included in the attached Exhibit 5.

| Designations (Ex. 5) | Reason for Objection |
|---|---|
| 243:19-22<br>243:25-244:14<br>334:12-335:14<br>345:20-346:18<br>348:13-18<br>348:20-349:7 | Mr. Constantine testifies (in some cases, in response to questions by Apple's counsel) about what Apple employees told him about Intel's ability to satisfy Apple's product requirements.  Mr. Constantine's response is hearsay because he repeats what he claims Apple employees said.<br>Mr. Constantine admits that he *could* not know Apple's decision-making process with respect to procurement, and |

| Designations (Ex. 5) | Reason for Objection |
|---|---|
| | therefore he lacks foundation to speculate on it before the jury. |

b.  **Exhibit Objections**:

| Exhibit and Implicated Designations | Reason for Objection |
|---|---|
| PTX001506 (Ex. 6)<br>330:14-23 (Ex. 5)<br>332:25-333:13 (Ex. 5) | In the top email in this chain, Mr. Constantine repeats the statements of Apple's Chief Operating Officer, Jeff Williams, and Apple employee Aaron Schafer, both of whom Apple and the CMs have disclosed they will call to testify in their own words.  PTX001506 includes emails written by others at Intel, including an instance of quintuple hearsay:  (1) Mr. Constantine replies in a chain to (2) an email from another Intel employee explaining (3) what an Apple employee said (4) about what another Apple employee said (5) about a meeting with a third Intel employee.  The document and associated testimony should be excluded. |
| PTX01734 (Ex. 7)<br>336:5-16 (Ex. 5)<br>337:12-338:17 (Ex. 5) | Mr. Constantine testifies regarding an email he sent to Intel employees about how he "interpreted" a sourcing decision by Apple, and he admits he "can't know for sure what that meant because this was an internal Apple decision."  Mr. Constantine either lacks personal knowledge to testify regarding Apple's decision or he is repeating the statements of others at Apple.  Neither is admissible. |

**III.     Todd Madderom (Motorola)**

Qualcomm withdraws its objections to Apple's proposed designations from Mr. Madderom's deposition and the exhibits Apple seeks to admit via Mr. Maddrom's testimony (PTX002412, PTX002540, PTX002895, PTX003083, PTX003110, PTX003393).

# **CONCLUSION**

For the foregoing reasons, Qualcomm respectfully asks the Court to preclude the objectionable deposition designations and exhibits referenced above and apply the proposed redactions.

Dated:  April 16, 2019                                    Respectfully submitted,

                                                         By: */s/ Kelly V. O'Donnell*

                                                         **CRAVATH, SWAINE & MOORE LLP**
                                                         Evan R. Chesler (*pro hac vice*)
                                                         (N.Y. Bar No. 1475722)
                                                         echesler@cravath.com
                                                         Keith R. Hummel (*pro hac vice*)
                                                         (N.Y. Bar No. 2430668)
                                                         khummel@cravath.com
                                                         Richard J. Stark (*pro hac vice*)
                                                         rstark@cravath.com
                                                         (N.Y. Bar No. 2472603)
                                                         Antony L. Ryan (*pro hac vice*)
                                                         (N.Y. Bar No. 2784817)
                                                         aryan@cravath.com
                                                         Gary A. Bornstein (*pro hac vice*)
                                                         (N.Y. Bar No. 2916815)
                                                         gbornstein@cravath.com
                                                         J. Wesley Earnhardt (*pro hac vice*)
                                                         (N.Y. Bar No. 4331609)
                                                         wearnhardt@cravath.com
                                                         Yonatan Even (*pro hac vice*)
                                                         (N.Y. Bar No. 4339651)
                                                         yeven@cravath.com
                                                         Vanessa A. Lavely (*pro hac vice*)
                                                         (N.Y. Bar No. 4867412)
                                                         vlavely@cravath.com
                                                         Worldwide Plaza
                                                         825 Eighth Avenue
                                                         New York, NY 10019

Telephone: (212) 474-1000
Facsimile: (212) 474-3700

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Stephen Swedlow (*pro hac vice*)
(Ill. Bar No. 6234550)
stephenswedlow@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**JONES DAY**
Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Randall E. Kay (SBN 149369)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

***Attorneys for Defendant***
**QUALCOMM INCORPORATED**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 16, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4(d).  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on April 16, 2019, at San Diego, California.

*/s/ Kelly V. O'Donnell*
Kelly V. O'Donnell
kodonnell@jonesday.com