| | |
|---|---|
| 1 | THEODORE J. BOUTROUS JR., SBN 132099 |
| | tboutrous@gibsondunn.com |
| 2 | RICHARD J. DOREN, SBN 124666 |
| | rdoren@gibsondunn.com |
| 3 | DANIEL G. SWANSON, SBN 116556 |
| | dswanson@gibsondunn.com |
| 4 | MICHELE L. MARYOTT, SBN 191993 |
| | mmaryott@gibsondunn.com |
| 5 | JASON LO, SBN 219030 |
| | jlo@gibsondunn.com |
| 6 | JENNIFER RHO, SBN 254312 |
| | jrho@gibsondunn.com |
| 7 | MELISSA PHAN, SBN 266880 |
| | mphan@gibsondunn.com |
| 8 | GIBSON, DUNN & CRUTCHER LLP |
| | 333 South Grand Avenue |
| 9 | Los Angeles, CA 90071-3197 |
| | Telephone: 213.229.7000 |
| 10 | Facsimile: 213.229.7520 |

CYNTHIA RICHMAN, SBN 492089
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 11101
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys For Defendants, Counterclaimants, and Third-Party Plaintiffs Compel Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>COMPEL ELECTRONICS, INC., FIH MOBILE LTD., HON HAI PRECISION INDUSTRY CO., LTD., PEGATRON CORPORATION, and WISTRON CORPORATION,<br><br>Defendants. | CASE NO. 17-CV-00108-GPC-MDD<br><br>**APPLE AND CONTRACT MANUFACTURER PLAINTIFFS' MOTION TO EXCLUDE ANY TESTIMONY OR ARGUMENTS BASED ON THE UNTIMELY SUPPLEMENTAL EXPERT REPORT OF AMBREEN SALTERS**<br><br>Judge: Hon. Gonzalo P. Curiel<br>Courtroom: 2D<br>Date: April 16, 2019<br>Time: 7:30 am |

Gibson, Dunn & Crutcher LLP

APPLE AND CONTRACT MANUFACTURER PLAINTIFFS' MOTION TO EXCLUDE ANY TESTIMONY OR ARGUMENTS BASED ON THE UNTIMELY SUPPLEMENTAL EXPERT REPORT OF AMBREEN SALTERS
CASE NO. 17-CV-00108-GPC-MDD

# I. INTRODUCTION

On April 11, 2019, at 9:39 pm, Qualcomm served Apple and the CMs with a supplemental expert report of its damages expert, Ambreen Salters ("Salters Supplemental Report"). The Salters Supplemental Report offers new opinions, not previously disclosed, and concludes that Qualcomm incurred an additional ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Qualcomm's service of the Salters Supplemental Report on the eve of trial is untimely, improper and prejudicial to Apple and the CMs. Accordingly, Qualcomm should be from precluded from offering any argument (including in its opening and closing), evidence or testimony related to Salters' untimely opinions.

Qualcomm's disclosure of the Salters Supplemental Report violates the Court's scheduling orders and Fed. R. Civ. P. 26 and 37. Fact discovery closed in this case on May 31, 2018, opening expert reports were due on June 29, 2018, and expert depositions were completed on October 30, 2018. Rule 26(e) does not give Qualcomm license to evade these deadlines by characterizing Ms. Salters' new opinions as a "supplemental report." Permitting Qualcomm to present Salters' new opinions will unfairly prejudice Apple and the CMs (who complied with the Court's orders), as they are effectively precluded from analyzing and testing the accuracy and reliability of Salters new analysis at this late stage in the proceedings.

There is no justification for this type of gamesmanship on the eve of trial. The Court should grant this motion to prevent further prejudice to Apple and the CMs.

# II. RELEVANT FACTS

## A. The Court's Prior Scheduling Orders

In its scheduling orders entered on May 21, 2018, and September 4, 2018, the Court set forth the following discovery and pretrial disclosure deadlines:

1. All fact discovery to be completed by May 31, 2018.
2. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) to be served on all parties on or before June 29, 2018.

Gibson, Dunn & Crutcher LLP

1

APPLE AND CONTRACT MANUFACTURER PLAINTIFFS' MOTION TO EXCLUDE ANY TESTIMONY OR ARGUMENTS BASED ON THE UNTIMELY SUPPLEMENTAL EXPERT REPORT OF AMBREEN SALTERS
CASE NO. 17-CV-00108-GPC-MDD

3. Any rebuttal disclosures to be disclosed on or before October 2, 2018.

4. All expert depositions to be completed by October 30, 2108.

5. Pre-trial disclosure required under Fed. R. Civ. P. 26(a)(3) to be completed by November 2, 2018.

ECF No. 508 ¶¶ 1-3, 7; ECF No. 604 ¶¶ 1-2.

In accordance with above schedule, the parties completed the deposition of all fact witnesses by May 2018. Declaration of Jennifer Rho ¶ 2. On June 29, 2018, the parties exchanged opening expert reports. *Id.* On October 19, 2018, Apple and CMs deposed Ms. Salters. *Id.* On December 19, 2018, the Court set the trial in this matter to start on April 15, 2018. ECF No. 749.

**B. Salters Supplemental Report**

At 9:39 pm on April 11, 2019, Qualcomm served the Salters Supplemental Report on Apple and the CMs. Rho Decl. ¶ 3, Ex. 1. Qualcomm made no attempts to meet and confer with Apple and the CMs or seek leave from the Court before serving the Salters Supplemental Report. *Id.* ¶ 4.

The Salters Supplemental Report includes 67 detailed schedules containing Ms. Salters' calculations (even more than the 52 schedules that accompanied the initial report) and spans 96 pages. *Id.* ¶ 5. Among other things, ███████████ ███████████████████████████████████████████████████████████ ██████████████████████████████████████. *Id.* ¶ 6. She also updates damages associated with late fees and statutory interest calculations through April 15, 2019. *Id.* ███████████████████ ███████████████████████████████████████████████ ██████████████████████ *Id.*

In forming her opinion, Salters relies on over 500 documents not cited in her initial report, all of which were produced between February 4, 2019 and February 21, 2019, without any indication that they would be used to support Qualcomm's untimely expert disclosure. *Id.* ¶ 7, Ex. 2 (Salters' Supplemental Report), Ex. B. These

2

documents were served eight months after close of fact discovery, along with over 13,000 other belatedly produced files.[1] *Id.*

To respond to Salters' new opinions and prepare for her cross-examination, Apple and the CMs will need to carefully review the supporting materials and verify the accuracy of Salters' computations reflected in the 67 new schedules attached to her report. This analysis requires access to the underlying workpapers used to generate these schedules *which Qualcomm has yet to provide*. *Id.* at ¶ 5.

On April 13, 2019, CMs requested that Qualcomm withdraw the Salters Supplemental Report. *Id.* at ¶ 9, Ex. 1. On April 14, 2019, Qualcomm refused, claiming that Apple and the CMs were given notice of the report because Salters had reserved the right to supplement her opinions in her initial report and she testified that her report would have to be supplemented in response to Qualcomm's counsel's examination of her at deposition. *Id.* Qualcomm gave no further explanation for serving the Salters Supplemental Report on the eve of trial. *Id.* Qualcomm also refused to refrain from referencing the opinions in the Salters Supplemental Report until the resolution of the dispute, claiming that in its opening it "intend[s] to refer to total amounts owed, but not connected to Ms. Salters' opinions." *Id.* That is an illusory distinction as there are no facts in the record that show damages calculated through yesterday, April 15, 2019. *Id.*

## III. ARGUMENTS

The Salters Supplemental Report and the opinions contained therein are indisputably untimely. Under the Court's schedule and Rule 26(a)(2), Qualcomm was required to make expert disclosures containing "a complete statement of all opinions

---

[1] The documents and information that Salters relies on to form her new opinions include Qualcomm's correspondence with audit firms; summaries of audits performed by unidentified individuals; reconciliation schedules created by unknown persons; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ¶ 8.

Gibson, Dunn & Crutcher LLP

APPLE AND CONTRACT MANUFACTURER PLAINTIFFS' MOTION TO EXCLUDE ANY TESTIMONY OR ARGUMENTS BASED ON THE UNTIMELY SUPPLEMENTAL EXPERT REPORT OF AMBREEN SALTERS
CASE NO. 17-CV-00108-GPC-MDD

the witness will express and the basis and reasons for them" by no later than June 29, 2018.  *See* ECF No. 508 ¶ 2; Fed. R. Civ. P. 26(a)(2)(B).  Although styled as a "supplemental" report, the Salters Supplemental Report is not a proper supplementation of Salters' initial report.  Instead, the Salters Supplemental Report contains entirely new opinions and vastly inflates Qualcomm's damages computations by almost ███████████.  There are scores of dense schedules attached to the report that need to be reviewed and analyzed.  Rule 26(e) "do[es] not permit a party to introduce new opinions after the disclosure deadline under the guise of a 'supplement.'"  *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010); *accord Coles v. Perry*, 217 F.R.D. 1, 4 (D.D.C. 2003).  "Although Fed.R.Civ.P. 26(e) requires a party to 'supplement or correct' disclosure upon information later acquired, *that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report….*"  *Plumley,* 836 F. Supp. 2d at 1062 (emphasis added).

Even if the Salters Supplemental Report could properly be characterized as a supplemental report (and it cannot), it would not cure the prejudice flowing from Qualcomm's disclosure.  Under Rule 26(e), supplemental reports "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."  Fed. R. Civ. P. 26(e)(2).  The Court ordered the parties to complete their pretrial disclosures by November 2, 2018, nearly six months before Qualcomm served the Salters Supplemental Report.  ECF No. 508.

Exclusion of expert testimony for failure to abide by the disclosure requirements of Rule 26 is "automatic and mandatory unless the party can show the violation is either justified or harmless." *Plumley*, 836 F. Supp. 2d at 1064; *see also* Fed. R. Civ. P. 37(c)(1); *Spectre*, 2011 WL 13131157, at *5.  The party facing exclusion carries the burden of demonstrating that the failure to comply with rules concerning expert disclosure is substantially justified or harmless.  *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

4

Gibson, Dunn & Crutcher LLP

APPLE AND CONTRACT MANUFACTURER PLAINTIFFS' MOTION TO EXCLUDE ANY TESTIMONY OR ARGUMENTS BASED ON THE UNTIMELY SUPPLEMENTAL EXPERT REPORT OF AMBREEN SALTERS
CASE NO. 17-CV-00108-GPC-MDD

Qualcomm cannot come close to meeting that burden. Here, the belated service of Salters' supplemental report has precluded Apple and the CMs from evaluating and testing her opinions. "Clearly, there was insufficient time for [Apple and CMs] to respond to [Salters'] analysis and conclusion." *Brighton Collectibles, Inc. v. RK Texas Leather Mfg., No*. 2014 WL 2195858, at *7 (S.D. Cal. May 27, 2014). Indeed, "courts have recognized late submission of documents or expert reports prejudices the opposing party." *Id.*; *K&N Eng'g, Inc v. Spectre Performance,* 2011 WL 13131157, at *9 (C.D. Cal. May 12, 2011) (finding that untimely disclosure of supplemental report was not harmless where the other party was not given sufficient time to prepare an expert report to address the issues raised in the new report); *see also In ZF Meritor, LLC v. Eaton Corp*., 696 F.3d 254, 297 (3d Cir. 2012) ("[a] plaintiff omits evidence necessary to sustain a damages award at its own risk.").

Qualcomm's conduct cannot be excused by reference to its boilerplate reservation of rights (last June) or its self-serving examination during Ms. Salters' deposition (last October). That is woefully insufficient to put Apple and the CMs on notice of her actual opinions which were only recently disclosed. In any event, Apple and the CMs "were entitled to have an opinion regarding the calculation of those damages before the deadline for supplementing expert reports." *Guidance Endodontics, LLC v. Dentsply Int'l, Inc*., 2009 WL 3672373, at *12 (D.N.M. Sept. 24, 2009). Qualcomm additionally claims that it is entitled to supplement the Salters report because discovery continued after the initial report was served. Rho Decl. Ex. 2 ¶ 2. Not so. Discovery closed a month before her initial report was due. At any rate, Rule 26(e) imposes an obligation to supplement an expert disclosure in narrow circumstances; it does not give a party the license to unilaterally extend discovery and continue revising expert reports to add additional damages indefinitely. *See Plumley*, 836 F. Supp. 2d at 1062.

The opinions contained in the Salters Supplemental Report are also inadmissible because they are not relevant to any claims or defenses properly at issue in this action.

Gibson, Dunn &
Crutcher LLP

Fed. R. Evid. 402. It is a well-settled that "plaintiff is not entitled to recover damages for injuries resulting from wrongful acts committed subsequent to the filing of the action." *Flintkote Co. v. Lysfjord*, 246 F.2d 368, 394 (9th Cir. 1957); *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 673 (9th Cir. 1963). To recover such damages, Qualcomm was required to seek leave to supplement its complaint. Fed. R. Civ. P. 15(d). Because Qualcomm has not done so, and cannot do so on the eve of trial, it cannot present arguments or testimony concerning these new damages now. *See Flintkote*, 246 F.2d at 394; *Indep. Iron Works*, 322 F.2d at 675 (holding that the district court properly denied as untimely a motion to supplement complaint presented during a series of pre-trial conferences).

## IV. CONCLUSION

For all of the foregoing reasons, Apple and CMs respectfully request that the Court grant this motion.

Dated: April 16, 2019

Respectfully submitted,

By: /s/ *Jennifer Rho*
Theodore R. Boutrous, Jr., SBN 132099,
tboutrous@gibsondunn.com
Richard J. Doren, SBN 124666
rdoren@gibsondunn.com
Daniel G. Swanson, SBN 116556,
dswanson@gibsondunn.com
Michele L. Maryott, SBN 191993
mmaryott@gibsondunn.com
Jason C. Lo, SBN 219030,
jlo@gibsondunn.com
Jennifer J. Rho, SBN 254312,
jrho@gibsondunn.com
Melissa Phan, SBN 266880,
mphan@gibsondunn.com
Ryan Iwahashi, SBN 284766,
riwahashi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000; Fax: (213) 229-7520

Gibson, Dunn & Crutcher LLP

Cynthia Richman, DC Bar No. 492089,
*pro hac vice*
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500; Fax: (202) 467-0539

*Attorneys for Defendants, Counterclaimants, and Third-Party Plaintiffs Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation, and Wistron Corporation*

Hugh F. Bassanger, *pro hac vice*
hugh.bangasser@klgates.com
Christopher M. Wyant, *pro hac vice*
chris.wyant@klgates.com
J. Timothy Hobbs, *pro hac vice*
tim.hobbs@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Tel: (206) 623-7580; Fax: (206) 370-6371

Caitlin C. Blanche, SBN 254109,
caitlin.blanche@klgates.com
K&L GATES LLP
1 Park Plaza Twelfth Floor
Irvine, CA 92614
Tel: (949) 253-0900; Fax: (949) 253-0902

*Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff Wistron Corporation*

7

APPLE AND CONTRACT MANUFACTURER PLAINTIFFS' MOTION TO EXCLUDE ANY TESTIMONY OR ARGUMENTS BASED ON THE UNTIMELY SUPPLEMENTAL EXPERT REPORT OF AMBREEN SALTERS
CASE NO. 17-CV-00108-GPC-MDD

Gibson, Dunn & Crutcher LLP