James A. Unger  (SBN 325115)
(junger@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA  94612
Telephone:  (510) 874-1000
Facsimile:  (510) 874-1460

*Attorney for Nonparty MediaTek, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: QUALCOMM LITIGATION | Case No. 3:17-CV-0108-GPC-MDD [Consolidated with Case No. 3:17-CV-01010-GPC-MDD]<br><br>**NONPARTY MEDIATEK, INC.'S SECOND ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL INFORMATION**<br><br>**The Hon. Gonzalo P. Curiel<br>Courtroom 2D** |

Pursuant to Civil Local Rule 79.2 and the Court's Order Approving Stipulated Trial Management Agreements [ECF No. 1149], Nonparty MediaTek, Inc. ("MediaTek") hereby respectfully submits this administrative motion requesting an order from this Court protecting from public disclosure a single portion of the videotaped deposition testimony (the "Designated Testimony") of Finbarr Moynihan, MediaTek's General Manager, Corporate Sales & Business Development (Americas & Europe).

## REQUEST FOR RELIEF

MediaTek respectfully requests an order sealing the Designated Testimony so that it will not be displayed to members of the public during trial or published without redactions in final, publicly-available trial transcripts and exhibits. MediaTek further requests that Exhibit 1[1] to the Second Declaration of James A. Unger, showing proposed redactions to the transcript, filed herewith for the Court's convenience, remain under seal.

## ARGUMENT

Although MediaTek understands there is a presumption in favor of public access to court records, the public's right to access "is not absolute and can be overridden." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Information to be presented at trial may be protected from public disclosure where, as here, there are "compelling reasons" as to why the confidential information should be sealed. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[t]hose who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy"). This Court has recognized good cause to seal "confidential business information of the parties, including trade secrets, proprietary business records, discussions of internal strategy, company dealings, and materials designated as 'Highly Confidential.'" *In re Qualcomm Litig.*, 2019 WL 845659, at *2 (S.D. Cal. Feb. 21, 2019) (Curiel J.).

Here, the information that MediaTek seeks to protect from public disclosure

---

[1] While not designated for trial, MediaTek also requests lines 410:5-10 not be displayed publically or published.

clearly meets the "compelling reasons" standard. The videotaped deposition testimony of Mr. Moynihan contains highly confidential and competitively sensitive information relating to commercial engagements with a potential customer. Sensitive, customer-specific detailed communications meet the compelling reasons standard for sealing. *See Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 26, 2017) (noting that courts have found compelling reasons to seal information relating to "a company's business model or agreements with clients").

MediaTek has made diligent efforts to maintain the confidentiality of the testimony it seeks to protect from public disclosure. The Court granted MediaTek's motion to redact some of the same information where it might otherwise be published in a trial exhibit. *See* [Dkt. No. 1172 at 30.] In the Designated Testimony, Mr. Moynihan is asked to describe, and describes, the contents of trial exhibit PTX003296. The Court granted MediaTek's motion to redact the name of a confidential prospective customer as it appears in that trial exhibit. (*Id.*) The same confidential prospective customer is named and discussed in the Designated Testimony that MediaTek now moves the Court to redact. (Unger Decl. ¶ 5.)

Further, as Mr. Moynihan declared regarding the identity of that customer (as well as other information MediaTek moved to seal), to MediaTek's knowledge, that "confidential information…[has] been treated by all involved parties as highly sensitive competitive business information and [has] never been made public." (Decl. of Finbarr Moynihan [ECF No. 1116-2] ¶¶ 2-5.)

Moreover, MediaTek has narrowly tailored its request to seal, here requesting to seal only one designated portion of deposition testimony. (*See* Unger Decl. ¶ 3.)

///

# CONCLUSION

For the foregoing reasons, MediaTek respectfully requests that the Court grant its Motion to Seal and order the relief requested.

Dated: April 16, 2019

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ James A. Unger*
      James A. Unger

James Allen Unger  (SBN 325115)
(junger@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA  94612
Telephone:  (510) 874-1000
Facsimile:  (510) 874-1460

*Attorneys for Nonparty MediaTek, Inc.*