1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

9
10
11
12
13
14

| IN RE:<br>QUALCOMM LITIGATION | Case No. 3:17-CV-00108-GPC-MDD<br><br>**JOINT MOTION FOR ORDER APPROVING REDACTION OF NON-PUBLIC PORTION OF TRANSCRIPT OF JURY TRIAL (VOL. 2)**<br><br>Judge:    Hon. Gonzalo P. Curiel |
|---|---|

15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

Qualcomm Incorporated ("Qualcomm"), Apple Inc. ("Apple") and Compal Electronics, Inc., FIH Mobile Ltd., Hon Hai Precision Industry Co., Ltd., Pegatron Corporation and Wistron Corporation (collectively, "the CMs" and, with Qualcomm and Apple, "the Parties"), by and through their respective counsel, hereby jointly move for an order approving redaction of the Transcript of Jury Trial, Volume 2, page 227 line 7 through page 230 line 19, page 349 line 22 through page 350 line 14, and page 350 line 24 through page 352 line 18. Compelling reasons support the Parties' requested redactions in order to maintain the non-public nature of the Court's sidebar discussion with counsel regarding the parties' settlement discussions, and the Parties' requested redactions are narrowly drawn to balance the interests favoring the confidentiality of settlement discussions against the public's right to access court files and understand the parties' dispute, which has now been resolved and will soon be dismissed pursuant to confidential settlement agreements between the parties.

## BACKGROUND

On April 16, 2019, prior to bringing the jury into the courtroom for opening statements at trial, the Court held a sidebar discussion with counsel for all parties regarding the parties' settlement discussions. Decl. of Kelly V. O'Donnell in Supp. Jt. Motion ("O'Donnell Decl.") ¶ 2. At the conclusion of opening statements, the Court convened another sidebar discussion with counsel regarding the settlement discussions. *Id.* By that time, the parties' discussions had resulted in a settlement of the parties' dispute, which soon will be dismissed pursuant to confidential settlement agreements executed between the parties. *Id.* These sidebar discussions, which were conducted outside the hearing of the public and have not been made public, were reported at (i) page 227 line 7 through page 230 line 19; (ii) page 349 line 22 through page 350 line 14 and (iii) page 350 line 24 through page 352 line 18 of the Transcript of Jury Trial, Volume 2 ("Transcript"). *Id.*

## LEGAL STANDARDS

The Court may seal court records related to trial when "compelling reasons" support doing so. *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The Ninth Circuit has recognized the authority of district courts to protect confidential settlement agreements. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). District courts routinely grant motions to seal sidebar discussions and discussions regarding settlement. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 598 n.23 (1980) (Brennan, J., concurring) ("[W]hen engaging in interchanges at the bench, the trial judge is not required to allow public or press intrusion upon the huddle."); *City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991) (noting that it is well settled that "a federal judge has the power to prevent access to settlement negotiations when necessary to encourage the amicable resolution of disputes"); *United States v. Edwards*, 823 F.2d 111, 116 (5th Cir. 1987) ("bench conferences are outside public hearing and the protection of their privacy is generally within the court's discretion"); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2017 WL 1352859, at *1 n.2 (N.D. Cal. April 12, 2017); *App. of Daily News*, 787 F. Supp. 319, 326-27 (E.D.N.Y. 1992) (denying motion to unseal transcripts of sidebar discussions because, in part, the discussions "d[id] not relate to any substantive or evidentiary matter in th[e] trial"). Particularly where settlement documents are not filed with the court, the parties' interest in maintaining the confidentiality of their negotiations "easily overcome[s]" the "markedly weak presumption of public access" to court records. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-44 (2d Cir. 2004).

## DISCUSSION

Here, compelling reasons support redacting the Court's sidebar discussions with counsel regarding the Parties' settlement negotiations. *Kamakana*, 447 F.3d at 1178-79; *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1212; *Richmond Newspapers, Inc.*, 448 U.S. at 598 n.23; *City of Hartford*, 942 F.2d at 135; *Edwards*, 823 F.2d at 116; *In re*

1    *Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2017 WL
2    1352859, at *1 n.2; *App. of Daily News*, 787 F. Supp. at 326-27.  These discussions,
3    which were conducted in confidence with the Court, reflect the Parties' process for
4    negotiating and finalizing their confidential settlement agreements.  While the fact of the
5    Parties' settlement has been made public, the settlement agreements themselves have not
6    been filed with the Court, and the agreements and the terms of the Parties' settlement
7    remain confidential.  O'Donnell Decl. ¶ 3.  The Parties' interest in maintaining
8    confidentiality, the Court's discretion to conduct non-public sidebar discussions with
9    counsel, and the policy interests in favor of encouraging settlement outweigh any
10   potential public interest.  *See Gambale*, 377 F.3d at 143-44.  Finally, the Parties'
11   proposed redactions, which would cover only a very small fraction of the Transcript, are
12   narrowly drawn to protect the interests favoring the confidentiality of sidebar discussions
13   and settlement negotiations while preserving the public's right to access court files and
14   the public's interest in understanding the issues in the trial.  *See Kamakana*, 447 F.3d at
15   1179.
16        For the foregoing reasons, the Court should grant the Parties' Joint Motion and
17   order the Clerk of Court to redact (i) page 227 line 7 through page 230 line 19, (ii) page
18   349 line 22 through page 350 line 14, and (iii) page 350 line 24 through page 352 line 18
19   of the publicly available version of the Transcript of Jury Trial, Volume 2.  An
20   unredacted version of the April 16, 2019 trial transcript that includes these sections
21   should be filed under seal.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  April 23, 2019 | Respectfully submitted, |
| 3 | | By   */s/ Kelly V. O'Donnell* |
| 4 | | Kelly V. O'Donnell |
| 5 | | **CRAVATH, SWAINE & MOORE LLP** |

Evan R. Chesler (*pro hac vice*)
(N.Y. Bar No. 1475722)
echesler@cravath.com
Keith R. Hummel (*pro hac vice*)
(N.Y. Bar No. 2430668)
khummel@cravath.com
Richard J. Stark (*pro hac vice*)
(N.Y. Bar No. 2472603)
rstark@cravath.com
Antony L. Ryan (*pro hac vice*)
(N.Y. Bar No. 2784817)
aryan@cravath.com
Gary A. Bornstein (*pro hac vice*)
(N.Y. Bar No. 2916815)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
(N.Y. Bar No. 4331609)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
(N.Y. Bar No. 4339651)
yeven@cravath.com
Vanessa A. Lavely (*pro hac vice*)
(N.Y. Bar No. 4867412)
vlavely@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Stephen Swedlow (*pro hac vice*)
(Ill. Bar No. 6234550)
stephenswedlow@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401

Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**JONES DAY**
Karen P. Hewitt (SBN 145309)
Randall E. Kay (SBN 149369)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone:  (858) 314-1200
Facsimile:  (858) 345-3178

*Attorneys for Defendant and Counterclaim-Plaintiff*
**QUALCOMM INCORPORATED**

| | |
|---|---|
| 1 | By: */s/ Michael A. Amon* |
| 2 | Juanita R. Brooks, SBN 75934, brooks@fr.com |
| 3 | Seth M. Sproul, SBN 217711, sproul@fr.com |
| 4 | FISH & RICHARDSON P.C. 12390 El Camino Real |
| 5 | San Diego, CA 92130 Phone: 858-678-5070 / Fax: 858-678-5099 |
| 6 | |
| 7 | Ruffin B. Cordell, DC Bar No. 445801, *pro hac vice*, cordell@fr.com |
| 8 | Lauren A. Degnan, DC Bar No. 45421, *pro hac vice*, degnan@fr.com |
| 9 | FISH & RICHARDSON P.C. 1000 Maine Avenue, S.W., Suite 1000 Washington, DC 20024 |
| 10 | Phone: 202-783-5070 / Fax: 202-783-2331 |
| 11 | William A. Isaacson, DC Bar No. 414788, *pro hac vice*, wisaacson@bsfllp.com |
| 12 | Karen L. Dunn, DC Bar No. 1002520, *pro hac vice*, kdunn@bsfllp.com |
| 13 | BOIES SCHILLER FLEXNER LLP 1401 New York Avenue, N.W. |
| 14 | Washington, DC 20005 Phone: 202-237-2727 / Fax: 202-237-6131 |
| 15 | |
| 16 | *Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.* |
| 17 | By: */s/ Jennifer J. Rho* |
| 18 | Theodore R. Boutrous, Jr., SBN 132099, tboutrous@gibsondunn.com |
| 19 | Richard J. Doren, SBN 124666 rdoren@gibsondunn.com |
| 20 | Daniel G. Swanson, SBN 116556, dswanson@gibsondunn.com |
| 21 | Michele L. Maryott, SBN 191993 mmaryott@gibsondunn.com |
| 22 | Jason C. Lo, SBN 219030, jlo@gibsondunn.com |
| 23 | Jennifer J. Rho, SBN 254312, jrho@gibsondunn.com |
| 24 | Melissa Phan, SBN 266880, mphan@gibsondunn.com |
| 25 | GIBSON, DUNN & CRUTCHER LLP 333 South Grand Avenue |
| 26 | Los Angeles, CA 90071 Tel: (213) 229-7000; Fax: (213) 229-7520 |
| 27 | |
| 28 | |

```
 1   Cynthia Richman, DC Bar No. 492089,
     pro hac vice
 2   crichman@gibsondunn.com
     GIBSON, DUNN & CRUTCHER LLP
 3   1050 Connecticut Avenue, N.W.
     Washington, DC 20036
 4   Tel: (202) 955-8500; Fax: (202) 467-0539

 5   Attorneys for Defendants,
     Counterclaimants, and Third-Party
 6   Plaintiffs Compal Electronics, Inc., FIH
     Mobile Ltd., Hon Hai Precision Industry
 7   Co., Ltd., Pegatron Corporation, and
     Wistron Corporation

 8   Hugh F. Bassanger, pro hac vice
     hugh.bangasser@klgates.com
 9   Christopher M. Wyant, pro hac vice
     chris.wyant@klgates.com
10   J. Timothy Hobbs, pro hac vice
     tim.hobbs@klgates.com
11   K&L GATES LLP
     925 Fourth Avenue, Suite 2900
12   Seattle, Washington 98104
     Tel: (206) 623-7580; Fax: (206) 370-6371
13
     Caitlin C. Blanche, SBN 254109,
14   caitlin.blanche@klgates.com
     K&L GATES LLP
15   1 Park Plaza Twelfth Floor
     Irvine, CA 92614
16   Tel: (949) 253-0900; Fax (949) 253-0902

17   Attorneys for Defendant, Counterclaimant,
     and Third-Party Plaintiff Wistron
18   Corporation
```

# DECLARATION OF KELLY V. O'DONNELL

I, Kelly V. O'Donnell, declare as follows:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am a partner at the law firm Jones Day, counsel of record for Qualcomm Incorporated ("Qualcomm") in this action. I submit this declaration in support of the Parties' Joint Motion for Order Approving Redaction of Non-Public Portion of Transcript of Jury Trial (Vol. 2).

2. On April 16, 2019, prior to bringing the jury into the courtroom for opening statements at trial, the Court held a sidebar discussion with counsel for all parties regarding the parties' settlement discussions. At the conclusion of opening statements, the Court convened another sidebar discussion with counsel regarding the settlement discussions. By that time, the parties' negotiations had resulted in a settlement of the parties' dispute, which soon will be dismissed pursuant to confidential settlement agreements executed between the parties. These sidebar discussions were conducted outside the hearing of the public and have not been made public. They were reported at (i) page 227 line 7 through page 230 line 19, (ii) page 349 line 22 through page 350 line 14, and (iii) page 350 line 24 through page 352 line 18 of the Transcript of Jury Trial, Volume 2.

3. The fact of the parties' settlement of their dispute, and this consolidated action, has been publicly reported. However, the settlement agreements themselves have not been filed with the Court, and the agreements and the terms of the parties' settlement remain confidential.

I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on April 23, 2019, in San Diego, California.

/s/ Kelly V. O'Donnell
Kelly V. O'Donnell
kodonnell@jonesday.com

**FILER'S ATTESTATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court of the Southern District of California, I certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

By: */s/ Kelly V. O'Donnell*

Kelly V. O'Donnell
kodonnell@jonesday.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 23, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I certify under penalty of perjury that the foregoing is true and correct. Executed on April 23, 2019, at San Diego, California.

By: */s/ Kelly V. O'Donnell*

Kelly V. O'Donnell
kodonnell@jonesday.com